# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; HOUSING RESEARCH & ADVOCACY CENTER; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA, <br><br>Plaintiffs, <br><br>v. <br><br>DEUTSCHE BANK; DEUTSCHE BANK AG; DEUTSCHE BANK NATIONAL TRUST; DEUTSCHE BANK TRUST COMPANY AMERICAS; OCWEN FINANCIAL CORP.; and ALTISOURCE PORTFOLIO SOLUTIONS, INC., <br><br>Defendants. | Case No. 1:18-cv-00839 <br><br>Judge Harry D. Leinenweber |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OCWEN FINANCIAL CORP.'S MOTION TO DISMISS**

Defendants' joint motion to dismiss shows that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs' claims against Ocwen Financial Corp. ("Ocwen") fail for another reason: the Court lacks personal jurisdiction over Ocwen under Fed. R. Civ. P. 12(b)(2).[1]

Personal jurisdiction exists "if either federal law or the law of the state in which the court sits authorizes service of process." *Mobile Anesthesiologists v. Anesthesia Assocs.*, 623 F.3d 440, 443 (7th Cir. 2010). The FHA does not authorize nationwide service of process. Because "there is no operative difference" between Illinois and federal service-of-process law, the only question is "whether the exercise of personal jurisdiction would violate federal due process." *Id.*

Personal jurisdiction may be "general" or "specific." In all but "exceptional" cases, corporations are subject to general jurisdiction only in the state(s) where they are incorporated and/or maintain their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014); *see BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017). Ocwen is incorporated and headquartered in Florida. Declaration of Kevin Flannigan ("Flannigan Dec.") ¶ 2; *see Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) (court may consider "affidavits" in evaluating personal jurisdiction). Moreover, Ocwen has never owned real property in Illinois or had an office there. Flannigan Dec. ¶ 5. Ocwen is therefore not subject to general personal jurisdiction in Illinois. *See Bovinett v. HomeAdvisor, Inc.*, 2018 WL 1234963, at *2 (N.D. Ill. Mar. 9, 2018) (Leinenweber, J.).

For specific jurisdiction to exist, "'the *suit*' must 'arise out of or relate to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (alterations omitted). The Complaint alleges that Ocwen has conducted business in

---

[1] Ocwen notes that Plaintiffs' counsel at Relman, Dane & Colfax—assisted by Plaintiff National Fair Housing Alliance ("NHFA")—previously represented Ocwen in a substantially related matter. Ocwen reserves its right to protect its interests in this matter, including by seeking the disqualification of Relman, Dane & Colfax and the dismissal of NFHA's claims.

1

Illinois "directly, and/**or** through its operating subsidiaries." Compl. ¶ 36 (emphasis added). Even assuming that this allegation refers to conduct in Illinois related to this suit, it does not allege that Ocwen itself serviced REO properties in Illinois. Nor could it. Ocwen is a mere "holding company," which directly or indirectly owns the stock of subsidiaries that originate and service loans. Flannigan Dec. ¶ 3; *accord Branca v. Ocwen Loan Servicing, LLC*, 2013 WL 12120261, at *1 (C.D. Cal. Dec. 27, 2013); *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 546 (S.D.N.Y. 2001). Ocwen has itself never conducted business in Illinois, much less serviced any REO properties in Illinois. Flannigan Dec. ¶ 4.

Plaintiffs thus apparently base personal jurisdiction on REO servicing by an Ocwen subsidiary. But courts, including one in this District, have repeatedly rejected personal jurisdiction over Ocwen based on the conduct of its subsidiaries. *Drake v. Ocwen Fin. Corp.*, 2010 WL 1910337, at *2-*6 (N.D. Ill. May 6, 2010); *Poynter v. Ocwen Loan Servicing, LLC*, 2016 WL 5380926, at *3 (W.D. Ky. Sept. 23, 2016); *Branca*, 2013 WL 12120261, at *7-*11; *J.L.B. Equities*, 131 F. Supp. 2d at 549-50. In determining whether personal jurisdiction exists, "courts must focus on the "contacts that the 'defendant *himself*' creates with the forum State." *AFI Holdings v. Nat'l Broad. Co.*, 239 F. Supp. 3d 1097, 1101 (N.D. Ill. 2017) (Leinenweber, J.). If two corporations are "separate, permitting the activities of the subsidiary to be used as a basis for personal jurisdiction over the parent violates this principle and thus due process." *Cent. States v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).

The Complaint does not allege that Ocwen is responsible for subsidiary conduct under an alter ego theory, much less plead facts supporting such a theory. Ocwen is therefore not subject to specific personal jurisdiction here. *See J&J Sports Prods. v. Fialko*, 2018 WL 576144, at *2 (N.D. Ill. Jan. 26, 2018); *Levy v. Chubb Corp.*, 2001 WL 204793, at *4 (N.D. Ill. Mar. 1, 2001).

2

Dated: May 9, 2018 Respectfully submitted,

By: <u>/s/ Debra Bogo-Ernst</u>
Debra Bogo-Ernst
Stephen J. Kane
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600

*Counsel to Defendant Ocwen Financial Corp.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on May 9, 2018.

/s/     Debra Bogo-Ernst