**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:18-cv-00839 |
| v. ) | |
| ) | Judge Harry D. Leinenweber |
| DEUTSCHE BANK; DEUTSCHE BANK AG; ) | |
| DEUTSCHE BANK NATIONAL TRUST; ) | |
| DEUTSCHE BANK TRUST COMPANY ) | |
| AMERICAS; OCWEN FINANCIAL CORP.; and ) | |
| ALTISOURCE PORTFOLIO SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS BY DEFENDANTS "DEUTSCHE BANK,"
DEUTSCHE BANK AG, DEUTSCHE BANK NATIONAL TRUST COMPANY,
AND DEUTSCHE BANK TRUST COMPANY AMERICAS**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................................ 1

II. ALL CLAIMS AGAINST DBNTC AND DBTCA SHOULD BE DISMISSED. ............. 1

    A. Plaintiffs Allege Liability Based Upon Property Ownership, But They Have Not Sued the Legal Entities That Actually Own the Properties at Issue. ........................................................................................................................ 1

    B. Under the FHA, Holding Title to Trust Property Does Not Equate to Liability for Another Party's Maintenance, Marketing, or Sale Activities. ........... 2

III. CONCLUSION ................................................................................................................... 4

## I. INTRODUCTION

Plaintiffs' Opposition reinforces their failure to allege plausible claims against DBNTC or DBTCA.[1] In their own words, Plaintiffs' claims "focus on . . . the maintenance of residential property being marketed and held for sale." Opp. at 1. Yet Plaintiffs concede that, as residential mortgage-backed securitization ("RMBS") trustees, DBNTC and DBTCA *do not* perform maintenance or marketing activities for REO properties. *See id.* at 4 (DBNTC and DBTCA, "as trustee," "are the owners of record" of certain properties, but Defendants Ocwen and Altisource "provide property preservation and maintenance and other services" for those properties). Governing law—and HUD's well-reasoned determination that Plaintiffs' maintenance-based FHA claims did not properly lie against a RMBS trustee—mandate the conclusion that Plaintiffs have not stated and cannot state a plausible claim against any of the Deutsche Bank Defendants.

## II. ALL CLAIMS AGAINST DBNTC AND DBTCA SHOULD BE DISMISSED.

Plaintiffs allege no racially discriminatory conduct *by* DBNTC or DBTCA (together, the "Trustees"). Instead, they incorrectly argue that the Trustees somehow should be subject to claims based on actions taken by servicers (*i.e.*, third parties) whose maintenance, marketing, or sales activities allegedly caused the disparities observed by Plaintiffs. These claims lack legal merit.

### A. Plaintiffs Allege Liability Based Upon Property Ownership, But They Have Not Sued the Legal Entities That Actually Own the Properties at Issue.

Plaintiffs admit that their claims against the Trustees are based upon the Trustees' alleged holding of title to foreclosed properties as assets of RMBS trusts, and on behalf of the beneficiaries of those trusts. *See* Opp. at 26-27 (DBNTC and DBTCA should not be "insulated from liability"

---

[1] Plaintiffs have agreed that all claims against "Deutsche Bank" and Deutsche Bank AG should be dismissed. *See* Opp. at 33. Accordingly, the scope of this reply brief is limited to Plaintiffs' claims against Deutsche Bank National Trust Company ("DBNTC"), which was incorrectly named in this action as "Deutsche Bank National Trust," and Deutsche Bank Trust Company Americas ("DBTCA").

-1-

because they were "legal owners of record of the REO properties"). That position cannot be reconciled with Plaintiffs' refusal to amend the complaint to name the Trustees in their proper trust-specific capacities (*id.* at 33-34) or Plaintiffs' claim that the Trustees are "proper" defendants "without reference to the particular RMBS trusts for which they have held property" (*id.* at 34). This is because the Trustees only hold title to REO properties in their distinct legal capacities *as trustees of particular RMBS trusts*.[2] *See* Dkt. 33 ("DB Memo.") at 4. Plaintiffs do not refute that courts require property-related claims against RMBS trustees who hold title to properties to be asserted against them in their specific trustee capacities. *See id.* at 3.[3] Because Plaintiffs fail to name the Trustees in their capacities as trustees of the trusts that allegedly held the properties at issue, Plaintiffs' claims against DBNTC and DBTCA should be dismissed for lack of standing.

### B. Under the FHA, Holding Title to Trust Property Does Not Equate to Liability for A Different Party's Maintenance, Marketing, or Sale Activities.

Even if Plaintiffs agreed to do so, amending the Complaint to name the Trustees in their proper legal capacities would not save their claims against the Trustees, and would be futile. Plaintiffs utterly fail to rebut the judicially noticeable facts and legal authorities in the Deutsche Bank Defendants' opening brief, which establish that Plaintiffs' claims only can be maintained against the entities who actually perform the allegedly discriminatory maintenance or marketing activities: the servicers.[4] *See id.* at 4-7. Instead, Plaintiffs assert that, where property is held as the corpus of an RMBS trust, the Trustee still has legal responsibility for the maintenance of the

---

[2] A quick review of the deeds for the first five properties listed in the Complaint shows they are titled to DBNTC as trustee of a specific RMBS trust. *See* Kliebard Decl., Exs. A-E. This Court may take judicial notice of these deeds as matters of public record. *See, e.g.*, *Williams v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 3538951, at *1 n.1 (N.D. Ill. June 28, 2016) (taking judicial notice of "real property records").
[3] Contrary to Plaintiffs' suggestions (Opp. at 34), the number of properties at issue is irrelevant. RMBS trustees still only hold title to the properties in their distinct legal capacity as trustees.
[4] Plaintiffs do not dispute that the Court may take judicial notice of the PSA. Further, Defendants confirmed that the URL address they provided for the PSA is, in fact, "operative," but have attached a copy of that PSA for the convenience of this Court. *See* Kliebard Decl., Ex. F.

property. Plaintiffs reach that incorrect conclusion by way of several faulty premises.

