**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>Defendants. | Case No. 1:18-cv-00839<br><br>Judge Harry D. Leinenweber |

**DEFENDANTS OCWEN LOAN SERVICING, LLC AND ALTISOURCE SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL ALLEGATIONS AND CLAIMS**

732265025.1

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Altisource Solutions, Inc. ("Altisource") hereby oppose Plaintiffs' Motion for Leave to File Additional Allegations and Claims ("Plaintiffs' Motion") (ECF 64). Plaintiffs seek leave to further amend their complaint with information they admittedly had in their possession a full month before Defendants filed their Joint Motion to Dismiss the Amended Complaint ("Joint Motion to Dismiss"). Plaintiffs base their proposed amendments on an alleged, unnamed "citizen witness," but by Plaintiffs' own admission, they spoke with that alleged witness at least *five times* before Defendants filed their Joint Motion to Dismiss. If Plaintiffs wished to further amend their complaint, they should have spoken up in a timely fashion, before Defendants went through the time and expense of preparing and filing their most recent dispositive motion. Plaintiffs' Motion should be denied.

## BACKGROUND

On February 1, 2018, Plaintiffs filed their original Complaint. (ECF 1). On November 19, 2018, the Court granted Defendants' motions to dismiss the Complaint, allowing Plaintiffs an opportunity to amend and attempt to correct deficiencies identified by the Court within 45 days. (ECF 54). On January 3, 2019, Plaintiffs filed their Amended Complaint. (ECF 58). The Court set the following briefing schedule for Defendants' Joint Motion to Dismiss: Defendants had until February 28, 2019 to file their motion, Plaintiffs had until April 12, 2019 to file their response, and Defendants have until May 13, 2019 to file their reply. (ECF 59). Pursuant to the briefing schedule, Defendants filed their Joint Motion to Dismiss on February 28, 2019, and Plaintiffs filed their response on April 12, 2019. In addition to responding, however, Plaintiffs also seek leave to further amend their complaint to assert entirely new allegations and disparate impact claims against Altisource and Ocwen.

By their own admission, Plaintiffs were long on notice of the basis for their newly-proposed amendments. Plaintiffs assert that on January 28, 2019, *one month before* Defendants

2

filed their Joint Motion to Dismiss, an unnamed "citizen witness" allegedly contacted Plaintiff NFHA "with personal knowledge of information relevant to this case." (ECF 64, p. 8). The next day, Plaintiffs' counsel contacted the unnamed "citizen witness." (*Id*.). On February 1, 2019, Plaintiffs' counsel participated in a telephone interview of the unnamed "citizen witness[.]" (*Id.*). On February 21, 2019, Plaintiffs' counsel engaged in "additional communications" with the unnamed "citizen witness" regarding Plaintiffs' "*proposed new allegations to Plaintiffs' Amended Complaint*[.]" (*Id*. p. 9.) (emphasis added) Further, on February 27, 2019, Plaintiffs' counsel again engaged in "additional communications" with the unnamed "citizen witness" regarding Plaintiffs' "proposed new allegations to Plaintiffs' Amended Complaint[.]" (*Id*.). Accordingly, Plaintiffs spoke with the purported unnamed "citizen witness" "at least" *five times before* Defendants filed their Joint Motion to Dismiss on February 28, 2019. (*See id.* at 8-9). However, at no time prior to February 28, 2019 did Plaintiffs apprise Defendants about their intent to attempt to add new allegations and claims.

On March 13, 2019, about two weeks after Defendants filed their Joint Motion to Dismiss, Plaintiffs' counsel had another meeting with the unnamed "citizen witness." (ECF 64at 8). On April 2, 2019, Plaintiffs' counsel had a final meeting with the unnamed "citizen witness[;]" however, Plaintiffs' counsel still chose not to inform Defendants about Plaintiffs' intent to attempt to add completely new allegations and claims.

Defendants only learned that Plaintiffs intended to seek leave to further amend their complaint on April 12, 2019, the day Plaintiffs' response was due, when Plaintiffs filed their motion for leave to amend. Plaintiffs failed to meet and confer with, or otherwise notify Defendants, of their intent to seek leave to further amend their complaint.

**ARGUMENT**

**I.     Legal Standard.**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend is freely given "when justice so requires[;]" however, leave is appropriately denied where there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Vila v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)); *see also Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991) ("a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss."); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming the District Court's denial of leave to amend, finding that the moving party's "unexplained delay looks more like procedural gamesmanship than legitimate ignorance or oversight."); *cf. Doe v. Howe Military School*, 227 F.3d 981, 990 (7th Cir.2000) ("[P]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark.").

