# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC.; and ALTISOURCE SOLUTIONS, INC., <br><br> Defendants. | Case No. 1:18-cv-00839 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Sidney I. Schenkier |

**DECLARATION OF KENNETH M. KLIEBARD IN SUPPORT OF
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT
BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,
AND DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE**

I, Kenneth M. Kliebard, declare as follows:

1. I am an attorney admitted to practice before this Court in the above captioned matter, and a partner with Morgan, Lewis & Bockius LLP, counsel of record for Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee (together, the "Trustees"). The information provided herein was performed at my direction, and I have knowledge of the facts stated below and could and would testify to them if called upon to do so.

2. Appendix A to the Second Amended Complaint (ECF No. 70-1 at 1-28) lists 1,141 properties that Plaintiffs allege to have examined (the "Subject Properties"), which are the subject of Plaintiffs' claims. The Subject Properties listed in Appendix A to the Second Amended Complaint are the same properties that were identified in Appendix A to the First Amended Complaint (ECF No. 58-1 at 1-28).

3. On April 12, 2019, I submitted a declaration (ECF No. 63-1) in support of the Trustees' now-mooted motion to dismiss the First Amended Complaint, which, among other things, identified Subject Properties that the Trustees were not able to tie to any trust for which one of the Trustees serves as Trustee. *See* ECF No. 63-1 at 2 ¶ 4.

4. In the Declaration of Lindsay Augustine (ECF No. 67-1 at 53-56, the "Augustine Declaration") filed in support of Plaintiffs' opposition to the Trustees' now-mooted motion to dismiss the First Amended Complaint, Plaintiffs admitted with reference to my prior declaration that nine of the Subject Properties were held in trusts for which a different financial institution—not the Trustees—served as the RMBS trustee. *See* ECF No. 67-1 at 54 ¶ 5 (identifying six properties for which "Deutsche Bank appears not to have been the owner at the time of the NFHA inspection"); *id*. at 55 ¶ 7 (identifying three other properties for which "HSBC Bank USA National

Association was the trustee o[f] record," not the Trustees). Those nine properties are as follows: 8307 Laura Ln, District Heights, MD 20747; 946 Burton St. SE, Grand Rapids, MI 49507; 1905 S 9th St., Milwaukee, WI 53204; 1111 Bernath Pkwy, Toledo, OH 43615; 1553 NW 15th Ave., Fort Lauderdale, FL 33311; 1900 N Payson St., Baltimore, MD 21217; 1636 N Forest Park Ave, Baltimore MD 21230; 4712 Mann St, Capitol Heights, MD 20743; and 1256 Dunad Ave., Opa-Locka FL, 33054. These properties are still listed in Appendix A to the Second Amended Complaint. These nine properties are listed at the end of Exhibit A to this Declaration (described in Paragraph 6, below) and indicate "Not Relevant Trusts" for the Trust Name.

5. In the Augustine Declaration, Plaintiffs also provided updated addresses for six Subject Properties. *See* ECF No. 67-1 at 54 ¶ 4. The updated addresses for these six properties are not reflected in Appendix A to the Second Amended Complaint.

6. Based upon a review of available property records for the Subject Properties, and taking into account the admissions and clarifications in the Augustine Declaration, the Trustees have identified the RMBS trusts that hold (or at one time held) each of the Subject Properties, except as noted in Paragraph 7, below. A list of those RMBS trusts is included in Exhibit A.

7. For two of the 1,141 Subject Properties (36005 Wedgewood Drive, Denham Springs, LA 70706; 4804 Sugartree Drive, Dayton, OH 45414), the Trustees were not able to tie the properties to particular trusts they administer based on the publicly available property records. These two properties are listed near the end of Exhibit A and indicate "N/A" for the Trust Name.

8. Attached as Exhibit B[1] is a true and correct copy of the Pooling and Servicing Agreement for IndyMac INDX Mortgage Loan Trust 2006-AR41 (the "AR41 Trust PSA"). This document is publicly available at https://www.sec.gov/Archives/edgar/data/1384691/

---

[1] For electronic filing purposes, Exhibit B has been divided into three parts to comply with file size requirements: Exhibit B (Part 1 of 3), Exhibit B (Part 2 of 3), and Exhibit B (Part 3 of 3).

0000090514807000184/efc7-0019_6006707ex991.txt (last accessed June 5, 2019). This Court took judicial notice of the AR41 Trust PSA in its November 19, 2018 Memorandum Opinion and Order. ECF No. 54 at 14 ("The PSA's accuracy cannot reasonably be questioned, so the Court will take judicial notice of it here.").

9. At my direction, paralegals and attorneys with my firm obtained the relevant sections from of the pooling and servicing agreements, indentures, trust agreements, and other similar contracts governing each RMBS trust listed in Exhibit A (collectively, the "Governing Agreements"). Because of the volume of the Governing Agreements, the Trustees are not filing each of those agreements with the Court, but the Trustees are prepared to provide the Court with copies of these agreements upon request. The Trustees' counsel has agreed to provide copies of each of those agreements to Plaintiffs' counsel of record in this case.

10. The Governing Agreements are typically filed publicly with the Securities and Exchange Commission.

11. There are certain provisions of the relevant PSAs that pertain to the Trustees' arguments in the motion to dismiss the Amended Complaint. First, Section 8.01 of the AR41 Trust PSA states: "The Trustee . . . shall undertake to perform such duties and only such duties as are specifically set forth in this Agreement . . . . [T]he duties and obligations of the trustee shall be determined solely by the express provisions of this Agreement." Excerpts from Governing Agreements for the identified Trusts concerning limitations on trustee duties are set forth in Column 1 to Exhibit A ("1. Trustee Duties Are Limited to Those Expressly Ascribed to It").

12. Second, Section 3.01 of the AR41 Trust PSA states: "For and on behalf of the Certificate holders the Servicer shall service and administer the Mortgage Loans in accordance with this Agreement and the Servicing Standard." Excerpts from the Governing Agreements for

the identified Trusts similarly providing for the servicing of the mortgage loans by the applicable servicer or master servicer, rather than the trustee, are set forth in Column 2 to Exhibit A ("2. Servicer Services the Mortgage Loans").

13. Third, Section 3.12 of the AR41 Trust PSA states: "the Servicer shall either itself or through an agent selected by the Servicer protect and conserve the REO property in accordance with the Servicing Standard." Excerpts from the Governing Agreements for the identified Trusts similarly providing that servicers and master servicers, rather than trustees, are charged with undertaking activities with respect to REO properties are set forth in Column 3 to Exhibit A ("Servicers Maintain REO").

14. Fourth, Section 7.02 of the AR41 Trust PSA states: "On and after the time the Servicer receives a notice of termination pursuant to Section 7.01, the Trustee shall, subject to and to the extent provided in Section 3.05, be the successor to the Servicer in its capacity as Servicer under this Agreement and the transactions set forth or provided for herein and shall be subject to all the responsibilities, duties and liabilities relating thereto placed on the Servicer by the terms hereof and applicable law including the obligation to make Advances pursuant to Section 4.01." Excerpts from the Governing Agreements for the identified Trusts similarly providing that a trustee undertakes servicing duties only after an existing servicer is terminated are set forth in Column 4 to Exhibit A ("'Backup' Servicing Duties Contingent on Formal Termination of Servicer").

//
//
//
//
//
//

-5-

I executed this declaration on this 6th day of June, 2019 at Chicago, Illinois.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 6, 2019  MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ Kenneth M. Kliebard
       Kenneth M. Kliebard

*Counsel to Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee*

-6-

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on June 6, 2019.

/s/ Kenneth M. Kliebard