IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>    Plaintiffs,<br><br>                v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>    Defendants. | Case No. 18 CV 839<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |

**PLAINTIFFS' SUR-REPLY**

Defendants' discussion of *National Fair Housing Alliance, et al. v. Bank of America, et al.*, 2019 WL 3241126 (D. Md. July 18, 2019)("*Bank of America*") is incomplete and inaccurate. In *Bank of America*, the Plaintiffs brought disparate impact and disparate treatment claims under the FHA against Defendants, Bank of America and Safeguard Properties Management LLC, for providing inferior routine exterior maintenance to REO properties in communities of color as compared to the maintenance afforded in majority neighborhoods. (*Id.* at *1-2). The factual allegations in *Bank of America* are materially similar to the allegations against the Defendants here, and the methodology employed by Plaintiffs to evaluate the REO properties was identical. (*Id.*)

The Court denied the blanket motion to dismiss filed by Defendants, holding that: (a) the Plaintiffs had standing, and the requirements for personal jurisdiction were satisfied (*Id.* at *3-5); (b) the continuing violation doctrine applied, and the Complaint satisfied the statute of limitations (*Id.* at *6); (c) the Complaint sufficiently pled claims for violations of the FHA under a disparate impact theory, satisfying the requirements that a specific policy be alleged and that proximate cause exist between the injury asserted and the injurious conduct alleged (*Id.* at *7-12); (d) the statutory requirements for FHA claims under Sections 804(a), 804(b) and 805 had been met (*Id.* at *12-14); and (e) Plaintiffs had also adequately stated a claim based upon a theory of perpetuation of segregation. (*Id.* at *15).

Defendants' attempts to downplay *Bank of America* are unpersuasive. First, while *Bank of America* obviously was decided in another District, the similarity of the allegations presented and the Court's thorough analysis make it important persuasive authority here. Defendants' assertion that *Bank of America* should be rejected because "it runs contrary to cases in this District," (Dkt. 83, Def. Rly. at 10 n. 5) conjures up authority in this District that simply does not

1

exist – as discussed in Plaintiff's response, the proximate cause analysis applied in cases from the Northern District of Illinois (and elsewhere) fully supports Plaintiffs' claims here. *See* Dkt. 77, Pl. Resp. to Joint Motion at 15-17, citing *County of Cook v. Wells Fargo & Co.*, 314 F.Supp.3d 975 (N.D. Ill. 2018).

Second, Defendants' assertion (Dkt. 83 at 7) that *Bank of America* found that Plaintiffs had not sufficiently alleged discriminatory intent is incorrect. Rather, the Court held that because the Complaint sufficiently pled claims on a disparate impact theory there was no need at this time to resolve arguments regarding the viability of claims on a disparate treatment theory. (*Bank of America*, 2019 WL 3241126 at *7 and n.8)

Third, Defendants' contention that *Bank of America* supports Defendants' arguments that the continuing violation theory does not apply is misplaced. (Def. Resp. at 15) The *Bank of America* Court's passing reference to this issue in the context of the present case does not take into account the enhanced allegations in the Second Amended Complaint regarding "notice," which fully address the issues raised in this Court's November 19, 2018 Opinion. (Dkt. 54 at 6-10) Moreover, as discussed in Plaintiffs' Response to Defendants' Joint Motion to Dismiss Second Amended Complaint, under the unambiguous language of the FHA, the statute of limitations does not begin to run with respect to an *ongoing* practice regardless of when plaintiffs became informed about the practice. (Dkt. 77 at 13, citing 42 U.S.C. Sect. 3613(a)(1)(A) and *County of Cook v. Bank of America Corp.*, 181 F.Supp.3d 513, 520 (N.D. Ill. 2015)).[1]

---

[1] The citation to *County of Cook v. Bank of America Corp.* in Plaintiffs' Response to the Joint Motion (Dkt. 77 at 13) inadvertently references "181 F.3d" rather than "181 F. Supp.3d".

2

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in Plaintiffs' Response to Defendants' Joint Motion to Dismiss Second Amended Complaint, Defendants' Motions should be denied.

                Respectfully Submitted,

                  /s/ Jennifer K. Soule

| | | |
|---|---|---|
| Jennifer K. Soule | Stephen M. Dane | Morgan Williams |
| James G. Bradtke | Yiyang Wu | *National Fair Housing Alliance* |
| Kelly K. Lambert | *Relman, Dane & Colfax PLLC* | 1331 Pennsylvania Ave, NW |
| *Soule, Bradtke & Lambert* | 1225 19th Street, N.W. | Suite 650 |
| 402 Campbell Street | Suite 600 | Washington, DC 20004 |
| Suite 100 | Washington, DC 20036 | *Attorney for Plaintiffs* |
| Geneva, IL 60134 | *Attorneys for Plaintiffs* | |
| *Attorneys for Plaintiffs* | | |

Dated: July 29, 2019