# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC.; and ALTISOURCE SOLUTIONS, INC., <br><br> Defendants. | Case No. 1:18-cv-00839 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Sidney I. Schenkier |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY

Plaintiffs submitted as supplemental authority a recent decision in *National Fair Housing Alliance v. Federal National Mortgage Association*, Case No. 16-06969-JSW (N.D. Cal. Aug. 12,

2019) ("*Fannie Mae*"). Dkt. 88, 90. The court's decision in *Fannie Mae*, which addressed only a disparate treatment claim (not disparate impact),[1] supports Defendants, not Plaintiffs:

(a) The court held that "[a]lthough … Plaintiffs contend that Fannie Mae acted intentionally, there are no facts to support the proposition that the conduct was intentionally discriminatory…. Accordingly, [Plaintiffs' amended allegations] do not alter the Court's previous determination that Plaintiffs have failed adequately to allege intentionally discriminatory conduct which is necessary to maintain a disparate treatment claim." Slip Op. at 7-8.

(b) The court held that "[t]here is no support for the contention that deliberate indifference or reckless disregard can form the legal bases for a claim under the Fair Housing Act for disparate treatment. On the contrary, the allegations that Fannie Mae was aware of the discriminatory impact, but indifferent to it, does not form a basis for an intentional disparate treatment claim." *Id.* at 8.

(c) The court held that "if a plaintiff could base intentional discrimination on allegations of disparity, every disparate impact claim would suffice to plead a disparate treatment claim. It is simply not enough to demonstrate a disparate impact [based on purported statistical disparities] to make a claim of intentional disparate treatment." *Id.* at 8-9.

(d) The court only allowed plaintiffs' disparate treatment claim to survive dismissal based on "*multiple factual allegations* of their interaction with Fannie Mae officials after conducting the study that forms the basis for this lawsuit and … that Fannie Mae failed to meaningfully change their conduct after Plaintiffs informed them of its alleged repercussions." *Id.* at 9-10 (emphasis added). In *Fannie Mae*, the plaintiffs alleged that as early as 2009-10, the

---

[1] In a prior decision, the same court addressed a disparate impact claim. *See Nat'l Fair Hous. All. v. Fed. Nat'l Mort. Assoc.*, 294 F.Supp.3d 940 (N.D. Cal. 2018). The prior decision is already discussed in the parties' briefs.

plaintiffs "held several meetings with Fannie Mae officials … and shared evidence gathered from the investigations" with Fannie Mae. *Fannie Mae*, Dkt. 39 (First Am. Compl.) ¶ 157. The plaintiffs also alleged that "in 2012, Plaintiffs … continued to engage with Fannie Mae officials," "informed Fannie Mae of its findings regarding Fannie Mae-owned properties and appealed to Fannie Mae to instruct its REO maintenance agents to cease and desist their discriminatory behavior." *Id.* The plaintiffs further alleged that *before* filing administrative complaints in 2013 and 2014 with the U.S. Department of Housing and Urban Development—including the administrative complaint it filed against the Defendants in this case—the plaintiffs held "several more" meetings with Fannie Mae in which they "provided photographs and comparative data to Fannie Mae demonstrating its agents' poor maintenance of REO properties in communities of color" and "asked Fannie Mae to take appropriate action against its agents, and to eliminate its own corporate policies … that contributed to its agents' discriminatory behavior." *Id.* ¶¶ 157-58.

In contrast, Plaintiffs' complaint in this case includes a single allegation that, at some unspecified point in time, Plaintiffs met with "Deutsche Bank representatives" and "informed them" of their findings, and that, "[o]n information and belief," the Deutsche Bank entities "have kept … Ocwen and Altisource informed regarding Plaintiffs' findings, contentions, and allegations." Dkt. 70 ¶¶ 121-22. Even assuming for purposes of a motion to dismiss that such a meeting occurred, this allegation is a far cry from what Plaintiffs alleged in *Fannie Mae*, and falls far short of pleading a disparate treatment claim. That is especially true because—unlike in *Fannie Mae*—Plaintiffs do not allege that the Trustees themselves undertook the challenged conduct, and as set forth in the Trustees' Supplemental Memorandum in support of the pending motion to dismiss, Plaintiffs do not (and, under the applicable Governing Agreements, cannot) allege that the servicers of the properties at issue were acting as the Trustees' agents.

Dated: August 23, 2019

Respectfully submitted,

By: /s/ Debra Bogo-Ernst
Debra Bogo-Ernst
Matthew C. Sostrin
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600

*Counsel to Defendant Ocwen Loan Servicing, LLC*

By: /s/ Kenneth M. Kliebard
Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: (312) 324-1000

Kevin M. Papay (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

*Counsel to Defendants Deutsche Bank National Trust Company, as Trustee, Deutsche Bank Trust Company Americas, as Trustee*

By: /s/ Shannon Shin
Shannon Shin
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Email: shannon.shin@dentons.com

Lisa Krigsten (admitted *pro hac vice*)
DENTONS US LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
Telephone: (816) 460-2400
Email: lisa.krigsten@dentons.com

Nathan Garroway (admitted *pro hac vice*)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Email: nathan.garroway@dentons.com

*Counsel to Defendant Altisource Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on August 23, 2019.

/s/      Debra Bogo-Ernst