IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA,<br><br>  Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.,<br><br>  Defendants. | Case No. 18 CV 839<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE <u>SUPPLEMENTAL AUTHORITY</u>**

 Plaintiffs, by their counsel, respond to Defendants' Motion for Leave to File Supplemental Authority as follows:

1

1. In *The Connectors Realty Group Corp. v. State Farm Fire and Casualty*, 2019 WL 5064699 (N.D. Ill. Oct. 9, 2019), the plaintiffs alleged, *inter alia*, that the defendant insurance company unlawfully delayed and/or denied legitimate property insurance claims from majority-black ZIP codes on the South and West Sides of Chicago. (*Id.* at *4). Among the various claims asserted by plaintiffs were disparate treatment and disparate impact claims under the Fair Housing Act. (Id. at *6-7).

2. On defendant's motion, the Court dismissed the disparate impact claims on the basis that the Complaint unclearly stated the data, nature and methodology of the analysis alleging a statistical disparity in the handling of the property insurance claims. (Id. at *7). The only specific criticism of plaintiffs' analysis that the Court noted was that plaintiffs identified a disparity in the treatment of property insurance claims by the aggregate of all companies authorized to write homeowner's insurance in Illinois, rather than a disparity in the treatment of these claims by the defendant insurer. (Id. at *7).

3. The Court's holding on the disparate impact claims is irrelevant to the present case and would not provide grounds for granting Defendants' Motion for Leave to File Supplemental Authority. In the present case, plaintiffs have investigated and analyzed only properties owned by the Deutsche Bank Defendants, not all companies in the industry as in The Connectors Realty Group. (Second Amended Compl. at Pars. 5-7, 85-87). In addition, plaintiffs specifically allege that: (a) the Servicer Defendants acted as the primary servicers for the Deutsche Bank REO properties; (b) if any other servicers acted with regard to the Deutsche Bank REO properties, their activities were de minimis; and (c) as to the Servicer Defendants, who were part of the same company until Defendant Altisource was spun off from Defendant Ocwen, there is no publicly available information (including tax or land records) as to which

Defendant Servicer provided maintenance services to a particular Deutsche Bank REO property. (Second Amended Compl. at Pars. 37, 64)

4. However, the Court's opinion in The Connectors Realty Group upholding the FHA disparate treatment claim of plaintiff Connectors is relevant to the present case and warrants granting Defendant's Motion for Leave to File Supplemental Authority. In his opinion, Judge Kocoras found that discriminatory intent was sufficiently pleaded in light of allegations that the defendant's representative made statements that "we have a lot of fraud in your area" and made references to the "South Side of Chicago and you all's neighborhoods." (2019 WL 5064699 at *6). As in the Connectors Group, the plaintiffs in the present case have made allegations regarding racial code words used by defendants for withholding maintenance resources from minority areas characterized as "hot zones," "low value assets" and "low value areas." (Second Amended Compl. Pars 158A-L). As such, the opinion in The Connectors Realty Group supports the consideration of such allegations in the present case in addition the other evidence alleged to indicate discriminatory intent.

WHEREFORE, Plaintiffs do not object to Defendants' Motion for Leave to File Supplemental Authority.

Respectfully Submitted,

  /s/ Jennifer K Soule

| | | |
|---|---|---|
| Jennifer K. Soule | Stephen M. Dane | Morgan Williams |
| James G. Bradtke | Yiyang Wu | *National Fair Housing Alliance* |
| Kelly K. Lambert | *Relman, Dane & Colfax PLLC* | 1331 Pennsylvania Ave, NW |
| *Soule, Bradtke & Lambert* | 1225 19th Street, N.W. | Suite 650 |
| 402 Campbell Street | Suite 600 | Washington, DC 20004 |
| Suite 100 | Washington, DC 20036 | |
| Geneva, IL 60134 | | |

Dated: October 29, 2019