```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


NATIONAL FAIR HOUSING             )
ALLIANCE, et al.,                 )
                                  )
                Plaintiffs,       )   Case No. 18 CV 00839
                                  )
-vs-                              )   Chicago, Illinois
                                  )   February 25, 2020
                                  )   9:10 a.m.
DEUTSCHE BANK, et al.,            )
                                  )
                Defendants.       )


                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:

For the Plaintiffs:      MS. JENNIFER K. SOULE
                         Soule, Bradtke & Lambert
                         402 Campbell Street
                         #100
                         Geneva, IL  60134
                         (630) 333-9144
                         E-mail:  Jsoule@sbllegal.com

For Defendant
Deutsche Bank:           MR. KENNETH MICHAEL KLIEBARD
                         Morgan Lewis & Bockius LLP
                         77 West Wacker Drive
                         Chicago, IL  60601
                         (312) 324-1000
                         E-mail: Kenneth.kliebard@morganlewis.com


Court Reporter:

            KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
                   United States District Court
              219 South Dearborn Street, Suite 1426
                      Chicago, Illinois  60604
                     Telephone:  (312) 435-5569
                 Kathleen_Fennell@ilnd.uscourts.gov
```

```
 1   APPEARANCES:    (Continued)

 2   For Defendant Ocwen:    MS. DEBRA L. BOGO-ERNST
                             MS. JACEY D. NORRIS
 3                           Mayer Brown LLP
                             71 South Wacker Drive
 4                           Chicago, IL  60606
                             (312) 782-0600
 5                           E-mail:  Dernst@mayerbrown.com
                                      Jnorris@mayerbrown.com
 6
     For the Defendant
 7   Altisource:             MS. SHANNON YOUNG SHIN
                             Dentons US LLP
 8                           233 South Wacker Drive
                             Suite 5900
 9                           Chicago, IL  60606
                             (312) 876-3453
10                           E-mail:  Shannon.shin@dentons.com

11   Also Present:           MS. SHERRILL FROST-BROWN
                             Vice President
12                           National Fair Housing Alliance

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (Proceedings heard in open court:)
2        THE CLERK:  18 C 839, National Fair Housing versus
3  Deutsche Bank.
4        MS. SOULE:  Good morning, Judge.  Jennifer Soule on
5  behalf of the plaintiffs.  I also have with me Sherrill
6  Frost-Brown who's a vice president at National Fair Housing
7  Alliance in Washington, also with family here in Chicago.
8  She's here working with me today, so I asked her to come to
9  court.
10        MS. FROST-BROWN:  Good morning, Judge.
11        MR. KLIEBARD:  Good morning, Your Honor.  Ken
12  Kliebard on behalf of defendants Deutsche Bank National Trust
13  Company and Deutsche Bank Trust Company Americas.
14        MS. BOGO-ERNST:  Good morning, Your Honor.  Debra
15  Bogo-Ernst and Jacey Norris on behalf of defendant Ocwen Loan
16  Servicing, now known as PHH Mortgage.
17        MS. SHIN:  Good morning, Your Honor.  Shannon Shin on
18  behalf of Altisource.
19        THE COURT:  Status?
20        MS. SOULE:  Judge, we -- as you recall, you ruled on
21  the motions to dismiss in November.  The defendants filed
22  their answers just before Christmas.
23        We've been in discussion trying to get a case
24  management order.  We've made some progress.  We had a meeting
25  last week.  We've agreed that we will exchange initial

disclosures this Friday.

Plaintiffs have proposed that we initiate written discovery next week, March 6th, just to get a date to make sure we get things started. We've also talked about working on protective orders and ESI.

I'm not sure if the Court would like to enter dates or how the Court wants to proceed. We do think this is a discovery-intensive case. We do believe that there will be, you know, in excess of ten depositions per party, but we've agreed to be reasonable and work together on that.

This is a systemic case, and plaintiffs would like to commence discovery looking at defendants' common policies, practices and implementation of those, and then hopefully move on from there and drill down into some of the other depositions.

We did target a fact discovery cutoff that would be -- would be 12 months. We haven't -- our target date that we discussed, subject to some other things that have come up since then, is February 28th, 2021, and we have -- then anticipate expert disclosure period after that.

THE COURT: Defense?

MS. BOGO-ERNST: Hi, Your Honor. Debra Bogo-Ernst again for defendant Ocwen.

So we have been working very cooperatively with the other side, which has been great. I think the parties do

1 agree as a general matter that this case is about a year for
2 fact discovery. I think the parties have a current
3 disagreement, Your Honor, on the first phase of the discovery.
4     From defendants' perspective, this case rises and
5 falls on the properties that are at issue in the lawsuit, and
6 we have proposed to the other side that there is an initial
7 phase focused on, okay, which properties are in, which
8 properties are out, and if the parties cannot agree, then we
9 bring those disputes to the Court.
10     We feel like until we know what properties are in or
11 out, we're sort of shooting in the dark, Your Honor, on this.
