IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL OCWEN AND ALTISOURCE TO SCHEDULE AND COMMENCE RULE 30(b)(6) DEPOSITIONS REGARDING <u>DEFENDANTS' POLICIES AND PROCEDURES</u>**

On September 8, 2020, Plaintiffs filed a motion seeking a Status Conference. As noted therein, Plaintiffs initiated discovery requests on March 6, 2020 but, as of September 8, Ocwen and Altisource had not produced a single document. The Court granted Plaintiffs' motion and a Status Conference was held on September 24. Just before the September 24 Status Conference, Defendants began to produce documents. The Court scheduled the next Status Conference for December 8, 2020. On October 22 and 23, Plaintiffs served Notices on Defendants Ocwen (Ex. A) and Altisource (Ex. B), seeking representative testimony on their policies and procedures, commencing November 12, 2020. Plaintiffs anticipated that these Ocwen and Altisource depositions (not to the exclusion of ongoing discovery as to the Deutsche Bank Defendants, not addressed herein) should be scheduled now in order to begin in November 2020 and continue through December 2020 and January 2021. Unfortunately, Ocwen and Altisource do not agree to proceed with the noticed depositions now and, likely, for months, based on their stated

1

positions and resulting breakdown in scheduling talks. The delay in proceeding with Rule 30(b)(6) depositions on policies and procedures that will result from Ocwen's and Altisource's positions is unnecessary and unreasonable, which is why Plaintiffs seek relief from the Court now.

Plaintiffs, by their counsel, seek an Order pursuant to Rule 37: (a) requiring Defendants Ocwen and Altisource to confer with Plaintiffs and submit to the Court no later than November 20, 2020 a joint schedule for Plaintiffs' Noticed Rule 30(b)(6) policy and procedure depositions listed on Exhibits A and B; (b) requiring Defendants Ocwen and Altisource to complete production to Plaintiffs of discovery materials pertaining to each Noticed subject no less than five days prior to the scheduled deposition; and (c) requiring discovery generally to continue expeditiously.

A. <u>Background</u>.

This case is brought on behalf of twenty fair housing organizations, and concerns an extensive nationwide fair housing testing investigation into Defendants' failure to preserve, and maintain properties owned by the Deutsche Bank Defendants known as "Real Estate Owned" (REO) properties. Plaintiffs allege that Defendants engaged in a pattern and practice of systemic discriminatory conduct, constituting disparate treatment and resulting in disparate impacts based on neighborhood racial composition in violation of the Fair Housing Act. One important aspect of Plaintiffs' evidence is Plaintiffs' on-site inspection of the observable poor condition of routine exterior maintenance at over 1,100 Deutsche Bank-owned REO homes across the country in middle income predominantly communities of color as compared to homes in similar middle-income predominantly white communities. Plaintiffs also allege that Defendants discriminated in the marketing/sales of REO properties by Defendants, Defendants perpetuated segregation,

and Defendants' conduct constitutes present effects of an entrenched pattern of structural and systemic racial discrimination in housing. (2nd Am. Cpl. ¶¶1, 6, 8, 9, 38-51, 125-139). Plaintiffs' testing was designed and implemented to assess whether patterns of discriminatory treatment were apparent across a particular metropolitan area, as well as whether aggregated data showed a pattern of differing treatment across all metro areas represented by the 20 plaintiffs. (2nd Am. Cpl. ¶93)

B. Written Discovery

The Defendants in this case include the Deutsche Bank Defendants ("Deutsche Bank"), a loan servicer, Ocwen Loan Servicing, LLC, n/k/a/ PHH Mortgage Corporation ("Ocwen), and a major Ocwen "vendor" that conducted valuation, preservation, maintenance and marketing/real estate sales work on Deutsche Bank REO properties, Altisource Solutions, Inc. ("Altisource"). At the outset, Defendants took a position that discovery should be put off generally, except as to the limited subject of acknowledging whether Ocwen and Altisource were assigned as the servicer/vendor(s) to the particular Deutsche Bank REO properties investigated by Plaintiffs. (Ex. C, Transcript from Status Conference on 2/25/20, pp. 4-8).[1] Plaintiffs informed the Court that they sought to proceed with discovery on more than one subject at a time, and outlined for the Court Plaintiffs' plan to initiate written discovery on March 6, 2020 centering on Defendants' policies and procedures, which are important to the case. Plaintiffs also noted that they intended to proceed with subject matter depositions regarding Defendants' policies and procedures, and thereafter determine the most efficient manner to proceed with the remainder of fact discovery. (*Id.*) The Court agreed with Plaintiffs' proposed approach. (*Id.* at p. 8)

