# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE;<br>HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS<br>TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**NOTICE TO OCWEN LOAN SERVICING, LLC n/k/a PHH MORTGAGE
CORPORATION OF VIDEOTAPED RULE 30(b)(6) DEPOSITION
<u>BY REMOTE ELECTRONIC MEANS</u>**

**To: Ocwen Loan Servicing, LLC,
N/k/a PHH Mortgage Corporation**

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

*Counsel For Deutsche Bank National Trust,
As Trustee:*

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

*Counsel For Altisource Solutions, Inc.:*

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

cc: Lexitas – *chicago@lexitaslegal.com*

*Counsel for Plaintiffs:*
Jennifer K. Soule
*JSoule@sbllegal.com*
Kelly K. Lambert
*KLambert@sbllegal.com*
James G. Bradtke
*JBradtke@sbllegal.com*
Steven P. Schneck
*SSchneck@sbllegal.com*
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60101

Yiyang Wu
*ywu@relmanlaw.com*
Tara Ramchandani
*TRamchandani@relmanlaw.com*
*Relman Colfax PLLC*
1225 19th Street, NW, Suite 600
Washington, DC 20036

Stephen M. Dane
*sdane@fairhousinglaw.com*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

Morgan Williams
*mwilliams@nationalfairhousing.org*
*National Fair Housing Alliance*
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Fed.R.Civ.P., and Fed.R.Civ.P. 30(b)(1) and (4), Plaintiffs, by their counsel, shall take the deposition of Defendant Ocwen Loan Servicing, LLC, n/k/a PHH Mortgage Corporation, beginning on *November 12, 9:30 a.m., Central Standard Time*, and continuing on other dates listed below and/or to be agreed upon, on the subject matters listed on the attached Exhibit A. At the aforesaid time, Defendant shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendant to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded by stenographic/audio/video means remotely before a certified court reporter and videographer with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software, The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated: October 22, 2020

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Ocwen" refers to Defendant Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation, or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff, office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other persons providing assistance to Ocwen, regardless of whether such persons are considered or classified as an independent contractor or consultant.

D.  "REO" or "REO property" means any residential dwelling owned by a lender or investor, including but not limited to Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee or in any other capacity, after foreclosure.

.

E.  The terms "Deutsche Bank Real Estate Owned properties" or "Deutsche Bank REO properties" mean any residential dwelling owned by Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas,  as trustee, or in any other capacity, as the result of a foreclosure.

F.  The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, guideline, or a practice of general applicability that may or may not have been reduced to writing or otherwise formalized.

G.  Time Period.   Without waiving Plaintiffs' position as to the relevant time period of discovery in this case being January 1, 2010 to present, and without waiving Plaintiffs' ability to seek testimony about Ocwen's policies and procedures and related subjects listed in this Notice for the time period of January 1, 2010 to present, and solely based upon Ocwen's and Altisource's combined disputed current global/general objections concerning the time period applicable to discovery in this case,[1] the time period applicable to this subject matter deposition Notice is January 1, 2010 to present, subject to two conditions:  First, Plaintiffs will first inquire about the listed policy and procedure and related subjects regarding the time period of February 14, 2015 to present.  Secondly, Plaintiffs will ask Ocwen to identify and explain as to each listed

---

[1] Deutsche Bank does not generally object to Plaintiffs' definitional time period of January 1, 2010 to present for discovery in this litigation.  Ocwen objects to discovery in this case except for the period of February 14, 2015 to February 15, 2017 (except Ocwen will state without regard to its time period objection whether it agrees it serviced Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Ocwen will provide property-specific information without regard to its time period objection as to scored Deutsche Bank properties it acknowledges.  Ocwen stated on October 12, 2020 it did not have policies responsive to Plaintiffs' discovery requests prior to February 15, 2015.  Altisource objects to discovery in this case except for the period of February 14, 2015 to present (except Altisource will state without regard to its time period objection whether it agrees it was a vendor for Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Altisource will provide property-specific information concerning properties it acknowledges without regard to its time period objection.  Plaintiffs dispute Ocwen's and Altisource's general objections as to time period and property lists.

5

subject, for the time period of January 1, 2010 through February 14, 2015, material differences, if any, concerning Ocwen's testimony on the subject. If Ocwen objects to providing information on any listed policy and procedure or related subject concerning all or any portion of the 2010-2015 time period, and/or if Ocwen objects to providing information on any listed subject concerning the period of time after its blanket end-date objection (February 14, 2017), it may so indicate at the deposition as to each subject. Testimony restricted by and subject to Ocwen's time period objections may be resumed at a mutually agreeable date and time, following either agreement of the parties or Order of Court.

H. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

I. "Relate," "relating to," or "regarding," or "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

## SUBJECTS AND DATES OF DEPOSITIONS

1. <u>Policies, Practices and Procedures – Selection, Terms, Contracts with Vendors.</u> Policies, practices or procedures adopted, utilized and/or approved by Ocwen relating to REO properties, including the Deutsche Bank REO properties, and addressing the selection, terms of engagement, contracts, compensation, monitoring, termination, assignment or reassignment of vendors or other third parties engaged by Ocwen regarding preservation, maintenance, valuation, marketing and sales/liquidation of REO properties, including the Deutsche Bank REO properties. (November 12, 2020 9:30 a.m., Central time)

2.    <u>Policies, Practices and Procedures – Onboarding and Registering</u>.    Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding onboarding REO properties into Ocwen's and its Vendors' systems, and registering vacant REO properties based on city, municipal or state requirements, and Ocwen's oversight of these subjects.  (November 17, 2020 at 9:30 a.m.)

3.    <u>Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale.</u>  The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding:  (a) Document Approvals and Power of Attorney concerning REO properties and Ocwen's appointment as attorney in fact by Deutsche Bank (or any Deutsche Bank designee); (b)  Ocwen appointing "REO vendors" as attorney in fact,  (c) Activities carried out by Ocwen and its vendors pursuant to powers of attorney, (d) deeds and assignments of deeds, (e) listing agreements, (f) contracts for sale, and Ocwen's oversight of these subjects.  (November 17, 2020 11:30 a.m., Central time)

4.    <u>Investor Compliance.</u>  The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding Investor Compliance, including but not limited to the "investor guideline matrix," review of servicing agreements concerning investor compliance, certifications of compliance with PSAs or other trust instruments encompassing the Deutsche Bank REO properties, and Ocwen's oversight of these subjects.  (November 18, 2020 9:30 a.m., Central time)

5.    <u>Policies, Practices and Procedures – Classifications of REO Properties.</u>  Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding REO properties, including the Deutsche Bank REO properties, involving any practice of classification, grouping or categorization of REO properties relating to (a) locational or geographic area, or (b) valuation

or dollar value, or ( c) "status" classifications such as "available status" or "litigation status," and Ocwen's oversight of these subjects. (November 19, 2020 at 9:30 a.m., Central time)

6.  <u>Policies, Practices and Procedures – Approvals and Use of Funds</u>. Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding the allocation of funds, approval or rejection of vendor bids, and authorization and use of funds for repair, renovation, preservation, maintenance and marketing of REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects. (November 19, 2020 at 1:30 p.m., Central time)

7.  <u>Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs</u>. Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding the completion, purposes and uses of property evaluations, valuations, broker price opinions and reconciled broker price opinions or reconciled/reviewed valuations relating to REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects. (December 1,  9:30 a.m., Central time)

8.  <u>Policies, Practices and Procedures – Preservation, Maintenance and Inspection</u>. The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding preservation, maintenance and inspection of REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects. (December 3, 2020, 9:30 a.m., Central Time)

9.  <u>Policies, Practices and Procedures – Marketing/Liquidation</u>. Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding marketing, marketing plans, MLS listings, use of local realtors, use of Internet-based systems such as Hubzu, list price determinations, property auctions, disposition and/or liquidation or sale, of REO properties,

including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects. (December 7, 2020, 9:30 a.m., Central Time)

10. <u>Policies, Practices and Procedures – Complaints, Violations.</u> Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding receiving, investigating and/or responding to informal, administrative, and formal complaints regarding the maintenance of REO properties, including the Deutsche Bank REO properties, impacts of code violations/litigation on the preservation, maintenance and marketing of REO properties, including the funding thereof, and Ocwen's oversight of these subjects. (Date and Time to Be Determined)

11. <u>Exemplar Property Files and Non-Electronic Systems.</u> The "exemplar" property "image" files produced by Ocwen on September 21, 2020 in response to Plaintiffs' discovery requests and any other non-electronic data records systems used by Ocwen to maintain information regarding preservation, maintenance and marketing of REO properties. (Date and time to be Determined)

12. <u>Electronic Records/Data Systems.</u> Electronic records systems used by Ocwen to maintain information regarding REO properties, including but not limited to the Deutsche Bank REO properties, that were serviced, maintained or marketed by Ocwen (or by any vendor, contractor or agent acting on Ocwen's behalf), including but not limited to the systems identified by Ocwen in response to Plaintiffs' Interrogatories, and in Oversight documents and reports identified in Ocwen's policies. (Date and time to be determined)

13. <u>Policies, Practices and Procedures – Training of Personnel.</u> Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding the training of persons with

responsibilities for REO properties or oversight of vendors regarding REO properties, including

the Deutsche Bank REO properties.  (Date and Time to Be Determined)

14.     <u>Policies, Practices and Procedures – Compliance with Federal, State, Local laws.</u>

Policies, practices or procedures adopted, utilized and/or approved by Ocwen to assure that REO

properties, serviced or maintained by Ocwen, including the Deutsche Bank REO properties,

are maintained or brought into compliance with federal, state or local laws, including but not

limited to laws and codes governing health and safety, property preservation or maintenance and

fair housing, including training of personnel assigned to oversight of these subjects.  (Date and

Time to Be Determined)

15.     <u>Organization</u>.  The department(s), division(s), or other organizational entities of

Ocwen that gather information on, manage, maintain, monitor, or otherwise

have had responsibilities with respect to Deutsche Bank REO properties.  (Date and Time to Be

Determined)

16.     Fair housing and/or fair lending assessments conducted by Ocwen related to

Ocwen's REO servicing program, including internal assessments and reports to regulators. (Date

and Time to Be Determined)

17.     Reports, analyses or other documents relating to Ocwen's REO preservation or

maintenance activities submitted to third parties, including, but not limited to:  the Department of

Housing and Urban Development, Congress, the Consumer Financial Protection Bureau, local

governmental agencies or officials, other Government agencies, Ocwen's agents, vendors and

contractors, and real estate agents and companies involved in marketing and selling REO

properties.  (Date and Time to Be Determined)

## <u>CERTIFICATE OF SERVICE</u>

   I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on October 22, 2020 I caused a copy of Plaintiffs' Notice to Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means to be served via electronic mail upon above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**NOTICE TO ALTISOURCE SOLUTIONS, INC. OF VIDEOTAPED RULE 30(b)(6)
DEPOSITION BY REMOTE ELECTRONIC MEANS**

