IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No. 18 CV 839 |
| | ) Judge Harry D. Leinenweber |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST, as Trustee, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS OCWEN LOAN SERVICING, LLC AND ALTISOURCE SOLUTIONS, INC.'S JOINT RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation ("Ocwen") and Altisource Solutions, Inc. ("Altisource"), by and through their undersigned counsel, hereby submit this Joint Response to Plaintiff's Motion to Compel Ocwen and Altisource to Schedule and Commence Rule 30(b)(6) Depositions Regarding Defendants' Policies and Procedures (the "Motion"), and in support state as follows:

**INTRODUCTION**

So far, the Parties have successfully addressed discovery disputes without need for the Court's intervention. Breaking that cooperative streak and before bringing their specific demands to Ocwen and Altisource for their consideration, Plaintiffs have filed a Motion to Compel with respect to their Rule 30(b)(6) Notices (defined below) and are asking the Court to order that: (i) the parties jointly submit a schedule to the Court for approval by November 20, 2020 for Plaintiffs' Rule 30(b)(6) deposition Notices; (ii) defendants complete production of certain documents at least 5 days prior to commencing Rule 30(b)(6) depositions related to those

documents; and (iii) discovery generally continue expeditiously. (Dkt. 132, Mtn. to Compel, at p. 12.)

While Ocwen and Altisource agree that discovery should continue expeditiously, the Rule 30(b)(6) Notices ask Ocwen and Altisource to designate and present witnesses for <u>*binding corporate representative depositions*</u> on a wide swath of broad topics on an expedited basis and without sufficient time to meet and confer and prepare their witnesses accordingly. Moreover, the parties are in the middle of written discovery, and Ocwen and Altisource object to presenting their witnesses more than one time on the same topic if documents produced later in discovery, including Electronically Stored Information ("ESI") which has not been gathered or produced yet, bear relevance to the Rule 30(b)(6) Notices. As a general matter, Ocwen and Altisource have no problem with producing witnesses for Rule 30(b)(6) depositions at the appropriate time. Ocwen and Altisource should be allowed time to confer with their clients to analyze the Rule 30(b)(6) Notices, serve written objections thereto prior to commencing meet and confer discussions, and prepare their witnesses for the depositions.

While Plaintiffs are eager to proceed immediately with Rule 30(b)(6) depositions, Ocwen and Altisource need sufficient time to get ready for these important depositions. At this juncture, there is no justiciable dispute—beyond Plaintiffs' general displeasure that complex cases like this take time to litigate. The Court should deny the Motion to Compel, and grant further relief by ordering Rule 30(b)(6) Depositions to commence no earlier than January 11, 2021 to give Plaintiffs, Ocwen and Altisource an opportunity to engage in good faith attempts to negotiate the appropriate scope and scheduling of Rule 30(b)(6) depositions. As stated in their original

communications with Plaintiffs, Ocwen and Altisource remain committed to working cooperatively with Plaintiffs to resolve discovery dispute without having to burden the Court.[1]

**RELEVANT FACTS**

1.      Between July 2, 2020 and November 2, 2020, Plaintiffs served on Ocwen and Altisource Rule 37 letters totaling in excess of one hundred (100) pages. They have spent more than fourteen (14) hours in Rule 37 meet and confer discussions with Plaintiffs and as a result narrowed the scope of discovery without need for Court intervention.

2.      To date, Ocwen and Altisource have made seven (7) document productions, consisting of tens of thousands of pages, and anticipate making further productions including forthcoming voluminous productions of property-specific documents.

3.      On October 22, 2020, Plaintiffs served their Notice to Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means ("Ocwen Notice"). The Ocwen Notice contains seventeen (17) broad topics, and unilaterally scheduled depositions on nine (9) topics for the following 2020 dates: November 12, 17, 18 and 29; and December 3 and 7. (Dkt. 132-1, Ex. A, at PageID 4471-81.)

4.      On October 23, 2020, Plaintiffs served their Notice to Altisource Solutions, Inc. of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means ("Altisource Notice," and together with Ocwen Notice, the "Rule 30(b)(6) Notices"). The Altisource Notice contains eighteen (18) broad topics, and unilaterally scheduled depositions on two (2) topics for the following dates: November 20 and 24, 2020. (Dkt. 132-1, Ex. B, at PageID 4483-95.)

