# Exhibit 1

# Shin, Shannon Y.

| | |
|---|---|
| **From:** | Bogo-Ernst, Debra <DErnst@mayerbrown.com> |
| **Sent:** | Wednesday, November 04, 2020 1:13 PM |
| **To:** | Jennifer Soule; Garroway, Nathan L. |
| **Cc:** | Wood, Cody N.; Krigsten, Lisa M.; Shin, Shannon Y.; kevin.papay@morganlewis.com; Kenneth Kliebard; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; Norris, Jacey D.; Sostrin, Matthew; ajani.brown@morganlewis.com; david.monteiro@morganlewis.com; Maggie McKernin; Jim Bradtke; Kelly Lambert; Steven Schneck; Stephen Dane; Morgan Williams; Yiyang Wu; Tara Ramchandani; Bogo-Ernst, Debra |
| **Subject:** | RE: Plaintiffs' Rule 30(b)(6) Notices to Ocwen and Altisource [MB-AME.FID1971713] |

**[External Sender]**

Jennifer and Team,

Ocwen and Altisource were surprised by plaintiffs' motion to compel. Despite Judge Leinenweber's clear meet and confer requirements, the three items sought by plaintiffs in the motion to compel were never presented to defendants. If you had presented these items to us via telephone or otherwise, we likely could have narrowed any dispute. Now, we are forced to incur burden and expense to respond to the motion. Nevertheless, we need some clarity on plaintiffs' requested relief so that we can craft our response accordingly and/or determine if the parties actually have a dispute:

1. Plaintiffs seek an order that the Court order the parties to submit a joint Rule 30(b)(6) deposition schedule by November 20. In one part of your motion, you limit this to the policy and procedure-related depositions and in another part of the motion, you word this more broadly and appear to encompass topics beyond the policies and procedures. What relief you are seeking? If submitting a joint schedule concerning the policy and procedure-related depositions is your requested relief, what is plaintiffs' suggested schedule? As we mentioned in our October 27, 2020 correspondence to you, we are working with our client to identify the appropriate witnesses on the policy/procedure topics. This is a process that cannot be done overnight. For Ocwen, our client representative has been out of the office this week and one of our employees with the most knowledge on the policy and procedure topics left Ocwen on October 30, 2020. So, although all parties want to move forward as expeditiously as possible, plaintiffs need to recognize these realities about why we cannot just agree to a schedule immediately. We would have told you these facts if you had agreed to meet and confer with us during the week of November 16, as we suggested in my October 27, 2020 correspondence. If you are willing to meet and confer during the week of November 16, Altisource also would be willing to meet and confer on policies and procedures topics that week, in conjunction with, or right after, your conversation about Ocwen.

2. Plaintiffs seek an order requiring the production of documents on each noticed subject no less than five days before the scheduled deposition. Defendants do not necessarily object to the concept; however, there are two caveats. One, this cannot include ESI. Two, all parties have a duty to supplement over the course of litigation. We can commit to producing the documents that we know about now, based on investigation to date but we cannot certify that such a production is all encompassing. Moreover, we reiterate the defendants' position that corporate representatives are presented only once on a topic.

3. Discovery to continue expeditiously. We agree to that concept.

Instead of litigating this by a motion to compel, we suggest it's more useful to talk about these particular issues on a telephone call. Let us know if you are free tomorrow between 12-4:30 p.m. CT to discuss.

Debra and Lisa

1

_____

**Debra Bogo-Ernst**
*Partner*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606 United States of America
T +1 312 701 7403 | F +1 312 706 8474
dernst@mayerbrown.com

LinkedIn | Twitter
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Jennifer Soule <jsoule@sbllegal.com>
**Sent:** Sunday, November 01, 2020 10:12 AM
**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Garroway, Nathan L. <nathan.garroway@dentons.com>
**Cc:** Wood, Cody N. <cody.n.wood@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; kevin.papay@morganlewis.com; Kenneth Kliebard <kenneth.kliebard@morganlewis.com>; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; Norris, Jacey D. <JNorris@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; ajani.brown@morganlewis.com; david.monteiro@morganlewis.com; Maggie McKernin <office@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>
**Subject:** Plaintiffs' Rule 30(b)(6) Notices to Ocwen and Altisource

**\*\*EXTERNAL SENDER\*\***

Counsel: Plaintiffs are in receipt of your letter of Friday evening. Defendants now insist that Plaintiffs must formally "withdraw" their Notices of subject matter depositions as a prerequisite to Defendants engaging in a timely discussion of when they will produce witnesses pursuant to the notices. This seems highly irregular. If there is somehow a lingering question about whether Plaintiffs understand that the noticed *dates* are not going ahead and need to be re-set one way or another, please know that Plaintiffs were and are clear from Ocwen's October 23, 2020 email that "Ocwen will not be presenting witnesses on the days that you have noticed for these depositions." Ocwen and Altisource emails of October 27 reiterated Defendants' (understood) position that Plaintiffs' noticed dates were null and void from Defendants' point of view. Once dates are set by agreement or otherwise, Plaintiffs will simply serve an amended notice. We know that we cannot proceed with the depositions on the dates we set forth in the notice when you have unilaterally determined that you will not produce witnesses on those dates.

To respond to one other item in your letter about cooperation "at least until now," whatever the path or outcome of the present dilemma, Plaintiffs remain open to cooperation with Defendants in this case.


Jennifer K. Soule

Soule, Bradtke & Lambert
402 Campbell Street
Suite 100
Geneva, Illinois 60134
P: 630.333.9144

2

F: 630.607.0266
JSoule@SBLLegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and attorney-client privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.