IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' SECOND MOTION TO COMPEL SCHEDULING
RULE 30(b)(6) DEPOSITIONS OF DEFENDANTS OCWEN AND ALTISOURCE**

On November 10, in consideration of Plaintiffs' Motion to Compel Defendants Ocwen and Altisource to Schedule and Commence Rule 30(b)(6) Depositions Regarding Defendants' Policies and Procedures (ECF No. 132), the Court directed the parties to "meet and confer to set January 2021 dates for Plaintiffs' 30(b)(6) depositions and any corresponding dates for document productions on specific 30(b)(6) topics [and to] submit their proposed schedule to the Court on or before 12/11/20." (ECF 136, Minute Order)

Plaintiffs' Notices identified multiple Rule 30(b)(6) subjects to be covered during the depositions, 17 for Ocwen and 18 for Altisource. Not surprisingly, Defendants' presentations before the Court on November 10 made it clear that Defendants anticipated that they may need more than one witness to cover the multiple subjects noticed and, more importantly, several days, perhaps weeks, to complete these depositions. For example, comments from counsel for Altisource included the following:

> we're willing to set a schedule, whether it's a week that we plan out or a significant amount of time in January to knock out part of these 30(b)(6) depositions…. we think the additional month is reasonable to get our witnesses ready to be able to answer plaintiffs' questions with respect to these policies and procedures.

1

(Ex. A, Transcript at pp. 9, 15)

Likewise, comments from counsel for Ocwen included the following:

> one of our key individuals with the most knowledge on many of the deposition topics left Ocwen on October 30th. So we need to find and prepare one or more witnesses on testimony which is going to be binding on the company…. So we're trying to track down whether there, Your Honor, is an individual who oversaw that department for a particular period of time who might be able to step in for some of the subjects. But this may very well require multiple witnesses for these topics.

(Ex. A, Transcript at pp. 10, 12)

Unfortunately, during the parties' subsequent discussions and in their related correspondence, Ocwen and Altisource seek to unreasonably limit Plaintiffs' ability to obtain testimony on the noticed deposition subject matters by taking the position that they are both going to present one corporate witness each and, as a result, the deposition testimony for each Defendant should be limited to 10 hours. Defendants eventually stated on December 3, 2020 that the parties should submit competing schedules to the Court. Accordingly, Plaintiffs, by their counsel, move the Court to enter an Order (a) adopting one of Plaintiffs' attached alternative schedules for taking the Rule 30(b)(6) depositions of Defendants Ocwen and Altisource, and (b) setting dates certain for production of documents relating to the deposition subjects. In support of this motion, Plaintiffs state as follows:

## BACKGROUND

1. On October 22 and 23, 2020, Plaintiffs served Rule 30(b)(6) Deposition Notices on Defendants Ocwen (Ex. B) and Altisource (Ex. C). The Notices, provided to the Court in support of Plaintiffs' initial motion, identified 17 subjects for Ocwen and 18 for Altisource. With these depositions, Plaintiffs seek to streamline fact discovery, gain a clear understanding of Ocwen and Altisource's policies, practices and procedures, and elicit testimony confirming how these Defendants applied and utilized their relevant policies and practices.

2. On November 3, after it was clear that scheduling the depositions would not occur promptly or by agreement, Plaintiffs filed their Motion to Compel. (R. 132). On November 11, in consideration of the parties written submissions and oral presentations, the Court ordered the parties to: (a) meet and confer to set January 2021 dates for Plaintiffs' Rule 30(b)(6) depositions and corresponding dates for document production on specific topics; and (b) submit a proposed schedule to the Court on or before December 11. (R. 136).

3. Shortly after entry of the Court's Order, Plaintiffs' counsel undertook significant efforts to schedule the depositions in a timely and efficient manner and comply with the Court's Order. For example, after a telephone conference on November 12, Plaintiffs' counsel provided Defendants on November 13 with a partial (but very specific) list of documents and information relating to the Rule 30(b)(6) depositions that Plaintiffs expected Ocwen and Altisource to produce prior to the depositions. (Ex. D).

4. On November 17, in an unusual step in complex litigation, Plaintiffs' counsel provided Defendants' counsel with charts identifying documents that Plaintiffs expected to present to the witnesses at the depositions (e.g., policy and procedure documents and sample documents produced by Defendants), and indicating the subjects for which those documents would likely be used during the depositions. (Ex. E, Ocwen chart, Ex. F, Altisource chart). Plaintiffs' charts also noted subjects that Plaintiffs agreed to defer.

