**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | | Case No. 18 CV 839 |
| Plaintiffs, | | |
| v. | | Judge Harry D. Leinenweber |
| | | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | | Jury Trial Demanded |
| Defendants. | | |

**EXHIBIT LIST TO PLAINTIFFS' SECOND MOTION TO COMPEL SCHEDULING**
**RULE 30(b)(6) DEPOSITIONS OF DEFENDANTS OCWEN AND ALTISOURCE**

| Exhibit Letter | Description |
|---|---|
| A | Transcript of proceedings before Honorable Harry D. Leinenweber |
| B | Notice to Ocwen Loan Servicing, LLC of 30(b)(6) deposition |
| C | Notice to Altisource Solutions, Inc. of 30(b)(6) deposition |
| D | November 13, 2020 Plaintiffs' letter to Altisource and Ocwen |
| E | Ocwen chart with documents |
| F | Altisource char with documents |
| G | November 23, 2020 Plaintiffs' letter to Ocwen with calendar |
| H | November 23, 2020 Plaintiffs' letter to Altisource with calendar |
| I | Ocwen January deposition calendar |
| J | Altisource January deposition calendar |
| K | December 2, 2020 letter from Ocwen and Altisource |
| L | December 2, 2020 Plaintiffs' letter to Ocwen and Altisource |
| M | December 3, 2020 email from Debra Bogo-Ernst |
| N | December 3, 2020 email from Nathan Garroway |
| O | Declaration of Jennifer K. Soule |
| P | Sample January-February combined deposition calendar |

# Exhibit A

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF ILLINOIS |
| 2 | EASTERN DIVISION |

```
 3  NATIONAL FAIR HOUSING ALLIANCE,  )
    et al.,                         )
 4                                  )
              Plaintiffs,           )
 5                                  )   No. 18 C 839
              vs.                   )   Chicago, Illinois
 6                                  )   November 10, 2020
    DEUTSCHE BANK, et al.,          )   10:15 a.m.
 7                                  )
              Defendants.           )
 8
                TRANSCRIPT OF PROCEEDINGS - MOTION
 9                   (Via Teleconference)
          BEFORE THE HONORABLE HARRY D. LEINENWEBER
10
    APPEARANCES:
11  For the Plaintiffs:        SOULE, BRADTKE & LAMBERT
                               402 Campbell Street, #100
12                             Geneva, Illinois 60134
                               BY:  MS. JENNIFER K. SOULE
13
    For Defendant Deutsche     MORGAN LEWIS & BOCKIUS LLP
14  Bank:                      77 West Wacker Drive
                               Chicago, Illinois 60601
15                             BY:  MR. KENNETH M. KLIEBARD

16                             MORGAN LEWIS & BOCKIUS LLP
                               1701 Market Street
17                             Philadelphia, Pennsylvania 19103
                               BY:  MR. KURT W. RADEMACHER
18
    For Defendant Ocwen:       MAYER BROWN LLP
19                             71 South Wacker Drive
                               Chicago, Illinois 60606
20                             BY:  MS. DEBRA L. BOGO-ERNST

21  For Defendant Altisource:  DENTONS US LLP
                               303 Peachtree Street NE, Suite 5300
22                             Atlanta, Georgia 30308
                               BY:  MR. NATHAN L. GARROWAY
23
    Official Court Reporter:   JENNIFER S. COSTALES, CRR, RMR
24                             219 S. Dearborn St., Room 2342
                               Chicago, Illinois 60604
25                             (312) 435-5895
                               jenny.uscra@yahoo.com
```

1      (All participants appearing via teleconference)

2          THE CLERK:  Good morning.  Do we have all parties

3   available on 18 C 839, National Fair Housing versus Deutsche

4   Bank.

10:12:14    5          MS. SOULE:  Jennifer Soule for plaintiffs here.

6          MR. GARROWAY:  Nathan Garroway here for Altisource.

7          MS. BOGO-ERNST:  Good morning.  Debra Bogo-Ernst is

8   here for Ocwen.

9          MR. KLIEBARD:  Kenneth Kliebard and I believe Kurt

10:12:32   10   Rademacher are here for the Deutsche Bank defendants.

11          THE COURT:  All right.  This is a motion to compel

12   brought by the plaintiffs.  It's my understanding it's

13   directed to Altisource and to Ocwen and not specifically to

14   Deutsche Bank.  And I believe Deutsche Bank has taken the

10:12:55   15   position that they don't have a specific position, is that

16   correct?

17          MS. SOULE:  That's correct, Judge.

18          MR. KLIEBARD:  Go ahead.  Sorry.

19          MS. SOULE:  I was going to say - this is Jennifer

10:13:09   20   Soule for plaintiffs - that's correct.  We're proceeding, of

21   course, with discovery with Deutsche Bank.  We're just not at

22   the same place with them.  We're having a little bit more

23   productivity on that regard.

24          THE COURT:  All right.  I've read your motion and

10:13:24   25   with all of the various emails and exhibits, which seems to me

1    to set it out fairly well, both sides.

2            And, Ms. Soule, would you like to just add anything

3    to what you've submitted?

4            MS. SOULE:  Well, I would.  There is a bit of an

10:13:51    5    update.  After we filed the motion, we did receive a call from

6    defendants Ocwen and Altisource, and we had a conference on

7    Thursday about the motion and about the subject matter

8    depositions.

9            And we wanted to talk about a couple things.  Like we

10:14:12    10    wanted to clarify our suggestion about producing documents

11    that might be identified both to the time of the scheduled

12    depositions a few days in advance.  We had a concern that

13    defendants, we didn't want -- it's not that we want the

14    production that's already going on to be delayed or held up,

10:14:34    15    but especially on the beginning part of the schedule, if some

16    documents are identified in the course of their production

17    that weren't already produced, we would just accept those a

18    few days in advance.  But that's the purpose of that five-day

19    mechanism.  It's like a practical suggestion of how we can

10:14:53    20    still get started even though some few loose ends might exist.

21            But we also talked about their concerns about their

22    production not being complete.  And yes, we are frustrated

23    with it not being complete.  And there are some things that

24    are missing.  But we offered, Hey, could we at least get some

10:15:14    25    dates in December?  We wanted dates in November, but obviously

4

1    that's not going to happen.  So they were to get back to us

2    yesterday.  And their way of getting back obviously is filing

3    their response to indicate that they would be starting, they

4    wanted to start in January.

10:15:35    5    So that is a bit of an update for the Court that we

6    offered December, they obviously don't want to do that.

7    We also set another conference for this Thursday,

8    which I think is very productive outcomes so far to start

9    talking about the subjects more.  And defendants are curious

10:15:57   10   about what the plaintiffs are looking for, which we're happy

11   to discuss.

12   You know, we just really have a need to learn more

13   about these policies that we've received and that we're

14   understanding to get some information to gain an understanding

10:16:13   15   and also maybe to find out areas where maybe that more things

16   might need to be produced or things are done.  You know,

17   that's really what we are looking for here.  And we would like

18   to have some accountability on that schedule.

19   We think getting a schedule in place like we've asked

10:16:34   20   will sort of drive the completion of this area of discovery

21   because it will just necessarily cause things to, you know,

22   get finished and get these depositions going.

23   So we do think we can submit a schedule next week.

24   And I think there are several subjects, we listed them in our

10:16:57   25   motion, there is some that I think will be ready for sure in

5

1   December and now, we could talk about those.  We've asked

2   defendants to just suggest what subjects from our list, you

3   know, these are, these are things that they produced documents

4   about, they are issues in the case, obvious background, you

10:17:18   5   know, give us a list from ours, you know, pick some, let's go.

6          So that's where we're at.  We do want to get going.

7   We do have some problems in discovery (indiscernible).  There

8   are some issues.  But until this section of the initial

9   production is completed, plaintiffs aren't able to crystalize

10:17:41   10   those issues to see whether there are things that are fully in

11   dispute or they're really refusing to produce or gaps that we

12   need the Court's help on.

13          We're kind of in a holding pattern.  And we're

14   cognizant that it's been a year since the Court ruled on the

10:17:56   15   motions to dismiss.  And we really think that we should get

16   going on these.  So other than if the Court has any questions,

17   that's our update.

18          THE COURT:  Let me ask you this, your motion

19   requested that I order November dates for the 30(b)(6)

10:18:18   20   witnesses.  You in a later discussion after you filed the

21   motion offered December dates.  And now they've responded with

22   January dates.  Is that what you are telling me?

23          MS. SOULE:  That is what I'm telling you, Judge.  I

24   mean, I think, you know, here we are, now it's the 10th.  Of

10:18:36   25   course there is --

1      THE COURT: Are you asking, are you just informing me

2  or are you asking me for an order for December dates?

3      MS. SOULE: Yes, we would. And I don't want to take

4  off the table our offer to compromise of last week because I

10:18:54   5  don't think that would be fair on our part.

6      I know the motion asks for November dates, but I

7  would like to submit the -- I would like an order requiring us

8  to submit a schedule for the Rule 30(b)(6) depositions in

9  November. We asked for the 20th. And I think the dates

10:19:13   10  should begin in December, and I think a good number of them

11  should begin in December, and then we can work out the dates

12  after that.

13      THE COURT: You're asking me, you're asking me to

14  order the 30(b)(6) depositions for the month of December, is

10:19:30   15  that right?

16      MS. SOULE: Yes, to begin in --

17      THE COURT: Or November?

18      MS. SOULE: Yes, to submit two things.

19      THE COURT: All right.

10:19:37   20      MS. SOULE: One thing is to jointly submit a

21  schedule, which will require us to work on that together, and

22  that the schedule begin with dates in December. I don't think

23  they can all be completed in December, but we could begin the

24  schedule in December with a good number of them.

10:19:56   25      THE COURT: All right.

1       MS. SOULE:  And the schedule is going to extend

2  through January.

3       THE COURT:  All right.  For Ocwen and Altisource,

4  whoever wants to go first, respond to that, please.

10:20:12    5       MR. GARROWAY:  Thank you, Your Honor.  This is Nathan

6  Garroway for Altisource.

7       I guess preliminarily we agree with plaintiffs that

8  we should submit a schedule.  We agree that there is a lot to

9  talk about regarding these 30(b)(6) depositions.  And we agree

10:20:25   10  that the parties generally have been acting cooperatively

11  through discovery, although that's been a lot of work.

12       We've responded to a hundred pages of meet and confer

13  letters from plaintiffs.  We spent over 15 hours on the phone

14  with them.  And, you know, we're working hard to get massive

10:20:41   15  requests produced from the plaintiffs.

16       We've already produced tens of thousands of

17  documents, but there are a lot more documents to be produced.

18  And we hope from Altisource's perspective to be done with that

19  production over the next 30 days.

10:20:56   20       Importantly, the subject area that plaintiff wants to

21  begin depositions on as to Altisource is in the policy and

22  procedure space.  And there are over 40 to 50 policies and

23  procedures that could be relevant to those depositions.  Some

24  of those policies and procedures are 6 and 700 pages long.

10:21:18   25       We have produced about half of those policies and

1  procedures and we plan on producing the other half over the

2  next 30 days.

3          Also importantly with respect to those policies and

4  procedures, there are multiple versions of those policies and

10:21:35  5  procedures going back to 2010, which is what plaintiff has

6  asked for in its document request.  Some of those 6 and 700

7  policies and procedures have upwards of 50, 60 or 70 versions

8  of those policies and procedures.

9          We have asked plaintiff, although they've not defined

10:21:53  10  yet what their position is on it, can we just produce the

11  current version, which is what we're currently doing right

12  now.  But we don't know if they're going to ask for all of the

13  versions of the policies and procedures going back 10 years.

14  To the extent they're --

10:22:11  15          THE COURT:  What is their notice request?

16          MR. GARROWAY:  Their notice has 18 topics, Your

17  Honor, some of which are a half a page long and which describe

18  very significant amount of all the policies and procedures.

19  Their notice -- their request goes back ten years.  But it's

10:22:27  20  unclear, because we've had a meet and confer with respect to

21  the document requests, whether they are going to require us to

22  produce all the versions or just the current version.

23          We are in the process of producing the current

24  version.  That's upwards of 6,000 pages of policies and

10:22:43  25  procedures.  If we were to produce all the versions, that

1    would be upwards of 100,000 pages of policies and procedures.

2    That's just that part of the case.

3         Remember, this is a case that involves 6 to 700

4    properties that we are identifying and producing information

10:22:58    5    about.  So this is like 6 or 700 cases.  It's not just like

6    one case.

7         So, you know, Altisource's position is we agree with

8    plaintiffs that we should commit to work expeditiously.  We

9    agree that we should meet and confer regarding the 18 topic

10:23:15    10    deposition notice, which is really long and has topics, again,

11    that are almost a half a page long, but that it is entirely

12    reasonable for us to complete our production of these massive

13    requests over the next 30 days, meet and confer in December

14    and then set a schedule.

10:23:32    15         And we're willing to set a schedule, whether it's a

16    week that we plan out or a significant amount of time in

17    January to knock out part of these 30(b)(6) depositions.  We

18    think that an additional month when fact discovery doesn't end

19    until May is entirely reasonable given the significant demands

10:23:50    20    on resources that both the document productions and the

21    depositions are going to take with respect to just the policy

22    and procedure aspect of this notice.

23         Thanks, Your Honor.

24         THE COURT:  Ms. Bogo-Ernst.

10:24:06    25         MS. BOGO-ERNST:  Yes, Your Honor, this is

1    Ms. Bogo-Ernst for Ocwen.

2         I will echo what Mr. Garroway said on behalf of

3    Altisource.  We too are in the process of producing documents

4    and still meeting and conferring with plaintiffs on exactly

10:24:17   5    what they're seeking from Ocwen.

6         We have the added element, Your Honor, that one of

7    our key individuals with the most knowledge on many of the

8    deposition topics left Ocwen on October 30th.  So we need to

9    find and prepare one or more new witnesses on testimony which

10:24:34   10   is going to be binding on the company.

11        And so one of the concerns we have is making sure we

12   find someone with adequate knowledge.  When we raised this

13   issue with plaintiffs' counsel, you know, the response in part

14   was, you know, we want to make sure that you get in a

10:24:52   15   deposition and you have somebody with particular knowledge on

16   these subjects.

17        You know, we don't want this to be, you know, we get

18   in a deposition and our witness says "I don't know" to all of

19   your questions.  And the response from plaintiffs was, "Well,

10:25:06   20   if they say 'I don't know' three times, then we are going to

21   wind up in front of the Court."

22        And so we're just really concerned, Your Honor.

23   These are really important depositions which bind the company.

24   And we also raised the concern with opposing counsel that we

10:25:20   25   don't want to produce somebody more than once, discovery is

11

1    not complete, and if plaintiffs are taking the risk to go

2    forward with these topics now when we have electronic

3    discovery and other discovery that takes place in the spring

4    of 2021, we don't want them to say, "Well, we need another

10:25:37    5    corporate representative to talk about policies because we

6    found an email which describes a policy."

