**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18 CV 839 |
| | ) | Judge Harry D. Leinenweber |
| v. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, as Trustee, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS OCWEN LOAN SERVICING, LLC AND ALTISOURCE SOLUTIONS, INC.'S JOINT OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL SCHEDULING RULE 30(B)(6) DEPOSITIONS**

Defendants Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation ("Ocwen") and Altisource Solutions, Inc. ("Altisource," and with Ocwen, "Defendants"), by and through their undersigned counsel, hereby submit this Joint Opposition to Plaintiff's Second Motion to Compel Ocwen and Altisource to Schedule Rule 30(b)(6) Depositions (the "Motion").[1] Defendants request that the Court <u>deny</u> Plaintiffs' requested relief for: (i) an unlimited Rule 30(b)(6) deposition clock—purportedly requiring Defendants and their counsel to reserve the entire month of January for depositions; and (ii) an artificial December 10, 2020 deadline for Defendants to produce documents in advance of upcoming Rule 30(b)(6) depositions, which is a date more than four months before the close of fact discovery. Plaintiffs' decision to proceed with early Rule 30(b)(6) depositions in this case should not unfairly prejudice Defendants. In support of Defendants' opposition, state as follows:

---

[1] The Deutsche Bank Defendants are not the subjects of Plaintiffs' Motion. However, they join in Ocwen and Altisource's request that appropriate limitations be placed on Rule 30(b)(6) depositions in this case as articulated herein.

**INTRODUCTION**

Plaintiffs' Motion seeks at least 119 hours of deposition testimony – or essentially an unlimited deposition clock – for two (2) Rule 30(b)(6) depositions. This translates into 56 hours or 8 days from Ocwen and 63 hours or 9 days from Altisource. **Exhibit A (Combined Calendar)**. The Motion does not articulate any reasonable justification for why Plaintiffs require a full month to depose two corporate representatives. *See* Dkt. 138-1 at 71; Dkt. 138-1 at 76.[2] The Federal Rules of Civil Procedure place a presumptive seven-hour limit on deposition testimony. *See* Fed. R. Civ. P. 30(d)(1). This limitation recognizes the burden that depositions impose upon deponents and encourages deposing parties to proceed efficiently. No justification has been offered by Plaintiffs to depart from the presumptive limitation here.

The presumptive seven-hour limitation exists for good reason. Plaintiffs' proposed schedule would place an unjustified and unprecedented burden upon Ocwen and Altisource, and their respective counsel, and set an unfortunate precedent for how depositions will be conducted in this case. As Plaintiffs state in their Motion, this case is still in its first phase of discovery. Dkt. 138 at 8. As discovery continues, Plaintiffs likely will seek to depose a number of fact witnesses. If Plaintiffs require 119+ hours to depose two corporate representatives, how many hours will they need for the remaining depositions in this case?

In an attempt to head off court intervention, Ocwen and Altisource previously agreed to stipulate to ten hours of deposition time for each of their representatives. This proposal exceeds the Rules' presumptive limit of seven hours and is sufficient to reasonably address Plaintiffs' topics if Plaintiffs proceed in an efficient manner. And Ocwen and Altisource will be reasonable

---

[2] In addition to the 119 hours, Plaintiffs also request an "overflow day" on the last business day in January, which means that Plaintiffs are requesting that a deposition occur on every business day in January after January 5.

2

and professional. If some unforeseen need were to arise suggesting that more than ten hours per witness were required, they would meet and confer on that issue. Plaintiffs point to nothing so suggest otherwise.

Aside from being unreasonable on its face, Plaintiffs' proposal fails to account for the significant overlaps that exist between the noticed topics, which make it possible for Defendants to each produce a single witness and obviates the need for Plaintiffs to schedule a separate deposition for every topic. Despite Plaintiffs' insinuations to the contrary, each Defendant's decision to produce one witness each is based on a careful assessment of the topics, their business organizations, and efficiency—the same thing Defendants ask from Plaintiffs.

Plaintiffs' proposal is manifestly unreasonable and is unsupported in law. Therefore, Defendants request that the Court reject Plaintiffs' Motion and adopt a deposition schedule that fairly and efficiently limits Plaintiffs' depositions to ten hours over the course of two days in January for each 30(b)(6) witness while affording Defendants sufficient time to produce the related documents.

## BACKGROUND

### A. Plaintiffs' First Motion to Compel Resulted in an Order Simply Requiring a Deposition Schedule by December 11, 2020.

