# Exhibit B

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

**Debra Bogo-Ernst**
Partner
T: +1 312 701 7403
F: +1 312 706 8474
DErnst@mayerbrown.com

October 30, 2020

BY EMAIL

Ms. Jennifer Soule
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134

Re: *NFHA v. Deutsche Bank et al.: Plaintiffs'*
*30(b)(6) Deposition Notices*

We are writing in response to your October 28, 2020 letter regarding Plaintiffs' Notice to Ocwen Loan Servicing n/k/a PHH Mortgage Corporate of Videotaped Rule 30(b)(6) Deposition by Remote Means dated October 22, 2020 ("Ocwen Notice") and Plaintiffs' Notice to Altisource Solutions of Videotaped Rule 30(b)(6) Deposition by Remote Means dated October 23, 2020 ("Altisource Notice") (collectively "Notices").

As you know, NFHA sent the Ocwen Notice via email late in the afternoon on Thursday, October 22, 2020 and the Altisource Notice via email after 5:00 p.m. on Friday, October 23, 2020. The Notices identify seventeen (17) topics and eighteen (18) topics, respectively, many of which involve numerous subparts that, at best, are loosely associated with one another. The Notices unilaterally schedule 11 topics for deposition between November 12 and December 3, with the others "to be determined."

In connection with the Notices, you then suggested a "meet and confer" conference to occur no later than October 30, which gave Ocwen and Altisource less than a week to evaluate the Notices. As you must understand, given the complexity of the Notices, we have not yet had time to digest them, discuss them with our clients, receive guidance from our clients, and formulate responses that could serve as a basis for any sort of meaningful "meet and confer" discussion.[1]

Accordingly, in email on October 27, Ocwen and Altisource suggested holding the "meet and confer" in a few weeks, which would give the parties time to take the steps identified above, serve their objections to the Notices, and allow NFHA to fully evaluate such objections before holding a meet and confer discussion. This plan seems both reasonable and timely. Nonetheless,

---

[1] Of course, even if the parties agreed to all of the topics as written the Notice, Ocwen and Altisource have not had any time to identify a corporate representative for each of the topics, determine that person's availability for a deposition, and begin the education process that is required for a 30(b)(6) witness to provide binding testimony. *See cf Wachovia v. NOLA, LLC*, 248 F.R.D. 544 (N.D. Il. 2008) (describing a company's responsibility to prepare a corporate representative to testify). This is separate reason that NFHA's rushed schedule is not realistic or feasible.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

738671968.1

Mayer Brown LLP

Ms. Jennifer Soule
October 30, 2020
Page 2

NFHA's response to those emails wrongfully accuses Ocwen and Altisource of "rejecting" NFHA's proposal to meet and confer. NFHA's characterization is unfair and inaccurate.

We also note that NFHA's letter makes assertions that are unsupported in this litigation. For instance, the letter asserts that the Court "approved" NFHA's approach to discovery. That simply misstates the record. At no time did the Court approve of any specific plan presented by NFHA. Instead, the Court took a deferential approach to the parties, indicating that he was quite pleased that the parties were working together cooperatively. We'd like to work with you to continue that cooperation, here in the context of the Rule 30(b)(6) notices.

NFHA's letter further implies that Ocwen and Altisource have acted improperly or lacked good faith in the discovery process, stating, for instance, that "several layers of overlapping objections that have caused significant delays" in discovery. That statement is simply without merit and, candidly, quite offensive. Despite the very challenging circumstances of the ongoing COVID-19 pandemic, the defendants have produced tens of thousands of pages of information to NFHA and, as you well know, continue to produce documents on a regular basis, including in a production this week. The defendants also have spent more than 14 hours in meet-and-confer conferences with NFHA, not to mention related countless hours with our respective clients, to understand the dozens of burdensome and complex document requests that it issued. At the same time, NFHA has all but ignored its own discovery burden and has produced almost no substantive discovery to the defendants.

Turning to the Notices, your letter indicates that, had Ocwen and Altisource agreed to the suggested meet-and-confer this week, NFHA would have been amenable to working cooperatively on a proposed deposition schedule, but, because the call did not occur this week, such a cooperative discussion is off the table. That view is unfortunate and counterproductive here. Either the parties are going to work together or they are not. We did not want to waste your time on a meet and confer this week when we are still absorbing the very new Rule 30(b)(6) notices, discussing them with our clients, and attempting to understand what we can, and cannot offer, to plaintiffs.

To be sure, there are some complexities that need to be addressed among the parties. Chief among them is the length of the deposition. For example, NFHA would be limited to seven (7) hours of total testimony. *See* F.R.C.P. 30(d)(1). We very much doubt that this is NFHA's intention.

At this point, we believe it is best for all NFHA to withdraw the Notices so the parties can discuss the overall plan for depositions, which we would agree to do in short order. Once that plan is developed, NFHA could issue new notices for corporate representative testimony. This approach would allow the parties to continue what has been - at least until now - a cooperative approach to this complex discovery process. If this is not acceptable or if you will not agree to the original schedule that we proposed in our October 27, 2020 to address the Rule 30(b)(6) notices, we will seek relief from the Court. Please let us know Plaintiffs' position by Wednesday, 4, 2020. Ocwen will address the document issues under separate cover.

738671968.1

Ms. Jennifer Soule
October 30, 2020
Page 3

                Best regards,

                /s/ Debra Bogo-Ernst_____
                Debra Bogo-Ernst
                Counsel for Ocwen

                /s/ Lisa M. Krigsten_____
                Lisa M. Krigsten
                Counsel for Altisource

cc:      Counsel of Record

738671968.1