# Exhibit A



Mayer Brown LLP
71 South Wacker Drive
Chicago IL 60606
United States of America
T: +1 312 782 0600
F: +1 312 701 7711
www.mayerbrown.com

**Debra Bogo-Ernst**
T: +1 312 701 7403
dernst@mayerbrown.com

September 16, 2020

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
*Soule, Bradtke & Lambert*
402 Campbell Street
Suite 100
Geneva, IL 60134

Stephen M. Dane
Yiyang Wu
*Relman, Dane & Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave., NW
Suite 650
Washington, DC 20004

Re: NFHA v. Deutsche Bank, et. al.
Plaintiffs' Responses to Altisource's and Ocwen's Requests for Production

Counsel,

      This letter sets forth deficiencies Defendant Ocwen Loan Servicing n/k/a PHH Mortgage Company ("Ocwen") has identified in Plaintiffs' Response to Defendants Altisource's & Ocwen's Joint First Set of Requests for Production of Documents served on July 15, 2020.

## General Deficiencies

**Documents Related to Plaintiffs' REO Investigations.** In your General Statement and Objections, you state that "Plaintiffs object generally to providing documents, communications or other information that relate only to the investigation of the practices of other entities with regard to the maintenance of REO properties and do not relate to the investigation at issue in this case." Similar objections are stated in your responses to Request Nos. 26, 27, 46.

1

It is vital for Defendants to know whether Plaintiffs' investigations focused solely on Deutsche Bank-owned REO properties or if the investigations were more expansive. Otherwise, Defendants cannot determine the extent to which Plaintiffs' time and resources were expended specifically investigating the properties at issue in this litigation versus properties with no connection to Defendants. This information is also necessary for Defendants to determine whether Plaintiffs have already recovered any portion of the costs associated with their investigation(s), reducing the damages potentially available to Plaintiffs in this lawsuit.

**Funding.** Plaintiffs object to producing documents related to its financial position and funding on bases including relevance and burden. See Request Nos. 1, 42, 45, 47, and 54. Information about Plaintiffs' financial position, including the funding that was available to improve that position, is vital for evaluating Plaintiffs' damages claims, which include claims for lost opportunities, frustration of mission, and diversion of resources. This includes information about settlements that may have, in whole or in part, reimbursed Plaintiffs for the cost of its REO investigations. Please clarify Plaintiffs position regarding the production of non-privileged documents related to grant applications, funding, financial records, and settlements.

**Privilege Objections.** Plaintiffs object to a number of Requests on the basis that the documents or information sought is protected by attorney-client, work product, or common interest privilege. See Request Nos. 1, 2, 7, 8, 20, 21, 23, 24, 27, 28, 46. Defendants do not understand the basis of this objection in instances where the Requests seek documents created before or during Plaintiffs' investigation of the Deutsche Bank REO properties.

Defendants do not seek attorney-client privileged communications or documents, including documents exchanged between Plaintiffs as part of their litigation strategy. However, Defendants do seek pre-litigation documents related to Plaintiffs' investigation, which Defendants do not view as privileged. Please clarify whether it is Plaintiffs' position that its investigations of REO properties were conducted in anticipation of litigation and whether Plaintiffs intend to withhold documents other than attorney-client communications or attorney work product on this basis.

**Superior Access to Documents.** Plaintiffs object to Request Nos. 10, 11, 12, 19, 24, 37, and 38 on the basis that Defendants have equal or superior access to documents that are either in the public domain or that may already be in Defendants' possession. Defendants do not dispute that they have equal access to documents in the public domain, but Defendants do not have equal knowledge regarding *which* documents in the public domain Plaintiffs' used to inform its investigations. Defendants are further unaware of the full universe of documents Plaintiffs allege to have provided to Defendants prior to the commencement of this action (Request No. 37) and the documents which Plaintiffs allege show a lack of compliance on the part of Defendants (Request 38). Please clarify what documents, if any, Plaintiffs are withholding on the basis of these objections.

