# Exhibit E

# Morgan Lewis

**Kenneth Kliebard**
Partner
+1.312.324.1774
kenneth.kliebard@morganlewis.com

January 5, 2021

**Via Electronic Mail**

Jennifer K. Soule
Kelly K. Lambert
James G. Bradtke
*JSoule@SBLLegal.com*
*KLambert@SBLLegal.com*
*JBradtke@SBLLegal.com*
*Soule, Bradtke & Lambert*
402 Campbell St., Suite 100
Geneva, Illinois 60134

>  Re: *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839, Trustees' Rule 37 Letter

Dear Counsel:

We write on behalf of Defendants Deutsche Bank National Trust Company, as Trustee, and Deutsche Bank Trust Company Americas, as Trustee (collectively, the "Trustees") to identify numerous deficiencies with respect to Plaintiffs' July 15, 2020, responses to the Trustees Requests for Production dated May 22, 2020 (the "Requests"). The Trustees note that, while Plaintiffs have begun making rolling productions of certain documents in this case, it is unclear to what extent documents have been withheld from these productions on the basis of Plaintiffs' objections.

First, Plaintiffs have interposed objections with respect to numerous of the Trustees' Requests, but do not state whether Plaintiffs are withholding particular documents in Plaintiffs' possession on the basis of those objections. The Trustees request that Plaintiffs provide a detailed log concerning the use of objections to withhold responsive documents from production specifically with respect to the following:

Response to Request No. 1; Response to Request No. 2; Response to Request No. 4; Response to Request No. 5; Response to Request No. 6; Response to Request No. 7; Response to Request No. 8; Response to Request No. 9; Response to Request No. 10;

**Morgan, Lewis & Bockius** LLP

77 West Wacker Dr.
Chicago, IL 60601-5094       T +1.312.324.1774
United States                F +1.312.324.1001

Response to Request No. 11; Response to Request No. 12; Response to Request No. 13; Response to Request No. 14 Response to Request No. 17; Response to Request No. 18; Response to Request No. 19; Response to Request No. 23; Response to Request No. 24; Response to Request No. 25; Response to Request No. 34; Response to Request No. 35; Response to Request No. 36; Response to Request No. 37; Response to Request No. 38; Response to Request No. 39; Response to Request No. 40; Response to Request No. 41; Response to Request No. 42; Response to Request No. 43; Response to Request No. 46; Response to Request No. 48; Response to Request No. 49.

Additionally, Plaintiffs' proposed scope of productions in response to numerous of the Requests is unduly narrow and appears likely to omit relevant information. In particular:

**Document Request No. 15**

This Request seeks documents related to Plaintiffs' property inspectors. The Trustees disagree with Plaintiff's characterization of the responsiveness of these documents and their relation to the current matter. The information concerning the qualifications and selection of inspectors is plainly relevant and is presumably contained in sources broader than resumes, which is all Plaintiffs have agreed to produce. Plaintiffs have not articulated how the burden to produce documents beyond resumes could outweigh the relevance of the requested documents. All such documents should be produced without further delay.

**Document Request No. 16**

Similarly, Request No. 16 seeks documents related to the qualifications and training of property inspectors, and specifically requests "Documents reflecting which Inspections each person conducted." Among various other objections, Plaintiffs object that "certain of the subcategories of documents . . . do not appear related to the general Request . . . ." To the extent Plaintiffs are withholding documents responsive to a "subcategory" on the basis of this objection, Plaintiffs should say so, and state a cognizable basis for so withholding. Plaintiffs should produce documents related to each part of Request No. 16, and if they are withholding documents on the basis of any privilege, log them. To the extent that Plaintiffs consider the Request to be ambiguous, the Trustees agree to discuss the purportedly ambiguous term, "affiliation," to clarify it.

