# Exhibit F

# SOULE, BRADTKE & LAMBERT

ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

January 25, 2021

*Sent via email*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Email: kenneth.kliebard@morganlewis.com

Kevin M. Papay
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Email: kevin.papay@morganlewis.com

Kurt Rademacher
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Email: kurt.rademacher@morganlewis.com

Victor Cruz
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Email: victor.cruz@morganlewis.com

David Monteiro
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Email: david.monteiro@morganlewis.com

Ajani Brown
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Email: ajani.brown@morganlewis.com

Re:  NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Dear Counsel:

This letter addresses the topics we discussed during our discovery conference on January 19, 2021 and provides information regarding Plaintiffs' position on the issues raised.

A. **Scope of Objections.**  In response to your questions regarding the scope and/or effect of various objections stated in our Response, we provide the following:

**Request No. 1** – As indicated in the objection, we are not producing documents identifying personnel with no involvement in the case.  We are producing responsive documents in our clients' possession that reference any persons with involvement relating to the case.

1

**Request No. 2 -** As stated, we are not producing privileged or work product documents. We will provide a privilege log. We are not withholding other documents on the basis of the objections.

**Request No. 4 -** We are not withholding documents on the basis of the objections asserted.

**Request No. 5 -** We are not withholding documents other than privileged or work product documents.

**Request No. 6 -** We are not withholding documents other than privileged or work product documents.

**Request No. 7 –** We are not withholding documents relating to any Defendant to this action that relate to any issues in the case, other than documents that are privileged or work product.

**Request No. 8 –** We believe that this Request is vague, but, as stated, are not withholding non-privileged/non-work product documents in this category.

**Request No. 9 –** As stated, we are not producing privileged or work product documents.

**Request No. 10 -** As stated, we are not producing privileged or work product documents.

**Request No. 11 -** We are not withholding documents other than privileged or work product documents.

**Request No. 12 -** As stated, we are not producing privileged or work product documents.

**Request No. 13 -** We are not withholding documents other than privileged or work product documents.

**Request No. 14 –** As stated, we are not producing copies of pleadings that describe this information. Other than these documents, we are not withholding documents other than privileged or work product documents.

**Request No. 17 –** We are producing all responsive documents in our possession, although we expect that additional responsive documents are in Defendants' possession.

**Request No. 18 –** We believe that the wording of this request is ambiguous, but we are not withholding non-privileged/non-work product documents in this category.

**Request No. 19 –** We believe that the wording of this request is vague and ambiguous, but we are not withholding non-privileged/non-work product documents in this category.

**Request No. 23 -** As stated, we are not producing privileged or work product documents.

**Request No. 24 –** As stated, we are not producing data that relates to cases or investigations other than this one, and we are not producing privileged or work product documents.

**Request No. 25 -** As indicated, we are producing all responsive documents in our possession, although we expect that additional responsive documents are in Defendants' possession.

**Request No. 34 –** We believe that this Request is ambiguous, but we are not withholding non-privileged/non-work product documents in this category.

**Request No. 35 -** We believe that this Request is ambiguous, but we are not withholding non-privileged/non-work product documents in this category.

**Request No. 36** – As indicated, we are producing responsive documents that are not privileged.

**Request No. 37 -** We are not withholding documents other than privileged or work product documents.

**Request No. 38 -** While we believe that the wording of this Request is vague, we are not withholding non-privileged/non-work product documents in this category.

**Request No. 39 -** While we believe that the wording of this Request is vague, we are not withholding non-privileged/non-work product documents in this category.

**Request No. 40 –** As indicated, we are producing non-privileged/work product documents on a rolling basis, anticipate using expert testimony on this subject, and anticipate the need for supplementation of Plaintiffs' responses. Also, please refer to Plaintiffs' responses to Interrogatories Nos. 3 and 20.

**Request No. 41 -** We are not withholding documents other than privileged or work product documents. We expect that there are responsive documents in Defendants' possession.

**Request No. 42 -** We are not withholding documents other than privileged or work product documents. Also, please refer to Plaintiffs' responses to Interrogatories Nos. 3 and 20.

**Request No. 43 -** We are not withholding documents other than privileged or work product documents.

**Request No. 46 -** As indicated, we are producing responsive documents that are not privileged or work product.

**Request No. 48 -** As indicated, we are producing responsive documents that are not privileged or work product.

**Request No. 49 -** As indicated, we are producing responsive documents that are not privileged or work product.

**B. Documents Related to Property Inspectors (Request No. 15).** As I stated during our call, we will go back to our clients and ask them to provide resumes or applications that they are in possession of that relate to the qualifications of persons who inspected Deutsche Bank properties. We will also circle back to our clients with regard to producing any job descriptions or postings with respect to a property inspector position.

