# Exhibit G

# Morgan Lewis

**Kurt W. Rademacher**
Partner
+1.215.963.4981
kurt.rademacher@morganlewis.com

February 9, 2021

**VIA E-MAIL**

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

Re: *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839, Response to Plaintiffs' Letter dated January 25, 2021

Dear Mr. Bradtke:

I write on behalf of Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, each in their capacities as trustee (the "Trustees"), in response to your letter dated January 25, 2021, and further to our meet and confer teleconference on January 19, 2021.

First, with respect to Request for Production No. 15, you agreed in your January 25 letter to request from your clients "resumes or applications" as well as "job descriptions or postings." While we appreciate that these documents are somewhat broader than the resumes to which Plaintiffs previously sought to limit their production, the Trustees do not agree that the production of these narrow additional categories of documents resolves the dispute concerning Request No. 15. For example, you exclude from your description any internal communications concerning the qualifications of Inspectors, and appear to be seeking to shield from production documents concerning the *process* by which individuals were selected to fill these roles and inspect particular properties.

Second, you provide a clarification in your January 25 letter that the "database" produced as support for the regression analysis described in the Second Amended Complaint in some cases mis-identifies the Inspector of particular properties, and captures instead only the individual making the database entries. This late disclosure demonstrates why Plaintiffs' numerous objections to providing meaningful discovery concerning Plaintiffs' statistical analysis are untenable. For one thing, while Plaintiffs now characterize their regression analysis as "preliminary," they present that analysis in the operative pleading as a definitive demonstration of their claims. *See, e.g.,* Second Amended Complaint, ¶¶ 16,

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103-2921      ☎ +1.215.963.5000
United States                                   📠 +1.215.963.5001

February 9, 2021
Page 2

107-111.  Plaintiffs' attempts to disavow this analysis do not render it irrelevant to their claims.  Besides, if there are changes from the supposed "preliminary" analysis to the next iteration, Defendants are entitled to examine the basis for any such changes.  For another thing, as Plaintiffs' new disclosure demonstrates, the "dataset" produced by Plaintiffs is, in at least the one respect disclosed in your January 25 letter, factually inaccurate.  The Federal Rules do not require the Trustees to simply take Plaintiffs' word that the omissions in their dataset are limited to those disclosed by Plaintiffs in discovery correspondence.  Rather, the Trustees are entitled to understand the basis for the serious claims leveled against them by Plaintiffs.  Nonetheless, you made clear in our January 19, 2021 conference that Plaintiffs will *not* produce the requested information without judicial intervention.  Unless Plaintiffs reconsider their position and inform us of that in the next day, the Trustees will raise this issue with the Court.

Third, regarding the production of information related to other lawsuits filed by Plaintiffs, while you describe one theoretical case that would be "far removed" from the issues in this case in your view, you do not indicate whether Plaintiffs would produce information concerning lawsuits much closer to the core of this matter.  Based on your January 25 letter and our January 19 meet and confer, we understand that Plaintiffs are unwilling to negotiate the scope of this request, and remain opposed to producing responsive documents beyond those set forth in your letter.  Unless Plaintiffs reconsider their position and inform us of that in the next day, the Trustees will also raise this issue with the Court.

Finally, with respect to the Trustees' request for deposition transcripts from litigation brought by the Plaintiffs, while restating your objection that the request is overbroad, you do not dispute the relevance of transcripts of forthcoming depositions in other matters in which Plaintiffs assert virtually identical claims, implicating Inspectors and other witnesses who played key roles in this case.  Rather, you speculate that productions related to these yet-to-be-conducted depositions would pose "substantial issues," including with respect to "confidentiality provisions."  The Trustees disagree that Plaintiffs can shield from discovery in this matter testimony from related litigation that is plainly relevant merely by stipulating to a confidentiality order in another case.  Unless Plaintiffs indicate they will reconsider the position stated in your January 25 letter that it will produce no transcripts whatsoever, the Trustees will seek judicial intervention at the appropriate time.

February 9, 2021
Page 3

Please do not hesitate to contact us if you would like to discuss any of the forgoing.

Very truly yours,

Kurt W. Rademacher

cc: Counsel of Record