# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al., <br><br> Defendants. | Case No. 18 CV 839 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Sidney I. Schenkier <br><br> Jury Trial Demanded |

**THE TRUSTEES' FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Deutsche Bank National Trust Company, as Trustee, and Deutsche Bank Trust Company Americas, as Trustee, by and through their attorneys, hereby request that Plaintiffs produce copies of, or produce for inspection and reproduction at the offices of Morgan, Lewis & Bockius LLP, 77 W. Wacker Drive, Chicago, IL 60601, or a location mutually agreeable to the parties, all documents and things in the possession, custody or control of Plaintiffs as requested herein. Plaintiffs' responses must be made within thirty (30) days of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. All responses and objections to these Requests shall be made in accordance with the requirements of Fed. R. Civ. P. 26 and 34.

2. The "Trustees" refers to Deutsche Bank National Trust Company and/or Deutsche Bank Trust Company Americas, and any of their officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

3. "Ocwen" refers to Ocwen Loan Servicing, LLC or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

4. "Altisource" refers to Altisource Solutions, Inc. or any of its predecessors or successors, and any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

5. "Defendants" refers collectively to the Trustees, Ocwen, and Altisource, all as defined above.

6. "Plaintiffs" or "You" or "Your" refers to the Plaintiffs in the instant litigation, namely, National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center; Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

7. "Second Amended Complaint" refers to the Second Amended Complaint filed in this case on May 8, 2019.

8. "Inspections" refers to Plaintiffs' alleged evaluations of property conditions described in Paragraphs 84 through 95 of the Second Amended Complaint.

9. "Property List" refers to the list of real estate for which Plaintiffs conducted Inspections and that Plaintiffs contend are at issue in this case, as included in Appendix A to the Second Amended Complaint and as revised by Plaintiffs on March 3, 2020.

10. "Property" refers an individual real estate property that appears on the Property List.

11. "Plaintiffs' Statistical Analysis" refers to those statistical analyses conducted by, for, or on behalf of Plaintiffs that form the basis for the allegations in paragraphs 7 and 106 of the Second Amended Complaint.

12. "Document" shall have the full meaning ascribed to that term by the Federal Rules of Civil Procedure. This shall include any written, recorded or graphic matter, whether produced, reproduced, published, promulgated or stored on paper, cards, tapes, films, computer-storage devices or any other media and includes, but is not limited to, the following: email; paper; books; letters; regulations; notices; statutes; photographs; objects; tangible things; correspondence; telegrams; cables; telex messages; facsimile transmissions; memoranda; notes; notations; work papers; transcripts; minutes; reports and recordings of telephone or other conversations; interviews; conferences or other meetings; affidavits; statements; summaries; opinions; proposals; reports; studies; analyses; evaluations; contracts; agreements; journals; statistical records; desk calendars; appointment books; diaries; lists; tabulations; sound recordings; computer printouts; all records kept by electronic, photographic or mechanical means; and things similar to any of the foregoing, however denominated. When one or more of the foregoing documents are requested by use of the term "Document," the request includes, but

is not limited to, the original and each and every copy and draft thereof having writing, notations, corrections, or markings unique to each such copy or draft.

13. "Communication" means the transmittal of information whether face-to-face or by telephone, telecopy, letter, telex, cable, electronic mail, electronic means or other means whereby thoughts, opinions, facts or other matters are transmitted between two or more persons.

14. "Person" means any natural person or any business, legal or governmental entity or association.

15. "Relate to" or "refer to" (or any form thereof) means, without limitation, addressing, constituting, comprising, discussing, describing, covering, pertaining to, supporting, evidencing, stating, analyzing, evaluating, summarizing, memorializing, concerning, reflecting, referring to or relating to, directly or indirectly, the subject matter identified in a particular request. As indicated, the term necessarily includes information which is in opposition to as well as in support of the position(s) and defenses of Defendant in this case.

16. The terms "and," "or," and "and/or" shall be construed to bring within the scope of the request all responses that might otherwise be construed outside its scope.

