# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**DEFENDANT ALTISOURCE'S & OCWEN'S JOINT FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Altisource Solutions, Inc. and Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation issues the following to all Plaintiffs asking them to respond to the following Requests for Production of Documents by producing and making available the following Documents in accordance with the Definitions and Instructions below.

**INSTRUCTIONS**

1. All Documents and other information produced in response to this Discovery Request shall be produced to counsel for Altisource, Dentons US LLP, Suite 5300, 303 Peachtree Street, NE, Atlanta, Georgia 30308, attn.: Nathan Garroway, and counsel for Ocwen, Mayer Brown LLP, 71 S. Wacker Drive, Chicago, IL 60606, attn.: Debra Bogo-Ernst, within 60 days of service of this Request under the Court's instructions for discovery in this case, or at such place and date as agreed upon by the undersigned counsel and Plaintiff.

2. With respect to Documents produced in response to the Discovery Requests, designate those Documents responsive to each Discovery Request appearing hereafter by

numbered paragraphs corresponding to each Discovery Request. To the extent that no single document exists, or is in the possession, custody or control of Plaintiff, which contains all the information sought in any particular specification herein, please provide such other Documents in your possession, custody and control which are sufficient to show, compute or compile all of the information requested.

3. In the event Documents responsive to the Discovery Requests have been destroyed, identify each such document and state the date upon which the document was destroyed, all known recipients of the document, the general subject matter of the document and all individuals who are believed to have knowledge of the contents of the Documents.

4. If the original of the document is within your possession, custody, or control, produce it; if not, produce any such copy as is in your possession or control. Any copy of a document on which any notation, addition, correction, or change has been made is to be treated as constituting an additional original document. All non-identical copies are hereby requested to be produced.

5. If, in response to any Discovery Request, when there are any Documents or other information requested that you do not produce because of a claim of privilege or for any other reason, note such a failure to produce as an objection to the Discovery Request, and comply with the Discovery Request to the extent that it is not subject to the objection.

6. In the event you claim an attorney-client privilege, work product exclusion, or any other privilege as to any document or other information requested herein, then as to each document and other information that you believe to be subject to such a claim, you are requested to provide an identification of such document or other information, such identification to include:

    i. the nature of the document or information;

      ii.      the sender;

      iii.      the author;

      iv.      the date;

      v.      the primary addressee and all carbon copy or photocopy recipients;

      vi.      the name of each person to whom the original or any copy was circulated;

      vii.      the name of any person whose name or initials or other identification appeared on any circulation list associated with it;

      viii.      a summary statement of the subject matter of the document or other information sufficient to reach a determination as to the applicability of the privilege or exclusion claimed; and

      ix.      a statement of the basis for the assertion of the privilege or exclusion.

7.      Unless otherwise specified, the time period for all requests should be construed to include All Documents and information that were within Your possession or control from January 1, 2011 through the present day.

## DEFINITIONS

As used herein, the following words shall have the meanings indicated:

a.      "Person" shall mean and include natural persons, corporations, partnerships, firms, associations, joint ventures, proprietorships, entities, associations, governmental units, and all other form of organizations or entities.

b.      "You," "Your," and "Plaintiff" shall refer as applicable, to the individual housing organization identified as a Plaintiff in the Complaint that is responding to the request, and any of its agents, employees, contractors, affiliates, volunteers, or representatives.

c.      "All" includes "all" and "any."

3

  d.  The connectives "and" and "or" shall be construed in both the conjunctive and disjunctive sense, synonymous with "and/or."

  e.  "Action" shall mean the above-captioned case.

  f.  "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction or on behalf of another.

  g.  "Altisource" shall mean Defendant Altisource Solutions, Inc.

  h.  "Complaint" shall mean the Second Amended Complaint filed by Plaintiffs in the U.S. District Court for the Northern District of Illinois on May 8, 2019.

  i.  "Communication" and "Communications" shall be deemed to mean and include any transmission of information (in the form of facts, ideas, inquiries, or otherwise) whether direct or through an intermediary, including, without limitation, conversations, telephone calls, meetings, discussions, conferences, seminars, letters, memorandum, facsimiles, telecopies, text messages, telexes, e-mails, and on-line postings.

