# Exhibit K

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO TRUSTEES' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby respond to the Trustees' First Request for Production of Documents.

**GENERAL STATEMENT AND OBJECTIONS**

The information provided in these Responses is done so in accordance with the requirements of the Federal Rules of Civil Procedure, which call for the disclosure of non-privileged documents within the recipient's custody or control that may contain information relevant to claims or defenses or lead to the discovery of relevant and admissible evidence. By providing the requested documents, Plaintiffs do not waive any objections to their admission into evidence, nor do they submit to the instructions and definitions set forth at the beginning of the Requests for Production, except as to those instructions and definitions that specifically conform to the requirements of the Federal Rules and the applicable case law.

1

Plaintiffs' objections and responses to the Requests for Production are based upon information now available to them. Plaintiffs reserve the right to amend, modify or supplement these objections and responses based upon additional responsive information.

Plaintiffs object to producing documents prior to the entry of a protective order in this case. Upon entry of a protective order, Plaintiffs will produce responsive, non-privileged documents on a rolling basis.

Plaintiffs object to Instruction No. 21 to the extent that it expands obligations imposed under the Federal Rules of Civil Procedure or other governing law concerning lost or destroyed documents, and Plaintiffs will identify such documents in accordance with the obligations imposed by the Federal Rules and applicable case law.

Plaintiffs object generally to providing documents, communications or other information that relate only to the investigation of the practices of other entities with regard to the maintenance of REO properties and do not relate to the investigation at issue in this case.

Subject to and without waiver of the foregoing qualifications and objections which are incorporated into each of Plaintiffs' responses, Plaintiffs respond to the Trustees' First Request for Production of Documents as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1.** All Documents comprising personnel or organizational charts for each of Plaintiffs.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome inasmuch as it seeks the identity of numerous persons who had no involvement with the issues relating to this Litigation. Subject to this objection, Plaintiffs'

search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 2.**    All Documents related to Communications between any Plaintiff and any other Person (excluding your attorneys) regarding this lawsuit.

**RESPONSE TO REQUEST NO. 2:** Plaintiffs object that this Request seeks documents that may be privileged, including documents privileged pursuant to the common interest privilege between the Plaintiffs.  Plaintiffs further object that this Request is overbroad and unduly burdensome since it seeks not only the requested communications, but also all documents related to the communications.  Plaintiffs further object that as to communications with Defendants, it is unduly burdensome to produce such communications with Defendants back to Defendants. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 3.**    To the extent not already requested, all Communications between Plaintiffs and any state, local, or federal government officials or bodies concerning the subject matter of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 3:** Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 4.**    All pre-suit Communications with Defendants.

**RESPONSE TO REQUEST NO. 4:** Plaintiffs object that as to communications with Defendants, Defendants have equal access to such documents, and it is unduly burdensome to produce responsive communications with Defendants back to Defendants.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 5.**     All Documents relating to the Inspections.

**RESPONSE TO REQUEST NO. 5:**  Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents.  To the extent that Defendants seek all documents relating to the inspection of each of the properties, Plaintiffs further object that discovery is ongoing, and Plaintiffs anticipate obtaining additional responsive documents that may be produced by Defendants.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.  In particular, Plaintiffs will produce relevant portions of their database reflecting the inspection and scoring of the properties.

**Request No. 6.**     All Documents relating to each Property, including but not limited to all communications related to each Property.

**RESPONSE TO REQUEST NO. 6**:  Plaintiffs object to this Request as overbroad to the extent that not all documents related to a property or all communications regarding a property are relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the request as not seeking privileged documents.  Plaintiffs further object that discovery is ongoing, and Plaintiffs anticipate obtaining additional responsive documents that may be produced by Defendants.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 7.**     All Documents relating to any Defendant in this action.

**RESPONSE TO REQUEST NO. 7**:  Plaintiffs object that this Request is overbroad and unduly burdensome inasmuch as documents relating to a Defendant but not relating to any of the issues in this litigation are irrelevant and unlikely to lead to discovery of admissible evidence.

4

Plaintiffs further object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for responsive and relevant documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 8.**    All Documents relating to the claims and allegations in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 8**:  Plaintiffs object that this this Request is unduly vague and premature.  Plaintiffs anticipate that additional responsive documents will be obtained by Plaintiffs during discovery.  Plaintiffs further object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for documents that in Plaintiffs' judgment are responsive is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 9.**    All Documents referenced in, relied upon in preparing, or identified in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 9:**  Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents.  Subject to this objection, Plaintiffs search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 10.**   All Documents concerning Plaintiffs' selection of the metropolitan areas in which Plaintiffs conducted Inspections of Properties, including but not limited to (a) Documents concerning the criteria and basis for selection and (b) Documents concerning the criteria and basis for excluding other metropolitan area.

