# Exhibit M

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS ALTISOURCE'S & OCWEN'S JOINT FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby respond to the First Request for Production of Documents served by Defendants Altisource Solutions, Inc. and Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation.

**GENERAL STATEMENT AND OBJECTIONS**

The information provided in these Responses is done so in accordance with the requirements of the Federal Rules of Civil Procedure, which call for the disclosure of non-privileged documents within the recipient's custody or control that may contain information relevant to claims or defenses or lead to the discovery of relevant and admissible evidence. By providing the Requested documents, Plaintiffs do not waive any objections to their admission into evidence, nor do they submit to the instructions and definitions set forth at the beginning of the Requests for Production, except as to those instructions and definitions that specifically conform to the requirements of the Federal Rules and the applicable case law.

1

Plaintiffs' objections and responses to the Requests for Production are based upon information now available to them. Plaintiffs reserve the right to amend, modify or supplement these objections and responses based upon additional responsive information.

Plaintiffs object to producing documents prior to the entry of a protective order in this case. Upon entry of a protective order, Plaintiffs will produce responsive, non-privileged documents on a rolling basis.

Plaintiffs object to Instruction No. 3 to the extent that it expands that it expands obligations imposed under the Federal Rules of Civil Procedure or other governing law concerning lost or destroyed documents, and Plaintiffs will identify such documents in accordance with the obligations imposed by the Federal Rules and applicable case law.

Plaintiffs object to Instruction No. 6 to the extent that it expands the scope of Federal Rule of Civil Procedure 26(a)(5). Plaintiffs will produce a privilege log in an agreed format sufficient to enable Defendants to asses Plaintiff's claim of privilege.

Plaintiffs object generally to providing documents, communications or other information that relate only to the investigation of the practices of other entities with regard to the maintenance of REO properties and do not relate to the investigation at issue in this case.

Subject to and without waiver of the foregoing qualifications and objections which are incorporated into each of Plaintiffs' responses, Plaintiffs respond to Defendants' First Request for Production of Documents as follows:

## **RESPONSES TO REQUESTS FOR PRODUCTION**

1. All Documents related to the manner in which You initiated Your investigation, including but not limited to memoranda, grant applications, communications with potential or actual funding sources, and/or research about REO properties or the Defendants.

**RESPONSE**: Plaintiffs object to this Request on grounds that it is overbroad and unduly burdensome in seeking documents "related" to the manner the investigation was initiated as opposed to documents created as part of the initiation of the investigation. Plaintiffs further object that certain examples provided in the Request are not relevant to Plaintiffs' claims or Defendants' defenses, such as the Request for grant applications and related communications. As regards documents related to funding, Plaintiffs will provide final awards of funding and reporting related to final awards of funding, and will withhold other Requested documents on the basis of these objections. Plaintiffs further object that the Request, by referencing research about REO properties, appears to seek documents that are entitled to attorney-client or work product production, and such protected documents will not be produced. Subject to and without waiver of these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

2. All Documents relating to the identification and/or selection of Altisource and Ocwen as entities to be included, evaluated, investigated, or considered in Your Investigation, including but not limited to the date upon which You first considered Altisource and Ocwen as part of Your Investigation.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks any documents that would have to be created by Plaintiffs for the purpose of production in this matter. (E.g., documents identifying the date upon which Plaintiffs first considered Altisource and Ocwen for investigation). Plaintiffs further object to the extent that the Request appears to seek documents that are privileged or attorney work product, and Plaintiffs interpret the Request to exclude such communications. Subject to and without waiver of these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

3.      All Communications with the United States Department of Housing and Urban Development ("HUD") or other federal, state, or local regulators relating to Your Investigation or the allegations in the Complaint.

**RESPONSE:** Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

4.      All Documents that You intend to use in support of Your allegations in the Complaint.

**RESPONSE:** Plaintiffs object to this Request as premature because discovery is ongoing, and Plaintiffs anticipate obtaining and developing additional evidence which will result in responsive documents, including documents produced by Defendants. Plaintiffs further object that this Request is premature inasmuch as Plaintiffs may proffer expert report/s and generate related documents that are responsive to this Request.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

5.      All Documents that support or establish Your allegation that Altisource and Ocwen engaged in "intentional discrimination" or "discriminatory conduct," or else undertook actions that were "because of" race or national origin, as such terms are used in connection with the Fair Housing Act including, but not limited to, any communications related thereto.

