IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:18-cv-00839 |
| v. | ) |
| | ) Honorable Harry D. Leinenweber |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, AS TRUSTEE; DEUTSCHE BANK | ) Magistrate Judge Sidney I. Schenkier |
| TRUST COMPANY AMERICAS, AS TRUSTEE; | ) |
| OCWEN FINANCIAL CORP.; and ALTISOURCE | ) |
| PORTFOLIO SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL DISCOVERY**

**I.   INTRODUCTION**

Defendants demonstrated in their Opening Brief[1] that they are entitled to discovery regarding (1) factual inputs *and* exclusions from Plaintiffs' regression analysis cited throughout the Second Amended Complaint ("SAC"), and (2) prior iterations of that regression analysis. That information bears on the facts actually pled in the SAC given the SAC's repeated references to that regression analysis. Plaintiffs' response, however, is an exercise in diversion and gratuitous *ad hominem*.

First, Plaintiffs open by manufacturing a dispute regarding the parties' L.R. 37 conferences. But Plaintiffs do not deny that Defendants complied with L.R. 37. Plaintiffs' quibbles are irrelevant. Second, while fiercely resisting the Motion, Plaintiffs oddly pretend they have already provided the requested information or do not understand what is sought. Yet, and tellingly,

---

[1] All references to "Opening Brief" refer to Defendants' Mem. ISO Defs.' Mot. to Compel Discovery, Dkt. No. 149.

Plaintiffs never state that they produced all of the requested information. Third, Plaintiffs contend that Defendants are prematurely seeking expert disclosures. There is no record evidence that the regression analysis was performed by a pre-trial expert, but regardless, by relying on that analysis in the SAC to fend off dismissal,[2] Plaintiffs waived any ability to withhold the requested information from discovery. Finally, Plaintiffs' opposition tries to draw the Court's attention from the regression analysis actually at issue on this Motion to other supposed evidence of discrimination. Plaintiffs' mischaracterization of the "evidence" obtained in discovery is misleading and inappropriate in a discovery dispute. Beyond that, because Plaintiffs relied on that regression analysis in opposing dismissal, Defendants are entitled to discoverable information on the regression analysis cited in the SAC, even if we are to understand that Plaintiffs' liability theory *du jour* is to discard those parts of the SAC's allegations.

## II.     ARGUMENT

### A.     Defendants Complied with Local Rule 37.2

Defendants demonstrated in the Opening Brief that they complied with L.R. 37.2 by providing a statement that the parties (1) consulted in "good faith attempts to resolve differences" regarding the discovery disputes, and (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel. Plaintiffs decry Defendant's description of that compliance and accuse Defendants of being "far from candid." Pls. Br.[3] at 3-4. This is a red herring. Defendants do not take issue with Plaintiffs' willingness to meet and confer, or engage in serial discovery correspondence. *See* Opening Br. at 3-4. Rather, Defendants take issue with Plaintiffs' refusal during those discussions to agree to produce the requested responsive documents. Because it is undisputed that Defendants complied with L.R. 37.2, Plaintiffs'

---

[2] Pls.' Resp. to Defs.' Joint Mot. to Dismiss at 15, Dkt. No. 66.
[3] All references to "Pls. Br." refer to Pls.' Resp. to Defs.' Mot. to Compel Dkt. No. 157.

2

argument should be disregarded.

## B. Plaintiffs' Contrived Confusion Over the Requested Documents Provides No Basis to Deny the Motion

Plaintiffs profess in their Opposition not to understand what documents Defendants' Motion seeks, even suggesting Plaintiffs have produced information sought by Defendants. Pls.' Br. at 7. That Plaintiffs simultaneously argue that the documents sought are either work product or premature expert discovery belies this purported lack of understanding. The documents sought are highly relevant factual information about how Plaintiffs' regression analysis was conducted.

To that end, before filing this lawsuit: Plaintiffs chose geographic areas in which to conduct their study; identified a universe of properties in those geographies; chose to inspect some of those properties and not others; chose to disregard some of the inspections as irrelevant; developed a list of factors that they used to analyze those properties; and only then generated a regression analysis that they used as the basis for their Complaint and Amended Complaint. What Plaintiffs have refused to produce – conspicuously *without* arguing that these documents do not exist – are the documents that show each of the steps in that process until the very last. Most important are document that show *the order* in which Plaintiffs executed each of those steps, which draft regressions and internal emails would undoubtedly disclose: Did Plaintiffs exclude geographies based on the lack of disparities? Did Plaintiffs select their exclusion criteria because alternate criteria yielded worse statistical results for their case? Whatever the merits of Plaintiffs' argument that their decisions about the data are protected by the work product doctrine, Plaintiffs are not entitled to withhold the *data itself* that would allow Defendants to test those same alternate methods of conducting the statistical analysis.

