**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL DEUTSCHE BANK DEFENDANTS
TO CONTINUE AND COMPLETE RULE 30(B)(6) DEPOSITION TESTIMONY**

This case challenges Defendants' nationwide policies and practices in thirty metropolitan areas across the United States, which Plaintiffs allege constitute unlawful discrimination in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, et. seq.   The Plaintiffs are the National Fair Housing Alliance and 19 additional not-for-profit fair housing organizations across the country.  The Defendants include Deutsche Bank National Trust, As Trustee and Deutsche Bank Trust Company Americas, As Trustee (the "Deutsche Bank Defendants").

In brief, the parties are proceeding with subject matter and fact depositions and related extensive documentary discovery.  As detailed below, the Deutsche Bank Defendants and the Servicer Defendants have requested numerous depositions of the Plaintiffs, on numerous dates, to take individual fact depositions and inquire about numerous Rule 30(b)(6) subjects.  Plaintiffs

1

have fully cooperated with Defendants' requests. Certain fact and subject matter depositions have been completed and others are scheduled.[1]

In contrast, the Deutsche Bank Defendants have taken an unreasonable approach in response to Plaintiffs' request for Rule 30(b)(6) deposition testimony. Following numerous objections about the scope and length of the deposition, the requested testimony finally commenced on August 4. After two days of testimony covering 3 of the 11 noticed subjects, the Deutsche Bank Defendants refused to proceed with more than one additional day of testimony. Plaintiffs have engaged in several good faith efforts to obtain the Deutsche Bank Defendants' cooperation but have met with unreasonable resistance.

Accordingly, Plaintiffs request that the Court compel the Deutsche Bank Defendants to produce one or more corporate representatives to continue and complete the Rule 30(b)(6) deposition testimony on the subjects requested by Plaintiffs. Plaintiffs estimate that testimony regarding the additional noticed subjects can be completed in no more than three additional days.

In support of this motion, Plaintiffs state as follows:

## I. BACKGROUND

1.      On May 26, 2021, Plaintiffs served upon the Deutsche Bank Defendants the attached Notice of Rule 30(b)(6) Deposition. (Ex. A). Subsequent to a series of conversations with the Deutsche Bank Defendants' counsel regarding the scope of the deposition, Plaintiffs

---

[1] The Court previously granted Plaintiffs 16 days to complete Rule 30(b)(6) depositions of Servicer Defendants Ocwen Loan Servicing, LLC, and Altisource Solutions, Inc. (ECF 144) In 11 days, Plaintiffs completed all but the Ocwen data deposition, inclusive of proposing that Altisource respond informally to questions on the subject of data maintained. Plaintiffs submitted written questions to Altisource on May 21, 2021, but, unfortunately, have not received Altisource's completed responses. The Ocwen data deposition remains outstanding and to be rescheduled.

amended the Deposition Notice to provide additional specificity regarding some of the

deposition subjects and to make certain other revisions.   (Ex. B)  This notice identifies eleven

deposition subjects and sets a schedule for the depositions over five days.

2.      Eventually, the parties agreed that the remainder of the Deutsche Bank

Defendants' deposition should commence on August 4th and 5th, 2021.  In response to objections

from counsel for the Deutsche Bank Defendants that the entire deposition should be completed in

two days, Plaintiffs' counsel advised Defendants' counsel in writing and in telephonic

conferences that examination as to all of the topics could not be completed during those two

dates and identified three of the subjects that would be covered on those dates:  (1)  Subject No.

1 – Defendants' Organization; Subject No. 2 – the obligations assumed by Defendants under the

Pooling and Service Agreements; and Subject No. 8 – Certifications of Compliance with

Servicing Standards.  (*E.g.*, Ex. C, 7/16/21 Soule letter to Kliebard; Ex. D, 8/3/21 email from

Bradtke to Kliebard; Ex. E, 8/3/21 email from Bradtke to Kliebard).

