# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**NOTICE TO DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE, OF RULE 30(b)(6) DEPOSITION**

**To:** *Deutsche Bank National Trust Company, As Trustee, and Deutsche Bank Trust Company Americas, As Trustee:*

Kenneth M. Kliebard
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
*kenneth.kliebard@morganlewis.com*

David Monteiro
Victor Cruz
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201
*david.monteiro@morganlewis.com*
*victor.cruz@morganlewis.com*

Kevin M. Papay
Kurt Rademacher
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105
*kevin.papay@morganlewis.com*
*kurt.rademacher@morganlewis.com*

*Ocwen Loan Servicing, LLC, N/k/a PHH*
*Mortgage Corporation:*

    Debra Bogo-Ernst
    Matthew C. Sostrin
    Jacey D. Norris
    William J. McElhaney III
    *Mayer Brown LLP*
    71 S. Wacker Drive
    Chicago, IL 60606
    *dernst@mayerbrown.com*
    *msostrin@mayerbrown.com*
    *jnorris@mayerbrown.com*
    *wmcelhaney@mayerbrown.com*

*Altisource Solutions, Inc.:*

Nathan L. Garroway
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
*Nathan.garroway@dentons.com*

Lisa M. Krigsten
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111
*lisa.krigsten@dentons.com*

Shannon Shin
Cody Wood
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
*shannon.shin@dentons.com*
*cody.n.wood@dentons.com*

cc:  Lexitas chicago@lexitaslegal.com
    Jennifer Soule  Jsoule@SBLLegal.com
    Kelly Lambert Klambert@SBLLegal.com
    James Bradtke Jbradtke@SBLLegal.com
    Steven Schneck Sschneck@SBLLegal.com
    Stephen Dane Sdane@fairhousinglaw.com
    Morgan Williams MWilliams@nationalfairhousing.org
    Reed Colfax rcolfax@relmanlaw.com
    Lila Miller lmiller@relmanlaw.com
    Soohyun Choi schoi@relmanlaw.com
    Rebecca Livengood rlivengood@relmanlaw.com
    Yiyang Wu Ywu@relmanlaw.com
    Tara Ramchandani TRamchandani@relmanlaw.com
    Maggie McKernin Office@SBLLegal.com

      **PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Plaintiffs, by their

counsel, shall take the deposition of Defendants Deutsche Bank National Trust Company and

Deutsche Bank Trust Company Americas beginning on June 21, 2021, and continuing on the

other dates referenced in this Notice, on the subject matters listed on the attached Exhibit A.  At

the aforesaid time, these Defendants shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendants to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded remotely before a certified court reporter with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software.  (Plaintiffs or Defendants may elect to add videography recording to these depositions).  The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

Jennifer K. Soule  – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated:  May 26, 2021

**EXHIBIT A**
**DEFINITIONS AND INSTRUCTIONS**

A.  "Defendants" means Deutsche Bank National Trust Company and/or Deutsche Bank

Trust Company Americas, or any of their successors or predecessors, any of their officials,

employees, agents, representatives, contractors, attorneys, and any other persons acting or

purporting to act for or on behalf of any or all of them, separately and collectively.   To the

extent that a witness can be and is presented to testify on behalf of the Defendants collectively,

Defendants should so indicate;  otherwise, as needed, Defendants are required to present such

additional witness(es) as will provide complete testimony on each subject specified.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair

Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing

Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of

Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action

Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair

Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center

For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center

of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project

for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and

Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff,

office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other

persons providing assistance to Defendants, regardless of whether such persons are considered or

classified as an independent contractor or consultant.

D.  The term "REO" means any residential dwelling owned by Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee, or in any other capacity, after foreclosure.

E.  The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, guideline, or a practice of general applicability that may or may not have been reduced to writing or otherwise formalized.

F.  The applicable time period relating to this Notice is the period from January 1, 2010 to the present.

G.  The terms "and" and "or" mean "and/or" so that the terms are given their broadest possible meaning.  In construing a request, the singular shall include the plural, and the plural shall include singular.  The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

H.  The terms "relate," "relating to," "in connection with," "regarding," and "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

## SUBJECTS AND DATES OF DEPOSITIONS

1.  <u>Organization</u>.  The department(s), division(s), or other organizational entities of Defendants having responsibilities relating to Defendants' activities as Trustees in connection with Pooling and Servicing Agreements or other instruments that package residential mortgage loans together for investment purposes, and the general scope of the responsibilities of each organizational entity and the individual(s) who work(ed) in each organizational entity.  (June 22, 2021 at (9:00 a.m. CST)

2. <u>Records</u>. The records (electronic and non-electronic) maintained by Defendants relating to their activities as Trustees in connection with Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes, including any databases containing such information. (June 22, 2021 at 1:00 p.m. CST)

3. <u>Obligations Under PSAs</u>. The obligations assumed by Defendants as Trustees in connection with Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes, including Defendants' rights, responsibilities and duties arising upon a borrower's default on an underlying residential mortgage. (June 25, 2021 at 9:00 a.m. CST)

4. <u>General Policies, Practices and Procedures</u>. The policies, practices and procedures utilized by Defendants relating to their activities and duties in connection with Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes, including, but not limited to policies, practices and procedures (if any) related to: (a) the authorization or approval of use of funds in connection with the maintenance of REO properties; (b) the disposition, marketing or sale of REO properties; and (c) the oversight, monitoring and/or termination of Servicers or Vendors for material breach. (June 30, 2021 at 9:00 a.m. CST)

5. <u>Code Violations, Citations, Complaints or Other Legal Actions.</u> Defendants' policies, practices or procedures (if any) related to receiving, preserving and responding to notices of code violations, citations, complaints or other legal actions relating to REO properties. (July 6, 2021 at 9:00 a.m. CST)

6. <u>Compliance with Federal, State and Local Laws.</u> Defendants' policies, practices or procedures (if any) to assure that REO properties owned by Defendants, as Trustees,

are maintained and brought into compliance with applicable federal, state or local laws, including but not limited to laws and codes governing health and safety, property preservation, maintenance and fair housing.  (July 6, 2021 at 1:00 p.m CST)

      7.    <u>Compensation to Defendants</u>.  The compensation received by Defendants (both in the aggregate and as relates to individual PSAs) in connection with Defendants acting as Trustees in connection with Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes.  (July 14, 2021 at 9:00 a.m. CST)

      8.    <u>Certifications of Compliance</u>.  Documents prepared, executed or received by Defendants in connection with Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes, which certify the satisfactory compliance by Defendants, as Trustees, Servicers or Vendors with obligations imposed upon them under such agreements or by law.  (July 14, 2021 at 1:00 p.m. CST)

      9.    Analyses, audits or investigations by Defendants as to maintenance performed on REO properties.  (July 20, 2021 at 9:00 a.m. CST)

      10.    Actions considered or taken by Defendants in response to information provided by Plaintiffs with regard to alleged disparities in REO maintenance.  (July 20, 2021 at 1:00 p.m. CST)

## <u>CERTIFICATE OF SERVICE</u>

      I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on May 26, 2021, I caused a copy of Plaintiffs' Notice of Rule 30(b)(6) Deposition to Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas to be served via electronic mail upon the above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' SECOND AMENDED NOTICE TO DEFENDANTS DEUTSCHE
BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND DEUTSCHE BANK
TRUST COMPANY AMERICAS, AS TRUSTEE, OF RULE 30(b)(6) DEPOSITION**

**To: Deutsche Bank National Trust Company,
As Trustee, and Deutsche Bank Trust
Company Americas, As Trustee:**

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
kenneth.kliebard@morganlewis.com

David Monteiro
Victor Cruz
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
david.monteiro@morganlewis.com
victor.cruz@morganlewis.com

