IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**TRUSTEES' MOTION FOR RULE TO SHOW CAUSE REGARDING PLAINTIFFS' FAILURE TO COMPLY WITH ORDER COMPELLING PRODUCTION REGARDING PLAINTIFFS' REGRESSION ANALYSIS**

Pursuant to Federal Rule of Civil Procedure (the "Rules") 37(b), Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee (collectively, the "Trustees"), move this Court to issue a rule to show cause why Plaintiffs should not be held in contempt for failing to comply with this Court's April 22, 2021, Order compelling the production of documents of (the "Order").

In support of this Motion, Defendants rely on the accompanying Declaration of Kenneth M Kliebard ("Kliebard Decl."), and respectfully state as follows:

1. On March 19, 2021, Defendants filed a motion to compel the production of documents responsive to 19 requests for production related to factual inputs and exclusions from Plaintiffs' regression model that serves as the basis for the housing discrimination claims asserted in Plaintiffs' Second Amended Complaint (the "SAC"). (*See* ECF 148). That motion specifically requested an order compelling production of "communications or other materials related to how [the regression] analysis was generated," Defs.' Mem. in Support of Mot. to Compel, ECF 149, p.

1, and to require Plaintiffs to produce materials responsive to the Trustees' Request for Production No. 27, which sought "[a]ll Documents concerning, reflecting, or comprising the Plaintiffs' Statistical Analysis supporting the allegation in paragraph 7 of the amended complaint that disparities existed between 'communities of color' and 'white communities,' including but not limited to all supporting work papers, calculations, drafts, prior iterations, and alternative models." *See* Defs.' Mem. in Support of Mot. to Compel, ECF 149, p. 7. This request necessarily included communications concerning the statistical evidence Plaintiffs themselves voluntarily and knowingly put at issue in the SAC: they are some of the most important documents concerning the statistical analysis.

2. Plaintiffs objected to producing documents related to their regression analysis primarily by relying on Rule 26 -- asserting that the documents sought by Defendants constituted privileged and "protected consultations" with a consulting expert. Pls. Br. in Opp. at 5 (ECF 157). Defendants response that Rule 26 did not apply to the documents and communications sought, and even if it did, Plaintiffs waived any privilege by relying on the regression analysis by citing it in their pleading and relying on it to oppose Defendants' motion to dismiss. Defs. Reply Br. at 5-6 (ECF 160).

3. The Court held argument on Defendants' motion on April 22, 2021, following full briefing on the motion. (*See* ECF 161). At the hearing Plaintiffs' claimed to be confused about the documents sought in the motion, at which point counsel for the Trustees provided specific examples of documents covered by Defendants' motion:

> [Plaintiffs] produced a completed regression analysis, but they did not provide us with the documents, again, which they don't say don't exist, but the documents that show the steps in that process, how they selected properties, how they identified the geographies, why they chose to inspect some of the properties and not some of the other properties, why they disregarded some of

2

>    the inspections that they actually performed, and how they developed the list of
>    factors that they used to analyze these properties.

Hr'g Tr. at 4:3-12.[1]

The Trustees further explained that the Motion sought "documents that establish the steps in the process that [Plaintiffs] deployed in arriving at that regression analysis." *Id*. at 10:20-21.

4. When pressed directly by the Court regarding whether these documents existed, Plaintiffs' counsel represented to the Court that "I believe all documents that exist in that regard have been produced." Hr'g Tr. at 5:12-13. Counsel elaborated that additional documents Plaintiffs were "going through" "will be produced," Hr'g. Tr. at 5:15-18, and represented that Plaintiffs were "not withholding documents," *id.* at 6:13.

5. After extensive argument in addition to the briefing on the Motion, the Court granted Defendants' motion to compel without limiting in any way the categories of documents sought by Defendants. Hr'g. Tr. at 12:3. The Court specifically ruled that "by pleading the existence of a regression analysis which proves the case, *[Plaintiffs] put into issue every aspect of it*, which takes it out of the realm of a strictly expert opinion . . . ." *Id.* at 12:4-7 (emphasis added).

6. Notwithstanding this unequivocal statement by the Court, Plaintiffs continue to assert work product and privilege over these materials in defiance of the Court's Order, and fail to recognize that Plaintiffs advanced these arguments already *and lost*. Specifically, Plaintiffs produced only a handful of model *outputs* after the Court granted the Trustees' motion, but failed to produce internal work papers. Kliebard Decl. at ¶ 3. Plaintiffs produced two email communications responsive to the discovery requests, yet maintained that in doing so Plaintiffs

---

[1] A true and correct copy of the transcript of the April 22, 2021 hearing before the Court, referred to herein as "Hr'g Tr.", is attached hereto as Exhibit A to the Kliebard Decl.

agreed to "waive" the privilege on those two emails, even though the Court already held that no privilege existed. *See* Kliebard Decl., ¶ 3 & Ex. C.

