# Exhibit B

# SOULE, BRADTKE & LAMBERT

ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

June 4, 2021

*Sent Via E-Mail*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive
Suite 500
Chicago, IL 60601
Email: kenneth.kliebard@morganlewis.com

Re:  NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Ken,

Thank you for your letter of June 3, 2021.  At the outset, there appear to be two identical letters attached to your forwarding email.  Please confirm that the duplicate copy was sent by mistake or provide us with whatever else you intended to send.

In terms of the matters raised in your letter, most can be disposed of easily.  First, while the documents that we produced, from our client's perspective, contain materials that are far more sensitive and confidential than the thousands of mundane documents defendants have designated "confidential" and/or "attorney's eyes only," (a subject for further discussion in the very near future), we are willing to withdraw the designation of the documents as "attorney's eyes only" and re-designate them as "confidential."  Please let us know if you want the documents re-produced to you with that designation or if you think we can all keep the re-designation straight without a further production.

Second, in terms of the (extremely minor) redactions that you noted in the documents that we produced, these redactions were limited to the initials of the consultant the plaintiffs retained to prepare these analyses.  That was specifically indicated in the cover letter producing the documents: "redactions to the documents being produced have been limited to information identifying plaintiffs' consulting expert."

Third, with respect to your request that we confirm that the consultant our clients retained to perform these analyses was Dr. Calvin Bradford, Defendants are not entitled to information regarding the identity of plaintiffs' consulting experts, nor did the Court order it.  However, as

1

far as Dr. Bradford is concerned, it should already be clear that he did not perform the analyses that plaintiffs produced. See Plaintiffs' August 25, 2020 response to Ocwen and Altisource's Request for Production of Documents, No. 52.

Fourth, while we have already identified emails provided to date by our consultant in a privilege log, we have been waiting to receive additional emails that the consultant believes may have been archived. Once we receive any additional emails and log them, we will provide you with our log.

Fifth, in terms of gaps defendants perceive in the documents produced, I am unaware of any and believe defendants are incorrect. We produced all the documents we received from our consultant in response to our request that the consultant produce all the responsive documents required by the Court. If you have specific questions in this regard, let me know and I will, of course, follow up with the consultant.

Moving on, the more surprising issue raised in your letter is defendants' apparent view that the Court's Order in response to defendants' motion requires plaintiffs to identify the consultant that plaintiffs retained prior to the lawsuit, rather than simply produce the regression analysis and related documents that defendants requested in their motion. In contrast, we note that Defendants' Reply Memorandum (p. 1) stated as follows: "Defendants demonstrated in their Opening Brief that they are entitled to discovery regarding (1) factual inputs and exclusions from Plaintiffs' regression analysis cited throughout the Second Amended Complaint ("SAC") and prior iterations of that regression analysis." Your letter also appears to suggest (stating Defendants intend to subpoena Plaintiffs' consultant) that the Court ruled defendants could immediately commence expert discovery, contrary to the orderly procedure for expert discovery established under the Federal Rules of Civil Procedure and the parties' April 9, 2021 Joint Submission regarding a fact discovery extension, anticipating a proposed schedule for expert discovery after fact discovery closes. Again, in contrast to your letter, Defendants' Reply Memorandum (p. 5) disavowed any such notion: "even if Plaintiffs' regression analysis was performed by a consulting expert, Defendants' motion does not seek to compel Plaintiffs to respond to interrogatories or submit their expert to a deposition.".

We further note that the hearing in consideration of Defendants' motion focused exclusively on the direct question from the Court to defendants at the outset to identify what documents defendants were seeking. In response to the Court's question, defendants never stated or implied that deposition testimony from or a subpoena to plaintiffs' consulting expert were contemplated or, more significantly, should be considered by the Court. Instead, defendants' answer was limited to identifying the documents that we have now produced. The Court did not authorize wholesale expert discovery to begin. Indeed, the Court's several discovery Orders, including the most recent schedule entered by agreement on April 22, 2021, extended fact discovery to November 19, 2021, (ECF No. 161), but a proposed schedule for expert discovery has not been presented to or considered by the Court.

3

Finally, please note that my last name is spelled "Bradtke," not "Bradkte." Thank you for presenting your concerns to us. Have a pleasant weekend.

        Very Truly,

        *James G. Bradtke*
        James G. Bradtke

cc: Counsel of record

3