# Exhibit E

# Morgan Lewis

**Kenneth M. Kliebard**
+1.312.324.1774
kenneth.kliebard@morganlewis.com

June 29, 2021

**VIA EMAIL**

James G. Bradtke
Jennifer K. Soule
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134

Re: <u>NFHA v. Deutsche Bank Nat'l Trust Co., as Trustee, et al.</u>, No. 1:18-cv-00839

Dear Mr. Bradtke & Ms. Soule:

I write to follow up on my letter to you of June 3 and your response of June 4, both of which concerned Plaintiffs' noncompliance with the Court's Order granting the Trustee Defendants' Motion to Compel. Your production has omitted key documents within the scope of Order for which there is no basis for you to withhold.

Specifically, you should produce the following documents immediately, which necessarily would have been created based on our review of the documents actually produced by Plaintiffs:

- Documents reflecting the programming input that generated the log files produced, including all prior iterations.

- Correspondence or notes of meetings between Plaintiffs' representatives and the unnamed person or organization that conducted that analysis regarding drafts of the analysis, including instructions and objectives provided and decisions about which variables to include and which to exclude.

- Internal workpapers of the unnamed person or organization that conducted the analysis reflecting prior iterations that they did not formally present to Plaintiffs.

**Morgan, Lewis & Bockius LLP**

110 North Wacker Drive
Chicago, IL  60606-1511         T +1.312.324.1000
United States                   F +1.312.324.1001

James G. Bradtke & Jennifer K. Soule
June 29, 2021
Page 2

As we explained in the Motion and at the hearing on the Motion, our principal purpose in seeking these documents is understanding the process by which Plaintiffs arrived at the regression analysis presented and relied on in the Amended Complaint and in opposing Defendants' motion to dismiss. That is why Trustee's discovery requests sought "[a]ll Documents concerning, reflecting, or comprising the regression analysis referenced in paragraph 106 of the Second Amended Complaint, including but not limited to . . . all supporting work papers, calculations, drafts, prior iterations, and alternative models." Plaintiffs' production only shows a formal presentation of interim results, but it is unclear what direction or instruction the person or organization who performed the regression analysis was given. It is virtually impossible that there are no documents reflecting what those directions were. Likewise, in order to generate the results provided, whoever conducted the analysis must have prepared and run computer code to do so—and likely multiple iterations of that code. If you contend Plaintiffs do not have possession, custody, or control over the responsive documents, please explain the basis for that position immediately and provide the name of whoever you contend has possession, custody, or control over those documents.

I infer from your letter that you acknowledge that at least some of these documents exist but that you intend to withhold them on the basis of some claimed privilege—apparently including *all* email correspondence with whoever prepared the analysis. ("[W]hile we have already identified emails provided to date by our consultant in a privilege log, we have been waiting to receive additional emails that the consultant believes may have been archived. Once we receive any additional emails and log them, we will provide you with our log.") The Order has already been granted. The time for asserting a claim of privilege or other protection was in response to the Motion, not unilaterally declining to produce documents. Moreover, in granting the motion the Court was clear: "by pleading the existence of a regression analysis which proves the case, *you've put into issue every aspect of it*, which takes it out of the realm of a strictly expert opinion…." (4/22/2021 Hrg. Tr. p. 12 lines 4-7 (emphasis added.) Because Plaintiffs "put every aspect of it in issue in this case," there is no non-frivolous basis on which Plaintiffs can now contend that portions of the documents that the Court ordered be produced can be withheld on the basis of some privilege, especially where the supposed privilege was never claimed before the Court granted Defendants' motion.

Likewise, your assertion that Defendants are attempting to open "expert discovery" by asking that you comply with the Order is misplaced. Plaintiffs tried that genre of arguments in opposing Defendants' motion. That argument was the main thrust of your Response to the Motion, but it was already rejected by the Court based on Plaintiffs' waiver: "by pleading the existence of a regression analysis" Plaintiffs have

James G. Bradtke & Jennifer K. Soule
June 29, 2021
Page 3

"take[n] it out of the realm of a strictly expert opinion…." (*Id.*) Therefore, your argument disregards Plaintiffs' calculated and deliberate waiver on the regression analysis. While Plaintiffs may disagree with the Court's ruling, Defendants will not relent in seeking the documents that the Court has ordered Plaintiffs to produce. Plaintiffs cannot decline to comply with a discovery order because you believe it was wrong.

Please advise immediately if you intend to produce the documents above. If we do not seek a satisfactory, response Defendants will file a motion for rule to show cause.

                Sincerely,

                Kenneth M. Kliebard

cc: Counsel of Record