IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:18-cv-00839 |
| v. | ) |
| | ) Judge Harry D. Leinenweber |
| DEUTSCHE BANK NATIONAL TRUST, as trustee; DEUTSCHE BANK TRUST COMPANY AMERICAS, as trustee; OCWEN FINANCIAL CORP.; and ALTISOURCE PORTFOLIO SOLUTIONS, INC., | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**TRUSTEE DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee (collectively, the "Trustees"), by and through their undersigned attorneys, Morgan, Lewis & Bockius LLP, oppose Plaintiffs' motion to compel ("Pls. Mot.") a third, fourth, and fifth day of testimony pursuant to Fed. R. Civ. P. 30(b)(6) for the reasons stated below.

**I.     INTRODUCTION**

Plaintiffs' motion to compel accuses the Trustees of "unreasonable resistance" to Plaintiffs' demands to take five days of 30(b)(6) deposition testimony, and even asserts the Trustees were "unequivocal" in refusing to produce a witness. This is not accurate. The Trustees have not refused to produce a witness. In reality, the Trustees already produced a 30(b)(6) witness for two days of testimony and asked Plaintiffs to make reasonable efforts to complete their 30(b)(6) deposition in as few days as practicable, indicating that the Trustees would make their witness available for more time if reasonably needed. Undeterred, and eager for a battle, Plaintiffs instead

filed a motion to compel. The Trustees nonetheless tried again to avoid unnecessary motion practice, offering a third day of testimony to be held on August 27 (a date Plaintiffs indicated they were available) with the possibility of more time. Plaintiffs rejected this offer as well, insisting that they would not take a third day of deposition testimony without a clear commitment that they would have five full days of deposition time. Therefore, Plaintiffs' statement that the Trustees were "unequivocal" in refusing to produce a witness is false.

From the start of the meet-and-confer process on the scope and timing of this deposition, which is required under recently amended Rule 30(b)(6), Plaintiffs were eager to declare an impasse and file a motion to compel. Plaintiffs sought to terminate the first of those calls after 20 minutes and said they would file a motion to compel, even though the parties had only discussed the first of ten deposition topics. Plaintiffs then amended their deposition to add a new topic, then amended again to substantially expanded that new topic less than two days before the first scheduled deposition date. Thus, from the outset, Plaintiffs appeared motivated to manufacture a dispute rather than comply with amended Rule 30(b)(6).

Beside the topics, Plaintiffs also appeared motivated to manufacture a dispute concerning the number of deposition days for the Trustees' 30(b)(6) witness. The parties began the process with two full days scheduled for the deposition. Yet, Plaintiffs arrived on those days prepared to complete only three of their (now) eleven noticed topics, and then ended each day after six hours or less of testimony even though the Trustees' witness had blocked off the entire day and, as stated on the record, was prepared to stay longer to proceed with the other topics.

Plaintiffs now insist that they get to repeat this exercise for another three days. Yet they refuse to take a third day of testimony to see how much progress they can make, instead insisting on an order from the Court allowing Plaintiffs five total days of deposition questioning. That is

unreasonable and a waste of everyone's time. And it raises serious questions as to Plaintiffs' motivation in demanding five days of deposition. After all, the Trustees' role is small in comparison to the other Defendants, and it is unfathomable that Plaintiffs would require a total of three, let alone five, days to depose the Trustees' 30(b)(6) witness. It is unreasonable for Plaintiffs to refuse to procced in the manner proposed by the Trustees, and Plaintiffs' motion to compel should be denied.

## II. BACKGROUND

Plaintiffs served their initial Rule 30(b)(6) deposition notice by letter dated May 26, 2021, seeking to depose the Trustees' witness concerning 10 topics spread across numerous non-continuous days over the course of a month. *See* Kliebard Decl.[1], Ex. A. Given Plaintiffs' theories of liability, and given the much smaller role of the Trustees compared to Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Altisource Solutions, Inc. ("Altisource"), the notice to the Trustees understandably contained substantially fewer topics than Plaintiffs' depositions for Ocwen (17 topics) or Altisource (17 topics),[2] but Plaintiffs were not proposing to use substantially less time to complete this deposition than their 30(b)(6) depositions of Ocwen and Altisource.

