# Exhibit C

# Morgan Lewis

**Kenneth M. Kliebard**
Partner
+1.312.324.1774
kenneth.kliebard@morganlewis.com

June 29, 2021

Via Email Delivery

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

      Re:    *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839

Dear Jim:

I write to follow up on our June 21 meet-and-confer, which was requested by the Deutsche Bank Defendants to discuss Plaintiffs' Rule 30(b)(6) deposition notice (the "Notice"), and to respond to your email from yesterday. Your email contains more fiction than fact, but lacks a compelling story line given Plaintiffs' distortions and abject refusal to tailer the Notice to the claims against the Trustees in this lawsuit. I will endeavor to set the record straight in the hope that we can have a productive meet-and-confer this week and avoid the need for judicial intervention.

To level-set, the meet-and-confer was initiated by the Deutsche Bank Defendants, not Plaintiffs, in order to ensure compliance with amended FRCP 30(b)(6), which specifically requires that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." While Rule 30(b)(6) has always required that the notice must describe with "reasonable particularity the matters for examination," the Committee Notes for the 2020 amendment are especially instructive in that they are addressed to "respond to problems that have emerged in some cases," and more specifically, address "overlong or ambiguously worded lists of matters for examination…." Importantly, the amendment was designed to reign in the type of abusive and overly broad approach to 30(b)(6) depositions reflected in Plaintiffs' position by "facilitating collaborative efforts to achieve the proportionality goals of

**Morgan, Lewis & Bockius** LLP

110 N. Wacker Drive
Chicago, IL 60606-1511
United States
☎ +1.312.324.1000
🖷 +1.312.324.1001

James G. Bradtke
June 29, 2021
Page 2


the 2015 amendments to Rules 1 and 26(b)(1)." As reflected by Plaintiffs' position on the Notice and your desire to terminate our meeting in the opening minutes of our call, it appears the laudable goals of the amendment were disregarded by Plaintiffs. Nevertheless, the Deutsche Bank Defendants continue to abide by the amended rule.

Let me first correct the blatant misstatements and misleading insinuations in your email. *First*, it is not true that the Deutsche Bank Defendants are insisting that all topics be completed in two days of depositions. To minimize unnecessary intrusions on the witness's time, we stated our strong preference that the deposition proceed for two full days on July 13 and 14, and that once one topic is completed on those days we move to the next topic rather than ending the deposition and reconvening on another day. In your letter you refer to this as "immediately piggy backed," even though our suggestion reflects standard deposition practice and is fair to the witness who is blocking off time from his busy schedule for this deposition. Your statement that "no additional dates have been proposed" is misleading at best. We suggested it made sense to reevaluate the need for additional deposition dates after we were done with the second full day of deposition testimony on July 14, rather than prematurely scheduling those dates now. This is especially appropriate given our belief that the deposition can easily be concluded in two full days if Plaintiffs do not drift too far afield from what is relevant. We stand by our proposal, and await your response.

*Second*, you correctly state that the Deutsche Bank Defendants sought to limit preemptively the scope of Plaintiffs' deposition inquiry. That should not surprise Plaintiffs. After all, the purpose of the 2020 amendments to Rule 30(b)(6) are designed precisely to eliminate "overbroad or ambiguously worded lists of matters for examination" that run afoul of the proportionality requirement. So, of course, Defendants, in compliance with the Rule, were seeking to limit preemptively the scope of the deposition. Is it Plaintiffs' position that they will not agree in any way to curtail the scope of the Notice as written? Relatedly, I never stated a "concern that a witness might not be prepared to answer certain questions" that were relevant to the case, but rather, the need to prepare a witness on topics that are irrelevant to the lawsuit goes to the proportionality requirement embedded in the Rule. The marginal value of preparing a witness to testify on aspects of the Deutsche Bank Defendants' business that is unrelated to mortgage trusts is disproportionate to the needs of the case. That is the basis of our attempt to meet-and-confer on the notice, and I discuss that issue further below.

*Third*, we never said that the Deutsche Bank Defendants would "refuse to participate in depositions that were not strictly limited as to scope…." Depending

James G. Bradtke
June 29, 2021
Page 3

on Plaintiffs' position in our forthcoming meet-and-confer we may need to seek judicial intervention, but we never made the threats you are referring to in your letter.

I now want to turn to the specific topics in the Notice and our proposed modifications. As a foundation for that discussion, Plaintiffs fail to appreciate that a significant portion of the Deutsche Bank Defendants' trust business has nothing to do with residential mortgages.. As I mentioned in the call, the Deutsche Bank Defendants have a large document custody business that has nothing to do with servicing residential (or other) loans. Beyond that, the Deutsche Bank Defendants act as trustees for other asset backed securitizations and collateralized loan obligations, including things ranging from receivables for commercial aircraft loans to automobile loans to student loans. I do not understand the Notice is intended to encompass those parts of the Deutsche Bank Defendants' business, but seek your confirmation. Beyond that, within the part of the Deutsche Bank Defendants' business that involve PSAs for residential mortgage loans, there are many aspects that have nothing to do with servicing of REO properties or residential properties in general. For example, and as I mentioned in our call, the Trustees are responsible for applying a waterfall process to distribute to trust investors the income to the trusts. There are significant accounting and tax aspects to that, and we do not believe those topics are properly within the scope of the 30(b)96) deposition. With that as background, here are specific comments on the topics.

Topic 1: This topic is too broad because, as noted above, the Deutsche Bank Defendants responsibilities as trustees include many areas that are unrelated to servicing the underlying properties, dealing with REO properties, dealing with code violations, and the like. On its face this would include the Deutsche Bank Defendants' custody business. This topic is overbroad and not proportionate to the needs of this case. We wish to confirm that these other aspects of the Deutsche Bank Defendants' business are excluded.

Topic 2: Again, this topic is overbroad and not proportionate to the needs of this case because it would sweep in things like the Deutsche Bank Defendants' custody business. Will you agree to limit this Topic to servicing and maintenance for properties in residential mortgage trusts?

Topic 3: This topic is overbroad and not proportionate to the needs of this case because it would sweep in things like the Deutsche Bank Defendants' custody business. Will you agree to limit this Topic to servicing and maintenance for properties in residential mortgage trusts?

James G. Bradtke
June 29, 2021
Page 4


Topic 4:  We are evaluating your counter-proposal and will revert.

Topic 5:   We will produce a witness on this topic.

Topic 6:   We believe this Topic is subsumed by Topic 4.

Topic 7:  As I said on the call, we would like to limit this to a handful of trusts identified by Plaintiffs in advance of the deposition.  It appears Plaintiffs have agreed to this request, but please confirm.

Topic 8:  We will produce a witness on this topic.

Topic 9:  As I indicated, I do not believe we have any non-privileged information for which we can produce a witness, but we will confirm.

Topic 10:  As I indicated as with the prior Topic, I do not believe we have any non-privileged information for which we can produce a witness, but we will confirm.

Are you available Wednesday or Thursday to have a meaningful discussion of these points?  Thanks.

Very truly yours,

Kenneth M. Kliebard


KMK/h

cc:  Counsel of Record (via email)