# Exhibit D

## Rademacher, Kurt William

| | |
|---|---|
| From: | Jim Bradtke <jbradtke@sbllegal.com> |
| Sent: | Monday, June 28, 2021 3:37 PM |
| To: | Kliebard, Kenneth M.; Rademacher, Kurt William; Cruz, Victor H.; Monteiro, David I.; Shin, Shannon Y.; Nathan Garroway; Krigsten, Lisa M.; Wood, Cody N.; adriana.grabowski@dentons.com; Bogo-Ernst, Debra; Papay, Kevin M.; msostrin@mayerbrown.com; Norris, Jacey D.; wmcelhaney@mayerbrown.com; Brown, Ajani |
| Cc: | Jennifer Soule; Kelly Lambert; Jim Bradtke; Steven Schneck; Stephen Dane; Morgan Williams; Tara Ramchandani; Yiyang Wu |
| Subject: | Deutsche Bank Rule 30(b)(6) Depositions |

[EXTERNAL EMAIL]
Dear Ken and Kurt,

The purpose of this letter is to follow up on our discussions regarding Plaintiffs' Rule 30(b)(6) Notice served on Deutsche Bank and currently outstanding Rule 37 issues, including our discussions last week on June 21 and 22, 2021.

To recap, Plaintiffs previously agreed to consider Deutsche Bank's request that the depositions begin in July, rather than in June as indicated in the Notice.

Deutsche Bank has not agreed to Plaintiffs' proposal embodied in the Notice that the depositions be conducted over approximately 5 days. Deutsche Bank has offered Plaintiffs two days of depositions, indicated that all subjects should be immediately piggy backed, and requested that all the subjects be completed on July 13 and 14 (despite outstanding related Rule 37 issues that have not been resolved). This is unreasonable. With respect to the length of the deposition, as a compromise, Plaintiffs requested that Deutsche Bank propose two additional dates. However, this was not accepted, and no additional dates have been proposed.

Deutsche Bank also proposed to preemptively limit the scope of information about which Plaintiffs could inquire in various ways that we believe will preclude areas of questions that are relevant. Your proposal in this regard was offered based on your stated concern that a witness might not be prepared to answer certain questions, which might result in Plaintiffs seeking relief based on that fact. We believe that the Notice sets forth the subjects with appropriate particularity, we have explained information we are interested in and our approach, and we note that, as we have done in the past, exhibits will be identified in advance.

In addition, as we explained, we intend to inquire about the various activities of Deutsche Bank under the PSAs in its various roles, including the circumstances when it undertakes detailed oversight and reporting activities as Trustee. We also explained that we intend to explore the nature of Deutsche Bank's activities as set forth in the Policies and Procedures Manual Deutsche Bank that was produced (known apparently as the "blue binder" policy manual), and the litigation manual.

During our conferences, it appeared to us that Deutsche Bank would object or refuse to participate in depositions that were not strictly limited as to scope, and that you would seek to preclude any questions (even very general and brief ones) about Deutsche Bank's various responsibilities under PSAs and related documents, for example, acting as a custodian or preparer of tax documents. After reflecting on our call, we continue to believe that at least some questions related to the effort, diligence and scrutiny employed by Deutsche Bank in different areas covered by PSAs is relevant to assessing the character and quality of its conduct as the owner of REO properties. However, as we explained, we do not anticipate going into these areas in the way you projected in our call or in a way that would be objectionable.

We asked during our June 22 conference that Deutsche Bank put into writing its proposed limitations on the deposition subject matters, but we have not received a response to date. While we will consider any response we receive, we have a general concern that Deutsche Bank seeks to transform its very much legally and factually contested defense that it had little to do with REOs into a hard limitation on discovery.

With regard to Subject 4 in our Rule 30(b)(6) notice, Deutsche Bank sought to severely curtail the areas of inquiry open to Plaintiffs by asking that Plaintiffs delete the phrase "including but not limited to" from the subject description. We do not agree to such a limitation and, as we promised during our call, provide the following modified description of Rule 30(b)(6) subject 4:

> The policies, practices and procedures utilized by Defendants, as trustees, relating to the following activities and duties related to Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes: (a) the criteria and procedures relating to Defendants' entry into Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes; (b) the obligations and responsibilities imposed upon Defendants, as trustees, pursuant to the provisions of Pooling and Servicing Agreements or other instruments that package together residential mortgage loans for investment purposes; (c) the responsibilities and oversight exercised by Defendants, as trustees/Owners, with respect to residential properties that become REO properties after foreclosure; (d) the authorization or approval by Defendants of the use of funds in connection with the maintenance, repair or upkeep of REO properties; (e) the disposition, marketing or sale of REO properties; and (f) the oversight and monitoring of servicer or vendor performance, including Defendants' responsibilities, as trustee, with regard to termination of Servicers or Vendors for material breach.

During our call, we also discussed utilizing an agreed set of exemplary-type PSAs as exhibits, along with the Document Review section of the "blue binder." We agree that this will greatly reduce preparation time for the witness and enhance the efficiency of the deposition process. As such, Plaintiffs will identify in advance a small set of representative PSAs to be utilized at the depositions.

As for the commencement of the deposition, we believe that the issues noted above regarding the scope of the deposition, the number of dates to be scheduled in total, and the outstanding discovery issues remaining from our May 27, 2021 letter (which were mostly _not_ addressed in our Rule 37 conference), make it necessary to revisit scheduling after these issues are more nearly resolved. We would emphasize that while Plaintiffs will endeavor to be as efficient as possible, it is not reasonable or realistic to agree (or even assume) that all of the subjects can be completed in two days. Depending on what schedule is reached and other factors, it also may not be possible in all instances to proceed directly from one subject to the next.

As such, we suggest that we have another telephonic conference after Deutsche Bank has articulated its position on these issues, or, if an agreement is not possible, after we obtain clarity from the Court. We look forward to continuing to work with you to resolve these issues.

Sincerely,

James Bradtke

Steve Schneck

Jennifer Soule