# Exhibit F

# Morgan Lewis

**Kenneth M. Kliebard**
+1.312.324.1774
kenneth.kliebard@morganlewis.com

July 14, 2021

**VIA EMAIL**

Jennifer K. Soule
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134

Re:  *NFHA v. Deutsche Bank Nat'l Trust Co., as Trustee, et al.*, No. 1:18-cv-00839

Dear Ms. Soule:

I write on behalf of Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee, (collectively the "Trustees") in response to your letter dated July 8, 2021, and further to our meet and confer teleconferences held on June 21, 2021 and July 7, 2021.

First, your assertion the Trustees would not make a witness available "until August" is incorrect. As reflected in our e-mail correspondence on this issue, the Trustees scheduled a witness to be available for two full days of testimony on July 13 and 14. This witness was made available with ample time for Plaintiffs to prepare on the deposition topics for which the Trustees have agreed to produce a deponent and asserted no objection or reservation. The Trustees also believe that if Plaintiffs had been willing to engage on the substance of the remaining topics during either of our meet and confer teleconferences, in which the Trustees only sought the particularity required by Rule 30(b)(6), Plaintiffs could have proceeded on any and all of their chosen topics on those July dates.

Second, even though you suggested on our July 7 call that Plaintiffs would try to complete their deposition in four scheduled days, you have again noticed a deposition for five days, and added a topic that you claim was "broken out of Subject No. 4," even though this new request appears to cover additional subject matter. Indeed, if the new topic was already encompassed within Subject No. 4, there would be no need to add a new, separate topic. With respect to other topics, Plaintiffs

**Morgan, Lewis & Bockius** LLP

110 North Wacker Drive
Chicago, IL  60606-1511    ☎ +1.312.324.1000
United States             📠 +1.312.324.1001

Jennifer K. Soule
July 14, 2021
Page 2

have not made any effort to narrow the breadth to areas of the Trustees' operations relevant to REO issues or even the Trustees' relationships with Ocwen generally, but instead have added *non-exclusive* examples of documents Plaintiffs wish to inquire about, thereby providing only the false appearance of particularity.

Third, notwithstanding the manner in which Plaintiffs have shirked their obligation to meet and confer in good faith as now explicitly required by the Rule, the Trustees have confirmed they can make a representative available on August 4 and 5, with the following reservations with respect to topics 1, 2, and 3: As we have indicated, we do not believe the Trustees are required to produce a witness to testify on aspects of the Trustees' business that do not relate to REO properties and/or the Trustees' relationship with Ocwen. (We intentionally omitted any mention of Altisource because the Trustees have no relationship, contractual or otherwise, with Altisource, which further calls into question Plaintiffs' need for more than two days of depositions.) In response, during our meet and confer, Plaintiffs indicated that they wish to ask a few questions to better understand the nature of the Trustees' business but that Plaintiffs will not dwell on these areas that we previously indicated were out of scope. In an effort to compromise, on those areas where we previously asserted this objection, the Trustees will produce a witness who can speak generally as to these non-REO, non-Ocwen aspects of the Trustees' business at a high level, but the witness will not be prepared to engage in any extensive testimony on those areas.

Fourth, given that Rule 30(b)(6) depositions are routinely completed in a single day, even in complex cases, we believe that proceeding at a reasonable pace, Plaintiffs could finish by the end of the second day. Indeed, despite adding a topic in the course of negotiating the scope of this deposition, there are still substantially fewer topics proposed for this deposition than for Plaintiffs' depositions of Ocwen and Altisource. Moreover, we have already advised that the Trustees will have little non-privileged information to share on certain of the topics. Plaintiffs can "make their record" as to the Trustees' knowledge or lack thereof on those matters without dedicating half a day to doing so. If Plaintiffs proceed at a reasonable pace, as you indicated you would, and are still unable to finish this deposition in the two full days we have scheduled, the Trustees will endeavor to provide additional time. As we have demonstrated in providing availability for two full days *for a second time*, the Trustees, for their part, are committed to making witnesses available promptly. In contrast, Plaintiffs' insistence that the deposition be spread over several non-continuous days appears aimed at minimizing the preparation burdens on Plaintiffs' counsel on any particular day by maximizing inconvenience to the Trustees' witness.

Jennifer K. Soule
July 14, 2021
Page 3

As outlined above, the Trustees propose that this deposition proceed on August 4, and that the parties make good faith efforts to complete that deposition efficiently thereafter. Please advise promptly if, as with the July dates, Plaintiffs are declining to proceed on these dates, as the Trustees' witness is currently holding that time available.

Sincerely,

Kenneth M. Kliebard