# Exhibit M

# Morgan Lewis

**Kurt W. Rademacher**
Partner
+1.215.963.4981
kurt.rademacher@morganlewis.com

August 12, 2021

**VIA E-MAIL**

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

Re: *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839; Trustees' Response to Plaintiffs' Letters Dated May 27, 2021 and July 16, 2021

Dear Mr. Bradtke:

I write on behalf of Defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), each in their capacities as trustee (the "Trustees") in response to your August 10, 2021 letter.

In your letter you seek to schedule two additional days to continue your 30(b)(6) deposition of the Trustees, with a third additional date "TBD," following two days of testimony last week.

In the lead up to, and during, last week's testimony, Plaintiffs made clear that they have no intention of limiting the burdens on the Trustees' witness in any way. As we noted prior to last weeks' testimony, the Trustees had prepared their witness to testify on all topics that were the subject of Plaintiffs' amended deposition notice. You indicated before the deposition began, however, that Plaintiffs were prepared to examine the Trustees' witness on only three of the noticed topics, and would go no further even if time permitted. The examination itself frequently dwelled on irrelevant minutiae or public background that at times appeared designed to fill the testimony time more than prove Plaintiffs' case. Plaintiffs ended the testimony on both days well short of the time offered.

Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA 19103-2921
United States
T +1.215.963.5000
F +1.215.963.5001

August 12, 2021
Page 2

Plaintiffs' August 10 letter suggests that Plaintiffs do not wish to prepare to take this deposition in an efficient manner, and Plaintiffs demand for three additional days of testimony after failing to utilize the days already provided does not meet the requirements for good faith negotiations regarding discovery matters.  In a prior meet and confer, Plaintiffs suggested they could limit the deposition to four days, but then in the course of the meet and confer process expanded the topics, accepted a three-hour informational session from the Trustees' counsel on one of the topics, expanded the topics again, and now return to your demand for five days of testimony.

If Plaintiffs wish to use multiple attorneys to take this deposition, such is their prerogative.  But the burdens of that choice should rest with Plaintiffs, not the Trustees' witness.

Notwithstanding Plaintiffs' unreasonable approach to this issue, the Trustees will make their witness available for one additional day, provided Plaintiffs agree to make reasonable efforts to complete the deposition on that day.  The Trustees' witness has indicated he is available to again appear for testimony on Friday, August 20, 2021, at 10:00 a.m. CST.  The Trustees do not anticipate making a witness available for more than one additional day.  We ask that Plaintiffs kindly indicate by tomorrow, August 13, 2021, if they wish to proceed on the offered date, as our client is currently holding the time.  Thank you.

Very truly yours,

Kurt W. Rademacher

c: Counsel of Record