# Exhibit H

| | |
|---|---|
| **From:** | Maggie McKernin |
| **To:** | Debra Bogo-Ernst; msostrin@mayerbrown.com; Norris, Jacey D.; wmcelhaney@mayerbrown.com |
| **Cc:** | Kenneth Kliebard; kurt.rademacher@morganlewis.com; kevin.papay@morganlewis.com; victor.cruz@morganlewis.com; david.monteiro@morganlewis.com; Shin, Shannon Y.; Nathan Garroway; Krigsten, Lisa M.; Wood, Cody N.; adriana.grabowski@dentons.com; ajani.brown@morganlewis.com; Jennifer Soule; Kelly Lambert; Jim Bradtke; Steven Schneck; Stephen Dane; Morgan Williams; Reed Colfax; Yiyang Wu; Tara Ramchandani; Soohyun Choi; Lila Miller |
| **Subject:** | NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al. - William Erbey Subpoenaed Deposition |
| **Date:** | Friday, August 06, 2021 12:59:00 PM |
| **Attachments:** | Notice of Subpoenaed Deposition William Erbey 8-6-21.pdf<br>Deposition Subpoena of William Erbey.pdf |

Counsel:

Attached please find the Subpoena and Notice of Subpoenaed Deposition for William Erbey.

Thank you,

Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f: (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIALITY:** This email message (including any attachments hereto) contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

## NOTICE OF SUBPOENAED DEPOSITION
## BY REMOTE ELECTRONIC MEANS

To:

Kenneth M. Kliebard
*Morgan, Lewis & Bockius LLP*
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
kenneth.kliebard@morganlewis.com

Kurt Rademacher
*Morgan, Lewis & Bockius LLP*
1701 Market St.
Philadelphia, PA 19103-2921
kurt.rademacher@morganlewis.com

Kevin M. Papay
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105
kevin.papay@morganlewis.com

Victor Cruz
David Monteiro
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75202
victor.cruz@morganlewis.com
david.monteiro@morganlewis.com

Shannon Shin
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
shannon.shin@dentons.com

Nathan L. Garroway
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Nathan.garroway@dentons.com

Lisa M. Krigsten
Cody Wood
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111
lisa.krigsten@dentons.com
cody.n.wood@dentons.com

Debra Bogo-Ernst
Matthew C. Sostrin
Jacey D. Norris
William J. McElhaney III
*Mayer Brown LLP*

1

71 S. Wacker Drive
Chicago, IL 60606
dernst@mayerbrown.com
msostrin@mayerbrown.com
jnorris@mayerbrown.com
wmcelhaney@mayerbrown.com

cc:
Lexitas chicago@lexitaslegal.com
Jennifer Soule Jsoule@SBLLegal.com
Kelly Lambert Klambert@SBLLegal.com
James Bradtke Jbradtke@SBLLegal.com
Steven Schneck Sschneck@SBLLegal.com
Stephen Dane Sdane@fairhousinglaw.com
Morgan Williams MWilliams@nationalfairhousing.org
Reed Colfax rcolfax@relmanlaw.com
Lila Miller lmiller@relmanlaw.com
Soohyun Choi schoi@relmanlaw.com
Rebecca Livengood rlivengood@relmanlaw.com
Yiyang Wu Ywu@relmanlaw.com
Tara Ramchandani TRamchandani@relmanlaw.com
Maggie McKernin Office@SBLLegal.com

    PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45 and 30(b)(4), Plaintiffs, by their counsel, shall take the deposition of William C. Erbey **on September 8, 2021 at 10:00 a.m. Central**. Said deposition will be recorded remotely before a certified court reporter with **Lexitas Court Reporting Services,** 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 **via LegalView/Zoom software.** The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition.

/s/ *James G. Bradtke*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

2

3

## CERTIFICATE OF SERVICE

I, James G. Bradtke, one of Plaintiffs' attorneys, certify that on August 6, 2021 I caused a copy of Plaintiffs' Notice of Subpoenaed Deposition to be served via electronic mail upon above addressees.

/s/ James G. Bradtke

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| NATIONAL FAIR HOUSING ALLIANCE, ET AL. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 18CV839 |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: WILLIAM C. ERBEY

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: REMOTELY AT YOUR OWN LOCATION | Date and Time: 09/08/2021 10:00 am |
|---|---|

The deposition will be recorded by this method: COURT REPORTER

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/06/2021

| *CLERK OF COURT* | OR | /s/ James. G. Bradtke |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NFHA AND PLAINTIFFS , who issues or requests this subpoena, are:
JAMES G. BRADTKE, 402 CAMPBELL ST. STE 100, GENEVA, IL 60134, JBRADTKE@SBLLEGAL.COM, 630-333-9144

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 18CV839

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: BY ELECTRONIC MAIL AND U.S. MAIL ON WILLIAM C. ERBEY C/O DEBRA BOGO-ERNST, MAYER BROWN LLP, 71 S WACKER DRIVE CHICAGO, IL 60606 DERNST@MAYERBROWN.COM on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ 40.00 for travel and $ _____ for services, for a total of $ 40.00 .

I declare under penalty of perjury that this information is true.

Date: 08/06/2021

/s/ James G. Bradtke
*Server's signature*

JAMES G. BRADTKE, ATTORNEY
*Printed name and title*

SOULE, BRADTKE & LAMBERT
402 CAMPBELL STREET, SUITE 100
GENEVA, IL 60134

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).