# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' SECOND AMENDED NOTICE TO DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE, OF RULE 30(b)(6) DEPOSITION**

**To: Deutsche Bank National Trust Company, As Trustee, and Deutsche Bank Trust Company Americas, As Trustee:**

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
kenneth.kliebard@morganlewis.com

David Monteiro
Victor Cruz
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
david.monteiro@morganlewis.com
victor.cruz@morganlewis.com

Kevin M. Papay
Kurt Rademacher
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
kevin.papay@morganlewis.com
kurt.rademacher@morganlewis.com

1

Ocwen Loan Servicing, LLC, n/k/a PHH Mortgage Corporation:

    Debra Bogo-Ernst
    Matthew C. Sostrin
    Jacey D. Norris
    William J. McElhaney III
    Mayer Brown LLP
    71 S. Wacker Drive
    Chicago, IL 60606
    dernst@mayerbrown.com
    msostrin@mayerbrown.com
    jnorris@mayerbrown.com
    wmcelhaney@mayerbrown.com

Altisource Solutions, Inc.:

Nathan L. Garroway
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Nathan.garroway@dentons.com

Lisa M. Krigsten
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111
lisa.krigsten@dentons.com

Shannon Shin
Cody Wood
Dentons US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
shannon.shin@dentons.com
cody.n.wood@dentons.com

cc:  Lexitas chicago@lexitaslegal.com
     Jennifer Soule  Jsoule@SBLLegal.com
     Kelly Lambert Klambert@SBLLegal.com
     James Bradtke Jbradtke@SBLLegal.com
     Steven Schneck Sschneck@SBLLegal.com
     Stephen Dane Sdane@fairhousinglaw.com
     Morgan Williams MWilliams@nationalfairhousing.org
     Reed Colfax rcolfax@relmanlaw.com
     Lila Miller lmiller@relmanlaw.com
     Soohyun Choi schoi@relmanlaw.com
     Rebecca Livengood rlivengood@relmanlaw.com
     Yiyang Wu Ywu@relmanlaw.com
     Tara Ramchandani TRamchandani@relmanlaw.com
     Maggie McKernin Office@SBLLegal.com

      **PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 30(b)(6), Plaintiffs, by their

counsel, shall take the deposition of Defendants Deutsche Bank National Trust Company and

Deutsche Bank Trust Company Americas beginning on August 4, 2021, and continuing on the

other dates referenced in this Second Amended Notice, on the subject matters listed on the

attached Exhibit A. At the aforesaid time, these Defendants shall present via remote means the officer(s), agent(s) or employee(s) who is (are) designated by Defendants to testify about, and who is (are) most knowledgeable about the identified subjects. Said deposition will be recorded remotely before a certified court reporter with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, Illinois 60601- (312)-236-6936 via LegalView/Zoom software. (Plaintiffs or Defendants may elect to add videography recording to these depositions). The deponent and all parties will be appearing remotely from their own locations. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition. This Notice supersedes and replaces the Rule 30(b)(6) Deposition Notice previously served upon Defendants on July 8, 2021.

Jennifer K. Soule  – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

Dated:  August 2, 2021

3

**EXHIBIT A**
**DEFINITIONS AND INSTRUCTIONS**

A.  "Defendants" means Deutsche Bank National Trust Company and/or Deutsche Bank Trust Company Americas, or any of their successors or predecessors, any of their officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any or all of them, separately and collectively.   To the extent that a witness can be and is presented to testify on behalf of the Defendants collectively, Defendants should so indicate; otherwise, as needed, Defendants are required to present such additional witness(es) as will provide complete testimony on each subject specified.

B.  "Plaintiffs" refers to any of the Plaintiffs in the instant litigation, namely National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

C.  "Employees" means all employees, including officials, managers, professional staff, office or clerical staff, interns, trainees, volunteers, contractors, consultants, agents, and all other persons providing assistance to Defendants, regardless of whether such persons are considered or classified as an independent contractor or consultant.

4

D.  The term "REO" means any residential dwelling owned by Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, as trustee, or in any other capacity, after foreclosure.

E.  The terms "policy," "practice," and "procedure" refer to any written or formal policy, rule, regulation, guideline, or a practice of general applicability that may or may not have been reduced to writing or otherwise formalized.

F.  The applicable time period relating to this Notice is the period from January 1, 2010 to the present.

G.  The terms "and" and "or" mean "and/or" so that the terms are given their broadest possible meaning.  In construing a request, the singular shall include the plural, and the plural shall include singular.  The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

H.  The terms "relate," "relating to," "in connection with," "regarding," and "with regard to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

## SUBJECTS AND DATES OF DEPOSITIONS

1.    Organization.  The department(s), division(s), or other organizational entities of Defendants having responsibilities relating to Defendants' activities as Trustees in connection with Pooling and Servicing Agreements (referred to in the Subjects herein as "PSAs") or other instruments that package residential mortgage loans together for investment purposes, and the general scope of the responsibilities of each organizational entity and the individual(s) who work(ed) in each organizational entity.  (August 4, 2021 at 9:00 a.m. CST)

