IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>    Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>    Defendants. | Case No. 18 CV 839<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |

**DECLARATION OF JENNIFER K. SOULE**

I, Jennifer K. Soule am lead counsel representing Plaintiffs in National Fair Housing Alliance, et al. v. Deutsche Bank National Trust Company, et al., Case Number 18 CV 839.

1

1. I was admitted to the bar in 1988. Since that time, I have continuously engaged in the practice of law and have focused on complex federal litigation, particularly, civil rights litigation on behalf of Plaintiffs, in the United District Court, Northern District of Illinois.

2. In addition to the instant case, I have served as Lead Plaintiffs' Counsel in civil rights cases in the Northern District of Illinois, including the following: *H.O.P.E., Inc., d/b/a HOPE Fair Housing Center, an Illinois Not-for-Profit Corporation and Tammy Mormino v. State of Illinois Department of Healthcare and Family Services, et al.*, 13 CV 7391, *consolidated with* 15 CV 9715, 15 CV 9717, and 15 CV 9719; *National Fair Housing Alliance, et al. v. Ryan Companies US, Inc., et al.*, 14 CV 3197; *Bell, et al. v. Woodward Governor Company*, 03 CV 50190; and *Jefferson, et al. v. Ingersoll International, Inc., et al.,* 98 CV 50042. I was appointed outside Monitor by Judge Castillo concerning implementation of settlement terms in *Jones v. Walgreen Co.,* 07 CV 0036, a nationwide gender discrimination class action lawsuit.

3. The facts and events set forth in Plaintiffs' Response to Trustees' Motion for Rule to Show Cause are true and correct.

4. The exhibits submitted with Plaintiffs' Response are true and correct copies of the documents referenced in Plaintiffs' memorandum.

5. I supervised Plaintiffs' activities in response to the Court's April 22, 2021 Order and endeavored to ensure that Plaintiffs' counsel, and myself personally, made diligent efforts to obtain all responsive documents, including engaging in necessary communications with Plaintiffs' consultant on May 11, 2021, June 10, 2021, June 14, 2021 and June 29, 2021, as described in Plaintiffs' response, supervising contacts with current and former counsel to Plaintiffs' who had engaged in pre-suit communications with Plaintiffs' consultant in order to locate, review and log or produce such communications, reviewing the documents produced in

response to the Court's April 22, 2021 Order, and reviewing Plaintiffs' Privilege Log provided to Defendants in connection with Plaintiffs' response, as well as various logged documents.

6. Plaintiffs' consultant informed me on June 29, 2021 that he had manually entered inputs, and there were no documents reflecting prior iterations or permutations his analysis, apart from what Plaintiffs already produced.

7. Plaintiffs' consultant informed me on June 29, 2021 that he had no notes reflecting objectives and instructions given to him.

8. Plaintiffs' consultant confirmed on June 29, 2021 that there are no documents beyond the reports and data previously provided to Defendants reflecting different permutations of the analysis.

9. At all times concerning Plaintiffs' provision to the Trustee Defendants of documents and information responsive to their discovery requests, and concerning Plaintiffs' interpretation and response to the Court's April 22, 2021 Order, I have acted in good faith and believe I have acted consistent with my obligations under the Federal Rules of Civil Procedure, my ethical obligations as an attorney, and my obligations as an admitted member of the Trial Bar of the U.S. District Court, Northern District of Illinois.


 /s/ *Jennifer K. Soule*

*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorney for Plaintiffs*

Dated: September 2, 2021