IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA.<br><br>      Plaintiffs,<br><br>      v.<br><br>DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.<br><br>      Defendants. | Case No. 18 CV 839<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |

**DECLARATION OF JAMES BRADTKE**

I, James G. Bradtke, under penalty of perjury and based upon personal knowledge, state that the following facts are true and correct:

1

1. I am one of the attorneys representing the Plaintiffs in *National Fair Housing Alliance, et al. v. Deutsche Bank National Trust Company*, Case No. 18 CV 839.

2. I was admitted to the bar in 1982. Since that time, I have continuously engaged in the practice of law with a practice focused on litigation in federal and state court.

3. The events described in Plaintiffs' Response to Trustees' Motion for Rule to Show Cause are true and correct to the best of my knowledge. In preparing the description of these events presented in Plaintiffs' response, I have reviewed the contemporaneous correspondence, my notes and my time records.

4. The exhibits submitted with Plaintiffs' Response are true and correct copies of the documents referenced in Plaintiffs' memorandum.

5. At all times, I have endeavored to provide to the Trustee Defendants documents and information responsive to their discovery requests consistent with my obligations under the Federal Rules of Civil Procedure and my ethical obligations as an attorney. I have also considered and acted based upon my good faith understanding and interpretation of the Court's April 22, 2021 Order.

6. Plaintiffs' consultant informed me on June 29, 2021 that he had manually entered inputs, and there were no documents reflecting prior iterations or permutations his analysis, apart from what Plaintiffs already produced.

7. Plaintiffs' consultant informed me on June 29, 2021 that he had no notes reflecting objectives and instructions given to him.

8. Plaintiffs' consultant confirmed on June 29, 2021 that there are no documents beyond the reports and data previously provided to Defendants reflecting different permutations of the analysis.

9. In the course of responding to the Trustees' Request for Production of Documents, I have made diligent efforts to obtain all responsive documents, including communications with Plaintiffs' consultant on August 6, 2020, August 26, 2020, May 13, 2021, June 24, 2021 and June 29, 2021, reviewing my firm's records and documents, and contacting and communicating with current and former counsel representing the Plaintiffs regarding their records.

/s/ *James G. Bradtke*

*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorney for Plaintiffs*

Dated: September 2, 2021