# SOULE, BRADTKE & LAMBERT

ATTORNEYS AT LAW

402 Campbell Street, Suite 100, Geneva, Illinois 60134
Tel: 630.333.9144  Fax: 630.607.0266
www.soulebradtkeandlambert.com
Office@SBLLegal.com

Jennifer K. Soule
JSoule@SBLLegal.com

Kelly K. Lambert
KLambert@SBLLegal.com

James G. Bradtke
JBradtke@SBLLegal.com
*Of Counsel*

Steven P. Schneck
SSchneck@SBLLegal.com
*Special Counsel*

June 29, 2021

*Sent Via E-Mail*

Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Email: kenneth.kliebard@morganlewis.com

  Re:  NFHA, et al. v. Deutsche Bank National Trust, As Trustee, et al.

Dear Ken:

  This letter responds to your letter sent to us today about the production of documents related to our consultant's pre-filing analysis.  For whatever reason, you seem to misapprehend the pertinent facts and scope of the information already produced by Plaintiffs.

  **A. The Documents You Have Received**.

  In your motion to compel, you sought production of factual inputs and exclusions from Plaintiffs' regression analysis and prior iterations of that regression analysis.  Following entry of the Court's Order, we provided to you on May 14, 2021, the following:  (1) all the data files that we received from our consultant in Excel format that related to the pre-Complaint analysis conducted by Plaintiffs' counsel (STAT 1-2, 69 AND 121-122); and (2) all the reports prepared by that consultant that comprised the pre-filing analyses conducted for Plaintiffs' counsel demonstrating statistically significant disparities between the routine exterior maintenance of Deutsche Bank REO properties in white neighborhoods and routine exterior maintenance of Deutsche Bank REO properties in minority neighborhoods (STAT 3-33, STAT 34-66, STAT 0-105 AND STAT 106-120).

  Moreover, months earlier, we had previously produced to you all of the following:  (1) the final regression analyses performed by Plaintiffs in support of the Second Amended complaint; (2) the raw dataset for the regression analyses in an Excel format, the regression commands as of December 19, 2018 and the output of the analyses, each in Stat formats that may be opened with a text editor such as notepad in Microsoft windows; (3) the data dictionary in pdf

format; (4) the database identifying all deficiencies documented at the REO properties during the investigation; and (5) photographs of all the Deutsche Bank REO properties taken during the testing of the properties.

### B.  Your June 3, 2021 Letter.

Notwithstanding this production of all the data, documents and photographs that you would need to conduct any analysis of NFHA's investigation or our consultant's pre-filing report that you desired to conduct, you wrote on June 3, 2021 to raise various issues, including some unidentified and unexplained problem you perceived in terms of gaps in the documents provided. On the next day, June 4, 2021, we addressed the specific issues you raised in your letter and, having no more detailed explanation of the documents you suggested were missing, stated that "in terms of gaps defendants perceive in the documents produced, [we are] unaware of any and believe defendants are incorrect.  We produced all the documents we received from our consultant in response to our request that the consultant produce all the responsive documents required by the Court.  <u>If you have specific questions in this regard, let me know and I will, of course, follow up with the consultant</u>."  (Emphasis added)

### C. Your June 29, 2021 Letter.

For whatever reason, we failed to hear from you for almost four weeks in response to our June 4th letter, but today, immediately prior to our next Court appearance, you have written demanding immediate production of some documents that you improperly accuse us of wrongfully withholding based on your "infer[ences]" from the multitude of documents that we did produce.   In particular, you refer to (1) documents reflecting programming input that generated the log files produced, including all prior iterations; (2) correspondence or notes of meetings with the consultant, especially documents reflecting objectives and instructions given to the consultant; and (3) internal work papers of the consultant reflecting prior iterations of the analysis.

We were able to reach our consultant late this afternoon to confirm our understanding regarding your requests and respond as follows.  First, the consultant manually entered inputs and there are no documents reflecting prior iterations or permutations of his analysis, apart from what has already produced.  See e.g., STAT 3, 19, 34, 70, 86, 106, 114, 116.  Second, the consultant has no notes reflecting objectives and instructions.  As to emails with the consultant of any nature, we advised you weeks ago that we disagree that you are entitled to receive these both because: (a) these emails fall outside the scope of your motion and the Court's Order; and (b) these emails are subject to recognized privileges, including but not limited to those under Rule 26.  We previously advised you that we were preparing a privilege log in this regard and that we were waiting to receive a portion of the emails from the consultant.  We received those last week, are reviewing them, and expect to provide a log to you by Monday.  Third, as to internal "work papers" reflecting prior iterations of the analysis, there are no documents beyond the reports and data mentioned above that we provided to you reflecting different permutations of the analysis.

**D. Conclusion**

If you have questions regarding this response, we invite you to contact us.

Sincerely,

Jennifer K. Soule

cc: Counsel of record