IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | |
| Defendants. | Jury Trial Demanded |

**PLAINTIFFS' REPORT ON THE STATUS OF FACT DISCOVERY**

Plaintiffs, by their counsel, submit the following report on the status of fact discovery in anticipation of the Status Conference scheduled for September 8, 2021.

**A. Summary of Case Status**.

This case is brought on behalf of 20 not-for-profit fair housing organizations and alleges that Defendants engaged in unlawful discrimination in violation the Fair Housing Act with respect to maintenance, preservation, marketing and sales of foreclosed properties. As summarized below, the parties continue to be actively engaged in all phases of fact discovery and related discussions. However, from Plaintiffs' perspective, (a) very substantial additional discovery needs to be completed before the case will be ready for trial; and (b) very significant discovery disputes related to the production of documents, data and depositions exist that are likely to require Court intervention in the near future. (Some of these issues are in the end stages of the Rule 37 process, and are not yet ripe for presentation to the Court).

1

The current fact discovery cut-off is November 19, 2021. (Minute Order entered 4/22/21; ECF No. 61) Based upon the considerations discussed below, Plaintiffs believe that fact discovery should be extended to at least March 31, 2022.

**B. Depositions**

1.  <u>Depositions Taken or Sought by Defendants</u>. Defendants are currently in the process of deposing several of Plaintiffs' current or former employees involved in Plaintiffs' testing of Deutsche Bank's foreclosed properties. Thus far, Defendants have taken fact depositions of 5 employees over 5 days, and the fact deposition of a key National Fair Housing Alliance witness over 2 additional days. Plaintiffs have proposed a date for deposition of one additional investigator currently sought by Defendants.

2.  Defendants noticed 23 days (since increased by Defendants to 24 regarding a potential second deposition day for Miami Valley Fair Housing Center), of Rule 30(b)(6) depositions of representatives of the Plaintiff organizations, including 4 days for the deposition of Plaintiff National Fair Housing Alliance. Plaintiffs have identified and contacted representatives from each of the 20 Plaintiffs for the noticed subjects, and conferenced with Defendants on August 25, 2021 about substantive and scheduling issues, and providing Defendants 16 dates for these depositions on August 31. Plaintiffs have now proposed a total of 21 dates to Defendants covering subject matter depositions for 18 of the 20 Plaintiffs, and will shortly provide Defendants the 4th date they seek for NFHA, and dates for the two remaining Plaintiffs (one of which is in New Orleans and unavailable for confirmation this week).

3.  Plaintiffs have cooperated in scheduling the fact and Rule 30(b)(6) depositions requested by Defendants and in presenting witnesses for their examinations, including directing

considerable resources towards reviewing and producing related documentation in advance of Defendants' depositions.

4. Given the parties' discussions, Defendants' fact and Rule 30(b)(6) depositions already noticed will not be completed prior to November 19.

5. <u>Depositions Taken or Sought by Plaintiffs</u>. Plaintiffs previously completed Rule 30(b)(6) depositions (excluding the subjects of data and records) of both Altisource and Ocwen, over the course of 13 days, and the subpoenaed deposition of a former African-American Altisource vendor (*See* ECF No. 64) over 2 days.

6. In August 2021, Plaintiffs began the Rule 30(b)(6) deposition of the Deutsche Bank Defendants, which Plaintiffs had scheduled for 5 days. After 2 days of the deposition, the Deutsche Bank Defendants refused to produce the corporate designee for more than one additional day, which led to the temporary adjournment of the deposition. The continuance of that deposition is addressed in Plaintiffs' Motion to Compel, which is fully briefed.

7. Plaintiffs have sought to depose William Erby, a former Executive of Altisource and Ocwen. Mr. Erby is represented by counsel for Ocwen. The requested deposition is addressed in Plaintiffs' Motion to Compel. Plaintiffs and Ocwen have filed an agreed Motion to set an agreed briefing schedule on Plaintiffs' motion.

