IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:18-cv-00839<br>)<br>) Judge Harry D. Leinenweber |
| DEUTSCHE BANK NATIONAL TRUST, as trustee; DEUTSCHE BANK TRUST COMPANY AMERICAS, as trustee; OCWEN FINANCIAL CORP.; and ALTISOURCE PORTFOLIO SOLUTIONS, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## TRUSTEES' RESPONSE TO PLAINTIFFS' UNILATERAL DISCOVERY STATUS REPORT

Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee (collectively, the "Trustees"), by and through their undersigned attorneys, Morgan, Lewis & Bockius LLP, respond Plaintiffs' report on the status of discovery ("Pls. Report"), filed at ECF 173, as follows.

In counsel's experience, discovery status reports are typically filed jointly by the parties at the request of a court or by agreement of all parties -- not unilaterally late in the day on the Friday before a holiday weekend. Plaintiffs filed their one-sided and at times inaccurate report—really a motion to extend the discovery deadline masquerading as a "report"—without requesting input from Defendants, or even advising the other parties that such a report was forthcoming. Indeed, Plaintiffs timed their filing to deny Defendants "a reasonable opportunity to respond."[1]

---

[1] With respect to Plaintiffs' motion to compel the deposition of William Erbey, filed last week, Plaintiffs suggested that any response by Defendants filed after *Thursday* should be read as intended to deny "a reasonable opportunity to respond." *See* Pls. Mot. to Compel, ECF 169, ¶ 10.

Given the length of Plaintiffs' report and its timing, the Trustees focus their response on two issues addressed to the Trustees without in any way conceding the accuracy of the rest of Plaintiffs' filing:

*First*, Plaintiffs complaint about a "belated" and "limited" production of custodian ESI (in particular, emails), and state the Trustees did not offer to make a counterproposal to Plaintiffs' ESI requests on this issue until September 2021. Pls. Report, p. 4. This statement is false. In point of fact, in November 2020, the Trustees first proposed to Plaintiffs ESI search terms and custodians in response to Plaintiffs' written discovery requests. Plaintiffs proposed no search terms of their own. Whether emblematic of Plaintiffs' inertia on this issue or otherwise, Plaintiffs agreed to the search terms proposed by the Trustees in December. And while Plaintiffs characterized these search terms as "limited," Plaintiffs did not propose *any* additional search terms of their own at that time.

In the months that followed, the Trustees collected and produced documents based on those agreed search terms. Plaintiffs continued to suggest on various occasions thereafter that they *might* propose additional search terms, but they failed to do so until more than six months later on May 27, 2021, and then only in response to a May 11, 2021, demand from the Trustees that Plaintiffs either propose additional terms of their own or drop their occasional muttering on the issue.

Even following Plaintiffs' Rip Van Winkle slumber on the Trustees' ESI, the "search terms" Plaintiffs included on a so-called a "preliminary list" were patently overbroad and appear to have been put together hastily in order to deflect any assertions of delay. It is particularly ironic given Plaintiffs' immediate request to extend the discovery schedule that Plaintiffs characterized their proposed search terms as "preliminary" despite coming more than a year into discovery. Normally search terms are negotiated at the outset, as the Trustees sought to do, and not at the

2

close of scheduled discovery. Plaintiffs' own dilatory conduct and delayed proposal of *additional* search terms do not justify an extension of discovery. If additional search terms were so important to Plaintiffs' case, Plaintiffs could have proposed those terms much earlier in this 2018 case rather than waiting until the eve of the discovery cutoff and after Trustees had already undertaken their document production based on the earlier search terms tacitly approved by Plaintiffs.

*Second*, Plaintiffs suggest that they recently served "additional discovery requests" to the Trustees "in the hope of resolving" discovery disputes. Pls. Report at 5-6. This is a curious way to describe Plaintiffs' recent proliferation of new, expansive discovery requests, the most recent request served just a week ago on August 31. Whether Plaintiffs simply failed to pursue discovery at an appropriate pace and suddenly realized they are running out of time, or instead issued new requests in an effort to bolster their request to extend the discovery cutoff, is academic; these requests cannot reasonably be characterized as aimed at *resolving* disputes. If anything, they are likely to create, not resolve, disputes.

Plaintiffs' sudden urge to expand discovery from the Trustees is curious at best. As outlined in greater detail in the Trustees' opposition to Plaintiffs' motion to compel preemptive fourth and fifth days of 30(b)(6) testimony, the nature of Plaintiffs' claims against the Trustees is different, and their scope narrower, than Plaintiffs' claims against the other parties to this case because the Trustees do not engage in property-level maintenance activities. For that simple reason, discovery regarding the Trustees, in turn, is necessarily narrower, as the Trustees generally do not have property-level information regarding REO maintenance issues. To the extent that the Trustees have *any* relationships with parties that *do* engage in REO property maintenance, those relationships are governed by detailed contracts that the Trustees produced to Plaintiffs more than two years ago even before Plaintiffs filed the Second Amended Complaint. The Trustees are

therefore confident that they could complete the production of documents in response to any reasonably tailored requests prior to any discovery cutoff set by the Court.

Dated: September 7, 2021

Respectfully submitted,

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
Facsimile: 312.324.1001
Kenneth.Kliebard@morganlewis.com

Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, and Deutsche Bank Trust Company Americas, as trustee

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 7, 2021, I electronically filed the Trustees' Motion To Compel Discovery by electronic means through the Court's CM/ECF System which will send notification of such filing to all counsel of record.

              /s/ Kenneth M. Kliebard