IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | Case No. 1:18-cv-00839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | |
| Defendants. | Jury Trial Demanded |

**DEFENDANT ALTISOURCE'S AND OCWEN'S RESPONSE TO PLAINTIFFS' STATUS REPORT ON FACT DISCOVERY**

Altisource Solutions, Inc. ("Altisource") and Ocwen Loan Servicing, LLC, n/k/a PHH Mortgage Corporation ("Ocwen") submit the following for the Court's consideration at the Status Conference scheduled for September 8, 2021:

1. On Friday September 3, 2021, in the late afternoon and immediately before the Labor Day holiday weekend, Plaintiffs submitted a lengthy "status report" outlining only Plaintiffs' version of the status of fact discovery in anticipation of the Status Conference scheduled for September 8, 2021. ECF 173.

2. Plaintiffs did not consult with Altisource or Ocwen about the report prior to filing it.[1] Moreover, Plaintiffs' status report does not accurately characterize Plaintiffs' overly-burdensome discovery demands on Altisource and Ocwen in this litigation nor Altisource's and

---

[1] Less than 60 minutes before filing Plaintiffs' report, Plaintiffs' counsel left Ocwen's counsel a voice message informing her that the report was going to be filed. Plaintiffs then filed the report before Ocwen's counsel had the opportunity to listen to the voice message let alone respond in any meaningful way. Altisource did not receive even the minimal notice that Ocwen received.

Ocwen's continued efforts to fully cooperative with such demands, in spite of their overly-burdensome nature.

3. Although Plaintiffs provided the Court with information about discovery efforts that are not ripe for the Court's consideration, Altisource and Ocwen choose not to do the same in this report. Altisource and Ocwen instead provide some key, additional information to balance the misleading impression created by Plaintiffs' report.[2]

4. Fact discovery began in February 2020. Since then, Plaintiffs have served over 120 separate document requests on both Altisource and Ocwen. In response, Altisource has made sixteen (16) separate productions that have included 67,072 documents, totaling 390,789 pages.[3] The documents produced are from as far back as 2011. Ocwen has produced over 2,000 documents, totaling almost 15,000 pages.

5. Altisource also has provided Plaintiffs with exported electronic information containing hundreds of thousands of electronic data entries reflecting property-specific information. It also has provided email communications regarding specific properties identified by Plaintiffs as relevant to this litigation. As with the documents it produced, Altisource has produced electronic information from as early as 2011. Although Plaintiffs allege the electronic information is not in a "native" format, that allegation is confusing and, at best, creates a misimpression of Altisource's efforts and cooperation. Altisource's electronic data was produced as it is stored, it is directly from the original database source, it is searchable, and it can be sorted, as demonstrated by Plaintiffs' use of the data in deposing Altisource's corporate representatives.

---

[2] For clarity purposes, Altisource's and Ocwen's decision to focus on only a few points in this status report is not intended, and should not be read, as agreement with any point in Plaintiffs' status report.

[3] Although Plaintiffs complain about Altisource producing lengthy policies, those policies were directly responsive to Plaintiffs' requests for production and Plaintiffs used them extensively in deposing Altisource's witnesses.

6.  Ocwen produced exemplar data concerning the properties from its now-retired loan servicing system, which currently resides in an Oracle database, on February 23, 2021. Plaintiffs recently followed up in late July to request certain of this data for all 676 properties at issue in this litigation. While Plaintiffs' status report indicates that Ocwen will provide this data by September 17, that was not the date discussed by the parties. Ocwen estimates that it will have this data by the end of September.

7.  Further, Plaintiffs spent seven (7) days deposing Altisource's two corporate representative witnesses and seven (7) days deposing Ocwen's corporate representative. Although a vast number of Plaintiffs' questions were focused on issues that are not germane to the allegations in this lawsuit, Altisource and Ocwen permitted their witnesses to provide the testimony that Plaintiffs were seeking.

