# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al. | ) | |
| | ) | Case No. 18-CV-839 |
| Plaintiffs, | ) | |
| | ) | Judge Harry D. Leinenweber |
| v. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, AS | ) | |
| TRUSTEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF WILLIAM ERBEY

I, William Erbey, declare as follows:

1.      I am over the age of eighteen and am a dual citizen of the United States and Malta. I have personal knowledge of the facts set out in this declaration and, if called upon to do so, could and would testify competently thereto.

2.      I was formerly Executive Chairman of Ocwen Loan Servicing, LLC ("Ocwen"). I resigned from my position as Ocwen's Executive Chairman effective January 16, 2015, and have had no role at Ocwen as of the effective date of my resignation.

3.      Currently, I spend approximately 60 hours a week or more as Chairman of System73, a holding company for five technology-related companies in the areas of internet streaming, education, and electric motors. In addition, I work with, and invested in, The Strataca Group with respect to medical devices designed to reduce Cardiorenal syndrome deaths. My business ventures are extremely busy, and I have little free time.

4.      Ocwen is and was a mortgage servicer. As part of its servicing portfolio, Ocwen performed servicing duties for some real-estate owned ("REO") properties, but the REO properties serviced by Ocwen comprised only a small portion of Ocwen's servicing portfolio.

5.      As Executive Chairman of Ocwen, I was not personally involved in the servicing of REO properties.  I also was not personally involved in creating, interpreting, or enforcing Ocwen's policies and procedures related to the servicing of REO properties and do not have any knowledge concerning particular policies and procedures used by Ocwen with respect to REO properties.  I also have no direct personal knowledge of the day-to-day operations of how Ocwen employees worked in practice to maintain, market, or sell REO properties.  I believe such functions were performed several levels below my position at Ocwen.

6.      In conjunction with Ocwen's pooling and servicing agreements ("PSAs") with trusts related to Deutsche Bank, I co-signed a series of certifications in 2013 and 2014 attesting to Ocwen's compliance with the terms of the PSAs.  I co-signed the certifications along with another officer at Ocwen.  The certifications generally confirmed that compliance reviews had been performed "under [our] supervision" and that Ocwen had materially fulfilled its obligations under the PSAs "[t]o the best of the undersigned Officer's knowledge."

7.      Ocwen hired third-party auditors to perform the servicing reviews on an annual basis and provide compliance reports.  To the best of my knowledge, the auditors conducted their work pursuant to the Uniform Single Attestation Program for Mortgage Bankers and/or in accordance with Regulation AB requirements.  I did not dictate to the third-party auditors how they should perform their reviews.  I relied on the third-party auditors to identify any material issues of non-compliance with the PSAs, and co-signed the certifications based on the results of their reviews.  I do not know the details of the third-party auditors' reviews with respect to REO properties, such as what properties were reviewed, what standards were applied, where properties were located, or the scope of their reviews.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on September 21 2021.



William Erbey

3