```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

| | |
|---|---|
| **NATIONAL FAIR HOUSING ALLIANCE**, *et al.*, | |
| Plaintiffs, | |
| v. | |
| **DEUTSCHE BANK NATIONAL TRUST, as trustee; DEUTSCHE BANK TRUST COMPANY AMERICAS, as trustee; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC.**, | **Case No. 18 CV 839** <br><br> **Judge Harry D. Leinenweber** |
| Defendants. | |

## ORDER

Before the Court is Defendants' Motion to Exclude Plaintiff's Property-Specific Investigation due to spoliation. (Dkt. No. 226.) For the reasons stated herein, Defendants' Motion is denied in part and granted in part. Spoliation occurred and the parties may introduce evidence and argument related to the spoliated material at trial.

## STATEMENT

The Court has penned two Orders ruling on Defendants' Motions to Dismiss in this case. ("Order One" Dkt. No. 54; "Order Two" Dkt No. 97.) The Court incorporates the facts from those Orders, and only includes here the facts relevant to the Motion.

Defendants are financial institutions that own mortgages across the country. (Order Two at 2.) Plaintiffs are national and local fair housing organizations who have filed suit against Defendants for violations of the Fair Housing Act (the "FHA"). (*Id.* at 2–3.) Plaintiffs allege that Defendants violated the FHA based on how Defendants maintained and marketed their homes in communities of color as compared with to white communities. (*Id.* at 3.)

A crucial piece of evidence in the case is the investigation Plaintiffs undertook into Defendants' maintenance of the properties at issue. (*Id.*) To conduct this investigation, Plaintiffs examined hundreds of Defendants' properties and graded them on different aspects of exterior maintenance. (*Id.*) Plaintiffs allege that this investigation revealed "highly significant disparities" between the properties Defendants maintained in communities of color as compared to their properties in white communities. (*Id.* (quoting Second Amended Compl. ¶ 5, Dkt. No. 70.))

The following facts are not from the Court's previous opinions, but they are not in dispute. Each investigation proceeded as follows: Investigators would arrive to the property and fill out a form listing 37 categories of deficiencies in exterior management (for example, trash on the curb, broken gutters, water

damage, graffiti, etc.). (Resp. to Mot. to Excl. at 6-7, Dkt. No. 249.) Investigators would take a set of photos of the property that captured the "address, front view, right side view, back view, left side view, neighbor to the left, neighbor to the right, and neighbor to the opposite side." (*Id.* at 10.) Investigators would also take photos of each deficiency they noted, "as well as every sign posted on the property and positive maintenance and marketing features." (*Id.*) While completing these forms, investigators sometimes took handwritten notes describing the property. (*Id.*) The results of that investigation, including any pictures taken, were then uploaded to an electronic database. (*Id.* at 9-10.) The handwritten notes were not always transferred verbatim into the database. (*Id.* at 11.) Once the information was entered into the database, a "quality control" team from Plaintiff National Fair Housing Association ("NFHA") reviewed the information. (*Id.* 12-13.) This team edited the entries, allegedly to ensure that the deficiencies listed at each property were accurately reflected by the photographs. (*Id.* at 13.) Once the information was input into the database, Plaintiffs often destroyed or discarded the paper forms with the investigators' handwritten notes. (*Id.* at 12.)

The Defendants move to exclude the entire investigation based on Plaintiffs' spoliation of evidence — the destruction of the handwritten notes. Defendants argue that they have been prejudiced

because in some cases, the handwritten notes and the entries in the database are materially different. It is undisputed that Plaintiffs destroyed the handwritten notes in this case. It is also undisputed that Plaintiffs destroyed the notes while having an affirmative duty to preserve relevant evidence.

The caselaw in the Seventh Circuit is split on when sanctions for spoliation of evidence are appropriate. Under one approach, sanctions are appropriate when a party *either* acted willfully, in bad faith, or was at fault. *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). Under another approach, a showing of bad faith is a "prerequisite for imposing sanctions for the destruction of evidence." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Recent Seventh Circuit decisions have followed the *Trask* approach. *Fitzpatrick v. Nys*, 861 Fed. Appx. 108, 110 (7th Cir. 2021); *Conner v. Rubin-Asch*, 793 Fed. Appx. 427, 431 (7th Cir. 2019). However, the *Marrocco* approach has not been overruled. In the past, this Court has followed the *Marrocco* approach. *ChampionsWorld, LLC v. U.S. Soccer Federation*, 276. F.R.D. 577, 583 (ND. Ill. 2011) (Leinenweber, J.) ("bad faith is not a prerequisite to the imposition of sanctions.") It will continue to do so.

