1

1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
2                           EASTERN DIVISION

3   NATIONAL FAIR HOUSING ALLIANCE, )  Case No. 18 C 839
    et al.,                         )
4                                   )
                    Plaintiffs,     )
5                                   )
         v.                         )
6                                   )
    DEUTSCHE BANK NATIONAL TRUST,   )
7   as Trustee, et al.,             )  Chicago, Illinois
                                    )  February 19, 2025
8                   Defendants.     )  9:55 a.m.

9
                    TRANSCRIPT OF PROCEEDINGS -
10                         STATUS HEARING
               BEFORE THE HONORABLE MANISH S. SHAH
11

12  APPEARANCES:

13  For the Plaintiffs:         SOULE, BRADTKE & LAMBERT
                                BY:  MS. JENNIFER K. SOULE
14     (phone)                       MS. KELLY K. LAMBERT
                                402 Campbell Street, #100
15                              Geneva, Illinois  60134

16                              RELMAN COLFAX, PLLC
       (phone)                  BY:  MS. LILA R. MILLER
17     (phone)                       MS. YIYANG WU
       (phone)                       MR. EDWARD K. OLDS
18                              1225 19th Street, N.W., #600
                                Washington, D.C.  20036
19
                                STEVE SCHNECK, ATTORNEY AT LAW, LLC
20     (phone)                  BY:  MR. STEVEN P. SCHNECK
                                2522 W. Lawrence Avenue, #25081
21                              Chicago, Illinois  60625

22
    For Defendant                MORGAN LEWIS & BOCKIUS, LLP
23  Deutsche Bank:               BY:  MR. KENNETH M. KLIEBARD
                                 110 North Wacker Drive, #2800
24                               Chicago, Illinois  60606

