## Exhibit C

Even if the Court were to accept Plaintiffs' study in *some* form, the study's conclusions cannot be extrapolated outside of the specific properties Plaintiffs inspected considering how Plaintiffs constructed their sample. *See* Defs Br. at 15-17. Despite many opportunities to seek to rebut the opinions of Defendants' expert, Dr. David Skanderson, on this point, none of Plaintiffs' experts even tried. Instead, the testimony of Plaintiffs' experts on the issue was *consistent* with Skanderson's conclusion that the study must be confined to the specifically inspected properties.

Seeking to manufacture a factual dispute where there is none, Plaintiffs invoke a strawman, claiming Defendants' argument rely on Plaintiffs' purported "mixed methods" expert "disclaim[ing] Plaintiffs' data collection methodology." Pls. Br. at 26. Defendants never claimed that expert (Guetterman) broadly disclaimed this methodology; instead, Defendants quoted his confirmation that Plaintiffs did not *sample* in a particular way that could allow conclusions to be extrapolated. *See* Defs Br. at 16-17.[11]

[Fn.11] Plaintiffs' recitation of lengthy quotations from Guetterman expressing the generalized opinion that Plaintiffs engaged in "mixed methods" are irrelevant to the question of whether Plaintiffs sampled in a way that allowed inferences outside the sampled population. Pls. Br. at 26.

Plaintiffs ignore Guetterman's testimony regarding sampling to allow statistical inferences: if there is a "population to which you would like to infer," one would "select[] using some kind of random method." Dkt. 330–2 at 28:16-20. When asked whether Plaintiffs had selected properties randomly, he replied, "[n]o, not to my knowledge." *Id*. at 28:23-4. Plaintiffs' recitations of off-point opinions do not contradict this straightforward admission.

Plaintiffs similarly seek to distract by pointing to Ayres's testimony regarding "indicia of quality in Plaintiffs' sample" in an attempt to create a fact issue regarding how the data was selected. Pls. Br. at 27. Plaintiffs claim this generalized expression of approval of their dataset "completely contradicts" Skanderson's finding about how properties were selected for inclusion in the dataset, but Plaintiffs fail to explain *how* it does so. Broad pronouncements concerning "quality" of data do not address the narrow issue of whether the *sampling methodology* was done *randomly*, which is required to allow inference outside the sampled population.

Dkt. 408 at 12-14.