# EXHIBIT 3

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL FAIR HOUSING      )
ALLIANCE; HOPE FAIR HOUSING )
CENTER, et al.,            )
                           )
                           )
         Plaintiffs,       )
                           )
    vs.                    ) No. 1:18-cv-00839
                           )
DEUTSCHE BANK NATIONAL     )
TRUST, as trustee, et al., )
                           )
                           )
         Defendants.       )

    The Fed. R. Civ. P. Rule 30(b)(6) deposition on behalf of Fair Housing Continuum, called by the Defendants for examination, taken remotely pursuant to notice and pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before April M. Metzler, Certified Shorthand Reporter, Registered Merit Reporter, Certified Realtime Reporter, and Notary Public, at Ormond Beach, Florida, commencing at 9:00 a.m. CST on the 3rd day of November, 2021.

Page 2

APPEARANCES:

   DANE LAW LLC
   MR. STEPHEN DANE
   312 Louisiana Avenue
   Perrysburg, Ohio 43551
   Phone: (419) 873-1814
   E-Mail: sdane@fairhousinglaw.com

     On behalf of the Plaintiffs,
     appeared remotely;

   DENTONS US LLP
   MS. LISA KRIGSTEN
   4520 Main Street
   Suite 1100
   Kansas City, Missouri 64111
   Phone: (816) 460-2400
   E-Mail: lisa.krigsten@dentons.com
   E-Mail: cody.n.wood@dentons.com

     On behalf of Defendant,
     Altisource Solutions, Inc.,
     appeared remotely;

   MORGAN, LEWIS & BOCKIUS, LLC
   MR. KURT W. RADEMACHER
   1701 Market Street
   Philadelphia, Pennsylvania 19103-2921
   Phone: (215) 963-5000
   E-Mail: kurt.rademacher@morganlewis.com
     On behalf of Defendant,
     Deutsche Bank National Trust, as trustee,
     appeared remotely;

   MAYER BROWN LLP
   MS. JACEY D. NORRIS
   71 South Wacker Drive
   Chicago, Illinois 60606
   Phone: (312) 782-0600
   E-Mail: jnorris@mayerbrown.com

     On behalf of Defendant,
     Ocwen Loan Servicing, LLC,
     appeared remotely.

Page 3

INDEX

| WITNESS | PAGE |
|---|---|
| DAVID BAADE | |
|    Direct Examination By Ms. Krigsten | 7 |

EXHIBITS

| DEPOSITION EXHIBIT | PAGE |
|---|---|
| 5341 (Second Amended Complaint) | 51 |
| 5748 (Deposition Notice) | 13 |
| 5750 (Plaintiffs' Amended Response to Defendants' Joint Interrogatories) | 196 |
| 6368 (Reo Field Evaluation Forms) | 216 |
| 6369 (Spreadsheet) | 166 |
| 6380 (Email) | 133 |
| 6387 (Email) | 251 |
| 6388 (Spreadsheet) | 251 |
| 6398 (Email) | 107 |
| 6404 (Email) | 144 |
| 6406 (Emails) | 82 |

Page 4

EXHIBITS
(CONTINUED)

| DEPOSITION EXHIBIT | PAGE |
|---|---|
| 6409 (Email) | 157 |
| 6410 (Emails) | 156 |
| 6413 (Email) | 161 |
| 6414 (Spreadsheet) | 161 |
| 6415 (Emails) | 148 |
| 6421 (Email) | 147 |
| 6422 (Spreadsheet) | 147 |
| 6423 (Emails) | 88 |
| 6424A (Case Log/Expense Tally) | 168 |
| 6425 (Email) | 121 |
| 6426 (Spreadsheet) | 122 |
| 6427 (Spreadsheet) | 122 |
| 6428 (Spreadsheet) | 122 |
| 6429 (Spreadsheet) | 122 |
| 6430 (Spreadsheet) | 164 |
| 6434 (Assistance Award/Amendment) | 240 |
| 6435 (Assistance Award/Amendment) | 242 |
| 6455 (Not Described) | 116 |

