# EXHIBIT 4

## Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL FAIR HOUSING     )
ALLIANCE; HOPE FAIR HOUSING   )
CENTER, et al.,           )
                          )
                          )
        Plaintiffs,   )
                          )
    vs.          ) No. 1:18-cv-00839
                          )
DEUTSCHE BANK NATIONAL    )
TRUST, as trustee, et al.,   )
                          )
                          )
        Defendants.   )

    The Fed. R. Civ. P. Rule 30(b)(6) deposition on behalf of Central Ohio Fair Housing Association, called by the Defendants for examination, taken remotely pursuant to notice and pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before April M. Metzler, Certified Shorthand Reporter, Registered Merit Reporter, Certified Realtime Reporter, and Notary Public, at Dayton, Ohio, commencing at 9:32 a.m. CST on the 14th day of March, 2022.

## Page 2

APPEARANCES:

DANE LAW LLC
MR. STEPHEN DANE
312 Louisiana Avenue
Perrysburg, Ohio 43551
Phone: (419) 873-1814
E-Mail: sdane@fairhousinglaw.com

    On behalf of the Plaintiffs,
    appeared remotely;

DENTONS US LLP
MS. SARAH HANNAH PHILLIPS
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
E-Mail: sarahhannah.phillips@dentons.com
    On behalf of the Defendant,
    Altisource Solutions, Inc.,
    appeared remotely;

MORGAN, LEWIS & BOCKIUS, LLC
MR. VICTOR H. CRUZ
1717 Main Street
Suite 3200
Dallas, Texas 75201
Phone: (214) 466-4000
E-Mail: victor.cruz@morganlewis.com
    On behalf of Defendants,
    Deutsche Bank National Trust, as trustee, and
    Deutsche Bank Trust Company Americas,
    appeared remotely;

## Page 3

APPEARANCES (Continued):
MAYER BROWN LLP
MS. DEBRA L. BOGO-ERNST
MR. WILLIAM J. McELHANEY, III
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 782-0600
E-Mail: dernst@mayerbrown.com
E-Mail: wmcelhaney@mayerbrown.com

    On behalf of Defendant,
    Ocwen Loan Servicing, LLC,
    appeared remotely.

    \* \* \* \* \* \*

## Page 4

I N D E X

WITNESS                                    PAGE
JAMES McCARTHY

    Direct Examination By Mr. McElhaney........ 7


E X H I B I T S
DEPOSITION EXHIBIT                         PAGE

5263 (NFHA Trainings)...................... 178
5778 (NFHA REO Database Guidelines)........ 182
5794 (Letter).............................. 88
5816 (Interrogatory Responses)............. 37
5816 (Plaintiffs' Interrogatory Responses). 123
5939 (Miami Valley's Tax Return)........... 123
5955 (Photo Protocol)...................... 185
5956 (NFHA Methodology).................... 185
6091 (Worksheet)........................... 44
6102 (Investigation Glossary).............. 199
6310 (Notice of Deposition)................ 13

Page 157

1  talking. So, I guess, but I have not counted how many
2  between the incorporation of the organization and
3  June 23rd, 2016. So I'm hesitant to say "the majority."
4     Q. Right.
5     A. Done some --
6        (Multiple speakers simultaneously
7         speaking.)
8  BY THE WITNESS:
9     A. Yes.
10    Q. So even though that you -- that you had
11 evidence that NFHA believed was sufficient to be
12 included in four complaints, you chose to still only
13 apportion time between these three entities -- the three
14 entities being Bank of America, Fannie, and Deutsche
15 Bank?
16    A. We did, but that the decision was made much
17 later than these emails were written.
18    Q. So going back to Exhibit 5816, page -- do you
19 have that open still, or --
20    A. I didn't leave it open, but I will grab it
21 real quick.
22    Q. Oh, yeah. No rush.
23    A. Okay. I have it.
24       Which page?

Page 158

1     Q. 58.
2     A. All right.
3     Q. On the middle of page 58, there's a section
4  entitled: COFHA frustration of mission. That says:
5  Deutsche Bank has frustrated plaintiffs' mission since
6  at least 2014. Right?
7     A. Yes.
8     Q. And then a little bit later on, it lists -- it
9  states: Deutsche Bank's discriminatory maintenance and
10 marketing practices frustrated plaintiffs' missions and
11 goals of -- along with a list of four bullet points.
12 Right?
13    A. Yes.
14    Q. Do you have any records that show that each of
15 the listed items in this section are related to Deutsche
16 Bank REO properties specifically?
17    A. No.
18    Q. What proof do you have that Deutsche Bank's
19 alleged discriminatory maintenance frustrated its
20 missions and goals?
21    A. Well, we're alleging that the blight on the
22 neighborhoods caused by the poor maintenance, and the
23 lack of marketing made those neighborhoods more
24 segregated, made people not want to move there, not want

