# EXHIBIT 5

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL FAIR HOUSING       )
ALLIANCE; HOPE FAIR HOUSING )
CENTER, et al.,             )
                            )
                            )
        Plaintiffs,         )
                            )
    vs.                     ) No. 1:18-cv-00839
                            )
DEUTSCHE BANK NATIONAL      )
TRUST, as trustee, et al.,  )
                            )
                            )
        Defendants.         )

The Fed. R. Civ. P. Rule 30(b)(6) deposition on behalf of Metropolitan Milwaukee Fair Housing Council, called by the Defendants for examination, taken remotely pursuant to notice and pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before April M. Metzler, Certified Shorthand Reporter, Registered Merit Reporter, Certified Realtime Reporter, and Notary Public, at Milwaukee, Wisconsin, commencing at 9:02 a.m. CST on the 4th day of March, 2022.

Page 2

APPEARANCES:
    DANE LAW LLC
    MR. STEPHEN DANE
    312 Louisiana Avenue
    Perrysburg, Ohio 43551
    Phone: (419) 873-1814
    E-Mail: sdane@fairhousinglaw.com

        On behalf of the Plaintiffs,
        appeared remotely;
    RELMAN COLFAX PLLC
    MS. GEMMA DONOFRIO
    1225 19th Street, N.W.
    Suite 600
    Washington, District of Columbia 20036
    Phone: (202) 728-1888
    E-Mail: gdonofrio@relmanlaw.com
        On behalf of the Plaintiffs,
        appeared remotely;

    DENTONS US LLP
    MR. CODY WOOD
    4520 Main Street
    Suite 1100
    Kansas City, Missouri 64111
    Phone: (816) 460-2400
    E-Mail: cody.n.wood@dentons.com

        On behalf of Defendant,
        Altisource Solutions, Inc.,
        appeared remotely;

Page 3

APPEARANCES (Continued):
    MORGAN, LEWIS & BOCKIUS, LLC
    MS. JANNA A. JOASSAINTE
    101 Park Avenue
    New York, New York 10178
    Phone: (212) 309-6000
    E-Mail: janna.joassainte@morganlewis.com

        On behalf of Defendants,
        Deutsche Bank National Trust, as trustee, and
        Deutsche Bank Trust Company Americas,
        appeared remotely;
    MAYER BROWN LLP
    MS. DEBRA L. BOGO-ERNST
    MS. JACEY D. NORRIS
    71 South Wacker Drive
    Chicago, Illinois 60606
    Phone: (312) 782-0600
    E-Mail: dernst@mayerbrown.com
    E-Mail: jnorris@mayerbrown.com

        On behalf of Defendant,
        Ocwen Loan Servicing, LLC,
        appeared remotely.

ALSO PRESENT:

    Ms. Megan Wanke,
    Metropolitan Milwaukee Fair Housing Council,
    attended remotely

            * * * * * *

Page 4

I N D E X

WITNESS                                    PAGE

WILLIAM ROBERT TISDALE

    Direct Examination By Ms. Norris.......... 7

Page 145

1  Q. I'm sorry.
2      Yes. You described a number of different
3  things in your answer about how your mission was
4  frustrated, correct?
5  A. Yes.
6  Q. Is there a place that I can see a list of all
7  of that? Has that been written down anywhere?
8  A. Other than in our complaint, I expected to
9  testify to and elaborate on what those things meant. No
10 there's not a list.
11 Q. And what documents have you produced or
12 provided to your counsel in support of your frustration
13 of mission damages?
14 A. We provided our responses to the
15 interrogatory, which is what I verbally have provided
16 during this deposition.
17 Q. So what specifically?
18     There are a number of bullet points under the
19 frustration of mission section here, right?
20     And the first bullet point says: From
21 8/21/2012 to present, plaintiffs programs and activities
22 included home ownership promotion.
23 A. Yes.
24 Q. Were all of those -- Strike that.

Page 146

1      You indicated earlier that Metro Milwaukee
2  hasn't come up with a dollar figure for its frustration
3  of mission damages, right?
4  A. Yes.
5  Q. Do you know how you plan to calculate a dollar
6  figure for each of the items we just discussed?
7  A. Those calculations will be developed with
8  counsel from our general -- I keep saying "general
9  counsel" -- our project counsel, and counsel given this
10 case, as well as experts that we have working on other
11 evidence.
12 Q. If we scroll down to page 161, there's a
13 section for lost opportunities.
14     Do you see that?
15 A. That's page ...
16 Q. It's 161 of the PDF, 116 is the page number at
17 the bottom. And can you tell me who identified the lost
18 opportunities listed here?
19 A. That was the Fair Housing Council.
20 Q. And was it anyone specific at the Fair Housing
21 Council?
22 A. That would be myself, Carla Wertheim, and that
23 would be -- those would be the people I recall putting
24 this together -- this claim together, this response

Page 147

1  together.
2  Q. What documentation is there supporting these
3  lost opportunities?
4  A. Documentation is -- that's the problem. We
5  don't have documentation that documents frustration
6  based on the information that are provided, because the
7  lost opportunities deal with pulling the people out
8  of -- pulling people out of the assignments that would
9  have led to these opportunities.
10 Q. How do we know what portion of your REO work
11 related to Deutsche Bank contributed to these lost
12 opportunities?
13 A. At this point, the frustration calculation
14 would be made by our experts and by -- with consultation
15 with our attorneys.
16 Q. So sitting here today, that's not a number you
17 can provide to me?
18 A. That's correct.
19 Q. Who determined that Metro Milwaukee didn't
20 have time to seize these opportunities?
21 A. The organization, that would be me and our
22 executive vice president.
23 Q. Is there any record supporting those
24 decisions?