First, Plaintiffs offer a classic red herring, arguing that DBNTC and DBTCA are subject to liability for Plaintiffs' FHA claims because "trustees" (as an undefined term)[5] fall within the FHA's definition of "person." Opp. at 27. Plaintiffs' claims, and the Trustees' arguments for dismissal, have nothing to do with the FHA's definition of "person" under the statute. Rather, they are based on the fact that each of Plaintiffs' FHA claims are based upon *conduct* (*i.e.*, maintenance and marketing for sale activities) that the Trustees never perform, and in which Plaintiffs do not allege the Trustees themselves took part. *See* Compl. ¶¶ 1, 3, 5, 35, 55.

Ignoring the legal authority in the Deutsche Bank Defendants' opening brief, Plaintiffs assert that an RMBS trustee's "legal status" somehow "changes" after a property foreclosure to impose liability on RMBS trustees for third parties' maintenance actions. For supposed support, Plaintiffs cite out-of-context dictum from a footnote in an Ohio district court opinion (Opp. at 27); an Ohio district court's finding based on "statutory nuisance claims" not at issue here (*id.* at 28); and a California state court decision rejecting an RMBS trustee's contention that it did not *own* a property, which had nothing to do with the question of whether such ownership imposed any maintenance obligations upon it. *See id.* at 27-28. Similarly, neither source cited by Plaintiffs as evidence of "regulatory guidance"[6] concern the roles or responsibilities of RMBS trustees (*see id.* at 29), which have express, limited duties under the terms of governing trust agreements, as set forth in the Deutsche Bank Defendants' opening brief. *See* DB Memo. at 4-7.

Finally, Plaintiffs' arguments regarding a principal's potential liability under the FHA for

---

[5] Moreover, as evidenced by both of Plaintiffs' cited cases (Opp. at 27), the reference to "trustees" does not necessarily contemplate inclusion of RMBS trustees. Rather, it can refer to other "trustees," such as trustees of testamentary trusts and trustees on deeds of trust. *See* DB Memo at 5, n.5 (citing multiple authorities that explain how the role of an RMBS trustee is distinct from that of an "ordinary trustee").
[6] Plaintiffs offer no basis for the Court to take judicial notice of the contents of these excerpted documents. As such, they are improper to consider for purposes of this motion to dismiss.

the acts of its agents are equally inapplicable because the Trustees do not "delegate" maintenance or marketing tasks to the third parties (*i.e.*, Servicers) who perform them. Plaintiffs allege *no* facts to establish that the Servicers who maintained the properties at issue were acting as agents of the Trustees. To the contrary, the Servicers' obligations are assigned to them by the settlor of the relevant RMBS trusts—*not* the Trustees—and contractually provided for by the terms of the same PSAs that assign the Trustees their own express, limited duties. *See* DB Memo. at 6 (citing PSA § 3.03). In finding that an RMBS trustee could not be subject to liability for the types of claims at issue here, HUD correctly recognized this distinction between the roles of RMBS trustees and servicers, as distinct from property owners who delegate maintenance tasks to agents. *See* Dkt. 29-2 at 5 n.6; *id.* at 10 (noting the RMBS trustee "had no authority to control or select servicers"). In the face of overwhelming authority that guts their claims, Plaintiffs ask this court to disregard HUD's decision.[7] Plaintiffs offer no legal authority to call that decision into question. Instead, they merely offer that Plaintiffs submitted – but then *withdrew* – a request for its reconsideration.[8]

## III. CONCLUSION

Plaintiffs claim that if this Court were to follow HUD's lead and dismiss Plaintiffs' claims against the Trustees, it would "lead to the practical result that no one in the financial services industry could be held accountable for a pernicious form of discrimination against neighborhoods of color." Opp. at 32. To the contrary, consistent with the Supreme Court's guidance in *Inclusive Communities*, it would ensure that claims are properly brought against defendants for whom a plaintiff can make out a *prima facie* case of discrimination at the pleading stage. Plaintiffs have not done so with respect to the Deutsche Bank Defendants, and their claims should be dismissed.

---

[7] Plaintiffs fail to rebut that the HUD decision is subject to judicial notice as a publicly available agency determination produced under FOIA. *See* Dkt. 30 at 6 n.6.

[8] Plaintiffs' submission of the lengthy brief from another case is an improper attempt to evade page limits.

-5-

| | |
|---|---|
| Dated: June 27, 2018 | Respectfully submitted, |

By: /s/ Kenneth M. Kliebard

Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: (312) 324-1000

Elizabeth A. Frohlich (admitted *pro hac vice*)
Kevin M. Papay (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

*Counsel to Defendants "Deutsche Bank," Deutsche Bank AG, Deutsche Bank National Trust Company, and Deutsche Bank Trust Company Americas*

-6-

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on June 27, 2018.

/s/  Kenneth M. Kliebard