**II.    Plaintiffs' Motion Should Be Denied.**

The interests of justice are best served by denying Plaintiffs' Motion. Specifically, Plaintiffs unduly delayed seeking leave to amend. Plaintiffs knew about the information purportedly obtained from the unnamed "citizen witness" for approximately *two and a half months, including an entire month before Defendants filed their Joint Motion to Dismiss*. (ECF 64). Nevertheless, Plaintiffs, for no valid reason, chose to delay disclosing their intent to amend until well after Defendants had expended significant time and resources preparing their Joint Motion to Dismiss. Even if Plaintiffs required more time to interview the unnamed "citizen

witness," Plaintiffs could have notified Defendants of the issue and the parties could have discussed revising the schedule accordingly, but Plaintiffs did not do so. Plaintiffs should not be able to benefit from their tactical delay. *See In re Ameritech Corp.*, 188 F.R.D. 280, 284-286 (N.D. Ill. 1999) ("The burden rests upon the movant to show a valid reason for delay …. Where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the amendment will be denied."); *see also Hindo v. University of Health Sciences*, 65 F.3d 608, 615 (7th Cir. 1995) (denial of motion for leave to amend is warranted when a party fails to "provide an explanation as to why the amendment did not take place sooner").

Further, the timing of Plaintiff's Motion shows bad faith and a dilatory motive, as Plaintiffs waited until the day that they filed their response to the Joint Motion to Dismiss to spring new allegations on the Defendants, without ever meeting and conferring with Defendants. This was a wholly improper attempt to surprise Defendants, and to get Defendants to waste considerable time and money preparing a Joint Motion to Dismiss for a version of the Complaint that Plaintiffs knew they were going to seek to amend. Moreover, Plaintiffs improperly seek to get the last word on Defendants' Joint Motion to Dismiss, as Plaintiffs state "that the Court should grant leave to file these amendments and allow Defendants a reasonable time to supplement their prior briefs to address them, *allowing Plaintiffs a short time for reply*." (ECF 64, p. 4) (emphasis added). Plaintiffs should not be allowed to reap a reward for engaging in gamesmanship. *See Talton v. Unisource Network Servs., Inc.*, 2004 WL 3119007, at *6 (N.D. Ill. Dec. 21, 2004) (denying leave to amend, holding that "the proposed amendment reflects dilatory motive and if granted would permit unfair strategic gamesmanship").

Moreover, if Plaintiffs are granted leave, this would be their third attempt to state a claim upon which relief can be granted, and Plaintiffs have failed and continue to fail to allege a viable claim. In fact, Plaintiffs' proposed new allegations and disparate impact claims against Altisource and Ocwen are futile. The Court previously dismissed disparate impact claims against the Deutsche Bank defendants in Plaintiffs' original Complaint, finding, among other things, that Plaintiffs' theory is far too attenuated to establish proximate causation and that Plaintiffs' individual causes of action failed to plead claim-specific elements. (ECF 54, pp. 17-24, 27-31.) Defendants' Joint Motion to Dismiss identified three fundamental problems with Plaintiffs' disparate impact claims against the Deutsche Bank defendants in their Amended Complaint: (1) Plaintiffs' statistical analysis is fundamentally flawed; (2) Plaintiffs still cannot establish proximate causation; and (3) Plaintiffs' individual causes of action still fail to plead claim-specific elements. (ECF 62, at 6-10, 17-26.) Plaintiffs' newly-proposed disparate impact claims against Altisource and Ocwen are similarly flawed.

Finally, Defendants will suffer undue prejudice if the Court grants Plaintiffs' Motion, as Defendants will be forced to incur significant expenses *that could have been avoided* if Plaintiffs had come forward with their proposed allegations *before* Defendants filed their Joint Motion to Dismiss. Further, if granted, Plaintiffs' Motion will not only delay this case, which has been proceeding for over a year and has generated significant briefing, but it will also waste the Defendants' and the Court's time, because the proposed new allegations do not change the outcome of this case—that is, the proposed new allegations do not render Plaintiffs' claims viable. The Court should prevent Plaintiffs from inflicting undue prejudice on Defendants. *See Jones v. Hamelman*, 869 F.2d 1023, 1026-27 (7th Cir. 1989) (affirming denial of leave to amend, holding that due to "[plaintiff's] extreme tardiness in attempting to amend the complaint, the

prejudice to defendants clearly outweighed the general policy behind Rule 15" and that "the litigation had progressed too far to enlarge the issues").

## CONCLUSION

For the reasons set forth above, Ocwen and Altisource respectfully request that this Court deny Plaintiffs' Motion for Leave to File Additional Allegations and Claims, and order any further relief that this Court deems just and proper.

Dated:  April 29, 2019	Respectfully submitted,

By: */s/ Debra Bogo-Ernst*
Debra Bogo-Ernst
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600

*Counsel to Defendant Ocwen Financial Corp.*

By: */s/ Kristine M. Schanbacher*
Kristine M. Schanbacher
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone:  (312) 876-8000
Email: kristine.schanbacher@dentons.com

Lisa Krigsten (admitted *pro hac vice*)
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
Telephone:  (816) 460-2400
Email: lisa.krigsten@dentons.com

Nathan Garroway (admitted *pro hac vice*)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Email: nathan.garroway@dentons.com

*Counsel to Defendant Altisource Solutions, Inc. improperly also named as Altisource Portfolio Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on April 29, 2019.

                                                /s/ Debra Bogo-Ernst