12     We're modeling our proposal after an order that was
13 entered in a Bank of America case when Ocwen is the plaintiff
14 in that case in the District of Maryland. The Court entered
15 what we thought was a very fair and reasonable schedule to go
16 through and identify the properties first. So we've proposed
17 a version of that to the plaintiffs. They have not agreed
18 yet.
19     I think it would be helpful to allow either the
20 parties to meet and confer further on this or to allow the
21 defense to present their position to the Court before we just
22 open up discovery more broadly.
23     MS. SOULE: Judge, we don't -- we don't object to
24 allowing discovery about the properties to proceed. In fact,
25 last week we agreed to provide a supplemental -- just provide

1  it without waiting for discovery requests, a supplemental list
2  of our properties with certain information the defendants seek
3  so that if they feel that they need to sort out which
4  properties are in or out, so to speak, at least with respect
5  to some of the servicer defendants, that is, I think, then
6  that can go on.
7  But we -- as you know, this is a 2018 case. We'd
8  like to get discovery going. We think that how the list of
9  properties is defined over time is not going to be affected by
10 our needing to do discovery on the policies, practices and
11 procedures. And we want to take a top-down approach here. We
12 think it's the most efficient. We don't want to be delayed in
13 doing that.
14 The proposal I got yesterday after all this time
15 essentially puts discovery off starting until June, and if
16 that were to happen, we wouldn't be able -- we wouldn't be
17 able to meet this one-year deadline. We'd have to extend it
18 by many more months.
19 We can do both things. We are agreeing --
20 THE COURT: My thinking why can't you do both things
21 at the same time? They're both discovery subjects.
22 MS. BOGO-ERNST: So --
23 THE COURT: You've got enough manpower or human
24 power, however you want to say, on both sides. It seems to me
25 to do a lot of discovery in a relatively short time, and no

1 reason why you couldn't find out which properties you're
2 talking about at the same time you're discovering what the
3 policies, et cetera, et cetera, are.
4     MS. BOGO-ERNST: So, Your Honor, from defendants'
5 perspective, this would not be putting off discovery. It
6 would actually be making it more efficient because it is
7 possible that the policies at issue are tied to the properties
8 at issue and potentially based on geographic region. We're
9 still looking at that right now. We're not a hundred percent
10 sure.
11     So this is really trying to front load some of the
12 efficiencies under a proportionality standard so that the
13 defendants are not getting overwhelmed, as plaintiffs' counsel
14 said, by fact-intensive discovery right away. We'd be able to
15 work together, try to limit the properties, and then proceed
16 from there.
17     MS. SOULE: Judge, plaintiffs, you know, we
18 strenuously object to that. We have talked about ways, once
19 we get into the weeds much later, of coming up with
20 efficiencies and taking only the depositions that are needed,
21 but the policies and practices need to be discoverable from
22 our point of view right away.
23     We have a disparate impact case. That's what this
24 case is about. We will be sensitive to working with them.
25 We've already agreed to voluntarily provide a list. We're

1 already working on it so that they can figure out what they
2 need to figure out.
3 We're also in possession of a massive amount of
4 information that pertains to the NAFA-organized investigation,
5 and we're prepared to turn that over so that they can work on
6 that as well. That information will also inform their
7 internal inquiry about the properties.
8 So I don't see any reason why we can't get started
9 with our essential core document requests, take some subject
10 matter depositions, and proceed from there. We can work
11 together. If there's a problem that comes up because of
12 something we do, we'll just talk about it, and we can bring it
13 to the Court's attention at that time.
14 THE COURT: I agree. It seems to me that you should
15 go at this with the idea of getting as much done as soon as
16 possible and not to delay one area for the benefit of another.
17 Again, it would appear to me that there's sufficient attorney
18 power in the case to do that.
19 So you think you can get discovery done in a year, is
20 that what you're telling me?
21 MS. SOULE: That's what we --
22 THE COURT: Everybody agree with that?
23 MS. BOGO-ERNST: That's what we're trying to do, Your
24 Honor. You know, I can only see that not happening if we get
25 into disputes too far down the line on which properties are in

or out. If we have a suggestion in that regard, Your Honor, as we start discovery here, may we bring it to the Court in the form of a motion?

THE COURT: You can always -- I'm here for -- I'm a public servant, so I'm here. So if you have a problem, you can bring it to me.

Why don't we have a -- I'll just say a status in four months and see how things are working out, and you -- if you have some problems earlier than that, you can bring it to me.

MS. BOGO-ERNST: Thank you, Your Honor.

THE CLERK: June 30th, at 9:00 a.m.

MS. SOULE: Thank you, Judge.

THE COURT: Thank you.

MR. KLIEBARD: Thank you, Your Honor.

MS. BOGO-ERNST: Thank you, Your Honor.

MS. SHIN: Thank you.

(Which were all the proceedings heard.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/Kathleen M. Fennell*          March 11, 2020

_____          _____
Kathleen M. Fennell                Date
Official Court Reporter