---

[1] Ocwen and Altisource have still not completed their review of Deutsche Bank properties investigated by Plaintiffs to date, though they currently acknowledge they serviced approximately 700 of the properties. The conduct of the servicer/vendor Defendants, in addition to that of the Trustee, is central to discovery.

3

On March 6, 2020, Plaintiffs served their first set of Requests for Production of Documents on all three Defendants, focusing on Defendants' policies and procedures and covering information about the investigated properties. Due to COVID-19 related delays, Defendants responded on June 22, 2020.

Unfortunately, Ocwen and Altisource objected to all of Plaintiffs' requests. Consequently, Plaintiffs have engaged in lengthy, detailed and ongoing Rule 37 correspondence and conferences with Altisource and Ocwen since July 2, 2020. The process has been deliberate and extended, but generally collegial, and has increased Plaintiffs' understanding of Defendants' operations and what discovery is needed. More specifically, Ocwen's and Altisource's initial September 21-22, 2020 production consisted of portions of policy and procedure documents and four voluminous "exemplar" property-specific files for addresses Plaintiffs chose from a list of 1100. The purposes of producing exemplar property files were so that (a) Plaintiffs could determine if electronic data systems contain information Plaintiffs seek, and (b) Plaintiffs could gain a better understanding of Defendants' activities. Ocwen and Altisource have continued with rolling productions of policy and procedure-level documents, including on October 12, 22 and 30.[2] Plaintiffs have endeavored to review Defendants' policies as expeditiously as possible.

---

[2] For their part, Plaintiffs have produced a steady and substantial stream of tens of thousands of documents and photographs as follows: August 25, 2020 – DMFHC –571, GHCONTINUUM 1-808, FHCCI –398, FHCNWO 1-1808, FHCWM 1-2317, HOPE_FHC 1-405, HRAC 1-907, HOUSING_OPPS_ 1-1583; August 26, 2020 – NFHA 1- 33449; September 1, 2020 – NFHA 33450-33468; September 9, 2020 – HOPE_FHC 406-464, SSHC 1-12, MMFHC 1-14, FHCCI 399-403, FHCONTINUUM 946-969, NFHA 33469-33765; September 11, 2020 -FHANC 1-73, HOMEVA 1-3, COFHA 1-2, CFH 1-6, HRAC 908-920; October 28, 2020 – GNOFHAC 22-3375, FHANC 74-2223, MVFHC 23-2281, SSHC 13-1471; November 2, 2020 – NFHA_0033766 – NFHA_0042773. Plaintiffs' document production includes the database of photographs and evaluative information and the preliminary regression analysis providing a significant portion of the evidence in the case. Plaintiffs have also produced very detailed interrogatory answers to Defendants providing 247 pages of information regarding liability and damages issues.

Plaintiffs believe based on Defendants' production to date and representations about impending additional productions, that all of the Rule 30(b)(6) depositions should be scheduled at this time and that several subject matter depositions can likely proceed in short order (e.g. Ocwen subjects 1, 2, 5, 10, 11, 15 and Altisource subjects 1, 6, 7, 8, 9, 11, 12, 15).  On October 21, 2020, Plaintiffs informed Defendants during a Rule 37 conference that Plaintiffs would soon serve a subject matter deposition notice addressing Defendants' policies and procedures. Altisource stated that it would want to analyze the Notice and informally discuss witnesses and subjects for efficiency's sake.  Plaintiffs agreed and understood that Ocwen wanted to proceed in the same fashion.  Plaintiffs also expressed their flexibility in confirming particular deposition dates, and Plaintiffs have reiterated that the parties should afford each other professional courtesy in that regard.  If Defendants identify additional documents to produce relevant to any of the scheduled subjects, they can simply be produced in advance of the deposition.  Pursuant to Plaintiffs' Notices, attached as Exhibits A and B, the policy and procedure subject matter depositions were to commence November 12, 2020, with a handful of listed dates thereafter through November and early December, and the remainder referenced with "Date and time to be determined."