**To: Altisource Solutions, Inc.**

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

1

*Counsel For Ocwen Loan Servicing, LLC,*
*N/k/a PHH Mortgage Corporation*

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL  60606

*Counsel For Deutsche Bank National*
*Trust, As Trustee:*

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

cc:
    Lexitas – *chicago@lexitaslegal.com*

*Counsel for Plaintiffs:*
Jennifer K. Soule
*JSoule@sbllegal.com*
Kelly K. Lambert
*KLambert@sbllegal.com*
James G. Bradtke
*JBradtke@sbllegal.com*
Steven P. Schneck
*SSchneck@sbllegal.com*
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60101

Morgan Williams
*mwilliams@nationalfairhousing.org*
*National Fair Housing Alliance*
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004

*Counsel for Plaintiffs:*
Stephen M. Dane
*sdane@fairhousinglaw.com*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

Yiyang Wu
*ywu@relmanlaw.com*
Tara Ramchandani
*TRamchandani@relmanlaw.com*
*Relman Colfax PLLC*
1225 19th Street, NW, Suite 600
Washington, DC 20036

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Fed.R.Civ.P., and Fed.R.Civ.P. 30(b)(1) and (4), Plaintiffs, by their counsel, shall take the deposition of Defendant Altisource Solutions, Inc., beginning on *November 20, 2020 at 9:30 a.m., Central Standard Time*, and continuing on other dates listed below and/or to be agreed upon, on the subject matters listed on the attached Exhibit A. At the aforesaid time, Defendant shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendant to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded by stenographic/audio/video means remotely before a certified court reporter and videographer with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software, The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

Jennifer K. Soule  – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated:  October 23, 2020

3

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Altisource" refers to Defendant Altisource Solutions, Inc., or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff, office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other persons providing assistance to Altisource, regardless of whether such persons are considered or classified as an independent contractor or consultant.

D.  "REO" or "REO property" means any residential dwelling owned by a lender or investor, including but not limited to Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee or in any other capacity, after foreclosure.

4

.    E.   The terms "Deutsche Bank Real Estate Owned properties" or "Deutsche

Bank REO properties" mean any residential dwelling owned by Deutsche Bank National Trust

Company or Deutsche Bank Trust Company Americas,  as trustee, or in any other capacity, as

the result of a foreclosure.

F.  The terms "policy," "practice," and "procedure" refer to any written or formal policy,

rule, regulation, guideline, or a practice of general applicability that may or may not have been

reduced to writing or otherwise formalized.

G.  Time Period.   Without waiving Plaintiffs' position as to the relevant time period of

discovery in this case being January 1, 2010 to present, and without waiving Plaintiffs' ability to

seek testimony about Altisource's policies and procedures and related subjects listed in this

Notice for the time period of January 1, 2010 to present, and solely based upon Ocwen's and

Altisource's combined disputed current global/general objections concerning the time period

applicable to discovery in this case,[1] the time period applicable to this subject matter deposition

Notice is January 1, 2010 to present, subject to two conditions:  First, Plaintiffs will first inquire

about the listed policy and procedure and related subjects regarding the time period of February

14, 2015 to present.  Secondly, Plaintiffs will ask Altisource to identify and explain as to each

listed subject, for the time period of January 1, 2010 through February 14, 2015, material

---

[1] Deutsche Bank does not generally object to Plaintiffs' definitional time period of January 1, 2010 to present for discovery in this litigation.  Ocwen objects to discovery in this case except for the period of February 14, 2015 to February 15, 2017 (except Ocwen will state without regard to its time period objection whether it agrees it serviced Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Ocwen will provide property-specific information without regard to its time period objection as to scored Deutsche Bank properties it acknowledges.  Ocwen stated on October 12, 2020 it did not have policies responsive to Plaintiffs' discovery requests prior to February 15, 2015.  Altisource objects to discovery in this case except for the period of February 14, 2015 to present (except Altisource will state without regard to its time period objection whether it agrees it was a vendor for Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Altisource will provide property-specific information concerning properties it acknowledges without regard to its time period objection.  Plaintiffs dispute Ocwen's and Altisource's general objections as to time period and property lists.

5

differences, if any, concerning Altisource's testimony on the subject. If Altisource objects to providing information on any listed policy and procedure or related subject concerning all or any portion of the 2010-2015 time period, it may so indicate at the deposition as to each subject. Testimony restricted by and subject to Altisource's time period objections may be resumed at a mutually agreeable date and time, following either agreement of the parties or Order of Court.

H.      "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

I.      "Relate," "relating to," or "regarding," or "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

J.      "Ocwen" shall mean Ocwen Loan Servicing, LLC. n/k/a PHH Mortgage.

K.      "Deutsche Bank" shall mean Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee.

## SUBJECTS AND DATES OF DEPOSITIONS

1.      <u>Contracts with Ocwen.</u>  Relating to Ocwen and regarding preservation, maintenance, valuation, marketing and sales/liquidation of REO properties, including Deutsche Bank REO properties, proposals or bids to provide various categories of vendor services to Ocwen, terms of engagement, contracts, service level agreements ("SLA"), terms of compensation, budgeting and funding for work to be performed, investor compliance, termination, and assignment or reassignment of Altisource by Ocwen (November 20, 2020, 9:30 Central time)

2.     <u>Organization</u>.  The department(s), division(s), or other organizational entities of Altisource that gather information on, manage, maintain, preserve, value, market, sell, monitor, or otherwise have had responsibilities with respect to Deutsche Bank REO properties, including but not limited to Regional Field Service Manager, Follow Up Coordination, AFS Contacts, PODs, regions, territories, Property Management Engineer, QCAT team, AFS Bid Review Team, AFS Utility Management, RFC, Residential Sales Consultants ("RSC"), AFS Training Team, REO Supervisors, etc.  (November 24, 2020, 9:30 a.m., Central time)

3.     <u>VMS and XactPRM.</u>  VMS and Xact PRM systems, including but not limited to their uses by Altisource and Altisource's vendors, and collection, compilation and storage of information concerning REO properties, including but not limited to Deutsche Bank REO properties, serviced, maintained, valued or marketed by Altisource (or by any vendor, contractor or agent acting on Altisource's behalf).  (Date and time to be determined)

4.     <u>Electronic Records/Data Systems (VMS/Xact PRM handled separately under Subject 3, above)</u>.  Electronic records systems used by Altisource to maintain information regarding REO properties, including but not limited to Deutsche Bank REO properties, that were serviced,  maintained or marketed by Altisource (or by any vendor, contractor or agent acting on Altisource's behalf), including but not limited to the systems identified by Altisource in response to Plaintiffs' Interrogatories, and in Oversight documents and reports identified in Altisource's policies.  (Date and time to be determined)

5.     <u>Policies, Practices and Procedures – Budgeting, Ocwen Approvals, Investor Approvals, Bid Review, Delegated Authority, RSC Approvals, Value Analyses, Total Preservation Cost, Altisource Supervisory Chain Approvals, and Approvals and Use of Funds for work on REO Properties Generally</u>.  Policies, practices or procedures adopted, utilized and/or

7

approved by Altisource regarding the allocation and approval of funds for and work on Ocwen-related REO properties, including but not limited to, Investor Compliance and Investor Approval guidelines (e.g. "Investor Guideline Matrix" and "Delegated Authority Matrix"), compliance with servicing agreements concerning investor requirements, applications of Ocwen Net Present Value ("NPV") analyses, communications and interactions with Ocwen and with Altisource's vendors regarding and/or as a result of investor guidelines, Total Preservation Cost ("TPC"), Pre-Delegated Authority Matrix, AFS Bid Review Team Procedures, RSC orders or approvals, approval or rejection of vendor bids, standard and non-standard work, and, generally, authorization and use of funds for repair, renovation, preservation, maintenance, valuation, marketing and sale/disposition of REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

6.      Policies, Practices and Procedures – Onboarding and Registering.   Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding onboarding REO properties into Altisource's and its Local or Prime Vendors' systems, and registering vacant REO properties based on city, municipal or state requirements, Altisource's oversight of its vendors regarding these subjects, and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

7.      Policies, Practices and Procedures – Classifications of REO Properties.   Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding Ocwen-related REO properties, including Deutsche Bank REO properties, involving any practice of classification, grouping or categorization of REO properties including but not limited to concerning (a) locational or geographic area, or (b) valuation, dollar value, or net present value,

or ( c) "status" or similar classifications such as "available status," "Out of REO," "redemption," "litigation status,"  "special servicing assets," "Pre-Listed," "Pending," "Pre Marketing," "Marketing," and Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects.  (Date and time to be determined)

8.    Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs.  Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding the completion, purposes and uses of property evaluations, valuations, broker price opinions and reconciled broker price opinions or reconciled/reviewed valuations relating to REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects.  (Date and time to be determined)

9.    Policies, Practices and Procedures – Preservation, Maintenance and Inspection. The policies, practices or procedures adopted, utilized and/or approved by Altisource regarding preservation, maintenance, and inspection of REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

10.    Policies, Practices and Procedures – Marketing/Liquidation.  Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding marketing and sale/liquidation of REO properties, including but not limited to marketing plans, MLS listings, use of local realtors, Altisource Residential Sales Consultants, use of and procedures concerning Hubzu, sell "as is" determinations/authorizations, list and reserve price determinations, property auctions and auction types, disposition and/or liquidation or sale, of REO properties, including

9

the Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

11. <u>Policies, Practices and Procedures – Complaints, Violations.</u> Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding receiving, investigating and/or responding to informal, administrative, and formal complaints regarding the maintenance of REO properties, including the Deutsche Bank REO properties, impacts of code violations/litigation on the preservation, maintenance and marketing of REO properties, including the funding thereof, risk management, document handling, use of iCasework and predecessor policies, municipal relations, and Altisource's oversight of and reporting on these subjects. (Date and time to be determined)

12. <u>Policies, Practices and Procedures- Quality Control, Escalation, Exception Reporting.</u> Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding Quality Control of activities and operations relating to preservation, maintenance, inspection, valuation, marketing and sale/liquidation of REO properties including Deutsche Bank REO properties, including escalation policies and procedures and exception reporting.