---

[1] Should their good faith attempts to negotiate the appropriate scope and scheduling of Rule 30(b)(6) depositions fail, Ocwen and Altisource reserve the right to seek a protective order governing same.

5. On October 23, 2020, Debra Bogo-Ernst (counsel for Ocwen) emailed Jennifer Soule (counsel for Plaintiffs) and advised her that Ocwen would not be presenting witnesses on the noticed dates because it will serve objections that will require the parties to meet and confer "to discuss the scope of and timing of the deposition(s)." (Dkt. 132-1, Ex. C, at PageID 4507.)

6. Ms. Soule responded by email that same day (October 23, 2020) by stating Plaintiffs' willingness to schedule a call to discuss the scope and scheduling of the depositions, and proposing a meet and confer telephone call approximately one week after issuing the Rule 30(b)(6) Notices. (Dkt. 132-1, Ex. E, at PageID 4511.)

7. On October 27, 2020, Ms. Bogo-Ernst responded by email that Ocwen would require approximately two weeks to confer internally to analyze deposition topics and identify witnesses capable of preparing for and representing the company at a Rule 30(b)(6) deposition. She further advised Ms. Soule that Ocwen would serve its written objections on or before November 10, 2020, with the goal of then scheduling a meet and confer telephone call the week of November 16, 2020. (Dkt. 132-1, Ex. F, at PageID 4516-17.) Nathan Garroway (counsel for Altisource) joined in Ocwen's concerns regarding the time and effort necessary to respond to the Altisource Notice and prepare for Rule 30(b)(6) depositions. He also advised Ms. Soule that Altisource would submit written objections to the Altisource Notice on or before November 17, 2020, with the goal of scheduling a meet and confer telephone call the week after Thanksgiving. (Dkt. 132-1, Ex. G, at PageID 4522.)

8. On October 28, 2020, Ms. Soule sent a letter advising counsel for Ocwen and Altisource that their respective proposals were "unacceptable" because they were unable to proceed with a meet and confer call on or before October 30, 2020. (Dkt. 132-1, Ex. H, at PageID 4529-32.)

4

9. On October 30, 2020, Ms. Bogo-Ernst and Lisa Krigsten (counsel for Altisource) transmitted a joint letter asking Ms. Soule to withdraw the Rule 30(b)(6) Notices in favor of engaging in good faith discussions regarding the appropriate scope and scheduling of Rule 30(b)(6) depositions, and further noting Plaintiffs could issue new Rule 30(b)(6) deposition notices after fulfilling the parties' meet and confer obligations. (Dkt. 132-1, Ex. I, at PageID 4534-36.)

10. On November 1, 2020, Ms. Soule responded with an email: (i) confirming that Plaintiffs understood Ocwen and Altisource will not be presenting witnesses on the noticed dates; (ii) advising that instead of withdrawing the Rule 30(b)(6) Notices, Plaintiffs would issue amended notices "[o]nce dates are set by agreement or otherwise"; and (iii) stating that "Plaintiffs remain open to cooperating with Defendants in this case." (Dkt. 132-1, Ex. J, at PageID 4538.)

11. On November 3, 2020, at 5:29 p.m. central, Plaintiffs filed their Motion to Compel—*before* Ocwen and Altisource had a chance to submit written objections, *before* the Parties participated in a good faith meet and confer phone call as required by the Court's Standing Order and Local Rule 37.2 and *without* warning Defendants that Plaintiffs would be seeking the Court's intervention with a Motion to Compel. (Dkt. 132, Mtn. to Compel.)

12. The next day, on November 4, 2020, Mses. Bogo-Ernst and Krigsten emailed Ms. Soule and requested a telephone call stating "[i]nstead of litigating this by a motion to compel, we suggest it's more useful to talk about these particular issues." They also wrote:

> Ocwen and Altisource were surprised by plaintiffs' motion to compel. Despite Judge Leinenweber's clear meet and confer requirements, the three items sought by plaintiffs in the motion to compel were *never* presented to defendants. If you had presented these items to us via telephone or otherwise, we likely could have

> narrowed any dispute. Now, we are forced to incur burden and expense to respond to the motion.