5. On November 19, Plaintiffs' counsel engaged in a teleconference with Defendants' counsel to answer any questions they had about each of the noticed depositions.

6. On November 23, Plaintiffs' counsel sent separate letters to counsel for Ocwen and Altisource proposing calendars to complete the Rule 30(b)(6) depositions of Ocwen and of Altisource in January. (Exs. G and H). Plaintiffs also proposed that Defendants' production of

documents (responsive to Plaintiffs' March 6, 2020 Requests for Production *and* related to the Rule 30(b)(6) deposition subjects) be completed by December 10,[1] with any additional related documents identified by Defendants to be produced at least 5 days prior to the corresponding deposition subject. Plaintiffs' proposed calendars estimated how many days (or less time) each deposition subject was expected to take to complete. (Exs. I, Ocwen Jan. Calendar, J, Altisource Jan. Calendar). Many are half days. Plaintiffs further indicated that they were willing to be flexible and noted that some topics might be covered in a relatively shorter than expected time, whereas others might require additional time.

7. By creating their proposed calendars to satisfy the Court's direction that the depositions be completed in January, Plaintiffs realized the difficulty in embarking on a schedule to complete all subject matters for both of these Defendants together in one month, so they alternatively proposed to extend the calendar into February to make it much more manageable, and offered to present a more extended calendar by agreement to the Court.

8. Ocwen and Altisource have simply ignored Plaintiffs' offer to agree to extend the schedule into February.

9. As reflected in the proposed calendars, Plaintiffs condensed the number of deposition topics for Altisource from 18 to 15, to occur over 9 days, with 2 subjects likely to cover a full day each, and 8 subjects likely to cover a half day or less. (Exs. F, Ex. J). Similarly, Plaintiffs condensed the number of deposition topics for Ocwen from 17 to 13, to occur over 8 days, with 3 subjects likely to cover a full day each, and 5 subjects likely to cover a half day or less. (Exs. E, I). The calendars prepared by Plaintiffs took into account Plaintiffs' review of voluminous

---

[1] Previously, Defendants estimated that their rolling production of policy and procedure and other documents responsive to Plaintiffs' March 6, 2020 Requests for Production should be completed by the end of November 2020. During the November 10 hearing, counsel for Altisource estimated that it would be completed within 30 days. (Ex. A, 11/10/20 Tr. p. 7)

4

documents produced by Defendants to date, and discussions with both Defendants about the scope and likely duration of the depositions.

10. On December 2, Ocwen and Altisource jointly responded to Plaintiffs' proposed calendars by indicating that each Defendant planned to produce a single witness to testify about the different subjects specified in the respective Notices. In addition, Defendants suggested that testimony for *all* of Plaintiffs' deposition subjects could be completed in one day for each witness, but Defendants would each produce their sole witness for a total of ten hours of deposition testimony over two days. Defendants declined to propose any dates by which documents would be produced corresponding to the subjects, as required by the Court on November 10, (or as a general matter). (Ex. K)

11. Later on December 2, Plaintiffs' counsel responded in writing that designating one witness to testify on behalf of each Defendant and for less than one and one-half days total was not a good faith effort to comply with the Court's Order. (Ex. L). Plaintiffs stated that, unfortunately, scheduling the depositions would again need to be presented to the Court.

12. On December 3, counsel for Defendant Ocwen responded on behalf of Ocwen and Altisource that they were "disappointed" in Plaintiffs' interpretation of Defendants' joint letter, the parties should submit competing schedules to the Court, and Ocwen's corporate representative was available on January 12 and 13, 2021 (for a total of 5 hours each day). (Ex. M). Later that same day, counsel for Defendant Altisource added that its "corporate representative is available for the Rule 30(b)(6) deposition topics on January 27 and January 28," presumably for a limit of 5 hours each day. (Ex. N). Both Ocwen and Altisource continued to remain silent as to when their document productions related to the depositions will be complete as to the missing items Plaintiffs identified in their November 13 letter and November 17 charts.

Conspicuously, Defendants' production of documents in this regard has slowed since Plaintiffs' initial motion to compel, with Defendants failing to produce key documents such as Ocwen's "Investor Guidelines," "Martix of Investor Guidelines," and "Delegated Authority Matrix" documents, and Altisource's policies on Residential Sales Consultants ("RSC") and a complete set of policies and procedures about marketing/liquidation.[2]

13. Thus, the parties are at impasse and Plaintiffs seek the Court's assistance so the subject matter depositions can proceed on a timely basis and outstanding documents will be produced sufficiently in advance of the depositions. (Ex. O, Local Rule 37.2 Statement).