7         So, I mean, we're certainly willing to work with

8    plaintiffs.  I think, you know, as Ms. Soule reported, we've

9    had a cooperative environment so far.  We want to continue

10:25:51    10    that.  But we're extremely concerned about pushing these

11    depositions to December when there is really no urgent need,

12    especially we have discovery, as Mr. Garroway said, closing in

13    the May time frame, and my guess is we're probably going to be

14    asking the Court from all parties to extend that at some

10:26:08    15    point.

16         So the difference between January and December is not

17    as great for the plaintiff, but for us it's extremely

18    important.  And I would add that we've got, you know, holidays

19    and folks out of the office in December, which makes it even

10:26:23    20    more challenging, Your Honor.

21         So we would just ask respectfully, we're happy to

22    work and submit a schedule with the plaintiffs, we're happy to

23    set aside dates in January, but, you know, please don't make

24    us go forward with corporate representative depositions in

10:26:35    25    December, Your Honor.

1          THE COURT:  Ms. Soule, what about the fact that their

2     main guy apparently left the company and they have to come up

3     with a new one?  That does put a little bit of a problem,

4     doesn't it?

10:26:50     5          MS. SOULE:  Yes, I think that's a challenge that the

6     defendants are going to have to deal with, and we recognize

7     that.  But I think there is a number of these subjects that

8     I'm not sure that there aren't witnesses that can handle,

9     like, you know, the company organization, the manner of

10:27:12    10     bringing on board REO properties and how they're categorized

11     in the defendants' system and the defendants' data system, how

12     they work, what --

13          THE COURT:  Who is the guy that left Ocwen?  What was

14     his position with Ocwen, the one that left?

10:27:31    15          MS. BOGO-ERNST:  So when he left, he was the manager

16     of the business oversight group.  So, you know, there are some

17     people underneath him that remain in that department, but they

18     did not have the full responsibilities.  So we're trying to

19     track down whether there, Your Honor, is an individual who

10:27:50    20     oversaw that department for a particular period of time who

21     might be able to step in for some of the subjects.

22          But this may very well require multiple witnesses for

23     these topics.  And the topics that Ms. Soule just articulated

24     I thought were not the focus here.  I thought the focus was

10:28:08    25     policies and procedures and going through and how Ocwen and

1    Altisource work together to service these REO properties.  I

2    thought that was the point, you know, not the structure.  And

3    even the structure is going to be challenging for us to

4    describe when the main manager of the department is now gone.

10:28:24    5        MS. SOULE:  Well, the point really is all of the

6    subjects will sit on our notices, and I think we talked about

7    that, that we see that as policies and procedures, all these

8    subjects.

9        There is a couple at the tail end that relate to

10:28:39    10   reports on warehousing issues and things like that which we

11   agree that could be put off.  So I think we take the position

12   that all of these relate to policies and procedures and

13   practices and that's why they're on these notices.

14       THE COURT:  Let me ask you this, Mr. Garroway

10:28:58    15   indicates that the policies and procedures that go back to

16   2010 would be a hundreds of thousands of pages.  You're asking

17   for all the policies and procedures for the ten-year period?

18       MS. SOULE:  Not necessarily.  When we talked about it

19   last week, there were two kinds of changes that are made to

10:29:22    20   policies.  Some are very small and minor.  We can see those in

21   the ones we've already received.  And then sometimes a policy

22   might be a major rewrite.  We only are looking for the current

23   and the major rewrites.  And we feel that a witness could

24   confirm that the material aspects of the policies that we're

10:29:45    25   interested in about this case were not long-standing.

1    You know, we're not looking to analyze word changes

2  or a sentence here and there in sentences going back that far.

3  So I think there is a definite way to streamline that.  And I

4  think that the witness that they'll have I'm sure will know.

10:30:08    5  And I think Mr. Garroway mentioned that some of the changes

6  are very minor.

7    So we're not looking to, you know, check commas and

8  whether things, different phrases are used, whatever.  I mean,

9  if it's a major rewrite and there is actually a material

10:30:22   10  difference, we'd like to know and we can ask the witness about

11  that.

12    THE COURT:  What about --

13    MR. GARROWAY:  Your Honor, Nathan Garroway for

14  Altisource.

10:30:32   15    Just even assuming we're only looking at the most

16  recent version of the potentially relevant policies and

17  procedures to their allegations, we're looking at over 6,000

18  pages of policies and procedures.

19    The way Altisource does its policies and procedures,

10:30:46   20  they're really long documents.  And so obviously that's going

21  to take, A, it's taken significant time to produce the

22  documents.  We're about a half to three-quarters finished.

23  And then it's obviously going to take significant time, even

24  if it's the most recent version, to get a witness ready to

10:31:03   25  answer questions on policies and procedures that are thousands

1    of pages long.

2         So, again, we think the additional month is

3    reasonable to get our witnesses ready to be able to answer

4    plaintiffs' questions with respect to those policies and

10:31:16  5    procedures.

6         MS. SOULE:  I mean, we've gone through quite a few of

7    the policies and procedures.  I've personally gone through

8    them and I'm not getting the same sense of overwhelm about it.

9    There are certain issues that are very core.  Some of the

10:31:35  10   policies are very short.

11        And it's quite a different story with respect to

12   Ocwen, because Ocwen didn't have policies before 2015, and so

13   the ones that they did start creating in 2015 going forward

14   are very short, like 4 or 5 pages.

10:31:53  15        And even on Friday we received contract documents

16   that we expected a lot sooner, we did get them on Friday from

17   Ocwen and they're also very short.  We've already been through

18   them once and we're working on analyzing them.

19        We're missing the contracts between Ocwen and the

10:32:14  20   trustee up the chain.  So there is a gap there.

21        But there is a lot that we do have.  There is a lot

22   that we have gone through that is very manageable.  We've

23   already learned a lot about the operations on the points that

24   matter to this case.

10:32:32  25        I'm anxious to see what Mr. Garroway is talking about

16

1   with these 6,000 pages.  But, again, I guess we're in a

2   (indiscernible) position because we can't guess what we don't

3   have, and we're kind of wondering why we don't have them,

4   because the documents, we've been talking about the

10:32:52    5   plaintiffs' requests that were served in early March since

6   early July.  And the rolling production didn't start until,

7   you know, after we had our court status the last time.

8          The rolling production could have started a lot

9   sooner while the discussions were ongoing, but it was like we

10:33:12    10  had to finish every discussion on every subject before

11  anything got started.

12         And so we can't guess what we don't know.  But I do

13  hear what he's saying, if he's going to be producing 6,000

14  pages.  I've been working hard for the past month and two

10:33:32    15  months with everything we've gotten to look through everything

16  and, you know, try to study, and I've been making great

17  progress.  I feel like we have some questions to ask.

18         So, you know, we're really in a quandary because

19  we're just waiting.  And I want a schedule so that -- I think

10:33:51    20  deadlines and schedules help.  Every time we've added a motion

21  or come before the Court, things break loose.  And I really,

22  you know, it's not to say that we're not being cooperative,

23  but it's a fact of life, you know.

24         So I would like to get some of these started.  I

10:34:07    25  think getting a schedule will drive the production on the

17

1  subjects that are first.  Okay, now we're done with that,

2  let's move on.

3      THE COURT:  All right.  It seems to me that with

4  everything that we're talking about, the virus, the holidays

10:34:26  5  coming up, the fact that there is a person that would have

6  been the witness is no longer with the company, that December,

7  it does make sense to have these depositions in January.

8      So I will order both sides to sit down and make sure

9  that each of the depositions are scheduled for the month of

10:34:56  10  January.

11      MS. BOGO-ERNST:  Thank you, Your Honor.

12      MR. GARROWAY:  Thank you, Your Honor.

13      THE COURT:  All right.  Anything further?

14      MS. SOULE:  I just wanted to ask whether we should

10:35:10  15  submit the schedule to the Court.

16      THE COURT:  It's probably not a bad idea.  That will

17  require you then to make sure that it's set in stone.  All

18  right.

19      MS. SOULE:  And I think if maybe we could have a date

10:35:34  20  for that, that would be very helpful.

21      MS. BOGO-ERNST:  Your Honor, this is Ms. Bogo-Ernst.

22  If we can have a date that recognizes that we're still

23  figuring out who witnesses are and the like, so if we could

24  submit that in early December, that would be very helpful.

10:35:48  25      THE COURT:  Is that all right, Ms. Soule?

18

1        MS. SOULE:  Yes, I think that's fine, Judge.  Thank

2   you.

3        THE COURT:  All right.  Give them end of the first

4   week in December.

10:35:56   5        THE CLERK:  December 11.

6        THE COURT:  All right.  Thank you.

7        MR. GARROWAY:  Thank you, Your Honor.

8        MS. BOGO-ERNST:  Thank you, Your Honor.

9        MS. SOULE:  Thank you, Your Honor.

10:36:07   10        MR. KLIEBARD:  Have a good day everybody.

11       (Proceedings concluded)

12                    C E R T I F I C A T E

13        I, Jennifer S. Costales, do hereby certify that the

14   foregoing is a complete, true, and accurate transcript of the

15   proceedings had in the above-entitled case before the

16   Honorable HARRY D. LEINENWEBER, one of the judges of said

17   Court, at Chicago, Illinois, on November 10, 2020.

18

19                         */s/ Jennifer Costales, CRR, RMR*

20                         Official Court Reporter

21                         United States District Court

22                         Northern District of Illinois

23                         Eastern Division

24

25

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**NOTICE TO OCWEN LOAN SERVICING, LLC n/k/a PHH MORTGAGE
CORPORATION OF VIDEOTAPED RULE 30(b)(6) DEPOSITION
BY REMOTE ELECTRONIC MEANS**

**To: Ocwen Loan Servicing, LLC,
N/k/a PHH Mortgage Corporation**

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

*Counsel For Deutsche Bank National Trust, As Trustee:*

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

*Counsel For Altisource Solutions, Inc.:*

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

1

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

cc:  Lexitas – *chicago@lexitaslegal.com*

*Counsel for Plaintiffs:*
Jennifer K. Soule
*JSoule@sbllegal.com*
Kelly K. Lambert
*KLambert@sbllegal.com*
James G. Bradtke
*JBradtke@sbllegal.com*
Steven P. Schneck
*SSchneck@sbllegal.com*
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60101

Yiyang Wu
*ywu@relmanlaw.com*
Tara Ramchandani
*TRamchandani@relmanlaw.com*
*Relman Colfax PLLC*
1225 19th Street, NW, Suite 600
Washington, DC 20036

Stephen M. Dane
*sdane@fairhousinglaw.com*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

Morgan Williams
*mwilliams@nationalfairhousing.org*
*National Fair Housing Alliance*
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Fed.R.Civ.P., and Fed.R.Civ.P. 30(b)(1) and (4), Plaintiffs, by their counsel, shall take the deposition of Defendant Ocwen Loan Servicing, LLC, n/k/a PHH Mortgage Corporation, beginning on *November 12, 9:30 a.m., Central Standard Time*, and continuing on other dates listed below and/or to be agreed upon, on the subject matters listed on the attached Exhibit A. At the aforesaid time, Defendant shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendant to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded by stenographic/audio/video means remotely before a certified court reporter and videographer with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software, The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

Jennifer K. Soule  – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated: October 22, 2020

3

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Ocwen" refers to Defendant Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation, or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff, office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other persons providing assistance to Ocwen, regardless of whether such persons are considered or classified as an independent contractor or consultant.

D.  "REO" or "REO property" means any residential dwelling owned by a lender or investor, including but not limited to Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee or in any other capacity, after foreclosure.

4

.

E.  The terms "Deutsche Bank Real Estate Owned properties" or "Deutsche Bank REO properties" mean any residential dwelling owned by Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas,  as trustee, or in any other capacity, as the result of a foreclosure.

F.  The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, guideline, or a practice of general applicability that may or may not have been reduced to writing or otherwise formalized.

G.  <u>Time Period</u>.  Without waiving Plaintiffs' position as to the relevant time period of discovery in this case being January 1, 2010 to present, and without waiving Plaintiffs' ability to seek testimony about Ocwen's policies and procedures and related subjects listed in this Notice for the time period of January 1, 2010 to present, and solely based upon Ocwen's and Altisource's combined disputed current global/general objections concerning the time period applicable to discovery in this case,[1] the time period applicable to this subject matter deposition Notice is January 1, 2010 to present, subject to two conditions:  First, Plaintiffs will first inquire about the listed policy and procedure and related subjects regarding the time period of February 14, 2015 to present.  Secondly, Plaintiffs will ask Ocwen to identify and explain as to each listed

---

[1] Deutsche Bank does not generally object to Plaintiffs' definitional time period of January 1, 2010 to present for discovery in this litigation.  Ocwen objects to discovery in this case except for the period of February 14, 2015 to February 15, 2017 (except Ocwen will state without regard to its time period objection whether it agrees it serviced Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Ocwen will provide property-specific information without regard to its time period objection as to scored Deutsche Bank properties it acknowledges.  Ocwen stated on October 12, 2020 it did not have policies responsive to Plaintiffs' discovery requests prior to February 15, 2015.  Altisource objects to discovery in this case except for the period of February 14, 2015 to present (except Altisource will state without regard to its time period objection whether it agrees it was a vendor for Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March 3, 2020).  Altisource will provide property-specific information concerning properties it acknowledges without regard to its time period objection.  Plaintiffs dispute Ocwen's and Altisource's general objections as to time period and property lists.

subject, for the time period of January 1, 2010 through February 14, 2015, material differences, if any, concerning Ocwen's testimony on the subject.  If Ocwen objects to providing information on any listed policy and procedure or related subject concerning all or any portion of the 2010-2015 time period, and/or if Ocwen objects to providing information on any listed subject concerning the period of time after its blanket end-date objection (February 14, 2017), it may so indicate at the deposition as to each subject.  Testimony restricted by and subject to Ocwen's time period objections may be resumed at a mutually agreeable date and time, following either agreement of the parties or Order of Court.

H.      "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning.  In construing a request, the singular shall include the plural and the plural shall include singular.  The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

I.      "Relate," "relating to," or "regarding," or "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

## SUBJECTS AND DATES OF DEPOSITIONS

1.      <u>Policies, Practices and Procedures – Selection, Terms, Contracts with Vendors.</u> Policies, practices or procedures adopted, utilized and/or approved by Ocwen relating to REO properties, including the Deutsche Bank REO properties, and addressing the selection, terms of engagement, contracts, compensation, monitoring, termination, assignment or reassignment of vendors or other third parties engaged by Ocwen regarding preservation, maintenance, valuation, marketing and sales/liquidation of REO properties, including the Deutsche Bank REO properties. (November 12, 2020 9:30 a.m., Central time)

6

2.    <u>Policies, Practices and Procedures – Onboarding and Registering</u>.   Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding onboarding REO properties into Ocwen's and its Vendors' systems, and registering vacant REO properties based on city, municipal or state requirements, and Ocwen's oversight of these subjects.  (November 17, 2020 at 9:30 a.m.)