In less than a month, and before a single deposition has taken place in this lawsuit, Plaintiffs have filed two motions to compel regarding their noticed 30(b)(6) depositions. On October 30, 2020, Plaintiffs filed their first motion to compel insisting that, among other things, depositions begin in December. In their opposition Defendants highlighted that there were a number of complexities that needed to be addressed among the parties, chief among them included identifying the appropriate representative(s) and the expected length of the depositions. **Exhibit B.** Defendants pointed to Rule 30(d)(1) of the Federal Rules of Civil Procedure, which presumptively

limits depositions to seven hours of total testimony. *Id.* Despite their knowledge of Defendants' position, Plaintiffs did not address the durational limits of 30(b)(6) depositions in their first motion to compel. The Court granted Plaintiffs' first motion in part, ordering the parties to meet and confer to set January dates for Plaintiffs' 30(b)(6) depositions and to submit a proposed schedule to the Court by December 11, 2020. Dkt. 136.

### B. Defendants Acted in Good Faith in Meet and Confer Discussions Concerning Deposition Scheduling.

Meet and confer discussions resumed shortly after the entry of the Court's order, and the parties were working cooperatively to arrive at a mutually agreeable set of dates. To start, the parties discussed the substance of the topics in two meet and confer sessions to enable Defendants to understand exactly what Plaintiffs sought to address through each of their topics—some of which were more than half a page in length. Dkt. 138-1 at 8–9. To that end, Plaintiffs helpfully provided a chart on November 17 that began to connect their topics with documents produced. *Id*. at 55. Defendants expressed their appreciation to Plaintiffs on their November 19 meet and confer call, but reiterated the need to continue discussions about the scope of the topics. Defendants also emphasized to Plaintiffs that the parties still needed to reach an agreement on the duration of the depositions.

Four days later, with nearly three weeks left until the deposition schedule was due to be filed with the Court on December 11, Plaintiffs sent Ocwen and Altisource proposed deposition dates spanning the *entire* month of January. This proposal was unacceptable to Defendants. Accordingly, Defendants offered a reasonable counter-proposal, and responded to Plaintiffs' proposal on December 2. Dkt. 138-1 at 82–84. Defendants' letter provided legal authority for their position that Rule 30(d)(1)'s presumptive seven-hour limit applies to these corporate representative depositions. In the spirit of compromise, the Defendants offered 10 hours for each

4

corporate representative. Defendants requested that Plaintiffs provide legal support for their position requesting nine and ten days of depositions for each party. *Id*. That same day, Plaintiffs sent a reply letter, holding firm in their position about an unlimited deposition clock, and citing inapposite authority to justify their demand. Dkt. 138-1 at 86–87. The letter stated that Plaintiffs "believe the issue must…be presented to the Court for resolution." *Id*. Plaintiffs asked if Defendants wished to reconsider their position and offered no compromise.

On the morning of December 3, Defendants, through counsel for Ocwen, responded to Plaintiffs' communication, urging that the parties cooperate, distinguishing Plaintiffs' case law, and suggesting that the parties submit their respective proposed deposition schedule to the Court in a joint submission summarizing each side's position. Dkt. 138-1 at 89–91**.** The email also provided two January dates when Ocwen's representative may be made available, and was followed by a reply including Altisource's dates later that evening. Dkt. 138-1 at 93. The next day, Defendants sent Plaintiffs a third email with a carefully-prepared draft of a proposed joint submission, providing Defendants' proposed January deposition dates, outlining the dispute, and requesting Plaintiffs' input so that it may be submitted to the Court on December 11, which was the day the parties were due to report their deposition dates. **Exhibit C**.

Despite Defendants' repeated efforts to engage in a meaningful meet and confer process regarding the scheduling of Plaintiffs' 30(b)(6) depositions, Defendants were shocked to receive a second motion to compel from Plaintiffs, which proposed schedules that exceed the presumptive limits of Rule 30(d)(1) by a combined **<u>105</u>** hours. Defendants remain perplexed as to why so many hours would be necessary, but Defendants' requests for an explanation supported by legal authority have gone unanswered.