**Premature Requests.** Plaintiffs object to a number of Requests on the basis that the Requests are premature. See Request Nos. 4, 5, 6, 11, 16-18, 20, 31-36, 41, 43, 44, 46, 48, 50, and 53. Plaintiffs' objections are based on the fact that discovery is ongoing and that Plaintiffs "may" proffer expert reports responsive to these Requests. Plaintiffs apply this objection to Requests that seek information at the core of this case including requests related to the methodology of Plaintiffs'

investigation of the Deutsche Bank REO properties, the findings of the investigation, and the damages that Plaintiffs' allege as a result of the investigation. It is unclear to Defendants whether Plaintiffs intend to withhold responsive documents currently within Plaintiffs' knowledge and possession based on these objections. Please clarify Plaintiffs' position.

**Statistical Analysis.** Plaintiffs object to several Requests seeking documents related to their statistical analysis of information collected during Plaintiffs' investigation of Deutsche Bank REO properties. See Request Nos. 31-36. Plaintiffs' position appears to be that all information related to the statistical analyses, including the regression analysis referenced in the Complaint, need not be disclosed until the due date for testifying experts. Defendants disagree and request a meet and confer to discuss the basis for Plaintiffs' position.

**The Scope of "Related To."** Plaintiffs object to Defendants' use of the term "related to" in a number of the Requests on the basis of undue burden. See e.g. Request Nos. 1, 6, 8, 9, 10**.** Defendants believe that "related to," as defined, is reasonably tailored to the needs of the Requests. However, Defendants are open to meeting and conferring with Plaintiffs to discuss alternative terms.

**The Scope of "All Documents."** Plaintiffs object to several Requests as vague and overbroad because the Requests call for "all documents related to" particular topics. See Request Nos. 11, 12, 16, 17, 18, 28. Defendants request a meet and confer to discuss whether Plaintiffs intend to withhold any documents on the basis of these objections and to determine whether the parties can reach mutually agreeable limitations to the scope of the Requests.

### Specific Deficiencies

**Request No. 2 All Documents relating to the identification and/or selection of Altisource and Ocwen as entities to be included, evaluated, investigated, or considered in Your Investigation, including but not limited to the date upon which You first considered Altisource and Ocwen as part of Your Investigation.**

Plaintiffs object to this Request on the basis that it seeks privileged information, specifically the date upon which Plaintiffs first considered Altisource and Ocwen for investigation. Defendants reassert their position above with respect to Plaintiffs' claimed privilege protections for documents related to its investigation. Defendants are entitled to information about the criteria that Plaintiffs used to select properties for its investigation including whether Plaintiffs targeted properties serviced by Altisource of Ocwen. If Plaintiffs did not consider whether Altisource and/or Ocwen were involved with the REO maintenance and preservation of a property until after its investigation was complete, Plaintiffs may say so.

**Request No. 9 All Documents relating to Your process for identifying and selecting the "metropolitan areas" and census tracts to be investigated, including but not limited to Documents referring to the basis for selecting the "metropolitan areas" and Documents related to other "metropolitan areas," cities, or geographic locations that were considered but not investigated and/or included in the Complaint, and whether the "metropolitan areas: are representative of Altisource and Ocwen's activities.**

3

Plaintiffs object to this Request on the grounds that "whether the 'metropolitan areas' are representative of Altisource and Ocwen's activities is vague and ambiguous." Defendants disagree. If Plaintiffs conducted an analysis to determine whether the metropolitan areas they selected provided an accurate picture of Defendants' services nationwide, Defendants need to know how that analysis was conducted. If Plaintiffs did not analyze whether the metropolitan areas selected for their investigation where representative of Altisource and Ocwen's activities nationwide, Plaintiffs may say so.