**Document Request No. 21, No. 22, No. 26, No. 27, No. 28, No. 29, No. 30, No. 31, No. 32, No. 33**

Plaintiffs' responses and objections to each of these Requests are similar. Each of these Requests seeks information necessary to investigate the statistical analysis performed by Plaintiffs, including any exclusions to such analysis. First, Plaintiffs' assertion that requests related to the statistical analysis are "premature" is unfounded. Plaintiffs' claims are based on a statistical analysis described in the Second Amended Complaint; the Trustees are entitled to test that analysis. There is no basis under the Federal Rules to withhold fact discovery until after expert discovery. The data and facts underlying the regression analysis cited by Plaintiffs are

clearly discoverable under F.R.C.P. 26 (b)(4)(C)(ii). In particular, the inspections and objective aspects of exterior maintenance, the decision over whether to inspect a property or not (including where "work was ongoing" or that the property was "occupied"), the variables considered by Plaintiffs to be "non-racial," and the decision concerning whether to include a property in the statistical analysis, would have all been provided by Plaintiffs to their own experts. The exclusion of certain properties from Plaintiffs' statistical analysis is also squarely relevant and properly discoverable under F.R.C.P. 26 (b)(4)(C)(iii). The advisory committee's notes to F.R.C.P. 26 state that the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. In sum, the disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert. Illinois courts have stated that "considered" is anything reviewed, received or read by the expert. *See Johnson v. City of Rockford*, 2018 WL 1508482 (N.D. Ill. Mar. 27, 2018). The advisory committee's notes indicate that Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or *the development, foundation, or basis of those opinions* (emphasis ours). Finally, to the extent that Plaintiffs argue that the facts or data represented in a draft report are themselves protected from discovery, the Northern District of Illinois has rejected this very argument: in *City of Rockford*, the court endorsed a holding by the Northern District of Texas that facts, data, and assumptions in drafts of the expert report are not protected even if they are in a draft report. Thus, to the extent that prior iterations or drafts of the regression analysis include facts, data, or assumptions provided by counsel that were reviewed by the expert, those facts, data, or assumptions should be provided to the Trustees without further delay.

**Document Request No. 44**

This request seeks information concerning other lawsuits, arbitrations, or other legal proceedings to which Plaintiffs are (or were) parties. Plaintiffs flatly refuse to produce any documents in response to this request. Prior lawsuits utilizing similar (or different) statistical analyses as those described in the Second Amended Complaint, inspection regimes, or legal theories are plainly relevant to this case. Plaintiffs should produce relevant documents in response to this Request without further delay.

**Document Request No. 45**

This Request seeks information related to other cases or controversies involving Plaintiffs. Similar to its response to Request 44, Plaintiffs flatly refuse to produce any documents responsive to this Request. Depositions and transcribed testimony in cases or controversies related to REO maintenance and/or property preservation or race discrimination relevant to Plaintiffs' claims in this case may lead to discoverable evidence. Plaintiffs should produce relevant information in response to this Request without further delay.

**Document Request No. 47**

This Request asks for agreements between Plaintiffs and their attorneys. The Trustees disagree with Plaintiffs' assertion that the agreements are irrelevant as the agreements may have information related to current case. Indeed, Plaintiffs have put these agreements squarely at

issue by seeking to recover fees and expenses.  The Trustees are entitled to examine the basis for such amounts, and the terms under which they are being incurred.

      The Trustees propose a Rule 37 conference with Plaintiffs to discuss the above on January 15, 2021 at 12:30 CST.  Please contact me if you are unavailable at this time for such a discussion.

Sincerely,

/s/ Kenneth M. Kliebard

Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone:  (312) 324-1000
Email:  kenneth.kliebard@morganlewis.com

*Counsel to Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee*

Cc:    Nathan L. Garroway
        Kristine M. Schanbacher
        Lisa M. Krigsten
        Shannon Y. Shin
        Debra L. Bogo-Ernst
        Matthew C. Sostrin
        Jacey D. Norris
        Morgan Williams
        Yiyang Wu
        Tata Ramchandani
        Stephen Dane
        David I. Monteiro
        Kurt Rademacher
        Kevin M. Papay
        Victor H. Cruz