**C. Training Documents (Request No. 16).** As I indicated, we have been producing documents related to the training of persons conducting the inspections, most of which were produced by NFHA. This would include any "templates," "glossaries," etc. With respect to the qualifications and affiliations of persons conducting the training, we are willing to provide resumes for these persons that can be located in our clients' possession. Also, I received a clarification that the database contains the name of the person uploading the information, which may not in all cases be someone who inspected the property. However, we are not withholding documents that would provide such information, such as the handwritten evaluation, emails, etc.

**D. Plaintiffs' Preliminary Statistical Analyses (Requests Nos. 21, 22, 26, 27, 28, 29, 30, 31, 32, 33).** These requests all touch on the preliminary statistical analyses performed by Plaintiffs. With regard to documents relating to the regression analyses performed, while maintaining our objection to the substance of these requests, we have provided the following: the final regression analyses performed by Plaintiffs prior to filing the Second Amended Complaint, which are explicitly referenced in the Second Amended Complaint, including the data dictionary in .pdf format, the dataset in Excel and the regression commands as of 12/19/2018 and output, each in Stata formats that may be opened with a text editor such as notepad in Microsoft Windows.

With respect to these matters generally, we rely on the Court's ruling in *NFHA v. Fannie Mae*, in which the Court rejected a wide-ranging request for pre-filing statistical materials, stating that Fannie Mae's argument regarding the validity of the pre-Complaint statistical analysis "will only be relevant if plaintiffs decide to rely on that expert's regression analysis in opposition to summary judgment or at trial." *National Fair Housing Alliance v. Federal National Mortgage Association*, 4:16-cv-06969-JSW, ECF 95 at 2-3 (April 13, 2020). By producing the regression analyses and related materials supporting the Second Amended Complaint (i.e., at an earlier juncture), we have gone beyond what is reasonably required. Furthermore, considering the additional information regarding property ownership and servicing that we have also produced, it is a certainty that the regression analyses performed before the filing of the Second Amended will <u>not</u> be the analyses that Plaintiffs rely on at trial or in opposition to any summary judgment motion. Also, so that there is no confusion, an expert regression analysis is only one type of evidence that will be offered in support of Plaintiffs' claims. We will also offer traditional modes of proof in fair housing cases. In addition, as to this subject, pursuant to the request of the other Defendants, we have disclosed the date prior to the filing of the initial Complaint (July 24, 2017) on which an expert was engaged to perform a first regression analysis.

As to the information relating to Request No. 21 (occupied properties) that we briefly discussed during our call, we draw your attention to the spreadsheet previously produced to all counsel with my November 2, 2020 letter that identifies unscored Deutsche Bank REO properties in the NFHA database. We further noted that documents being produced by individual fair housing groups may identify a few additional properties that were not scored that are not in the database, but the spreadsheet attached to that letter identifies most of the Deutsche Bank unscored properties. The spreadsheet includes properties that were determined later to have been sold before inspection, as well as properties that were previously scored and re-visited.

**E.  Information Related to Other Lawsuits Involving Plaintiffs  (Request No. 44).**
As I stated during our call, Plaintiffs believe that this request, seeking documents related "to each lawsuit, arbitration, or other legal proceeding in which Plaintiff" was ever a party is overbroad and unlikely to lead to the discovery of admissible evidence.  For example, a design and construction inspection of an apartment building conducted by one of the Plaintiffs that led to filing a lawsuit is far removed from any issues in this case.  As to information overlapping the other REO cases, our position remains as follows: First, we are producing information concerning other investigations that relates generally to all the various REO investigations conducted by Plaintiffs (e.g., a testing protocol that applies across the investigations), because such information also relates to the investigation of Deutsche Bank-owned properties.  Second, we are producing documents that contain information related to the inspection of Deutsche Bank properties even if the documents also make extraneous and/or irrelevant references to properties not owned by Deutsche Bank (e.g., lists of properties to be inspected that reference Deutsche Bank properties and properties owned by other banks).  Third, to provide information to Defendants regarding the scope of other testing, we are working on preparing and producing a document that identifies the total number of properties inspected by Plaintiffs.

**F.  Copies of Depositions and Testimony (Request No. 45).**  This request seeks copies all deposition transcripts and transcribed testimony of any of the Plaintiffs.  For the reasons stated above in Section E, this request is objectionable as overbroad and unlikely to lead to the discovery of admissible evidence.  As I indicated during the call, no depositions have been taken to date in the *Fannie Mae* or *Bank of America* cases.  It seems to us that, even after depositions are taken in those cases, there are substantial issues related to production of the transcripts, including extensive confidentiality provisions in those cases.

**G.  Agreement Between Plaintiffs and Their Attorneys (Request No. 47)**.  We continue to object to this Request for agreements between us and our clients on grounds that it seeks irrelevant information and invades attorney-client privilege.  Without waiving these objections, I indicated that our firms have taken this matter on a contingent basis, and, if we obtain prevailing party status, we will provide all relevant information to fees and expenses incurred.

If you have any questions with regard to the foregoing, please contact me.

Very truly,

James G. Bradtke

5