17. The terms "any," "each" or "all" mean each and every, as well as any one.

18. Where the singular is used with reference to any person, document, or item, it shall include the plural if, in fact, there are more than one, and vice versa. Similarly, where the pronouns "his," "her" and "him" are used, they shall include both genders.

19. These document requests seek all documents that are within Plaintiff's knowledge, possession, custody, or control, including documents that are within the possession, custody, or control of any of the agents, accountants, attorneys, or other representatives of Plaintiff.

20. If any responsive document is withheld upon a claim of privilege, provide a privilege log that complies with the requirements of Fed. R. Civ. P. 26(b)(5). If any responsive document is withheld for any other reason, identify in detail the basis for withholding the document.

21. If a document exists or has existed, but is not produced because it is in the possession, custody, or control of a third party or because it has been lost or destroyed, please identify the document in detail and the name and address of the third party having control over the document and/or the reason for and date of destruction or loss. If the documents requested are not reasonably available to you, state what efforts were made to obtain the documents, and from what source such documents might be obtained.

22. These document requests are continuing in nature and must promptly be amended or supplemented if Plaintiff becomes aware of additional documents responsive to these requests.

23. The use of the singular includes the plural and vice versa.

24. The use of a verb in any tense shall encompass all other tenses, wherever necessary, to bring within the scope of the discovery request matters that might otherwise be construed as outside the scope of the request.

25. The terms "concerning" means concerning, describing, involving, mentioning, pertaining to, comprising, referring to, regarding, showing, disclosing, explaining, summarizing, bearing upon, setting forth, or referencing in any way.

26. "Including" means "including, but not limited to."

27. Unless otherwise indicated in the individual request, the relevant time frame for each request shall be considered to be January 1, 2010, through the present.

**DOCUMENTS REQUESTED**

Request No. 1.   All Documents comprising personnel or organizational charts for each of Plaintiffs.

Request No. 2.   All Documents related to Communications between any Plaintiff and any other Person (excluding your attorneys) regarding this lawsuit.

Request No. 3.   To the extent not already requested, all Communications between Plaintiffs and any state, local, or federal government officials or bodies concerning the subject matter of the Second Amended Complaint.

Request No. 4.   All pre-suit Communications with Defendants.

Request No. 5.   All Documents relating to the Inspections.

Request No. 6.   All Documents relating to each Property, including but not limited to all communications related to each Property.

Request No. 7.   All Documents relating to any Defendant in this action.

Request No. 8.   All Documents relating to the claims and allegations in the Second Amended Complaint.

Request No. 9.   All Documents referenced in, relied upon in preparing, or identified in the Second Amended Complaint.

Request No. 10.  All Documents concerning Plaintiffs' selection of the metropolitan areas in which Plaintiffs conducted Inspections of Properties, including but not limited to (a) Documents concerning the criteria and basis for selection and (b) Documents concerning the criteria and basis for excluding other metropolitan area.

Request No. 11.  All Documents concerning the boundaries of metropolitan areas in which Plaintiffs conducted Inspections of Properties, including but not limited to Documents concerning the criteria and rationales used to determine such boundaries.

Request No. 12.   All Documents concerning Plaintiffs' selection of Properties for Inspection, including but not limited to (a) Documents concerning the criteria used in determining which Properties to inspect within a metropolitan area and (b) Documents concerning any decision to exclude any real property from Inspection.

Request No. 13.   All Documents concerning Plaintiffs' addition of Properties to the Property List following the filing of the original complaint in this action, including but not limited to how Plaintiffs identified each such Property and the criteria Plaintiffs used in selecting each additional Property for Inspection.

Request No. 14.   All Documents concerning Plaintiffs' removal of Properties from the Property List following the filing of the original complaint in this action, including but not limited to how Plaintiffs identified each such Property and the criteria Plaintiffs used in deciding to exclude each such Properties from the Property List.

Request No. 15.   All Documents concerning the process by which Plaintiffs selected, hired, retained, or recruited the individuals who conducted the Inspections, including but not limited to all Documents reflecting the qualifications of each such person.