  j.  "Date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" means the best available approximation, including the relationship between the event or Communication for which a date is sought and other events.

  k.  "Defendants" shall mean the Trustee Defendants, Ocwen, and Altisource.

  l.  "Document" shall be deemed to mean and include every record of every type and nature, including, but not limited to, all letters, correspondence, memoranda, electronic mail, email, instant messages, text messages, agreements, Communications, records, completed or blank forms, handwritten notes, books, records of conversations, voice or sound recordings, photographs or video recordings, press releases, social media posts, financial statements, opinions, work papers or reports of consultants, meeting transcripts or minutes, public filings or tax returns, including,

but not limited to, information stored on any electromagnetic storage device, any written, printed, typed, recorded or graphic matter, however produced or reproduced or stored, and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or documents where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy. "Document" shall be deemed also to include any summary of a document or documents called for hereafter.

  m.  "Identify" or "identification" means to describe with specificity. In particular:

    1.  When referring to a person, it means: state his or her full name, present or last known residence address and telephone number, present or last known business address and telephone number, and present and last known job or position.

    2.  When referring to a document, it means: state the date the document was prepared and the date, if any, that it bears; identify each author and each signer of the document; identify each person to whom the document was addressed or who received a copy of the document; state the title or heading of the document; state the nature of the document (e.g., letter, memorandum, report, booklet, poster, worksheet, etc.); state the subject matter of the document; and state the number of pages in the document.

    3.  When referring to a Communication, it means: state the date and place of the Communication; identify each person who participated in, or was present during, the Communication; state whether the Communication was written or oral; and state the subject matter of the Communications.

n. "Investigation" shall mean the investigation of Trustee REO properties that is the subject of the Complaint, including, but not limited to, all efforts or actions undertaken by each Plaintiff (as applicable) to inspect, record, analyze, manage, assist, fund-raise, report, counteract, or otherwise support the subject matter of the investigation.

o. "March 3 Letter" shall mean that certain letter dated March 3, 2020 "Re: February 18, 2020 Request For List Of Properties Including Inspection Dates" sent to Defendants, including the list of properties enclosed therewith.

p. "Ocwen" shall mean Defendant Ocwen Loan Servicing, LLC.

q. "Produced" shall mean anything sent, furnished, given, or made available for inspection, whether in response to a formal request or voluntarily undertaken.

r. "Properties" shall be construed to include all properties in the March 3 Letter, Annex A of the Complaint and, to the extent applicable, all other REO properties owned by the Trustee Defendants that were investigated, considered for investigation, or identified by any Plaintiff.

s. The term "relating to" means referring to, consisting of, reflecting, concerning, discussing, constituting, describing, analyzing, studying, evidencing, incorporating, refuting, or in any way pertaining to or having any logical or factual connection with the matter discussed.

t. "REO Properties" means real estate bank-owned properties, which come to be when a property is put up for a foreclosure sale, does not sell, and is owned and maintained by a bank or its agents. This term shall include properties that are not owned by the Trustee Defendants.

u. "Trustee Defendants" shall mean Defendants Deutsche Bank National Trust and Deutsche Bank Trust Company Americas.

6

v. Terms such as "program," "project," or "mission" shall be given their broadest construction as they apply to each individual Plaintiff's activities and services as described in Paragraphs 194–285 of the Complaint.

## REQUESTS FOR PRODUCTION

1. All Documents related to the manner in which You initiated Your investigation, including but not limited to memoranda, grant applications, communications with potential or actual funding sources, and/or research about REO properties or the Defendants.

2. All Documents relating to the identification and/or selection of Altisource and Ocwen as entities to be included, evaluated, investigated, or considered in Your Investigation, including but not limited to the date upon which You first considered Altisource and Ocwen as part of Your Investigation.

3. All Communications with the United States Department of Housing and Urban Development ("HUD") or other federal, state, or local regulators relating to Your Investigation or the allegations in the Complaint.

4. All Document that You intend to use in support of Your allegations in the Complaint.

5. All Documents that support or establish Your allegation that Altisource and Ocwen in "intentional discrimination" or "discriminatory conduct," or else undertook actions that were "because of" race or national origin, as such terms are used in connection with the Fair Housing Act including, but not limited to, any communications related thereto.