**RESPONSE TO REQUEST NO. 10**:  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications.  Subject to this objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 11.**   All Documents concerning the boundaries of metropolitan areas in which Plaintiffs conducted Inspections of Properties, including but not limited to Documents concerning the criteria and rationales used to determine such boundaries.

**RESPONSE TO REQUEST NO. 11**:  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this request to exclude such communications.  Plaintiff further objects to this Request to the extent that Defendants have equal or superior access to various documents in the public domain (e.g., U.S. Census Reports) relating to the request.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 12.**   All Documents concerning Plaintiffs' selection of Properties for Inspection, including but not limited to (a) Documents concerning the criteria used in determining which Properties to inspect within a metropolitan area and (b) Documents concerning any decision to exclude any real property from Inspection.

**RESPONSE TO REQUEST NO. 12:**  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this request to exclude such communications.  Subject to this objection,

Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 13.**   All Documents concerning Plaintiffs' addition of Properties to the Property List following the filing of the original complaint in this action, including but not limited to how Plaintiffs identified each such Property and the criteria Plaintiffs used in selecting each additional Property for Inspection.

**RESPONSE TO REQUEST NO. 13**:  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications.   Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 14.**   All Documents concerning Plaintiffs' removal of Properties from the Property List following the filing of the original complaint in this action, including but not limited to how Plaintiffs identified each such Property and the criteria Plaintiffs used in deciding to exclude each such Properties from the Property List.

**RESPONSE TO REQUEST NO. 14:**  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications.   Plaintiffs object to the production of pleadings filed in this case, which are equally accessible to Defendants.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 15.**   All Documents concerning the process by which Plaintiffs selected, hired, retained, or recruited the individuals who conducted the Inspections, including but not limited to all Documents reflecting the qualifications of each such person.

**RESPONSE TO REQUEST NO. 15**:  Plaintiffs object to this Request as overbroad and unduly burdensome and unlikely to lead to the discovery of admissible evidence inasmuch as many persons who conducted inspections were hired, retained or recruited for reasons and in circumstances not related to the matters at issue in this litigation.  Plaintiffs further object that the Request for all documents "reflecting" the qualifications of the referenced persons is overbroad, vague and ambiguous, and could be interpreted as involving production of work performed by the persons on matters not at issue in this litigation.  Subject to these objections, Plaintiffs' will search for resumes of persons who performed investigations, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 16.**   All Documents relating to the training provided for the Inspections, including but not limited to: (a) any training materials for the individuals who conducted the Inspections, (b) Documents concerning the process for training inspectors, (c) Documents identifying the individuals who conducted the training and their qualifications and affiliations, (d) Documents reflecting which Inspections each person conducted, (e) any templates used by inspectors, (f) the "example" and "field terminology" referenced in paragraph 90 of the Second Amended Complaint, and (g) the "glossary" referenced in paragraph 90 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 16**:  Plaintiffs object to this Request as vague and ambiguous in terms of the request for documents identifying the "affiliations" of persons conduct training.  Plaintiffs further object to the Request as ambiguous inasmuch as certain of the

subcategories of documents requested (e.g., documents reflecting which Inspection each person conducted) do not appear to be related to the general request for documents relating to training. Plaintiffs further object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications. Subject to these objections, Plaintiffs' will search for responsive documents, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 17.** All photographs of the Properties.

**RESPONSE TO REQUEST NO. 17**: To the extent that Defendants seek all photographs relating to the properties, Plaintiffs object that discovery is ongoing, and Plaintiffs anticipate that additional responsive documents will be obtained from Defendants. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 18.** All Documents reflecting or concerning any checklists made during, interviews taken during, and/or notes taken during Inspections of the Properties.

**RESPONSE TO REQUEST NO. 18:** Plaintiff objects to this Request as vague and overbroad inasmuch as it seeks documents reflecting or concerning checklists, notes and interviews, rather than requesting the checklists, notes and interviews themselves. Plaintiffs further object to this Request to the extent that it seeks documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this request to exclude such communications. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 19.** All Documents concerning the classification of communities between "communities of color" and "white communities" as referenced first in paragraph 5 of the

Second Amended Complaint, including but not limited to: (a) Documents reflecting the criteria used to so classify communities, (b) Documents concerning the relative boundaries of "communities of color" and "white communities," and (c) any analysis of census data used in making this determination.