**RESPONSE:**   Plaintiffs object to this Request as premature because discovery is ongoing, and Plaintiffs anticipate obtaining and developing additional evidence which will result in responsive documents, including documents produced by Defendants. Plaintiffs further object that this Request is premature inasmuch as Plaintiffs may proffer expert report/s and generate related documents that are responsive to this Request.  Subject to these objections, Plaintiffs'

search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

6.      All Documents that support or establish any alleged policy, practice or marketing activity of Altisource and/or Ocwen.

**RESPONSE:** Plaintiffs object to this Request as overbroad to the extent that it seek documents relating to any policies, practices or marketing activities of Defendants, as opposed to policies, practices or marketing activities claimed by Plaintiffs to be unlawful.  Plaintiffs further object to this Request as premature because discovery is ongoing, and Plaintiffs anticipate obtaining and developing additional evidence that will result in responsive documents.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

7.      All Documents relating to interviews, discussions, or information shared  by potential or intended witnesses that were conducted during Your Investigation.

**RESPONSE:**  Plaintiffs object to this Request to the extent that it appears to seek documents that are privileged or attorney work product, (e.g., attorney communications with Plaintiffs, attorney notes regarding witnesses, etc.) and Plaintiffs interpret the Request to exclude such communications.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

8.      All Documents related to the methodology You used to identify, select, or reject addresses or properties as part of Your Investigation, including, but not limited to, any applicable policies, procedures, protocols, checklists, inspection guides, manuals, glossaries, and illustrative samples used in Your selection process; Documents used to determine whether a property was owned by a Trustee Defendant; and Documents used to determine whether Ocwen and/or

Altisource had any obligations to a property.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous inasmuch as it seeks all documents related to the referenced methodology, which could be interpreted to include many irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the basis that it appears to seek documents that are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

9.     All Documents relating to  Your process for identifying and selecting the "metropolitan  areas" and census tracts to be investigated , including but not limited to Documents referring to the basis  for selecting the "metropolitan areas" and Documents related to other "metropolitan areas," cities, or geographic locations that were considered but not investigated and/or included in the Complaint, and whether the "metropolitan areas" are representative of Altisource and Ocwen's activities.

**RESPONSE:** Plaintiffs object to this Request inasmuch as the Request for documents relating to whether the "metropolitan areas" are representative of Altisource and Ocwen's activities is vague and ambiguous. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

10.     All Documents relating to the criteria and/or methodology You used to determine or identify classify  a property as located in a "predominantly White neighborhoods," "predominantly non-white neighborhoods," "neighborhoods of color," "predominantly Latino neighborhoods," "predominantly African American neighborhoods" as alleged in the Complaint, including, but not limited to, Documents sufficient to determine how You defined

6

"predominantly White neighborhoods," predominantly non-white neighborhoods,"

"neighborhoods of color," "predominantly Latino neighborhoods," and "predominantly African

American neighborhoods" as used in Your Investigation and/or the Complaint, as well as all

published literature, articles, research, or other support for the definitions of "predominantly

White neighborhoods," "predominantly non-white neighborhoods," "neighborhoods of color,"

"predominantly Latino neighborhoods," "predominantly African American neighborhoods" as

used in Your Investigation and/or the Complaint.

**RESPONSE:**  Plaintiffs object to this Request as vague and ambiguous inasmuch as it

seeks all documents "related" to the referenced methodology, which could be interpreted to

include many irrelevant documents not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff further objects to this Request to the extent that Defendants have

equal or superior access to numerous documents in the public domain (e.g., U.S. Census

Reports).  Subject to these objections, Plaintiffs' search for responsive documents is ongoing,

and Plaintiffs will produce such documents on a rolling basis.

11.    All Documents related to Your "aggregate findings" as alleged in Paragraphs 96-

102 of the Complaint including Documents reflecting data supporting your assertions that

"Defendants failed to perform adequate routine exterior maintenance and marketing of the

Deutsche Bank REO properties in communities of color . . . while satisfactorily performing

routine exterior maintenance and marketing of the Deutsche Bank REO properties in white

neighborhoods."

**RESPONSE:**  Plaintiffs object to this Request as vague and overbroad to the extent that

it calls for production of all documents related to the "aggregate findings" as opposed to the

documents that form the basis of or support the referenced contentions in the Complaint.

Plaintiffs further object to the Request as premature inasmuch as it is expected that Plaintiffs'

expert/s may generate documents or reports relating to the referenced allegations that will be

produced in accord with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiffs

further object to the extent that this Request appears to seek documents that are not discoverable

pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Subject to these objections, Plaintiffs' search for

responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

In particular, Plaintiffs will produce relevant portions of the database reflecting the properties

inspected and scored and the results of the statistical analysis finding the highly significant

disparities referenced in the Complaint.