Defendants are entitled to this information because "the choice of independent variables to include in any regression analysis is critical to the probative value of that analysis." *Manpower,*

3

*Inc. v. Ins. Co. of Pennsylvania*, 732 F.3d 796, 808 (7th Cir. 2013). If Plaintiffs iterated their regression analysis to reach a desired result, that is relevant under this Circuit's governing law to a defense of these claims. For example, such prior iterations may show factors obtained by Plaintiffs, but excluded from, both the "completed" regression represented in the SAC and a future regression analysis submitted by them in this case. Discovery concerning versions of the regression that undercut conclusions concerning violations of the Fair Housing Act will, at the very least, point Defendants toward exculpatory factors Plaintiffs are currently seeking to shield from discovery. *See, e.g.*, *Kleen Prods. LLC v. Int'l Paper*, No. 10-C-5711, 2017 WL 2362567, at *4 (N.D. Ill. May 31, 2017) (Leinenweber, J.) (in evaluating regression analysis, Court would consider "principal selection and forward selection of variables"). Indeed, Plaintiffs' vociferous insistence that they are abandoning the regression analysis described in the SAC to instead rely on other forms of evidence only serves to confirm relevance of the information Defendants are seeking: Defendants are entitled to discovery concerning what, exactly, is wrong with the regression.

  **C.**  **Plaintiffs Have Failed to Establish That the Materials Sought in this Motion Are Shielded From Discovery.**

Notwithstanding Plaintiffs' suggestion that they already produced anything of relevance, Plaintiffs nevertheless argue that the regression analysis cited in the SAC contains "opinions" that "are protected consultations" with a pre-litigation expert pursuant to Rule 26(b)(4)(D)(ii). Plaintiffs lose that argument for several reasons.

  First, fatal to Plaintiffs' argument, Plaintiffs have not established as a threshold matter that the regression analysis discuss in the SAC was performed by an outside expert. That failure alone warrants granting Defendants' Motion. *See, e.g.*, *IQL-Riggig, LLC v. Kingsbridge Tech.*, 2021 WL 1172654, at *5 (N.D. Ill. Mar. 29, 2021) ( "[T]he party invoking Rule 26(b)(4)(D) bears the

burden of establishing that the expert was retained or specially employed in anticipation of litigation."). In-house employees not specifically retained in anticipation of litigation are not subject to this Rule. *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 387-88 (N.D. Ill. 2012). Plaintiffs failed to meet their burden in their Opposition of establishing this threshold requirement. On that basis alone the Motion should be granted.

Second, even if Plaintiffs' regression analysis was performed by a consulting expert, Defendants' motion does not seek to compel Plaintiffs to respond to interrogatories or submit their expert to a deposition, which are the sole subjects of Rule 26(b)(4)(D). *See Kingdom Auth. v. City of Rockford*, No. 09 C 50240, 2011 WL 245585, at *2 (N.D. Ill. Jan. 26, 2011) ("On its face, Rule 26(b)(4)(D) pertains to facts known or opinions held by an expert and obtained through interrogatories or depositions."). Instead, Defendants seek to compel Plaintiffs to **produce documents**. By its plain terms, this Rule has no application to document requests. *See IQL-Riggig,* 2021 WL 1172654, at *5 (finding Rule 26(b)(4)(D) inapplicable where requesting party subpoenaed documents and did not seek interrogatory responses or an expert deposition). The Rule therefore is irrelevant to this Motion.

Finally, by citing the regression analysis in their SAC and relying on it to oppose Defendants' motion to dismiss, Plaintiffs have waived any protections of Rule 26 even if the regression analysis was performed by an expert witness. When a plaintiff cites expert evidence and then relies on that evidence to oppose a motion to dismiss, any expert consulting privilege that would otherwise attach to such materials is waived and must be produced. *See Zeigler v. Wellpet LLC*, No. 17-cv-04056-WHO, 2018 WL 10151156, at *3 (N.D. Cal. April 10, 2018); *see generally White v. Electrolux North America, Inc.,* No. 13-C-1617, 2014 WL 1365424, at *2 (N.D. Ill. Apr. 7, 2014) (discussing waiver of Rule 26(b)(4)(D) protections as predicated on "concept of

5

fairness"). Aside from being the law, this is entirely consistent with this Court's admonition that discovery in this case should be "liberal."[4] On this basis, Plaintiffs' reliance on the expert consulting privilege should be rejected.