3.      During the course of these discussions, Plaintiffs also proposed to substitute an

informal process to address the data and records subject, and, accordingly, submitted written

questions to Deutsche Bank on July 19, 2021, in advance of a July 21, 2021 conference, after

which Plaintiffs circulated a summary of the information provided, for confirmation by the

Deutsche Bank Defendants.  (*See* Ex. C)

4.      Consistent with the practice in this case, Plaintiffs provided the Deutsche Bank

Defendants a week in advance with potential exhibits related to these three subjects (and not the

other remaining subjects).[2]   (Ex. F, 7/28/21 Email from M. McKernin to Counsel)  On the night

before the deposition, counsel for the Deutsche Bank Defendants  surprised Plaintiffs with the

---

[2] As a failsafe, Plaintiffs later provided exhibits as to one additional topic, No. 11.

suggestion by email that the designee was prepared to testify about all eleven subjects identified by Plaintiffs. (*See* Exs. D, E) Plaintiffs' counsel promptly wrote to remind Defendants' counsel that the scope of examination for the two days was limited to the three subjects referenced, that this information had been clearly conveyed to Defendants, and that it was not within the realm of possibility that all eleven subjects could be addressed in two days. (*Id.*)

5.       At the written request of counsel for the Deutsche Bank Defendants, the depositions were re-scheduled to commence at 10:00 a.m. each day, rather than at 9:00 a.m., as set forth by Plaintiffs in their Deposition Notice. (Ex. G, 7/22/21 Email from Cruz to Soule) The depositions proceeded until 5:32 p.m. on August 4th and until 4:40 p.m. on August 5th. (As Plaintiffs' counsel indicated at the time, he was required to fly out of Chicago on a family matter on the evening of August 5th).

6.       The three deposition subjects identified by Plaintiffs were completed.

## II. PLAINTIFFS' EFFORTS TO SCHEDULE CONTINUATION OF THE DEPOSITION

7.       On August 10, 2021, Plaintiffs' counsel wrote to counsel for the Deutsche Bank Defendants counsel to: (1) propose a reasonable schedule of two to three days for completion of the remainder of the entire Rule 30(b)(6) Deposition; and (2) request that Defendants' counsel produce certain important documents relevant to the continued depositions that had been identified by the corporate designee but apparently not produced by Defendants. (Ex. H) As to completing the deposition, Plaintiffs' counsel proposed as follows:

(a)      August 26, 2021  -  The following subjects to be covered:  Topic No. 7, (Compensation to Defendants); Topic No. 9 (Audits, analyses or investigations performed by Defendants of REO properties); Topic No. 10 (Responsive Actions Considered or Taken by Defendants in view of the information provided by Plaintiffs); Topic No. 11 (Demands from Holders Regarding Alleged Material Servicing Breaches by Defendant Ocwen)

4

(b)     August 27, 2021  -  The following subjects to be covered:  Topic No. 5 ( Code Violations, Citations, Complaints, Etc.) and Topic No. 6  (Compliance with Federal, State and Local Laws related to REO properties); and

(c)     To Be Determined -  Topic No. 4 – (Policies, Practices and Procedures), although Plaintiffs stated that this topic might be started on 8/27/21 if the other subjects finished, Plaintiffs indicated it would likely need to proceed on another day).  (Ex. H)

8.     Counsel for the Deutsche Bank Defendants responded on August 12, 2021, (a) asserting that Plaintiffs had taken "an unreasonable approach," (b) unequivocally refusing to produce their designee for more than one additional day of testimony, and (c) refusing to produce the designee on the days requested by Plaintiffs.  (Ex. I)  The letter throws in accusations that "plaintiffs made clear that they have no intention of limiting the burdens on the trustees' witness in any way," complains that the designee was supposedly ready to testify about all eleven subjects in two days, contends that the depositions ended on both days "well short of the time offered," and complains that the prior examination dwelled on "irrelevant minutiae." (*Id.*)

9.     These assertions by defense counsel,  in addition to being wrong in all respects, are irrelevant to this motion.  To the extent that the Deutsche Bank Defendants wish to debate issues about the scope or conduct of the deposition as a supposed reason for refusing to complete the deposition at all, or limiting it to a single day,  Plaintiffs will reply  as necessary.  As to the convenience of Defendants' witness, Plaintiffs note that the witness testified virtually from his place of work in California.