Kevin M. Papay
Kurt Rademacher
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
kevin.papay@morganlewis.com
kurt.rademacher@morganlewis.com

1

Ocwen Loan Servicing, LLC, n/k/a PHH
Mortgage Corporation:

    Debra Bogo-Ernst
    Matthew C. Sostrin
    Jacey D. Norris
    William J. McElhaney III
    Mayer Brown LLP
    71 S. Wacker Drive
    Chicago, IL  60606
    dernst@mayerbrown.com
    msostrin@mayerbrown.com
    jnorris@mayerbrown.com
    wmcelhaney@mayerbrown.com

Altisource Solutions, Inc.:

Nathan L. Garroway
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Nathan.garroway@dentons.com

Lisa M. Krigsten
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
lisa.krigsten@dentons.com

Shannon Shin
Cody Wood
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
shannon.shin@dentons.com
cody.n.wood@dentons.com

cc:  Lexitas chicago@lexitaslegal.com
     Jennifer Soule  Jsoule@SBLLegal.com
     Kelly Lambert Klambert@SBLLegal.com
     James Bradtke Jbradtke@SBLLegal.com
     Steven Schneck Sschneck@SBLLegal.com
     Stephen Dane Sdane@fairhousinglaw.com
     Morgan Williams MWilliams@nationalfairhousing.org
     Reed Colfax rcolfax@relmanlaw.com
     Lila Miller lmiller@relmanlaw.com
     Soohyun Choi schoi@relmanlaw.com
     Rebecca Livengood rlivengood@relmanlaw.com
     Yiyang Wu Ywu@relmanlaw.com
     Tara Ramchandani TRamchandani@relmanlaw.com
     Maggie McKernin Office@SBLLegal.com

       **PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Plaintiffs, by their

counsel, shall take the deposition of Defendants Deutsche Bank National Trust Company and

Deutsche Bank Trust Company Americas beginning on August 4, 2021, and continuing on the

other dates referenced in this Second Amended Notice, on the subject matters listed on the

attached Exhibit A. At the aforesaid time, these Defendants shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendants to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded remotely before a certified court reporter with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software. (Plaintiffs or Defendants may elect to add videography recording to these depositions). The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition. This Notice supersedes and replaces the Rule 30(b)(6) Deposition Notice previously served upon Defendants on July 8, 2021.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated: August 2, 2021

3

**EXHIBIT A**
**DEFINITIONS AND INSTRUCTIONS**

A.  "Defendants" means Deutsche Bank National Trust Company and/or Deutsche Bank

Trust Company Americas, or any of their successors or predecessors, any of their officials,

employees, agents, representatives, contractors, attorneys, and any other persons acting or

purporting to act for or on behalf of any or all of them, separately and collectively.   To the

extent that a witness can be and is presented to testify on behalf of the Defendants collectively,

Defendants should so indicate; otherwise, as needed, Defendants are required to present such

additional witness(es) as will provide complete testimony on each subject specified.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair

Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing

Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of

Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action

Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair

Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center

For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center

of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project

for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and

Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff,

office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other

persons providing assistance to Defendants, regardless of whether such persons are considered or

classified as an independent contractor or consultant.

4

D.  The term "REO" means any residential dwelling owned by Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee, or in any other capacity, after foreclosure.

E.  The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, guideline, or a practice of general applicability that may or may not have been reduced to writing or otherwise formalized.

F.  The applicable time period relating to this Notice is the period from January 1, 2010 to the present.

G.  The terms "and" and "or" mean "and/or" so that the terms are given their broadest possible meaning.  In construing a request, the singular shall include the plural, and the plural shall include singular.  The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

H.  The terms "relate," "relating to," "in connection with," "regarding," and "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

## SUBJECTS AND DATES OF DEPOSITIONS

1.  <u>Organization</u>.  The department(s), division(s), or other organizational entities of Defendants having responsibilities relating to Defendants' activities as Trustees in connection with Pooling and Servicing Agreements (referred to in the Subjects herein as "PSAs") or other instruments that package residential mortgage loans together for investment purposes, and the general scope of the responsibilities of each organizational entity and the individual(s) who work(ed) in each organizational entity.  (August 4, 2021 at 9:00 a.m. CST)

2. <u>Records</u>. The records (electronic and non-electronic) maintained by Defendants relating to their activities as Trustees in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, including, without limitation, any databases containing such information and the exemplars from those databases produced by Defendants in discovery. <u>See</u> Deutsche Bank National Trust Company Trust & Securities Services Policies and Procedures Manual, DB_NFHA00121148-DB_NFHA00121896; Exemplar Distribution Report January 25, 2017, DB_NFHA00121897-121929; DB_NFHA300709 (exemplar Excel data); DB_NFHA300703-300708 (Legend of Deal IDs and Trust Names); Litigation and Correspondence Procedure October 2, 2017, Corporate Trust US, DB_NFHA00121134-DB_NFHA0012140; Litigation and Correspondence Procedure October 3, 2016, DB_NFHA00121141-121147. (August 10, 2021 at 1:00 p.m. CST)

3. <u>Obligations Under PSAs</u>. The obligations, duties and authority assumed by Defendants as Trustees in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, including, but not limited to, Defendants' rights, responsibilities and duties arising upon a borrower's default on an underlying residential mortgage. (August 26, 2021 at 9:00 a.m. CST)

4. <u>General Policies, Practices and Procedures</u>. The policies, practices and procedures utilized by Defendants, as trustees, relating to the following activities and duties related to PSAs or other instruments that package together residential mortgage loans for investment purposes (referred to in Subject 4 as "other instruments"): (a) the criteria and procedures relating to Defendants' entry into PSAs or other instruments (b) the obligations and responsibilities imposed upon Defendants, as trustees, pursuant to the provisions of PSAs or other instruments; (c) the responsibilities and oversight exercised by Defendants, as

trustees/Owners, with respect to residential properties that become REO properties after foreclosure; (d) the authorization or approval by Defendants of the use of funds in connection with the maintenance, repair or upkeep of REO properties; (e) the disposition, marketing or sale of REO properties; and (f) the oversight and monitoring of servicer or vendor performance, including Defendants' responsibilities, as trustee, with regard to termination of Servicers or Vendors for material breach. <u>See</u> Deutsche Bank National Trust Company Trust & Securities Services Policies and Procedures Manual, DB_NFHA00121148-DB_NFHA00121896. (August 10, 2021 at 9:00 a.m. CST)

5. <u>Code Violations, Citations, Complaints or Other Legal Actions.</u> Defendants' policies, practices or procedures (if any) related to receiving, preserving and responding to notices of code violations, citations, complaints or other legal actions relating to REO properties. (August 27, 2021 at 9:00 a.m. CST)

6. <u>Compliance with Federal, State and Local Laws.</u> Defendants' policies, practices or procedures (if any) to assure that REO properties owned by Defendants, as Trustees, are maintained and brought into compliance with applicable federal, state or local laws, including but not limited to laws and codes governing health and safety, property preservation, maintenance and fair housing. (August 27, 2021 at 11:00 a.m. CST)

7. <u>Compensation to Defendants.</u> The compensation received by Defendants for acting as Trustees in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, including compensation received for acting as Trustees under the following PSAs: Bravo Mortgage Asset Trust 2006-1, DBNFHA27375; RESMAE Securities Trust, DBNFHA115424 and IndyMacMortage Loan Trust 2006-AR41, DBNFHA 76901-77092. (August 4, 2021 at 11:00 a.m. CST)

7

8.     Certifications of Compliance.  Documents prepared, executed or received by Defendants in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, which certify the satisfactory compliance by Defendants, as Trustees, Servicers or Vendors with obligations imposed upon them under such agreements or by law.  (August 4, 2021 at 1:00 p.m. CST)