7. In an apparent attempt by Plaintiffs to obstruct Defendants from obtaining documents directly from Plaintiffs' "consultant" by way of a third-party subpoena, Plaintiffs also redacted the name, and other identifiers, of the person or persons who conducted the analysis that Plaintiffs were ordered to produce. *See* Kliebard Decl., Ex. D. Plaintiffs offer no legitimate basis for withholding a person's name other than contending such information is expert discovery immune from discovery now, once again ignoring that the Court already rejected that argument. *Id.*

8. Putting aside these unwarranted actions, Plaintiffs' production is deficient in other respects. Notably, Plaintiffs did not produce any of their consultant's documents showing why Plaintiffs chose to inspect certain residential REO properties, why they excluded others, or how they developed the list of factors used to analyze the subject properties that form the basis of Plaintiffs' claims in this case. *See* Kliebard Decl., ¶ 3. Because Plaintiffs "put into issue every aspect of [the regression]," Hr'g. Tr. at 12:5-6, there is no non-frivolous basis on which Plaintiffs can now pretend that portions of the documents that the Court ordered be produced can be withheld on the basis of some privilege, especially where the supposed privilege was never claimed before the Court granted Defendants' motion.

9. Moreover, more than two months after the losing the motion to compel, Plaintiffs produced a "privilege log" for the documents produced in response to the Order. *See* Kliebard Decl., Ex. C. Notwithstanding Plaintiffs' representation to the Court that they were not withholding documents, Plaintiffs now claim privilege over 70 communications. The privilege asserted by Plaintiffs in withholding the documents is the expert opinion work product protection

afforded by Rule 26—which the Court already ruled inapplicable because Plaintiffs put the substance of that expert work in issue by cutting it in their complaint and relying on it in opposing Defendants' motion to dismiss. *See* Hr'g. Tr. at 12:3-6 ("It seems to me that by pleading the existence of a regression analysis which proves the case, you've put into issue every aspect of it . . . ."). In the belatedly-produced log, Plaintiffs continue to omit the name or names of the "consulting expert" they were communicating with. Plaintiffs' descriptions of certain of the documents suggest they constitute some of the very materials described by the Trustees at the April 22 hearing. *See* Kliebard Decl., Ex. D, at 3 ("Correspondence confirming data current") and 6 ("Correspondence re collection of data").

10. Even though Defendants already obtained an order compelling production of *all* of the documents described in their motion, the Trustees attempted on multiple occasions to secure Plaintiffs' compliance with the order without further judicial intervention. *See* Kliebard Decl., Exs. D & E. Plaintiffs, meanwhile, have taken the position in defiance of this Court's ruling that the Court's order applies only to items mentioned at oral argument, rather than the documents sought in the document requests and catalogued in the motion to compel itself. *See* Kliebard Decl., Ex. B, at 2. The reality is Defendants moved to compel production of broad categories of documents, including the very communications Plaintiffs continue to refuse to produce; Plaintiffs represented to the Court they were not withholding any documents, and chose to address only a subset of materials in their opposition brief and at oral argument, prompting examination of only those points by the Court at the hearing. If Plaintiffs believed some additional privilege applied to a subcategory of responsive documents, it was incumbent on Plaintiffs to assert that privilege in opposing the motion to compel. Plaintiffs did not, and lost the motion. Plaintiffs cannot now advance arguments rejected by the Court, and they cannot ignore this Court's order granting

5

Defendants' motion *in full*. *See Nelson v. Schultz,* No. 15-c-8560, 2017 WL 7805610, at *2 (N.D. Ill. May 9, 2017) (Leinenweber, J.) (finding "disingenuous" a plaintiff's attempt to "interpret" clear order compelling production of documents). It has been more than four months since the Court granted the motion to compel, yet Plaintiffs continue to engage in parsing the unambiguous meaning of meaning the phrase "I'm going to grant the motion." Hr'g. Tr. at 12:3.

11. Plaintiffs' position contravenes the Court's order compelling compliance with Defendants' discovery requests. Failure to comply with the Court's discovery order "may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1).

WHEREFORE, the Trustees request that this Court issue a rule requiring Plaintiffs to show cause, if they can, why they should not be held in contempt for their failure to comply with this Court's order of April 22, 2021.

Dated: August 31, 2021

Respectfully submitted,

By: /s/ *Kenneth M. Kliebard*
Kenneth M. Kliebard
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
kenneth.kliebard@morganlewis.com

Kurt W. Rademacher
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215.963.5000
kurt.rademacher@morganlewis.com

David I. Monteiro
Victor H. Cruz
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: 214.466.4133

6

david.monteiro@morganlewis.com
victor.cruz@morganlewis.com

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee*

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via ECF on August 31, 2020.

      /s/  Kenneth M. Kliebard