As mandated by Rule 30(b)(6), the parties held a meet-and-confer on June 22, 2021, to discuss the scope of the deposition topics. *See* Kliebard Decl., Ex. C. In the opening twenty or so minutes of the call, after addressing only one of the ten topics, Plaintiffs' counsel sought to terminate the meeting, claiming Plaintiffs would file a motion rather than try to make progress on the other topics. *See* Kliebard Decl., Ex. C.

After largely coming to an agreement on numerous of the topics, the Trustees proposed

---

[1] The Declaration of Kenneth M. Kliebard filed in connection with this opposition memorandum is referred to herein as the "Kliebard Decl."
[2] *See* Kliebard Decl., Ex. B.

3

that the deposition proceed initially for two full days on July 13 and 14, with the goal of getting through as many topics as possible. *See id.* at 2. Plaintiffs replied that moving on to a new topic, even if time permitted, was "unreasonable," although they did not explain why. *See* Kliebard Decl., Ex. D. The Trustees also proposed that rather than schedule additional days at the outset, the parties should evaluate the need for such time after completing two days of testimony. *Id.* Plaintiffs rejected the July dates offered by the Trustees without proposing alternative dates. *See* Kliebard Decl., Ex. E.

The parties held a second meet-and-confer on July 7, 2021. *See* Kliebard Decl., Ex. F, at 1. During that teleconference, the Trustees advised that they had little non-privileged information they could share on certain of the topics, suggesting an even speedier deposition. *See id.* at 2. Plaintiffs suggested on that call they could seek to complete the deposition in four days. *See id.* But following that teleconference, Plaintiffs served an "amended" deposition notice, again seeking to spread the testimony over five separate days over the course of a month. *See* Kliebard Decl., Ex. G. Rather than narrowing their overbroad topics, Plaintiffs added several non-exclusive examples of items they wished to address; Plaintiffs also added an additional topic. *See* Kliebard Decl., Ex. F, at 1-2. Plaintiffs threatened that if the Trustees disagreed with any of Plaintiffs' demands, "in whole or in part," Plaintiffs would "bring any disputes to the Court." *See* Kliebard Decl., Ex. H, at 2.

The Trustees nonetheless proposed that Plaintiffs proceed with the deposition on August 4 and 5 "and that the parties make good faith efforts to complete that deposition efficiently thereafter." Kliebard Decl., Ex. F, at 3. Plaintiffs accepted the dates, but unbeknownst to the Trustees, did not intend to make efforts to complete the deposition efficiently as discussed below.

Thereafter, in an attempt to obviate the need for one of the topics, by agreement, the

4

Trustees' counsel provided to Plaintiffs a nearly three-hour information session on the Trustees' information systems. See Kliebard Decl., Ex. I; ¶ 11. During that call, the Trustees freely answered Plaintiffs' questions about the information systems used by the Trustees.

Two days before the deposition was set to resume, after the Trustees had already prepared their witness on each of the noticed topics, Plaintiffs sent a *second* amended deposition notice, again expanding the topics for the deposition. See Kliebard Decl., Ex. J. When the Trustees objected to this last-minute expansion of the topics, Plaintiffs were dismissive, claiming it was "our prerogative," and revealing for the first time their intent to use two full days of deposition on only three of their noticed topics. See Kliebard Decl., Ex. K, at 2.

Because Plaintiffs had noticed a remote deposition of the Trustees, whose business personnel are based in California, the Trustees requested that the deposition begin at 8:00 a.m. PST. Plaintiffs ended testimony on August 4 after approximately six hours of on the record testimony; on August 5, they used less than five and a half hours of testimony time. Kliebard Decl., ¶ 14.

Notwithstanding their failure to use the full allotment of time on either day, on August 10, Plaintiffs demanded three additional days of testimony. See Kliebard Decl., Ex. L. In response, the Trustees offered to schedule a third day of testimony for August 20, 2021, provided that Plaintiffs agree to at least *try* to complete to complete the deposition on that day. See Kliebard Decl., Ex. M, at 2. While the Trustees advised that they "do not anticipate" offering a *fourth* day in addition to the third—which in light of Plaintiffs failure to use the time already offered, seemed a reasonable—the Trustees did not refuse Plaintiffs additional future dates. See id. Plaintiffs responded less than two hours later, accusing counsel of being "grossly inaccurate," without specifying any particular inaccurate fact, and asserting "We will file a motion with the Court."