2.    <u>Records</u>.  The records (electronic and non-electronic) maintained by Defendants
relating to their activities as Trustees in connection with PSAs or other instruments that package
together residential mortgage loans for investment purposes, including, without limitation, any
databases containing such information and the exemplars from those databases produced by
Defendants in discovery.  <u>See</u> Deutsche Bank National Trust Company Trust & Securities
Services Policies and Procedures Manual, DB_NFHA00121148-DB_NFHA00121896; Exemplar
Distribution Report January 25, 2017, DB_NFHA00121897-121929; DB_NFHA300709
(exemplar Excel data); DB_NFHA300703-300708 (Legend of Deal IDs and Trust Names);
Litigation and Correspondence Procedure October 2, 2017, Corporate Trust US,
DB_NFHA00121134-DB_NFHA0012140; Litigation and Correspondence Procedure October 3,
2016, DB_NFHA00121141-121147. (August 10, 2021 at 1:00 p.m. CST)

3.    <u>Obligations Under PSAs</u>.  The obligations, duties and authority assumed by
Defendants as Trustees in connection with PSAs or other instruments that package together
residential mortgage loans for investment purposes, including, but not limited to, Defendants'
rights, responsibilities and duties arising upon a borrower's default on an underlying residential
mortgage.  (August 26, 2021 at 9:00 a.m. CST)

4.    <u>General Policies, Practices and Procedures</u>.  The policies, practices and
procedures utilized by Defendants, as trustees, relating to the following activities and duties
related to PSAs or other instruments that package together residential mortgage loans for
investment purposes (referred to in Subject 4 as "other instruments"):  (a) the criteria and
procedures relating to Defendants' entry into PSAs or other instruments (b) the obligations and
responsibilities imposed upon Defendants, as trustees, pursuant to the provisions of PSAs or
other instruments; (c) the responsibilities and oversight exercised by Defendants, as

trustees/Owners, with respect to residential properties that become REO properties after foreclosure; (d) the authorization or approval by Defendants of the use of funds in connection with the maintenance, repair or upkeep of REO properties; (e) the disposition, marketing or sale of REO properties; and (f) the oversight and monitoring of servicer or vendor performance, including Defendants' responsibilities, as trustee, with regard to termination of Servicers or Vendors for material breach. See Deutsche Bank National Trust Company Trust & Securities Services Policies and Procedures Manual, DB_NFHA00121148-DB_NFHA00121896. (August 10, 2021 at 9:00 a.m. CST)

5. Code Violations, Citations, Complaints or Other Legal Actions. Defendants' policies, practices or procedures (if any) related to receiving, preserving and responding to notices of code violations, citations, complaints or other legal actions relating to REO properties. (August 27, 2021 at 9:00 a.m. CST)

6. Compliance with Federal, State and Local Laws. Defendants' policies, practices or procedures (if any) to assure that REO properties owned by Defendants, as Trustees, are maintained and brought into compliance with applicable federal, state or local laws, including but not limited to laws and codes governing health and safety, property preservation, maintenance and fair housing. (August 27, 2021 at 11:00 a.m. CST)

7. Compensation to Defendants. The compensation received by Defendants for acting as Trustees in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, including compensation received for acting as Trustees under the following PSAs: Bravo Mortgage Asset Trust 2006-1, DBNFHA27375; RESMAE Securities Trust, DBNFHA115424 and IndyMacMortage Loan Trust 2006-AR41, DBNFHA 76901-77092. (August 4, 2021 at 11:00 a.m. CST)

8.     <u>Certifications of Compliance</u>.  Documents prepared, executed or received by Defendants in connection with PSAs or other instruments that package together residential mortgage loans for investment purposes, which certify the satisfactory compliance by Defendants, as Trustees, Servicers or Vendors with obligations imposed upon them under such agreements or by law.  (August 4, 2021 at 1:00 p.m. CST)

9.     <u>Analyses, Audits or Investigations Performed with Regard to REO Properties</u>. Analyses, audits or investigations performed by Defendants as to maintenance performed on REO properties.  (August 27, 2021 at 3:00 p.m. CST)

10.    <u>Actions Responding to Information Received from Plaintiffs</u>.  Actions considered or taken by Defendants in response to information provided by Plaintiffs with regard to alleged disparities in REO maintenance.  (August 27, 2021 at 2:00 p.m. CST)

11.    <u>Demands from Holders of Trust Certificates Related to Alleged Material Breaches of Obligations by Ocwen.</u>  Demands made by Holders of Trust Certificates or their representatives alleging that Defendant Ocwen as Servicer (or in any other capacity) breached material obligations under any PSAs or other instruments that package together residential mortgage loans for investment purposes as to which Defendants acted as Trustees, including: (a) all notices related to such demands; (b) all materials submitted by Defendant Ocwen or the part(ies) relating to such demands; and (c) all actions taken by Defendants to assess and respond to such demands.   (August 11, 2021 at 9:00 a.m. CST)

## CERTIFICATE OF SERVICE

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on August 2, 2021, I caused a copy of Plaintiffs' Second Amended Notice of Rule 30(b)(6) Deposition to Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas to be served via electronic mail upon the above addressees.