8. Plaintiffs anticipate taking a substantial number of depositions of fact witnesses prior to the close of discovery. Plaintiffs understand the three Defendants will do the same. The number will depend, in part, on the parties' discussions related to the identification of witnesses who are likely to appear at trial. (See Section C, below).

### C. Updated Lists of Potential Fact Witnesses

1. Plaintiffs, Altisource and Ocwen recently agreed at Plaintiffs' request to update their initial Rule 26 disclosures with respect to lists of potential fact witnesses. The lists will be updated by September 17. The Deutsche Bank Defendants have not yet agreed to participate in this process, although Plaintiffs have asked the Deutsche Bank Defendants to agree to do the same.

2. Plaintiffs anticipate that after the parties review the respective updated lists, the parties will identify a significant number of individuals to schedule for fact depositions, including third party witnesses.

### D. Custodian ESI

1. <u>Defendants' Belated Production of Custodian ESI</u>. In general, Defendants have made a very limited production of custodian ESI (*e.g.* emails) to date, far less than has been produced by Plaintiffs. The parties have engaged in several discussions and exchanged correspondence regarding the Servicer Defendants' ESI, but an agreed approach has not yet been reached.

2. Deutsche Bank recently offered to provide Plaintiffs with a counterproposal in response to Plaintiffs' requests about ESI by September 17. Ocwen and Altisource have proposed discussing a limited process and time period for which they will collect and produce their ESI, after the parties exchange updated witness lists.

3. The lack of production by Defendants of these materials to date has hampered Plaintiffs' discovery efforts and complicates the process of Plaintiffs taking depositions.

4. Even if the parties are able to agree on proposed custodians and a process to collect responsive ESI, the process of Defendants searching, reviewing and producing responsive

custodian related ESI will take weeks, possibly months, and Plaintiffs' subsequent review of Defendants' ESI productions may lead to requests for the depositions of additional fact witnesses (presumably among those identified in Defendants' forthcoming updated lists).

5. <u>Plaintiffs' Production of Custodian ESI</u>. All of the Plaintiffs have reviewed and produced a very substantial volume of documents including custodian-related ESI, including their relevant email communications.

6. Plaintiffs continue to locate, review and produce additional responsive ESI.

**E. Productions of Other Electronic Data and Records**

1. Plaintiffs have engaged in extensive efforts to obtain electronic data and records from all Defendants and, where possible, obtain related information informally in lieu of deposition testimony, including by asking Defendants to answer written questions on these subjects. Plaintiffs believe that there are very substantial gaps in the electronic records and data produced that are likely to result in motion practice. Altisource has indicated it will substantially complete its responses to Plaintiffs' initial questions about its data by September 7, 2021. Ocwen is producing its requested data concerning NFHA-Tested properties on September 17, 2021, and Plaintiffs and Ocwen remain in continuing discussions concerning its data. Plaintiffs have also served follow up Rule 34 requests based on the parties' discussions of these issues.

2. Altisource's productions of data was not in a native format, which, as noted below, has encumbered and slowed Plaintiffs' review of such documentation.

3. While the Plaintiffs and the Deutsche Bank Defendants have engaged in numerous discussions regarding the production of electronic data and records in the possession of the Deutsche Bank Defendants, the success of these efforts has been limited. Plaintiffs have

recently served additional discovery requests to the Deutsche Bank Defendants in the hope of resolving these disputes or preparing the issues for the filing of a discovery motion.

4. In all events, Plaintiffs anticipate that the discovery related to electronic data and records, including the parties' ongoing discussions and potential motion practice, will continue over the next few months.

**F. Other Document Production Issues**

1. In addition to the documents and electronic data and records noted above, the parties are continuing to review and produce other responsive documents and, where appropriate, Plaintiffs have served follow up Rule 34 requests.

2. Plaintiffs are continuing to review and produce responsive documentation on a rolling basis in conjunction with the schedule of depositions requested by Defendants.