8.  Even after seven days of depositions, Plaintiffs sent Altisource a list of **203 questions and subparts to be answered in writing**. These questions are in addition to the 122 document requests that Altisource received. Altisource voluntarily agreed to answer Plaintiffs' 203 questions, which has proven to be a time-consuming process because the questions demand a vast amount of detailed information that does not appear to be relevant to Plaintiffs' claims.

9.  Altisource's and Ocwen's robust cooperation has not been reciprocated by Plaintiffs. For instance, Defendants noticed depositions from each of the twenty (20) Plaintiffs that purportedly investigated Defendants and now are seeking damages from them. Although Defendants issued their Rule 30(b)(6) notice on July 21, 2021, Plaintiffs' did not provide any dates for such depositions until mid-August. Even as of September 7, 2021, Defendants have still not received availability for all Plaintiffs in the case.

10. As another example, Plaintiffs recently produced **10,000 pages of just photographs of residences** from alleged property inspections. The photographs are not identified by address (or even by city and state), are not tied to inspection reports produced by Plaintiffs, and may not even depict properties for which Altisource and/or Ocwen provided services. The 10,000 pages essentially are unusable and unintelligible as they were produced. Meanwhile, Plaintiffs still have not produced key information that Defendants need for the depositions of Plaintiffs' witnesses, and certain plaintiffs have produced very limited information, *e.g.*, Hope Inc. has produced a single document. Defendant Deutsche Bank's recent motion outlines one such discovery deficiency. *See* ECF 166.

11. Recently, as the September 8, 2021 status conference grew close, Plaintiffs began asking about additional "custodians" ESI from Altisource and Ocwen. As explained above, Altisource produced property-specific emails in July in addition to the thousands of entries of communications already produced in the property-related data sets. Nonetheless, on August 3, 2021, Plaintiffs issued a new Request for Production that, among other things, demands "communications" from witnesses identified in the case. Plaintiffs have not articulated the reason that additional email is needed from Altisource or why email is needed from Ocwen. Nonetheless, the parties will continue to meet-and-confer about this issue.

12. Plaintiffs further allege, "the lack of production by Defendants of ['custodian ESI] to date has hampered Plaintiffs' discovery efforts and complicates the process of Plaintiffs taking depositions." Plaintiffs' statements about this issue create a misleading narrative about the discovery process. Plaintiffs chose to take Rule 30(b)(6) depositions of Altisource and Ocwen early in the discovery process, and did so knowing that Defendants' document productions were not complete. Altisource and Ocwen suggested to Plaintiffs at the time that it would be more

efficient for the depositions to occur after document productions were complete, but Plaintiffs decided to proceed with depositions before documents were produced. Therefore, it is not reasonable for Plaintiffs now to argue that they have been hampered by their own decision to start depositions early in the discovery process.

13. The discovery process has been lengthy, extensive, and overly burdensome on Defendants. However, Altisource and Ocwen have worked diligently to comply with the Court's expectation that the parties cooperate in the process. While a reasonable extension on certain discovery issues is reasonable, Altisource and Ocwen oppose a blanket four-month extension for Plaintiffs' to extend their discovery period. Altisource and Ocwen agree that any extension should be narrowly tailored to allow the parties to complete depositions of fact witnesses. After issuing hundreds of written discovery requests, Plaintiffs also should be precluded from issuing any future written discovery requests after the currently November 19, 2021 fact discovery cut-off date.

Dated: September 7, 2021

Respectfully submitted,

By: /s/ *Nathan Garroway*
Nathan Garroway (admitted *pro hac vice*)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Email: nathan.garroway@dentons.com

Shannon Y. Shin
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Email: shannon.shin@dentons.com

Lisa Krigsten (admitted *pro hac vice*)
DENTONS US LLP
4520 Main Street
Suite 1100

Kansas City, MO 64111
Telephone: (816) 460-2400
Email: lisa.krigsten@dentons.com

*Counsel to Defendant Altisource Solutions, Inc.*

By: /s/ Debra Bogo-Ernst
Debra Bogo-Ernst
Jacey Norris
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Email: dernst@mayerbrown.com
Email: jnorris@mayerbrown.com

*Counsel to Defendant Ocwen Loan Servicing, LLC, n/k/a PHH Mortgage Corp.*