"A document is destroyed in bad faith if it is destroyed for the purpose of hiding adverse information." *Faas v. Sears, Roebuck*

- 4 -

*& Co.*, 532 F.3d 633, 644 (7th Cir. 2008) (quoting *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir.1998)) (internal quotation marks omitted). Defendants argue that Plaintiffs acted in bad faith, pointing to the deposition testimony of Shanna Smith. Smith testified that she destroyed handwritten notes out of fear that they might be taken out of context. (S. Smith Dep. at 106:4-16, Reply in Support of Mot. to Excl., Ex. 2, Dkt. No. 252-2.) Plaintiffs maintain that the notes were not destroyed in bad faith but were destroyed because they were redundant. Further, Plaintiffs argue that they were only following their existing document retention policies, which called for the destruction of these handwritten forms. As it stands now, the Court accepts Plaintiffs' explanation that they did not intend to hide information, but genuinely believed that the handwritten forms were duplicative of the information in the database. Currently, the record does not support a finding of bad faith. Defendants may re-raise the issue of bad faith and further sanctions during trial. Should a jury believe that Plaintiffs' spoliated evidence in bad faith, the Court will issue an appropriate instruction, such as an adverse inference. *See Lewis v. McLean*, 941 F.3d 886, 892 (7th Cir. 2019).

Some measures of sanctions are still appropriate here. Plaintiffs are at fault for destroying the documents. The question

is what sanctions are appropriate. Sanctions for spoliation must be proportional to the wrong. *Boneck v. City of New Berlin*, 22 Fed. Appx. 629, 630 (7th Cir. 2001).

A district court in the District of Maryland recently ruled on this exact issue. (Maryland Op., Pl.'s Supplemental Auth., Ex. A, Dkt. No. 263-1.) That Court analyzed the same destruction of the same handwritten forms and found that the appropriate sanction was to allow "all parties to present argument and evidence at trial regarding the spoliated surveys." (*Id.* at 16.) This Court agrees with the approach of the Maryland Court and finds that the sanction in the Maryland case is appropriate here too.

Defendants attempt to distinguish this case from the Maryland case, but their arguments are unpersuasive. Defendants' arguments are twofold: first, that they are more prejudiced in this case because they have shown that the handwritten forms contained information that the database did not. Second, Defendants cite to newly discovered expert evidence showing no disparity between Defendants' properties in communities of color and in white communities.

Plaintiffs dispute Defendants' first point that the handwritten notes contain information that the database does not. Plaintiffs have submitted a 110-page table showing how each piece of information Defendants allege only existed on the handwritten

notes was reflected on the database. (Pl.'s Table, Resp. to Mot. to Excl., Ex. 1, Dkt. No. 249-1). Defendants do not meaningfully respond to the information in this table and have not persuaded the Court that more severe sanctions are needed here.

Plaintiffs argue that Defendants argument about their newly developed expert evidence is not relevant to the motion to exclude. Defendants' expert ran a regression analysis on the handwritten notes and concluded that there was no disparity between Defendants properties. The expert further concluded that it was only after Plaintiffs entered the information into the database that the disparity arose. Plaintiffs dispute the expert's conclusion and intend to present their own expert who reaches contradictory conclusions.

A district court has discretion to determine an expert's competency and the relevance of their testimony. *Goodwin v. MTD Products, Inc.*, 232 F.3d 600, 606 (7th Cir. 2000). However, the Court is not well positioned to do so here. There may come a time in this case where the Court rules on the admissibility of the party's experts. That time is not now. Neither party has filed any *Daubert* motions. Neither party seeks exclusion of expert testimony. Instead, Defendants argue that their newly developed expert testimony is grounds to exclude Plaintiffs' entire investigation. Witness credibility is an issue firmly in the

province of the factfinder. *Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 766 (7th Cir. 2013) (explaining that trial judges are not to evaluate the credibility of an expert witness, or the weight of the evidence). Excluding a major portion of Plaintiffs' case due to conflicting expert testimony would not be a proportional sanction.

This Court follows the approach of the Maryland Court. Defendants' Motion to Exclude Plaintiffs' property-specific investigation (Dkt. No. 226) is denied in part and granted in part. All parties may present argument and evidence regarding the spoliated notes at trial.

**IT IS SO ORDERED.**

                                                                  Harry D. Leinenweber, Judge
                                                                  United States District Court

Dated: 3/29/2023