25

```
 1   APPEARANCES (Continued):

 2

 3   For Defendant                MORGAN LEWIS & BOCKIUS, LLP
     Deutsche Bank:               BY:  MR. KURT W. RADEMACHER
 4     (phone)                    1701 Market Street
                                  Philadelphia, Pennsylvania  19103
 5

 6   For Defendant Ocwen:         WILLKIE FARR & GALLAGHER, LLP
                                  BY:  MR. BRANDON E. VILLA
 7                                300 North LaSalle Street
                                  Chicago, Illinois  60654
 8
     For Defendant Altisource:    DENTONS U.S., LLP
 9     (phone)                    BY:  MR. NATHAN L. GARROWAY
       (phone)                         MS. SARAH H. PHILLIPS
10                                303 Peachtree Street, N.E., #5300
                                  Atlanta, Georgia  30308
11

12

13

14

15

16

17

18

19

20
     Court Reporter:              COLLEEN M. CONWAY, CSR, RMR, CRR
21                                Official Court Reporter
                                  219 S. Dearborn Street, Room 1918
22                                Chicago, Illinois  60604
                                  (312) 435-5594
23                                colleen_conway@ilnd.uscourts.gov

24                                  * * * * *

25               PROCEEDINGS REPORTED BY STENOTYPE
         TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1     (Proceedings heard in open court:)
2                THE CLERK:  18 C 839, National Fair Housing Alliance
3     versus Deutsche Bank.
4                THE COURT:  Good morning, everyone.
5            We've taken attendance with the attorneys on the phone
6     and in the courtroom, so I am not going to have you state your
7     appearances.
8            I know you all have been waiting a long time for
9     rulings on the pending motions.  I appreciate your patience.  I
10    have actually made progress on them.
11           So I guess one of the reasons I kept this motion
12    hearing on the schedule was so that I could see you, talk to
13    you, let you know that I am aware of the case and the motions
14    that are pending.  I am working on them.
15           I appreciate your patience.  Just, unfortunately,
16    sometimes this happens where a case has been pending, it gets
17    reassigned, and then the judge who inherits it has to find a
18    way to slot, in an existing queue of decisions, the pending
19    motions.  So I am working on it and I appreciate your patience.
20           That said, if there's a jurisdictional problem, I
21    should figure that out before I give you a ruling on the
22    pending issues in the motions for summary judgment.
23           I have read the motion.  I have read plaintiffs'
24    response to the similar motion in the Maryland case, so I think
25    I have a sense of what arguments are coming.

1    I do think it makes sense to get a brief from the
2 plaintiffs on the issue, and I thought it might be useful to at
3 least articulate for you at least a question on my mind about
4 it, which is whether there is a difference between the kind of
5 harm to the plaintiffs in *Havens* and the kind of harm to the
6 organizations at issue here from the conduct at issue.
7    So in *Havens*, I can understand and see how racial
8 steering practices harm an organization's efforts to counsel
9 people about finding housing. I am wondering whether there's a
10 difference between the kind of counseling at issue in this case
11 and the conduct at issue in this case about property
12 maintenance and whether that's the same kind of fit between the
13 conduct and the harm in *Havens* as is present here.
14    Having seen the briefs in the Maryland case, I think I
15 see what the argument is on the plaintiffs' side, but I
16 don't -- what I wanted to say is, I don't think I need 20 to 30
17 pages about it. I think I get the issue. And if we can just
18 focus on maybe that aspect of it, I can hopefully get you an
19 answer quickly and then get back to -- if appropriate, get back
20 to work on the merits. Or, if not, let you move on.
21    So that's a long way of me saying, how much time would
22 plaintiffs like to respond?
23    MS. SOULE: Judge, we have a brief ready. We'd like
24 to -- we plan on filing it today or tomorrow. It's 16 pages.
25    We do address the issue in question that you raised,

1  specifically tying the unequal REO conduct to how it impairs
2  the plaintiffs' core activities, which are counseling and fair
3  housing counseling, as in *Havens*, and also a number of other
4  activities that are core relating to the neighborhood
5  stabilization, foreclosure prevention, really working on this
6  REO issue itself before, during, and after defendants' conduct.
7  And a number of other ways that the conduct of poor REO
8  treatment in one type of neighborhood over another really
9  impairs the values of properties and makes lending more
10 difficult, makes owner-occupied housing more difficult, reduces
11 property values, and stigmatizes the neighborhoods.
12         All of these things and more, which we'll address in
13 the brief, directly contradict the core activities of the
14 plaintiffs.
15         So we believe this case is squarely within *Havens*.
16 And that's what *Havens* was all about. So we have -- we'll be
17 laying that out for you in our brief.
18         THE COURT: What would be helpful to me might be a
19 little bit more focus on the specifics of counseling that --
20         MS. SOULE: Okay.
21         THE COURT: -- the organizations offer. So I am not
22 so sure it's perfectly helpful to me to just call it
23 "counseling." I know that *in Havens*, that term is used, but it
24 can mean a lot of different things.