Page 197

1     Fair Housing Continuum diversion, yes, ma'am.
2     Q.  So if we look at pages 65 through 72 of this
3  document, I think this is what we've been provided
4  interrogatories for Continuum.
5     Does that look accurate to you?
6     A.  I believe that's correct.
7     Q.  So where in pages 65 through 72 would I find
8  the amount of damages that Continuum is seeking?
9     A.  I don't see a number.  If you have an exhibit
10 to show me, I'd appreciate it.
11    Q.  Actually, that's a statement I should make.
12 If you have an exhibit to show me, I would appreciate
13 it.  I haven't seen a number.
14    MR. DANE:  Well, I'm going to object.  You've
15 already spent an hour talking about Exhibit 6424A, so I
16 don't think it's fair you haven't seen an exhibit.
17    MS. KRIGSTEN:  Understood.
18 BY MS. KRIGSTEN:
19    Q.  So in addition to -- and as your counsel
20 points out -- Exhibit 6424A, are there any other damages
21 calculations or amounts that Continuum has put together
22 or created?
23    A.  I don't think so.
24    Q.  So if we were to add up the dollar amounts in

Page 198

1  Exhibit 6424A, would that represent the amount of
2  damages that Continuum is seeking in this case?
3     A.  For diversion of resources, I believe that's
4  correct.
5     Q.  What about for other categories?
6     A.  For frustration of mission, it's much more
7  difficult to quantify.
8     Q.  And how did Continuum quantify it?
9     A.  I don't believe we did.  I don't believe
10 there's a number for frustration of mission.
11    Q.  And what about for lost opportunities?
12    A.  That's part of frustration of mission, in my
13 eyes.  I don't believe there's a number for that.
14    Q.  So let's talk about lost opportunities for a
15 moment.  There are -- looking at pages 68 through 72,
16 there are -- there's a narrative in this exhibit of
17 different activities that Continuum did not engage in.
18    So where are the records, for example -- I'm
19 going to use as an example, on the second page, there
20 is -- page 69, there is a reference to:  Accessibility
21 training at the 2013 Florida architectural conference.
22    A.  That's a very convenient one to ask for.
23    One of the documents you have was our calendar
24 for that year.  And you'll see in that month, which I

Page 199

1  saw just yesterday when I was reviewing these, that the
2  accessibility conference was scheduled on there and then
3  lined out.
4     Q.  And why was it lined out?
5     A.  It interfered with our REO training.
6     Q.  So the REO training according to 6424A
7  occurred in 2012.
8     So how did something in 2013 interfere with
9  your REO training?
10    A.  I don't know.  I don't know the answer to that
11 one.  But I do know --
12    Q.  Help me understand --
13    A.  -- we amended our invitation to the Florida
14 architectural conference to go to REO training the day
15 before -- the weekend before the architectural
16 conference occurred.
17    Q.  Is --
18    A.  I don't know about the date written in there.
19    Q.  And, I guess, what I'm wondering, is there a
20 document -- you say you've amended the invitation, so it
21 sounds like there's something in writing that you sent
22 to the Florida architectural conference?
23    A.  No.  We called them and told them we would not
24 be able to present.

Page 200

1     Q.  So if you look at -- and you're welcome to
2  look back at 6424A -- there is no activity occurring in
3  2013, except for one presentation you made for 40
4  minutes in August of 2013.
5     So help me put this together.
6     Why is that a lost opportunity as a result of
7  the Deutsche Bank investigation?
8     A.  Let me find -- what's the document 6424A?
9     Q.  Yes.
10    A.  Okay.  What's the question again?
11    Q.  What occurred -- what was occurring in 2013
12 that kept Continuum from participating in the 2013
13 Florida architectural conference?
14    A.  I believe when I saw that calendar yesterday
15 it said it was next to the same dates that we were going
16 to do our REO tester training.
17    Q.  Well, you see -- I mean, we've already gone
18 through, on the first page of 6424A, the three days of
19 training that occurred in May of 2012, right?
20    A.  Mm-hmm.
21    Q.  Is it your testimony that there was additional
22 training in 2013?
23    A.  No, I'm not sure.  But I think as written in
24 the interrogatories the year is wrong.  I think the year

Page 257

1  other lenders that you looked that had deficiencies
2  that, you know, you viewed as deficiencies. So things
3  like the Wells Fargo properties, I think you described,
4  you know, really had an impact on you and some of those
5  other properties.
6      In your experience, were there any
7  differentiators or any differences between lenders or
8  servicers and how they maintained properties?
9      A.  I certainly couldn't differentiate them, no.
10     MS. KRIGSTEN: Well, I think at this point, we
11 don't have further questions for today.
12     Steve, I am, as you predicted, wanting to
13 leave this open because I think there are documents that
14 we need to review and we may need to come back to
15 doctor -- or to Mr. Baad. So -- but I don't have
16 anything more for today.
17     MR. DANE: Okay. I hear you.
18     MS. KRIGSTEN: Got it. We'll follow up with you.
19     MR. DANE: All right.
20     MS. KRIGSTEN: Mr. Baad, thank you, appreciate your
21 time today.
22     THE WITNESS: Thank you. I apologize for my
23 portion where I got a little emotional, but I remember
24 going into some of those houses.