Page 159

1  to invest there, and kept them, you know -- certainly
2  did not invite homeowners, maybe attractive investors
3  that could come and scoop them up for a song, but it
4  reinforced the segregation that's there.
5        It affected communities of color. So it made
6  our job harder and our goals harder to achieve.
7     Q. Have you calculated a precise amount of
8  damages for frustration of mission?
9     A. No.
10    Q. What evidence do you intend to give to an
11 expert witness to support these damages?
12    A. I don't know. We haven't settled upon that
13 yet.
14    Q. So if you could go to page 59, there's another
15 list of four bullet points. And that list says:
16 Deutsche Bank's discriminatory maintenance and marketing
17 practices undermine plaintiffs' efforts to advance its
18 missions and goals through education, advocacy, and
19 training programs -- following with a list.
20       Do you have any evidence or records that show
21 that the Deutsche Bank investigation stopped COFHA from
22 meeting any of these four bullet points -- or sorry --
23 attempting to complete any of these -- the actions in
24 these four bullet points?

Page 160

1     A. These were things that we thought would be the
2  things to undertake to address the problems of REOs and
3  the lack of equal treatment between the neighborhoods.
4  I don't have anything that points directly to Deutsche
5  Bank, no.
6     Q. So, for instance, there's a bullet point
7  that's training industry stakeholders on REO bench
8  practices.
9     A. Yes.
10    Q. What stakeholders would that entail, like,
11 what stakeholders are being included in that?
12    A. Well, the companies that would be hired to
13 maintain and market and the people doing the hiring of
14 those companies, for one.
15    Q. The fourth bullet point is: Education of
16 community members re foreclosure, home ownership, and
17 neighborhood stabilization.
18    A. Yes.
19    Q. Previously we talked about a series of
20 community meetings that COFHA attended. Were none of
21 topics addressed in those meetings?
22    A. No. They may have been addressed -- they may
23 well have been addressed in those meetings.
24    Q. So is your contention that COFHA would have

Page 221

```
 1      IN THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
 2              EASTERN DIVISION
 3
    NATIONAL FAIR HOUSING    )
 4  ALLIANCE; HOPE FAIR HOUSING )
    CENTER, et al.,           )
 5                            )
                              )
 6       Plaintiffs,          )
                              )
 7       vs.                  ) No. 1:18-cv-00839
                              )
 8  DEUTSCHE BANK NATIONAL    )
    TRUST, as trustee, et al., )
 9                            )
                              )
10       Defendants.          )
11
12      I, JAMES McCARTHY, state that I have read the
    foregoing transcript of the testimony given by me at my
13  remote deposition -- Rule 30(b)(6) deposition on behalf
    of Central Ohio Fair Housing Association -- on the
14  14th day of March, 2022, and that said transcript
    constitutes a true and correct record of the testimony
15  given by me at the said deposition except as I have so
    indicated on the errata sheets provided herein.
16
17
           _____
18             JAMES McCARTHY
19  No corrections (Please initial) _____
    Number of errata sheets submitted ____ (pgs.)
20
    SUBSCRIBED AND SWORN to
21  before me this _____ day
    of _____, ____.
22
23  _____
           NOTARY PUBLIC
24
```

Page 222

```
 1  UNITED STATES OF AMERICA   )
    NORTHERN DISTRICT OF ILLINOIS )
 2  EASTERN DIVISION           ) SS.
    STATE OF ILLINOIS          )
 3  COUNTY OF COOK             )
 4
 5      I, April M. Metzler, Certified Shorthand
 6  Reporter, Registered Merit Reporter, Certified Realtime
 7  Reporter, and Notary Public, do hereby certify that
 8  JAMES McCARTHY was first duly sworn by me to testify to
 9  the whole truth and that the above remote deposition was
10  reported stenographically by me and reduced to
11  typewriting under my personal direction.
12      I further certify that the said deposition was
13  taken at the time and place specified and that the
14  taking of said deposition commenced on the 14th day of
15  March, 2022, at 9:32 a.m. CST.
16      I further certify that I am not a relative or
17  employee or attorney or counsel of any of the parties,
18  nor a relative or employee of such attorney or counsel,
19  nor financially interested directly or indirectly in
20  this action.
21
22
23
24
```

Page 223

```
 1      In witness whereof, I have hereunto set my
 2  hand and affixed my seal of office at Chicago, Illinois,
 3  this 7th of April, 2022.
 4
 5
 6
 7
           _____
 8      APRIL M. METZLER, CSR, RMR, CRR, CRC, FCRR
        180 North LaSalle Street
 9      Suite 2800
        Chicago, Illinois 60601
10      Phone:  (312) 236-6936
11
    CSR No. 084-004394
12
```