Page 148

1  A. No.
2  Q. How were those decisions made?
3  A. Based on our assessment of what activities
4  were priorities for us, as far as carrying our mission
5  out, and the potential for -- potential for attracting
6  more revenue, identifying additional volunteers for our
7  outreach and education programs, all of those came into
8  play as to what we would have liked to have been doing
9  instead of investigating Deutsche Bank's properties
10 after the many opportunities Deutsche Bank had not to be
11 on this list of defendants.
12 Q. Were any of those assessments written or were
13 those oral?
14 A. Oral.
15 Q. Has Metro Milwaukee put a dollar figure on its
16 lost opportunity damages?
17 A. Not at this point, no.
18 Q. If we go down to the next page, which is 162,
19 towards the bottom there's a section titled: Community
20 outreach.
21     Do you see that?
22 A. Yes.
23 Q. And this section just says: Plaintiffs'
24 summary of diversion of resources will reflect staff

Page 161

1  Sometimes we don't have enough time to talk
2  about REOs, given other topics the individual
3  organization might be interested in. So if we have the
4  time, we use the PowerPoint; but that's not the basis of
5  our presentation.
6      Q. Has documentation -- and I apologize if I've
7  already asked this.
8      But has documentation been provided to your
9  counsel related to all of the events where you discussed
10 REO?
11     A. We provided them with all the information we
12 were asked to provide.
13     Q. Well, asking now, does that include every
14 PowerPoint presentation that you had related to REO?
15     A. Yes. We only have one PowerPoint presentation
16 related to REO.
17     Q. And is that the presentation we looked at
18 earlier today?
19     A. Yes.
20     Q. And as we discussed earlier, that presentation
21 doesn't specifically discuss Deutsche Bank properties,
22 right?
23     A. No, it does not.
24     Q. Has Metro Milwaukee put a dollar figure on its

Page 162

1  community outreach damages?
2      A. No.
3      Q. But as we discussed, those would be included
4  on the diversion log with the understanding the
5  diversion log will be updated over time?
6      A. That would be diversion log, also it may also
7  be included -- some of those activities may be included
8  in our frustration of mission calculations.
9      MS. NORRIS: Okay. Mr. Tisdale, I think that may
10 be all of the questions that I have for you at this
11 time.
12     Let's go off the record for a second and see
13 if either of the codefendants' want to ask questions now
14 or if they'd like to wait.
15         (Discussion off the record.)
16         (Witness excused.)

Page 163

1  IN THE UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF ILLINOIS
2          EASTERN DIVISION
3
   NATIONAL FAIR HOUSING      )
4  ALLIANCE; HOPE FAIR HOUSING )
   CENTER, et al.,            )
5                             )
                              )
6         Plaintiffs,  )
                              )
7      vs.        ) No. 1:18-cv-00839
                              )
8  DEUTSCHE BANK NATIONAL     )
   TRUST, as trustee, et al., )
9                             )
                              )
10        Defendants.  )
11
12     I, WILLIAM ROBERT TISDALE, state that I have
   read the foregoing transcript of the testimony given by
13 me at my remote deposition -- Rule 30(b)(6) deposition
   on behalf of Metropolitan Milwaukee Fair Housing
14 Council -- on the 4th day of March, 2022, and that said
   transcript constitutes a true and correct record of the
15 testimony given by me at the said deposition except as I
   have so indicated on the errata sheets provided herein.
16
17     _____
18         WILLIAM ROBERT TISDALE
19 No corrections (Please initial) _____
   Number of errata sheets submitted ____ (pgs.)
20
   SUBSCRIBED AND SWORN to
21 before me this _____ day
   of _____, ____.
22
23 _____
       NOTARY PUBLIC
24

Page 164

1  UNITED STATES OF AMERICA    )
   NORTHERN DISTRICT OF ILLINOIS )
2  EASTERN DIVISION            ) SS.
   STATE OF ILLINOIS           )
3  COUNTY OF COOK              )
4
5      I, April M. Metzler, Certified Shorthand
6  Reporter, Registered Merit Reporter, Certified Realtime
7  Reporter, and Notary Public, do hereby certify that
8  WILLIAM ROBERT TISDALE was first duly sworn by me to
9  testify to the whole truth and that the above remote
10 deposition was reported stenographically by me and
11 reduced to typewriting under my personal direction.
12     I further certify that the said deposition was
13 taken at the time and place specified and that the
14 taking of said deposition commenced on the 4th day of
15 March, 2022, at 9:02 a.m. CST.
16     I further certify that I am not a relative or
17 employee or attorney or counsel of any of the parties,
18 nor a relative or employee of such attorney or counsel,
19 nor financially interested directly or indirectly in
20 this action.

Page 165

1   In witness whereof, I have hereunto set my
2   hand and affixed my seal of office at Chicago, Illinois,
3   this 15th of March, 2022.
4
5
6
7
    _____
8   APRIL M. METZLER, CSR, RMR, CRR, CRC, FCRR
    180 North LaSalle Street
9   Suite 2800
    Chicago, Illinois 60601
10  Phone: (312) 236-6936
11
    CSR No. 084-004394
12
13
14
15
16
17
18
19
20
21
22
23
24