The Ocwen and Altisource 30(b)(6) Notices are very similar.  Minor differences exist based on the specific roles of each Defendant and Plaintiffs' review of Defendants' policy and procedure documents to date.  The subjects (17 for Ocwen and 18 for Altisource) are discrete and the order generally reflects when Plaintiffs anticipate that Defendants will complete production of various types of documents.[3]  In addition, the Notices were comprehensive as to the foundational discovery needed regarding Defendants' policies and procedures.  It is likely

---

[3] Altisource indicated it was planning to produce documents relating to contracts with Ocwen during the week of October 26, 2020.  However, this production has not yet occurred.

that some of the subject depositions will be relatively short. Depending on what is learned, some may be combined or deemed already covered by a preceding subject. Moreover, once information is learned on a subject from one of these two Defendants, it is possible the similar deposition of the other will be shorter. Plaintiffs are open to discussing with Defendants changes to the order of subjects for pragmatic reasons.

    C. <u>Defendants' Objections and Unreasonable Delay</u>

On Friday, October, 23, Plaintiffs' counsel was in the process of writing to Ocwen and Altisource to schedule a conference for the following week about Plaintiffs Notices, the status of Defendants' productions regarding the subjects of the Notices, and scheduling. The hope was that any issues relating to the depositions could be addressed in a cooperative manner. However, Plaintiffs' counsel then received an email from Ocwen stating that Ocwen "will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions." (Ex. D, Ernst 10/23/20 email) Ocwen went on to state that it planned to take two weeks to first "serve" objections to Plaintiffs' Notice on November 10, and then, as a result, would need to meet and confer with Plaintiffs after that about the timing and scope of the depositions. (*Id.*) Plaintiffs' counsel completed her October 23 correspondence to Defendants, reiterating that Plaintiffs desired to proceed with some of the subject matter depositions before the December 8 status, and that Plaintiffs intended to handle scheduling based on case management considerations, professional courtesy and the status of Defendants' productions. (Ex. E, Soule 10/23/20 email). Plaintiffs also reiterated their willingness to confer about the Notices, so that any concerns or efficiencies can be discussed and Plaintiffs proposed a conference on October 28, 29 or 30, 2020, in order to begin depositions on or around November 12, 2020.

On October 27, 2020 Ocwen refused Plaintiffs' invitation to meet and confer in a timely manner. Instead, Ocwen stated that it would not serve its objections to Plaintiffs' Notice until November 10 and would not confer with Plaintiffs until the week of November 16. (Ex. F, Ernst 10/27/20 email) Ocwen took the position that written discovery, including ESI discovery, should be completed before Plaintiffs' 30(b)(6) depositions commence. In addition, Ocwen stated that it would object to questions about policies and procedures that were "not reduced to writing," and stated that it objected to providing information not related to Deutsche Bank properties. (*Id.*) These objections raised a can of worms, considering that:

(a) Defendants have essentially put ESI discovery production on hold to await completion of the first ongoing stages of discovery, even though Plaintiffs are producing ESI;
(b) Ocwen indicated in October 2020, based on Plaintiffs' observation of notations on policy documents in Ocwen's 9/21/20 production, that Ocwen had no pertinent policies until 2015 (though Ocwen has been apparently carrying out and communicating parameters and instructions about work on REO properties in various circumstances since long before 2015) [4]; and
(c) Ocwen's policies and procedures concerning servicing foreclosed properties likely apply to owners/investors other than just Deutsche Bank, and, even if not, Plaintiffs are entitled to ask about any variations in policies and procedures for Deutsche Bank versus Ocwen's other customers.