13. <u>Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale.</u> The policies, practices or procedures adopted, utilized and/or approved by Altisource regarding: (a) REO properties and Altisource's appointment as attorney in fact by Ocwen (or any Ocwen designee); (b) Activities carried out by Altisource and its vendors pursuant to powers of attorney, (c) listing agreements, (d) contracts for sale of REO properties, Altisource's oversight of these subjects, and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

14. <u>Altisource's Vendors – Selection, Terms, Contracts.</u> The policies, practices and procedures adopted, utilized and/or approved by Altisource regarding selection and retention of

local or prime vendors to perform services on Ocwen-related REO properties, including

Deutsche Bank REO properties, including but not limited to terms of contracts with Altisource's

vendors, terms of compensation, monitoring, termination, assignment or reassignment of

Altisource's vendors regarding preservation, maintenance, valuation, marketing and

sales/liquidation of REO properties. (Date and time to be determined)

15.    <u>Exemplar Property Files and Non-Electronic Systems</u>.  The "exemplar" property

files/records produced by Altisource on September 21, 2020 in response to Plaintiffs' discovery

requests and any other non-electronic data records systems used by Altisource to maintain

information regarding preservation, maintenance and marketing of REO properties. (Date and

time to be determined)

16.    <u>Policies, Practices and Procedures – Training of Personnel and Vendors.</u>  Policies,

practices or procedures adopted, utilized and/or approved by Altisource regarding the training of

persons with responsibilities for REO properties and/or oversight of vendors and regarding the

training of Altisource vendors, regarding REO properties, including Deutsche Bank REO

properties.  (Date and time to be determined)

17.    <u>Policies, Practices and Procedures – Compliance with Federal, State, Local laws.</u>

Policies, practices or procedures adopted, utilized and/or approved by Altisource to assure that

REO properties, serviced or maintained by Altisource, including the Deutsche Bank REO

properties, are maintained or brought into compliance with federal, state or local laws, including

but not limited to compliance with laws and codes governing health and safety, property

preservation or maintenance and fair housing, training of personnel assigned to oversight of these

subjects, document control and municipal relations.  (Date and time to be determined)

18.     Reports, analyses or other documents relating to Altisource's REO preservation or maintenance activities submitted to third parties, including, but not limited to: the Department of Housing and Urban Development, Congress, the Consumer Financial Protection Bureau, local governmental agencies or officials, other Government agencies, Altisource's agents, vendors and contractors, and real estate agents and companies involved in marketing and selling REO properties.  (Date and time to be determined)

**<u>CERTIFICATE OF SERVICE</u>**

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on October 23, 2020 I caused a copy of Plaintiffs' Notice to Altisource Solutions, Inc. of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means to be served via electronic mail upon above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

# Exhibit C

1

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2                EASTERN DIVISION

3

NATIONAL FAIR HOUSING          )
4 ALLIANCE, et al.,             )
                                )
5              Plaintiffs,       )   Case No. 18 CV 00839
                                )
6 -vs-                          )   Chicago, Illinois
                                )   February 25, 2020
7                               )   9:10 a.m.
DEUTSCHE BANK, et al.,          )
8                               )
               Defendants.      )
9

10              TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE HARRY D. LEINENWEBER
11
   APPEARANCES:
12
   For the Plaintiffs:    MS. JENNIFER K. SOULE
13                        Soule, Bradtke & Lambert
                          402 Campbell Street
14                        #100
                          Geneva, IL  60134
15                        (630) 333-9144
                          E-mail:  Jsoule@sbllegal.com
16
   For Defendant
17 Deutsche Bank:         MR. KENNETH MICHAEL KLIEBARD
                          Morgan Lewis & Bockius LLP
18                        77 West Wacker Drive
                          Chicago, IL  60601
19                        (312) 324-1000
                          E-mail: Kenneth.kliebard@morganlewis.com
20