(A true and correct copy of the November 4, 2020 email is attached hereto as **Exhibit 1**.)

13. On November 5, 2020, at 1:00 p.m. central, Plaintiffs (Ms. Soule), Ocwen (Ms. Bogo-Ernst and Jacey Norris) and Altisource (Mr. Garroway and Ms. Krigsten) participated in a telephone call to discuss the three forms of relief requested by Plaintiffs in their Motion to Compel. (Dkt. 132, Mtn. to Compel, at p. 12.)

## ARGUMENT

Plaintiffs' chief complaint is that Ocwen and Altisource should not be permitted a reasonable two to three weeks to: (i) analyze the complex and very broad topics set forth in the Rule 30(b)(6) Notices; (ii) confer with their clients to identify employees with knowledge of or able to be educated on the noticed topics; and (iii) prepare and serve written objections in advance of a meet and confer telephone call to negotiate the appropriate scope and scheduling of Rule 30(b)(6) depositions. That position is untenable and runs counter to discovery rules meant to streamline the fact-finding process.

### A. *Ocwen and Altisource have been diligent in their efforts to identify, collect, review and produce documents, and discovery is proceeding apace.*

Plaintiffs voice a general complaint regarding the pace of discovery and they ask the Court to "requir[e] discovery generally to continue expeditiously." (Dkt. 132, Mtn. to Compel, at pp. 3-12.) Ocwen and Altisource agree that discovery should continue expeditiously. But they likewise find highly objectionable Plaintiffs' mischaracterization of the pace at which discovery is proceeding and further note that there is no affirmative relief requested here—other than to ask the Court to restate general and undisputed discovery obligations applicable to all parties engaged in all litigation proceedings.

Between July 2, 2020 and November 2, 2020, Plaintiffs served on Ocwen and Altisource Rule 37 letters totaling in excess of one hundred (100) pages, and Ocwen and Altisource have spent more than fourteen (14) hours engaged in Rule 37 conferences with Plaintiffs discussing the appropriate scope of documents to be produced in this case. As of today (November 9, 2020), Ocwen and Altisource collectively have made seven (7) productions comprised of tens of thousands of pages, and they continue to collect and review documents with the intention of making further productions of documents, including a forthcoming voluminous production of property-specific information requested by Plaintiffs. As Ocwen and Altisource have already apprised Plaintiffs, collecting those documents required an extraordinary amount of time (both human and machine processing time) because of the sheer volume of documents and the myriad databases from which those documents had to be collected. Accordingly, Ocwen and Altisource are proceeding in good faith and as expeditiously as circumstances permit to produce documents on a rolling basis.

It is therefore unfair for Plaintiffs to mischaracterize Ocwen and Altisource's efforts to identify, collect, review and produce documents as requiring prioritization, thus implying Ocwen and Altisource have not been diligent in their efforts to produce documents. (Dkt. 132, Mtn. to Compel, at p. 8.) That implication is wrong.

Setting aside Plaintiffs' unreasonable dissatisfaction with the pace of discovery, their request for an order "requiring discovery generally to continue expeditiously" is no form of relief at all—it is merely a request that the Court restate general discovery obligations that are not in dispute. (*Id.*, at p. 12.) Any purported "issue" regarding "discovery generally" is premature and therefore not subject to adjudication.

> **B. The Court should deny the Motion to Compel, and order Plaintiffs, Ocwen and Altisource to engage in good faith efforts to resolve any issues pertaining to the Rule 30(b)(6) Notices.**

After spending several months engaged in Rule 37 discussions with Plaintiffs and conferring with their clients to identify and collect documents from appropriate data stores—all in the midst of navigating a global pandemic and its impact on their clients' business operations—Ocwen and Altisource are now actively engaged in the process of reviewing, processing and producing documents to Plaintiffs.

Despite being at least two months away from substantially completing their respective document productions (aside from any ESI discovery, which has not started yet), Ocwen and Altisource were served with Rule 30(b)(6) Notices for depositions in November and early December. In response, Ocwen and Altisource proposed a reasonable meet and confer schedule meant to ensure meaningful and substantive discussions about the appropriate scope and scheduling of Rule 30(b)(6) Depositions. Contrary to the cooperative spirit of the preceding months, during which time the Parties have successfully resolved several discovery disputes, Plaintiffs have refused to allow Ocwen and Altisource a reasonable amount of time to prepare written responses that would form the basis of meaningful meet and confer efforts. That refusal is at the root of the dispute between Plaintiffs, on the one hand, and Ocwen and Altisource, on the other hand, and that is before the Court.