**ARGUMENT**

14. The purpose of Rule 30(b)(6) is to streamline the discovery process. *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). It is a discovery device employed by the examining party "to avoid the 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation." *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996). "One of the purposes of Rule 30(b)(6) is to curb any temptation a corporation might have to shunt a discovering party from 'pillar to post' by presenting deponents who each disclaim knowledge of facts clearly known to someone in the organization." *Federal Deposit Ins. Co. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986), *aff'd,* 116 F.R.D. 203 (E.D. Tenn. 1987).

15. Here, Plaintiffs have identified a number of plainly relevant topics as to which <u>some</u> person or persons in the Defendant organizations must certainly have knowledge, namely, various complex and sophisticated policies, practices, procedures and systems relating to the

---

[2] Plaintiffs' charts with documents that may be shown (Exs. E, F) denote documents missing from production to date.

preservation, maintenance and disposition of REO properties, all of which are fundamental subjects of Plaintiffs' claims. (Exs. B and C).

16. The Committee Notes to Rule 30(b)(6) clearly contemplate that for the Rule to serve its purpose, the standard durational limits for depositions of persons in their individual capacity may require modification: "for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered as a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed." The need for flexible durational limits is recognized in caselaw from this District and elsewhere. *See e.g.*, *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853 (N.D. Ill. 2001)(where defendant tried to limit the time for its corporate deposition by designating the same witness for all topics, the Court extended the time limit based upon the complexity of the case and issues); *Elan Microelectronics v. Pixcir Microelectronics Co., Ltd.*, 2013 WL at *2 (D. Nev. Aug. 13, 2013)(ten days of Rule 30(b)(6) depositions of corporate entity).

17. In the present case, notwithstanding the suggestions made during the November 10 hearing that multiple witnesses will be needed, Ocwen and Altisource have now designated one representative each to testify about all the different topics in the respective Rule 30(b)(6) Notices. In addition, Rule 30(b)(6) requires that an organization produce one or more witnesses who are "thoroughly educated about the noticed deposition topics with respect to any and all facts known to [the organization] or its counsel." *International Ass'n of Machinists and Aerospace Workers v. Werner-Masuda,* 390 F. Supp. 2d 479, 487 (D. Md. 2005). Defendants' uniform approach is surprising given the number and scope of the subjects noticed of Ocwen and Altisource, which include, for example, (a) the process for budgeting exterior maintenance work;

7

(b) corporate structure and organization; (c) contracts, letter agreements, Statements of Work, Service Level Agreements, and Governing Agreements with Deutsche Bank Trusts, inclusive of Ocwen's "Investor Compliance" activities and oversight as a Servicer; (d) budgeting, Ocwen approvals of work, Investor approvals, bid review, "Delegated Authority," Residential Sales Consultants approvals, "Value Analyses," "Total Preservation Cost," Altisource supervisory chain approvals, etc. (e) contracts and systems of compensation with vendors relating to exterior maintenance; (f) electronic records systems; (g) property management and oversight operating systems; (h) the training of defendants' personnel and third-party vendors with responsibilities for REO properties; and (i) the marketing and disposition of REO properties. *See* Exs. B, C (Notices), and E, F (Charts of subjects with Defendants' documents) for additional examples. In any event, it is obvious that all of the deposition topics identified in Plaintiffs' notices -- which Plaintiffs carefully identified after assessing Defendants' activities and documents produced -- cannot reasonably be addressed in less than two days of deposition testimony.

      18. Indeed, Plaintiffs allege that racial disparities they observed and documented in their nationwide, years long, fair housing testing investigation occurred because of Defendants' conduct, relationships, policies, procedures and practices. Plaintiffs are entitled under the applicable discovery rules to fully understand these matters and how they actually operated. Therefore, it is only fair to allow Plaintiffs a reasonable time to conduct their Rule 30(b)(6) depositions. In fact, Plaintiffs specifically sought to focus the first phase of discovery on Defendants' policies and procedures, and the depositions at issue relate to root policies, procedures, and practices that set the stage for discovery focusing on specific properties and other factual issues. In some cases, Defendants' policy and procedure documents are detailed but byzantine, requiring inquiry for confirmation and to fully understand. In other cases, certain

of Defendants' written oversight policy and procedure documents are sparse, also requiring significant inquiry.