3.    <u>Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale.</u>  The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding:  (a) Document Approvals and Power of Attorney concerning REO properties and Ocwen's appointment as attorney in fact by Deutsche Bank (or any Deutsche Bank designee); (b)  Ocwen appointing "REO vendors" as attorney in fact,  (c) Activities carried out by Ocwen and its vendors pursuant to powers of attorney, (d) deeds and assignments of deeds, (e) listing agreements, (f) contracts for sale, and Ocwen's oversight of these subjects.  (November 17, 2020 11:30 a.m., Central time)

4.    <u>Investor Compliance.</u>  The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding Investor Compliance, including but not limited to the "investor guideline matrix," review of servicing agreements concerning investor compliance, certifications of compliance with PSAs or other trust instruments encompassing the Deutsche Bank REO properties, and Ocwen's oversight of these subjects.  (November 18, 2020 9:30 a.m., Central time)

5.    <u>Policies, Practices and Procedures – Classifications of REO Properties.</u>  Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding REO properties, including the Deutsche Bank REO properties, involving any practice of classification, grouping or categorization of REO properties relating to (a) locational or geographic area, or (b) valuation

or dollar value, or ( c) "status" classifications such as "available status" or "litigation status," and Ocwen's oversight of these subjects.  (November 19, 2020 at 9:30 a.m., Central time)

6.      <u>Policies, Practices and Procedures – Approvals and Use of Funds</u>.  Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding the allocation of funds, approval or rejection of vendor bids, and authorization and use of funds for repair, renovation, preservation, maintenance and marketing of REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects.  (November 19, 2020 at 1:30 p.m., Central time)

7.      <u>Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs</u>.  Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding the completion, purposes and uses of property evaluations, valuations, broker price opinions and reconciled broker price opinions or reconciled/reviewed valuations relating to REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects.  (December 1,  9:30 a.m., Central time)

8.      <u>Policies, Practices and Procedures – Preservation, Maintenance and Inspection.</u> The policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding preservation, maintenance and inspection of REO properties, including the Deutsche Bank REO properties, and Ocwen's oversight of these subjects. (December 3, 2020, 9:30 a.m., Central Time)

9.      <u>Policies, Practices and Procedures – Marketing/Liquidation</u>.  Policies, practices or procedures adopted, utilized and/or approved by Ocwen regarding marketing, marketing plans, MLS listings, use of local realtors, use of Internet-based systems such as Hubzu, list price determinations, property auctions, disposition and/or liquidation or sale, of REO properties,

8

including the Deutsche Bank REO properties, and Ocwen's oversight of these

subjects.   (December 7, 2020, 9:30 a.m., Central Time)

      10.    <u>Policies, Practices and Procedures – Complaints, Violations.</u>  Policies, practices or

procedures adopted, utilized and/or approved by Ocwen regarding receiving, investigating and/or

responding to informal, administrative, and formal complaints regarding the maintenance of

REO properties, including the Deutsche Bank REO properties, impacts of code

violations/litigation on the preservation, maintenance and marketing of REO properties,

including the funding thereof, and Ocwen's oversight of these subjects.  (Date and Time to Be

Determined)

      11.    <u>Exemplar Property Files and Non-Electronic Systems.</u>  The "exemplar" property

"image" files produced by Ocwen on September 21, 2020 in response to Plaintiffs' discovery

requests and any other non-electronic data records systems used by Ocwen to maintain

information regarding preservation, maintenance and marketing of REO properties. (Date and

time to be Determined)

      12.    <u>Electronic Records/Data Systems.</u>  Electronic records systems used by Ocwen to

maintain information regarding REO properties, including but not limited to the Deutsche Bank

REO properties, that were serviced,  maintained or marketed by Ocwen (or by any vendor,

contractor or agent acting on Ocwen's behalf), including but not limited to the systems identified

by Ocwen in response to Plaintiffs' Interrogatories, and in Oversight documents and reports

identified in Ocwen's policies.  (Date and time to be determined)

      13.    <u>Policies, Practices and Procedures – Training of Personnel.</u>  Policies, practices or

procedures adopted, utilized and/or approved by Ocwen regarding the training of persons with

responsibilities for REO properties or oversight of vendors regarding REO properties, including

the Deutsche Bank REO properties.  (Date and Time to Be Determined)

14.     <u>Policies, Practices and Procedures – Compliance with Federal, State, Local laws.</u>

Policies, practices or procedures adopted, utilized and/or approved by Ocwen to assure that REO

properties, serviced or maintained by Ocwen, including the Deutsche Bank REO properties,

are maintained or brought into compliance with federal, state or local laws, including but not

limited to laws and codes governing health and safety, property preservation or maintenance and

fair housing, including training of personnel assigned to oversight of these subjects.  (Date and

Time to Be Determined)

15.     <u>Organization</u>.  The department(s), division(s), or other organizational entities of

Ocwen that gather information on, manage, maintain, monitor, or otherwise

have had responsibilities with respect to Deutsche Bank REO properties.  (Date and Time to Be

Determined)

16.     Fair housing and/or fair lending assessments conducted by Ocwen related to

Ocwen's REO servicing program, including internal assessments and reports to regulators. (Date

and Time to Be Determined)

17.     Reports, analyses or other documents relating to Ocwen's REO preservation or

maintenance activities submitted to third parties, including, but not limited to:  the Department of

Housing and Urban Development, Congress, the Consumer Financial Protection Bureau, local

governmental agencies or officials, other Government agencies, Ocwen's agents, vendors and

contractors, and real estate agents and companies involved in marketing and selling REO

properties.  (Date and Time to Be Determined)

## CERTIFICATE OF SERVICE

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on October 22, 2020 I caused a copy of Plaintiffs' Notice to Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means to be served via electronic mail upon above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

11

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NATIONAL FAIR HOUSING ALLIANCE;
HOPE FAIR HOUSING CENTER, et al.,

       Plaintiffs,

         v.

DEUTSCHE BANK NATIONAL TRUST, AS
TRUSTEE, et al.,

       Defendants.

Case No. 18 CV 839

Judge Harry D. Leinenweber
Magistrate Judge Sidney I. Schenkier

Jury Trial Demanded

**NOTICE TO ALTISOURCE SOLUTIONS, INC. OF VIDEOTAPED RULE 30(b)(6)
DEPOSITION BY REMOTE ELECTRONIC MEANS**

**To: Altisource Solutions, Inc.**

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

*Counsel For Ocwen Loan Servicing, LLC,*
*N/k/a PHH Mortgage Corporation*

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

*Counsel For Deutsche Bank National*
*Trust, As Trustee:*

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

cc:
Lexitas – *chicago@lexitaslegal.com*

*Counsel for Plaintiffs:*
Jennifer K. Soule
*JSoule@sbllegal.com*
Kelly K. Lambert
*KLambert@sbllegal.com*
James G. Bradtke
*JBradtke@sbllegal.com*
Steven P. Schneck
*SSchneck@sbllegal.com*
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60101

Morgan Williams
*mwilliams@nationalfairhousing.org*
*National Fair Housing Alliance*
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004

*Counsel for Plaintiffs:*
Stephen M. Dane
*sdane@fairhousinglaw.com*
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

Yiyang Wu
*ywu@relmanlaw.com*
Tara Ramchandani
*TRamchandani@relmanlaw.com*
*Relman Colfax PLLC*
1225 19th Street, NW, Suite 600
Washington, DC 20036

2

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Fed.R.Civ.P., and Fed.R.Civ.P. 30(b)(1) and (4), Plaintiffs, by their counsel, shall take the deposition of Defendant Altisource Solutions, Inc., beginning on *November 20, 2020 at 9:30 a.m., Central Standard Time*, and continuing on other dates listed below and/or to be agreed upon, on the subject matters listed on the attached Exhibit A. At the aforesaid time, Defendant shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendant to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded by stenographic/audio/video means remotely before a certified court reporter and videographer with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software, The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

Jennifer K. Soule  – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated:  October 23, 2020

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Altisource" refers to Defendant Altisource Solutions, Inc., or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff, office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other persons providing assistance to Altisource, regardless of whether such persons are considered or classified as an independent contractor or consultant.

D.  "REO" or "REO property" means any residential dwelling owned by a lender or investor, including but not limited to Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee or in any other capacity, after foreclosure.

4

.  E.  The terms "Deutsche Bank Real Estate Owned properties" or "Deutsche
Bank REO properties" mean any residential dwelling owned by Deutsche Bank National Trust
Company or Deutsche Bank Trust Company Americas,  as trustee, or in any other capacity, as
the result of a foreclosure.

F.  The terms "policy," "practice," and "procedure" refer to any written or formal policy,
rule, regulation, guideline, or a practice of general applicability that may or may not have been
reduced to writing or otherwise formalized.

G.  <u>Time Period</u>.  Without waiving Plaintiffs' position as to the relevant time period of
discovery in this case being January 1, 2010 to present, and without waiving Plaintiffs' ability to
seek testimony about Altisource's policies and procedures and related subjects listed in this
Notice for the time period of January 1, 2010 to present, and solely based upon Ocwen's and
Altisource's combined disputed current global/general objections concerning the time period
applicable to discovery in this case,[1] the time period applicable to this subject matter deposition
Notice is January 1, 2010 to present, subject to two conditions:  First, Plaintiffs will first inquire
about the listed policy and procedure and related subjects regarding the time period of February
14, 2015 to present.  Secondly, Plaintiffs will ask Altisource to identify and explain as to each
listed subject, for the time period of January 1, 2010 through February 14, 2015, material

[1] Deutsche Bank does not generally object to Plaintiffs' definitional time period of January 1, 2010 to
present for discovery in this litigation.  Ocwen objects to discovery in this case except for the period of
February 14, 2015 to February 15, 2017 (except Ocwen will state without regard to its time period
objection whether it agrees it serviced Plaintiffs' scored Deutsche Bank REO properties, but only if
Plaintiffs listed them as of March 3, 2020).  Ocwen will provide property-specific information without
regard to its time period objection as to scored Deutsche Bank properties it acknowledges.  Ocwen stated
on October 12, 2020 it did not have policies responsive to Plaintiffs' discovery requests prior to February
15, 2015.  Altisource objects to discovery in this case except for the period of February 14, 2015 to
present (except Altisource will state without regard to its time period objection whether it agrees it was a
vendor for Plaintiffs' scored Deutsche Bank REO properties, but only if Plaintiffs listed them as of March
3, 2020).  Altisource will provide property-specific information concerning properties it acknowledges
without regard to its time period objection.  Plaintiffs dispute Ocwen's and Altisource's general
objections as to time period and property lists.

5

differences, if any, concerning Altisource's testimony on the subject. If Altisource objects to providing information on any listed policy and procedure or related subject concerning all or any portion of the 2010-2015 time period, it may so indicate at the deposition as to each subject. Testimony restricted by and subject to Altisource's time period objections may be resumed at a mutually agreeable date and time, following either agreement of the parties or Order of Court.

H.     "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include singular. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

I.     "Relate," "relating to," or "regarding," or "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

J.     "Ocwen" shall mean Ocwen Loan Servicing, LLC. n/k/a PHH Mortgage.

K.     "Deutsche Bank" shall mean Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee.

## SUBJECTS AND DATES OF DEPOSITIONS

1.     <u>Contracts with Ocwen.</u>  Relating to Ocwen and regarding preservation, maintenance, valuation, marketing and sales/liquidation of REO properties, including Deutsche Bank REO properties, proposals or bids to provide various categories of vendor services to Ocwen, terms of engagement, contracts, service level agreements ("SLA"), terms of compensation, budgeting and funding for work to be performed, investor compliance, termination, and assignment or reassignment of Altisource by Ocwen (November 20, 2020, 9:30 Central time)

6

2.      <u>Organization</u>.  The department(s), division(s), or other organizational entities of Altisource that gather information on, manage, maintain, preserve, value, market, sell, monitor, or otherwise have had responsibilities with respect to Deutsche Bank REO properties, including but not limited to Regional Field Service Manager, Follow Up Coordination, AFS Contacts, PODs, regions, territories, Property Management Engineer, QCAT team, AFS Bid Review Team, AFS Utility Management, RFC, Residential Sales Consultants ("RSC"), AFS Training Team, REO Supervisors, etc.  (November 24, 2020, 9:30 a.m., Central time)

3.      <u>VMS and XactPRM.</u>  VMS and Xact PRM systems, including but not limited to their uses by Altisource and Altisource's vendors, and collection, compilation and storage of information concerning REO properties, including but not limited to Deutsche Bank REO properties, serviced, maintained, valued or marketed by Altisource (or by any vendor, contractor or agent acting on Altisource's behalf).  (Date and time to be determined)

4.      <u>Electronic Records/Data Systems (VMS/Xact PRM handled separately under Subject 3, above)</u>.  Electronic records systems used by Altisource to maintain information regarding REO properties, including but not limited to Deutsche Bank REO properties, that were serviced,  maintained or marketed by Altisource (or by any vendor, contractor or agent acting on Altisource's behalf), including but not limited to the systems identified by Altisource in response to Plaintiffs' Interrogatories, and in Oversight documents and reports identified in Altisource's policies.  (Date and time to be determined)

5.      <u>Policies, Practices and Procedures – Budgeting, Ocwen Approvals, Investor Approvals, Bid Review, Delegated Authority, RSC Approvals, Value Analyses, Total Preservation Cost, Altisource Supervisory Chain Approvals, and Approvals and Use of Funds for work on REO Properties Generally</u>.  Policies, practices or procedures adopted, utilized and/or

approved by Altisource regarding the allocation and approval of funds for and work on Ocwen-related REO properties, including but not limited to, Investor Compliance and Investor Approval guidelines (e.g. "Investor Guideline Matrix" and "Delegated Authority Matrix"), compliance with servicing agreements concerning investor requirements, applications of Ocwen Net Present Value ("NPV") analyses, communications and interactions with Ocwen and with Altisource's vendors regarding and/or as a result of investor guidelines, Total Preservation Cost ("TPC"), Pre-Delegated Authority Matrix, AFS Bid Review Team Procedures, RSC orders or approvals, approval or rejection of vendor bids, standard and non-standard work, and, generally, authorization and use of funds for repair, renovation, preservation, maintenance, valuation, marketing and sale/disposition of REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