5

Instead of meaningfully engaging with Defendants about the parties' disagreement, Plaintiffs left all three of Defendants' emails unanswered until *after* they filed their Motion that evening despite writing Defendants regarding other discovery matters during the day. **Exhibit D.** When Plaintiffs' reply finally arrived, it was in the form of a hastily written email sent just three minutes *after* their Motion was filed. *Compare* **Exhibit E at 2** (showing filing received at 4:48 PM CST) to **Exhibit E at 5** (Email from J. Soule sent at 4:51 PM CST). Plaintiffs feigned "surprise" at seeing the joint proposal, claiming it "had not been mentioned" despite Defendants sending two emails on the very same subject the prior day. Plaintiffs then claimed that, in lieu of a cooperative filing, they would have filed the instant Motion anyway because the proposal did not adequately reflect their views. *Id*. Of course, Defendants intended the short joint proposal to be a means of working with Plaintiffs to include their position. Plaintiffs instead chose to include that position in their Motion, which spanned over 100 pages with exhibits.

## ARGUMENT

Plaintiffs' Motion ignores settled law and common sense when it comes to the limits of 30(b)(6) depositions. Plaintiffs are not entitled to unlimited time to depose Defendants' corporate representatives. If Plaintiffs require more than seven hours to depose Defendants, Plaintiffs bear the burden of showing why extra time is justified. 119 hours of deposition testimony for two corporate representatives on a subset of discovery topics is unwarranted and Plaintiffs failed to provide any justification for this extraordinary request in Plaintiffs' Motion.

Rule 30(d)(2) establishes a presumptive time limit of seven hours for an individual's deposition to avoid "undue costs and delays." Advisory Cmt. Note to Fed. R. Civ. P. 30(d)(2) (2000). This presumption also applies to corporate representative depositions under Rule 30(b)(6),

"unless otherwise authorized by the court or stipulated by the parties." *Id*; *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001).

Plaintiffs must show good cause for their extraordinary request. *United States Sec. & Exch. Comm'n v. Kandalepas*, No. 18 CV 2637, 2018 WL 4005201, at *2 (N.D. Ill. Aug. 22, 2018); Advisory Cmt. Note to Fed. R. Civ. P. 30(d)(2). Plaintiffs have not done so. Plaintiffs argue their proposal is justified by the numerous documents at issue, the number of topics to discuss, and the litigation's complexity. Dkt. 138 at 6–9. Even if these factors support an inquiry longer than seven hours, a combined 119 hours is beyond the pale of any reasonable schedule. If the Court's order had contemplated scheduling 18 full days of depositions in January, there would have been no need for the parties to spend a month negotiating dates—the parties simply would have had to completely clear their calendars.

Plaintiffs' preferred authorities actually <u>support</u> Defendants' position. *Canal Barge* concerned a situation where one 30(b)(6) representative was slated to testify on *six* separate notices, complex facts relating to 56 different contracts, and numerous documents for each. 2001 WL 817853 at *3–4 (Dkt. 138 at 7). That court limited depositions to 21 hours. *Id*. And while the *Elan* case notes 10 days of 30(b)(6) testimony was taken, it appears that many of those were set by agreement. *See Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, No. 2:10-CV-00014-GMN, 2013 WL 4101811, at *2 (D. Nev. Aug. 13, 2013). The 10 days were also cumulative and accounted for five witnesses, some of whom required translation, and two of whom were supplemental witnesses provided by the company. *Id*. Defendants' reasonable proposal of 10 hours, over two days, for each witness is, proportionally, much closer to the facts of these cases.

Defendants' proposal is a logical starting point in the event the parties have incorrectly estimated the time needed to address the topics. Plaintiffs admit that they would be comfortable

7

with a shorter deposition time and would seek to conduct depositions in an "efficient and expeditious" manner. *See* Dkt. 138 at 10. While Defendants appreciate and agree with Plaintiffs claim that they can be efficient, such efficiency is appropriately created by placing *limits* on the time available to depose a 30(b)(6) witness. *See Canal Barge*, 2001 WL 817853 at *4. In *Canal Barge*, the court held that the "solution to the problem" of wanting six days' worth of deposition testimony was an order limiting the deponent's availability to require the deposing party "to use its time in an efficient manner." *Id*.

The correct approach to achieving these efficiencies is thus not to give Plaintiffs *carte blanche* and hope things end early. Instead, when deciding whether to extend a deposition's duration beyond the presumptive seven-hour limit, "typically the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought . . . Mere speculation that more time would be needed did not justify a preemptive time extension." *Kandalepas*, 2018 WL 4005201 at *2. As noted earlier, if Plaintiffs' fail to cover the topics in the time provided by Defendants, and to the extent Plaintiffs use their time efficiently, the parties can stipulate to additional time as needed.