**Request No. 21 Documents relating to the properties that You inspected, or considered for inspection, that were not included in the March 3 Letter or Annex A of the Complaint, including, but not limited to, those properties referenced in Paragraphs 86 and 87 of the Complaint.**

Plaintiffs object to this Request because it is not limited to the properties in the Complaint. However, Defendants are entitled to know whether the properties included in Plaintiffs' March 3 Letter or Annex A represent a complete list of properties considered and/or inspected by Plaintiffs. To the extent that Plaintiffs considered properties for inspection and/or inspected other Deutsche Bank-owned REO properties that were not included in the Complaint, information about why those properties were rejected, including documents reflecting that information, is relevant to the claims and defenses at issue. If Plaintiffs plan to withhold documents based on this objection, please clarify which documents are being withheld.

**Request No. 25 All Documents relating to any properties You excluded from Your inspection or analysis, including, but not limited to, Documents related to Your decision to exclude those properties that "appeared to be occupied . . . at the time of the site visits" or where "work was actively occurring at the time of site visits" as alleged in Paragraph 86 of the Complaint.**

Similar to Request No. 21, Plaintiffs object to Request 25 on the basis that "it could encompass properties it cities or areas outside the metropolitan areas identified in the Complaint." Defendants are entitled to information about every property that Plaintiffs considered as part of their investigation including properties in metropolitan areas that were ultimately excluded either from Plaintiffs' investigation or the Complaint.

**Request No. 28 All Documents related to Communications between You and Your agents (including other Plaintiffs), third parties, or Defendants regarding Your Investigation.**

In addition to asserting some of the repeated objections addressed in the section above, Plaintiffs specifically object to producing communications with Defendants on the basis of undue burden. Defendants note that Plaintiffs requested these same communications from Ocwen and Altisource in Request No. 38 of Plaintiffs' March 6, 2020 Requests for Production. Defendants are willing to meet and confer with Plaintiffs to determine an agreeable way to ensure that all parties have access to the same universe of communications between Plaintiffs and Defendants.

**Request No. 49 All Documents sufficient to show the number of persons You employed, hired, and/or contracted with each year since you began Your Investigation.**

4

Plaintiffs object to this Request as burdensome and limited in relevance. Defendants disagree. The Request seeks "documents sufficient to show" the information sought, which places a reasonable limitation on the documents that Plaintiffs need to produce in response. Further, Plaintiffs' staffing numbers are necessary for Defendants to understand Plaintiffs' financial expenditures and project capacity during the investigation, both of which are relevant to the damages claims at issue.

Plaintiffs indicate that they will not produce documents in response to this Request but will "agree to permit Defendants to ask questions at a deposition regarding Plaintiffs' staffs." It is not for Plaintiffs to decide how they will provide the information requested. Defendants are willing to meet and confer with Plaintiffs on these issues.

**Request No. 51 All Documents and Communications relating to each individual and their respective subjects of knowledge or information as identified in Plaintiffs' February 28, 2020 Rule 26(a)(1) disclosures.**

Plaintiffs object to this Request as unduly burdensome and outside of the scope of the Federal Rules of Civil Procedure. Defendants disagree and can hardly imagine a request that falls more squarely within the "scope and intent" of the Federal Rules and Civil Procedure than one seeking additional information about individuals Plaintiffs specifically identified as "individuals likely to have discoverable information and/or that Plaintiffs may use to support their claims or defenses," as required by Rule 26(a)(1). Please clarify whether Plaintiffs intend to stand on their objections to this Request.

## Conclusion

Ocwen and Altisource seek a Rule 37 conference with Plaintiffs beginning on September 21, 2020, at 1:00 p.m. CT to meet and confer to determine which disputes can be resolved without intervention of the Court. Please let us know if you have any questions or concerns.

                                      Sincerely,

                                      /s/ Debra Bogo-Ernst

Cc:    Kenneth Kliebard
         David Monterio
         Victor Cruz
         Kevin Papay
         Kurt Rademacher
         Jacey Norris
         Matthew Sostrin
         Nathan Garroway
         Cody Wood
         Lisa Krigsten
         Shannon Shin