Request No. 16.   All Documents relating to the training provided for the Inspections, including but not limited to: (a) any training materials for the individuals who conducted the Inspections, (b) Documents concerning the process for training inspectors, (c) Documents identifying the individuals who conducted the training and their qualifications and affiliations, (d) Documents reflecting which Inspections each person conducted, (e) any templates used by inspectors, (f) the "example" and "field terminology" referenced in paragraph 90 of the Second Amended Complaint, and (g) the "glossary" referenced in paragraph 90 of the Second Amended Complaint.

Request No. 17.   All photographs of the Properties.

Request No. 18.   All Documents reflecting or concerning any checklists made during, interviews taken during, and/or notes taken during Inspections of the Properties.

Request No. 19.   All Documents concerning the classification of communities between "communities of color" and "white communities" as referenced first in paragraph 5 of the Second Amended Complaint, including but not limited to:  (a) Documents reflecting the criteria used to so classify communities, (b) Documents concerning the relative boundaries of "communities of color" and "white communities," and (c) any analysis of census data used in making this determination.

Request No. 20.   All Documents concerning Plaintiffs' development of the "39 objective aspects of the routine exterior maintenance" of the Properties, as referenced in paragraph 5 of the Second Amended Complaint.

Request No. 21.   All Documents concerning the criteria and basis for determining that a Property "appeared to be occupied," as referenced in paragraph 86 of the Second Amended Complaint, and the effects of that determination, including but not limited to:  (a) a list of Properties excluded from Plaintiffs' Statistical Analysis for the reason that they "appeared to be occupied," and (b) any assessment showing the effects that exclusion of such Properties had on Plaintiffs' Statistical Analysis.

Request No. 22.   All Documents concerning the determination that "work was ongoing" on a Property, as referenced in paragraph 86 of the Second Amended Complaint, and the effects of that determination, including but not limited to:  (a) a list of Properties excluded from Plaintiffs' Statistical Analysis for the reason that they "work appeared to be ongoing," and (b)

any assessment showing the effects that exclusion of such Properties had on Plaintiffs' Statistical Analysis.

Request No. 23.    All Documents concerning the determination of the length of the "grace period" referenced in paragraph 92 of the Second Amended Complaint.

Request No. 24.    The "central database" referenced in paragraph 91 of the Second Amended Complaint, including but not limited to:  (a) a list of the meaning of each table and field in the database and (b) any other information needed to reasonably interpret the database.

Request No. 25.    All photographs of properties neighboring the Properties for which Plaintiffs conducted Inspections, as referenced in paragraph 91 of the Second Amended Complaint, including the photographs of each property to either side of the inspected Property and of the property across the street from the inspected Property.

Request No. 26.    All Documents concerning the exclusion from Plaintiffs' Statistical Analysis of Properties for which Plaintiffs conducted an Inspection.

Request No. 27.    All Documents concerning, reflecting, or comprising the Plaintiffs' Statistical Analysis supporting the allegation in paragraph 7 of the amended complaint that disparities existed between "communities of color" and "white communities," including but not limited to all supporting work papers, calculations, drafts, prior iterations, and alternative models.

Request No. 28.    All Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 106 of the Second Amended Complaint, including but not limited:  (a) Documents reflecting a complete list of variables considered to be "non-racial" by Plaintiffs and any intermediate or separate analysis of "non-racial" variables conducted by

Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative models.

Request No. 29.   All underlying data supporting Plaintiffs' Statistical Analysis, in a readily-accessible format that can be analyzed through separate statistical analysis.

Request No. 30.   All Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 107 of the Second Amended Complaint, including but not limited to:  (a) a complete list of variables considered to be "non-racial" by Plaintiffs and any intermediate or separate analysis of "non-racial" variables conducted by Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative models.

Request No. 31.   All underlying data supporting the allegation in paragraph 107 of the Second Amended Complaint in a readily-accessible format that can be analyzed through separate statistical analysis.

Request No. 32.   All Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 108 of the Second Amended Complaint, including but not limited to: (a) a complete list of variables considered to be "non-racial" by Plaintiffs and any intermediate or separate analysis of "non-racial" variables conducted by Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative models.

Request No. 33.   All underlying data supporting the allegation in paragraph 108 of the Second Amended Complaint in a readily-accessible format that can be analyzed through separate statistical analysis.