6. All Documents that support or establish any alleged policy, practice or marketing activity of Altisource and/or Ocwen.

7

7. All Documents relating to interviews, discussions, or information shared by potential or intended witnesses that were conducted during Your Investigation.

8. All Documents related to the methodology You used to identify, select, or reject addresses or properties as part of Your Investigation, including, but not limited to, any applicable policies, procedures, protocols, checklists, inspection guides, manuals, glossaries, and illustrative samples used in Your selection process; Documents used to determine whether a property was owned by a Trustee Defendant; and Documents used to determine whether Ocwen and/or Altisource had any obligations to a property.

9. All Documents relating to Your process for identifying and selecting the "metropolitan areas" and census tracts to be investigated, including but not limited to Documents referring to the basis for selecting the "metropolitan areas" and Documents related to other "metropolitan areas," cities, or geographic locations that were considered but not investigated and/or included in the Complaint, and whether the "metropolitan areas" are representative of Altisource and Ocwen's activities.

10. All Documents relating to the criteria and/or methodology You used to determine or identify classify a property as located in a "predominantly White neighborhoods," "predominantly non-white neighborhoods," "neighborhoods of color," "predominantly Latino neighborhoods," "predominantly African American neighborhoods" as alleged in the Complaint, including, but not limited to, Documents sufficient to determine how You defined "predominantly White neighborhoods," predominantly non-white neighborhoods," "neighborhoods of color," "predominantly Latino neighborhoods," and "predominantly African American neighborhoods" as used in Your Investigation and/or the Complaint, as well as all published literature, articles, research, or other support for the definitions of "predominantly White neighborhoods,"

8

"predominantly non-white neighborhoods," "neighborhoods of color," "predominantly Latino neighborhoods," "predominantly African American neighborhoods" as used in Your Investigation and/or the Complaint.

11. All Documents related to Your "aggregate findings" as alleged in Paragraphs 96-102 of the Complaint including Documents reflecting data supporting your assertions that "Defendants failed to perform adequate routine exterior maintenance and marketing of the Deutsche Bank REO properties in communities of color . . . while satisfactorily performing routine exterior maintenance and marketing of the Deutsche Bank REO properties in white neighborhoods."

12. All Documents relating to the methodology used to identify and select the zip codes that you allege in Paragraph 86 of the Complaint to be "racially concentrated…with the highest foreclosure rates."

13. All Documents reflecting the "neighborhood designation" You used for each property in Your Investigation, including, but not limited to, how the designation was determined for each property.

14. Maps or other Documents sufficient to identify all neighborhoods, communities, zip codes, and/or geographic areas identified as part of Your Investigation in Your responses to Defendants' Interrogatories.

15. All Documents relating to all training provided to investigators or persons assisting in the Investigation, including, but not limited to the training materials and practices referenced in Paragraph 90 of the Complaint, Documents relating to or evaluating the adequacy of any training provided, Documents relating to re-training, manuals, or protocols or guidance used to inspect each property.

16. All Documents related to Your methodology for determining that there were "highly significant disparities in the routine exterior maintenance and marketing of the Deutsche Bank-owned homes in communities of color as compared to white communities" as alleged in Paragraph 5 of the Complaint.

17. All Documents supporting Your allegation in Paragraph 7 of the Complaint that "disparities observed between the maintenance of the Deutsche Bank-owned homes in white communities and the Deutsche Bank-owned homes in communities of color are stark, highly probative and statistically significant."

18. All Documents relating to your methodology for determining that there was "a systemic and particularized pattern of differential treatment by Defendants in maintaining and/or marketing REO properties on the basis of race, color, and/or national origin" as alleged in Paragraph 6 and 9 of the Complaint.

19. All Documents relating to any measures or processes You took to verify that Altisource and Ocwen had any obligations related to any of the properties you considered in the course of Your Investigation, including, but not limited to, the allegations that either Altisource or Ocwen acted as a "primary servicer" for properties in Paragraph 64 of the Complaint.