**RESPONSE TO REQUEST NO. 19:** Plaintiffs object to this Request as vague and ambiguous inasmuch as it seeks all documents "concerning" the referenced classifications and methodology, which could be interpreted to include irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that Defendants have equal or superior access to numerous documents in the public domain (e.g., U.S. Census Reports). Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 20.** All Documents concerning Plaintiffs' development of the "39 objective aspects of the routine exterior maintenance" of the Properties, as referenced in paragraph 5 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 20:** Plaintiffs object to the production of documents constituting attorney work product or privileged documents. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 21.** All Documents concerning the criteria and basis for determining that a Property "appeared to be occupied," as referenced in paragraph 86 of the Second Amended Complaint, and the effects of that determination, including but not limited to: (a) a list of Properties excluded from Plaintiffs' Statistical Analysis for the reason that they "appeared to be

occupied," and (b) any assessment showing the effects that exclusion of such Properties had on Plaintiffs' Statistical Analysis.

      **RESPONSE TO REQUEST NO. 21**:  Plaintiffs object to this Request seeking documents analyzing or assessing any effects of unoccupied properties on Plaintiffs' Statistical Analysis as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Plaintiffs further state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

      **Request No. 22.**   All Documents concerning the determination that "work was ongoing" on a Property, as referenced in paragraph 86 of the Second Amended Complaint, and the effects of that determination, including but not limited to:  (a) a list of Properties excluded from Plaintiffs' Statistical Analysis for the reason that they "work appeared to be ongoing," and (b) any assessment showing the effects that exclusion of such Properties had on Plaintiffs' Statistical Analysis.

      **RESPONSE TO REQUEST NO. 22**:  Plaintiffs object to this Request seeking documents analyzing or assessing any effects of properties at which work was ongoing on Plaintiffs' Statistical Analysis as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs' further object that this Request seeks

11

documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Plaintiffs further state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 23.** All Documents concerning the determination of the length of the "grace period" referenced in paragraph 92 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO.23**: Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 24.** The "central database" referenced in paragraph 91 of the Second Amended Complaint, including but not limited to: (a) a list of the meaning of each table and field in the database and (b) any other information needed to reasonably interpret the database.

**RESPONSE TO REQUEST NO. 24**: Plaintiffs object to creating documents not already in existence in response to this Request and will not do so. Plaintiffs object to the production of any portions of the "central database" that contain information relating to investigations and cases other than this one. Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs will produce relevant portions of the database reflecting the properties inspected and scored.

**Request No. 25.**   All photographs of properties neighboring the Properties for which Plaintiffs conducted Inspections, as referenced in paragraph 91 of the Second Amended Complaint, including the photographs of each property to either side of the inspected Property and of the property across the street from the inspected Property.

**RESPONSE TO REQUEST NO. 25**:  To the extent that Defendants seeks all photographs of neighboring properties, Plaintiffs object that discovery is ongoing, and Plaintiffs anticipate obtaining additional responsive documents from Defendants.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 26.**   All Documents concerning the exclusion from Plaintiffs' Statistical Analysis of Properties for which Plaintiffs conducted an Inspection.

**RESPONSE TO REQUEST NO. 26:**   Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis  inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Plaintiffs also object that the Request is vague and ambiguous in terms of the word "exclusion."  Plaintiffs further state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents, if any, on a rolling basis.

**Request No. 27.**  All Documents concerning, reflecting, or comprising the Plaintiffs'
Statistical Analysis supporting the allegation in paragraph 7 of the amended complaint that
disparities existed between "communities of color" and "white communities," including but not
limited to all supporting work papers, calculations, drafts, prior iterations, and alternative
models.

**RESPONSE TO REQUEST NO. 27:**  Plaintiffs object to this Request as premature to
the extent it seeks documents concerning Plaintiffs' Statistical Analysis  inasmuch as expert reports
and expert documents will be generated and produced in this litigation in accord with such
schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs'
further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P.
26(b)(4)(C).  Subject to these objections, Plaintiffs state that prior to the due date for testifying
experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs
prior to filing the Complaint, which is explicitly referenced in the Complaint.

**Request No. 28.**  All Documents concerning, reflecting, or comprising the regression
analysis referenced in paragraph 106 of the Second Amended Complaint, including but not
limited to:  (a) Documents reflecting a complete list of variables considered to be "non-racial" by
Plaintiffs and any intermediate or separate analysis of "non-racial" variables conducted by
Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative
models.

**RESPONSE TO REQUEST NO. 28**:  Plaintiffs object to this Request as premature to the
extent it seeks documents concerning Plaintiffs' Statistical Analysis  inasmuch as expert reports
and expert documents will be generated and produced in this litigation in accord with such
schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs'

further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint or Amended Complaint, which is explicitly referenced in the Complaint. Plaintiffs' investigation continues: Plaintiffs are not limited to analyses performed prior to filing the initial or amended Complaints in this case.