12.     All Documents relating to the methodology used to identify and select the zip

codes that you allege in Paragraph 86 of the Complaint to be "racially concentrated…with the

highest foreclosure rates."

**RESPONSE**:  Plaintiffs object to this Request as vague and ambiguous to the extent that

it seeks documents relating to the methodology employed as opposed to documents supporting

the allegations regarding the referenced methodology in the Complaint. Plaintiffs further object

to this Request on the basis that it may seek documents that are subject to attorney-client

privilege or work product, and Plaintiffs interpret this Request to exclude such communications.

Plaintiffs further object to this Request to the extent that Defendants have equal or superior

access to numerous documents in the public domain (e.g., U.S. Census Reports).  Subject to

these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will

produce such documents on a rolling basis.

13.     All Documents reflecting the "neighborhood designation" You used for each

property in Your Investigation, including, but not limited to, how the designation was determined

for each property.

**RESPONSE:**  Plaintiffs' search for non-privileged responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling bases.

14.     Maps or other Documents sufficient to identify all neighborhoods, communities, zip codes, and/or geographic areas identified as part of Your Investigation in Your responses to Defendants' Interrogatories.

**RESPONSE:**  Plaintiffs object to this Request to the extent that it seeks production of documents that were not used in connection with activities relating to this case.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

15.     All Documents relating to all training provided to investigators or persons assisting in the Investigation, including, but not limited to the training materials and practices referenced in Paragraph 90 of the Complaint, Documents relating to or evaluating the adequacy of any training provided, Documents relating to re-training, manuals, or protocols or guidance used to inspect each property.

**RESPONSE:**  Plaintiffs object to this Request as overbroad because it seeks documents related to the training of individuals assisting in the investigation that is unrelated to the subject matter of the Investigation (e.g., training related to accessible housing).  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

16.     All Documents related to Your methodology for determining that there were "highly significant disparities in the routine exterior maintenance and marketing of the Deutsche Bank-owned homes in communities of color as compared to white communities" as alleged in

Paragraph 5 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request as vague and overbroad to the extent that it calls for production of all documents related to the methodology used as opposed to the documents that form the basis of or support the referenced contentions in the Complaint. Plaintiffs further object to the Request as premature inasmuch as it is expected that Plaintiffs' expert/s may generate documents or reports relating to the referenced allegations that will be produced in accord with the Federal Rules of Civil Procedure and orders of the Court. Plaintiffs further object to the extent that this Request appears to seek documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

17. All Documents supporting Your allegation in Paragraph 7 of the Complaint that "disparities observed between the maintenance of the Deutsche Bank-owned homes in white communities and the Deutsche Bank-owned homes in communities of color are stark, highly probative and statistically significant."

**RESPONSE**: Plaintiffs object to the Request as premature inasmuch as it is expected that Plaintiffs' expert/s may generate documents or reports relating to the referenced allegations that will be produced in accord with the Federal Rules of Civil Procedure and orders of the Court. Plaintiffs further object to the extent that this Request appears to seek documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In particular, Plaintiffs will produce relevant portions of the database reflecting the properties inspected and scored and the results of the statistical analysis finding the highly significant disparities referenced in the Complaint.

18.     All Documents relating to your methodology for determining that there was "a systemic and particularized pattern of differential treatment by Defendants in maintaining and/or marketing REO properties on the basis of race, color, and/or national origin" as alleged in Paragraph 6 and 9 of the Complaint.

**RESPONSE:**  Plaintiffs object to this Request as vague and overbroad to the extent that it calls for production of all documents related to the methodology used as opposed to the documents that form the basis of or support the referenced contentions in the Complaint. Plaintiffs further object to the Request as premature inasmuch as it is expected that Plaintiffs' expert/s may generate documents or reports relating to the referenced allegations that will be produced in accord with the Federal Rules of Civil Procedure and orders of the Court.  Plaintiffs further object to the extent that this Request appears to seek documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Subject to these objections, Plaintiffs' search for ongoing documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

19.     All Documents relating to any measures or processes You took to verify that Altisource and Ocwen had any obligations related to any of the properties you considered in the course of Your Investigation, including, but not limited to, the allegations that either Altisource or Ocwen acted as a "primary servicer" for properties in Paragraph 64 of the Complaint.