### III. THE COURT SHOULD DISREGARD PLAINTIFFS' EFFORTS TO DISTRACT BY INJECTING IRRELEVANT MERITS ARGUMENTS

In an effort to distract the Court from the actual discovery dispute that is the subject of Defendants' Motion, Plaintiffs set forth additional purported "evidence" in addition to any regression analysis on which *they intend to rely* in the litigation, as if that somehow excuses Plaintiffs' obligation to produce the regression analysis materials requested by Defendants to support their defense. Pls. Br. at 9-12. This entire section of Plaintiffs' Brief should be disregarded. Plaintiffs' unsupported characterizations of information obtained in discovery, including Ocwen and Altisource's 30(b)(6) testimony, are false. Lest the Court be misled by Plaintiffs' shenanigans, Altisource and Ocwen address a few key examples.

- Plaintiffs incorrectly represent that Ocwen lacked written REO oversight policies and procedures during most of the period of Plaintiffs' investigation. That is untrue and grossly misstates the record. The Court previously ruled that the relevant time period for Ocwen and Altisource does not begin until February 14, 2015. ECF No. 54 at 9; ECF No. 97 at 32-36. Plaintiffs were served with numerous 2015 (and later) written policies and procedures from Ocwen and used many of those documents as exhibits during the 30(b)(6) depositions.

- Plaintiffs misrepresent that Altisouce has "less that twenty employees on the ground in the United States available to monitor work on many tens of thousands of properties." Aside from being untrue, nothing supports Plaintiffs' egregious insinuation that employing foreign workers results in discrimination.

- Out of whole cloth Plaintiffs assert that "Altisource and Ocwen failed to consider the effects that their REO maintenance and marketing practices had on communities of color and believes that any detrimental effects of their practices on minority

---

[4] Plaintiffs' reliance on the regression analysis in successfully opposing the motion to dismiss coupled with this Court's view on the proper scope of discovery lay bare Plaintiffs' reliance on a magistrate judge's decision in another case finding discovery of prior iterations of a regression model to be *premature*. Pls. Br. at 8-9 (citing *NFHA v. Federal National Mortgage Association*, No. 16-cv-06969-JSW (N.D. Cal. Apr. 13, 2020).

neighborhoods are irrelevant" without ever having asked Altisource and Ocwen's representatives a direct question on either of these topics. Pls. Br. at 11.

- Plaintiffs' remaining assertions (*id.*) are similarly unfounded, untrue, and inappropriate for consideration in deciding this Motion.

## IV. CONCLUSION

Defendants Motion to Compel should be granted, and Defendants respectfully request the Court should order the Plaintiffs to provide responsive documents requested in Trustees' Requests for Production Document Request Nos. 21, 22, and 26-33 and Ocwen and Altisource's Joint Requests from Production Document Request Nos. 11, 17, 25, and 31-36.

Dated: April 20, 2021

Respectfully submitted,

By: /s/ *Kenneth M. Kliebard*
Kenneth M. Kliebard
**MORGAN, LEWIS & BOCKIUS LLP**
77 W. Wacker Drive, 5th Floor
Chicago, Illinois 60601
Telephone: 312.324.1000
kenneth.kliebard@morganlewis.com

David I. Monteiro
Victor H. Cruz
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: 214.466.4133
david.monteiro@morganlewis.com
victor.cruz@morganlewis.com

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee*

By: /s/ *Debra Bogo-Ernst*

Debra Bogo-Ernst
Matthew C. Sostrin
Jacey D. Norris
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone: 312.782.0600
dernst@mayerbrown.com
msostrin@mayerbrown.com
jnorris@mayerbrown.com

*Attorneys for Defendant Ocwen Loan Servicing, LLC*

By: */s/ Nathan Garroway*
Nathan Garroway (admitted *pro hac vice*)
**DENTONS US LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
nathan.garroway@dentons.com

Shannon Y. Shin
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
shannon.shin@dentons.com

Lisa Krigsten (admitted *pro hac vice*)
**DENTONS US LLP**
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2400
lisa.krigsten@dentons.com

*Attorneys for Defendant Altisource Solutions, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 20, 2021, I electronically filed the foregoing document by electronic means through the Court's CM/ECF System which will send notification of such filing to all counsel of record.

                      */s/ Kenneth M. Kliebard*
                      Kenneth M. Kliebard