### III. GROUNDS FOR GRANTING THE MOTION

10.     Plaintiffs' Motion should be granted because the requested two to three days for completion of the Deutsche Bank Defendants' Rule 30(b)(6) motion is reasonable in light of the scope of the highly relevant subjects being addressed.

11.     Plaintiffs' Motion should be granted because the time sought relating to the

completion of the Rule 30(b)(6) motion is conservative and efficient, especially viewed in light

of the large number of  deponents and deposition subjects being pursued by the Defendants.  In

this regard we note that Defendants are proceeding with depositions as follows:

          (a)     To date, Defendants have served notices for the Rule 30(b)(6) depositions
of 18 regional partners of NFHA, each deposition is scheduled to address 15 different subjects,
and each deposition is scheduled for a different day;

          (b)     To date, Defendants have noticed fact depositions of eight employees of
NFHA's regional partners and have proceeded with full day depositions as to four of these
individuals; and

          (c)     To date, Defendants have spent two full days deposing the National Fair
Housing Alliance witness with primary responsibility regarding the REO field investigation
referenced in the Second Amended Complaint, and Defendants have gone on to notice four more
full days of Rule 30(b)(6) depositions of NFHA, also indicating that additional days are to be
determined.

12.     It is disingenuous for the Deutsche Bank Defendants to effectively notice a Rule

30(b)(6) deposition of Plaintiff NFHA for at least six days (the four days noticed, the two days of

Ms. Augustine's deposition and additional days to be determined), and then assert that "Rule

(30)(b)(6) depositions are routinely completed in a single day."  (Ex. J, 7/14/21 Letter from

Kliebard to Soule, p. 3).

13.     Plaintiffs' motion should also be granted because of the broad scope of the issues

involved in this case, the important federal civil rights issues presented, and this Court's stated

views as to the appropriateness of liberal discovery.  (Ex. K, February 11, 2021 Transcript, p. 9)

14.     To the extent that Rule 37 or Local Rule 37.2 apply in connection with a motion

to compel the continuation of a deposition, Plaintiffs have satisfied these requirements by virtue

of the numerous above-referenced communications with counsel for the Deutsche Bank

Defendants, leading up to Defendants' clear refusal to produce their designee for more than one

day. (Ex. L, Declaration Pursuant to Local Rule 37.2) In addition to the correspondence cited above, Plaintiffs had telephonic or in-person communications with counsel for the Deutsche Bank Defendants on June 21, 2021, July 7, 2021 and August 5, 2021, during which the parties discussed matters relating to the Deutsche Bank Rule 30(b)(6) deposition, but were unable to reach an agreement.

WHEREFORE, Plaintiffs respectfully request that the Court order the Deutsche Bank Defendants to produce their corporate designee to be deposed on August 26, 2021, August 27, 2021 and for an additional date as may be needed, and grant to Plaintiffs additional relief as may be necessary to assure the completion of the deposition.

Respectfully Submitted,

/s/ Jennifer K. Soule

| | |
|---|---|
| Jennifer K. Soule | Stephen M. Dane |
| James G. Bradtke | *Dane Law LLC* |
| Kelly K. Lambert | 312 Louisiana Avenue |
| Steven P. Schneck | Perrysburg, OH 43551 |
| *Soule, Bradtke & Lambert* | *Attorney for Plaintiffs* |
| 402 Campbell Street, Suite 100 | |
| Geneva, IL 60134 | |
| *Attorneys for Plaintiffs* | |
| | |
| Morgan Williams | Tara Ramchandani |
| *National Fair Housing Alliance* | Rebecca Livengood |
| 1331 Pennsylvania Ave, NW | Soohyun Choi |
| Suite 650 | Reed Colfax |
| Washington, DC 20004 | Yiyang Wu |
| *Attorney for Plaintiff NFHA* | Lila Miller |
| | *Relman Colfax PLLC* |
| | 1225 19th Street, N.W., Suite 600 |
| | Washington, DC 20036 |
| Dated: August 13, 2021 | *Attorneys for Plaintiffs* |