9.     Analyses, Audits or Investigations Performed with Regard to REO Properties. Analyses, audits or investigations performed by Defendants as to maintenance performed on REO properties.  (August 27, 2021 at 3:00 p.m. CST)

10.     Actions Responding to Information Received from Plaintiffs.  Actions considered or taken by Defendants in response to information provided by Plaintiffs with regard to alleged disparities in REO maintenance.  (August 27, 2021 at 2:00 p.m. CST)

11.     Demands from Holders of Trust Certificates Related to Alleged Material Breaches of Obligations by Ocwen.  Demands made by Holders of Trust Certificates or their representatives alleging that Defendant Ocwen as Servicer (or in any other capacity) breached material obligations under any PSAs or other instruments that package together residential mortgage loans for investment purposes as to which Defendants acted as Trustees, including: (a) all notices related to such demands; (b) all materials submitted by Defendant Ocwen or the part(ies) relating to such demands; and (c) all actions taken by Defendants to assess and respond to such demands.   (August 11, 2021 at 9:00 a.m. CST)

## CERTIFICATE OF SERVICE

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on August 2, 2021, I caused a copy of Plaintiffs' Second Amended Notice of Rule 30(b)(6) Deposition to Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas to be served via electronic mail upon the above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

9

# Exhibit C

# SOULE, BRADTKE & LAMBERT

### ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Kelly K. Lambert
KLambert@SBLLegal.com

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

July 16, 2021

*Sent Via E-Mail*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
Email: *kenneth.kliebard@morganlewis.com*

Re: Plaintiffs' 30(b)(6) Depositions of Deutsche Bank; Other Rule 37 Issues

Dear Ken:

I appreciate our productive discussion this morning concerning Plaintiffs' subject matter depositions of the Deutsche Bank Defendants, recent correspondence and conferences and relating to those depositions, and other related discovery issues.

With a view towards clearing a path for the parties to commence subject matter depositions per Plaintiffs' Amended Notice on August 4 and 5, Plaintiffs proposed and understood the Deutsche Bank Defendants to be agreeable to an informal conference on Subject 2, data/records, being scheduled in the near future. Prior to the conference, Plaintiffs will provide to Deutsche counsel certain questions and identified associated documents. Plaintiffs propose this conference take place during the week of July 26, or on August 2, 3 or 6. We anticipate this conference might be completed in an hour in view of anticipated preparation, but would like a longer block to be set aside of two hours to avoid an abrupt conclusion if we do not exactly finish in one hour. Plaintiffs also request that the Deutsche Bank Defendants respond to any (hopefully few) open information or questions from this conference within a suggested time frame of 2 weeks thereafter. Please let us know what date and time work for Deutsche Bank.

With this same view of enabling commencement of the noticed depositions on August 4, Plaintiffs requested that the Deutsche Bank Defendants provide their previously promised response by letter to Plaintiffs' May 27, 2021 Rule 37 letter by July 23, 2021. We believe it is important to have that in hand in advance of the subject matter depositions. You indicated you would circle back with Mr. Rademacher on the status of Deutsche Bank's responsive letter.

1

Likewise, Plaintiffs requested confirmation in advance of the subject matter depositions that Deutsche Bank's production of documents relating to the noticed depositions is complete or will be sufficiently completed before the depositions commence.   In this regard, I requested a roadmap of the overall areas in which document production has been completed, the areas where it is not complete, and in what areas Deutsche Bank's production has been limited to  "exemplar" documents thus far.  It is my understanding from our conversation that Deutsche Bank is agreeable to providing this information.

As to issues of scope the parties have been discussing regarding the noticed depositions, I suggested that, particularly in view of your client's having set aside August 4 and 5 at this time, and his scheduling limitations you underscored, as well as in light of the above understandings, the parties proceed on August 4.  I understood this was agreeable.  We also discussed that scope objections may arise.  Plaintiffs are hopeful that any such objections can be resolved in the course of the depositions.  If not, Plaintiffs will thereafter propose an agreed briefing schedule in order for the parties to raise such issues with the Court.

Having proposed Subject 2 as a conference, the overall subject order in which Plaintiffs will now proceed on their Amended Notice is as follows: Subject 1 (Organization), Subject 3 (Obligations under PSAs), Subject 8 (Certifications), Subject 11 (Ocwen material breaches), Subject 7, (Compensation), Subject 9 (Analyses/Audits), Subject 10 (Actions in Response), Subject 5 (Code Violations), Subject 6 (Compliance with Laws), Subject 4 (Policies and Procedures).  As we discussed, Plaintiffs will proceed as efficiently as possible but, do not foresee being able to complete their noticed subjects in the two days presently being scheduled.

As we previously informed you, Plaintiffs will provide Defendants with exhibits in advance of the depositions.

We propose to begin at 9:00 Central Time on August 4 and 5.


Sincerely,

Jennifer K. Soule

cc: Counsel of record

2

# Exhibit D

## Re: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim Bradtke <jbradtke@sbllegal.com>
Tue 8/3/2021 4:40 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>

Ken,

You received exhibits for deposition subjects 1, 3 and 8 last week (which is substantially sooner than defendants have produced exhibits to us). I don't think there is any chance that we will get beyond those three topics in two days. If you remember, all the deposition exhibits for the Ocwen and Altisource Rule 30(b)(6) deposition were not produced at one time - they were produced in connection with the particular subjects being taken. So there is nothing contrary to any agreement or practice in this case.

As to Topic No. 11, we added the topic after you raised concerns about the specificity of the issues to be addressed. We revised it in advance of the deposition even beginning, which is our prerogative. I sent the exhibits out for Topic 11 as a fallback in the unlikely case we got to another topic this week, but we won't, so you can tell the witness he doesn't need to prepare for Topic 11 now.

Jim

---

**From:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>
**Sent:** Tuesday, August 3, 2021 4:19 PM
**To:** Jim Bradtke <jbradtke@sbllegal.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Cc:** 'Bogo-Ernst, Debra' <DErnst@mayerbrown.com>; msostrin@mayerbrown.com <msostrin@mayerbrown.com>; 'Norris, Jacey D.' <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com <wmcelhaney@mayerbrown.com>; Nathan Garroway <Nathan.garroway@dentons.com>; 'Krigsten, Lisa M.' <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; 'Wood, Cody N.' <cody.n.wood@dentons.com>; Grabowski, Adriana <adriana.grabowski@dentons.com>; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Maggie McKernin <office@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Yaya (Yiyang) Wu <ywu@relmanlaw.com>; Reed Colfax <rcolfax@relmanlaw.com>; Rebecca Livengood <rlivengood@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim, Topic 11 was added in the prior iteration of the deposition notice and was represented by you to be nothing more than splitting off that topic from another topic. If that were true, then there would have been

no need to divide the prior topic.  Putting aside that attempted sleight of hand, now, two days before the deposition, Plaintiffs have revised that topic in a way that expands it significantly.  To state the obvious, Plaintiffs cannot reasonably expect for the Trustees to have a witness thoroughly prepared on Topic 11 this week.  Further, we have yet to receive proposed exhibits for all of the topics.  That is contrary to our agreement.  Can you let us know why that is?  Thanks.