Kliebard Decl., Ex. N. The Trustees subsequently offered a third day of testimony again, this time on August 27, when Plaintiffs had previously indicated they were available, suggesting the parties could preserve any argument they wished to make on the motion to compel. *Id.,* Ex. O. This time, Plaintiffs' counsel immediately rejected this unconditional offer, characterizing it as "nonsensical", and indicating Plaintiffs preference to stall the case rather than make progress until judicial relief was available. *Id.,* Ex. P.

### III. ARGUMENT

#### A. Plaintiffs Have Failed to Comply with Local Rule 37.2.

Local Rule 37.2 provides that the Court will refuse to hear a discovery motion unless the "motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's."

Regarding the continuation of this deposition beyond its initial two days, Plaintiffs have not asserted *any* attempt to resolve the parties' differences on the particular issue of their motion. Plaintiffs promptly rejected an offer for a third day of testimony and filed this motion the next day. In order to create the appearance of a ripe dispute, Plaintiffs mischaracterized the Trustees' offer of a third day of testimony as an "unequivocal[]" refusal to "produce their designee for more than one additional day of testimony." Pls. Mot. at 5. The Court only need review the actual correspondence to see this is simply not true.

Nor have Plaintiffs engaged in good-faith attempts to resolve other disagreements between the parties regarding this deposition. In one teleconference, Plaintiffs suggested that they could limit the deposition to four days, but then in the course of the meet-and-confer process, expanded the topics, accepted a three-hour informational session from the Trustees' counsel on one of the topics, expanded the topics again, dismissed the Trustees' witness early from two days of

6

testimony, and then returned to a demand for five days of testimony. *See* Part II, *supra*. This does not reflect good-faith negotiations. Rather, it appears that from the outset, Plaintiffs sought to engineer a dispute. This motion should be denied for this reason alone.

### B. There Is No Basis to Compel Additional Deposition Time.

"While discovery is often broad, the Federal Rules of Civil Procedure authorize district courts to protect targets of discovery from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Stagman v. Ryan*, 176 F.3d 986, 993 (7th Cir. 1999) (quoting Rule 26(c)). "Furthermore, a court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit." *American Intern. Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 412 (N.D. Ill. 2007) (citations omitted). A party seeking to compel deposition testimony of a single witness beyond seven hours bears the burden of demonstrating the necessity for that time. *See S.E.C. v. Kandalepas*, No. 18-cv-2637, 2018 WL 4005201, at *2 (N.D. Ill. Aug. 22, 2018). The baseline assumption for the length of a deposition in this District is one day, with seven hours of testimony. *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853, at *4 (N.D. Ill. June 19, 2001) (30(b)(6) deposition with one designated witness is limited to one day unless otherwise stipulated or ordered by court). The Trustees have never proposed less than *two* full days *to serve as a start* for this deposition. *See* Part II, *supra*.

Plaintiffs have not provided the Court with a factual basis for their demand for five days of deposition testimony, describing only the "broad scope of issues involved in this case." Pls. Mot. at 6. Plaintiffs do not show, or even attempt to show, that their characterization of the overall case applies to fact discovery of the Trustees *in particular*. Critically, Plaintiffs' legal theories of Trustee liability *differ* from those asserted the other defendants. As the Court summarized in its order on the motion to dismiss:

7

> The PSA designates a trustee to hold title to the real estate securing the RMBS, and designates a servicer to preserve and manage the property. In this case, the Deutsche Bank Defendants are the PSA-designated trustees; Ocwen and Altisource are the servicers.[3]

*Nat'l Fair Housing Alliance v. Deutsche Bank National Trust Company,* 2019 WL 5963633, at *8 (N.D. Ill. Nov. 13, 2019) ("*NFHA II*").