Jennifer K. Soule – JSoule@SBLLegal.com
Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, IL 60134
(630) 333-9144

9

# Exhibit B

# SOULE, BRADTKE & LAMBERT

## ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

August 10, 2021

*Sent Via E-Mail*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
Email: *kenneth.kliebard@morganlewis.com*

Kurt Rademacher
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Email: *kurt.rademacher@morganlewis.com*

Re:  *Completion of Deutsche Bank Rule 30(b)(6) Depositions*

Ken and Kurt,

We propose completing the Deutsche Bank Rule 30(b)(6) Depositions as follows:

1.  8/26/21  -  Topic No. 7, (Compensation to Defendants); Topic No. 9 (Audits, etc. of REO properties); Topic No. 10 (Responsive Actions Considered or Taken); Topic No. 11 (Demands from Holders Regarding Alleged Ocwen Breaches)

2.  8/27/21  -  Topic No. 5 ( Code Violations, Citations, Complaints, Etc.) and Topic No. 6  (Compliance with Federal, State and Local Laws)

3.  TBD (might be started on 8/27/21 if other topics finish, although will likely need to proceed on another day):  Topic No. 4 – (Policies, Practices and Procedures).

Please let us know if these dates work on your end.  While we have some flexibility, there will be several different attorneys taking these depositions, so scheduling may be a little complicated.  Also, we want to be sure to receive from you all additional documents related to

1

the depositions (e.g., updated policy and procedure manual) well in advance of the deposition dates.

Thanks for your cooperation.

Very Truly,

James G. Bradtke

cc: Counsel of record

# Exhibit C

# Morgan Lewis

**Kurt W. Rademacher**
Partner
+1.215.963.4981
kurt.rademacher@morganlewis.com

August 12, 2021

**VIA E-MAIL**

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

Re: *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et. al.*, Case No. 18-cv-00839; Trustees' Response to Plaintiffs' Letters Dated May 27, 2021 and July 16, 2021

Dear Mr. Bradtke:

I write on behalf of Defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), each in their capacities as trustee (the "Trustees") in response to your August 10, 2021 letter.

In your letter you seek to schedule two additional days to continue your 30(b)(6) deposition of the Trustees, with a third additional date "TBD," following two days of testimony last week.

In the lead up to, and during, last week's testimony, Plaintiffs made clear that they have no intention of limiting the burdens on the Trustees' witness in any way. As we noted prior to last weeks' testimony, the Trustees had prepared their witness to testify on all topics that were the subject of Plaintiffs' amended deposition notice. You indicated before the deposition began, however, that Plaintiffs were prepared to examine the Trustees' witness on only three of the noticed topics, and would go no further even if time permitted. The examination itself frequently dwelled on irrelevant minutiae or public background that at times appeared designed to fill the testimony time more than prove Plaintiffs' case. Plaintiffs ended the testimony on both days well short of the time offered.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA 19103-2921
United States

**T** +1.215.963.5000
**F** +1.215.963.5001

August 12, 2021
Page 2

Plaintiffs' August 10 letter suggests that Plaintiffs do not wish to prepare to take this deposition in an efficient manner, and Plaintiffs demand for three additional days of testimony after failing to utilize the days already provided does not meet the requirements for good faith negotiations regarding discovery matters.  In a prior meet and confer, Plaintiffs suggested they could limit the deposition to four days, but then in the course of the meet and confer process expanded the topics, accepted a three-hour informational session from the Trustees' counsel on one of the topics, expanded the topics again, and now return to your demand for five days of testimony.

If Plaintiffs wish to use multiple attorneys to take this deposition, such is their prerogative.  But the burdens of that choice should rest with Plaintiffs, not the Trustees' witness.

Notwithstanding Plaintiffs' unreasonable approach to this issue, the Trustees will make their witness available for one additional day, provided Plaintiffs agree to make reasonable efforts to complete the deposition on that day.  The Trustees' witness has indicated he is available to again appear for testimony on Friday, August 20, 2021, at 10:00 a.m. CST.  The Trustees do not anticipate making a witness available for more than one additional day.  We ask that Plaintiffs kindly indicate by tomorrow, August 13, 2021, if they wish to proceed on the offered date, as our client is currently holding the time.  Thank you.

Very truly yours,

Kurt W. Rademacher


c:  Counsel of Record

# Exhibit D

## Maggie McKernin

| | |
|---|---|
| **From:** | Jim Bradtke |
| **Sent:** | Thursday, August 12, 2021 1:19 PM |
| **To:** | Rademacher, Kurt William; Maggie McKernin; Kliebard, Kenneth M.; Monteiro, David I.; Papay, Kevin M.; Cruz, Victor H.; Brown, Ajani |
| **Cc:** | Debra Bogo-Ernst; msostrin@mayerbrown.com; Norris, Jacey D.; wmcelhaney@mayerbrown.com; Nathan Garroway; Krigsten, Lisa M.; Shin, Shannon Y.; Wood, Cody N.; adriana.grabowski@dentons.com; Jennifer Soule; Kelly Lambert; Steven Schneck; Stephen Dane; Morgan Williams; Reed Colfax; Yiyang Wu; Tara Ramchandani; Soohyun Choi; Lila Miller |
| **Subject:** | RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al. |

Kurt,

The characterizations in your letter are grossly inaccurate, and we disagree with your "proposal."  We will file a motion with the Court.