3. Plaintiffs are also continuing to review Defendants' productions of policies and procedures, data, and other various categories of documents, and have identified through analysis of Defendants' subject matter testimony and already produced documents extremely relevant additional responsive documents that remain to be produced, and are the subject of ongoing discussions. Altisource, in particular, points to the volume of documents it has produced, but this fails to speak to the highly relevant and extremely important documents that Defendants have not yet produced, nor does it justify recent wholesale objections to Plaintiffs' targeted discovery requests.[1]

---

[1] Altisource's production volume is inclusive of production of many versions of very lengthy policy and procedural manuals (some 500+ pages each), as well as its production of three categories of property-level maintenance and marketing/sales documents in PDF format that were originally integrated and systematically organized and linked to viewable Altisource data fields for particular properties in at least two Altisource electronic data systems. Unfortunately, these voluminous documents have been produced to Plaintiffs disconnected from property level data fields and entries. Altisource reported a four-month review period on its end for the portion of such records produced recently to Plaintiffs on July 28, 2021. The parties are in discussions about the manner of addressing the disassembled production of Altisource

4. There are many issues outstanding about documents that have been produced in response to specific requests (e.g., whether the responses are complete or additional documents exist), and we continue to try to work through those issues on a case-by-case basis.

5. Fundamental disagreements continue to exist between the parties regarding the scope of the litigation, and hence the scope of permissible discovery, which may require resolution by the Court.

**G. Extension of the Fact Discovery Period**

1. On April 22, 2021, by agreement, the fact discovery period was extended to November 19, 2021. (ECF No. 161) Of course, extensions of fact discovery are based on the parties' then current estimates of the reasonable amount of time needed.

2. As demonstrated in the summary above, notwithstanding their disputes, the parties have engaged in extensive discovery efforts. However, at this juncture, Plaintiffs anticipate that it will be reasonably necessary to extend fact discovery through at least March 31, 2022. That proposed extension accounts for Plaintiffs' current estimates based on the parties' ongoing efforts, the number of depositions to be taken, discovery requests already served and discovery requests that will likely be served, the likelihood of motion practice, and scheduling issues which inevitably and understandably will arise in late November and through the holidays.

3. Given the likelihood that more time will be needed to reasonably complete fact discovery, Plaintiffs also believe that it would help the parties' current efforts if the fact discovery cut-off is extended now, rather than closer to November 19, 2021.

---

data and records, which has required and will continue to require large amounts of Plaintiffs' time and resources to review and, potentially, reorganize/reconnect the data and related records.

4. Plaintiffs also believe that while the parties will likely appear before the Court for hearings on additional unresolved issues in the near future, it would be helpful to schedule another Status Conference, possibly in mid-December 2021.

**H. Pending Motions**

1. As of filing this Status Report, the following motions are pending before the Court:

    a. *Plaintiffs' Motion To Compel Deutsche Bank Defendants To Continue And Complete Rule 30(b)(6) Deposition Testimony* (Deutsche Bank's Response filed 9/1/21);

    b. *Trustee' Motion For Rule To Show Cause Regarding Plaintiffs' Failure To Comply With Order Compelling Production Regarding Plaintiffs' Regression Analysis* (Plaintiffs' Response filed 9/2/21);

    c. *Plaintiffs' Motion To Compel The Deposition Of William Erbey*

        i. Ocwen has filed a motion presenting an agreed upon briefing schedule regarding this motion: Ocwen's Response to be filed by September 23, 2021, and Plaintiffs' Reply to be filed by September 30, 2021.

Respectfully Submitted,

/s/ *Jennifer K. Soule*

Jennifer K. Soule  
James G. Bradtke  
Kelly K. Lambert  
Steven P. Schneck  
*Soule, Bradtke & Lambert*  
402 Campbell Street, Suite 100  
Geneva, IL 60134  
*Attorneys for Plaintiffs*

Stephen M. Dane  
*Dane Law LLC*  
312 Louisiana Avenue  
Perrysburg, OH 43551  
*Attorney for Plaintiffs*

8

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW
Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Tara Ramchandani
Rebecca Livengood
Soohyun Choi
Reed Colfax
Lila Miller
Yiyang Wu
*Relman Colfax PLLC*
1225 19th Street, N.W., Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Dated: September 3, 2021