25         And I understand what it means when it's giving advice

1    on how to -- where to find a home and then you're encountering
2    racial steering.  That harms the counseling you're trying to
3    give.  That would be one way -- one possible gloss on *Havens*.
4        How that applies in a new fact pattern of whatever it
5    is the counseling means to these plaintiffs and how that fits
6    the conduct that's being alleged, that's where I might benefit
7    from some discussion.
8        MS. SOULE:  Sure.
9        THE COURT:  As opposed to just saying, "We do
10   counseling.  This affects our counseling."  I'd like to know a
11   little bit more about what you mean by that.
12       I think it's probably, if not in the complaint, in the
13   summary judgment materials that are already in the record, and
14   you can point out to me how that fits.
15       And I appreciate that you're ready to go with a brief.
16   If I gave you another day or two, would that be helpful?
17       MS. SOULE:  Yes.  I mean, Friday would be fine.
18       THE COURT:  Okay.  So plaintiffs' response to the
19   motion to dismiss is due February 21st.  I'll give you -- if
20   you need them, I'll give you 16 pages --
21       MS. SOULE:  Thank you.
22       THE COURT:  -- for your brief.
23       How much time would you like to reply for defendants?
24     (Counsel stands.)
25       MR. KLIEBARD:  Good morning, Your Honor.  Ken

1 | Kliebard.
2 |     THE COURT:  You can go ahead and stay seated and --
3 |     MR. KLIEBARD:  So -- okay.
4 |     THE COURT:  It's fine.  But just speak into a
5 | microphone so the court reporter --
6 |     MR. KLIEBARD:  Thank you.
7 |     THE COURT:  -- can hear you and --
8 |     MR. KLIEBARD:  Ken Kliebard for --
9 |     THE COURT:  -- the people on the phone can hear you.
10 |     MR. KLIEBARD:  Oh, sorry to interrupt Your Honor.
11 |     Ken Kliebard for the -- of Morgan Lewis for the
12 | Deutsche Bank defendants.
13 |     I think two weeks would be sufficient.
14 |     And we welcome seeing the plaintiffs' brief.  What I
15 | heard was that, you know, declined values of homes, which is
16 | not the kind of thing that gives organizations standing, but I
17 | look forward to seeing their arguments, and we'll respond in
18 | two weeks.
19 |     THE CLERK:  Counsel, that's going to be March 7th.
20 |     MR. KLIEBARD:  March 7th?  Okay.
21 |     THE COURT:  And on that point.  If conduct affects
22 | home values, and an organization is in the business of trying
23 | to find good homes for people, an effect on home values might
24 | be a harm to the efforts to find valuable homes to people.
25 | That might be an argument that someone makes.

1 And the other thing to think about is to not get
2 wrapped up in the categories of damages being sought by the
3 plaintiff organization versus the constitutional question of
4 the injury-in-fact. There's a doctrinal difference between
5 those two things. And with respect to this motion, I am
6 concerned solely with case or controversy Article III
7 injury-in-fact.
8 Now, factually, there could be some overlap, and some
9 of the arguments about what the harm has been might have been
10 developed through the statutory question, but those are two
11 different questions, and we should keep that in mind as we go
12 forward. But --
13     MR. KLIEBARD: Understood, Your Honor.
14     THE COURT: -- you have --
15     MR. KLIEBARD: Thank you.
16     THE COURT: -- your briefing schedule. And I think
17 the way this may work is I will probably fold this in to the
18 pending motions. Obviously, if it's a grant, then you won't
19 get a ruling on all the other motions. If it's a deny, then it
20 will follow either in the same document or, closely on the
21 heels of it, would be the rulings on the pending motions. And,
22 as I said, working on those.
23     MR. KLIEBARD: We apologize for all the papers. I
24 mean, this was a long-fought case, and I think there are over a
25 hundred depositions. So there's a lot of paper.

1    And if it would -- I apologize mostly to your clerk
2 for having to read all those papers.  But if it'd be helpful
3 for the Court to have argument on those, we're more than happy
4 to participate in that, at the Court's pleasure.
5    THE COURT:  Understood.  My practice usually is if I
6 think I have questions or I can't resolve the motions on the
7 papers, I'll let you know.  And I'll let you know what my
8 questions are, so it won't be a free-for-all where it's a "You
9 don't know what's on my mind."
10    I suspect I don't need argument.  It's all in there.
11 It just is taking me time to get through it all.  But I am
12 working on it.
13    Is there anything else I can help you with this
14 morning?  On behalf of plaintiffs?
15    MS. SOULE:  No.  Thank you, Judge.
16    THE COURT:  On behalf of defendants?
17    MR. KLIEBARD:  Nothing from defendants, Your Honor.
18    THE COURT:  Thank you.
19    MS. SOULE:  Thank you, Judge.  We appreciate --
20    MR. KLIEBARD:  Thanks for your time.  Thanks for
21 bringing us in.
22    MS. SOULE:  Appreciate it.
23    (Proceedings concluded.)
24
25

1     *     *     *     *     *

4     I, Colleen M. Conway, do hereby certify that the
5 foregoing is a complete, true, and accurate transcript of the
6 Status Hearing proceedings had in the above-entitled case
7 before the HONORABLE MANISH S. SHAH, one of the Judges of said
8 Court, at Chicago, Illinois, on February 19, 2025.

11     _/s/ Colleen M. Conway, CSR, RMR, CRR_          _02/25/2025_
12           Official Court Reporter                     Date
             United States District Court
13           Northern District of Illinois
                  Eastern Division