Page 258

1      MS. KRIGSTEN: I understand.
2      MR. DANE: David, we're going to talk with the
3  court reporter for a while, but you can go either
4  prepare or eat dinner.
5      (Discussion off the record.)
6      THE STENOGRAPHER: And, Ms. Krigsten, you will be
7  doing the original order and your regular repeat order?
8      MS. KRIGSTEN: Yes. We don't need an accelerated
9  order, just the regular.
10     THE STENOGRAPHER: Very good.
11     And, Mr. Dane, the same and usual arrangements
12 for signature?
13     MR. DANE: Yeah. We're reserving signature for
14 review, and we'll also take whatever copies Ms. Soule
15 orders.
16     THE STENOGRAPHER: Thank you.
17     And, Ms. Norris, same copy order for you?
18     MS. NORRIS: Yes. Thank you.
19     THE STENOGRAPHER: And same order for you
20 Mr. Rademacher?
21     MR. RADEMACHER: Yeah, yeah.
22     THE STENOGRAPHER: Thank you. The time is
23 5:21 p.m., and we are off the record.
24     (Witness excused.)

Page 259

1       IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
2                EASTERN DIVISION
3  NATIONAL FAIR HOUSING     )
4  ALLIANCE; HOPE FAIR HOUSING )
   CENTER, et al.,           )
5                            )
                             )
6       Plaintiffs,  )
                             )
7       vs.          ) No. 1:18-cv-00839
                             )
8  DEUTSCHE BANK NATIONAL    )
   TRUST, as trustee, et al.,   )
9                            )
                             )
10      Defendants.  )
11
12     I, DAVID BAADE, state that I have read the
   foregoing transcript of the testimony given by me at my
13 remote deposition -- Rule 30(b)(6) deposition on behalf
   of Fair Housing Continuum -- on the 3rd day of
14 November, 2021, and that said transcript constitutes a
   true and correct record of the testimony given by me at
15 the said deposition except as I have so indicated on the
   errata sheets provided herein.
16
17    _____
18          DAVID BAADE
19 No corrections (Please initial) _____
   Number of errata sheets submitted ____ (pgs.)
20
   SUBSCRIBED AND SWORN to
21 before me this _____ day
   of _____, _____.
22
23 _____
        NOTARY PUBLIC
24

Page 260

1  UNITED STATES OF AMERICA    )
   NORTHERN DISTRICT OF ILLINOIS )
2  EASTERN DIVISION            ) SS.
   STATE OF ILLINOIS           )
3  COUNTY OF COOK              )
4
5      I, April M. Metzler, Certified Shorthand
6  Reporter, Registered Merit Reporter, Certified Realtime
7  Reporter, and Notary Public, do hereby certify that
8  DAVID BAADE was first duly sworn by me to testify to the
9  whole truth and that the above remote deposition was
10 reported stenographically by me and reduced to
11 typewriting under my personal direction.
12     I further certify that the said deposition was
13 taken at the time and place specified and that the
14 taking of said deposition commenced on the 3rd day of
15 November, 2021, at 9:00 a.m. CST.
16     I further certify that I am not a relative or
17 employee or attorney or counsel of any of the parties,
18 nor a relative or employee of such attorney or counsel,
19 nor financially interested directly or indirectly in
20 this action.

```
                                                    Page 261
 1      In witness whereof, I have hereunto set my
 2   hand and affixed my seal of office at Chicago, Illinois,
 3   this 16th of November, 2021.
 4
 5
 6
 7
                  _____
 8                APRIL M. METZLER, CSR, RMR, CRR, CRC, FCRR
                  180 North LaSalle Street
 9                Suite 2800
                  Chicago, Illinois 60601
10                Phone:  (312) 236-6936
11
        CSR No. 084-004394
12
13
14
15
16
17
18
19
20
21
22
23
24
```