Counsel for Ocwen also stated that Ocwen is still investigating and producing non-objectionable documents responsive to Plaintiffs' requests, and that the Pandemic environment is

---

[4] The Court recognized that evidence outside the limitations period is relevant as to the issue of intent. (ECF No. 97, Memorandum Opinion and Order, 11/13/19, p. 36). The *Deutsche Bank Defendants do not object to discovery from January 1, 2010 to present,* the discovery time frame sought by Plaintiffs since their investigation began in 2011. Ocwen seeks to restrict discovery (including about policies and procedures) to a narrow two-year window: *February 14, 2015 to February 15, 2017*, except concerning property-specific information regarding identified Deutsche Bank properties it serviced. Altisource takes the same stance, but asserts the narrow window of *February 14, 2015 to present.* Temporal objections regarding policies and procedures would be glaring in view of Ocwen recently confirming it did not have policies responsive to Plaintiffs' requests before 2015. However, in light of Defendants' temporal objections, Plaintiffs' Rule 30(b)(6) Notices include a time period instruction that allows the parties to approach subjects and temporal issues on a case by case basis, preserving any limited discrete areas of dispute for negotiated or Court-imposed resolution. See, Instructions and Note 1, Exs. B and C.

7

difficult and causing delays. (*Id.*) Plaintiffs do not dispute that the current remote working environment has created problems -- for both sides -- but Plaintiffs believe, considering that Plaintiffs served their document requests on March 6, and the parties have conferred since early July (after the Court's Covid-19 General Orders), completion of production of policy and procedure documents and core information about the properties investigated this case must be prioritized.

      Altisource also wrote on the evening of October 27 to join in all of Ocwen's stated concerns, indicating that its process of reviewing and producing documents responsive to Plaintiffs' discovery requests would take at least another month, or could be longer. (Ex. G, Garroway 10/27/20 email). Altisource stated that "if Plaintiffs insist on pursuing Rule 30(b)(6) depositions now, before document discovery is concluded and before ESI has even started, they do so at their own risk of being foreclosed from examining the topic later. It will also delay the completion of Altisource's document discovery because we will need to shift resources to preparing for depositions." (*Id.*) Altisource went on to state that (for some reason apparently agreed between Altisource and Ocwen) it will serve its written objections to Plaintiffs' Rule 30(b)(6) Notice a week or so *after* Ocwen does, on or before November 17, and, since Ocwen will not start to confer with Plaintiffs until the week of November 16, and because of Thanksgiving, Altisource would not confer with Plaintiffs about their Notice until the week of November 30. (*Id.*) Based on all the foregoing, Plaintiffs can see the writing on the wall that, without the structure Plaintiffs' seek through this motion, Defendants' scheduling issues, objections and production of policy and procedure documents will not be completed and resolved until well into December, pushing completion of the policy and procedure depositions even further off.

On October 28, Plaintiffs responded to Defendants' emails indicating disappointment that Ocwen and Altisource refused to confer that week as requested, objecting to Defendants' unilateral rejection of Plaintiffs' noticed depositions, and objecting to delaying the (no doubt *start* of) discussions on the deposition notices into and through the entire month of November, 2020. (Ex. H, Soule 10/28/20 letter) Plaintiffs wrote:

> If Ocwen and Altisource had agreed to meet and confer with Plaintiffs this week as I requested, we would have reviewed and discussed with Ocwen and Altisource the particular listed deposition subjects on Plaintiffs' notice that are discrete and/or ripe to proceed with based on the status of Defendants' current and impending productions. We already agreed to this discussion in our most recent Rule 37 call. We assume that Defendants are aware of categories of subjects/documents as to which discovery is complete, or will be completed soon in a robust manner. Many policies and procedures have been produced to date and have been reviewed. The exemplar files, also a deposition subject, and also reflective of various policies and procedures, have been produced and reviewed by Plaintiffs. Furthermore, Defendants assured Plaintiffs in our most recent call that various categories of responsive documents are being produced this week (e.g. contracts) and that some other categories discussed will be produced in the coming weeks. Anticipating this, Plaintiffs stand ready to promptly intake and evaluate what is produced in order to prepare for and proceed with subject matter depositions on a rolling and reasonable basis. Plaintiffs would have discussed an agreed roadmap for doing this –had you not refused to talk about it. We would have discussed with you that Plaintiffs were and are willing to consider approaching the noticed subjects in a modified sequence that is mutually agreeable. Defendants could work to shore up gaps in production, if any, on the subjects as they come up on the roadmap.