21 Court Reporter:

22            KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
23                United States District Court
              219 South Dearborn Street, Suite 1426
24                  Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25            Kathleen_Fennell@ilnd.uscourts.gov

```
 1   APPEARANCES:   (Continued)

 2   For Defendant Ocwen:    MS. DEBRA L. BOGO-ERNST
                             MS. JACEY D. NORRIS
 3                           Mayer Brown LLP
                             71 South Wacker Drive
 4                           Chicago, IL  60606
                             (312) 782-0600
 5                           E-mail:  Dernst@mayerbrown.com
                                      Jnorris@mayerbrown.com
 6
     For the Defendant
 7   Altisource:            MS. SHANNON YOUNG SHIN
                            Dentons US LLP
 8                          233 South Wacker Drive
                            Suite 5900
 9                          Chicago, IL  60606
                            (312) 876-3453
10                          E-mail:  Shannon.shin@dentons.com

11   Also Present:          MS. SHERRILL FROST-BROWN
                            Vice President
12                          National Fair Housing Alliance

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       (Proceedings heard in open court:)

2           THE CLERK:  18 C 839, National Fair Housing versus

3   Deutsche Bank.

4           MS. SOULE:  Good morning, Judge.  Jennifer Soule on

09:10:57   5   behalf of the plaintiffs.  I also have with me Sherrill

6   Frost-Brown who's a vice president at National Fair Housing

7   Alliance in Washington, also with family here in Chicago.

8   She's here working with me today, so I asked her to come to

9   court.

09:11:10   10           MS. FROST-BROWN:  Good morning, Judge.

11           MR. KLIEBARD:  Good morning, Your Honor.  Ken

12   Kliebard on behalf of defendants Deutsche Bank National Trust

13   Company and Deutsche Bank Trust Company Americas.

14           MS. BOGO-ERNST:  Good morning, Your Honor.  Debra

09:11:21   15   Bogo-Ernst and Jacey Norris on behalf of defendant Ocwen Loan

16   Servicing, now known as PHH Mortgage.

17           MS. SHIN:  Good morning, Your Honor.  Shannon Shin on

18   behalf of Altisource.

19           THE COURT:  Status?

09:11:32   20           MS. SOULE:  Judge, we -- as you recall, you ruled on

21   the motions to dismiss in November.  The defendants filed

22   their answers just before Christmas.

23           We've been in discussion trying to get a case

24   management order.  We've made some progress.  We had a meeting

09:11:50   25   last week.  We've agreed that we will exchange initial

4

1    disclosures this Friday.

2           Plaintiffs have proposed that we initiate written

3    discovery next week, March 6th, just to get a date to make

4    sure we get things started.  We've also talked about working

09:12:08   5    on protective orders and ESI.

6           I'm not sure if the Court would like to enter dates

7    or how the Court wants to proceed.  We do think this is a

8    discovery-intensive case.  We do believe that there will be,

9    you know, in excess of ten depositions per party, but we've

09:12:28  10    agreed to be reasonable and work together on that.

11           This is a systemic case, and plaintiffs would like to

12    commence discovery looking at defendants' common policies,

13    practices and implementation of those, and then hopefully move

14    on from there and drill down into some of the other

09:12:49  15    depositions.

16           We did target a fact discovery cutoff that would

17    be -- would be 12 months.  We haven't -- our target date that

18    we discussed, subject to some other things that have come up

19    since then, is February 28th, 2021, and we have -- then

09:13:11  20    anticipate expert disclosure period after that.

21           THE COURT:  Defense?

22           MS. BOGO-ERNST:  Hi, Your Honor.  Debra Bogo-Ernst

23    again for defendant Ocwen.

24           So we have been working very cooperatively with the

09:13:27  25    other side, which has been great.  I think the parties do

1    agree as a general matter that this case is about a year for

2    fact discovery.  I think the parties have a current

3    disagreement, Your Honor, on the first phase of the discovery.

4         From defendants' perspective, this case rises and

09:13:43    5    falls on the properties that are at issue in the lawsuit, and

6    we have proposed to the other side that there is an initial

7    phase focused on, okay, which properties are in, which

8    properties are out, and if the parties cannot agree, then we

9    bring those disputes to the Court.

09:13:59    10    We feel like until we know what properties are in or

11    out, we're sort of shooting in the dark, Your Honor, on this.

12         We're modeling our proposal after an order that was

13    entered in a Bank of America case when Ocwen is the plaintiff

14    in that case in the District of Maryland.  The Court entered

09:14:18    15    what we thought was a very fair and reasonable schedule to go

16    through and identify the properties first.  So we've proposed

17    a version of that to the plaintiffs.  They have not agreed

18    yet.

19         I think it would be helpful to allow either the

09:14:29    20    parties to meet and confer further on this or to allow the

21    defense to present their position to the Court before we just

22    open up discovery more broadly.

23         MS. SOULE:  Judge, we don't -- we don't object to

24    allowing discovery about the properties to proceed.  In fact,

09:14:46    25    last week we agreed to provide a supplemental -- just provide

1  it without waiting for discovery requests, a supplemental list

2  of our properties with certain information the defendants seek

3  so that if they feel that they need to sort out which

4  properties are in or out, so to speak, at least with respect

09:15:01   5  to some of the servicer defendants, that is, I think, then

6  that can go on.

7           But we -- as you know, this is a 2018 case.  We'd

8  like to get discovery going.  We think that how the list of

9  properties is defined over time is not going to be affected by

09:15:20   10  our needing to do discovery on the policies, practices and

11  procedures.  And we want to take a top-down approach here.  We

12  think it's the most efficient.  We don't want to be delayed in

13  doing that.

14           The proposal I got yesterday after all this time

09:15:34   15  essentially puts discovery off starting until June, and if

16  that were to happen, we wouldn't be able -- we wouldn't be

17  able to meet this one-year deadline.  We'd have to extend it

18  by many more months.

19           We can do both things.  We are agreeing --

09:15:48   20           THE COURT:  My thinking why can't you do both things

21  at the same time?  They're both discovery subjects.

22           MS. BOGO-ERNST:  So --

23           THE COURT:  You've got enough manpower or human

24  power, however you want to say, on both sides.  It seems to me

09:16:04   25  to do a lot of discovery in a relatively short time, and no

1    reason why you couldn't find out which properties you're

2    talking about at the same time you're discovering what the

3    policies, et cetera, et cetera, are.

4        MS. BOGO-ERNST:  So, Your Honor, from defendants'

09:16:23  5    perspective, this would not be putting off discovery.  It

6    would actually be making it more efficient because it is

7    possible that the policies at issue are tied to the properties

8    at issue and potentially based on geographic region.  We're

9    still looking at that right now.  We're not a hundred percent

09:16:37  10    sure.

11        So this is really trying to front load some of the

12    efficiencies under a proportionality standard so that the

13    defendants are not getting overwhelmed, as plaintiffs' counsel

14    said, by fact-intensive discovery right away.  We'd be able to

09:16:51  15    work together, try to limit the properties, and then proceed

16    from there.

17        MS. SOULE:  Judge, plaintiffs, you know, we

18    strenuously object to that.  We have talked about ways, once

19    we get into the weeds much later, of coming up with

09:17:06  20    efficiencies and taking only the depositions that are needed,

21    but the policies and practices need to be discoverable from

22    our point of view right away.

23        We have a disparate impact case.  That's what this

24    case is about.  We will be sensitive to working with them.

09:17:20  25    We've already agreed to voluntarily provide a list.  We're

1    already working on it so that they can figure out what they

2    need to figure out.

3           We're also in possession of a massive amount of

4    information that pertains to the NAFA-organized investigation,

09:17:35    5    and we're prepared to turn that over so that they can work on

6    that as well.  That information will also inform their

7    internal inquiry about the properties.

8           So I don't see any reason why we can't get started

9    with our essential core document requests, take some subject

09:17:54    10    matter depositions, and proceed from there.  We can work

11    together.  If there's a problem that comes up because of

12    something we do, we'll just talk about it, and we can bring it

13    to the Court's attention at that time.

14           THE COURT:  I agree.  It seems to me that you should

09:18:10    15    go at this with the idea of getting as much done as soon as

16    possible and not to delay one area for the benefit of another.

17    Again, it would appear to me that there's sufficient attorney

18    power in the case to do that.

19           So you think you can get discovery done in a year, is

09:18:35    20    that what you're telling me?

21           MS. SOULE:  That's what we --

22           THE COURT:  Everybody agree with that?

23           MS. BOGO-ERNST:  That's what we're trying to do, Your

24    Honor.  You know, I can only see that not happening if we get

09:18:43    25    into disputes too far down the line on which properties are in

9

1   or out.  If we have a suggestion in that regard, Your Honor,

2   as we start discovery here, may we bring it to the Court in

3   the form of a motion?

4           THE COURT:  You can always -- I'm here for -- I'm a

09:19:00   5   public servant, so I'm here.  So if you have a problem, you

6   can bring it to me.

7           Why don't we have a -- I'll just say a status in four

8   months and see how things are working out, and you -- if you

9   have some problems earlier than that, you can bring it to me.

09:19:19   10           MS. BOGO-ERNST:  Thank you, Your Honor.

11           THE CLERK:  June 30th, at 9:00 a.m.

12           MS. SOULE:  Thank you, Judge.

13           THE COURT:  Thank you.

14           MR. KLIEBARD:  Thank you, Your Honor.

09:19:27   15           MS. BOGO-ERNST:  Thank you, Your Honor.

16           MS. SHIN:  Thank you.

17       (Which were all the proceedings heard.)

18                          CERTIFICATE

19       I certify that the foregoing is a correct transcript from

20   the record of proceedings in the above-entitled matter.

21   /s/Kathleen M. Fennell           March 11, 2020

22   _____      _____
    Kathleen M. Fennell                 Date
23   Official Court Reporter

24

25

# Exhibit D

## RE: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

### Bogo-Ernst, Debra <DErnst@mayerbrown.com>

Fri 10/23/2020 2:50 PM

**To:** Christine Hoeper <christine.hoeper@lexitaslegal.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com <kenneth.kliebard@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; Nathan.garroway@dentons.com <Nathan.garroway@dentons.com>; lisa.krigsten@dentons.com <lisa.krigsten@dentons.com>; kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>; shannon.shin@dentons.com <shannon.shin@dentons.com>; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jennifer Soule <jsoule@sbllegal.com>; TRamchandani@relmanlaw.com <TRamchandani@relmanlaw.com>; ywu@relmanlaw.com <ywu@relmanlaw.com>; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org <mwilliams@nationalfairhousing.org>
**Cc:** Chicago <chicago@lexitaslegal.com>; Bogo-Ernst, Debra <DErnst@mayerbrown.com>

Jennifer,

I recognize that you served a Rule 30(b)(6) notice on Ocwen yesterday and have tentatively set depositions for mid-November and early December.  Please be advised that Ocwen will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions.  We will have objections to serve on the Rule 30(b)(6) notice and, as a result, I'm sure that the parties will need to meet and confer to discuss the scope and timing of the deposition(s).  Moreover, the defendants are still in the process of serving documents responsive to the written discovery, and our position will be that you should receive the documents prior to any deposition(s).  I want to be cognizant of any cancellation fees with the court reporting services, so please plan accordingly.


Best,

Debra

_____

**Debra Bogo-Ernst**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606 United States of America
T +1 312 701 7403 | F +1 312 706 8474
dernst@mayerbrown.com

LinkedIn | Twitter

mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.



-----Original Appointment-----
**From:** Christine Hoeper <christine.hoeper@lexitaslegal.com>
**Sent:** Friday, October 23, 2020 2:46 PM
**To:** Norris, Jacey D.; Sostrin, Matthew; Bogo-Ernst, Debra; kenneth.kliebard@morganlewis.com; david.monteiro@morganlewis.com; victor.cruz@morganlewis.com; Nathan.garroway@dentons.com; lisa.krigsten@dentons.com; kevin.papay@morganlewis.com; kurt.rademacher@morganlewis.com; shannon.shin@dentons.com; SSchneck@sbllegal.com; JBradtke@sbllegal.com; KLambert@sbllegal.com; JSoule@sbllegal.com; TRamchandani@relmanlaw.com; ywu@relmanlaw.com; sdane@fairhousinglaw.com; mwilliams@nationalfairhousing.org

**Cc:** Chicago
**Subject:** LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
**When:** Tuesday, November 17, 2020 9:30 AM-5:00 PM (UTC-06:00) Central Time (US & Canada).
**Where:** https://lexitas.zoom.us/j/93290015356
**Importance:** High

<span style="color:red">**\*\*EXTERNAL SENDER\*\***</span>



*National Fair Housing Alliance vs. Deutsche Bank National Trust*
*If you haven't done so already, please visit www.zoom.us and select "Download Zoom Client" from the pull-down menu for Resources.*
By clicking on the link provided and attending the remote deposition, you acknowledge and agree to the following:

- Make sure all electronic devices are fully charged and have a charger available.
- Audio and visual quality subject to the connection speed of each participant.