As a general matter, Ocwen and Altisource agree to designate witnesses to provide binding corporate testimony. What they will not agree to, though, is Plaintiffs' unilateral scheduling of such depositions without taking into consideration the status of ongoing discovery and without first engaging in good faith efforts to negotiate the appropriate scope of the Rule 30(b)(6) Notices. First, the Rule 30(b)(6) Notices each set forth 17-18 broad topics and Ocwen and Altisource require a reasonable amount of time (at least two weeks) to analyze the notices

with their clients so they can provide meaningful written objections identifying which topics are appropriate and which require negotiation with Plaintiffs. Additionally, because the topics are broad and meandering, Ocwen and Altisource will need some guidance from Plaintiffs before they can identify appropriate witnesses to present for the Rule 30(b)(6) Depositions. While it is possible that there are current employees with relevant knowledge, it is just as likely that counsel for Ocwen and Altisource will have to analyze their own documents to prepare a witness who lacks first-hand or has very limited knowledge of the topics. That takes time, especially if such preparation will require analyzing documents that have yet to be produced.

      That raises a second issue. Ocwen and Altisource are working diligently to identify, collect, review and produce documents. Notwithstanding the ongoing nature of such document production efforts, Plaintiffs have asked the Court to enter an order requiring Ocwen and Altisource to complete production of documents related to each topic five days prior to the noticed deposition dates and additionally insists that depositions commence in November and December. (Dkt. 132, Mtn. to Compel, at pp. 1, 12.) While Ocwen and Altisource are making concerted efforts to produce documents, they cannot prognosticate as to the exact date their respective document productions will be complete nor can they affirmatively swear (even after completion) that there will not be additional documents that are later discovered and subject to an ongoing duty to supplement their document productions. Given that Plaintiffs will not be permitted to take multiple depositions of each witness, Fed. R. Civ. P. 30(a)(2)(A)(ii), it would behoove them to consider waiting until the documents are at least substantially complete before proceeding with the Rule 30(b)(6) Depositions.

      At its core, the Motion asks the Court to impose structure on the discovery process. Ocwen and Altisource agree that the Parties should work towards agreeing on an overarching

9

structure for discovery that maximizes efficiency and is tailored to facilitate the sharing of relevant information. To that end, Ocwen and Altisource remain committed—as they always have—to meeting with Plaintiffs to tailor a discovery plan that factors all aspects of discovery and the ongoing litigation with an eye towards completing fact discovery by May 17, 2021. And, frankly, they would have been very amenable to discussing the relief requested by the Plaintiffs had they been raised before the Motion was filed. There simply was no need for Plaintiffs to file their Motion to Compel, which should be denied to permit the Parties an opportunity to resolve this discovery dispute on their own as they have with all other discovery disputes to date.

In denying the Motion, the Court should also order Plaintiff, Ocwen and Altisource to engage in good faith attempts to resolve their disagreements with respect to the Rule 30(b)(6) Notices. To facilitate meaningful discussions, Ocwen and Altisource are prepared to work with their clients to analyze the noticed topics and serve written objections within two weeks of the Court denying the Motion to Compel, with meet and confer calls scheduled to commence the following week. Given the broad scope of the Rule 30(b)(6) Notices and the binding nature of Rule 30(b)(6) testimony, Ocwen and Altisource aver that what they propose is reasonable and calculated to avoid unnecessary Court intervention.

### C. The Motion to Compel should be denied for the added reason that Plaintiffs failed to comply with Local Rule 37.2.

Lastly, the Court should deny the Motion to Compel because Plaintiffs have failed to comply with the Court's Standing Order and Local Rule 37.2 by filing their Motion without first engaging in good faith attempts to negotiate the appropriate scope and scheduling of Rule 30(b)(6) depositions.