19. Furthermore, the documents that Plaintiffs anticipate will be used during the multiple deposition subjects are lengthy. For example, counsel for Altisource noted for the Court during the November 10 hearing that "there are over 40 to 50 policies and procedures that could be relevant to those depositions [noticed for Altisource]. Some of those policies and procedures are 6 and 700 pages long." (Ex. A at p. 7) While Altisource has not yet completed production of all of the policies it referenced on November 10, and Plaintiffs presume a portion of this reference was likely to multiple revisions of certain policies, it is generally clear that a reasonable inquiry into multiple policies on multiple subjects will require far more days of testimony that Defendants are willing to produce.

20. This case involves 20 Plaintiffs, 3 large corporate Defendants that handle tens of thousands of property transactions, and a nationwide testing investigation involving 30 metropolitan areas. Again, Plaintiffs seek to begin depositions with Rule 30(b)(6) testimony focusing on policies and procedures in order to better understand that aspect of the issues in this case and enable a more efficient discovery process generally. Under the circumstances, proceeding with 9 days for each Defendant is more than reasonable

21. Moreover, the unreasonably short durational limit on the Rule 30(b)(6) depositions Defendants propose will have all of the following undesirable consequences:

    (a) it may encourage Defendants to stall or disrupt the efficient conduct of the depositions;

    (b) it will cause Plaintiffs to take additional fact depositions that would otherwise be unnecessary;

    (c) it will improperly limit inquiry into fundamental subjects that are relevant and important to this case;

    (d) it will require Plaintiffs to potentially cut out relevant subjects and issues from inquiry, and generally rush through a fundamental aspect of discovery without obtaining clear and conclusive testimony.

    22. Moreover, as demonstrated above, Plaintiffs have gone to considerable lengths to facilitate the efficient and expeditious conduct of the depositions in this case, including by providing Defendants with a clear roadmap to the expected inquiries and documents that will be shown to their witnesses. Defendants can make no credible showing that Plaintiffs have wasted time or intend to waste time or are planning on conducting these depositions to delay, complicate or multiply proceedings in this case. To the contrary, Plaintiffs have demonstrated transparency in their attempts to be efficient about these depositions. Plaintiffs should be allowed to schedule and proceed with the noticed depositions according to a reasonable schedule and within the reasonable time allotments they have estimated. Plaintiffs will have no qualms if depositions conclude in shorter than the estimated time or if testimony as to some subjects is reduced through testimony provided on another subject or set of polices or through the testimony of the other Servicer Defendant. Since Defendants are choosing to produce a single witness for all subjects, Plaintiffs will be prepared to simply move on to another topic without delay.

    23. Although Ocwen and Altisource refused to consider less compressed deposition calendars extending into February, Plaintiffs attach a sample calendar they have created to this effect for the Court's consideration, which may address Defendants' stated concerns. (Ex. P)

    WHEREFORE, Plaintiffs respectfully request that the Court enter and Order: (a) adopting either of Plaintiffs' proposed schedules for Rule 30(b)(6) depositions (Exs. I and J, or Ex. P), allowing for particular date modifications based on witness availability to be later arranged by agreement; (b) directing Defendants to complete production of discovery materials pertinent to the depositions generally by December 10; and (c) directing Defendants to complete

production of any additional documents identified during the course of preparing for the depositions at least five days before the related scheduled deposition begins.

Respectfully Submitted,

/s/ Jennifer K. Soule

| | |
|---|---|
| Jennifer K. Soule<br>James G. Bradtke<br>Kelly K. Lambert<br>Steven P. Schneck<br>*Soule, Bradtke & Lambert*<br>402 Campbell Street, Suite 100<br>Geneva, IL 60134<br>*Attorneys for Plaintiffs* | Yiyang Wu, *pro hac vice*<br>Tara Ramchandani, *pro hac vice*<br>*Relman Colfax PLLC*<br>1225 19th Street, N.W.<br>Suite 600<br>Washington, DC 20036<br>*Attorneys for Plaintiffs* |
| Stephen M. Dane, *pro hac vice*<br>*Dane Law LLC*<br>312 Louisiana Avenue<br>Perrysburg, OH 43551<br>*Attorney for Plaintiffs* | Morgan Williams, *pro hac vice*<br>*National Fair Housing Alliance*<br>1331 Pennsylvania Ave, NW<br>Suite 650<br>Washington, DC 20004<br>*Attorney for Plaintiff NFHA* |

Dated: December 4, 2020