6.      Policies, Practices and Procedures – Onboarding and Registering.   Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding onboarding REO properties into Altisource's and its Local or Prime Vendors' systems, and registering vacant REO properties based on city, municipal or state requirements, Altisource's oversight of its vendors regarding these subjects, and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

7.      Policies, Practices and Procedures – Classifications of REO Properties.   Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding Ocwen-related REO properties, including Deutsche Bank REO properties, involving any practice of classification, grouping or categorization of REO properties including but not limited to concerning (a) locational or geographic area, or (b) valuation, dollar value, or net present value,

or ( c) "status" or similar classifications such as "available status," "Out of REO," "redemption," "litigation status," "special servicing assets," "Pre-Listed," "Pending," "Pre Marketing," "Marketing," and Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

8.  <u>Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs</u>. Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding the completion, purposes and uses of property evaluations, valuations, broker price opinions and reconciled broker price opinions or reconciled/reviewed valuations relating to REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

9.  <u>Policies, Practices and Procedures – Preservation, Maintenance and Inspection.</u> The policies, practices or procedures adopted, utilized and/or approved by Altisource regarding preservation, maintenance, and inspection of REO properties, including Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects. (Date and time to be determined)

10. <u>Policies, Practices and Procedures – Marketing/Liquidation</u>. Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding marketing and sale/liquidation of REO properties, including but not limited to marketing plans, MLS listings, use of local realtors, Altisource Residential Sales Consultants, use of and procedures concerning Hubzu, sell "as is" determinations/authorizations, list and reserve price determinations, property auctions and auction types, disposition and/or liquidation or sale, of REO properties, including

the Deutsche Bank REO properties, Altisource's oversight of these subjects and Altisource's reporting to Ocwen on these subjects.   (Date and time to be determined)

11.    <u>Policies, Practices and Procedures – Complaints, Violations.</u>  Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding receiving, investigating and/or responding to informal, administrative, and formal complaints regarding the maintenance of REO properties, including the Deutsche Bank REO properties, impacts of code violations/litigation on the preservation, maintenance and marketing of REO properties, including the funding thereof, risk management, document handling, use of iCasework and predecessor policies, municipal relations, and Altisource's oversight of and reporting on these subjects.  (Date and time to be determined)

12.    <u>Policies, Practices and Procedures- Quality Control, Escalation, Exception Reporting.</u>  Policies, practices or procedures adopted, utilized and/or approved by Altisource regarding Quality Control of activities and operations relating to preservation, maintenance, inspection, valuation, marketing and sale/liquidation of REO properties including Deutsche Bank REO properties, including escalation policies and procedures and exception reporting.

13.    <u>Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale.</u>  The policies, practices or procedures adopted, utilized and/or approved by Altisource regarding:  (a) REO properties and Altisource's appointment as attorney in fact by Ocwen (or any Ocwen designee); (b)  Activities carried out by Altisource and its vendors pursuant to powers of attorney, (c) listing agreements, (d) contracts for sale of REO properties, Altisource's oversight of these subjects, and Altisource's reporting to Ocwen on these subjects.  (Date and time to be determined)

14.    <u>Altisource's Vendors – Selection, Terms, Contracts.</u>  The policies, practices and procedures adopted, utilized and/or approved by Altisource regarding selection and retention of

local or prime vendors to perform services on Ocwen-related REO properties, including

Deutsche Bank REO properties, including but not limited to terms of contracts with Altisource's

vendors, terms of compensation, monitoring, termination, assignment or reassignment of

Altisource's vendors regarding preservation, maintenance, valuation, marketing and

sales/liquidation of REO properties. (Date and time to be determined)

15. <u>Exemplar Property Files and Non-Electronic Systems</u>. The "exemplar" property

files/records produced by Altisource on September 21, 2020 in response to Plaintiffs' discovery

requests and any other non-electronic data records systems used by Altisource to maintain

information regarding preservation, maintenance and marketing of REO properties. (Date and

time to be determined)

16. <u>Policies, Practices and Procedures – Training of Personnel and Vendors.</u> Policies,

practices or procedures adopted, utilized and/or approved by Altisource regarding the training of

persons with responsibilities for REO properties and/or oversight of vendors and regarding the

training of Altisource vendors, regarding REO properties, including Deutsche Bank REO

properties. (Date and time to be determined)

17. <u>Policies, Practices and Procedures – Compliance with Federal, State, Local laws.</u>

Policies, practices or procedures adopted, utilized and/or approved by Altisource to assure that

REO properties, serviced or maintained by Altisource, including the Deutsche Bank REO

properties, are maintained or brought into compliance with federal, state or local laws, including

but not limited to compliance with laws and codes governing health and safety, property

preservation or maintenance and fair housing, training of personnel assigned to oversight of these

subjects, document control and municipal relations. (Date and time to be determined)

11

18.     Reports, analyses or other documents relating to Altisource's REO preservation or maintenance activities submitted to third parties, including, but not limited to:  the Department of Housing and Urban Development, Congress, the Consumer Financial Protection Bureau, local governmental agencies or officials, other Government agencies, Altisource's agents, vendors and contractors, and real estate agents and companies involved in marketing and selling REO properties.  (Date and time to be determined)

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on October 23, 2020 I caused a copy of Plaintiffs' Notice to Altisource Solutions, Inc. of Videotaped Rule 30(b)(6) Deposition by Remote Electronic Means to be served via electronic mail upon above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

13

# Exhibit D

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

November 13, 2020

*Sent Via Email*

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606

Nathan L. Garroway
*Nathan.garroway@dentons.com*
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Matthew C. Sostrin
*msostrin@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

Jacey D. Norris
*jnorris@mayerbrown.com*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606

Shannon Shin
*shannon.shin@dentons.com*
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Re: *Production of Documents Responsive to Plaintiffs' March 6, 2020 Requests; Rule 30(b)(6) Depositions on Policies and Procedures*

Dear Counsel:

As we discussed yesterday, I write to follow up on Ocwen's and Altisource's production of documents in view of our upcoming conferences and planning for Plaintiffs' noticed Rule 30(b)(6) depositions.  I explained that, as Plaintiffs' team reviews Altisource's and Ocwen's rolling document and data productions, we are keeping an informal running list of items we notice are referenced in what has been produced but have not yet been produced, and keeping an eye on categories of or specific documents we otherwise expect to be produced but have not yet been produced.

1

Plaintiffs offered yesterday to share this information, and Defendants agreed it would be helpful for them to receive it, even with the understanding that the listed information may be partial and therefore updated as our review and Defendants' productions continue, may be included in corners of Defendants' production that Plaintiffs have not fully reviewed, may be explained or clarified by you, and/or may already be included in forthcoming future productions. Plaintiffs hope this partial and running-list-style information can be accepted in the proper context and it is offered in the hopes of increasing efficiency and mutual understanding of rolling discovery in this complex case.

As we also discussed yesterday, Plaintiffs also offered to provide Ocwen and Altisource a chart/list of Plaintiffs' best estimation of which policies and/or document categories correlate to Plaintiffs' noticed subjects. Defendants said that would be helpful. We will endeavor to work on that in short order. Plaintiffs are also anticipating ways "sample" documents can also be shown to the subject matter deposition witnesses to allow for more readily understandable, efficient and concrete inquiry. We will attempt to identify in advance of the depositions some sample type documents that we anticipate showing the witnesses. We have done that to a small degree below as regards document types we are looking for.

In response to Defendants' requests for dialogue about the noticed depositions and documents of interest, below is a non-exhaustive/incomplete list of documents and information we have not received (or reviewed[1]) to date, and/or that we expect will be produced shortly, that also relates to the subject matter depositions. In cases where categories noted below of production of property-specific information/data cannot be completed prior to subject matter depositions, production of sample information for a subset relating to a number of scored properties, or samples in general, should in most cases suffice[2]:

Ocwen
Services Letter (original/initial);
Service Level Agreements (SLA);
(examples of) Bankruptcy Orders or other documents granting Ocwen servicing rights for acquired companies, or other similar documentation of Ocwen assumption of obligations under PSAs (as discussed in 11/12/20 call);
Net Present Value information/factors/criteria/samples (please identify what Ocwen system they are maintained in);
Net Present Value analyses for acknowledged Plaintiffs' scored properties;
Sample of how valuation products including but not limited to Property Evaluation Forms Broker Price Opinions and Reconciled Opinions are maintained in particular Ocwen systems;
Investor guidelines;
Delegated Authority Matrixes;

---

[1] Plaintiffs have worked to expeditiously intake and review Defendants' productions, but Plaintiffs' review of Defendants' production of documents is still underway, so it is possible an item referenced in this letter has been recently produced or will be produced imminently.
[2] Of course, Plaintiffs are interested in receiving all property-specific information as soon as practicable.

Documents describing/explaining Ocwen's listed data systems listed in response to Plaintiffs' Interrogatory No. 9, including Real Servicing and successor system(s), Real Resolution, ResWare, Real Tran Next Generation

      User manuals

      Dictionary of acronyms

      Indexes

      Screen shots;

Information regarding Residential Sales Consultants (RSC);[3]

Powers of attorney from Deutsche Bank to Ocwen (covering scored properties or as to particular properties);

Sample powers of attorney from Ocwen to Altisource (all Altisource divisions applicable);

Listing Agreements;

Contracts for sale;

(If same forms are uniformly used for POAs, Listing Agreements, Contracts for Sale, confirm);

Servicing Risk Policy;

Pre-2017 Business Requirements Document (BRD);

Asset Improvement Plan referenced in 11/15 17th Amendment to Services Letter;

Master Servicing Servicer Guide;

Related policies listed on Ocwen_0000008047 (Valuations policy);

Sample of ResWare/REALServicing systems and uploaded PDF as seen on Ocwen_0000008047, 8054 (see email Norris/Soule emails10/26, 10/29 emails);

Organization charts and/or job descriptions;

Sample reports per Ocwen REO Oversight Procedure regarding Ocwen ensuring investor guidelines were followed (Ocwen_00000006);

Sample communications/analyses regarding REO properties put in Cash For Deed Program;

Reports from Ocwen REO Oversight to review Cash For Deed program;

Sample quarterly report as referenced in the Change Control Management Procedure – Mortgage Servicing Oversight, 8-19-15, Ocwen_000000072-77;

Sample daily report capturing BPOs; and Property Value Reconciliation Report - referenced in Valuation Control Reports Oversight Procedure Ocwen_00000141-145;

Training documents

      Staff

      Vendors.


Altisource

Services Letter (original/initial);

Service Level Agreements (SLA);

Standard form contracts with prime/local vendors;

Pre-Delegated Authority Matrixes (Pre-DAM);

---

[3] RSC is referred to in Altisource policies, and we understand that "Residential Sales Consultant" is an Altisource job title, however, ASI000003358 shows Residential Sales Consultants signing for Ocwen on a listing agreement with Altisource as realtor. Perhaps there are powers of attorney used between Ocwen and RSC.

Policies, information and guidelines covering various types of valuations, including Property Evaluation Forms, BPO, Reconciled Opinions;

Sample of the way valuation products including but not limited to Property Evaluation Form, Broker Price Opinions and Reconciled Opinions seen in exemplar files and otherwise referenced in policies were or are maintained in Altisource data systems or shared Ocwen/shared drive systems;

Sample of the way initial and periodic inspection information and forms seen in exemplar files are maintained in Altisource data systems or Ocwen/shared drive systems;

Policies/guidelines regarding Altisource marketing and sales divisions and activities;

Schedule of sales commission fees;

Documents and information about Hubzu

    Listings for scored properties (will use sample in subject matter deposition)

    Documents showing analyses re: marketing plans, listing price, time limited and non-time limited time bids (for plaintiffs' properties – sample to be used at subject matter deposition)

    Sample offers to sell REOs in bulk or to investors or "MI" purchasers;

Policies, documents and information on Residential Sales Consultants (RSC);

Policies, documents and information on Asset Manager;

Sample documents generated by QCAT;

Information about listed data systems (response to Plaintiffs' Interrogatory 9), including the exemplar spreadsheets and 5 data sets produced to date and those that have not been produced to date, VMS (some has been provided to date), Vendorly Invoice, ResWare, REALResolution, iCasework (may be within VMS), Hubzu, Equator;

    Explanation of columns on spreadsheets produced

    Acronyms

    Column headings

    User manuals

    Screen shots

    Clearer copies of VMS, XactPRM, Follow Up Coordinator, etc. manuals (screen shots illegible);

Information on how Total Preservation Cost (TPC) is calculated

    analyses/determination/criteria; TPC calculations for acknowledged scored properties;

Explanation of "Cancellation Flags" as seen on ASI0000009521;

Litigation status and "RE" Flag as seen in Follow Up Coordinator Procedure ASI0000831 at 8853;

Descriptive/explanatory list of "Investor" numbers and names on ASI000009521;

Information and policies about Altisource RealHome Services and Solutions (and predecessors/successors);

Information about "RVA" (referenced regarding valuations);

Icase info (Policies addressing this were produced 11/6/20, but we are not sure if all Icase scenarios/originations are addressed in them)

    Information on how third party complaints were handled and documented before Icase, confirm that complaints are all in Icase/VMS (including those that call center received –

<center>4</center>

we note that Altisource "Property Preservation and Inspection Call Center Procedures"
    describes a different system than Ocwen "call center");
Organization charts and/or job descriptions (2015-present ok for now in view of escalation
matrix, contacts, and related documents produced)
Training documents;
    Staff
    Vendors
    LMS/Grovo.

Additionally as to Altisource, we are reviewing ASI000009518-9522. Please confirm
that all information in VMS on the acknowledged scored properties has been or will be
produced. We have not yet discovered whether PDFs and other documents uploaded into the
VMS system are included in the data provided so far. Likewise, we note from policies that have
been produced that Vendor Estimates and responses, Proposal Requests, Bids (and
approvals/denials), communication logs between Altisource and Vendors, and Contract Orders
should (we think) be contained within VMS, but we have not seen those yet in the data produced
to date and assume that will be produced soon.

As we discussed yesterday, other similar property-specific items that we wonder about
being located in their entirety/total/complete form in Altisource or Ocwen data systems, be it
VMS or the other systems (some items are noted in the lists above), are the various types of
inspection forms, valuation products, and marketing and sales information, including marketing
plans and approvals and listings. We did see some Hubzu information in the exemplar
spreadsheet, so we assume a full version of that is on its way. We would like to utilize samples
of this type of information/these documents during the subject matter depositions.

Finally, our litigation support group has finally been able this week to start imaging the
Agnew Field Services documents (we believe these are all communications with Altisource,
thus, in Altisource's possession already) and we should be able to produce those in the next few
business days. We have not yet reviewed these documents, but we anticipate selecting a few
sample document types or communication types from that set for use at one or more subject
matter depositions. We will provide those samples to you in advance.