Suggesting that the depositions extend into February is hardly a reasonable compromise. Plaintiffs' second proposal still requires defense counsel to attend depositions for a month-straight and also requires each representative to testify for almost two weeks. *See* Dkt. 138-1 at 99–101. Aside from being excessive relative to the actual time needed in covering the topics, both schedules place an inordinate burden on the representatives' (and by extension, the Defendants'), and counsels' ability to balance their normal commitments that exist outside of this case.

8

Additionally, Defendants do not appreciate Plaintiffs' unsubstantiated and entirely speculative suggestion that limiting the duration of these depositions would "encourage Defendants to stall or disrupt the efficient conduct of the depositions." Dkt. 138 at 9. Plaintiffs imply throughout their Motion that Defendants are trying to unreasonably limit Plaintiffs' ability to obtain necessary testimony. *See id*. at 2. This is simply not the case. Defendants seek an efficient deposition schedule that accounts for the costs imposed upon our clients, and Plaintiffs' insinuation that Defendants are acting in anything other than good faith is unfounded.

Finally, Plaintiffs also complain about the pace of document production and request that the Court set a December 10 deadline for producing documents "pertinent to the depositions generally," as well as other documents identified at least 5 days prior to the scheduled deposition date. *Id*. at 6. However, this Court's prior Order did not set a date for completing production. To date, Defendants have produced over 40,000 pages of documents—including policies, procedures, contracts, and property information that may pertain to Plaintiffs' deposition topics. Any attempt to suggest Defendants are delaying discovery is mistaken. Defendants continue to make significant productions on a rolling basis.

Unfortunately, much of Defendants' attention over the last two weeks has been diverted to dealing with Plaintiffs' unreasonable deposition demands. Defendants' efforts in the meet and confer process were an attempt to understand what Plaintiffs thought would be "pertinent" to their depositions to ensure both sides could be fully informed. Those efforts were stalled when this Motion was filed. This request for an artificial deadline to produce documents should not be granted simply because Plaintiffs chose to take early Rule 30(b)(6) depositions.

## CONCLUSION

Defendants have proposed the most efficient discovery schedule, and Plaintiffs have offered no real compromise. The Court should reject Plaintiffs' request to conduct what is functionally an unlimited clock for corporate depositions directed at a single witness, especially given the fact future depositions will almost certainly be noticed. The Court should promote efficiency by limiting Plaintiffs' 30(b)(6) deposition time to 10 hours for each of Defendants' representatives.

Dated: December 14, 2020

Respectfully submitted,

| **OCWEN LOAN SERVICING, LLC, N/K/A PHH MORTGAGE CORPORATION** | **ALTISOURCE SOLUTIONS, INC.** |
|---|---|
| By: */s/ Debra Bogo-Ernst* | By: */s/ Nathan Garroway* |
| Debra Bogo-Ernst<br>Matthew C. Sostrin<br>Jacey D. Norris<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>*dernst@mayerbrown.com*<br>*msostrin@mayerbrown.com*<br>*jnorris@mayerbrown.com* | Nathan Garroway (admitted *pro hac vice*)<br>DENTONS US LLP<br>303 Peachtree Street, NE<br>Suite 5300<br>Atlanta, GA 30308<br>Telephone: (404) 527-4000<br>*nathan.garroway@dentons.com*<br><br>Lisa Krigsten (admitted *pro hac vice*)<br>DENTONS US LLP<br>4520 Main Street<br>Suite 1100<br>Kansas City, MO 64111-7700<br>Telephone: (816) 460-2400<br>*lisa.krigsten@dentons.com*<br><br>Shannon Y. Shin<br>DENTONS US LLP<br>233 S. Wacker Drive<br>Suite 5900<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br>*shannon.shin@dentons.com* |

## **CERTIFICATE OF SERVICE**

I, Nathan Garroway, an attorney, hereby certify that on December 14, 2020, I caused a copy of the foregoing **DEFENDANTS OCWEN LOAN SERVICING, LLC AND ALTISOURCE SOLUTIONS, INC.'S JOINT OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL SCHEDULING RULE 30(B)(6) DEPOSITIONS**, along with the accompanying Exhibits, to be filed electronically with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record.

/s/ *Nathan Garroway*