Request No. 34.   All Documents concerning the Inspection of Properties serviced by Ocwen where no Trustee was the trustee.

Request No. 35.    All Documents concerning the Inspection of Properties where Altisource provided services where neither Trustee was the trustee.

Request No. 36.    To the extent not already requested, all Documents reflecting Communications between and among Plaintiffs concerning the Inspection of the Properties.

Request No. 37.    To the extent not already requested, all Documents reflecting communications between any Plaintiff and any third party concerning the Inspection of the Properties.

Request No. 38.    All Documents reflecting presentations, minutes, and summaries prepared by any Plaintiff concerning the Inspection of the Properties.

Request No. 39.    All Documents concerning any initial review of the Properties prior to the Inspections, any Documents related to the initiation of the Inspection of Properties, and any Documents discussing the planning of the Inspections.

Request No. 40.    All Documents relating to any damages alleged in the Complaint or that You are otherwise seeking in this action, including but not limited to: (i) Documents concerning Plaintiffs' claimed damages as a result of the supposed frustration of Plaintiffs' mission; (ii) all Documents concerning Plaintiffs' claimed damages as a result of Plaintiffs' supposed implementation of counteractive measures; and (iii) all Documents concerning Plaintiffs' claimed damages as a result of Plaintiffs' supposed diversion of resources.

Request No. 41.    All Documents concerning or supporting Plaintiffs' allegations that the Trustees designate certain areas as "low value" and certain properties as "low value assets" as referenced in paragraphs 158A through paragraph 158C of the second amended complaint.

Request No. 42.    All Documents provided by any Plaintiff to any government entity or official described by Plaintiffs as "community outreach" and "public education efforts."

Request No. 43.   All Documents generated or obtained by any Plaintiff as a result of a meeting with any government entity or official described by Plaintiffs as "community outreach" and "public education efforts."

Request No. 44.   Document relating to each lawsuit, arbitration, or other legal proceeding in which each Plaintiff is currently or previously was a party.

Request No. 45.   Without limitation as to time period, copies of each deposition or other transcribed testimony by each Plaintiff.

Request No. 46.   To the extent not already requested, all Documents that refer or relate to Communications that You had with other Plaintiffs in this action relating to the substance of this lawsuit.

Request No. 47.   All agreements between You and any attorney representing You in this action.

Request No. 48.   All Documents referenced, relied upon, or identified in Plaintiffs' Fed. R. Civ. P. Rule 26(a) initial disclosures.

<u>Request No. 49.</u>   All Documents referenced in, relied upon in preparing, or identified in Plaintiffs' responses to Defendants' Interrogatories.

Dated:  May 22, 2020

Respectfully submitted,

By:   /s/*Kenneth M. Kliebard*
   MORGAN, LEWIS & BOCKIUS LLP
   77 West Wacker Drive
   Suite 500
   Chicago, Illinois  60601
   Tel.:  312.324.1000
   Fax:  312.324.1001
   kenneth.kliebard@morganlewis.com

*Counsel for Attorney for Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas*

## **CERTIFICATE OF SERVICE**

I, Kenneth M. Kliebard, an attorney, certify that on May 22, 2020, I caused a copy of **the Trustees' First Set of Requests For Production Of Documents To Plaintiffs** to be served via electronic mail upon:

Jennifer K. Soule
James G. Bradtke
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
jsoule@sbllegal.com
jbradtke@sbllegal.com
klambert@sbllegal.com

Yiyang Wu
Tara K. Ramchandani
Relman Colfax PLLC
1225 19th Street, N.W.
Suite 600
Washington, DC 20036
ywu@relmanlaw.com
tramchandani@relmanlaw.com

Morgan W. Williams
National Fair Housing Alliance
1331 Pennsylvania Ave, NW, Suite 650
Washington, DC 20004
mwilliams@nationalfairhousing.org

Stephen M. Dane
Dane Law LLC
312 Louisiana Avenue
Perrysburg, OH 43551
sdane@fairhousinglaw.com

                                      */s/Kenneth M. Kliebard*
                                      Kenneth M. Kliebard