20. All Documents that relate to Your process for identifying and selecting the "objective aspects" of "routine exterior maintenance" for Your Investigation as alleged in Paragraph 5 of the Complaint, including but not limited to: Documents detailing the universe of objective aspects that were considered, the basis for selecting the 39 objective aspects that were included in Your Investigation, the basis for rejecting or declining other objective aspects, and whether the "objective aspects" are representative, relevant, or useful in determining the maintenance history of a property, including, but not limited to, published literature, articles,

research, or other support for evaluation of REO properties. All Documents relating to, supporting, or establishing the "generally accepted industry practices" referenced in Paragraph 63 of the Complaint.

21. All Documents relating to the properties that You inspected, or considered for inspection, that were not included in the March 3 Letter or Annex A of the Complaint, including, but not limited to, those properties referenced in Paragraphs 86 and 87 of the Complaint.

22. All Documents relating to any complaints regarding any property included in the March 3 Letter or Annex A of the Complaint, including, but not limited to, those referred to in Paragraphs 84 and 142 of the Complaint.

23. All Documents relating to Your inspection for each property included in Your Investigation, including, but not limited to, Documents recording the observations made for each property, photographs of each property, photographs taken of surrounding properties, Documents reflecting the aggregation of those observations, Documents discussing the schedule for inspections, the number of times and dates on which You visited and/or inspected each property, any changes or modifications You made to the recorded data and observations for a property after the property was re-visited or re-inspected, and any Communications about the inspection records.

24. All Documents related to Your decision to base your Investigation on single visits to properties as opposed to using multiple visits to evaluate whether conditions were improving or deteriorating.

25. All Documents relating to any properties You excluded from Your inspection or analysis, including, but not limited to, Documents related to Your decision to exclude those properties that "appeared to be occupied…at the time of the site visits" or where "work was actively occurring at the time of the site visits" as alleged in Paragraph 86 of the Complaint.

26. All Documents reflecting all versions of the glossary and forms You used to inspect properties as referred to in Paragraph 90 of the Complaint.

27. All Documents, records, and Communications contained in the "central database" referred to in Paragraph 90 of the Complaint.

28. All Documents related to Communications between You and Your agents (including other Plaintiffs), third parties, or Defendants regarding Your Investigation.

29. All Documents sufficient to identify the persons involved in the Investigation, including, but not limited to, employees, staff, or volunteers who assisted in the Investigation, those conducting field inspections for the properties during the course of Your Investigation, those responsible for supervising the collection and reporting of information, as well as each person's position, job duties, and the amount of time they spent assisting or working on Your Investigation.

30. All Documents relating to deficiencies or impediments in the conduct of Your inspections, including but not limited to: missing information, problems or difficulties in observing the physical exterior of properties, incomplete information or records for a property, or difficulties in obtaining or recording information for properties.

31. All Documents relating to the alleged "non-racial factors" or "explanations" identified in Paragraphs 106–108, 142, and 171 of the Complaint including, but not limited to, how these factors were determined, how these factors were utilized in any statistical analysis, and Communications relating to the use of these factors in Your Investigation.

32. Documents sufficient to identify all individuals and/or entities that participated in, assisted, or reviewed any statistical review and/or analysis related to Your Investigation, including, but not limited to, Documents sufficient to identify all individuals and/or entities that participated in, assisted, or reviewed any regression review and/or analysis related to Your Investigation.

33. All Documents related to any statistical analysis performed on data during the early stages of Your Investigation as alleged in Paragraph 96 of the Complaint, including but not limited to, Documents relating to when You accumulated sufficient data to show national patterns of discrimination allegedly existed for Trustee REO properties.

34. All Documents relating to the regression analysis referenced in Paragraph 106, 107, and 108 of the Complaint, including, but not limited to, any preliminary or interim versions of the regression analysis, any variations in the regression analysis's model formulation or use of explanatory variables, any assessment of the regression analysis's statistical assumptions, and any regression diagnostics (including goodness of fit testing, testing of statistical significance of the estimated parameters, and any other regression diagnostics) or any other tests or assessments of the regression analysis's validity.

35. All Documents relating to or describing other factors affecting a property's condition that You considered but did not include in the regression analysis identified in Paragraphs 106, 107, and 108 of the Complaint.

36. All Documents relating to the "numerous forms of data and observational evidence establishing the differential treatment" of properties as alleged in Paragraph 109 of the Complaint.