**Request No. 29.** All underlying data supporting Plaintiffs' Statistical Analysis, in a readily-accessible format that can be analyzed through separate statistical analysis.

**RESPONSE TO REQUEST NO. 29**: Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis inasmuch as expert analyses, reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(D) and/or Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint or Amended Complaint, which are explicitly referenced in the Complaint. As previously indicated, Plaintiffs will produce relevant portions of the database reflecting the properties inspected and scored.

**Request No. 30.** All Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 107 of the Second Amended Complaint, including but not limited to: (a) a complete list of variables considered to be "non-racial" by Plaintiffs and any intermediate or separate analysis of "non-racial" variables conducted by Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative models.

**RESPONSE TO REQUEST NO. 30:** Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint.

**Request No. 31.** All underlying data supporting the allegation in paragraph 107 of the Second Amended Complaint in a readily-accessible format that can be analyzed through separate statistical analysis.

**RESPONSE TO REQUEST NO. 31:** Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed prior to filing the Complaint, which is explicitly referenced in the Complaint. As previously indicated, Plaintiffs will produce relevant portions of the database reflecting properties inspected and scored.

**Request No. 32.** All Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 108 of the Second Amended Complaint, including but not limited to: (a) a complete list of variables considered to be "non-racial" by Plaintiffs and any

intermediate or separate analysis of "non-racial" variables conducted by Plaintiffs, and (b) all supporting work papers, calculations, drafts, prior iterations, and alternative models.

**RESPONSE TO REQUEST NO. 32**:  Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis  inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint.

**Request No. 33.**   All underlying data supporting the allegation in paragraph 108 of the Second Amended Complaint in a readily-accessible format that can be analyzed through separate statistical analysis.

**RESPONSE TO REQUEST NO. 33**:  Plaintiffs object to this Request as premature to the extent it seeks documents concerning Plaintiffs' Statistical Analysis  inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.  Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis performed by Plaintiffs prior to filing the Complaint, which is explicitly referenced in the Complaint.  As previously indicated, Plaintiffs will produce relevant portions of the database reflecting the properties inspected and scored.

**Request No. 34.**   All Documents concerning the Inspection of Properties serviced by Ocwen where no Trustee was the trustee.

**RESPONSE TO REQUEST NO. 34**:  Plaintiffs object to this Request as ambiguous inasmuch as the phrase "no trustee was the trustee" could be interpreted as meaning that there was no trustee for a property inspected or it could be interpreted as meaning neither of the Trustee Defendants in this case was the trustee, or it might be interpreted in some other way.  Subject to this objection, Plaintiffs will search for documents, relating to inspections where Ocwen serviced properties, but the Deutsche Bank Defendants were not trustees, and produce those documents, if any, on a rolling basis.

**Request No. 35.**   All Documents concerning the Inspection of Properties where Altisource provided services where neither Trustee was the trustee.

**RESPONSE TO REQUEST NO. 35**:  Plaintiffs object to this Request as ambiguous. Subject to this objection, Plaintiffs will search for documents, relating to inspections where Altisource serviced properties, but the Deutsche Bank Defendants were not trustees, and produce those documents, if any, on a rolling basis.

**Request No. 36.**   To the extent not already requested, all Documents reflecting Communications between and among Plaintiffs concerning the Inspection of the Properties.

**RESPONSE TO REQUEST NO. 36**:  Plaintiffs object to this Request to the extent that it seeks documents that are attorney-client privileged, including documents subject to the common interest privilege between the Plaintiffs.  Plaintiffs will not produce such documents, but will search for non-privileged, responsive documents and produce them on a rolling basis.

18

**Request No. 37.**   To the extent not already requested, all Documents reflecting communications between any Plaintiff and any third party concerning the Inspection of the Properties.

RESPONSE TO REQUEST NO. 37:  Plaintiffs object that this Request seeks documents that may be privileged.  Plaintiffs further object that this Request is overbroad and unduly burdensome since it seeks not only the requested communications, but all documents reflecting the communications.  Plaintiffs further object that as to communications with Defendants, it is unduly burdensome to produce such communications with Defendants back to Defendants. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 38.**   All Documents reflecting presentations, minutes, and summaries prepared by any Plaintiff concerning the Inspection of the Properties.

RESPONSE TO REQUEST NO. 38:  Plaintiffs object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this request to exclude such communications.  Plaintiffs further object that the references to presentations, minutes and summaries are vague.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 39.**   All Documents concerning any initial review of the Properties prior to the Inspections, any Documents related to the initiation of the Inspection of Properties, and any Documents discussing the planning of the Inspections.