**RESPONSE:**  Plaintiffs object to this Request as improper and overbroad to the extent it seeks documents relating to verifying the legal conclusion that Defendants had obligations related to a property, which encompass attorney-client privileged or work product documents, as well as other documents equally available to Defendants.  Plaintiffs further object that, as regards the obligations of Defendants as to particular properties, the Request seeks information as to which Defendants have equal or superior access to responsive documents.  Subject to these

objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce on a rolling basis documents related to Defendants' obligations as to particular properties (whether characterized as "primary servicer" or in some other capacity).

20. All Documents that relate to Your process for identifying and selecting the "objective aspects" of "routine exterior maintenance" for Your Investigation as alleged in Paragraph 5 of the Complaint, including but not limited to: Documents detailing the universe of objective aspects that were considered, the basis for selecting the 39 objective aspects that were included in Your Investigation, the basis for rejecting or declining other objective aspects, and whether the "objective aspects" are representative, relevant, or useful in determining the maintenance history of a property, including, but not limited to, published literature, articles, research, or other support for evaluation of REO properties. All Documents relating to, supporting, or establishing the "generally accepted industry practices" referenced in Paragraph 63 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request as ambiguous and vague, and because it seeks and combines a large multiplicity of different documents, shifting from Plaintiffs' process of identifying and selecting aspects of routine maintenance to "generally accepted industry practices." Plaintiffs further object to this Request as premature inasmuch as "generally accepted industry practices" and other matters referenced herein are likely to be subjects of expert testimony. Plaintiffs further object to the production of documents constituting attorney work product or privileged documents. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

21. All Documents relating to the properties that You inspected, or considered for inspection, that were not included in the March 3 Letter or Annex A of the Complaint, including,

but not limited to, those properties referenced in Paragraphs 86 and 87 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request inasmuch as it is not limited to properties that were inspected or considered for inspection in connection with the allegations made in this litigation. Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

22. All Documents relating to any complaints regarding any property included in the March 3 Letter or Annex A of the Complaint, including, but not limited to, those referred to in Paragraphs 84 and 142 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request as overbroad and unduly burdensome inasmuch as it calls for "all documents relating to any complaints regarding any property," which would include the Complaint in this case and all related documents. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

23. All Documents relating to Your inspection for each property included in Your Investigation, including, but not limited to, Documents recording the observations made for each property, photographs of each property, photographs taken of surrounding properties, Documents reflecting the aggregation of those observations, Documents discussing the schedule for inspections, the number of times and dates on which You visited and/or inspected each property, any changes or modifications You made to the recorded data and observations for a property after the property was re-visited or re-inspected, and any Communications about the inspection records.

13

**RESPONSE:** Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. To the extent that Defendants seek all documents relating to the inspection of each of the properties, Plaintiffs further object that discovery is ongoing, and Plaintiffs anticipate that additional responsive documents may be obtained from Defendants. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In particular, Plaintiffs will produce relevant portions of the database reflecting the properties inspected and scored.

24.     All Documents related to Your decision to base your Investigation on single visits to properties as opposed to using multiple visits to evaluate whether conditions were improving or deteriorating.

**RESPONSE:** Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. Plaintiffs further object to the production of briefs or pleadings in this or other cases that are in Defendants' possession or equally accessible to them. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents, if any, on a rolling basis.

25.     All Documents relating to any properties You excluded from Your inspection or analysis, including, but not limited to, Documents related to Your decision to exclude those properties that "appeared to be occupied…at the time of the site visits" or where "work was actively occurring at the time of the site visits" as alleged in Paragraph 86 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous in terms of the word "excluded" (e.g., it could encompass properties in cities or areas outside the metropolitan

14

areas identified in the Complaint). Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents, if any, on a rolling basis.

26. All Documents reflecting all versions of the glossary and forms You used to inspect properties as referred to in Paragraph 90 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks the production in this case of any documents created and used in other investigations, but not in this matter. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents, if any, on a rolling basis.

27. All Documents, records, and Communications contained in the "central database" referred to in Paragraph 90 of the Complaint.

**RESPONSE:** Plaintiffs object to the production of any portions of the "central database" that contain information relating to investigations and cases other than this one. Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs will produce at this time relevant portions of the database reflecting the properties inspected and scored.

28. All Documents related to Communications between You and Your agents (including other Plaintiffs), third parties, or Defendants regarding Your Investigation.

**RESPONSE:** Plaintiffs object that this Request seeks documents that are attorney-client privileged, including subject to the common interest privilege between the Plaintiffs. Plaintiffs further object that this Request is overbroad and unduly burdensome since it seeks not only the Requested communications, but all documents related to the communications. Plaintiffs further object that as to communications with Defendants, it is unduly burdensome to produce such

communications with Defendants back to Defendants. Subject to this objection, Plaintiffs'

search for responsive documents is ongoing, and Plaintiffs will produce such documents on a

rolling basis.