--Ken

Kenneth M. Kliebard

*Morgan, Lewis & Bockius LLP*

110 North Wacker Drive | Chicago, IL 60606-1511

Direct: +1.312.324.1774 | Main: +1.312.324.1000 | Fax: +1.312.324.1001 | Mobile: +1.312.636.2636

kenneth.kliebard@morganlewis.com | www.morganlewis.com

Assistant: Holly Bachara | +1.312.324.1782 | holly.bachara@morganlewis.com



---

**From:** Jim Bradtke <jbradtke@sbllegal.com>
**Sent:** Monday, August 02, 2021 12:34 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Cc:** 'Bogo-Ernst, Debra' <DErnst@mayerbrown.com>; msostrin@mayerbrown.com; 'Norris, Jacey D.' <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; 'Krigsten, Lisa M.' <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; 'Wood, Cody N.' <cody.n.wood@dentons.com>; Grabowski, Adriana <adriana.grabowski@dentons.com>; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Maggie McKernin <office@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Yaya (Yiyang) Wu <ywu@relmanlaw.com>; Reed Colfax <rcolfax@relmanlaw.com>; Rebecca Livengood <rlivengood@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

[EXTERNAL EMAIL]
Counsel:

Attached please find a Second Amended Notice to Defendants Deutsche Bank National Trust Company, as Trustee and Deutsche Bank Trust Company Americas, as Trustee, of Rule 30(b)(6) Deposition.  Please note that the only change is to the wording of Subject No. 11.

Sincerely,

James G. Bradtke
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
630.333.9144
DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit E

**Re: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.**

Jim Bradtke <jbradtke@sbllegal.com>
Tue 8/3/2021 6:38 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Maggie McKernin <office@sbllegal.com>; Rademacher,
Kurt William <kurt.rademacher@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Monteiro, David I.
<david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani
<ajani.brown@morganlewis.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Krigsten, Lisa M.
<lisa.krigsten@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; Nathan Garroway
<Nathan.garroway@dentons.com>; Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com
<msostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>
**Cc:** Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck
<sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams
<MWilliams@nationalfairhousing.org>; 'Lila Miller' <lmiller@relmanlaw.com>; 'Reed Colfax' <rcolfax@relmanlaw.com>;
rlivengood@relmanlaw.com <rlivengood@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Yiyang
Wu <ywu@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>

Ken,

I have tried to reasonably estimate the time that the deposition topics I am addressing will take. I
have done this in the spirit of cooperatively trying to get through these depositions in an efficient
fashion. You have made your witness available for only two days and I am telling you what I think can
be done in two days. And, yes, that is based on my view from 40 years of experience of what is
necessary to vigorously present my plaintiffs' claims, not based on your view of what is expedient for
you or Deutsche Bank.

We have never suggested, agreed, intimated, offered or represented that all eleven depositions
topics can be covered in two or two and a half days. If you intend to disrupt the deposition with
some predetermined strategy of complaining about plaintiffs being dilatory, please just make a
motion for a protective order to Judge Leinenweber to limit the depositions to two days, two and a
half days or whatever you want.

Thanks.

Jim

---

**From:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>
**Sent:** Tuesday, August 3, 2021 6:04 PM
**To:** Maggie McKernin <office@sbllegal.com>; Rademacher, Kurt William
<kurt.rademacher@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Monteiro, David I.
<david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani
<ajani.brown@morganlewis.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Krigsten, Lisa M.
<lisa.krigsten@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; Nathan Garroway
<Nathan.garroway@dentons.com>; Debra Bogo-Ernst <dernst@mayerbrown.com>;
msostrin@mayerbrown.com <msostrin@mayerbrown.com>; Norris, Jacey D. <JNorris@mayerbrown.com>
**Cc:** Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke
<jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane

<sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; 'Lila Miller'
<lmiller@relmanlaw.com>; 'Reed Colfax' <rcolfax@relmanlaw.com>; rlivengood@relmanlaw.com
<rlivengood@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Yiyang Wu
<ywu@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.


Jim:


Plaintiffs previously represented that they would proceed as efficiently as possible, but it is clear from your
response that Plaintiffs have decided before the deposition even begins that they will not attempt to reach
more than half of their designated topics and then insist on 5 full days of depositions even though 2 ½ would
suffice. The Trustees have prepared their witness on all topics described in your first amended notice, and are
making him available at this week's scheduled times. Plaintiffs decision to proceed in this dilatory manner
comes at their own peril.


Regards,


Ken


Kenneth M. Kliebard
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive | Chicago, IL 60606-1511
Direct: +1.312.324.1774 | Main: +1.312.324.1000 | Fax: +1.312.324.1001 | Mobile: +1.312.636.2636
kenneth.kliebard@morganlewis.com | www.morganlewis.com
Assistant: Holly Bachara | +1.312.324.1782 | holly.bachara@morganlewis.com



---

**From:** Maggie McKernin <office@sbllegal.com>
**Sent:** Tuesday, August 03, 2021 5:33 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Rademacher, Kurt William
<kurt.rademacher@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Monteiro, David I.
<david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani
<ajani.brown@morganlewis.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Krigsten, Lisa M.
<lisa.krigsten@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; Nathan Garroway
<Nathan.garroway@dentons.com>; Debra Bogo-Ernst <dernst@mayerbrown.com>;
msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>
**Cc:** Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke
<jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane
<sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; 'Lila Miller'
<lmiller@relmanlaw.com>; 'Reed Colfax' <rcolfax@relmanlaw.com>; rlivengood@relmanlaw.com; Tara
Ramchandani <TRamchandani@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Soohyun Choi
<schoi@relmanlaw.com>
**Subject:** FW: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.


[EXTERNAL EMAIL]
Good Evening,


I am forwarding Mr. Bradtke's response (below) to include all Counsel.

Thank you,

Maggie McKernin

Soule, Bradtke & Lambert
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

---

**From:** Jim Bradtke <jbradtke@sbllegal.com>
**Sent:** Tuesday, August 3, 2021 4:40 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>
**Subject:** Re: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Ken,

You received exhibits for deposition subjects 1, 3 and 8 last week (which is substantially sooner than defendants have produced exhibits to us). I don't think there is any chance that we will get beyond those three topics in two days. If you remember, all the deposition exhibits for the Ocwen and Altisource Rule 30(b)(6) deposition were not produced at one time - they were produced in connection with the particular subjects being taken. So there is nothing contrary to any agreement or practice in this case.

As to Topic No. 11, we added the topic after you raised concerns about the specificity of the issues to be addressed. We revised it in advance of the deposition even beginning, which is our prerogative. I sent the exhibits out for Topic 11 as a fallback in the unlikely case we got to another topic this week, but we won't, so you can tell the witness he doesn't need to prepare for Topic 11 now.

Jim

---

**From:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>
**Sent:** Tuesday, August 3, 2021 4:19 PM
**To:** Jim Bradtke <jbradtke@sbllegal.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Cc:** 'Bogo-Ernst, Debra' <DErnst@mayerbrown.com>; msostrin@mayerbrown.com <msostrin@mayerbrown.com>; 'Norris, Jacey D.' <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com <wmcelhaney@mayerbrown.com>; Nathan Garroway <Nathan.garroway@dentons.com>; 'Krigsten, Lisa M.' <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; 'Wood, Cody N.' <cody.n.wood@dentons.com>; Grabowski, Adriana <adriana.grabowski@dentons.com>; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Maggie McKernin <office@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Yaya (Yiyang) Wu <ywu@relmanlaw.com>; Reed Colfax <rcolfax@relmanlaw.com>; Rebecca Livengood <rlivengood@relmanlaw.com>; Tara Ramchandani

<TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim, Topic 11 was added in the prior iteration of the deposition notice and was represented by you to be nothing more than splitting off that topic from another topic. If that were true, then there would have been no need to divide the prior topic. Putting aside that attempted sleight of hand, now, two days before the deposition, Plaintiffs have revised that topic in a way that expands it significantly. To state the obvious, Plaintiffs cannot reasonably expect for the Trustees to have a witness thoroughly prepared on Topic 11 this week. Further, we have yet to receive proposed exhibits for all of the topics. That is contrary to our agreement. Can you let us know why that is? Thanks.