As the Court recognized, the Trustees did not service individual mortgage loans. *See id.* They therefore will not be able to provide testimony as to how particular properties were maintained, which is the crux of the case. Rather, following the Court's *NFHA II* decision, the theories of the Trustees' liability left to Plaintiffs are derivative: Plaintiffs must prove *first* that Ocwen violated the Fair Housing Act. Then to then attach liability to the Trustees, Plaintiffs must show that Ocwen was either the Trustees' agent when it acted (for disparate impact) or that the Trustees had "remedial tools" to prevent Ocwen's violations (for intentional discrimination). *See NFHA II,* 2019 WL 5963633, at *10-11. Accordingly, the scope of discovery necessary from the Trustees should be relatively narrow, which was reflected in the substantially fewer number of topics contained in Plaintiffs' deposition notice to the Trustees than for its co-defendants. *Compare* Kliebard Decl. Ex. A *with* Ex. B. By failing to address the need for five full days of testimony from the Trustees, Plaintiffs cannot meet their burden on their motion. *See Proa v. NRT Mid-Atlantic, Inc.*, 2008 WL 11363286, at *11 (D. Md. June 20, 2008) (taking into account more limited legal theory against party to be deposed in finding "even 10 hours allowed here [for the 30(b)(6)] deposition could be seen as excessive.").

---

[3] While Altisource does not constitute a "servicer" under the particular trust governing agreements at issue in this case, the distinction between the servicer role and the service provider role apparently played by Altisource with respect to certain of the at-issue properties in this case is not relevant for purposes of this motion.

Moreover, Plaintiffs offer no basis beyond speculation that they will need more than the one additional day that the Trustees have offered at this point. "Mere speculation that more time would be needed" to complete a deposition does "not justify a preemptive time extension." *Kandalepas*, 2018 WL 4005201, at *2 (citation omitted); *see also Langenbach v. Wal-Mart Stores, Inc.*, No. 12-cv-1019, 2013 WL 4431963, at *3 (E.D. Wisc. Aug. 14, 2013) (denying motion to compel deposition when moving party had already been offered additional time to take deposition). Plaintiffs accuse the Trustees' of being "disingenuous" with respect to the time offered because Defendants deposed a NFHA fact witness and then "have gone on to notice four more full days of Rule 30(b)(6) depositions of NFHA." Tellingly, Plaintiffs seek to blur any distinction between fact and Rule 30(b)(6) testimony, and further fail to distinguish between the Trustees and their co-defendants. The Trustees' counsel questioned NHFA's fact witness, Ms. Augustine, for less than an hour. Kliebard Decl., ¶ 20. The Trustees joined in a Rule 30(b)(6) deposition notice to NFHA served by Ocwen, but the Trustees did not propose particular dates and times in that notice, and understand that those dates are intended to serve as placeholders pending a meet and confer with Plaintiffs. Kliebard Decl., ¶ 21. The Trustees agree to proceed in good faith and will make reasonable efforts to complete their questioning of any NFHA witnesses in as short a time as possible, as they have done previously.

Finally, in determining whether to grant a motion to compel additional testimony time, courts consider "whether the desired information could have been gathered in" the testimony that has already occurred. *Kandalepas,* 2018 WL 4005201, at *2 (citation omitted). That is indisputably the case here: Plaintiffs do not dispute that they did not use all of the time offered, despite being advised that the Trustees' witness was prepared to continue providing testimony.

Plaintiffs have not carried their burden of justifying a court order *compelling* a fourth and fifth day of testimony, particularly given that they have twice rejected offers to schedule the third day of testimony. Plaintiffs' own refusal to proceed efficiently and in good faith has wasted not only the Trustees' time, but now that of the Court.

## IV. CONCLUSION

For the foregoing reasons, the Trustees request that the Court deny Plaintiffs' Motion to Compel, and order Plaintiffs to make good-faith efforts to complete the noticed deposition in the time already offered.

Dated: September 1, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Kenneth M. Kliebard
　　　　　　　　　　　　　　　　　　　　Kenneth M. Kliebard
　　　　　　　　　　　　　　　　　　　　**MORGAN, LEWIS & BOCKIUS LLP**
　　　　　　　　　　　　　　　　　　　　110 N. Wacker Drive, Suite 2800
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　Telephone: 312.324.1000
　　　　　　　　　　　　　　　　　　　　Facsimile: 312.324.1001
　　　　　　　　　　　　　　　　　　　　Kenneth.Kliebard@morganlewis.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Deutsche Bank
　　　　　　　　　　　　　　　　　　　　National Trust Company, as trustee, and
　　　　　　　　　　　　　　　　　　　　Deutsche Bank Trust Company Americas, as
　　　　　　　　　　　　　　　　　　　　trustee

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2021, I electronically filed the Trustees' Motion To Compel Discovery by electronic means through the Court's CM/ECF System which will send notification of such filing to all counsel of record.

                                          /s/ Kenneth M. Kliebard