Jim

---

**From:** Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Sent:** Thursday, August 12, 2021 2:04 PM
**To:** Maggie McKernin <office@sbllegal.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim –

       Please see the attached response to your April 10 letter.

Regards,
**Kurt W. Rademacher**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4981 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
kurt.rademacher@morganlewis.com | www.morganlewis.com
Assistant: Ethel Kump | +1.215.963.4810 | ethel.kump@morganlewis.com



**From:** Maggie McKernin <office@sbllegal.com>
**Sent:** Tuesday, August 10, 2021 3:10 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

[EXTERNAL EMAIL]
Mr. Kliebard and Mr. Rademacher:

Attached please find correspondence from Mr. Bradtke.

Thank you,

Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f: (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL:** This email message (including any attachments hereto) contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit E

# Morgan Lewis

**Kurt W. Rademacher**
Partner
+1.215.963.4981
kurt.rademacher@morganlewis.com

August 18, 2021

**VIA E-MAIL**

James G. Bradtke (JBradtke@SBLLegal.com)
Soule, Bradtke & Lambert
402 Campbell St., Suite 100
Geneva, Illinois 60134

Re:     *National Fair Housing Alliance, et. al. v. Deutsche Bank National Trust, et.
         al.*, Case No. 18-cv-00839; Trustees' Response to Plaintiffs' August 12,
         2021 E-mail

Dear Mr. Bradtke:

I write on behalf of Defendants Deutsche Bank National Trust Company
("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), each in their
capacities as trustee (the "Trustees") in response to your August 12, 2021 e-mail.

As you likely saw, the court has scheduled a hearing on your motion to compel for
September 8, 2021.  In the interest of keeping the case progressing and mindful
of discovery deadlines, we believe it would be sensible to schedule the third day of
testimony for the Trustees' 30(b)(6) witness.  Accordingly, the Trustees are
prepared to make their witness available on August 27, 2021, at 10:00 a.m.
CST/8:00 a.m. PST.  In making this proposal, the Trustees in no way waive any
positions they have taken thus far with respect to the length of the deposition;
rather, our position is that each side would preserve its right to make whatever
arguments it chooses to make at the hearing.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States

**T** +1.215.963.5000
**F** +1.215.963.5001

August 18, 2021
Page 2

We ask that Plaintiffs indicate by Friday, August 20, 2021 if they wish to proceed on the offered date, as our client is holding the time.  Thank you.

Very truly yours,

Kurt W. Rademacher

c:  Counsel of Record

# Exhibit F

## Maggie McKernin

| | |
|---|---|
| **From:** | Jim Bradtke |
| **Sent:** | Wednesday, August 18, 2021 8:38 PM |
| **To:** | Rademacher, Kurt William; Maggie McKernin; Kliebard, Kenneth M.; Monteiro, David I.; Cruz, Victor H.; Brown, Ajani |
| **Cc:** | Debra Bogo-Ernst; msostrin@mayerbrown.com; Norris, Jacey D.; wmcelhaney@mayerbrown.com; Nathan Garroway; Krigsten, Lisa M.; Shin, Shannon Y.; Wood, Cody N.; adriana.grabowski@dentons.com; Jennifer Soule; Kelly Lambert; Steven Schneck; Stephen Dane; Morgan Williams; Reed Colfax; Yiyang Wu; Tara Ramchandani; Soohyun Choi; Lila Miller |
| **Subject:** | RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al. |

Kurt:

There is obviously a difference as to how we would approach the continuation of the deposition under circumstances where it would proceed for two to three days (as we believe is necessary) as opposed to one day (as Deutsche Bank asserts is appropriate). As such, we believe that proceeding with the third day of the deposition is nonsensical before the parameters for continuing the deposition are resolved.

Jim Bradtke

---

**From:** Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Sent:** Wednesday, August 18, 2021 9:31 PM
**To:** Jim Bradtke <jbradtke@sbllegal.com>; Maggie McKernin <office@sbllegal.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim –

　　　　Please see the attached letter.

Regards,
**Kurt W. Rademacher**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4981 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
kurt.rademacher@morganlewis.com | www.morganlewis.com
Assistant: Ethel Kump | +1.215.963.4810 | ethel.kump@morganlewis.com



**From:** Jim Bradtke <jbradtke@sbllegal.com>
**Sent:** Thursday, August 12, 2021 2:19 PM
**To:** Rademacher, Kurt William <kurt.rademacher@morganlewis.com>; Maggie McKernin <office@sbllegal.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

[EXTERNAL EMAIL]
Kurt,

The characterizations in your letter are grossly inaccurate, and we disagree with your "proposal." We will file a motion with the Court.