Plaintiffs also disagreed with Defendants' assertion that all written and ESI discovery need be completed before policy and procedure 30(b)(6) depositions begin, and disagreed that proceeding with subject matter depositions means that Defendants' general production of responsive discovery must be delayed or can halt. (*Id.*) Plaintiffs requested that Defendants reconsider their approach, and specifically asked Ocwen and Altisource to, by November 6, "choose several subjects listed by Plaintiffs that correlate to completed areas of productions or areas of production that will soon be completed, so that we can make a schedule for these subject matter depositions and attempt to get this process started. Production can be shored up in a

9

reasonable way ahead of the depositions." (*Id.*) Plaintiffs asked Defendants to respond by October 30, 2020.

On October 30, Ocwen wrote on behalf of both Ocwen and Altisource to say, among other things, that Plaintiffs must *withdraw* their Notices of Rule 30(b)(6) depositions in order for the parties to first discuss an "*overall* plan for depositions." (Ex. I, Ernst 10/30/20 letter) This is the first time Defendants have raised the subject of fact witness depositions in this case – as part of an effort to subvert Plaintiffs' long-stated plan (shared with Defendants and the Court as early as 2/25/20) to begin with subject matter depositions on policies and procedures. Plaintiffs are of course willing to discuss a plan for all of the other depositions that will be needed from both sides in this complex systemic discrimination case, but that does not require postponing scheduling and commencing Plaintiffs' subject matter depositions. Defendants also signaled their position that Plaintiffs are limited to just one subject matter deposition totaling 7 hours. (*Id.*) This is completely inconsistent with intended and accepted practice concerning Rule 30(b)(6). The Committee Notes on the 2000 Amendment to Rule 30 provide as follows: "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." *See also Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853 (N.D. Ill. 2001)(where defendant tried to limit the time for its corporate deposition by designating the same witness for all topics, the Court extended the time limit based on the complexity of the case and issues).

10

Defendants further stated that, if Defendants' proposal that Plaintiffs withdraw their pending Notices is not accepted, or if Plaintiffs will not agree to *begin* to confer later in November as Defendants proposed, Defendants will seek relief from the Court. (*Id.*) Counsel for Ocwen stated that Defendants "want to work with Plaintiffs," but threatened, "either the parties are going to work together or they are not." (*Id.*) Plaintiffs responded to Defendants' unnecessary escalation of this dispute on November 1 as follows:

> Plaintiffs are in receipt of your letter of Friday evening. Defendants now insist that Plaintiffs must formally "withdraw" their Notices of subject matter depositions as a prerequisite to Defendants engaging in a timely discussion of when they will produce witnesses pursuant to the notices. This seems highly irregular. If there is somehow a lingering question about whether Plaintiffs understand that the noticed *dates* are not going ahead and need to be re-set one way or another, please know that Plaintiffs were and are clear from Ocwen's October 23, 2020 email that "Ocwen will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions." Ocwen and Altisource emails of October 27 reiterated Defendants' (understood) position that Plaintiffs' noticed dates were null and void from Defendants' point of view. Once dates are set by agreement or otherwise, Plaintiffs will simply serve an amended notice. We know that we cannot proceed with the depositions on the dates we set forth in the notice when you have unilaterally determined that you will not produce witnesses on those dates.
>
> To respond to one other item in your letter about cooperation "at least until now," whatever the path or outcome of the present dilemma, Plaintiffs remain open to cooperation with Defendants in this case.

(Ex. J, Soule email)

At this point, Plaintiffs have unfortunately concluded that the Court's assistance is required to (a) set Plaintiffs' subject matter depositions on a timely schedule without cessation or delay of discovery generally, and (b) to ensure timely production of policy and procedure documentation sufficiently in advance of these depositions. Attached as Exhibit K is Plaintiffs' statement pursuant to Local Rule 37.2.

WHEREFORE, Plaintiffs request the Court enter an Order requiring (a) the parties to jointly submit a schedule to the Court for approval by November 20, for Plaintiffs' Rule 30(b)(6) depositions on the Notices attached as Exhibits A and B; (b) requiring Defendants Ocwen and Altisource to complete production to Plaintiffs of discovery materials pertaining to each Noticed subject no less than five days prior to the scheduled deposition; and (c) requiring discovery generally to continue expeditiously.

Respectfully Submitted,

/s/ Jennifer K. Soule

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*

Stephen M. Dane, *pro hac vice*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

Yiyang Wu, *pro hac vice*
Tara Ramchandani, *pro hac vice*
*Relman Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Morgan Williams, *pro hac vice*
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW
Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Dated: November 3, 2020