- All parties should use only one audio source, either phone or computer, and attend from a private location where they can speak clearly without interference or interruptions.
- If any participant is attending via their mobile device, their phone should be set to "do not disturb" so that incoming calls or messages do not interrupt the audio.
- To protect deposition continuity and quality, all participants should be connected via the best available internet at their location. Hard-wire connection is recommended.
- If a video recording was noticed/requested for today's deposition and the videographer is not present in the same location with the witness, the final production may or may not include the images of participation other than the witness.

**HOW TO HANDLE EXHIBITS:**
- Pre-Marked exhibits can be provided electronically in advance of the proceeding to all participants.
- Using the Share Screen Feature, Counsel or the Court Reporter can electronically mark the exhibits either during or after the proceeding.
- Final exhibits will need to be emailed to chicago@lexitaslegal.com for inclusion in the final transcript.

*Please let us know if anyone would like to arrange a test to ensure everyone can connect properly.*

Lexitas Chicago Virtual 07 is inviting you to a scheduled Zoom meeting.

Topic: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
Time: Nov 17, 2020 09:30 AM Central Time (US and Canada)

Join Zoom Meeting
https://lexitas.zoom.us/j/93290015356

Meeting ID: 932 9001 5356
One tap mobile
+13126266799,,93290015356# US (Chicago)
+13017158592,,93290015356# US (Germantown)

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 301 715 8592 US (Germantown)
    +1 646 876 9923 US (New York)
    +1 669 900 6833 US (San Jose)
    +1 253 215 8782 US (Tacoma)
    +1 346 248 7799 US (Houston)
Meeting ID: 932 9001 5356
Find your local number: https://lexitas.zoom.us/u/aimMBUgIP

Join by SIP
93290015356@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
69.174.57.160 (Canada)
207.226.132.110 (Japan)
Meeting ID: 932 9001 5356

Join by Skype for Business
https://lexitas.zoom.us/skype/93290015356

PRIVILEGED AND CONFIDENTIAL. This email and any files transmitted with it are privileged and confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. If you are not the named addressee you should not disseminate, distribute or copy this e-mail or any of its attachments.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

# Exhibit E

## Re: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

### Jennifer Soule <jsoule@sbllegal.com>

Fri 10/23/2020 3:13 PM

**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Cc:** Christine Hoeper <christine.hoeper@lexitaslegal.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com <kenneth.kliebard@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; Nathan.garroway@dentons.com <Nathan.garroway@dentons.com>; lisa.krigsten@dentons.com <lisa.krigsten@dentons.com>; kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>; shannon.shin@dentons.com <shannon.shin@dentons.com>; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com <TRamchandani@relmanlaw.com>; ywu@relmanlaw.com <ywu@relmanlaw.com>; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org <mwilliams@nationalfairhousing.org>; Chicago <chicago@lexitaslegal.com>

Debra:  Coincidentally, when I received your email, I was just writing to you and Nathan to set a conference next week in order to discuss Plaintiffs' subject matter deposition notices, the status of Defendants' document production pertaining to Plaintiffs' listed subjects, and scheduling.   In our conference on Wednesday, I conveyed that Plaintiffs desire to proceed with some of these depositions prior to our December 8, 2020 status with the Court.  At the same time, I stressed that particular dates and scheduling are flexible.  I meant by this that scheduling these and other depositions in the case should be handled based on case management considerations, professional courtesy, as well as on the status of Defendants' production of various categories of documents.  Nathan also raised on Wednesday during our discussion of Plaintiffs' (at that time impending) Notices that Defendants would like to review and analyze Plaintiffs' 30(b)(6) Notices and discuss them with Plaintiffs, so that any concerns or efficiencies can be discussed.  Plaintiffs agreed to that already.

I was going to propose a conference next Wednesday, Thursday after 10:00 Central, or Friday to conclude before 11:45 Central or after3:00 Central.   If Defendants have objections, please provide them to me at your earliest convenience.

Let me know your availability.

I am working to complete the Altisource 30(b)(6) notice this afternoon.

Thanks.


Jennifer K. Soule
Attorney At Law


Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
P: 630.333.9144
F: 630.607.0266
Email: JSoule@sbllegal.com
www.soulebradtkeandlambert.com


**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and attorney-client privileged. Unless you are the addressee (or authorized to receive

for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.


On Oct 23, 2020, at 2:50 PM, Bogo-Ernst, Debra <DErnst@mayerbrown.com> wrote:


Jennifer,

I recognize that you served a Rule 30(b)(6) notice on Ocwen yesterday and have tentatively set depositions for mid-November and early December.  Please be advised that Ocwen will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions.  We will have objections to serve on the Rule 30(b)(6) notice and, as a result, I'm sure that the parties will need to meet and confer to discuss the scope and timing of the deposition(s).  Moreover, the defendants are still in the process of serving documents responsive to the written discovery, and our position will be that you should receive the documents prior to any deposition(s).  I want to be cognizant of any cancellation fees with the court reporting services, so please plan accordingly.

Best,

Debra

_____

**Debra Bogo-Ernst**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606 United States of America
T +1 312 701 7403 | F +1 312 706 8474
dernst@mayerbrown.com

LinkedIn | Twitter
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.



-----Original Appointment-----
**From:** Christine Hoeper <christine.hoeper@lexitaslegal.com>
**Sent:** Friday, October 23, 2020 2:46 PM
**To:** Norris, Jacey D.; Sostrin, Matthew; Bogo-Ernst, Debra; kenneth.kliebard@morganlewis.com; david.monteiro@morganlewis.com; victor.cruz@morganlewis.com; Nathan.garroway@dentons.com; lisa.krigsten@dentons.com; kevin.papay@morganlewis.com; kurt.rademacher@morganlewis.com; shannon.shin@dentons.com; SSchneck@sbllegal.com; JBradtke@sbllegal.com; KLambert@sbllegal.com; JSoule@sbllegal.com; TRamchandani@relmanlaw.com; ywu@relmanlaw.com; sdane@fairhousinglaw.com; mwilliams@nationalfairhousing.org
**Cc:** Chicago
**Subject:** LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
**When:** Tuesday, November 17, 2020 9:30 AM-5:00 PM (UTC-06:00) Central Time (US & Canada).
**Where:** https://lexitas.zoom.us/j/93290015356
**Importance:** High

**EXTERNAL SENDER**

<image001.jpg>

*National Fair Housing Alliance vs. Deutsche Bank National Trust*

*If you haven't done so already, please visit www.zoom.us and select "Download Zoom Client" from the pull-down menu for Resources.*

By clicking on the link provided and attending the remote deposition, you acknowledge and agree to the following:

- Make sure all electronic devices are fully charged and have a charger available.
- Audio and visual quality subject to the connection speed of each participant.
- All parties should use only one audio source, either phone or computer, and attend from a private location where they can speak clearly without interference or interruptions.
- If any participant is attending via their mobile device, their phone should be set to "do not disturb" so that incoming calls or messages do not interrupt the audio.
- To protect deposition continuity and quality, all participants should be connected via the best available internet at their location. Hard-wire connection is recommended.
- If a video recording was noticed/requested for today's deposition and the videographer is not present in the same location with the witness, the final production may or may not include the images of participation other than the witness.

**HOW TO HANDLE EXHIBITS:**

- Pre-Marked exhibits can be provided electronically in advance of the proceeding to all participants.
- Using the Share Screen Feature, Counsel or the Court Reporter can electronically mark the exhibits either during or after the proceeding.
- Final exhibits will need to be emailed to chicago@lexitaslegal.com for inclusion in the final transcript.

*Please let us know if anyone would like to arrange a test to ensure everyone can connect properly.*

Lexitas Chicago Virtual 07 is inviting you to a scheduled Zoom meeting.

Topic: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
Time: Nov 17, 2020 09:30 AM Central Time (US and Canada)

Join Zoom Meeting
https://lexitas.zoom.us/j/93290015356

Meeting ID: 932 9001 5356
One tap mobile
+13126266799,,93290015356# US (Chicago)
+13017158592,,93290015356# US (Germantown)

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 301 715 8592 US (Germantown)
    +1 646 876 9923 US (New York)
    +1 669 900 6833 US (San Jose)
    +1 253 215 8782 US (Tacoma)
    +1 346 248 7799 US (Houston)
Meeting ID: 932 9001 5356
Find your local number: https://lexitas.zoom.us/u/aimMBUgIP

Join by SIP
93290015356@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
69.174.57.160 (Canada)
207.226.132.110 (Japan)
Meeting ID: 932 9001 5356

Join by Skype for Business
https://lexitas.zoom.us/skype/93290015356

PRIVILEGED AND CONFIDENTIAL. This email and any files transmitted with it are privileged and confidential and intended
solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please
notify the sender. If you are not the named addressee you should not disseminate, distribute or copy this e-mail or any of
its attachments.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity
to whom they are addressed. If you have received this email in error please notify the system
manager. If you are not the named addressee you should not disseminate, distribute or copy this e-
mail.

Mayer Brown is a global services provider comprising an association of legal practices that are
separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP
(England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian
partnership).

Information about how we handle personal information is available in our Privacy Notice.

# Exhibit F

## RE: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

### Bogo-Ernst, Debra <DErnst@mayerbrown.com>
Tue 10/27/2020 5:34 PM

**To:** Jennifer Soule <jsoule@sbllegal.com>
**Cc:** Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com <kenneth.kliebard@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; Nathan.garroway@dentons.com <Nathan.garroway@dentons.com>; lisa.krigsten@dentons.com <lisa.krigsten@dentons.com>; kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>; shannon.shin@dentons.com <shannon.shin@dentons.com>; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com <TRamchandani@relmanlaw.com>; ywu@relmanlaw.com <ywu@relmanlaw.com>; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org <mwilliams@nationalfairhousing.org>; Bogo-Ernst, Debra <DErnst@mayerbrown.com>

Hi Jennifer,

Thank you for the email clarifying plaintiffs' position on the Rule 30(b)(6) notice served on Ocwen. The notice was served three business days ago and contains 17 detailed deposition topics, including many subparts. Understandably, we are still in the process of absorbing the deposition notice and scheduling internal meetings to discuss the many topics with Ocwen, which may require multiple conversations with multiple individuals in order to find the right witness(es) for the non-objectionable topics within the deposition notice. We still need to investigate the full scope of what objections are required, but we know we will object to certain definitions, instructions, and topics within the notice already. For example, we note that plaintiffs are seeking testimony on areas outside the scope of this lawsuit, e.g., testimony on policies that are not reduced to writing, information that is not related to DB properties, etc. In addition, some of the topics are unclear to us, and we will need help from you in determining exactly what plaintiffs are seeking. Given the importance of Rule 30(b)(6) testimony, this is not a process which should – or can – be rushed.

Stepping back from the deposition notice, it is likewise important to consider the current posture of the litigation. The defendants are hard at work to investigate the information requested by plaintiffs' many discovery requests and to produce documentation. We have already produced thousands of pages of information on the exemplar properties and provided some policies and procedures. Document production on the discovery requests issued by plaintiffs is not complete. Electronic discovery has not started (due to the current focus on property-specific information, policies and procedures, and miscellaneous documents). We are trying to focus on gathering the non-objectionable information and documentation and determining whether we have a dispute on the already-issued discovery requests. Our clients are dealing with a very difficult remote work environment. There is only so much time in a given day for them, and discovery in this case has already become burdensome and expensive. We need to prioritize while moving as quickly as possible under the current conditions. Moreover, Ocwen, and likely the other defendants, will be producing a witness <u>one time</u> on a given subject. We do not want plaintiffs to come back in 4 months, after additional document production, including ESI, and say we want another deposition on policies/procedures because, for example, an email is discovered that may relate to the issue. Is this the right time to push for depositions? We want everyone to be on the same page here to avoid unnecessary, expensive disputes later. At the December 8 hearing, we do not believe that the Court would be disappointed if the parties have not taken any depositions yet, given that we have made a lot of progress in the discovery process.

If plaintiffs insist on pursuing Rule 30(b)(6) depositions now, before written discovery is concluded, they do so at their own risk of being foreclosed from examining the topic later. If that is understood, Ocwen will serve its written objections to the Rule 30(b)(6) notice on or before November 10 (which is 2 weeks from today). As I noted above, it is a labor-intensive process to discuss, locate, and identify whether Ocwen has the requisite knowledge and witness(es) to answer the non-objectionable topics within the notice. We are happy to then meet and confer with plaintiffs the following week of November 16 in an attempt to narrow any disputes. That said, it seems