Local Rule 37.2 requires discovery motions to be accompanied by a statement "that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord. . . . Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. . . ." N.D. Ill. Local R. 37.2. The animating purpose of Local Rule 37.2 is to "encourage[ ] resolution of discovery disputes without judicial involvement." *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 826 (N.D. Ill. 2013) (Leinenweber, J.) (citations omitted). To comply with the good faith meet and confer requirement, parties must meet in person or telephonically and do more than merely apprise one another of their respective positions without compromise; furthermore, exchanging emails will not suffice. *See Nelson v. Bus*, No. 17 C 7696, 2019 WL 2189254, at *1 (N.D. Ill. May 21, 2019) ("emails are not sufficient under the Local Rule"); *Gunn v. Stevens Sec. & Training Servs., Inc.*, No. 17 C 6314, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018) ("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018) (finding moving party submitted improper Local Rule 37.2 certification where one party demanded withdrawal of written discovery and the other party refused, because refusal to compromise is not good faith attempt to resolve differences).

Here, Plaintiffs incorrectly certified that "[e]fforts to resolve the discovery dispute at issue regarding timely scheduling and commencement of Plaintiff's policies and practices Rule 30(b)(6) depositions of Ocwen and Altisource were undertaken but have been unsuccessful." (Dkt. 132-1, Ex. K, at PageID 4540-41, ¶ 3.) Rather than stating "the date, time and place of such conference, and the names of all parties participating therein," Plaintiffs referred the Court

generally to its Motion to Compel and stated "[t]he facts as set forth in Plaintiffs' Motion [ ] concerning the parties' efforts to reach an accord on scheduling and commencing Plaintiffs' Rule 30(b)(6) depositions are correct." (*Id.*, at ¶ 2.) But in their Motion, Plaintiffs do not—*and cannot*—state "the date, time and place of such conference, and the names of all parties participating therein" because there was no such conference prior to Plaintiffs filing their Motion to Compel. Plaintiffs' certification fails to comply with Local Rule 37.2.

Accordingly, the Court should "refuse to hear" the Motion to Compel. *See* N.D. Ill. Local R. 37.2 (stating Court "shall hereafter refuse to hear any and all motions for discovery" that fail to comply with the meet and confer requirement).

## CONCLUSION

WHEREFORE, Defendants Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation and Altisource Solutions, Inc. jointly and respectfully request that the Court deny Plaintiffs' Motion to Compel, and grant further relief in the form of an order permitting Ocwen and Altisource a reasonable time of at least two weeks to consult with their clients and serve written objections to the Rule 30(b)(6) Notices before commencing meet and confer discussions about the scope and scheduling of depositions pursuant to those Rule 30(b)(6) Notices, and ordering Rule 30(b)(6) Depositions to commence no earlier than January 11, 2021.

Dated: November 9, 2020

Respectfully submitted,

| OCWEN LOAN SERVICING, LLC, N/K/A PHH MORTGAGE CORPORATION | ALTISOURCE SOLUTIONS, INC. |
|---|---|
| By: */s/ Debra Bogo-Ernst* | By: */s/ Nathan Garroway* |

| | |
|---|---|
| Debra Bogo-Ernst<br>Matthew C. Sostrin<br>Jacey D. Norris<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>*dernst@mayerbrown.com*<br>*msostrin@mayerbrown.com*<br>*jnorris@mayerbrown.com* | Nathan Garroway (admitted *pro hac vice*)<br>DENTONS US LLP<br>303 Peachtree Street, NE<br>Suite 5300<br>Atlanta, GA 30308<br>Telephone: (404) 527-4000<br>*nathan.garroway@dentons.com*<br><br>Lisa Krigsten (admitted *pro hac vice*)<br>DENTONS US LLP<br>4520 Main Street<br>Suite 1100<br>Kansas City, MO 64111-7700<br>Telephone: (816) 460-2400<br>*lisa.krigsten@dentons.com*<br><br>Shannon Y. Shin<br>DENTONS US LLP<br>233 S. Wacker Drive<br>Suite 5900<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br>*shannon.shin@dentons.com* |


## **CERTIFICATE OF SERVICE**

      I, Shannon Y. Shin, hereby certify that on November 9, 2020, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered counsel of record.

                                              */s/ Shannon Y. Shin*
                                              Shannon Y. Shin