We also want to confirm here, as I mentioned yesterday (and in our November 5, 2020
conference, as well as in argument before the Court on Tuesday), that there are two presently
noticed Ocwen subject matters (16 – Fair housing/Fair Lending Assessments, 17-
Reports/analyses to 3rd parties relating to REO preservation and maintenance), and one noticed
Altisource subject (18 – Reports/analyses to 3rd parties relating to REO preservation and
maintenance) that Plaintiffs agree can be scheduled at a later point in discovery.

This letter does not fully encompass or identify property-specific information Plaintiffs
have been able to determine to date needs to be produced (and, likely as important, what
property-specific information does not need to be produced). Some of the above obviously

points in that direction. We have said that we are attempting to narrow/determine if production of property-specific information in whole or part from Altisource's Vault or Ocwen's "image files" rather than from Defendants' systems. We are endeavoring to write separately about that, as we explained yesterday. Having some of the above information will aid in our assessment of this.

We hope this is helpful and in line with what counsel for Ocwen and Altisource have suggested, and we are willing to provide updates as we continue to review Defendants' document productions and approach the subject matter depositions.

We look forward to talking with you again next Thursday, November 19.


Sincerely,

Jennifer K. Soule

cc: Counsel of Record

# Exhibit E

**Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation**
**Rule 30(b)(6) Policies and Procedures Subjects with Documents**
**November 16, 2020 – Per Defendant's Request to NFHA Counsel**
**NOTE: THIS IS A DRAFT PROVIDED AS A COURTESY TO DEFENDANTS BASED**
**ON PLAINTIFFS' ONGOING REVIEW OF DOCUMENTS PRODUCED TO DATE[1]**

*Not produced as of 11/17/20, additional documents/samples should be produced prior to deposition.

|   | Subject/Deposition (short description) | Documents that may be shown |
|---|---|---|
| 1 | Policies, Practices and Procedures – Selection, Terms, Contracts with Vendors | Ocwen contracts/agreements produced 11/6/20; Altisource contracts/agreements produced 11/6/20; Sample PSAs- BM60, DBNFHA 27275-27674, DB078C DBNFHA 30003-30481, RM601 DBNFHA 11524-115625; Change Control Management Procedure – Mortgage Servicing Oversight Ocwen_0000072-77, Ocwen_0000078-82, Ocwen_00000162-166; Statement Of Work Allowable Oversight Procedure OCWEN_0012885-12892; MSO Vendor Scorecard Loan-Level Data Review Procedure OCWEN_0012909-12914; Servicing Operations Policy OCWEN_0012933-12941, OCWEN_0012942-12950, OCWEN_0012951-12958; Servicing Oversight (REO) Policy OCWEN_0012959-12964 ; Vendor Order Management Control Procedure OCWEN_0013092-13096; *Service Level Agreements*; *Bankruptcy Orders granting Ocwen servicing rights*; *Pre 2017 Business Requirements Document (BRD)*; *Asset Improvement Plan (referenced in 11/15 17th Amendment to Services Letter)*; *Master Servicer Servicing Guide/Master Servicer Policy*. <br><br> [May need a witness familiar with contracts and separate witness familiar with their implementation] |
| 2 | Policies, Practices and Procedures – Onboarding and Registering | Property Registration Oversight Procedure Ocwen_00000133-140, OCWEN_0012920-2927; Property Preservation and Inspection Oversight Boarding Procedure Ocwen_0000157-161; REO Loan on-boarding Procedure OCWEN_0012928-12932; DB Information sheet Ocwen_0006636; |

---

[1] Plaintiffs reserve the right to use additional documents during the depositions. Additional samples of similar types listed may be shown.

| 3 | Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale | Real Estate Owned Oversight Procedure – MSO, Ocwen_0000007 relating to appointing and authorizing Vendor;<br>Sample executed limited powers of attorney from DB to Ocwen, such as Ocwen_0006842-0006854 (*additional samples should be produced*);<br>*Sample limited powers of attorney from Ocwen to Altisource*;<br>Sample Altisource acting on behalf of DB (assuming) via POA, e.g. Ocwen_0007500-7502;<br>Sample POA-related, deed-related or mtg assignment to DB documents and misc. documents (e.g. Loss Mitigation Affidavits completed by Ocwen for DB), from exemplar property-specific files, e.g.: Ocwen_0000202-204, Ocwen_0000892, Ocwen_0000984-986, Ocwen 6637, Ocwen_0008047-8101, Ocwen_0008489-8493, Ocwen_0008504-8507, Ocwen_0009743, Ocwen_0010187, Ocwen_0010282-10284, Ocwen_0008090, Ocwen_0008047-8059, Ocwen_0008504-8507, Ocwen_9736-9741, Ocwen_0010282-0010284, Ocwen_0010301-10303, Ocwen_0011920-11924, Ocwen_0012847-12849;<br>Screen shot listing DB and POA number, Ocwen 0008096;<br>Sample listing agreements such as ASI000003358, Ocwen_00003612, Ocwen_0003598, Ocwen_0003610-3618 (*other samples/types should be provided by Ocwen and Altisource*);<br>Sample sale-related documents, including contracts for sale, Ocwen_0001124-1125, Ocwen_0009866-9869, Ocwen_0003430, ASI000000873, Ocwen_0012245-12246 (*other samples/types should be produced by Ocwen and Altisource*) |
| 4 | Investor Compliance | Ocwen contracts/agreements produced 11/6/20;<br>Sample PSAs- BM60, DBNFHA 27275-27674, DB078C DBNFHA 30003-30481, RM601 DBNFHA 11524-115625;<br>Real Estate Owned Oversight Procedure – MSO Ocwen_0000001-20, 21-39 Sections relating to Investor Compliance and Delegated Authority, Reports/escalation process, Asset Manager responsibilities;<br>Sample Pre-Foreclosure Referral Letter Ocwen_0008489-0008493;<br><br>*Delegated Authority Matrix(es)*;<br>*Communication of DAM and Investor Guidelines to Altisource for each portfolio/trust/scored property*;<br>*Investor Guidelines*; |

|  |  | *Net Present Value criteria and calculations* (produce at least a sample before subject matter depositions); *Sample Report referred to at Ocwen_0000006*; |
|---|---|---|
| 5 | Policies, Practices and Procedures – Classifications of REO Properties | Move to end of schedule/determine if otherwise covered in other subjects |
| 6 | Policies, Practices and Procedures – Approvals and Use of Funds | Real Estate Owned Oversight Procedure – MSO Ocwen_0000001-20, 21-39;  Invoice Oversight Procedure OCWEN_0012893 – 12898, OCWEN_0012899 – 12903, OCWEN_0012904 – 12908; *Procedure covering Net Present Value *; *Sample Net Present Value calculations*; *Delegated Authority Matrix(es)*; *Communication of DAM and Investor Guidelines to Altisource for each portfolio/trust/scored property*; *Investor Guidelines*; *Net Present Value calculations* (produce at least a sample before subject matter depositions); Sample OMS approvals -ASI000000646, ASI000000712-715, 0012274-0012277; Sample printouts re Loss mitigation, "NPV," etc. – Ocwen_0001634-1676; Ocwen_0003488-3527; Sample Altisource Invoice – Ocwen_0004782; OA Details/PPI – Ocwen_0012859-12863; |
| 7 | Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs | Valuation Boarding Oversight Procedure OCWEN_0012965 – 12970; Valuation Oversight Procedure OCWEN_0012971-12995, OCWEN_0012996 – 13020, OCWEN_0013021-13036, OCWEN_0013037 – 13051, OCWEN_0013052-13065; Valuation Quality Assurance Review Procedure OCWEN_0013066 – 13076, OCWEN_0013077-13086; REO Oversight Procedure – Mortgage Servicing Oversight policy sections relating to market value, independent valuation products Ocwen_000001-20, Ocwen_0000021-39; Valuation Control Reports Oversight Procedure Ocwen_0000141-145, Ocwen_0000146-151; Valuation Related Complaint Procedure Ocwen0000152; Valuations Service Level Agreement Reporting Procedure-Mortgage Servicing Oversight OCWEN_0013087-13091 ; Property Evaluation Forms – ASI000000039, ASI000000058; Broker Price Opinion – ASI000000160-172, Ocwen_0012399-12417; Uniform Residential Appraisal Report – ASI000000368-369; |

| | | Property value research – Ocwen_000929, Ocwen_0010894-10903, Ocwen_001142, Ocwen_001143, Ocwen_0003488-3527, Ocwen_0004145;<br>Non-Altisource Valuations – Ocwen_0004159, Ocwen_0006027, Ocwen_0006034-6220;<br>Altisource Real Estate Valuation Services Reconciled Opinion – Ocwen_0004171-4172, Ocwen_0012418-12419;<br>Ocwen_0007305-7323 (includes Real Estate Valuation Services Analytics); |
|---|---|---|
| 8 | Policies, Practices and Procedures – Preservation, Maintenance and Inspection | Property Preservation and Inspection Oversight Procedure Ocwen_0000040-46, Ocwen_0000047-54, Ocwen_0000055, Ocwen_0000063-71 Ocwen_000118-125, Ocwen_0000126-132, Ocwen_0000167-174;<br>Property Inspection Oversight Procedure – Mortgage Servicing Oversight Ocwen_0000083-93, Ocwen_000096-106, Ocwen_0000107-117;<br>Property Inspection Oversight Sample Review Procedure OCWEN_0012915-12919;<br>Sample letter referring borrower to Altisource, Ocwen_000094-95;<br>Sample Altisource Work Item sheets from exemplar files (various) |
| 9 | Policies, Practices and Procedures – Marketing/Liquidation | REO Oversight Procedure – Mortgage Servicing Oversight – Sections Relating to Marketing/Liquidation, listings, Hubzu, high value/low value properties and pricing, Cash For Deed program, Ocwen_0000001-20, Ocwen_0000021-39;<br>RealHome Services and Solutions  - ASI000000787;<br>Listing Agreement, local broker – Ocwen_0003598;<br>Listing Agreement, RealHome Services & Solutions, Inc. (Altisource) -Ocwen_0003610-3618;<br>Time Limited Bidding – Ocwen_0003600;<br>*Sample analyses/communications re REO properties put in Cash For Deed Program*;<br>Sample listing agreements and contracts for sale (see above) |
| 10 | Policies, Practices and Procedures – Complaints, Violations | Code Violation Oversight Procedure OCWEN_0012870-12876, OCWEN_0012877-12884<br>*Sample communications from DB regarding complaints and code violations*<br>*Sample communications to Altisource regarding complaints and code violations* |
| 11 | Exemplar Property Files and Non-Electronic Systems | Manner of collecting/compiling/storing;<br>Source of document types; Misc. outliers, e.g. PHH printouts See also Note 2 to subject 12. |

| 12 | Electronic Records/Data Systems | *Information about Ocwen listed systems and exemplar spreadsheets or exemplar representative data from scored DB properties have not been produced by Ocwen[2]*; <br> Occasional screen shot samples from exemplar files – Ocwen_0008096, Ocwen_0001634-1676, Ocwen_0003488-3527; <br> ResWare/RealServicing screen shots at Ocwen_00008047, 8054; <br> Sample Invoice from Altisource – Ocwen_0004782; <br> *Sample of valuation products in Ocwen systems*; <br> *User manuals from RealServicing (and successor), RealResolution, ResWare, Real Tran Next Generation and any other applicable Ocwen systems (not otherwise produced by Altisource) containing data on scored properties*; |
|---|---|---|
| 13 | Policies, Practices and Procedures – Training of Personnel | *Training documents have not yet been produced*; |
| 14 | Policies, Practices and Procedures – Compliance with Federal, State, Local laws | Move to end of schedule/determine if otherwise covered in other subject depositions. |
| 15 | Organization | *Organization charts should be produced*; <br> Ocwen's Responses to Pltffs' Interrogatories listing department(s); <br> Various policies and procedures - Roles and Responsibilities Sections, generally |
| 16 | Fair housing and/or fair lending assessments conducted by Ocwen related to Ocwen's REO servicing program | To be scheduled later in discovery |
| 17 | Reports, analyses or other documents relating to Ocwen's REO preservation or maintenance activities submitted to third parties | To be scheduled later in discovery |

---

[2] Altisource informed Plaintiffs in October that Altisource was not producing information about Plaintiffs' scored Deutsche Bank properties from RealServicing (and its successor system) because it was Ocwen only or that Ocwen only was producing this information. This has not been produced to date by Ocwen. Plaintiffs have observed scant (unclear/illegible) screen shots that may be from RealServicing (or its successor)in Ocwen's 4 exemplar "image files"/property-specific files, but are unable to understand from these what information relevant to Plaintiffs' claims or Ocwen's defenses is contained in or retrievable from RealServicing (or its successor).