37. All Documents provided by You to the Defendants, or any of their officers, agents, representatives, attorneys, or affiliated entities that relate to Your Investigation prior to the commencement of this Action including, but not limited to, Documents related to the meetings and findings alleged to have been made in Paragraph 121 of the Complaint.

38. All Documents relating to Altisource and/or Ocwen's alleged failure to comply with state and local laws as described in Paragraph 142 of the Complaint.

39. All Documents and Communications relating to the witness identified by Plaintiffs in ECF 64 including, but not limited to, the initial Communications provided by the witness on January 28, 2019, Documents and materials resulting from the "additional investigations" NFHA conducted on behalf of the Plaintiffs, and the "evidence provided by this witness," as alleged in ECF 64.

40. Documents sufficient to show Your organizational structure from January 1, 2011 - present, including, but not limited to, the identity of all employees, volunteers, or others who have acted on Your behalf in conducting the Investigation.

41. All Documents that relate to, depict, or support the monetary damages that You are asserting against Altisource and/or Ocwen including, but not limited to, computations for Plaintiffs on an individual and collective basis for damages related to (a) "loss of economic value and negative impact on Plaintiffs' investment in minority communities to promote fair housing and community stabilization," (b) "frustration of Plaintiffs' mission as fair housing organizations," (c) "the necessary initiation and implementation of costly and time-consuming investigations and counteractive measures," (d) "diversion of individual resources from other programs central to Plaintiffs' mission," (e) "harm to minority neighborhoods in terms of diminished property value, safety, and habitability, including offices of Plaintiffs located in affected neighborhoods," as alleged in Paragraphs 172 and 174-193 of the Complaint

42. All Documents relating the financing and expenditures You incurred in conducting Your Investigation, including, but not limited to, Communications about Your Investigation with foundation sources, donors, or supporters from January 1, 2011 through present, and all Documents relating to any financial agreement or arrangement between You and any other Plaintiff.

43. All Documents relating to or showing how Defendants' property maintenance and marketing allegedly interfered with the sales of homes and community redevelopment efforts as referred to in Paragraph 178 of the Complaint.

44. All Documents relating to or showing Your organization's "mission," projects, or programs as alleged in Paragraphs 179 through 180 of the Complaint including, but not limited to, the programs, projects, and guidelines for Your investments in minority communities; the programs and guidelines for Your Investigations and responses to discriminatory conduct in the housing market; the programs, projects, and guidelines for Your continuing education efforts; the programs, projects, and guidelines for Your outreach and counteractive measures in response to discriminatory conduct, the goals or anticipated outcomes for each of Your missions, projects, or programs; and/or research projects You undertake.

45. All Documents sufficient to show Your budget and funding sources for each mission, program, project, or investment that You implemented or undertook from January 1, 2011 through present, including, but not limited to, Documents sufficient to show funding sources that You have received for, or applied toward, Your Investigation of REO properties and any "counteractive measures" You undertook as alleged in Paragraphs 182–184 of the Complaint.

46. All Documents relating to programs or projects You delayed, forwent, or diverted resources from as a result of Defendants' alleged practices as referred to in Paragraphs 185–187 of the Complaint, including all damages You incurred due to the frustration of Your mission or diversion of Your resources as applicably alleged in Paragraphs 194–285 of the Complaint.

47. All Documents sufficient to show Your organization's financial position and performance for each quarter from January 1, 2011 to present including, but not limited to, budgets, financial statements, income statements, balance sheets, and cash flow statements.

48. All Documents relating to diminished property values, safety, habitability, housing opportunities, and community redevelopment efforts that were harmed by Defendants' practices as You allege in Paragraph 199 of the Complaint.

49. All Documents sufficient to show the number of persons You employed, hired, and/or contracted with each year since you began Your Investigation.

50. All Documents sufficient to support and calculate the damages you allege to have suffered as described in Plaintiffs' February 28, 2020 Rule 26(a)(1) disclosures.

51. All Documents and Communications relating to each individual and their respective subjects of knowledge or information as identified in Plaintiffs' February 28, 2020 Rule 26(a)(1) disclosures.