RESPONSE TO REQUEST NO. 39:   Plaintiffs object to this Request because the phrases used in this Request are vague and ambiguous (e.g., "documents related to the initiation

of the Inspection of the properties"). Plaintiffs further object to this Request to the extent that it calls for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 40.** All Documents relating to any damages alleged in the Complaint or that You are otherwise seeking in this action, including but not limited to: (i) Documents concerning Plaintiffs' claimed damages as a result of the supposed frustration of Plaintiffs' mission; (ii) all Documents concerning Plaintiffs' claimed damages as a result of Plaintiffs' supposed implementation of counteractive measures; and (iii) all Documents concerning Plaintiffs' claimed damages as a result of Plaintiffs' supposed diversion of resources.

**RESPONSE TO REQUEST NO. 40**: Plaintiffs object to this Request on the basis that it is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to their claims for damages. Plaintiffs further object that the Request is premature inasmuch as they continue to devote time and resources to addressing Defendants' conduct and suffer continuing deleterious effects, and anticipate that supplementation of documents provided at this time will be necessary. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

**Request No. 41.** All Documents concerning or supporting Plaintiffs' allegations that the Trustees designate certain areas as "low value" and certain properties as "low value assets" as referenced in paragraphs 158A through paragraph 158C of the second amended complaint.

**RESPONSE TO REQUEST NO. 41**: Plaintiffs object to this Request to the extent responsive documents may in the possession of Defendants or in the possession of third parties.

Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 42.**   All Documents provided by any Plaintiff to any government entity or official described by Plaintiffs as "community outreach" and "public education efforts."

**RESPONSE TO REQUEST NO. 42**:  Plaintiffs object to this Request to the extent it characterizes "community outreach" and "public education efforts" as limited to or necessarily involving a governmental entity or official.   Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

**Request No. 43.**   All Documents generated or obtained by any Plaintiff as a result of a meeting with any government entity or official described by Plaintiffs as "community outreach" and "public education efforts."

**RESPONSE TO REQUEST NO. 43**:  Plaintiffs object to this Request to the extent it characterizes "community outreach" and "public education efforts" as limited to or necessarily involving a governmental entity or official.   Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 44.**   Document relating to each lawsuit, arbitration, or other legal proceeding in which each Plaintiff is currently or previously was a party.

**RESPONSE TO REQUEST NO. 44**:  Plaintiffs object to this Request as overbroad, unduly burdensome and unlikely to lead to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents responding to this Request.

**Request No. 45.**   Without limitation as to time period, copies of each deposition or other transcribed testimony by each Plaintiff.

**RESPONSE TO REQUEST NO. 45:** Plaintiffs object to this Request as overbroad, unduly burdensome and unlikely to lead to lead to the discovery of admissible evidence. Plaintiffs will not produce documents responding to this Request.

**Request No. 46.** To the extent not already requested, all Documents that refer or relate to Communications that You had with other Plaintiffs in this action relating to the substance of this lawsuit.

**RESPONSE TO REQUEST NO. 46**: Plaintiffs object to this Request to the extent that it seeks documents that are attorney-client privileged, including subject to the common interest privilege between the Plaintiffs. Plaintiffs will not produce such documents, but will search for non-privileged, responsive documents and produce them on a rolling basis.

**Request No. 47.** All agreements between You and any attorney representing You in this action.

**RESPONSE TO REQUEST NO. 47:** Plaintiffs object to this Request on grounds that documents sought are privileged, are irrelevant and are not likely to lead to the discovery of admissible evidence. The requested documents will not be produced.

**Request No. 48.** All Documents referenced, relied upon, or identified in Plaintiffs' Fed. R. Civ. P. Rule 26(a) initial disclosures.

**RESPONSE TO REQUEST NO. 48**: Plaintiffs object to this Request to the extent that some of the documents sought are be subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis**.**

**Request No. 49.**   All Documents referenced in, relied upon in preparing, or identified in Plaintiffs' responses to Defendants' Interrogatories.

**RESPONSE TO REQUEST NO. 49:**  Plaintiffs object to this Request to the extent that some of the documents sought are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

Respectfully Submitted,
*/s/ Jennifer K. Soule*

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*

Yiyang Wu
Tara Ramchandani
*Relman Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW, Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Stephen M. Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

Dated: July 15, 2020

23

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on July 15, 2020, I caused a copy of **Plaintiffs' Response To Trustees' First Request For Production Of Documents** to be served via electronic mail upon:

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

*/s / Jennifer K. Soule*
*One of Plaintiffs' Attorneys*

Jennifer K. Soule
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134