29. All Documents sufficient to identify the persons involved in the Investigation,

including, but not limited to, employees, staff, or volunteers who assisted in the Investigation,

those conducting field inspections for the properties during the course of Your Investigation,

those responsible for supervising the collection and reporting of information, as well as each

person's position, job duties, and the amount of time they spent assisting or working on Your

Investigation.

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and irrelevant to

the extent that it would require the creation of documents (or the production of irrelevant

documents) in order to identify by document the persons involved in the Investigation and the

other Requested information. Subject to this objection, Plaintiffs' search for responsive

documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

30. All Documents relating to deficiencies or impediments in the conduct of Your

inspections, including but not limited to: missing information, problems or difficulties in

observing the physical exterior of properties, incomplete information or records for a property, or

difficulties in obtaining or recording information for properties.

**RESPONSE:** Plaintiffs object to this Request as vague, ambiguous and argumentative in

terms of its references to "deficiencies" or "impediments." Plaintiffs' position is that its

investigation is fully supported and highly probative. Plaintiffs further object that it is not

possible to provide much of the information Requested, such as missing or incomplete

information that (if it existed) would be subject to the control of third parties. Subject to these

objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

31.     All Documents relating to the alleged "non-racial factors" or "explanations" identified in Paragraphs 106–108, 142, and 171 of the Complaint including, but not limited to, how these factors were determined, how these factors were utilized in any statistical analysis, and Communications relating to the use of these factors in Your Investigation.

**RESPONSE:**  Plaintiffs object to this Request as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C).  Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis, which is explicitly referenced in the Complaint.

32.     Documents sufficient to identify all individuals and/or entities that participated in, assisted, or reviewed any statistical review and/or analysis related to Your Investigation, including, but not limited to, Documents sufficient to identify all individuals and/or entities that participated in, assisted, or reviewed any regression review and/or analysis related to Your Investigation.

**RESPONSE:**  Plaintiffs object to this Request as overbroad, redundant and unduly burdensome inasmuch as the Request for the identity of all persons assisting in the regression analysis would include all persons involved in an way in any part of the Investigation.  Plaintiffs

17

further object to the Request as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis, which is explicitly referenced in the Complaint.

33. All Documents related to any statistical analysis performed on data during the early stages of Your Investigation as alleged in Paragraph 96 of the Complaint, including but not limited to, Documents relating to when You accumulated sufficient data to show national patterns of discrimination allegedly existed for Trustee REO properties.

**RESPONSE:** Plaintiffs object to this Request as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs' further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis, which is explicitly referenced in the Complaint.

34. All Documents relating to the regression analysis referenced in Paragraph 106, 107, and 108 of the Complaint, including, but not limited to, any preliminary or interim versions of the regression analysis, any variations in the regression analysis's model formulation or use of

18

explanatory variables, any assessment of the regression analysis's statistical assumptions, and any regression diagnostics (including goodness of fit testing, testing of statistical significance of the estimated parameters, and any other regression diagnostics) or any other tests or assessments of the regression analysis's validity.

**RESPONSE:** Plaintiffs object to this Request as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs state that prior to the due date for testifying experts, Plaintiffs will only produce the completed regression analysis, which is explicitly referenced in the Complaint.

35.     All Documents relating to or describing other factors affecting a property's condition that You considered but did not include in the regression analysis identified in Paragraphs 106, 107, and 108 of the Complaint.

**RESPONSE**: Plaintiffs object to this Request as premature inasmuch as expert reports and expert documents will be generated and produced in this litigation in accord with such schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure. Plaintiffs further object that this Request seeks documents that are not discoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C). Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs

19

state that prior to the due date for testifying experts, Plaintiffs will only produce the completed

regression analysis, which is explicitly referenced in the Complaint.

36.     All Documents relating to the "numerous forms of data and observational

evidence establishing the differential treatment" of properties as alleged in Paragraph 109 of the

Complaint.

**RESPONSE:**  Plaintiffs object to this Request as premature inasmuch as expert reports

and expert documents will be generated and produced in this litigation in accord with such

schedule as is set by the Court and/or provided by the Federal Rules of Civil Procedure.