--Ken

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
110 North Wacker Drive | Chicago, IL 60606-1511
Direct: +1.312.324.1774 | Main: +1.312.324.1000 | Fax: +1.312.324.1001 | Mobile: +1.312.636.2636
kenneth.kliebard@morganlewis.com | www.morganlewis.com
Assistant: Holly Bachara | +1.312.324.1782 | holly.bachara@morganlewis.com

_____

**From:** Jim Bradtke <jbradtke@sbllegal.com>
**Sent:** Monday, August 02, 2021 12:34 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Cc:** 'Bogo-Ernst, Debra' <DErnst@mayerbrown.com>; msostrin@mayerbrown.com; 'Norris, Jacey D.' <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; 'Krigsten, Lisa M.' <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; 'Wood, Cody N.' <cody.n.wood@dentons.com>; Grabowski, Adriana <adriana.grabowski@dentons.com>; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Maggie McKernin <office@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Yaya (Yiyang) Wu <ywu@relmanlaw.com>; Reed Colfax <rcolfax@relmanlaw.com>; Rebecca Livengood <rlivengood@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

[EXTERNAL EMAIL]
Counsel:

Attached please find a Second Amended Notice to Defendants Deutsche Bank National Trust Company, as Trustee and Deutsche Bank Trust Company Americas, as Trustee, of Rule 30(b)(6) Deposition. Please note that the only change is to the wording of Subject No. 11.

Sincerely,

James G. Bradtke
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
630.333.9144
DISCLAIMER

This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# Exhibit F

| From: | Maggie McKernin |
|---|---|
| To: | kevin.papay@morganlewis.com; Kenneth Kliebard; kurt.rademacher@morganlewis.com; victor.cruz@morganlewis.com; david.monteiro@morganlewis.com; ajani.brown@morganlewis.com |
| Cc: | Nathan Garroway; Krigsten, Lisa M.; Shin, Shannon Y.; Wood, Cody N.; adriana.grabowski@dentons.com; Debra Bogo-Ernst; msostrin@mayerbrown.com; Norris, Jacey D.; wmcelhaney@mayerbrown.com; Jennifer Soule; Kelly Lambert; Jim Bradtke; Steven Schneck; Stephen Dane; Morgan Williams; "Reed Colfax"; Tara Ramchandani |
| Subject: | NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al. |
| Date: | Wednesday, July 28, 2021 12:03:00 PM |

Counsel:

Below please find links to the initial group of deposition exhibits that we will supplement as necessary.

Deutsche Bank 30(b)(6) Subject 1:
https://www.dropbox.com/sh/ie2htnfwczyle2j/AAAls4hPetXXKA8y4n6tmY3La?dl=0
Deutsche Bank 30(b)(6) Subject 3:
https://www.dropbox.com/sh/1bdjk1rzmztamm4/AAD0604EoCvORPW_-O32rblxa?dl=0
Deutsche Bank 30(b)(6) Subject 8: https://www.dropbox.com/sh/swv1c430bqxigx1/AADryLcGP2h-DZE9F463KMYia?dl=0


Thank you,
Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f: (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIALITY:** This email message (including any attachments hereto) contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

# Exhibit G

## FW: Lexitas LegalView/Zoom - NFHA vs. Deutsche Bank National Trust | 18 CV 839 - Job Number: 2021-803558

### Cruz, Victor H. <victor.cruz@morganlewis.com>

Thu 7/22/2021 11:32 AM

To: Jennifer Soule <jsoule@sbllegal.com>; Maggie McKernin <office@sbllegal.com>
Cc: Monteiro, David I. <david.monteiro@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>

📎 4 attachments (1 MB)
LegalView FAQs.pdf; Lexitas Clients - LegalView Quick Sheet.pdf; Lexitas LegalView Security Update.pdf; Share Screen Quickstart Guide.pdf;

Jennifer,

I hope you are doing well.  I am helping Kurt and Ken on this matter and wanted to check in with you concerning the start time of the Trustees' 30(b)(6) deposition. The witness would like to start the August 4th and August 5th depositions at 10:00 AM CT as they are on Pacific time.  If Plaintiffs agree to the change in time could you let Lexitas know of the change in time so they can make the necessary arrangements?  I look forward to hearing from you.

Best,
Victor

**Victor H. Cruz**
**Morgan, Lewis & Bockius LLP**
1717 Main Street, Suite 3200 | Dallas, TX 75201-7347
Direct: +1.214.466.4128 | Main: +1.214.466.4000 | Fax: +1.214.466.4001
victor.cruz@morganlewis.com | www.morganlewis.com
Assistant: Linda K. Shults | +1.214.466.4119 | linda.shults@morganlewis.com

---

**From:** Lexitas Chicago <chicago@lexitaslegal.com>
**Sent:** Wednesday, July 21, 2021 11:17 AM
**To:** office@sbllegal.com; Monteiro, David I. <david.monteiro@morganlewis.com>; Jsoule@SBLLegal.com; rcolfax@relmanlaw.com; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>; lmiller@relmanlaw.com; Sschneck@SBLLegal.com; Ywu@relmanlaw.com; Office@SBLLegal.com; MWilliams@nationalfairhousing.org; Cruz, Victor H. <victor.cruz@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; jnorris@mayerbrown.com; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; wmcelhaney@mayerbrown.com; TRamchandani@relmanlaw.com; Jbradtke@SBLLegal.com; lisa.krigsten@dentons.com; Nathan.garroway@dentons.com; rlivengood@relmanlaw.com; shannon.shin@dentons.com; Sdane@fairhousinglaw.com; schoi@relmanlaw.com; msostrin@mayerbrown.com; cody.n.wood@dentons.com; dernst@mayerbrown.com; Klambert@SBLLegal.com
**Subject:** Lexitas LegalView/Zoom - NFHA vs. Deutsche Bank National Trust | 18 CV 839 - Job Number: 2021-803558

[EXTERNAL EMAIL]

Lexitas-Chicago LegalView/Zoom invite for **Thursday, 08/05/2021, Deposition of:  30(b)(6) witness**

**Case:** NFHA vs. Deutsche Bank National Trust | 18 CV 839
**Start Time:** 9:00 AM Central

LegalView Link: **https://lexitas.force.com/apex/LegalViewLink?**
**id=a062K00001zmacuQAA&contactid=0032K00002RzlcyQAB&type=v**

Zoom Meeting ID: 5035592362
Dial-in #: +1 312 626 6799 (US)
IP address is: 162.255.37.11
SIP Address: [%205035592362@zoomcrc.com%20]5035592362@zoomcrc.com

Below are some best practices for a successful remote experience and the link to join. By clicking on
the link provided and attending the remote deposition, you acknowledge and agree to the following:

- Make sure all electronic devices are fully charged and have a charger available.
- Audio and visual quality subject to the connection speed of each participant.
- All parties should use only one audio source, either phone or computer, and attend from a private location
  where they can speak clearly without interference or interruptions.
- If any participant is attending via their mobile device, their phone should be set to "do not disturb" so that
  incoming calls or messages do not interrupt the audio.
- To protect deposition continuity and quality, all participants should be connected via the best available
  internet at their location. Hard-wire connection is recommended.
- If a video recording was noticed/requested for today's deposition and the videographer is not present in
  the same location with the witness, the final production may or may not include the images of
  participation other than the witness.

## HOW TO HANDLE EXHIBITS:

- Pre-Marked exhibits can be provided electronically in advance of the proceeding to all participants.
- Using the Share Screen Feature, Counsel or the Court Reporter can electronically mark the exhibits either
  during or after the proceeding.
- Final exhibits will need to be emailed to chicago@lexitaslegal.com for inclusion in the final transcript.