Jim

**From:** Rademacher, Kurt William <kurt.rademacher@morganlewis.com>
**Sent:** Thursday, August 12, 2021 2:04 PM
**To:** Maggie McKernin <office@sbllegal.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** RE: NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Jim –

      Please see the attached response to your April 10 letter.

Regards,
**Kurt W. Rademacher**
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4981 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
kurt.rademacher@morganlewis.com | www.morganlewis.com
Assistant: Ethel Kump | +1.215.963.4810 | ethel.kump@morganlewis.com



**From:** Maggie McKernin <office@sbllegal.com>
**Sent:** Tuesday, August 10, 2021 3:10 PM
**To:** Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; Rademacher, Kurt William <kurt.rademacher@morganlewis.com>; Monteiro, David I. <david.monteiro@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; Cruz, Victor H. <victor.cruz@morganlewis.com>; Brown, Ajani <ajani.brown@morganlewis.com>
**Cc:** Debra Bogo-Ernst <dernst@mayerbrown.com>; msostrin@mayerbrown.com; Norris, Jacey D. <JNorris@mayerbrown.com>; wmcelhaney@mayerbrown.com; Nathan Garroway <Nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; adriana.grabowski@dentons.com; Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; Morgan Williams <MWilliams@nationalfairhousing.org>; Reed Colfax <rcolfax@relmanlaw.com>; Yiyang Wu <ywu@relmanlaw.com>; Tara Ramchandani <TRamchandani@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>
**Subject:** NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

[EXTERNAL EMAIL]
Mr. Kliebard and Mr. Rademacher:

Attached please find correspondence from Mr. Bradtke.

Thank you,

Maggie McKernin
*Assistant to Jennifer K. Soule, James G. Bradtke,*
*and Kelly K. Lambert*

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
p: (630) 333-9144
f: (630) 607-0266
Office@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIALITY:** This email message (including any attachments hereto) contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.

If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | |
| Defendants. | |

**DEFENDANTS' NOTICE TO PLAINTIFFS OF VIDEOTAPED
RULE 30(b)(6) DEPOSITION BY REMOTE ELECTRONIC MEANS**

TO:

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street
Suite 100
Geneva, IL 60134

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave., NW
Suite 650
Washington, DC 20004

Tara K. Ramchandani
Yiyang Wu
Lila R. Miller
Rebecca J. Livengood
Reed N. Colfax
Soohyun Choi
*Relman Colfax PLLC*
1225 19th St NW, Suite 600
Washington, DC 20036

Stephen Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6),

Fed. R. Civ. P., and Fed. R. Civ. P. 30(b)(1) and (4), Defendants, by their counsel, shall take the

depositions of Plaintiffs National Fair Housing Alliance, HOPE Fair Housing Center, Open

Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia,

Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New

1

Orleans Fair Housing Action Center, Denver Metro Fair Housing Center, Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches, Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California, on the subject matters listed on the attached **Exhibit A**, on the following dates and times (*Central Standard Time*):

| Plaintiff | Date | Time |
|---|---|---|
| National Fair Housing Alliance | September 7, 2021 | 9:00 a.m. CT |
| | September 8, 2021 | 9:00 a.m. CT |
| | September 14, 2021 | 9:00 a.m. CT |
| | September 15, 2021 | 9:00 a.m. CT |
| | *Additional Dates To Be Determined | |
| | | |
| HOPE Fair Housing Center | August 25, 2021 | 9:00 a.m. CT |
| Open Communities | August 27, 2021 | 9:00 a.m. CT |
| South Suburban Housing Center | September 1, 2021 | 9:00 a.m. CT |
| Housing Opportunities Made Equal of Virginia | September 3, 2021 | 9:00 a.m. CT |
| Fair Housing Opportunities of Northwest Ohio, Inc. | September 9, 2021 | 9:00 a.m. CT |
| Fair Housing Continuum | September 10, 2021 | 9:00 a.m. CT |
| Greater New Orleans Fair Housing Action Center | September 16, 2021 | 9:00 a.m. CT |
| Denver Metro Fair Housing Center | September 17, 2021 | 9:00 a.m. CT |
| Metropolitan Milwaukee Fair Housing Council | August 31, 2021 | 9:00 a.m. CT |

| | | |
|---|---|---|
| Fair Housing Center of West Michigan | September 20, 2021 | 9:00 a.m. CT |
| Fair Housing Center For Rights & Research | September 21, 2021 | 9:00 a.m. CT |
| Fair Housing Center of the Greater Palm Beaches | September 22, 2021 | 9:00 a.m. CT |
| Fair Housing Center of Central Indiana | September 23, 2021 | 9:00 a.m. CT |
| Central Ohio Fair Housing Association | September 24, 2021 | 9:00 a.m. CT |
| Housing Opportunities Project for Excellence, Inc. | September 27, 2021 | 9:00 a.m. CT |
| Connecticut Fair Housing Center | September 28, 2021 | 9:00 a.m. CT |
| North Texas Fair Housing Center | September 29, 2021 | 9:00 a.m. CT |
| Fair Housing Advocates of Northern California | September 30, 2021 | 9:00 a.m. CT |

At the aforementioned dates and times, Plaintiffs shall present the officer(s), agent(s) or employee(s) designated by Plaintiffs to testify about, and who is (are) the most knowledgeable about the identified subjects. Said depositions will be recorded by stenographic/audio/video means remotely or in-person before a certified court reporter and videographer with Lexitas Court Reporting Services, 180 North LaSalle Street, Chicago, IL 60601 – (312) 236-6936 via Legal View/Zoom software or in person, to be discussed later. Lexitas Court Reporting Services will email directly each individual listed above with a calendar invite and information on how to access and participate in the deposition(s).