highly unlikely that the parties will be able to complete the meet and confer process, educate witness(es) with an understanding of the parties' position on the topics, work out disputes, and have depositions prior to December 8. With all of that in mind, please let us know what day(s)/time(s) work for you during the week of November 16 for a meet and confer.

Debra

---

**From:** Jennifer Soule <jsoule@sbllegal.com>
**Sent:** Friday, October 23, 2020 3:14 PM
**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Cc:** Christine Hoeper <christine.hoeper@lexitaslegal.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com; david.monteiro@morganlewis.com; victor.cruz@morganlewis.com; Nathan.garroway@dentons.com; lisa.krigsten@dentons.com; kevin.papay@morganlewis.com; kurt.rademacher@morganlewis.com; shannon.shin@dentons.com; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com; ywu@relmanlaw.com; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org; Chicago <chicago@lexitaslegal.com>
**Subject:** Re: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

**\*\*EXTERNAL SENDER\*\***

Debra: Coincidentally, when I received your email, I was just writing to you and Nathan to set a conference next week in order to discuss Plaintiffs' subject matter deposition notices, the status of Defendants' document production pertaining to Plaintiffs' listed subjects, and scheduling. In our conference on Wednesday, I conveyed that Plaintiffs desire to proceed with some of these depositions prior to our December 8, 2020 status with the Court. At the same time, I stressed that particular dates and scheduling are flexible. I meant by this that scheduling these and other depositions in the case should be handled based on case management considerations, professional courtesy, as well as on the status of Defendants' production of various categories of documents. Nathan also raised on Wednesday during our discussion of Plaintiffs' (at that time impending) Notices that Defendants would like to review and analyze Plaintiffs' 30(b)(6) Notices and discuss them with Plaintiffs, so that any concerns or efficiencies can be discussed. Plaintiffs agreed to that already.

I was going to propose a conference next Wednesday, Thursday after 10:00 Central, or Friday to conclude before 11:45 Central or after 3:00 Central. If Defendants have objections, please provide them to me at your earliest convenience.

Let me know your availability.

I am working to complete the Altisource 30(b)(6) notice this afternoon.

Thanks.

Jennifer K. Soule
Attorney At Law

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
P: 630.333.9144
F: 630.607.0266
Email: JSoule@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and attorney-client privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

On Oct 23, 2020, at 2:50 PM, Bogo-Ernst, Debra <[DErnst@mayerbrown.com](mailto:DErnst@mayerbrown.com)> wrote:

Jennifer,

I recognize that you served a Rule 30(b)(6) notice on Ocwen yesterday and have tentatively set depositions for mid-November and early December. Please be advised that Ocwen will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions. We will have objections to serve on the Rule 30(b)(6) notice and, as a result, I'm sure that the parties will need to meet and confer to discuss the scope and timing of the deposition(s). Moreover, the defendants are still in the process of serving documents responsive to the written discovery, and our position will be that you should receive the documents prior to any deposition(s). I want to be cognizant of any cancellation fees with the court reporting services, so please plan accordingly.

Best,

Debra

_____

**Debra Bogo-Ernst**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606 United States of America
T +1 312 701 7403 | F +1 312 706 8474
[dernst@mayerbrown.com](mailto:dernst@mayerbrown.com)

[LinkedIn](#) | [Twitter](#)
[mayerbrown.com](#)

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

-----Original Appointment-----
**From:** Christine Hoeper <[christine.hoeper@lexitaslegal.com](mailto:christine.hoeper@lexitaslegal.com)>
**Sent:** Friday, October 23, 2020 2:46 PM
**To:** Norris, Jacey D.; Sostrin, Matthew; Bogo-Ernst, Debra; [kenneth.kliebard@morganlewis.com](mailto:kenneth.kliebard@morganlewis.com); [david.monteiro@morganlewis.com](mailto:david.monteiro@morganlewis.com); [victor.cruz@morganlewis.com](mailto:victor.cruz@morganlewis.com); [Nathan.garroway@dentons.com](mailto:Nathan.garroway@dentons.com); [lisa.krigsten@dentons.com](mailto:lisa.krigsten@dentons.com); [kevin.papay@morganlewis.com](mailto:kevin.papay@morganlewis.com); [kurt.rademacher@morganlewis.com](mailto:kurt.rademacher@morganlewis.com); [shannon.shin@dentons.com](mailto:shannon.shin@dentons.com); [SSchneck@sbllegal.com](mailto:SSchneck@sbllegal.com); [JBradtke@sbllegal.com](mailto:JBradtke@sbllegal.com); [KLambert@sbllegal.com](mailto:KLambert@sbllegal.com); [JSoule@sbllegal.com](mailto:JSoule@sbllegal.com); [TRamchandani@relmanlaw.com](mailto:TRamchandani@relmanlaw.com); [ywu@relmanlaw.com](mailto:ywu@relmanlaw.com); [sdane@fairhousinglaw.com](mailto:sdane@fairhousinglaw.com); [mwilliams@nationalfairhousing.org](mailto:mwilliams@nationalfairhousing.org)
**Cc:** Chicago
**Subject:** LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
**When:** Tuesday, November 17, 2020 9:30 AM-5:00 PM (UTC-06:00) Central Time (US & Canada).

**Where:** https://lexitas.zoom.us/j/93290015356
**Importance:** High

**\*\*EXTERNAL SENDER\*\***

&lt;image001.jpg&gt;

*National Fair Housing Alliance vs. Deutsche Bank National Trust*

*If you haven't done so already, please visit* **www.zoom.us** *and select "Download Zoom Client" from the pull-down menu for Resources.*

By clicking on the link provided and attending the remote deposition, you acknowledge and agree to the following:

- Make sure all electronic devices are fully charged and have a charger available.
- Audio and visual quality subject to the connection speed of each participant.
- All parties should use only one audio source, either phone or computer, and attend from a private location where they can speak clearly without interference or interruptions.
- If any participant is attending via their mobile device, their phone should be set to "do not disturb" so that incoming calls or messages do not interrupt the audio.
- To protect deposition continuity and quality, all participants should be connected via the best available internet at their location. Hard-wire connection is recommended.
- If a video recording was noticed/requested for today's deposition and the videographer is not present in the same location with the witness, the final production may or may not include the images of participation other than the witness.

**HOW TO HANDLE EXHIBITS:**

- Pre-Marked exhibits can be provided electronically in advance of the proceeding to all participants.
- Using the Share Screen Feature, Counsel or the Court Reporter can electronically mark the exhibits either during or after the proceeding.
- Final exhibits will need to be emailed to chicago@lexitaslegal.com for inclusion in the final transcript.

*Please let us know if anyone would like to arrange a test to ensure everyone can connect properly.*

Lexitas Chicago Virtual 07 is inviting you to a scheduled Zoom meeting.

Topic: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
Time: Nov 17, 2020 09:30 AM Central Time (US and Canada)

Join Zoom Meeting
https://lexitas.zoom.us/j/93290015356

Meeting ID: 932 9001 5356
One tap mobile
+13126266799,,93290015356# US (Chicago)
+13017158592,,93290015356# US (Germantown)

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 301 715 8592 US (Germantown)
    +1 646 876 9923 US (New York)
    +1 669 900 6833 US (San Jose)
    +1 253 215 8782 US (Tacoma)
    +1 346 248 7799 US (Houston)

Meeting ID: 932 9001 5356
Find your local number: https://lexitas.zoom.us/u/aimMBUgIP

Join by SIP
93290015356@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
69.174.57.160 (Canada)
207.226.132.110 (Japan)
Meeting ID: 932 9001 5356

Join by Skype for Business
https://lexitas.zoom.us/skype/93290015356

PRIVILEGED AND CONFIDENTIAL. This email and any files transmitted with it are privileged and confidential and intended
solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please
notify the sender. If you are not the named addressee you should not disseminate, distribute or copy this e-mail or any of
its attachments.

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity
to whom they are addressed. If you have received this email in error please notify the system
manager. If you are not the named addressee you should not disseminate, distribute or copy this e-
mail.

Mayer Brown is a global services provider comprising an association of legal practices that are
separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP
(England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian
partnership).

Information about how we handle personal information is available in our Privacy Notice.

# Exhibit G

## RE: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

### Garroway, Nathan L. <nathan.garroway@dentons.com>
Tue 10/27/2020 7:19 PM

**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Jennifer Soule <jsoule@sbllegal.com>
**Cc:** Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com <kenneth.kliebard@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com <TRamchandani@relmanlaw.com>; ywu@relmanlaw.com <ywu@relmanlaw.com>; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org <mwilliams@nationalfairhousing.org>; Wood, Cody N. <cody.n.wood@dentons.com>

Jennifer, good evening.

Altisource joins all of Ocwen's concerns about depositions at this time and notes that Altisource is still in the process of producing thousands of documents pursuant to our extensive discussions over the last several months. That review and production process will take Altisource at least another month, but could be longer given the volume of material we are reviewing. Similar to Ocwen, if plaintiffs insist on pursuing Rule 30(b)(6) depositions now, before document discovery is concluded and before ESI has even started, they do so at their own risk of being foreclosed from examining the topic later. It will also delay the completion of Altisource's document discovery because we will need to shift resources to preparing for depositions. Altisource will plan to serve its written objections to the Rule 30(b)(6) notice a week after Ocwen, on or before November 17. As Ocwen thoughtfully explained, it will be a labor-intensive process to discuss, locate, and identify whether our client will have the requisite knowledge and witness(es) to answer the non-objectionable topics within a 18 topic deposition notice. Many of the 18 topics include multiple topics -- some are almost a page long -- so it is more like 50 topics. Since you will be potentially meeting and conferring with Ocwen the week of November 16, Altisource suggests a meet and confer on the Altisource deposition notice after Thanksgiving the week of November 30 in an attempt to narrow any disputes. If you still intend to proceed with Ocwen and Altisource depositions at this stage of the case, please let us know what day(s)/time(s) work for you during the week of November 30 for a meet and confer on plaintiffs' deposition notice to Altisource.

Thank you.

**DENTONS**

**Nathan L. Garroway**

Our **COVID-19 Client Resources Hub** is available to the public, part of Dentons' global commitment to help our clients and our communities navigate this pandemic's legal and business challenges.

D +1 404 527 4391   |   US Internal 74391
nathan.garroway@dentons.com
Bio   |   Website

Dentons US LLP

Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Sent:** Tuesday, October 27, 2020 6:34 PM
**To:** Jennifer Soule <jsoule@sbllegal.com>
**Cc:** Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com; david.monteiro@morganlewis.com; victor.cruz@morganlewis.com; Garroway, Nathan L. <nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; kevin.papay@morganlewis.com; kurt.rademacher@morganlewis.com; Shin, Shannon Y. <shannon.shin@dentons.com>; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com; ywu@relmanlaw.com; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org; Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Subject:** RE: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

## [External Sender]

Hi Jennifer,

Thank you for the email clarifying plaintiffs' position on the Rule 30(b)(6) notice served on Ocwen. The notice was served three business days ago and contains 17 detailed deposition topics, including many subparts. Understandably, we are still in the process of absorbing the deposition notice and scheduling internal meetings to discuss the many topics with Ocwen, which may require multiple conversations with multiple individuals in order to find the right witness(es) for the non-objectionable topics within the deposition notice. We still need to investigate the full scope of what objections are required, but we know we will object to certain definitions, instructions, and topics within the notice already. For example, we note that plaintiffs are seeking testimony on areas outside the scope of this lawsuit, e.g., testimony on policies that are not reduced to writing, information that is not related to DB properties, etc. In addition, some of the topics are unclear to us, and we will need help from you in determining exactly what plaintiffs are seeking. Given the importance of Rule 30(b)(6) testimony, this is not a process which should – or can – be rushed.

Stepping back from the deposition notice, it is likewise important to consider the current posture of the litigation. The defendants are hard at work to investigate the information requested by plaintiffs' many discovery requests and to produce documentation. We have already produced thousands of pages of information on the exemplar properties and provided some policies and procedures. Document production on the discovery requests issued by plaintiffs is not complete. Electronic discovery has not started (due to the current focus on property-specific information, policies and procedures, and miscellaneous documents). We are trying to focus on gathering the non-objectionable information and documentation and determining whether we have a dispute on the already-issued discovery requests. Our clients are dealing with a very difficult remote work environment. There is only so much time in a given day for them, and discovery in this case has already become burdensome and expensive. We need to prioritize while moving as quickly as possible under the current conditions. Moreover, Ocwen, and likely the other defendants, will be producing a witness <u>one time</u> on a given subject. We do not want plaintiffs to come back in 4 months, after additional document production, including ESI, and say we want another deposition on policies/procedures because, for example, an email is discovered that may relate to the issue. Is this the right time to push for depositions? We want everyone to be on the same page here to avoid unnecessary, expensive