# Exhibit F

**Altisource Solutions, Inc.**
**Rule 30(b)(6) Policies and Procedures Subjects**
**November 17, 2020 – Per Defendant's Request to NFHA Counsel**
**NOTE: THIS IS A DRAFT PROVIDED AS A COURTESY TO DEFENDANTS BASED ON PLAINTIFFS' ONGOING REVIEW OF DOCUMENTS PRODUCED TO DATE[1]**

| | Subject (shortened description) | Documents that may be shown |
|---|---|---|
| 1 | Contracts with Ocwen | Ocwen contracts/Agreements Produced 11/6/20; Altisource contracts/Agreements Produced 11/6/20; *Service Level Agreements* |
| 2 | Organization | Exception Reporting Procedures ASI000008086-8126; Field Services Vendor Escalation Matrix ASI000008127-8133; Escalation Matrix and Altisource Contacts ASI000008235-8265; AFS Contacts and AFS Escalation Matrix ASI000009254; Other misc. policy references to roles and responsibilities and departments; *organizational charts may/should be produced* |
| 3 | VMS and XactPRM | VMS Client Portal Guide ASI8028-8049; XactPRM Users Guide ASI00008174-8199; General Information Vendor Guide ASI00008437-8532; Clearer copies needed to display screen shots*; Sample pages from exemplar spreadsheet VMS productions ASI000008008-8011; Sample portions of VMS 11/6/20 Productions ASI000009518, 9519, 9520, 9521; *Samples of communications with Altisource vendors* (Agnew FS examples to be produced by Plaintiffs) |
| 4 | Electronic Records/Data Systems (VMS/Xact PRM handled separately under Subject 3, above) | Exemplar Spread sheets, ASI000008002-8007; Samples from Utility data spreadsheet-ASI000009522; *User manuals, dictionary of acronyms and column headings, screen shots regarding Altisource's non-VMS listed systems*; |

[1] Plaintiffs reserve the right to use additional documents during the depositions. Additional samples of similar types listed may be shown.

| | | |
|---|---|---|
| | | *Samples from other 5 Altisource data systems for acknowledged properties*[2]; Sample of valuation products on Altisource systems*; *Sample of inspection forms/types on Altisource systems*; *Examples of drives/systems/reports shared with Ocwen*; Sample Invoices – Ocwen_0004782, Ocwen_0011467; |
| 5 | Policies, Practices and Procedures – Budgeting, Ocwen Approvals, Investor Approvals, Bid Review, Delegated Authority, RSC Approvals, Value Analyses, Total Preservation Cost, Altisource Supervisory Chain Approvals, and Approvals and Use of Funds for work on REO Properties Generally | *Pre-Delegated Authority Matrixes*; *Delegated Authority Matrixes*; *Communication of DAM and Investor Guidelines to Altisource for each portfolio/trust/property*; *Policies and procedures covering RSC*; AFS Bid Team Procedures ASI00008266-8373; *Sample Net Present Value calculations communicated to Altisource*; *Policies and Procedures covering Total Preservation Cost*; VMS Client Portal Guide ASI8028-8049; AFS Expense Management Procedures, ASI00008404-8436; Special Servicing Preservation Coordination Procedure ASI0000010808-11202; Bid Submission Vendor Guide ASI000008807; General Information Vendor Guide ASI000009698-9793; Sample Altisource Invoices – e.g. Ocwen_0004782; *Vendor Estimates and communications with Vendors regarding approvals/denials of bids*; Sample OMS approvals -ASI000000646, ASI000000712-715, 0012274-0012277; Sample doc from exemplar file re Bids – ASI000000805; Samples from Agnew FS documents (Pltffs to identify in advance) |
| 6 | Policies, Practices and Procedures – Onboarding and Registering | Property Registration Procedures ASI000009794-9902; AFS State and City Procedures ASI000009044; Sample Foreclosure Information Report Ocwen_0012158-59; |

---

[2] Altisource informed Plaintiffs in October that its productions of all information regarding acknowledged scored properties from Altisource's various listed systems will occur on a rolling basis, and, accordingly, first produced information from VMS and Utilities on November 6, 2020.

| | | Sample Vacant Building Registration – Ocwen_0010929-10931; Sample Registration Fee and date – Ocwen_0011131-11132; |
|---|---|---|
| 7 | Policies, Practices and Procedures – Classifications of REO Properties | Move to end of scheduled/determine if covered by other subjects |
| 8 | Policies, Practices and Procedures – Completion, Purposes, Uses of Evaluations, Valuations and BPOs | *Policies and Procedures* Property Evaluation Forms, BPO samples and types – Ocwen_0004194-4213, ASI000000039, ASI000000058, Ocwen7287- 7302, Ocwen_0007305-7323 (includes Real Estate Valuation Services Analytics), RealTrans, An Altisource Technology, Broker Price Opinion – Ocwen_0004145, Ocwen_4175-4182, Ocwen_4183-4193, Altisource Real Estate Valuation Services Reconciled Opinion – Ocwen_0004171-4172 (also references "Matrix Test Comments"), Ocwen_0004214-4215, Ocwen_0007303-7304, Altisource RealEstate Valuation Services – Ocwen_0004173-4174, Ocwen_0000010915-10916, Broker Price Opinion – ASI000000160-172, Ocwen_0012399-12417, Altisource Real Estate Valuation Services Reconciled Opinion – Ocwen_0004171-4172, Ocwen_0012418-12419 [Pltffs will show various routine samples of valuation forms and documents – not all may be particularly listed here] |
| 9 | Policies, Practices and Procedures – Preservation, Maintenance and Inspection | PFC and REO Cleanout and Debris Removal Policy ASI8012-8027; Vendor Management System (VMS) Client portal Guide ASI8028-8049; General Information Vendor Guide ASI00008437-8532, ASI000009698-9793; Real Estate Owned Operational Vendor Guide ASI000001068-10429; Commercial Property Inspection Services Procedures ASI000008050-8085; AFS Property Management Engineer Procedures ASI0000008136-8158; VEEP Standard Operating Procedures ASI000008199-8234; AFS Utility Management Procedures ASI000008692, ASI0000010480-10594; Follow Up Coordinator Procedure ASI0000088831; |

| | | Sample letter referring borrower to Altisource, Ocwen_000094-95;<br>Samples from Agnew FS documents (Pltffs to identify in advance);<br>*RSC policies and procedures*;<br>**Inspection Form Types and samples** – Ocwen_0004301-4324, ASI000000180-184, ASI000000199-202, ASI000000392, ASI000000398-429, Ocwen_0004285, Ocwen_0004343-4344, Ocwen_0011091-11094, Ocwen_0012664-12695;<br>[Pltffs will show various routine samples of inspection forms – not all may be particularly listed here]<br>**Work Item Sheets/Types and samples** – ASI000000430-436, ASI000000454, ASI000000724, ASI000000893(invoice form lists issued and completed dates), Ocwen_0004362-4367, Ocwen_0004508-4512, Ocwen_0004539-4558, Ocwen_0004566-4571, Ocwen_0004625-4628, Ocwen_0010951-10957 ("Service Fee" Category – Marketing Photograph), Ocwen_0011000-11006 ("Interior Repairs" Category), Ocwen_0011158-11193 ("Initial Services")<br>[Pltffs will show various routine samples of categories and line items – not all may be particularly listed here]<br>**Samples from communications with vendors***<br>**Sample Vendor Estimates and responses***<br>**Sample Bids*** |
|---|---|---|
| 10 | Policies, Practices and Procedures – Marketing/Liquidation | *Altisource (various divisions/and Hubzu) Policies and procedures*;<br>Real Estate Owned Oversight Procedure – MSO Ocwen_0000001-20, 21-39 – Sections Relating to Marketing/Liquidation, listings, Hubzu, high value/low value properties and pricing, Cash For Deed program;<br>RealHome Services and Solutions - ASI000000787;<br>Listing Agreement, RealHome Services & Solutions, Inc. (Altisource) -Ocwen_0003610-3618;<br>Time Limited Bidding – Ocwen_0003600;<br>Marketing signage installation invoice-ASI000000893;<br>Ocwen_0010951-10957 ("Service Fee" Category – Marketing Photograph);<br>*Sample Marketing Plan*; |

4

| | | *Hubzu policies and procedures*; Sample Hubzu policies and procedures* (see 11/13 ltr) |
|---|---|---|
| 11 | Policies, Practices and Procedures – Complaints, Violations | Document Handling Procedures ASI000008374; Altisource Field Services Call Center Procedures ASI000009523-9697; Property Preservation and Inspection Call Center Procedures ASI0000010595-10807; Real Estate Owned Code Violations Procedures ASI000009903-10067; VMS Client Portal Guide ASI8028-8049; General Information Vendor Guide ASI00008437-8532, ASI000009698-9793; Real Estate Owned Operational Vendor Guide ASI000001068-10429 |
| 12 | Policies, Practices and Procedures- Quality Control, Escalation, Exception Reporting | Regional Field Services Manager Procedures ASI000000008642-8691, ASI0000010430-10479; Escalation Matrix and Altisource Contacts ASI00008235-8265; Exception Reporting Procedures ASI000008086-8126; Field Services Vendor Escalation Matrix ASI000008127-8133; AFS Quality Control and Audit Procedures ASI000008159-8173; Altisource Field Services AFS Contacts and AFS Escalation Matrix ASI 00009254  ; *Sample documents generated by QCAT*; *RSC policies and procedures* |
| 13 | Powers of Attorney, Listing Agreements, Deeds, Contracts for Sale | *Policies and Procedures*; Sample POAs from Ocwen to Altisource*; Sample Altisource acting on behalf of DB (assuming) via POA, e.g. Ocwen_0007500-7502; Sample listing agreements such as ASI000003358; *Sample Contracts for sale using Altisource as agent*; |
| 14 | Altisource's Vendors – Selection, Terms, Contracts | *Standard form contracts with prime/local vendors* (samples to be used at deposition*); |
| 15 | Exemplar Property Files and Non-Electronic Systems | *Plaintiffs propose this subject be handled with an informal conference/interview – to be discussed* What are sources of documents in "vault," what systems used; manner of compilation. |
| 16 | Policies, Practices and Procedures – Training of Personnel and Vendors | *Training documents not yet produced* *LMS/Grovo (referenced in policies produced to date)*; *Altisource Training Academy documents* |

5

| 17 | Policies, Practices and Procedures – Compliance with Federal, State, Local laws | Determine if otherwise covered by other subject matter depositions |
|----|------------------------------------------------------------------------------|---------------------------------------------------------------------|
| 18 | Reports, analyses or other documents relating to Altisource's REO preservation or maintenance activities submitted to third parties | Agreed to schedule later in discovery |

**\*Not produced as of 11/15/20, additional documents/samples to be produced prior to deposition.**

# Exhibit G

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Kelly K. Lambert
KLambert@SBLLegal.com

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

November 23, 2020

*Sent Via Email*

Debra Bogo-Ernst
dernst@mayerbrown.com
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL  60606

Matthew C. Sostrin
msostrin@mayerbrown.com
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL  60606

Jacey D. Norris
jnorris@mayerbrown.com
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL  60606

> *Re: Plaintiffs' Notices of Rule 30(b)(6) Depositions to Ocwen Loan Servicing LLC,*
> *NFHA et al. v. Deutsche Bank National Trust Company, et al. 18 CV 839*

Dear Counsel:

We write pursuant to the Court's November 10, 2020 Order requiring the parties to submit a schedule for Plaintiffs' noticed Rule 30(b)(6) depositions by December 11, 2020, to be conducted in January, 2021.

Thus far, the parties have engaged in three tele-conferences concerning Plaintiffs' noticed depositions before and since the Court's November 10 Order.  In addition, on November 13, Plaintiffs provided Ocwen and Altisource on November 13, 2020 with an overview of documents missing from production as well as certain documents Plaintiffs anticipate should be produced soon and before related subject matter depositions.  Further, on November 17, in response to Ocwen's and Altisource's questions, Plaintiffs undertook considerable effort to provide our best estimation (based on documents produced as of that time – and no further productions have occurred since) of documents that may be shown to the designated testifying representatives at the noticed depositions, correlating to the noticed subjects for each Defendant.  Finally, on

1

November 19, 2020, Plaintiffs answered Ocwen's and Altisource's questions regarding each noticed deposition.

Counsel for Ocwen suggested during our November 19, 2020 conference that the parties should confer again during the week of November 30, 2020 concerning the schedule required by the Court to be submitted to it. Counsel for Ocwen also stated during that conference that the schedule for and time allotted to Plaintiffs' depositions was in dispute and defense counsel shared a restrictive framework for Plaintiffs' noticed depositions.

Plaintiffs believe it is prudent to conclude the parties' conferencing on the issue of scheduling Plaintiffs' noticed depositions by December 7, 2020.

To facilitate our next conference, attached please find our proposed deposition schedule for completion of Plaintiffs' noticed depositions of Ocwen in January 2021. Also attached is a similar calendar for Altisource, with all January dates. While the Court's November 10, 2020 Order directs that this group of depositions be completed in January, Plaintiffs are open to considering an agreed schedule that commences in January but extends into February.

Based on Defendants' representations that their impending production of documents will conclude within 30 days of the November 10 hearing, we should advise the Court that Defendants' production of documents relating to the noticed depositions will be concluded by December 11, 2020. If *additional* documents relating to subjects are identified during Defendants' preparation, they should be produced at least five days prior to the noticed deposition. Plaintiffs do not suggest that Defendants hold relevant documents until closer to the scheduled deposition, and it would be counterproductive to the efficient completion of the depositions.

Plaintiffs believe that flexibility will be required and Plaintiffs do not agree to arbitrary or overly onerous time limitations. For example, some topics may be covered in a relatively shorter than expected time, whereas others involve many sub-categories of subjects which may require additional time. Plus, a particular produced witness may profess limited or no knowledge in response to certain questions that may then require the production of another witness with better knowledge regarding those questions.

For this complex case, Plaintiffs reasonably seek to take 13 Rule 30(b)(6) subject matter depositions over approximately 9 days of Ocwen Loan Servicing, LLC. Plaintiffs have moved or condensed 4 of the originally noticed 17 Ocwen depositions.

We would like to schedule another conference on November 30, 2020 excluding 2:30 - 3:30 Central time, December 1, 2020, after 11:00 Central time, or December 3, any time.

Please respond at your earliest convenience.

Sincerely,

Jennifer K. Soule

cc: Counsel of Record

3

# January

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5<br><br>Ocwen 4: Investor compliance – includes contracts w/ DB/PSAs<br><br>Ocwen 2: Onboarding & registering | 6<br><br>Ocwen 1: Selection, terms, monitoring, oversight, compensation, contracts with vendor/Altisource | 7<br><br>Ocwen 11: Exemplar property files & non-electronic systems<br><br>Ocwen 12: electronic records/data sytems (RealServicing, ResWare, shared systems) | 8<br><br>Ocwen 15: Organization<br><br>Ocwen 3: POA, listing agreements, deeds, contracts for sale | 9 |
| 10 | 11 | 12 | 13<br><br>Ocwen 6: Approvals and use of funds | 14 | 15 | 16 |
| 17 | 18<br><br>**Martin Luther King Jr. Day** | 19 | 20 | 21 | 22 | 23 |
| 24 | 25<br><br>Ocwen 8: Preservation, maintenance & inspection, includes oversight of vendor/AS | 26<br><br>Ocwen 7:  Completion, purposes, uses of evals, valuations & BPOs<br><br>Ocwen 9: Marketing/liquidation | 27 | 28<br><br>Ocwen 13: Training of personnel<br><br>Ocwen 10: Complaints, code violations | 29<br><br>Overflow | 30 |
| 31 | | | | | | |

# Exhibit H

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

November 23, 2020

*Sent Via Email*

Nathan L. Garroway
*Nathan.garroway@dentons.com*
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

Shannon Shin
*shannon.shin@dentons.com*
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Re: *Plaintiffs' Notices of Rule 30(b)(6) Depositions to Altisource Solutions, Inc., NFHA et al. v. Deutsche Bank National Trust Company, et al. 18 CV 839*

Dear Counsel:

We write pursuant to the Court's November 10, 2020 Order requiring the parties to submit a schedule for Plaintiffs' noticed Rule 30(b)(6) depositions by December 11, 2020, to be conducted in January, 2021.