52. All Documents and Communications with Dr. Calvin Bradford or Bradford & Associates, its employees, or agents, relating to any statistical analysis, advice, guidance, or data collection efforts related to Your Investigation.

53. All Documents not covered by the foregoing Requests that relate to Your purported damages in this Action.

54. All Documents related to any settlements You have entered into as a result of Your Investigation including, but not limited to, settlements involving the maintenance and marketing of REO Properties owned by entities other than the Trustee Defendants.

55. All Documents identified in Your responses to Defendants' Interrogatories.

56. All Documents referenced, used, reviewed, or considered in responding to Defendants' Interrogatories.

57. All Documents not covered by the foregoing Requests that You will use to support your claims or defenses in this Action.

16

58. All Documents not covered by the foregoing Requests that negate Your claims in this action.

59. All Documents produced to the Trustee Defendants in response to any of their requests for production in this Action that are not already produced in response to these requests.

60. All Documents produced to Altisource in response to any of its requests for production in this Action that are not already produced in response to these requests.

61. All Documents produced to Ocwen in response to any of its requests for production in this Action that are not already produced in response to these requests.


Dated: May 22, 2020                                    Respectfully submitted,

                                                       By: /s/ *Debra Bogo-Ernst*
                                                       Debra Bogo-Ernst
                                                       Matthew C. Sostrin
                                                       Jacey D. Norris
                                                       Mayer Brown LLP
                                                       71 S. Wacker Drive
                                                       Chicago, IL 60606
                                                       dernst@mayerbrown.com
                                                       msostrin@mayerbrown.com
                                                       jnorris@mayerbrown.com

                                                       *Counsel to Defendant Ocwen Loan Servicing, LLC*

                                                       By: /s/ Nathan Garroway
                                                       Nathan Garroway (admitted *pro hac vice*)
                                                       DENTONS US LLP
                                                       303 Peachtree Street, NE
                                                       Suite 5300
                                                       Atlanta, GA 30308
                                                       Telephone: (404) 527-4000
                                                       Email: nathan.garroway@dentons.com

                                                       Shannon Y. Shin
                                                       DENTONS US LLP
                                                       233 South Wacker Drive
                                                       Suite 5900

17

        Chicago, IL 60606
        Telephone: (312) 876-8000
        Email: shannon.shin@dentons.com

        Lisa Krigsten (admitted *pro hac vice*)
        DENTONS US LLP
        4520 Main Street
        Suite 1100
        Kansas City, MO 64111
        Telephone: (816) 460-2400
        Email: lisa.krigsten@dentons.com

        *Counsel to Defendant Altisource Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I, Debra Bogo-Ernst hereby certify that on May 22, 2020, I caused a copy of the foregoing **Defendant Altisource's and Ocwen's Joint First Set of Requests for Production of Documents to All Plaintiffs** to be served via email to all counsel of record listed below.

/s/ *Debra Bogo-Ernst*

| | |
|---|---|
| Jennifer K. Soule<br>James G. Bradtke<br>Kelly K. Lambert<br>Soule, Bradtke & Lambert<br>402 Campbell Street #100<br>Geneva, IL 60134<br>jsoule@sbllegal.com<br>jbradtke@sbllegal.com<br>klambert@sbllegal.com | Tara K. Ramchandani<br>Yiyang Wu<br>Relman Colfax PLLC<br>1225 19th St NW, Suite 600<br>Washington, DC 20036<br>tramchandani@relmanlaw.com<br>ywu@relmanlaw.com |
| Stephen Dane<br>Dane Law LLC<br>312 Louisiana Avenue<br>Perrysburg, OH 43551<br>sdane@fairhousinglaw.com | Morgan Whitney Williams<br>National Fair Housing Alliance<br>1101 Vermont Ave. NW #710<br>Washington, DC 20005<br>mwilliams@nationalfairhousing.org |
| Kenneth M. Kliebard<br>*Morgan, Lewis & Bockius LLP*<br>77 W. Wacker Drive, Suite 500<br>Chicago, IL 60601<br>*kenneth.kliebard@morganlewis.com* | Kevin M. Papay<br>*Morgan, Lewis & Bockius LLP*<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>*kevin.papay@morganlewis.com* |