Plaintiffs further object that this Request seeks documents that are not discoverable pursuant to

Fed.R.Civ.P. 26(b)(4)(C).  Plaintiffs further object to the extent that this Request appears to call

for the production of attorney-client privileged and/or work product documents, and will

interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs

state that prior to the due date for testifying experts, Plaintiffs will only produce the completed

regression analysis, which is explicitly referenced in the Complaint.  As to forms of data and

observations evidence not encompassed by an expert report and not privileged, (e.g., the

numerous examples of disparate REO exterior maintenance referenced in the Complaint),

Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such

documents on a rolling basis.  Moreover, as previously indicated, Plaintiffs will produce relevant

portions of the database reflecting the properties inspected and scored.

37.     All Documents provided by You to the Defendants, or any of their officers,

agents, representatives, attorneys, or affiliated entities that relate to Your Investigation prior to

the commencement of this Action including, but not limited to, Documents related to the

meetings and findings alleged to have been made in Paragraph 121 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome inasmuch as it seeks documents provided to Defendants themselves, and Defendants have equal or superior access to such documents. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

38.     All Documents relating to Altisource and/or Ocwen's alleged failure to comply with state and local laws as described in Paragraph 142 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks production of the content of state and local laws since such content is equally available to Defendants. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, as previously indicated, Plaintiffs will produce relevant portions of the database, many of which identify and document code violations.

39.     All Documents and Communications relating to the witness identified by Plaintiffs in ECF 64 including, but not limited to, the initial Communications provided by the witness on January 28, 2019, Documents and materials resulting from the "additional investigations" NFHA conducted on behalf of the Plaintiffs, and the "evidence provided by this witness," as alleged in ECF 64.

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks documents that are attorney-client privileged or attorney work product, and Plaintiffs interpret the Request to exclude such documents. Plaintiffs further state that Plaintiffs have provided to Defendants' notice of a subpoena for documents served on the witness identified in ECF 64. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs have produced and will produce such documents on a rolling basis.

40.     Documents sufficient to show Your organizational structure from January 1, 2011 - present, including, but not limited to, the identity of all employees, volunteers, or others who have acted on Your behalf in conducting the Investigation.

**RESPONSE:**  Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome inasmuch as it seeks the identity of persons who had no substantive involvement with the issues relating to this Litigation.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

41.     All Documents that relate to, depict, or support the monetary damages that You are asserting against Altisource and/or Ocwen including, but not limited to, computations for Plaintiffs on an individual and collective basis for damages related to (a) "loss of economic value and negative impact on Plaintiffs' investment in minority communities to promote fair housing and community stabilization," (b) "frustration of Plaintiffs' mission as fair housing organizations," (c) "the necessary initiation and implementation of costly and time-consuming investigations and counteractive measures," (d) "diversion of individual resources from other programs central to Plaintiffs' mission," (e) "harm to minority neighborhoods in terms of diminished property value, safety, and habitability, including offices of Plaintiffs located in affected neighborhoods," as alleged in Paragraphs 172 and 174-193 of the Complaint.

**RESPONSE:**  Plaintiffs object to this Request on the basis that it is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to their claims for damages.  Plaintiffs further object that the Request is premature inasmuch as they continue to devote time and resources to addressing Defendants' conduct, and anticipate that supplementation of documents provided at this time will be necessary.  Subject to these

objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

42.    All Documents relating the financing and expenditures You incurred in conducting Your Investigation, including, but not limited to, Communications about Your Investigation with foundation sources, donors, or supporters from January 1, 2011 through present, and all Documents relating to any financial agreement or arrangement between You and any other Plaintiff.

**RESPONSE:**  Plaintiffs object that this Request is overbroad and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence (e.g., communications with funding sources, donors and supporters; documents related to financial agreements between Plaintiffs, if any).  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

43.    All Documents relating to or showing how Defendants' property maintenance and marketing allegedly interfered with the sales of homes and community redevelopment efforts as referred to in Paragraph 178 of the Complaint.

**RESPONSE:**  Plaintiffs object to this Request to the extent that it is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to the subject of this allegation.  Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.  In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

44.    All Documents relating to or showing Your organization's "mission," projects, or programs as alleged in Paragraphs 179 through 180 of the Complaint including, but not limited

23

to, the programs, projects, and guidelines for Your investments in minority communities; the

programs and guidelines for Your Investigations and responses to discriminatory conduct in the

housing market; the programs, projects, and guidelines for Your continuing education efforts; the

programs, projects, and guidelines for Your outreach and counteractive measures in response to

discriminatory conduct, the goals or anticipated outcomes for each of Your missions, projects, or

programs; and/or research projects You undertake.