**Please let us know if anyone would like to arrange a test to ensure everyone can connect**
**properly.**

Thank you for scheduling a LegalView remote proceeding with Lexitas.

Daniel

**Lexitas**

**Nationwide | Worldwide**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**312-236-6936 / 24-Hour Client Service**
**800-497-7618 / Records**
chicago@lexitaslegal.com
www.lexitaslegal.com/



**The Letter of the Law. The Spirit of Service.**
**Scheduling Page: https://www.lexitaslegal.com/client-center/schedule**
**Deposition Repository: https://www.lexitaslegal.com/client-center**

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit H

# SOULE, BRADTKE & LAMBERT

### ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Kelly K. Lambert
KLambert@SBLLegal.com

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

August 10, 2021

*Sent Via E-Mail*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
Email: *kenneth.kliebard@morganlewis.com*

Kurt Rademacher
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Email: *kurt.rademacher@morganlewis.com*

Re:  *Completion of Deutsche Bank Rule 30(b)(6) Depositions*

Ken and Kurt,

We propose completing the Deutsche Bank Rule 30(b)(6) Depositions as follows:

1.  8/26/21  -  Topic No. 7, (Compensation to Defendants); Topic No. 9 (Audits, etc. of REO properties); Topic No. 10 (Responsive Actions Considered or Taken); Topic No. 11 (Demands from Holders Regarding Alleged Ocwen Breaches)

2.  8/27/21  -  Topic No. 5 ( Code Violations, Citations, Complaints, Etc.) and Topic No. 6  (Compliance with Federal, State and Local Laws)

3.  TBD (might be started on 8/27/21 if other topics finish, although will likely need to proceed on another day):  Topic No. 4 – (Policies, Practices and Procedures).

Please let us know if these dates work on your end.  While we have some flexibility, there will be several different attorneys taking these depositions, so scheduling may be a little complicated.  Also, we want to be sure to receive from you all additional documents related to

1

the depositions (e.g., updated policy and procedure manual) well in advance of the deposition dates.

Thanks for your cooperation.

Very Truly,

James G. Bradtke

cc: Counsel of record

# Exhibit I

# Morgan Lewis

**Kurt W. Rademacher**
Partner
+1.215.963.4981
kurt.rademacher@morganlewis.com

August 12, 2021

**VIA E-MAIL**

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

Re:     *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839; Trustees' Response to Plaintiffs' Letters Dated May 27, 2021 and July 16, 2021

Dear Mr. Bradtke:

I write on behalf of Defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), each in their capacities as trustee (the "Trustees") in response to your August 10, 2021 letter.

In your letter you seek to schedule two additional days to continue your 30(b)(6) deposition of the Trustees, with a third additional date "TBD," following two days of testimony last week.

In the lead up to, and during, last week's testimony, Plaintiffs made clear that they have no intention of limiting the burdens on the Trustees' witness in any way. As we noted prior to last weeks' testimony, the Trustees had prepared their witness to testify on all topics that were the subject of Plaintiffs' amended deposition notice. You indicated before the deposition began, however, that Plaintiffs were prepared to examine the Trustees' witness on only three of the noticed topics, and would go no further even if time permitted. The examination itself frequently dwelled on irrelevant minutiae or public background that at times appeared designed to fill the testimony time more than prove Plaintiffs' case. Plaintiffs ended the testimony on both days well short of the time offered.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States

**T** +1.215.963.5000
**F** +1.215.963.5001

August 12, 2021
Page 2

Plaintiffs' August 10 letter suggests that Plaintiffs do not wish to prepare to take this deposition in an efficient manner, and Plaintiffs demand for three additional days of testimony after failing to utilize the days already provided does not meet the requirements for good faith negotiations regarding discovery matters. In a prior meet and confer, Plaintiffs suggested they could limit the deposition to four days, but then in the course of the meet and confer process expanded the topics, accepted a three-hour informational session from the Trustees' counsel on one of the topics, expanded the topics again, and now return to your demand for five days of testimony.

If Plaintiffs wish to use multiple attorneys to take this deposition, such is their prerogative. But the burdens of that choice should rest with Plaintiffs, not the Trustees' witness.

Notwithstanding Plaintiffs' unreasonable approach to this issue, the Trustees will make their witness available for one additional day, provided Plaintiffs agree to make reasonable efforts to complete the deposition on that day. The Trustees' witness has indicated he is available to again appear for testimony on Friday, August 20, 2021, at 10:00 a.m. CST. The Trustees do not anticipate making a witness available for more than one additional day. We ask that Plaintiffs kindly indicate by tomorrow, August 13, 2021, if they wish to proceed on the offered date, as our client is currently holding the time. Thank you.

Very truly yours,

Kurt W. Rademacher

c: Counsel of Record

# Exhibit J

# Morgan Lewis

**Kenneth M. Kliebard**
+1.312.324.1774
kenneth.kliebard@morganlewis.com

July 14, 2021

**VIA EMAIL**

Jennifer K. Soule
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134

Re:   *NFHA v. Deutsche Bank Nat'l Trust Co., as Trustee, et al.*, No. 1:18-cv-00839

Dear Ms. Soule:

I write on behalf of Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee, (collectively the "Trustees") in response to your letter dated July 8, 2021, and further to our meet and confer teleconferences held on June 21, 2021 and July 7, 2021.

First, your assertion the Trustees would not make a witness available "until August" is incorrect. As reflected in our e-mail correspondence on this issue, the Trustees scheduled a witness to be available for two full days of testimony on July 13 and 14. This witness was made available with ample time for Plaintiffs to prepare on the deposition topics for which the Trustees have agreed to produce a deponent and asserted no objection or reservation. The Trustees also believe that if Plaintiffs had been willing to engage on the substance of the remaining topics during either of our meet and confer teleconferences, in which the Trustees only sought the particularity required by Rule 30(b)(6), Plaintiffs could have proceeded on any and all of their chosen topics on those July dates.

Second, even though you suggested on our July 7 call that Plaintiffs would try to complete their deposition in four scheduled days, you have again noticed a deposition for five days, and added a topic that you claim was "broken out of Subject No. 4," even though this new request appears to cover additional subject matter. Indeed, if the new topic was already encompassed within Subject No. 4, there would be no need to add a new, separate topic. With respect to other topics, Plaintiffs

**Morgan, Lewis & Bockius** LLP

110 North Wacker Drive
Chicago, IL  60606-1511
United States

**T** +1.312.324.1000
**F** +1.312.324.1001

Jennifer K. Soule
July 14, 2021
Page 2

have not made any effort to narrow the breadth to areas of the Trustees' operations relevant to REO issues or even the Trustees' relationships with Ocwen generally, but instead have added *non-exclusive* examples of documents Plaintiffs wish to inquire about, thereby providing only the false appearance of particularity.

Third, notwithstanding the manner in which Plaintiffs have shirked their obligation to meet and confer in good faith as now explicitly required by the Rule, the Trustees have confirmed they can make a representative available on August 4 and 5, with the following reservations with respect to topics 1, 2, and 3: As we have indicated, we do not believe the Trustees are required to produce a witness to testify on aspects of the Trustees' business that do not relate to REO properties and/or the Trustees' relationship with Ocwen. (We intentionally omitted any mention of Altisource because the Trustees have no relationship, contractual or otherwise, with Altisource, which further calls into question Plaintiffs' need for more than two days of depositions.) In response, during our meet and confer, Plaintiffs indicated that they wish to ask a few questions to better understand the nature of the Trustees' business but that Plaintiffs will not dwell on these areas that we previously indicated were out of scope. In an effort to compromise, on those areas where we previously asserted this objection, the Trustees will produce a witness who can speak generally as to these non-REO, non-Ocwen aspects of the Trustees' business at a high level, but the witness will not be prepared to engage in any extensive testimony on those areas.