Dated: July 21, 2021                                 Respectfully Submitted,

                                                     By: /s/ Debra Bogo-Ernst

Debra Bogo-Ernst                      Lisa Krigsten (admitted *pro hac vice*)
Matthew Sostrin                       DENTONS US LLP
Jacey Norris                          4520 Main Street
71 S. Wacker Drive                    Suite 1100
Chicago, IL 60606                     Kansas City, MO 64111
Tel: (312) 701-7403                   Telephone: (816) 460-2400
Fax: (312) 706-8474                   Email: lisa.krigsten@dentons.com

3

dernst@mayerbrown.com
msostrin@mayerbrown.com
jnorris@mayerbrown.com

*Counsel for Ocwen Loan Servicing, LLC,*
*n/k/a PHH Mortgage Corporation*

Kenneth M. Kliebard
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Telephone: (312) 324-1000

*Counsel for Deutsche Bank National Trust*
*Company, as trustee, and Deutsche Bank*
*Trust Company Americas, as trustee*

Nathan Garroway (admitted *pro hac vice*)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Email: nathan.garroway@dentons.com

Shannon Y. Shin
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Email: shannon.shin@dentons.com

*Counsel for Altisource Solutions, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Debra Bogo-Ernst, hereby certify that on this 21st day of July, 2021, a copy of the

foregoing was sent by electronic mail to following counsel of record:

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street
Suite 100
Geneva, IL 60134

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave., NW
Suite 650
Washington, DC 20004

Tara K. Ramchandani
Yiyang Wu
Lila R. Miller
Rebecca J. Livengood
Reed N. Colfax
Soohyun Choi
*Relman Colfax PLLC*
1225 19th St NW, Suite 600
Washington, DC 20036

Stephen Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551

      /s/ Debra Bogo-Ernst    
      Debra Bogo-Ernst

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      The "Trustees" refers to Deutsche Bank National Trust Company and/or Deutsche Bank Trust Company Americas, and any of their officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

2.      "Ocwen" refers to Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation or any of its successors or predecessors, any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

3.      "Altisource" refers to Altisource Solutions, Inc. or any of its predecessors or successors, and any of its officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of any of them, separately and collectively, including any, some, or all of the above.

4.      "Defendants" refers collectively to the Trustees, Ocwen, and Altisource, all as defined above.

5.      "Plaintiffs" or "You" or "Your" refers to the Plaintiffs in the instant litigation, namely, National Fair Housing Alliance, HOPE Fair Housing Center, Open Communities, South Suburban Housing Center, Housing Opportunities Made Equal of Virginia, Fair Housing Opportunities of Northwest Ohio, Inc., Fair Housing Continuum, Greater New Orleans Fair Housing Action Center; Denver Metro Fair Housing Center; Metropolitan Milwaukee Fair Housing Council, Fair Housing Center of West Michigan, The Miami Valley Fair Housing Center, Fair Housing Center For Rights & Research, Fair Housing Center of the Greater Palm Beaches,

Fair Housing Center of Central Indiana, Central Ohio Fair Housing Association, Housing Opportunities Project for Excellence, Inc., Connecticut Fair Housing Center, North Texas Fair Housing Center, and Fair Housing Advocates of Northern California.

6.      "NFHA" refers to Plaintiff National Fair Housing Alliance.

7.      "NFHA Alliance" refers to the consortium of local fair housing organizations affiliated with NFHA, including Plaintiffs.

8.      "Action" refers to the above-captioned case.

9.      "Complaints" refers the Complaint, Amended Complaint, and Second Amended Complaint filed by Plaintiffs in the U.S. District Court for the Northern District of Illinois on February 1, 2018, January 3, 2019, and May 8, 2019, respectively.

10.      "SAC" refers to the Second Amended Complaint filed by Plaintiffs in the U.S. District Court for the Northern District of Illinois on May 8, 2019.

11.      "REO Property" or "REO Properties" means real estate bank-owned properties. This term shall include properties that are not owned by the Trustees.

12.      "REO Investigation" refers to Plaintiffs' investigation of REO properties that is the subject of the Complaints, including, but not limited to, all efforts or actions undertaken by each Plaintiff (as applicable) to inspect, record, analyze, manage, assist, fundraise, report, counteract, or otherwise support the subject matter of the investigation.