disputes later. At the December 8 hearing, we do not believe that the Court would be disappointed if the parties have not taken any depositions yet, given that we have made a lot of progress in the discovery process.

If plaintiffs insist on pursuing Rule 30(b)(6) depositions now, before written discovery is concluded, they do so at their own risk of being foreclosed from examining the topic later. If that is understood, Ocwen will serve its written objections to the Rule 30(b)(6) notice on or before November 10 (which is 2 weeks from today). As I noted above, it is a labor-intensive process to discuss, locate, and identify whether Ocwen has the requisite knowledge and witness(es) to answer the non-objectionable topics within the notice. We are happy to then meet and confer with plaintiffs the following week of November 16 in an attempt to narrow any disputes. That said, it seems highly unlikely that the parties will be able to complete the meet and confer process, educate witness(es) with an understanding of the parties' position on the topics, work out disputes, and have depositions prior to December 8. With all of that in mind, please let us know what day(s)/time(s) work for you during the week of November 16 for a meet and confer.

Debra

**From:** Jennifer Soule <jsoule@sbllegal.com>
**Sent:** Friday, October 23, 2020 3:14 PM
**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Cc:** Christine Hoeper <christine.hoeper@lexitaslegal.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; kenneth.kliebard@morganlewis.com; david.monteiro@morganlewis.com; victor.cruz@morganlewis.com; Nathan.garroway@dentons.com; lisa.krigsten@dentons.com; kevin.papay@morganlewis.com; kurt.rademacher@morganlewis.com; shannon.shin@dentons.com; Steven Schneck <sschneck@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; TRamchandani@relmanlaw.com; ywu@relmanlaw.com; Stephen Dane <sdane@fairhousinglaw.com>; mwilliams@nationalfairhousing.org; Chicago <chicago@lexitaslegal.com>
**Subject:** Re: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968 [MB-AME.FID1971713]

**\*\*EXTERNAL SENDER\*\***

Debra: Coincidentally, when I received your email, I was just writing to you and Nathan to set a conference next week in order to discuss Plaintiffs' subject matter deposition notices, the status of Defendants' document production pertaining to Plaintiffs' listed subjects, and scheduling. In our conference on Wednesday, I conveyed that Plaintiffs desire to proceed with some of these depositions prior to our December 8, 2020 status with the Court. At the same time, I stressed that particular dates and scheduling are flexible. I meant by this that scheduling these and other depositions in the case should be handled based on case management considerations, professional courtesy, as well as on the status of Defendants' production of various categories of documents. Nathan also raised on Wednesday during our discussion of Plaintiffs' (at that time impending) Notices that Defendants would like to review and analyze Plaintiffs' 30(b)(6) Notices and discuss them with Plaintiffs, so that any concerns or efficiencies can be discussed. Plaintiffs agreed to that already.

I was going to propose a conference next Wednesday, Thursday after 10:00 Central, or Friday to conclude before 11:45 Central or after 3:00 Central. If Defendants have objections, please provide them to me at your earliest convenience.

Let me know your availability.

I am working to complete the Altisource 30(b)(6) notice this afternoon.

Thanks.

Jennifer K. Soule
Attorney At Law

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
P: 630.333.9144
F: 630.607.0266
Email: JSoule@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and attorney-client privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

On Oct 23, 2020, at 2:50 PM, Bogo-Ernst, Debra <DErnst@mayerbrown.com> wrote:

Jennifer,

I recognize that you served a Rule 30(b)(6) notice on Ocwen yesterday and have tentatively set depositions for mid-November and early December.  Please be advised that Ocwen will <u>not</u> be presenting witnesses on the days that you have noticed for these depositions.  We will have objections to serve on the Rule 30(b)(6) notice and, as a result, I'm sure that the parties will need to meet and confer to discuss the scope and timing of the deposition(s).  Moreover, the defendants are still in the process of serving documents responsive to the written discovery, and our position will be that you should receive the documents prior to any deposition(s).  I want to be cognizant of any cancellation fees with the court reporting services, so please plan accordingly.

Best,

Debra

_____

**Debra Bogo-Ernst**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606 United States of America
T +1 312 701 7403 | F +1 312 706 8474
dernst@mayerbrown.com

LinkedIn | Twitter
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

-----Original Appointment-----
**From:** Christine Hoeper <christine.hoeper@lexitaslegal.com>
**Sent:** Friday, October 23, 2020 2:46 PM
**To:** Norris, Jacey D.; Sostrin, Matthew; Bogo-Ernst, Debra; kenneth.kliebard@morganlewis.com;

david.monteiro@morganlewis.com; victor.cruz@morganlewis.com;
Nathan.garroway@dentons.com; lisa.krigsten@dentons.com; kevin.papay@morganlewis.com;
kurt.rademacher@morganlewis.com; shannon.shin@dentons.com; SSchneck@sbllegal.com;
JBradtke@sbllegal.com; KLambert@sbllegal.com; JSoule@sbllegal.com;
TRamchandani@relmanlaw.com; ywu@relmanlaw.com; sdane@fairhousinglaw.com;
mwilliams@nationalfairhousing.org

**Cc:** Chicago
**Subject:** LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
**When:** Tuesday, November 17, 2020 9:30 AM-5:00 PM (UTC-06:00) Central Time (US & Canada).
**Where:** https://lexitas.zoom.us/j/93290015356
**Importance:** High

**\*\*EXTERNAL SENDER\*\***

&lt;image001.jpg&gt;

*National Fair Housing Alliance vs. Deutsche Bank National Trust*
*If you haven't done so already, please visit www.zoom.us and select "Download Zoom Client" from the pull-down menu for Resources.*
By clicking on the link provided and attending the remote deposition, you acknowledge and agree to the following:

- Make sure all electronic devices are fully charged and have a charger available.
- Audio and visual quality subject to the connection speed of each participant.
- All parties should use only one audio source, either phone or computer, and attend from a private location where they can speak clearly without interference or interruptions.
- If any participant is attending via their mobile device, their phone should be set to "do not disturb" so that incoming calls or messages do not interrupt the audio.
- To protect deposition continuity and quality, all participants should be connected via the best available internet at their location. Hard-wire connection is recommended.
- If a video recording was noticed/requested for today's deposition and the videographer is not present in the same location with the witness, the final production may or may not include the images of participation other than the witness.

**HOW TO HANDLE EXHIBITS:**
- Pre-Marked exhibits can be provided electronically in advance of the proceeding to all participants.
- Using the Share Screen Feature, Counsel or the Court Reporter can electronically mark the exhibits either during or after the proceeding.
- Final exhibits will need to be emailed to chicago@lexitaslegal.com for inclusion in the final transcript.

*Please let us know if anyone would like to arrange a test to ensure everyone can connect properly.*

Lexitas Chicago Virtual 07 is inviting you to a scheduled Zoom meeting.

Topic: LegalView - 30(b)(6) - National Fair Housing Alliance vs. Deutsche Bank - LV7 - 213968
Time: Nov 17, 2020 09:30 AM Central Time (US and Canada)

Join Zoom Meeting
https://lexitas.zoom.us/j/93290015356

Meeting ID: 932 9001 5356
One tap mobile
+13126266799,,93290015356# US (Chicago)

+13017158592,,93290015356# US (Germantown)

Dial by your location
       +1 312 626 6799 US (Chicago)
       +1 301 715 8592 US (Germantown)
       +1 646 876 9923 US (New York)
       +1 669 900 6833 US (San Jose)
       +1 253 215 8782 US (Tacoma)
       +1 346 248 7799 US (Houston)
Meeting ID: 932 9001 5356
Find your local number: https://lexitas.zoom.us/u/aimMBUgIP

Join by SIP
93290015356@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
69.174.57.160 (Canada)
207.226.132.110 (Japan)
Meeting ID: 932 9001 5356

Join by Skype for Business
https://lexitas.zoom.us/skype/93290015356

PRIVILEGED AND CONFIDENTIAL. This email and any files transmitted with it are privileged and confidential and intended
solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please
notify the sender. If you are not the named addressee you should not disseminate, distribute or copy this e-mail or any of
its attachments.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity
to whom they are addressed. If you have received this email in error please notify the system
manager. If you are not the named addressee you should not disseminate, distribute or copy this e-
mail.

Mayer Brown is a global services provider comprising an association of legal practices that are
separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP
(England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian
partnership).

Information about how we handle personal information is available in our Privacy Notice.

# Exhibit H

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Kelly K. Lambert
KLambert@SBLLegal.com

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

October 28, 2020

*Sent via E-mail*

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606

Nathan L. Garroway
*Nathan.garroway@dentons.com*
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Matthew C. Sostrin
*msostrin@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

Jacey D. Norris
*jnorris@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606

Shannon Shin
*shannon.shin@dentons.com*
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

*Re: Plaintiffs' Noticed Rule 30(b)(6) Depositions – Policies and Procedures*

Dear Counsel for Ocwen and Altisource:

I received each of your emails yesterday rejecting Plaintiffs' request to meet and confer this week about Plaintiffs' noticed Rule 30(b)(6) depositions that Plaintiffs' sought to begin on or around November 12, 2020 and continue through November, early December and thereafter. Plaintiffs informed Defendants that confirmed dates will be determined mutually and with professional courtesy.  Plaintiffs also agreed, even before serving their notices, to hear and address Defendants' input on efficiencies in approaching the subjects and witnesses with knowledge that will be produced.

1

Plaintiffs are disappointed that you refuse to discuss these issues in a timely manner and disagree with your proposals to completely un-schedule/put off any of the depositions and not even confer about any of them until the week of November 16 (Ocwen) or the week of November 30 (Altisource). It is not hard to foresee that under Defendants' proposals the parties will next stumble over religious holiday scheduling problems in December and will be looking at 2021 to meaningfully begin subject matter depositions (or any depositions) in this case. This is unacceptable.

Plaintiffs outlined for Defendants and the Court early on that they would first seek information centering on policies and procedures, take 30(b)(6) depositions about Defendants' policies and procedures, and then proceed with other particularized (and efficient) written discovery and individual depositions. At the same time, the parties would consider the properties investigated by Plaintiffs and discovery of information specific to those properties. The Court approved of Plaintiffs' approach to discovery. Plaintiffs served their discovery requests as to Defendants' policies and procedures, and including information on the scored/investigated properties, on March 6, 2020. Defendants have presented several layers of overlapping objections that have caused significant delays. For one thing, the parties conferred and negotiated for about five months over Ocwen's objections to providing discovery information for the time period before 2015 as to Plaintiffs' March 6, 2020 Requests For Production (centering on policies and procedures) before Ocwen recently produced policy documents leading to the revelation that none existed before 2015. Defendants have still not completed their process of confirming which scored properties they worked on, though they have had Plaintiffs' property lists beginning in 2018. Defendants' insistence on framing this litigation as if it is about injuries to certain property addresses obfuscates the issues in the case. On top of all of this, the discovery process has been made more difficult for both sides by Pandemic circumstances.

If Ocwen and Altisource had agreed to meet and confer with Plaintiffs this week as I requested, we would have reviewed and discussed with Ocwen and Altisource the particular listed deposition subjects on Plaintiffs' notice that are discrete and/or ripe to proceed with based on the status of Defendants' current and impending productions. We already agreed to this discussion in our most recent Rule 37 call. We assume that Defendants are aware of categories of subjects/documents as to which discovery is complete, or will be completed soon in a robust manner. Many policies and procedures have been produced to date and have been reviewed. The exemplar files, also a deposition subject, and also reflective of various policies and procedures, have been produced and reviewed by Plaintiffs. Furthermore, Defendants assured Plaintiffs in our most recent call that various categories of responsive documents are being produced this week (e.g. contracts) and that some other categories discussed will be produced in the coming weeks. Anticipating this, Plaintiffs stand ready to promptly intake and evaluate what is produced in order to prepare for and proceed with subject matter depositions on a rolling and reasonable basis. Plaintiffs would have discussed an agreed roadmap for doing this –had you not refused to talk about it. We would have discussed with you that Plaintiffs were and are willing to consider approaching the noticed subjects in a modified sequence that is mutually agreeable.

Defendants could work to shore up gaps in production, if any, on the subjects as they come up on the roadmap.

Plaintiffs do not agree that written discovery needs to be completed before undertaking the noticed policy and procedure 30(b)(6) depositions. Plaintiffs produced a fairly comprehensive list of subjects for the notices we sent out, which we believe creates efficiencies and provides sufficient information to Defendants. In response, you have interpreted and characterized the notices unfairly. The issues in this case and Defendants' processes (not to mention acronyms) are complex and need to be understood: this fact should not be made into some critique directed at Plaintiffs.