Thus far, the parties have engaged in three tele-conferences concerning Plaintiffs' noticed depositions before and since the Court's November 10 Order. In addition, on November 13, Plaintiffs provided Ocwen and Altisource on November 13, 2020 with an overview of documents missing from production as well as certain documents Plaintiffs anticipate should be produced soon and before related subject matter depositions. Further, on November 17, in response to Ocwen's and Altisource's questions, Plaintiffs undertook considerable effort to provide our best estimation (based on documents produced as of that time – and no further productions have occurred since) of documents that may be shown to the designated testifying representatives at the noticed depositions, correlating to the noticed subjects for each Defendant. Finally, on

1

November 19, 2020, Plaintiffs answered Ocwen's and Altisource's questions regarding each noticed deposition.

Counsel for Ocwen and Altisource suggested during our November 19, 2020 conference that the parties should confer again during the week of November 30, 2020 concerning the schedule required by the Court to be submitted to it. Counsel for Ocwen also stated during that conference that the schedule for and time allotted to Plaintiffs' depositions was in dispute and defense counsel shared a restrictive framework for Plaintiffs' noticed depositions.

Plaintiffs believe it is prudent to conclude the parties' conferencing on the issue of scheduling Plaintiffs' noticed depositions by December 7, 2020.

To facilitate our next conference, attached please find our proposed deposition schedule for completion of Plaintiffs' noticed depositions of Altisource in January 2021. Also attached is a similar calendar for Ocwen, with all January dates. While the Court's November 10, 2020 Order directs that this group of depositions be completed in January, Plaintiffs are open to considering an agreed schedule that commences in January but extends into February.

Based on Defendants' representations that their impending production of documents will conclude within 30 days of the November 10 hearing, we should advise the Court that Defendants' production of documents relating to the noticed depositions will be concluded by December 11, 2020. If *additional* documents relating to subjects are identified during Defendants' preparation, they should be produced at least five days prior to the noticed deposition. Plaintiffs do not suggest that Defendants hold relevant documents until closer to the scheduled deposition, and it would be counterproductive to the efficient completion of the depositions.

Plaintiffs believe that flexibility will be required and Plaintiffs do not agree to arbitrary or overly onerous time limitations. For example, some topics may be covered in a relatively shorter than expected time, whereas others involve many sub-categories of subjects which may require additional time. Plus, a particular produced witness may profess limited or no knowledge in response to certain questions that may then require the production of another witness with better knowledge regarding those questions.

For this complex case, Plaintiffs reasonably seek to take 15 Rule 30(b)(6) subject matter depositions over approximately 10 days of Altisource Solutions. Plaintiffs have moved or condensed 3 of the originally noticed 18 Altisource depositions.

We would like to schedule another conference on November 30, 2020 excluding 2:30 - 3:30 Central time, December 1, 2020, after 11:00 Central time, or December 3, any time.

Please respond at your earliest convenience.

2

Sincerely,

Jennifer K. Soule

cc: Counsel of Record

# January

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11<br>AS 1: Contracts with Ocwen<br>AS 6: Onboarding and registering | 12<br>AS 14: Selection, terms, contracts with vendors<br>AS 13: POA, listing agreements, deeds, contracts for sale | 13 | 14<br>AS 3: VMS and XactPRM<br>AS 2: Organization | 15<br>AS 8 : Completion, purposes, uses of evals, valuations, & BPOs<br>AS 10: Marketing/liquidation | 16 |
| 17 | 18<br>**Martin Luther King Jr. Day** | 19<br>AS 4: electronic records/data systems<br>AS 15: Exemplar property files & non-electronic systems | 20<br>AS 9: Preservation, maintenance | 21<br>AS 5: Budgeting, Ocwen approvals, investor approvals, bid review, delegating authority, RSC approvals, value analyses, etc. | 22<br>AS 11: Complaints, code violations<br>AS 12: Quality control, escalation, exception reporting | 23 |
| 24 | 25 | 26<br>AS 16: Training of personnel and vendors | 27 | 28 | 29<br>Overflow | 30 |
| 31 | | | | | | |

# Exhibit I

# January

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 <br> Ocwen 4: Investor compliance – includes contracts w/ DB/PSAs <br> Ocwen 2: Onboarding & registering | 6 <br> Ocwen 1: Selection, terms, monitoring, oversight, compensation, contracts with vendor/Altisource | 7 <br> Ocwen 11: Exemplar property files & non-electronic systems <br> Ocwen 12: electronic records/data sytems (RealServicing, ResWare, shared systems) | 8 <br> Ocwen 15: Organization <br> Ocwen 3: POA, listing agreements, deeds, contracts for sale | 9 |
| 10 | 11 | 12 | 13 <br> Ocwen 6: Approvals and use of funds | 14 | 15 | 16 |
| 17 | 18 <br> **Martin Luther King Jr. Day** | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 <br> Ocwen 8: Preservation, maintenance & inspection, includes oversight of vendor/AS | 26 <br> Ocwen 7: Completion, purposes, uses of evals, valuations & BPOs <br> Ocwen 9: Marketing/liquidation | 27 | 28 <br> Ocwen 13: Training of personnel <br> Ocwen 10: Complaints, code violations | 29 <br> Overflow | 30 |
| 31 | | | | | | |

# Exhibit J

# January

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11<br><br>AS 1: Contracts with Ocwen<br>AS 6: Onboarding and registering | 12<br><br>AS 14: Selection, terms, contracts with vendors<br>AS 13: POA, listing agreements, deeds, contracts for sale | 13 | 14<br><br>AS 3: VMS and XactPRM<br>AS 2: Organization | 15<br><br>AS 8 : Completion, purposes, uses of evals, valuations, & BPOs<br>AS 10: Marketing/liquidation | 16 |
| 17 | 18<br><br>**Martin Luther King Jr. Day** | 19<br><br>AS 4: electronic records/data systems<br>AS 15: Exemplar property files & non-electronic systems | 20<br><br>AS 9: Preservation, maintenance | 21<br><br>AS 5: Budgeting, Ocwen approvals, investor approvals, bid review, delegating authority, RSC approvals, value analyses, etc. | 22<br><br>AS 11: Complaints, code violations<br>AS 12: Quality control, escalation, exception reporting | 23 |
| 24 | 25 | 26<br><br>AS 16: Training of personnel and vendors | 27 | 28 | 29<br><br>Overflow | 30 |
| 31 | | | | | | |

# Exhibit K



Mayer Brown LLP
71 South Wacker Drive
Chicago IL 60606
United States of America
T: +1 312 782 0600
F: +1 312 701 7711
www.mayerbrown.com

**Debra Bogo-Ernst**
T: +1 312 701 7403
dernst@mayerbrown.com

December 2, 2020

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
*Soule, Bradtke & Lambert*
402 Campbell Street
Suite 100
Geneva, IL 60134

Stephen M. Dane
Yiyang Wu
*Relman, Dane & Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave., NW
Suite 650
Washington, DC 20004

*Re: NFHA v. Deutsche Bank, et. al.*
*Plaintiffs' Notices of Rule 30(b)(6) Depositions to Ocwen and Altisource*

Counsel,

We write this letter in response to your November 23, 2020 letters to Ocwen and Altisource regarding Plaintiffs' proposed deposition schedule for both defendants.

## Deposition Schedules

As an initial matter, we disagree with Plaintiffs' assertion that taking "13 Rule 30(b)(6) subject matter depositions over approximately 9 days of Ocwen Loan Servicing, LLC" and "15 Rule 30(b)(6) subject matter depositions over approximately 10 days of Altisource Solutions" is reasonable.

1

Currently, we each anticipate providing a single witness to testify to the topics listed in our respective notices. Rule 30(b)(6) depositions, like all depositions, have a presumptive durational limit of seven hours and a single day when a single witness is designated. Fed. R. Civ. P. 30(d)(1)-(2); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *3–4 (N.D. Ill. July 19, 2001) (where a defendant plans to designate only one witness, Rule 30(d)(1)'s one-day time restriction applies). This is true regardless of the number of topics listed in the deposition notice. *Brennan for & on behalf of K.S. v. Ford Motor Co.*, No. CV 14-0006 JAP/KBM, 2016 WL 10592217, at *2-3 (D.N.M. Feb. 1, 2016) ("where only one [30(b)(6)] witness is designated, a deposition of one day of seven hours is the default under the rules, regardless of how many topics that witness is designated to testify to"). In order to exceed the seven-hour, single-day limitation imposed by the Rules, parties must reach an agreement or seek additional time from the Court.

Based on your letters, and our previous meet and confer discussions, we understand that Plaintiffs expect to require more than seven hours to cover all of the topics in your 30(b)(6) notices. However, we believe that a request for a combined 19 days of testimony from our corporate representatives is unduly burdensome, not proportional with the needs of the litigation, and highly irregular. Plaintiffs are essentially suggesting that our clients (and their counsel) reserve the entire month of January for two 30(b)(6) depositions. *See* Exhibit A. Ocwen and Altisource will work with you to ensure that you have reasonable time to explore the topics, but we are all obligated to make efficient use of our time. *See Canal Barge Co.* at *3-4 (finding that a party's request for six days of 30(b)(6) testimony to be "excessive" and that the party taking the deposition was required to "make efficient use of its time").

Ocwen and Altisource are working with our clients to identify and prepare our individual witnesses for the upcoming 30(b)(6) deposition. Although we think it would be best to begin with a single day of testimony for each of our corporate representatives, Ocwen and Altisource are both willing to stipulate to 10 hours of deposition testimony to occur over the course of two days. We believe this amount of time is more than sufficient to cover all of the topics in Plaintiffs' Notices. Ocwen and Altisource will provide two January deposition dates by December 7, 2020.

### Document Production Projections

Contrary to the assertions in Plaintiffs' letters, neither Ocwen nor Altisource represented that they would conclude their document productions, for documents related to the 30(b)(6) topics or otherwise, within 30 days of the November 10 hearing, nor are we under any obligation to do so. While we share Plaintiffs' desire for discovery to move forward in an expeditious manner, we will not subject our clients to arbitrary discovery deadlines because of Plaintiffs' decision to move forward with 30(b)(6) depositions at this early stage. Ocwen and Altisource are each working diligently to locate and produce documents responsive to Plaintiffs' requests. We will produce the non-privileged, responsive documents we able to locate in a timely and efficient manner.

### Conclusion

Ocwen and Altisource welcome the opportunity to confer with you on these matters. However, to make this conversation productive, please provide any legal authority for your

position that a Rule 30(b)(6) witness must appear for more than 7 hours of deposition time or the idea that a corporate representative would be required to appear for 9 or 10 days of deposition time. Once we understand your legal position, we will provide our availability for a call this week.

Sincerely,

*/s/ Debra Bogo-Ernst*

Counsel for Ocwen Loan Servicing n/k/a
PHH Mortgage Company ("Ocwen")

*/s/ Nathan Garroway*

Counsel for Altisource Solutions, Inc.

Cc:    Kenneth Kliebard
       David Monterio
       Victor Cruz
       Kevin Papay
       Kurt Rademacher
       Jacey Norris
       Matthew Sostrin
       Cody Wood
       Lisa Krigsten
       Shannon Shin

# Exhibit L

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Kelly K. Lambert
KLambert@SBLLegal.com

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

December 2, 2020

*Sent Via Email*

Debra Bogo-Ernst
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
*dernst@mayerbrown.com*

Nathan L. Garroway
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
*Nathan.garroway@dentons.com*

Matthew C. Sostrin
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
*msostrin@mayerbrown.com*

Lisa M. Krigsten
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
*lisa.krigsten@dentons.com*

Jacey D. Norris
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
*jnorris@mayerbrown.com*

Shannon Shin
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
*shannon.shin@dentons.com*

Dear Counsel for Ocwen and Altisource:

In response to Plaintiffs' proposed Rule 30(b)(6) schedule, Ocwen and Altisource have now communicated that they each have decided to designate and educate only one witness to testify about the various subjects plaintiffs have identified in order to claim a limit of one day/7hours for all of the depositions.   Ocwen and Altisource also inform us today that they will not specify dates by which completion of production of documents relating to the noticed subject matter depositions will occur.

As you know, our Rule 30(b)(6) schedule is grounded in the language of the Comments to the Committee and *Canal Barge Co. v. Commonwealth Edison*, 2001 WL 817853 (N.D. Ill 2001), which we cited to the Court at p. 10 of our November 3, 2020 Motion to Compel.  As we noted, the Court held in *Canal Barge* that the time for conducting a Rule 30(b)(6) deposition of a

1

corporate defendant would be extended in circumstances the defendant sought to limit duration by designating one witness to testify on a variety of topics. It is not unusual in complex litigation for corporate Rule 30(b)(6) depositions to span numerous days. *See e.g., Elan Microelectronics v. Pixcir Microelectronics Co., Ltd.*, 2013 WL 4101811 at *2 (D. Nev. Aug. 13, 2013)(10 days). It is not that Ocwen and Altisource do not understand plaintiffs' position, they just disagree with it. So there is no need for a further discussion with Defendants about legal authority relating to the duration of the Rule 30(b)(6) depositions we have noticed.

Considering this authority and the scope of this complex case, we advised the Court of our intention to take a Rule 30(b)(6) deposition of Ocwen on 17 subjects and of Altisource on 18 subjects, and the Court granted our motion to compel, requiring the parties to submit a schedule for these depositions by December 11, 2020 covering January dates, as well as to submit dates by which production of documents by Ocwen and Altisource relating to the scheduled depositions will be completed. The schedule Plaintiffs proposed on November 23 to Ocwen, and the schedule Plaintiffs proposed on November 23 to Altisource, were thoughtfully prepared following a meet and confer with Defendants going over each subject in both of the notices (Ocwen and Altisource). We have gone to great lengths to try to provide you with information to facilitate the efficient and expeditious conduct of the depositions – promptly identifying prior to our conference documents produced to date that we intend to inquire about, and streamlining and combining the originally noticed topics.

We do not view the letter from Defendants today as a good faith effort to formulate a schedule for the depositions, or to designate dates to finalize production of documents relating to the depositions, but more of an attempt to avoid meaningful inquiry into the topics identified and evade timeliness regarding full and expeditious production of documents in this first phase of discovery. As such, and considering how far apart the parties are as to the conduct of these depositions, we believe that the issue must (unfortunately) be presented to the Court for resolution. If Defendants wish to reconsider their position on this topic, please contact me by noon tomorrow.