**RESPONSE:** Plaintiffs object to this Request on the basis that it is premature in the

sense that Plaintiffs may produce expert reports and generate expert documents related to their

claims for damages. Plaintiffs further object that the Request is premature inasmuch as they

continue to devote time and resources to addressing Defendants' conduct, and anticipate that

supplementation of documents provided at this time will be necessary. Subject to these

objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce

such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos.

3 and 20.

45. All Documents sufficient to show Your budget and funding sources for each

mission, program, project, or investment that You implemented or undertook from January 1,

2011 through present, including, but not limited to, Documents sufficient to show funding

sources that You have received for, or applied toward, Your Investigation of REO properties and

any "counteractive measures" You undertook as alleged in Paragraphs 182–184 of the

Complaint.

**RESPONSE:** Plaintiffs object to this Request because it is overbroad and seeks

numerous irrelevant and confidential documents related to Plaintiffs' budgets, funding sources

and grant applications. Plaintiffs further object that Plaintiffs continue to seek and receive

24

funding and such documents are not relevant or reasonably calculated to lead to admissible evidence.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce documents on a rolling basis related to their investigation of REO properties and counteractive measures take, as well as documents reflecting final awards of funding and reporting related to final awards of funding.

46.     All Documents relating to programs or projects You delayed, forwent, or diverted resources from as a result of Defendants' alleged practices as referred to in Paragraphs 185–187 of the Complaint, including all damages You incurred due to the frustration of Your mission or diversion of Your resources as applicably alleged in Paragraphs 194–285 of the Complaint.

**RESPONSE:**  Plaintiffs object to this Request as overbroad inasmuch as it seeks all documents, without limitation, related to numerous programs or projects, and that many of such documents are irrelevant or not reasonably calculated to lead to admissible evidence.  Plaintiffs further object to this Request on the basis that it is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to their claims for damages. Plaintiffs further object to the extent that this Request appears to call for the production of attorney-client privileged and/or work product documents, and will interpret the Request as not seeking privileged documents.  Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.  In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

47.     All Documents sufficient to show Your organization's financial position and performance for each quarter from January 1, 2011 to present including, but not limited to, budgets, financial statements, income statements, balance sheets, and cash flow statements.

**RESPONSE:**   Plaintiffs object to this Request because it is overbroad and seeks

numerous irrelevant and confidential documents related to Plaintiffs' financial position and performance. Subject to this objection, Plaintiffs will produce documents reflecting final awards of funding and reporting related to final awards of funding on a rolling basis, but will not produce other requested documents on the basis of this objection.

48. All Documents relating to diminished property values, safety, habitability, housing opportunities, and community redevelopment efforts that were harmed by Defendants' practices as You allege in Paragraph 199 of the Complaint.

**RESPONSE:** Plaintiffs object to this Request to the extent that it is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to the subject of this allegation. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

49. All Documents sufficient to show the number of persons You employed, hired, and/or contracted with each year since you began Your Investigation.

**RESPONSE:** Plaintiffs object to this Request because it is burdensome as propounded, of very limited relevance, and not reasonably calculated to lead to admissible evidence. Plaintiffs will not respond to this Request through the production of (numerous and irrelevant) documents, but will agree to permit Defendants to ask questions at a deposition regarding Plaintiffs' staffs.

50. All Documents sufficient to support and calculate the damages you allege to have suffered as described in Plaintiffs' February 28, 2020 Rule 26(a)(1) disclosures.

**RESPONSE:** Plaintiffs object that discovery is ongoing, and Plaintiffs anticipate developing additional evidence that will result in responsive documents. Plaintiffs also object

that they continue to devote time and resources to addressing Defendants' conduct; therefore, Plaintiffs anticipate obtaining further information that may be responsive to this Request and will supplement their response at a later date to include additional information and documents as necessary. Plaintiffs further object that this Request is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to the subject of this allegation. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

51.     All Documents and Communications relating to each individual and their respective subjects of knowledge or information as identified in Plaintiffs' February 28, 2020 Rule 26(a)(1) disclosures.

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and outside the scope and intent of the Federal Rules of Civil Procedure inasmuch as it would require Plaintiffs to match thousands of documents with the dozens of potential witnesses in this case, especially when many documents relate to multiple witnesses.

52.     All Documents and Communications with Dr. Calvin Bradford or Bradford & Associates, its employees, or agents, relating to any statistical analysis, advice, guidance, or data collection efforts related to Your Investigation.