Fourth, given that Rule 30(b)(6) depositions are routinely completed in a single day, even in complex cases, we believe that proceeding at a reasonable pace, Plaintiffs could finish by the end of the second day. Indeed, despite adding a topic in the course of negotiating the scope of this deposition, there are still substantially fewer topics proposed for this deposition than for Plaintiffs' depositions of Ocwen and Altisource. Moreover, we have already advised that the Trustees will have little non-privileged information to share on certain of the topics. Plaintiffs can "make their record" as to the Trustees' knowledge or lack thereof on those matters without dedicating half a day to doing so. If Plaintiffs proceed at a reasonable pace, as you indicated you would, and are still unable to finish this deposition in the two full days we have scheduled, the Trustees will endeavor to provide additional time. As we have demonstrated in providing availability for two full days *for a second time*, the Trustees, for their part, are committed to making witnesses available promptly. In contrast, Plaintiffs' insistence that the deposition be spread over several non-continuous days appears aimed at minimizing the preparation burdens on Plaintiffs' counsel on any particular day by maximizing inconvenience to the Trustees' witness.

Jennifer K. Soule
July 14, 2021
Page 3

As outlined above, the Trustees propose that this deposition proceed on August 4, and that the parties make good faith efforts to complete that deposition efficiently thereafter.  Please advise promptly if, as with the July dates, Plaintiffs are declining to proceed on these dates, as the Trustees' witness is currently holding that time available.

Sincerely,

Kenneth M. Kliebard

# Exhibit K

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   NATIONAL FAIR HOUSING ALLIANCE, )
     et al.,                         )
 4                                   )
                 Plaintiffs,         )
 5                                   )
                     v.              )  No. 18 CV 00839
 6                                   )
     DEUTSCHE BANK, et al.,          )  Chicago, Illinois
 7                                   )  February 11, 2021
                 Defendants.         )  9:48 a.m.
 8
                   TRANSCRIPT OF TELEPHONIC PROCEEDINGS
 9
               BEFORE THE HONORABLE HARRY D. LEINENWEBER
10
     APPEARANCES TELEPHONICALLY:
11
     For the Plaintiffs:          SOULE BRADTKE & LAMBERT
12                                BY:  MS. JENNIFER K. SOULE
                                  402 Campbell Street, Suite 100
13                                Geneva, Illinois 60134
                                  (630) 333-9144
14                                jsoule@sbllegal.com

15                                MR. MORGAN W. WILLIAMS
                                  National Fair Housing Alliance
16                                1101 Vermont Avenue NW, Suite 710
                                  Washington, DC 20005
17                                (202) 898-1661
                                  mwilliams@nationalfairhousing.org
18
     For the Deutsche Bank        MORGAN LEWIS & BOCKIUS, LLP
19   Defendants:                  BY:  MR. KENNETH M. KLIEBARD
                                  77 West Wacker Drive
20                                Chicago, Illinois 60601
                                  (312) 324-1000
21                                kenneth.kliebard@morganlewis.com

22

23           **FAILURE TO IDENTIFY ONESELF EACH TIME WHEN
                     SPEAKING MAY RESULT IN
24             IMPROPER SPEAKER IDENTIFICATION**

25
```

```
 1   APPEARANCES TELEPHONICALLY (CONTINUED):

 2   For Defendant Ocwen:        MAYER BROWN, LLP
                                 BY:  MS. DEBRA L. BOGO-ERNST
 3                               71 South Wacker Drive
                                 Chicago, Illinois 60606
 4                               (312) 782-0600
                                 dernst@mayerbrown.com
 5
     For Defendant Altisource:  DENTONS US, LLP
 6                               BY:  MR. NATHAN L. GARROWAY
                                 303 Peachtree Street NE, Suite 5300
 7                               Atlanta, Georgia 30308
                                 (404) 527-4000
 8                               nathan.garroway@dentons.com

 9

10   Court Reporter:            Judith A. Walsh, CSR, RDR, F/CRR
                                 Official Court Reporter
11                               219 South Dearborn Street, Room 2118
                                 Chicago, Illinois 60604
12                               (312) 702-8865
                                 judith_walsh@ilnd.uscourts.gov
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (Proceedings heard telephonically:)

2          THE CLERK:  18 C 839, National versus Deutsche Bank.

3          MR. KLIEBARD:  Good morning, your Honor.  You have

4   Kevin Kliebard for the Deutsche Bank defendants.

5          MS. BOGO-ERNST:  Good morning, your Honor.  You have

6   Debra Bogo-Ernst for the defendant Ocwen.

7          MS. SOULE:  Jennifer Soule on behalf of the

8   plaintiffs.

9          THE COURT:  Okay.  This is --

10          MR. WILLIAMS:  Morgan --

11          MR. GARROWAY:  Nathan Garroway on behalf of the

12   Altisource defendants.

13          THE COURT:  All right.  This is --

14          MR. WILLIAMS:  And Morgan Williams with the National

15   Fair Housing Alliance.  Forgive me, your Honor.

16          THE COURT:  All right.  This is up for status today.

17   Ms. Soule, what's happening on the case?

18          MS. SOULE:  Yes, Judge.  We are proceeding on the --

19          THE COURT REPORTER:  I'm sorry.  Can you state your

20   name each time you speak?

21          MS. SOULE:  Okay.  This is Jennifer Soule on behalf

22   of the plaintiffs.

23          We are proceeding with the schedule of the Rule

24   30(b)(6) depositions that was the subject of the prior motions

25   and ordered by the Court.  We're halfway through those

1    depositions at this point.  We believe we're on track to

2    complete the schedule which will wind up on March 11th.

3         We have -- from the plaintiffs' perspective, we had

4    faced some pretty serious or steep challenges, I guess, in

5    terms of some document productions that occurred during the

6    process which was very challenging, as a result of which we

7    took off one of the Altisource days that we had scheduled and

8    took a break to try to get ahead, climb out of the document

9    production that we had, but we have -- I think, you know,

10   we've made our concerns known to defendants, and we've talked

11   with them about those concerns.  But essentially, we've pushed

12   forward.

13        So we don't have any issues to specifically bring to

14   your attention, but we did want to note that, you know, we've

15   had some challenges, but we have continued to push through.

16   At the same time as the challenges presented themselves with

17   the high volume of document production during the process, we

18   also appreciate that we have received considerable

19   documentation in the course of it because of this process.  So

20   there's a big up side to it as well.  So we're proceeding

21   through.

22        We -- as from the plaintiffs' perspective, also

23   yesterday I worked out, me and Mr. Garroway for Altisource

24   worked out an understanding of how to approach the data

25   systems, the number of electronic data systems involved.  And

1    we worked out an agreement in terms of how to get some

2    information the plaintiffs need in a way that is maybe not

3    sitting through a deposition for a whole day asking a witness

4    about what acronyms in a data system are.  So he was very

5    accommodating in terms of, we would have a process, we could

6    write a letter, and we would go back and forth, and they would

7    provide information.

8            So the day that we reduced from the schedule because

9    of the documents, actually we don't need to put back in

10   part because we're able to proceed on that one subject without

11   painstaking, you know, efforts that might not be successful or

12   fruitful in the deposition.  So that was -- we appreciate very

13   much that that happened.

14           So we're about ready to -- this week is a break week,

15   so it's a good time to have the status.  We've had four weeks

16   of depositions.  So we have a break this week.  Then we have

17   four more weeks.  So we're heading into the next half.