13.      "REO Database" refers to NFHA's "central database" as described in Paragraph 90 of the SAC (as defined above).

14.      "REO Inspection" refers to Plaintiffs' alleged evaluations of property conditions described in Paragraphs 84 through 95 of the Second Amended Complaint.

15.     "Property Inspection Results" refers to the findings of Plaintiffs' REO Inspections on both a property-by-property and a collective basis.

16.     "Routine Exterior Maintenance List" refers to the NFHA-created "routine exterior maintenance list" described in Plaintiffs' response to Interrogatory No. 13 of Defendants' Joint Interrogatories.

17.     "REO Checklist" refers to the "checklist" described in Plaintiffs' response to Interrogatory No. 13 of Defendants' Joint Interrogatories.

18.     "Survey Tool" refers to the "Survey Tool" described in Plaintiffs' response to Interrogatory No. 13 of Defendants' Joint Interrogatories.

19.     "Census Block Group" refers to the term "Census Block Group" as used in Plaintiffs' response to Interrogatory No. 12 of Defendants' Joint Interrogatories.

20.     "Time Records" refers to any document reflecting the amount of time that Plaintiffs spent on the REO Investigation including, but not limited to, documents reflecting individual or aggregated time entries and documents reflecting Plaintiffs' policies and practices related to timekeeping.

## SUBJECT OF DEPOSITION(S)

1.     <u>Records/Data Systems</u>:  All systems used by Plaintiff to maintain records, information or documentation relating to the REO Investigation including, but not limited to, shared drives, email systems and/or email archives, time keeping records and/or systems such as Jourynx, the REO Database, paper files, SharePoints, imaging system(s), and/or any other physical or electronic location for such records.

2.     <u>Organization</u>:  NFHA's formation, mission, goals, funding sources, operational structure, and/or relationship, including but not limited to the financial relationship, to local fair housing organizations included within the NFHA Alliance and/or entities who participated in the

3

REO Investigation and to the U.S. Department of Housing and Urban Development ("HUD"); NFHA's normal operational activities and expenses (as used in paragraph 10 of the SAC); the growth and development of the organization since 2009; and NFHA's measured impact.

3.     <u>Origin and Initiation of REO Investigation and Related Litigation</u>:  The genesis, catalyst or impetus of the REO Investigation including, but not limited to, any complaints or concerns received that prompted the investigation (as discussed in paragraph 4 of the SAC), the issue(s) that the investigation was intended or designed to investigate, understand, review, and/or uncover; the research, review, analysis, and/or training that occurred prior to or in connection with initiating the investigation; the connection between the issues to be investigated and any federal or state laws such as the Fair Housing Act; the criteria for selecting entities to be investigated; the entities investigated, including but not limited to the decision to investigate properties allegedly connected to the Trustees, Ocwen, and Altisource; the HUD complaints that were made regarding the investigation; and the lawsuits initiated in connection with the investigation.

4.     <u>Funding of the Investigation</u>: The decision, to apply for any grants or financial assistance from HUD or other entities, requirements and provisions of such grants or financial assistance; the use of or allocation of grant funds; all reporting  to HUD or other funders regarding the investigation, and any reaction, feedback, or guidance provided by HUD or other funders in the investigation.

5.     <u>Selection of MSAs, Zip Codes, and Properties or Communities for Inclusion or Exclusion in REO Investigation</u>:  Your selection of metropolitan areas, zip codes, Census Block Groups (as used in Plaintiffs' response to Interrogatory No. 12 of Defendants' Joint Interrogatories) and/or properties to investigate and/or inspect in the REO Investigation including, but not limited to, analysis, evaluation, research or review that was done prior to or in connection

4

with the selection process; the methodology by which selections were made and/or the factors considered or evaluated in determining whether MSAs, zip codes, Census Block Group and/or properties were to be included or excluded from the REO Investigation, analysis or study results; the timing for the final selections, and any evaluation or determination that such selections are representative or an adequate sample size.

6.      The Protocol for the REO Investigation:  All activity related to structuring the investigation and its processes, including but not limited to determining how the investigation was to be conducted, any analysis and/or evaluation of the available methods and most effective means of investigating the subjects of the investigation, development of the investigative protocol (including any analysis or consideration of best practices); any quality assurance activity related to or included in the investigation, the timing of investigative activity, the selection of individuals participating in the investigation; the training of such individuals (including but not limited to materials such as Exhibits 5280, 5282-5285 and/or the glossary of terms referenced in Plaintiffs' response to Interrogatory No. 13 of Defendants' Joint Interrogatories); and all feedback and/or evaluations of the investigation that were considered or performed.