We also do not believe ESI discovery of Defendants' documents has to be complete or necessarily started in order to proceed with these subject matter depositions. We can only imagine the projected amount of time it will take to even begin discussing, let along searching for and producing ESI, in this case. Raising that issue as a reason to put off the policy and procedure subject matter depositions points to an attempt to substantially upend the discovery process, and improperly attempts to substitute Defendants' judgment for Plaintiffs' about the order of Plaintiffs' discovery.

Proceeding with some of Plaintiffs' 30(b)(6) depositions on a rolling basis does not, as you suggest, mean that all of Defendants' work to otherwise continue to produce responsive documents and written discovery must therefore halt or be put off across the board.

Plaintiffs will proceed with discovery in a manner and order that they choose, not that Defendants choose. To this point, discovery to date has been a very slow process, exacerbated by (but not likely caused by) the Covid-19 Pandemic. In Plaintiffs' view, the parties remain after about a year from the Court's denial of Defendants' Motions to Dismiss in the first part of the first phase of discovery. Plaintiffs have certainly appreciated the collegiality and the productiveness (at times) of our conferences and the production of information and documents by Defendants – that is why Plaintiffs have been willing to engage in the very deliberate discovery process to date. Plaintiffs' concerns about the pace of discovery caused Plaintiffs to request the September 24, 2020 status and regular appearances thereafter. Plaintiffs also feel the impacts of the Pandemic as regard their collection and production of Plaintiffs' responsive documents and information, and we are diligently working through that. No world is perfect, but both sides have to proceed as best we can.

Plaintiffs ask both Ocwen and Altisource, instead of taking the approach of examining Plaintiffs' notices for weeks with an eye towards objections and a critique of what supposedly cannot be understood, or what is supposedly objectionable in theory but not so much in practice, to choose by the end of next week several subjects listed by Plaintiffs that correlate to completed areas of production or areas of production that will be soon completed, so that we can make a schedule for these subject matter depositions and attempt to get this process started. Production can be shored up in a reasonable way ahead of the depositions. Some documents may be

identified at depositions that need to be produced: that is normal and should not derail the proceedings.

In the meantime, Plaintiffs will continue to pursue our ongoing Rule 37 discussions with Defendants.  We still await Defendants getting back to Plaintiffs on several areas potentially in dispute, and Plaintiffs are reviewing and will review Defendants' production regarding areas that are ripe to be brought to the Court's attention.  Additionally, Plaintiffs anticipate the receipt of documents filling gaps in Defendants' productions relating to policies and procedures, such as regarding Ocwen's "Net Present Value" analyses, and "Investor Guideline Matrix," referenced in Ocwen's Real Estate Owned Oversight Procedure (and in Altisource's Bid Team Procedure), and relevant to a noticed subject listed by Plaintiffs,  but not yet produced generally or within the property-specific exemplar files.  Perhaps we will receive that information this week.  Plaintiffs will continue their efforts to greatly reduce Defendants' production  burden by identifying types of documents that need to be produced within voluminous property-specific files, as well as examining Defendants' data systems, and related anticipated productions of actual data, for additional efficiencies.  Much of our work on this is stalled due to incomplete production.

Please respond by the end of this week.

Sincerely,

Jennifer K. Soule

cc: Counsel of Record

4

# Exhibit I

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Debra Bogo-Ernst**
Partner
T: +1 312 701 7403
F: +1 312 706 8474
DErnst@mayerbrown.com

October 30, 2020

<u>BY EMAIL</u>

Ms. Jennifer Soule
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134

Re:     *NFHA v. Deutsche Bank et al.: Plaintiffs'*
        *30(b)(6) Deposition Notices*

We are writing in response to your October 28, 2020 letter regarding Plaintiffs' Notice to Ocwen Loan Servicing n/k/a PHH Mortgage Corporate of Videotaped Rule 30(b)(6) Deposition by Remote Means dated October 22, 2020 ("Ocwen Notice") and Plaintiffs' Notice to Altisource Solutions of Videotaped Rule 30(b)(6) Deposition by Remote Means dated October 23, 2020 ("Altisource Notice") (collectively "Notices").

As you know, NFHA sent the Ocwen Notice via email late in the afternoon on Thursday, October 22, 2020 and the Altisource Notice via email after 5:00 p.m. on Friday, October 23, 2020. The Notices identify seventeen (17) topics and eighteen (18) topics, respectively, many of which involve numerous subparts that, at best, are loosely associated with one another. The Notices unilaterally schedule 11 topics for deposition between November 12 and December 3, with the others "to be determined."

In connection with the Notices, you then suggested a "meet and confer" conference to occur no later than October 30, which gave Ocwen and Altisource less than a week to evaluate the Notices. As you must understand, given the complexity of the Notices, we have not yet had time to digest them, discuss them with our clients, receive guidance from our clients, and formulate responses that could serve as a basis for any sort of meaningful "meet and confer" discussion.[1]

Accordingly, in email on October 27, Ocwen and Altisource suggested holding the "meet and confer" in a few weeks, which would give the parties time to take the steps identified above, serve their objections to the Notices, and allow NFHA to fully evaluate such objections before holding a meet and confer discussion. This plan seems both reasonable and timely. Nonetheless,

---

[1] Of course, even if the parties agreed to all of the topics as written the Notice, Ocwen and Altisource have not had any time to identify a corporate representative for each of the topics, determine that person's availability for a deposition, and begin the education process that is required for a 30(b)(6) witness to provide binding testimony. *See cf Wachovia v. NOLA, LLC*, 248 F.R.D. 544 (N.D. Il. 2008) (describing a company's responsibility to prepare a corporate representative to testify). This is separate reason that NFHA's rushed schedule is not realistic or feasible.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

738671968.1

Mayer Brown LLP

Ms. Jennifer Soule
October 30, 2020
Page 2

NFHA's response to those emails wrongfully accuses Ocwen and Altisource of "rejecting" NFHA's proposal to meet and confer. NFHA's characterization is unfair and inaccurate.

We also note that NFHA's letter makes assertions that are unsupported in this litigation. For instance, the letter asserts that the Court "approved" NFHA's approach to discovery. That simply misstates the record. At no time did the Court approve of any specific plan presented by NFHA. Instead, the Court took a deferential approach to the parties, indicating that he was quite pleased that the parties were working together cooperatively. We'd like to work with you to continue that cooperation, here in the context of the Rule 30(b)(6) notices.

NFHA's letter further implies that Ocwen and Altisource have acted improperly or lacked good faith in the discovery process, stating, for instance, that "several layers of overlapping objections that have caused significant delays" in discovery. That statement is simply without merit and, candidly, quite offensive. Despite the very challenging circumstances of the ongoing COVID-19 pandemic, the defendants have produced tens of thousands of pages of information to NFHA and, as you well know, continue to produce documents on a regular basis, including in a production this week. The defendants also have spent more than 14 hours in meet-and-confer conferences with NFHA, not to mention related countless hours with our respective clients, to understand the dozens of burdensome and complex document requests that it issued. At the same time, NFHA has all but ignored its own discovery burden and has produced almost no substantive discovery to the defendants.

Turning to the Notices, your letter indicates that, had Ocwen and Altisource agreed to the suggested meet-and-confer this week, NFHA would have been amenable to working cooperatively on a proposed deposition schedule, but, because the call did not occur this week, such a cooperative discussion is off the table. That view is unfortunate and counterproductive here. Either the parties are going to work together or they are not. We did not want to waste your time on a meet and confer this week when we are still absorbing the very new Rule 30(b)(6) notices, discussing them with our clients, and attempting to understand what we can, and cannot offer, to plaintiffs.

To be sure, there are some complexities that need to be addressed among the parties. Chief among them is the length of the deposition. For example, NFHA would be limited to seven (7) hours of total testimony. *See* F.R.C.P. 30(d)(1). We very much doubt that this is NFHA's intention.

At this point, we believe it is best for all NFHA to withdraw the Notices so the parties can discuss the overall plan for depositions, which we would agree to do in short order. Once that plan is developed, NFHA could issue new notices for corporate representative testimony. This approach would allow the parties to continue what has been - at least until now - a cooperative approach to this complex discovery process. If this is not acceptable or if you will not agree to the original schedule that we proposed in our October 27, 2020 to address the Rule 30(b)(6) notices, we will seek relief from the Court. Please let us know Plaintiffs' position by Wednesday, 4, 2020. Ocwen will address the document issues under separate cover.

738671968.1

Mayer Brown LLP

Ms. Jennifer Soule
October 30, 2020
Page 3

Best regards,

/s/ Debra Bogo-Ernst_____
Debra Bogo-Ernst
Counsel for Ocwen

/s/ Lisa M. Krigsten_____
Lisa M. Krigsten
Counsel for Altisource

cc:     Counsel of Record

738671968.1

# Exhibit J

Plaintiffs' Rule 30(b)(6) Notices to Ocwen and Altisource

Jennifer Soule <jsoule@sbllegal.com>
Sun 11/1/2020 10:11 AM

To: Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Garroway, Nathan L. <nathan.garroway@dentons.com>
Cc: Wood, Cody N. <cody.n.wood@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y.
<shannon.shin@dentons.com>; kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; Kenneth Kliebard
<kenneth.kliebard@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>;
victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; Norris, Jacey D. <JNorris@mayerbrown.com>;
msostrin@mayerbrown.com <msostrin@mayerbrown.com>; ajani.brown@morganlewis.com
<Ajani.brown@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; Maggie McKernin
<office@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck
<sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams
<MWilliams@nationalfairhousing.org>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani
<TRamchandani@relmanlaw.com>

Counsel:   Plaintiffs are in receipt of your letter of Friday evening.   Defendants now insist that Plaintiffs
must formally "withdraw" their Notices of subject matter depositions as a prerequisite to  Defendants
engaging in a timely discussion of when they will produce witnesses pursuant to the notices.  This seems
highly irregular.  If there is somehow a lingering question about whether Plaintiffs understand that the
noticed *dates* are not going ahead and need to be re-set one way or another, please know that Plaintiffs
were and are clear from Ocwen's October 23, 2020 email that "Ocwen will <u>not</u> be presenting witnesses
on the days that you have noticed for these depositions."  Ocwen and Altisource emails of October 27
reiterated Defendants' (understood) position that Plaintiffs' noticed dates were null and void from
Defendants' point of view.  Once dates are set by agreement or otherwise, Plaintiffs will simply serve an
amended notice.  We know that we cannot proceed with the depositions on the dates we set forth in the
notice when you have unilaterally determined that you will not produce witnesses on those dates.

To respond to one other item in your letter about cooperation "at least until now," whatever the path or
outcome of the present dilemma, Plaintiffs remain open to cooperation with Defendants in this case.


Jennifer K. Soule

Soule, Bradtke & Lambert
402 Campbell Street
Suite 100
Geneva, Illinois  60134
P: 630.333.9144
F: 630.607.0266
JSoule@SBLLegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and
attorney-client privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message
or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

# Exhibit K

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA. | Case No. 18 CV 839<br><br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC. | |
| Defendants. | |

## **DECLARATION OF JENNIFER K. SOULE PURSUANT TO LOCAL RULE 37.2**

I, Jennifer K. Soule, under penalty of perjury and based on personal knowledge state that

the following facts are true and accurate:

1

1.      I am one of the attorneys representing the Plaintiffs in the case entitled *National Fair Housing Alliance, et al. v. Deutsche Bank National, As Trustee, et al., Case No. 18 CV 839.*

2.      The facts as set forth in Plaintiffs' Motion to Compel Scheduling and Commencement of Plaintiffs' Noticed F.R.C.P. 30(b)(6) Depositions on Ocwen's and Altisource's Policies and Procedures concerning the parties' efforts to reach an accord on scheduling and commencing Plaintiffs' Rule 30(b)(6) depositions are correct.

3.      Efforts to resolve the discovery dispute at issue regarding timely scheduling and commencement of Plaintiffs' policies and practices Rule 30(b)(6) depositions of Ocwen and Altisource were undertaken but have been unsuccessful.

<div align="center">Respectfully Submitted,</div>

<div align="center">*/s/ Jennifer K. Soule*</div>

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*

Yiyang Wu, *pro hac vice*
Tara Ramchandani, *pro hac vice*
*Relman Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Stephen M. Dane, *pro hac vice*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

Morgan Williams, *pro hac vice*
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW
Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Dated: November 3, 2020

<div align="center">2</div>