Sincerely,

Jennifer K. Soule

cc: Counsel of Record

# Exhibit M

| From: | Bogo-Ernst, Debra |
|---|---|
| To: | Maggie McKernin; Sostrin, Matthew; Norris, Jacey D.; Nathan Garroway; Krigsten, Lisa M.; Shin, Shannon Y.; Wood, Cody N. |
| Cc: | kevin.papay@morganlewis.com; Kenneth Kliebard; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; david.monteiro@morganlewis.com; Jennifer Soule; Kelly Lambert; Jim Bradtke; Steven Schneck; Stephen Dane; Yiyang Wu; Tara Ramchandani; Morgan Williams; Bogo-Ernst, Debra |
| Subject: | RE: NFHA, et al. v. Deutsche Bank National Trust, as Trustee, et al. - Case No 18CV839 [MB-AME.FID1971713] |
| Date: | Thursday, December 03, 2020 7:56:29 AM |

Jennifer,

Thank you for your letter. We are disappointed that you interpreted our December 2, 2020 letter in anything other than an attempt to confer in good faith about the upcoming Rule 30(b)(6) depositions. We took a lot of time to research this issue and presented you with legal authority for our view that a Rule 30(b)(6) deposition is limited to 7 hours. Nevertheless, we agreed to compromise and present our witnesses for up to 2 days of deposition time. We asked that, if you had any authority to counter the authority set forth in our letter, that you send it to us for our consideration. This was, and continues to be, a reasonable request.

The limited case law you provided does not support Plaintiffs' position that you are entitled to over a week of testimony from each of our corporate representatives. *Canal Barge* expressly states that where a party designates one witness, "Rule 30(d)(2)'s one-day time restriction does apply . . . unless otherwise authorized by the court or stipulated by the parties." *Canal Barge Co. V. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill July 19, 2001). Further, *Canal Barge* stresses the need for deposing parties to make efficient use of their time. *Id. Elan Microelectronics* does not address the durational limits of 30(b)(6) depositions at all, and the factual circumstances that led to multiple days of depositions in that case do not exist in this litigation.

On the document front, we did not say that we would not produce the documents in advance of the deposition – we just said that we did not commit to completing the entire production by December 10. Moreover, the Court did not compel defendants to provide you with a date certain for the document production. We are continuing to provide plaintiffs with documentation as expeditiously as possible.

The Court did compel the parties to submit a January deposition schedule by December 11, which is 8 days from now. It sounds like plaintiffs will not attempt to compromise with defendants on the deposition schedule. As a result, we should just submit competing schedules to the Court, along with a short explanation for the parties' positions. For Ocwen, our corporate representative is available for the Rule 30(b)(6) deposition on January 12 and 13. Those are the dates that we are offering for the Rule 30(b)(6) deposition on 13 topics, which is more than reasonable. (Recall, you decided to hold 4 other topics in abeyance and are not asking for them in January.) Please note that Altisource will provide their proposed January deposition dates by 5 p.m. CT tomorrow. With respect to the substance of the Rule 30(b)(6) topics, they are primarily policy and procedure topics, for which you have written procedures detailing the process. Moreover, the topics overlap to a great extent (which is evident in the helpful deposition chart that you provided us for each topic, showing that many of the documents will be used on multiple topics), so 13 topics is actually more like 8-10 or fewer. We are happy to have the representative explain any items for which you need clarification, but it is our viewpoint that these depositions are not limitless. Neither our witnesses, nor us as counsel, should be required to set aside the entire month of January to sit for, and defend, corporate representative depositions in this case. The Federal Rules of Civil Procedure set time limitations for good reason.

Overall, we remain open to considering any legal authority that you would like to show us for your position that these Rule 30(b)(6) depositions should take place over 9-10 days, rather than 1-2 days. We are committed to cooperation in this discovery process.

Debra

**From:** Maggie McKernin <office@sbllegal.com>
**Sent:** Wednesday, December 02, 2020 4:47 PM

**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Sostrin, Matthew
<MSostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Nathan Garroway
<Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y.
<shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>
**Cc:** kevin.papay@morganlewis.com; Kenneth Kliebard <kenneth.kliebard@morganlewis.com>;
kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com;
david.monteiro@morganlewis.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert
<klambert@sbllegal.com>; Jim Bradtke <jgbvjd@aol.com>; Steven Schneck
<sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Yiyang Wu
<ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Morgan Williams
<MWilliams@nationalfairhousing.org>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, as Trustee, et al. - Case No 18CV839

**\*\*EXTERNAL SENDER\*\***

Counsel:

Attached please find correspondence from Ms. Soule.

Thank you,

Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f:  (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIALITY:** This email message (including any attachments hereto) contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this
message or any information contained in the message. If you have received this message in error, please advise the sender by reply email
and delete this message.

_____
This email and any files transmitted with it are intended solely for the use of the individual or entity
to whom they are addressed. If you have received this email in error please notify the system
manager. If you are not the named addressee you should not disseminate, distribute or copy this e-
mail.

Mayer Brown is a global services provider comprising an association of legal practices that are
separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP
(England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian

partnership).

Information about how we handle personal information is available in our [Privacy Notice](#).

# Exhibit N

Case: 1:18-cv-00839 Document #: 138-1 Filed: 12/04/20 Page 93 of 101 PageID #:4668

## RE: NFHA, et al. v. Deutsche Bank National Trust, as Trustee, et al. - Case No 18CV839 [MB-AME.FID1971713]

### Garroway, Nathan L. <nathan.garroway@dentons.com>

Thu 12/3/2020 5:12 PM

**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Maggie McKernin <office@sbllegal.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>
**Cc:** kevin.papay@morganlewis.com <kevin.papay@morganlewis.com>; Kenneth Kliebard <kenneth.kliebard@morganlewis.com>; kurt.rademacher@morganlewis.com <kurt.rademacher@morganlewis.com>; victor.cruz@morganlewis.com <victor.cruz@morganlewis.com>; david.monteiro@morganlewis.com <david.monteiro@morganlewis.com>; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jgbvjd@aol.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>

Good afternoon. For Altisource, our corporate representative is available for the Rule 30(b)(6) deposition topics on January 27 and January 28. Thank you.

大成 **DENTONS**     **Nathan L. Garroway**

Our **COVID-19 Client Resources Hub** is available to the public, part of Dentons' global commitment to help our clients and our communities navigate this pandemic's legal and business challenges.

D +1 404 527 4391   |   US Internal 74391
nathan.garroway@dentons.com
Bio   |   Website

Dentons US LLP

Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

---

**From:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>
**Sent:** Thursday, December 03, 2020 8:56 AM
**To:** Maggie McKernin <office@sbllegal.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Garroway, Nathan L. <nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>
**Cc:** kevin.papay@morganlewis.com; Kenneth Kliebard <kenneth.kliebard@morganlewis.com>; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; david.monteiro@morganlewis.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jgbvjd@aol.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Morgan Williams

&lt;MWilliams@nationalfairhousing.org&gt;; Bogo-Ernst, Debra &lt;DErnst@mayerbrown.com&gt;
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, as Trustee, et al. - Case No 18CV839 [MB-AME.FID1971713]

<span style="color:red">**[External Sender]**</span>

Jennifer,

Thank you for your letter.  We are disappointed that you interpreted our December 2, 2020 letter in anything other than an attempt to confer in good faith about the upcoming Rule 30(b)(6) depositions.  We took a lot of time to research this issue and presented you with legal authority for our view that a Rule 30(b)(6) deposition is limited to 7 hours.  Nevertheless, we agreed to compromise and present our witnesses for up to 2 days of deposition time.  We asked that, if you had any authority to counter the authority set forth in our letter, that you send it to us for our consideration.  This was, and continues to be, a reasonable request.

The limited case law you provided does not support Plaintiffs' position that you are entitled to over a week of testimony from each of our corporate representatives.  *Canal Barge* expressly states that where a party designates one witness, "Rule 30(d)(2)'s one-day time restriction does apply . . . unless otherwise authorized by the court or stipulated by the parties."  *Canal Barge Co. V. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill July 19, 2001).  Further, *Canal Barge* stresses the need for deposing parties to make efficient use of their time.  *Id.  Elan Microelectronics* does not address the durational limits of 30(b)(6) depositions at all, and the factual circumstances that led to multiple days of depositions in that case do not exist in this litigation.

On the document front, we did not say that we would not produce the documents in advance of the deposition – we just said that we did not commit to completing the entire production by December 10. Moreover, the Court did not compel defendants to provide you with a date certain for the document production.  We are continuing to provide plaintiffs with documentation as expeditiously as possible.

The Court did compel the parties to submit a January deposition schedule by December 11, which is 8 days from now.  It sounds like plaintiffs will not attempt to compromise with defendants on the deposition schedule.  As a result, we should just submit competing schedules to the Court, along with a short explanation for the parties' positions. For Ocwen, our corporate representative is available for the Rule 30(b)(6) deposition on <u>January 12 and 13</u>. Those are the dates that we are offering for the Rule 30(b)(6) deposition on 13 topics, which is more than reasonable.  (Recall, you decided to hold 4 other topics in abeyance and are not asking for them in January.)  Please note that Altisource will provide their proposed January deposition dates by 5 p.m. CT tomorrow.  With respect to the substance of the Rule 30(b)(6) topics, they are primarily policy and procedure topics, for which you have written procedures detailing the process.  Moreover, the topics overlap to a great extent (which is evident in the helpful deposition chart that you provided us for each topic, showing that many of the documents will be used on multiple topics), so 13 topics is actually more like 8-10 or fewer.  We are happy to have the representative explain any items for which you need clarification, but it is our viewpoint that these depositions are not limitless.  Neither our witnesses, nor us as counsel, should be required to set aside the entire month of January to sit for, and defend, corporate representative depositions in this case.  The Federal Rules of Civil Procedure set time limitations for good reason.

Overall, we remain open to considering any legal authority that you would like to show us for your position that these Rule 30(b)(6) depositions should take place over 9-10 days, rather than 1-2 days.  We are committed to cooperation in this discovery process.

Debra

**From:** Maggie McKernin <office@sbllegal.com>
**Sent:** Wednesday, December 02, 2020 4:47 PM
**To:** Bogo-Ernst, Debra <DErnst@mayerbrown.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>
**Cc:** kevin.papay@morganlewis.com; Kenneth Kliebard <kenneth.kliebard@morganlewis.com>; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; david.monteiro@morganlewis.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jgbvjd@aol.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, as Trustee, et al. - Case No 18CV839

**\*\*EXTERNAL SENDER\*\***

Counsel:

Attached please find correspondence from Ms. Soule.

Thank you,

Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f:  (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIALITY:** This email message (including any attachments hereto) contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

# Exhibit O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>          Plaintiffs,<br><br>                    v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>          Defendants. | Case No. 18 CV 839<br><br><br><br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |

**DECLARATION OF JENNIFER K. SOULE PURSUANT TO LOCAL RULE 37.2**

I, Jennifer K. Soule, under penalty of perjury and based on personal knowledge state that

the following facts are true and accurate:

1

1.      I am one of the attorneys representing the Plaintiffs in the case entitled *National Fair Housing Alliance, et al. v. Deutsche Bank National Trust, As Trustee, et al., Case No. 18 CV 839.*

2.      The facts as set forth in Plaintiffs' Second Motion to Compel Scheduling Rule 30(b)(6) Depositions on Ocwen's and Altisource's Policies and Procedures concerning the parties' efforts to reach an accord on scheduling and commencing Plaintiffs' Rule 30(b)(6) depositions are correct.

3.      Efforts to resolve the discovery dispute at issue regarding (a) submitting an agreed schedule for Plaintiffs' noticed policies, procedures and practices Rule 30(b)(6) depositions of Ocwen and Altisource, and (b) submitting a schedule for production of documents relating to the subjects, were undertaken but have been unsuccessful.

<div align="center">Respectfully Submitted,</div>

<div align="center">*/s/ Jennifer K. Soule*</div>

| | |
|---|---|
| Jennifer K. Soule | Yiyang Wu, *pro hac vice* |
| James G. Bradtke | Tara Ramchandani, *pro hac vice* |
| Kelly K. Lambert | *Relman Colfax PLLC* |
| Steven P. Schneck | 1225 19th Street, N.W. |
| *Soule, Bradtke & Lambert* | Suite 600 |
| 402 Campbell Street, Suite 100 | Washington, DC 20036 |
| Geneva, IL 60134 | *Attorneys for Plaintiffs* |
| *Attorneys for Plaintiffs* | |
| | |
| Stephen M. Dane, *pro hac vice* | Morgan Williams, *pro hac vice* |
| *Dane Law LLC* | *National Fair Housing Alliance* |
| 312 Louisiana Avenue | 1331 Pennsylvania Ave, NW |
| Perrysburg, OH 43551 | Suite 650 |
| *Attorney for Plaintiffs* | Washington, DC 20004 |
| | *Attorney for Plaintiff NFHA* |

Dated: December 4, 2020

# Exhibit P

# January

*Sample January-February Combined Schedule*

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | 1 <br> **New Year's Day** | 2 |
| 3 | 4 | 5 | 6 <br> Ocwen 4: Investor compliance – includes contracts w/ DB/PSAs <br> Ocwen 2: Onboarding & registering | 7 | 8 <br> Ocwen 1: Selection, terms, monitoring, oversight, compensation, contracts with vendor/Altisource | 9 |
| 10 | 11 | 12 | 13 <br> Ocwen 11: Exemplar property files & non-electronic systems <br> Ocwen 12: electronic records/data sytems (RealServicing, ResWare, shared systems) | 14 <br> Ocwen 15: Organization <br> Ocwen 3: POA, listing agreements, deeds, contracts for sale | 15 | 16 |
| 17 | 18 <br> **Martin Luther King Jr. Day** <br> AS 1: Contracts with Ocwen <br> AS 6: Onboarding and registering | 19 | 20 | 21 <br> AS 14: Selection, terms, contracts with vendors <br> AS 13: POA, listing agreements, deeds, contracts for sale | 22 | 23 |
| 24 | 25 <br> Ocwen 6: Approvals and use of funds | 26 | 27 <br> AS 3: VMS and XactPRM <br> AS 2: Organization | 28 <br> AS 8 : Completion, purposes, uses of evals, valuations, & BPOs <br> AS 10: Marketing/liquidation | 29 | 30 |

Note: the columns for "AS 1: Contracts with Ocwen / AS 6: Onboarding and registering" fall under Monday (18), and the remaining entries align as shown.

# February

## 2021

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 AS 4: electronic records/data systems<br>AS 15: Exemplar property files & non-electronic systems | 4 | 5 AS 9: Preservation, maintenance | 6 |
| 7 | 8 | 9 AS 5: Budgeting, Ocwen approvals, investor approvals, bid review, delegating authority, RSC approvals, value analyses, etc. | 10 | 11 AS 11: Complaints, code violations<br>AS 12: Quality control, escalation, exception reporting | 12 | 13 |
| 14 | 15 **President's Day** | 16 Ocwen 8: Preservation, maintenance & inspection, includes oversight of vendor/AS | 17 | 18 | 19 Ocwen 7: Completion, purposes, uses of evals, valuations & BPOs<br>Ocwen 9: Marketing/liquidation | 20 |
| 21 | 22 | 23 AS 16: Training of personnel and vendors | 24 | 25 Ocwen 13: Training of personnel<br>Ocwen 10: Complaints, code violations | 26 | 27 |