**RESPONSE:** Plaintiffs have not retained Dr. Bradford as an expert in this case, have not received advice from him relating to any statistical analysis or data collections, and he has not performed any activities in the case. As such, there are no responsive documents.

53.     All documents not covered by the foregoing Requests that relate to your purported damages in the case.

**RESPONSE:** Plaintiffs object that discovery relating to damages is ongoing, and Plaintiffs anticipate developing additional evidence that will result in responsive documents. Plaintiffs also object that they continue to devote time and resources to addressing Defendants' conduct; therefore, Plaintiffs anticipate obtaining further information that may be responsive to this Request and will supplement their response at a later date to include additional information and documents as necessary. Plaintiffs further object that this Request is premature in the sense that Plaintiffs may produce expert reports and generate expert documents related to the subject of this allegation. Subject to these objections, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis. In addition, see Plaintiffs' Responses to Interrogatories Nos. 3 and 20.

54. All Documents related to any settlements You have entered into as a result of Your Investigation including, but not limited to, settlements involving the maintenance and marketing of REO Properties owned by entities other than the Trustee Defendants.

**RESPONSE:** Plaintiffs object to providing any documents related to the settlement of claims or cases other than this one and will not do so.

55. All Documents identified in Your responses to Defendants' Interrogatories.

**RESPONSE:** Plaintiff has begun its search for documents responsive documents, and will produce such documents that are not the subject of an objection or claim of privilege on a rolling basis.

56. All Documents referenced, used, reviewed, or considered in responding to Defendants' Interrogatories.

**RESPONSE:** Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking

28

privileged documents.  To the extent that there are non-privileged documents responsive to this Request that have not been produced in response to other Requests, Plaintiffs will produce these documents on a rolling basis.

56.    All Documents not covered by the foregoing Requests that You will use to support your claims or defenses in this Action.

**RESPONSE:**  Plaintiffs object to this Request as premature inasmuch as they have not yet decided and are not yet required to decide which documents they will use to support their claims.  As such decisions are made, and if there are documents not otherwise produced, Plaintiffs will supplement their response to include such documents.

58.  All Documents not covered by the foregoing Requests that negate Your claims in this action.

**RESPONSE:**  Plaintiffs object to this Request as premature and because it is vague with regard to the notion of a document "negating" one of Plaintiffs' claims.   To the extent that Plaintiffs make a judgment that some document "negates" one of their claims, and such document has not been otherwise produced, Plaintiffs will supplement their response to include such documents.

59.  All Documents produced to the Trustee Defendants in response to any of their Requests for Production in this Action that are not already produced in response to these Requests.

**RESPONSE:**  Any documents produced or made available to the Trustee Defendants in response to their Requests for Production in this Action will be similarly produced or made available to Defendants Ocwen and Altisource.

60.  All Documents produced to Altisource in response to any of its Requests for

Production in this Action that are not already produced in response to these Requests.

> **RESPONSE:** Any documents produced or made available to Altisource in response to its Requests for Production in this Action will be similarly produced or made available to Defendant Ocwen.

> 61. All Documents produced to Ocwen in response to any of its Requests for Production in this Action that are not already produced in response to these Requests.

> **RESPONSE:** Any documents produced or made available to Ocwen in response to its Requests for Production in this Action will be similarly produced or made available to Defendant Altisource.

Respectfully Submitted,
*/s/ Jennifer K. Soule*
_____

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*


Dated: July 15, 2020

Yiyang Wu
Tara Ramchandani
*Relman Colfax PLLC*
1225 19th Street, N.W.
Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW, Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Stephen M. Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer K. Soule one of Plaintiffs' attorneys, certify that on July 15, 2020, I caused a copy of **Plaintiffs' Response To Defendant Altisource's and Ocwen's Joint First Set of Requests For Production Of Documents** to be served via electronic mail upon:

Kenneth M. Kliebard
kenneth.kliebard@morganlewis.com
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
david.monteiro@morganlewis.com
Victor Cruz
victor.cruz@morganlewis.com
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Lisa M. Krigsten
lisa.krigsten@dentons.com
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Nathan L. Garroway
Nathan.garroway@dentons.com
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Kevin M. Papay
kevin.papay@morganlewis.com
Kurt Rademacher
kurt.rademacher@morganlewis.com
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
shannon.shin@dentons.com
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Debra Bogo-Ernst
dernst@mayerbrown.com
Matthew C. Sostrin
msostrin@mayerbrown.com
Jacey D. Norris
jnorris@mayerbrown.com
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

/s /Jennifer K. Soule
*One of Plaintiffs' Attorneys*

Jennifer K. Soule
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134