18           From plaintiffs' perspective, our overall progress

19   has been very good.  Some of the depositions have proceeded in

20   a more organic fashion so that we're able to capture some

21   information on subjects coming up, thereby reducing what time

22   we'll need to finish those subjects.  So the number of

23   subjects individually that have been ticked off might not

24   reflect the actual progress.  And we confirmed with

25   defendants, some subjects are already handled and taken off.

1    We've talked about that.

2         So we're on a good pace.  We feel the more we've

3    learned, which has been incredibly productive for the

4    plaintiffs, the more we can be efficient.  And now we're

5    getting a handle on some of the new documents.  So that's the

6    progress on the 30(b)(6) schedule.

7         We are -- plaintiffs are very -- you know, we feel

8    the process has been incredibly helpful and productive.  And

9    so we're very pleased that, you know, we're plowing through

10   this and feel that it's been extremely worthwhile, though

11   time-consuming.  We understand that.

12        With respect to the remainder of the discovery,

13   plaintiffs -- obviously, defendants are going to, you know,

14   want to take depositions.  Deutsche Bank has noticed up some

15   of the plaintiffs' depositions.  There's some document issues,

16   you know, that could percolate for the Court's attention.  I'm

17   not sure on that yet.

18        But what plaintiffs would like is to get a handle and

19   assess where we're at after these 30(b)(6) depositions.

20   Mid-March, they'll be done.  And then we would like to have an

21   opportunity to confer with the defendants about discovery

22   planning for fact discovery and schedules and things like

23   that.

24        And it might be productive to come back to the Court,

25   we think, at the end of March to talk about how much more time

1    we would need.  We have the fact discovery cutoff in May.  I

2    think it's been understood by everybody that we have the COVID

3    delay and, you know, just the complexity of things.  There

4    will be some extension needed.

5           We're not in a position maybe to know right now how

6    much time beyond that do we need.  We, of course, want to push

7    the case forward and get it done, but we'd like to come back

8    after finishing these depositions and talking with defendants

9    and thinking it through -- at least, that's our suggestion --

10    and present to the Court, okay, here's where we are, here's

11    what we need to do and how much more time we need to do it.

12           So that's plaintiffs' status at this point.

13           THE COURT:  Defendants' counsel?

14           MR. GARROWAY:  Hi, your Honor.  Nathan Garroway on

15    behalf of the Altisource defendants.

16           We generally agree with plaintiffs as to a status in

17    late March.  I did want to reflect -- and I talked with

18    opposing counsel about this yesterday -- that there is some

19    level of concern on the defendants' side at the pace of the

20    depositions and the amount of topics we have went through.  I

21    do appreciate the call I had with opposing counsel yesterday

22    in terms of working out some ways to make this go along

23    faster.

24           We appreciate that she believes that she can commit

25    to the schedule that she previously communicated to the Court

1    because in the first three days, we did not get through the

2    topics that we had originally anticipated.  So there is some

3    level of concern on behalf of defendants that the schedule is

4    not moving along as quickly as it should.

5           However, with the reassurances of opposing counsel

6    that it is going to move along, the schedule that was

7    originally set forth, we hope that that will happen and that

8    we'll be back here at the end of March talking about the

9    remaining discovery.

10          MS. BOGO-ERNST:  And, your Honor, this is Debra

11   Bogo-Ernst for the Ocwen defendants.  I agree with Altisource

12   as well in terms of the concerns on the pace of the

13   depositions but again, we're working through that with

14   opposing counsel, and we do appreciate her representations

15   that we'll be done on time.

16          I think that coming back at the end of March makes

17   sense.  And from the defendants' perspective, you know, we

18   have followed up with plaintiffs' counsel on some discovery

19   issues.  So we agree with plaintiff, plaintiffs, that we will

20   need to extend the schedule.  So we appreciate the opportunity

21   to meet and confer on that and hopefully come to the Court

22   with an agreed schedule if possible for the Court's

23   consideration.

24          MR. KLIEBARD:  Your Honor, Ken Kliebard for the

25   Deutsche Bank defendants.

1          The only thing I will add which Ms. Soule alluded to

2     is we have some ongoing back and forth discovery disputes that

3     we're trying to resolve so that we can go ahead and take the

4     depositions that we noticed.  And so we may be back before

5     your Honor prior to the next status hearing on that discovery

6     issue if we can't get it resolved soon.

7          THE COURT:  Anything further from anybody?

8          MS. SOULE:  No.

9          THE COURT:  I would think just one comment, and that

10    is as far as the discovery is concerned, I think I've made it

11    pretty clear that I'm in favor of liberal discovery.  And so

12    unless it's pretty clearly not appropriate, my suggestion

13    would be to give up and proceed with discovery.

14          Having said that, we'll have a status.  You want it

15    the end of March, early April?  Is that the deal?

16          MS. SOULE:  Yes, Judge.  Jennifer Soule on behalf of

17    the plaintiffs.  We think it would be helpful because it does

18    seem that we will have to extend the fact discovery date --

19          THE COURT:  All right.

20          MS. SOULE:  -- and all the -- yes.  It will be coming

21    up.

22          THE COURT:  So my suggestion would be that either you

23    have an agreed order for extension or competing orders in

24    redline versions so that I can make the decision.

25          Okay.  Give them a date, Ms. Foster.

1           THE CLERK:  March 30th at 9:00 o'clock a.m.

2           MS. BOGO-ERNST:  Your Honor, this is Ms. Bogo-Ernst.

3  I apologize.  I will be out that week.  Is there any way we

4  could do the following week, please?

5           THE COURT:  When is Easter --

6           THE CLERK:  April 7th --

7           THE COURT:  Okay.  April 7th.

8           THE CLERK:  At 9:15 a.m.

9           THE COURT:  All right.  Thank you.

10          ALL PRESENT:  Thank you, your Honor.

11     (Proceedings adjourned at 9:58 a.m.)

12                * * * * * * *

13            C E R T I F I C A T E

14      I, Judith A. Walsh, do hereby certify that the

15  foregoing is a complete, true, and accurate transcript of the

16  telephonic proceedings had in the above-entitled case before

17  the Honorable HARRY D. LEINENWEBER, one of the judges of said

18  court, at Chicago, Illinois, on February 11, 2021.

19

20  */s/ Judith A. Walsh, CSR, RDR, F/CRR_____*    March 12, 2021

21  Official Court Reporter

22  United States District Court

23  Northern District of Illinois

24  Eastern Division

25

# Exhibit L

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>  Plaintiffs,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>  Defendants. | Case No. 18 CV 839<br><br><br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br> Jury Trial Demanded |

## <u>DECLARATION OF COUNSEL PURSUANT TO LOCAL RULE 37.2</u>

I, James Bradtke, under penalty of perjury, and based upon personal knowledge, state that

the following facts are true and correct:

1

1.      I am one of the attorneys representing the Plaintiffs in the case entitled National Fair Housing Alliance v. Deutsche Bank National Trust Company, Case No. 18 CV 839.

2.      The facts set forth in Plaintiffs' Motion to Compel Deutsche Bank Defendants to Produce Designee for Continued Rule 30(b)(6) Deposition concerning the history of this issue and the parties' failure to reach an accord are true and correct.

3.      Efforts to resolve this dispute were repeatedly undertaken, but were unsuccessful.

Respectfully Submitted,

/s/ *James G. Bradtke*

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW
Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Dated: August 13, 2021

Stephen M. Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

Tara Ramchandani
Rebecca Livengood
Soohyun Choi
Reed Colfax
Yiyang Wu
Lila Miller
*Relman Colfax PLLC*
1225 19th Street, N.W., Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*