7.      Routine Exterior Maintenance List, REO Checklist, and/or Survey Tool (collectively "Survey Tool"): The research, design, origin of, evolution/changes to, interpretation of, and/or application or use of the Survey Tool over time including, but not limited to, the basis for, and research related to, the Survey Tool; all factors utilized and/or considered and not included in the Survey Tool; the consideration and/or incorporation of any  rules, standards. generally-accepted practices, or guidance regarding the maintenance of REO Property in developing  the Survey Tool; the determination of the basis for assigning point values for the Survey Tool; the relationship of the factors in the Survey Tool to the availability of a property for sale, the value of

5

a property, the marketability of a property, or its effect on an actual or potential residential real-estate related transaction; any testing of the Survey Tool prior to or during its implementation in the investigation; Your interpretation or understanding of the Survey Tool; application of the Survey Tool; communications internally and externally with entities in the NFHA Alliance and/or HUD about the Survey Tool; and the use and completion of the Survey Tool.

8.     <u>Maintenance of REO Properties</u>: All analysis, investigation, evidence-collection, research and/or review conducted by Plaintiffs related to Defendants' maintenance of REO Properties including, but not limited to, the condition of properties when entering REO status; the manner in which Defendants maintained REO Properties, Defendants' compliance with generally-accepted industry practices; any analysis of what property condition factors affect the marketability/salability of REO properties; any of Defendants' actions you contend made a property uninhabitable or undesirable; Defendants' compliance with applicable local codes and responsiveness to alleged violations of same; the connection between the Defendants' maintenance of properties to their availability, value, marketability, or sale; whether Defendants' actions were consistent with business justification or necessity, and whether there was a less-restrictive alternative to Defendants' actions, as well as an explanation of any method, survey, or tool used to gather the evidence related to this topic.

9.     <u>Marketing and Sale of REO Property</u>: All analysis, investigation, evidence-collection, research and/or review conducted by Plaintiffs related to the manner in which Defendants' REO Properties are valued, marketed and sold; Defendants' compliance with generally-accepted industry practices for valuing, marketing, and selling REO Properties; Defendants' actions that you contend dissuaded buyers from looking at or purchasing a REO Property; the factors considered by potential buyers of an REO Property, including those that

dissuade buyers from purchasing the property; Defendants' marketing and sales activity for REO Properties in various neighborhoods; an explanation of any method, survey, or tool used to measure such factors; whether Defendants' actions were consistent with business justification or necessity; whether there was a less-restrictive alternative to Defendants' actions; and an explanation of any method, survey, or tool used to gather the evidence related to this topic.

10.     Effects of REO Properties on Communities and Individuals: All analyses, investigations, evidence-collection, research, and/or reviews related to the effect of REO properties on communities, neighborhoods, census blocks, or other discrete areas included in the investigation including, but not limited to, whether REO Properties at issue in this investigation affected the demographics of a location; whether REO Properties at issue in this investigation or the value of nearby properties and/or individuals living nearby; Defendants' responsiveness to complaints made concerning REO Properties; and the varying approaches that municipalities have taken in connection REO Properties, including code enforcement efforts; and the development and use of any method, survey, or tool used to gather evidence related to this topic.

11.     Defendants' Approach to and Interaction with Communities of Color: All analysis, investigation, evidence-collection, research, and/or review related to the Defendants' approach to communities of color, including but not limited to the Defendants' use of language that refers to communities of color, Defendants' compliance with generally-accepted industry practices related to communities of color, and any differences in Defendants' approach to or treatment of communities of color that differs from other communities.

12.     Plaintiff's REO-Related Studies or Reports: The origin, purpose, development, research supporting, funding, and publishing of documents regarding REO Properties or any investigation of same, including, but not limited to, the April 2011 report titled, "Here Comes the

Bank, There Goes Our Neighborhood," the April 2012 report titled, "The Banks are Back – Our Neighborhoods are Not," and the August 2014 report titled, "Zip Code Inequality: Discrimination by Banks in the Maintenance of Homes in Neighborhoods of Color."

13.     <u>Investigative Data</u>: All analyses, studies, and/or research that served as the basis for Plaintiffs' Complaints filed in this Action including, but not limited to, the creation, evolution, and/or final reported outputs of the regression analysis used as a basis for the Complaints, the non-racial factors and data considered as part of the analysis (as discussed in paragraph 106 of the SAC), the underlying data used to perform the regression analysis, any other data and observational evidence gathered in connection with the REO Properties (as discussed in paragraph 109 of the SAC); and/or the creation, evolution, and/or final reported outcomes of Plaintiff's Property Inspection Results.

14.     <u>Damages and Implementation of Counteractive Measures</u>:  All damages purportedly suffered by Plaintiffs including, but not limited to, loss of economic value and impact of community investments, frustration of mission, implementation of counteractive measures, diversion of resources, and/or harms to minority neighborhoods served by Plaintiffs and any determination of how damages or related activity is attributable to Defendants.

15.     <u>Time Records</u>:  Preparation, extraction, and/or production of all Time Records produced in this Action including, but not limited to, the procedure by which Plaintiff's representatives, agents, and/or employees kept track of time worked on an investigation related to a particular investor, lender, and/or trustee, Exhibit 5210 (or similar documentation related to each Plaintiff) related to time spent on the REO Investigation, the process by which raw Time Records were extracted from Jourynx or other sources and produced in this Action and/or the process by which Plaintiff divided time (or did not divide time) between investors, lenders, and/or trustees.

8