# EXHIBIT 1

 Outlook

---

## NFHA, et al. v. Deutsche Bank National Trust, et al.

---

**From** Jennifer Soule <jsoule@sbllegal.com>

**Date** Fri 11/18/2022 3:58 PM

**To** 'kenneth.kliebard_morganlewis.com' <kenneth.kliebard@morganlewis.com>; Papay, Kevin M. <kevin.papay@morganlewis.com>; 'Rademacher, Kurt William' <kurt.rademacher@morganlewis.com>; 'Cruz, Victor H.' <victor.cruz@morganlewis.com>; 'Monteiro, David I.' <david.monteiro@morganlewis.com>; michael.fakhoury@morganlewis.com <michael.fakhoury@morganlewis.com>; Garroway, Nathan L. <nathan.garroway@dentons.com>; Krigsten, Lisa M. <lisa.krigsten@dentons.com>; Shin, Shannon Y. <shannon.shin@dentons.com>; Wood, Cody N. <cody.n.wood@dentons.com>; Grabowski, Adriana <adriana.grabowski@dentons.com>; Sostrin, Matthew <MSostrin@mayerbrown.com>; McElhaney III, William J. <WMcElhaney@mayerbrown.com>; Holifield, Lucy L. <LHolifield@mayerbrown.com>; 'dernst_mayerbrown.com' <DErnst@mayerbrown.com>; 'Norris, Jacey D.' <JNorris@mayerbrown.com>

**Cc** Jennifer Soule <jsoule@sbllegal.com>; Kelly Lambert <klambert@sbllegal.com>; Jim Bradtke <jbradtke@sbllegal.com>; Steven Schneck <sschneck@sbllegal.com>; Stephen Dane <sdane@fairhousinglaw.com>; 'Yiyang Wu' <ywu@relmanlaw.com>; 'Reed Colfax' <rcolfax@relmanlaw.com>; Lila Miller <lmiller@relmanlaw.com>; Soohyun Choi <schoi@relmanlaw.com>; Rebecca Livengood <rlivengood@relmanlaw.com>; Jennifer Klar <jklar@relmanlaw.com>; Ted Olds <tolds@relmanlaw.com>; Gemma Donofrio <gdonofrio@relmanlaw.com>; Maggie McKernin <office@sbllegal.com>

---

📎 4 attachments (1 MB)

Plaintiffs' 11-18-22 Amended Rule 26(a)(1) Disclosures.pdf; Pltfs 11-18-22 Amd Answers to AS 4-29-22 RFAs.pdf; Supplemental Expert Report of Stacy Seicshnaydre 11-18-22.pdf; Pltfs 11-18-22 Amd Resp to AS 4-29-22 Supp Rog.pdf;

Dear Counsel:

Pursuant to our recent F.R.C.P. 37 conferences, please find attached Plaintiffs' Amended Responses to Altisource's Requests For Admission.

Pursuant to various Rule 37 letters and conferences, including our response to Altisource's letter dated October 17, 2022 and discussion between the parties at our conference on November 3, 2022, please also find attached (a) Plaintiffs' Amended Responses to Altisource's April 29, 2022 Interrogatories, (b) the Supplemental Expert Report of Stacy Seicshnaydre, and (c) Plaintiffs Amended Initial Disclosures (as to damages).

Please also find a link to a supplemental production of documents related to the amended responses to Altisource's interrogatories:  (a) certain salary and compensation-related documents, (COMP 1 – COMP 585) and (b) information from the Fannie Mae REO litigation related to Interrogatories Nos. 4 -7.  (FAN 1 – FAN 182).  The link below also includes NFHA's IRS Form 990s, (NFHA 72806 – NFHA 73255) referenced in the supplemental Seicshnaydre report (and publicly available but produced here for your convenience).

Link: https://relmandanecolfax.box.com/s/6r6ybwv1sb83zlyiby08ncdfumymclem
Password: DofQGSUg
Bates Ranges: COMP_000001 – COMP_000585, FAN_000001 – FAN_000182, NFHA_0072730 – NFHA_0073255

Sincerely,

Jennifer K. Soule

Soule, Bradtke & Lambert
402 Campbell Street, Suite 100
Geneva, Illinois 60134
P: 630.333.9144
F: 630.607.0266
Email: JSoule@sbllegal.com
www.soulebradtkeandlambert.com

**CONFIDENTIAL AND PRIVILEGED:** This email message (including any attachments hereto) contains information which may be confidential and attorney-client privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone this message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete this message.

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA. | Case No. 18 CV 839<br><br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier<br><br>Jury Trial Demanded |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC; and ALTISOURCE SOLUTIONS, INC. | |
| Defendants. | |

## PLAINTIFFS' AMENDED RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs National Fair Housing Alliance ("NFHA"), Fair Housing Advocates of Northern California ("FHANC"), Central Ohio Fair Housing Association ("COFHA"), Connecticut Fair Housing Center ("CFHC"), Denver Metro Fair Housing Center ("DMFHC"), Fair Housing Center of Central Indiana ("FHCCI"), Fair Housing Center of the Greater Palm Beaches ("FHCGPB"), Fair Housing Center of West Michigan ("FHCWM"), Fair Housing Continuum, Greater New Orleans Fair Housing Action Center ("GNOFHAC"), HOPE Fair Housing Center, Housing Opportunities Made Equal of Virginia ("HOME of Virginia"), Housing Opportunities Project for Excellence, Inc. ("HOPE, Inc."), Fair Housing Center for Rights and Research ("FHCRR"), the Miami Valley Fair Housing Center ("MVFHC"), Metropolitan Milwaukee Fair Housing Council ("MMFHC"), North Texas Fair Housing Center ("NTFHC"), Open Communities, South Suburban Housing Center ("SSHC"), and Fair Housing Opportunities of Northwest Ohio ("FHONWO") (collectively, "Plaintiffs") make the following amended disclosures to all Defendants. Plaintiffs reserve the right to further supplement or amend these disclosures as appropriate.

## Individuals Likely to Have Discoverable Information – Rule 26(a)(1)(A)(i)

Plaintiffs incorporate their September 30, 2021 letter, attached as Exhibit 1, identifying key witnesses from the Plaintiff organizations on whom they intended to rely.  Plaintiffs also incorporate their January 21, 2022 and June 28, 2022 amended responses to Defendants' Interrogatory No. 1, Exhibit A, listing witnesses and incorporate their letters, attached as Exhibit 2, dated January 13, 2022, March 11, 2022, and May 4, 2022, disclosing third-party Declarants. In accord with the information presented to the Court on June 7, 2022, Plaintiffs also disclose as individuals on whom they may rely any witness deposed by any party in their individual,

- 1 -

corporate, or expert capacity. (Ex. 3, list of deposed individuals, subject to the Court's ruling of April 12, 2022, ECF 229).

Plaintiffs identify the following individuals likely to have discoverable information and/or that Plaintiffs may use to support their claims or defenses.

1. Shanti Abendin, former National Fair Housing Alliance, ("NFHA") Director of Inclusive Communities. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and NFHA's claims and damages, including NFHA's diversion of resources and frustration of mission.

2. Lindsay Augustine, NFHA Associate Director of Enforcement and Investigations. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and NFHA's claims and damages, including NFHA's diversion of resources and frustration of mission.

3. Cat Cloud, NFHA Chief Operating Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and NFHA's claims and damages, including NFHA's diversion of resources and frustration of mission.

4. Lisa Rice, NFHA President and Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and NFHA's claims and damages, including NFHA's diversion of resources and frustration of mission.

5. Shanna Smith, NFHA Consultant and former NFHA President and Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and NFHA's claims and damages, including NFHA's diversion of resources and frustration of mission.

6. Caroline Peattie, Fair Housing Advocates of Northern California ("FHANC") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHANC into Defendants' REO practices and FHANC's claims and damages, including FHANC's diversion of resources and frustration of mission.

7. Jim McCarthy, Central Ohio Fair Housing Association ("COFHA") President/Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by COFHA into Defendants' REO practices and COFHA's claims and damages, including COFHA's diversion of resources and frustration of mission.

8. Erin Kemple, Connecticut Fair Housing Center, ("CFHC") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by CFHC into Defendants' REO practices and CFHC's claims and damages, including CFHC's diversion of resources and frustration of mission.

9. Maria Cuerda, CFHC Testing Coordinator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by CFHC into Defendants' REO practices and CFHC's claims and damages, including CFHC's diversion of resources and frustration of mission. Involved with site visits and assessments.

10. James Dresser, CFHC Testing Coordinator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by CFHC into Defendants' REO practices and CFHC's claims and damages, including CFHC's diversion of resources and frustration of mission. Involved with site visits and assessments.

11. Veronica Barela, Denver Metro Fair Housing Center, ("DMFHC") Executive Director/Board member. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by DMFHC into Defendants' REO practices and DMFHC's claims and damages, including DMFHC's diversion of resources and frustration of mission.

12. Arturo Alvarado, DMFHC former Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by DMFHC into Defendants' REO practices and DMFHC's claims and damages, including DMFHC's diversion of resources and frustration of mission.

13. Janeth Juarez, DMFHC Fair Housing Enforcement Specialist. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by DMFHC into Defendants' REO practices and DMFHC's claims and damages, including DMFHC's diversion of resources and frustration of mission.

14. Amy Nelson, Fair Housing Center of Central Indiana, (FHCCI") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and FHCCI's claims and damages, including FHCCI's diversion of resources and frustration of mission.

15. Vince Larkins, Fair Housing Center of the Greater Palm Beaches, ("FHCFPB") President/Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and FHCGPB's claims and damages, including FHCGPB's diversion of resources and frustration of mission.

16. Jennifer Perez, FHCGPB Fair Housing Specialist/Testing Coordinator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and FHCGPB's claims and damages, including FHCGPB's diversion of resources and frustration of mission.

17. Nancy Haynes, Fair Housing Center of West Michigan, ("FHCWM") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHCWM into Defendants' REO practices and FHCWM's claims and damages, including FHCWM's diversion of resources and frustration of mission.

18. Elizabeth Stoddard, FHCWM Director of Advocacy. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHCWM into Defendants' REO practices and FHCWM's claims and damages, including FHCWM's diversion of resources and frustration of mission.

19. Gabe Chapla, FHCWM Test Coordinator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHCWM into Defendants' REO practices and FHCWM's claims and damages, including FHCWM's diversion of resources and frustration of mission.

20. David Baade, Fair Housing Continuum President/Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and Fair Housing Continuum's claims and damages, including Fair Housing Continuum's diversion of resources and frustration of mission.

21. A.D. Escander, Fair Housing Continuum REO Test Coordinator/Fair Housing Specialist. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and Fair Housing Continuum's claims and damages, including Fair Housing Continuum's diversion of resources and frustration of mission.

22. Cashuana Hill, Greater New Orleans Fair Housing Action Center, ("GNOFHAC") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and GNOFHAC's claims and damages, including GNOFHAC's diversion of resources and frustration of mission.

23. Elizabeth Owen, GNOFHAC Director of Advocacy. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and GNOFHAC's claims and damages, including GNOFHAC's diversion of resources and frustration of mission.

24. Michelle Morgan, GNOFHAC Coordinator of Investigations. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and GNOFHAC's claims and damages, including GNOFHAC's diversion of resources and frustration of mission.

25. Ren Corrigan, GNOFHAC Education and Outreach Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO

practices and GNOFHAC's claims and damages, including GNOFHAC's diversion of resources and frustration of mission.

26. Maxwell Ciardullo, GNOFHAC Director of Policy and Communication. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and GNOFHAC's claims and damages, including GNOFHAC's diversion of resources and frustration of mission.

27. Anne Houghtaling, HOPE Fair Housing Center, ("HOPE") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOPE's claims and damages, including HOPE's diversion of resources and frustration of mission.

28. Kamal Ganjalikhani, former HOPE Data Analyst/Outreach Coordinator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOPE's claims and damages, including HOPE's diversion of resources and frustration of mission.

29. Heather Crislip, Housing Opportunities Made Equal of Virginia, ("HOME of Virginia") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOME of Virginia's claims and damages, including HOME of Virginia's diversion of resources and frustration of mission.

30. Michael Burnette, HOME of Virginia Director of Communications. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOME of Virginia's claims and damages, including HOME of Virginia's diversion of resources and frustration of mission.

31. Brian Kozoil, HOME of Virginia Director of Research. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOME of Virginia's claims and damages, including HOME of Virginia's diversion of resources and frustration of mission.

32. Keenya Robertson, Housing Opportunities Project for Excellence, Inc., ("HOPE, Inc.") President & Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOPE, Inc.'s claims and damages, including HOPE, Inc.'s diversion of resources and frustration of mission.

33. Daniel Howe, HOPE, Inc. Vice President/Fair Lending Initiative Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and HOPE, Inc.'s claims and damages, including HOPE, Inc.'s diversion of resources and frustration of mission.

34. Kris Keniray, Fair Housing Center for Rights and Research, ("FHCRR") Associate Director.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by FHCCR into Defendants' REO practices and FHCRR's claims and damages, including FHCRR's diversion of resources and frustration of mission.

35. Carrie Pleasants, FHCRR Executive Director.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by FHCCR into Defendants' REO practices and FHCRR's claims and damages, including FHCRR's diversion of resources and frustration of mission.

36. Michael Lepley, FHCRR Senior Research Associate.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by FHCRR into Defendants' REO practices and FHCRR's claims and damages, including FHCRR's diversion of resources and frustration of mission.  Involved with site visits and assessments.

37. Doris Honsa, FHCRR Tester.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by FHCRR into Defendants' REO practices and FHCRR's claims and damages, including FHCRR's diversion of resources and frustration of mission.  Involved with site visits and assessments.

38. Jim McCarthy, Miami Valley Fair Housing Center, ("MVFHC") President/Chief Executive Officer.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by MVFHC into Defendants' REO practices and MVFHC's claims and damages, including MVFHC's diversion of resources and frustration of mission.

39. William Tisdale, Metropolitan Milwaukee Fair Housing Council, ("MMFHC") President and Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and MMFHC's claims and damages, including MMFHC's diversion of resources and frustration of mission.

40. Megan Wanke, MMFHC Administrator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and MMFHC's claims and damages, including MMFHC's diversion of resources and frustration of mission.

41. Frances Espinoza, North Texas Fair Housing Center, ("NTFHC") Executive Director.  Contact solely through Plaintiffs' counsel.  Knowledge of the investigation by NTFHC into Defendants' REO practices and NTFHC's claims and damages, including NTFHC's diversion of resources and frustration of mission.

42. Mary Ellen Ball, Open Communities Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and Open Communities' claims and damages, including Open Communities' diversion of resources and frustration of mission.

43. Gail Schecler, Open Communities former Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and Open Communities' claims and damages, including Open Communities' diversion of resources and frustration of mission.

44. John Petruszak, South Suburban Housing Center, ("SSHC") Executive Director. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and SSHC's claims and damages, including SSHC's diversion of resources and frustration of mission.

45. Michael Chavarria, former SSHC Intake and Outreach Specialist. Contact solely through Plaintiffs' counsel. Knowledge of the investigation of Defendants' REO practices and SSHC's claims and damages, including SSHC's diversion of resources and frustration of mission.

46. Michael Marsh, former Fair Housing Opportunities of Northwest Ohio, ("FHONWO") President and Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHONWO into Defendants' REO practices and FHONWO's claims and damages, including FHONWO's diversion of resources and frustration of mission.

47. Marie Flannery, FHONWO President and Chief Executive Officer. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHONWO into Defendants' REO practices and FHONWO's claims and damages, including FHONWO's diversion of resources and frustration of mission.

48. Linda Skowronek, FHONWO Grants Administrator. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHONWO into Defendants' REO practices and FHONWO's claims and damages, including FHONWO's diversion of resources and frustration of mission.

49. Karen Plocek, FHONWO Director of Enforcement. Contact solely through Plaintiffs' counsel. Knowledge of the investigation by FHONWO into Defendants' REO practices and FHONWO's claims and damages, including FHONWO's diversion of resources and frustration of mission.

50. Various other employees and former employees of the Plaintiff agencies with knowledge of the investigation into Defendants' REO practices and Plaintiffs' claims, including their claims for diversion of resources and frustration of mission.

51. Nakia Hayes Agnew, Agnew Field Services, LLC, knowledge of Defendants' policies and practices regarding REO maintenance. Contact through Adam A. Hachikian, attorney, Fox Swibel Levin & Carroll LLP, 200 W. Madison Street, Suite 3000, Chicago, Illinois 60606; 312-224-1200.

52. Defendants' employees whose identities will be produced by Defendants through discovery (contact information unknown): Information regarding Defendants' policies and practices governing REO maintenance.

53. Employees of vendors with responsibilities related to properties in pre-foreclosure that were acquired by Defendants whose identities will be produced by Defendants through discovery (contact information unknown): Information regarding Defendants' policies and practices relating to marketing, sales, inspections, and/or maintenance for pre-foreclosure properties.

54. Employees of property preservation and maintenance vendors who conducted or were contracted to conduct maintenance at Deutsche Bank REO properties whose identities will be produced by Defendants through discovery (contact information unknown): Information regarding Defendants' policies and practices governing REO maintenance.

55. Current or former employees of Defendant Altisource who may have knowledge of Defendants' policies and practices regarding REO maintenance who have been identified to date (contact information in possession of Defendants).

56. Employees of vendors with responsibilities related to disposition, marketing, and sales of Deutsche Bank REO properties to be identified by Defendants in discovery: Information regarding Defendants' policies and practices relating to disposition, marketing, and sales of Deutsche Bank REO properties.

57. Employees of municipalities in which the Deutsche Bank REO properties are located who may have knowledge regarding Defendants' policies and practices concerning REO maintenance, whose identities will be determined and/or produced in discovery.

58. All custodians of records for purposes of authentication of third-party documents produced in discovery.

59. All individuals identified by Defendants as having relevant knowledge.

60. In addition to the foregoing persons, Plaintiffs incorporate by reference the following additional individuals likely to have discoverable information: (a) persons identified by Plaintiffs in response to Defendants' Interrogatories; (b) persons who have appeared for depositions in the case in an individual or

corporate capacity; (c) persons identified in documents produced by the parties during discovery; and (d) persons necessary as rebuttal witnesses.

### Documents – Rule 26(a)(1)(A)(ii)

As in many cases, many of the documents needed to support Plaintiffs' claims and defenses are in Defendants' possession, custody or control. *See* Fed. R. Civ. P. 26(b) (noting "the parties' relative access to relevant information"). Plaintiffs nevertheless identify the following categories of documents, electronically stored information, and tangible things in their possession, custody, or control that they may use to support their claims. The following documents are in Plaintiffs' possession or located in the offices of Plaintiffs' counsel, Soule Bradtke & Lambert, in Geneva, IL and/or Relman Colfax PLLC, in Washington, D.C.

1. Documents related to Plaintiffs' systemic and unitary investigation of Defendants' policies and practices regarding REO properties. Plaintiffs' investigation records are stored and maintained in a centralized database, which collects documents and photographs created by Plaintiffs' investigators evaluating the preservation and maintenance of Deutsche Bank REO properties.

2. Documents related to Plaintiffs' damages, including frustration of mission and diversion of resources. This includes documents related to organizational expenditures to combat the effects of Defendants' REO policies and practices in affected communities and documents related to staff hours spent investigating Defendants' REO policies and practices.

3. Documents related to the impact of poorly-maintained and vacant REO properties on communities in which Defendants operated and constituents Plaintiffs serve.

4. Documents related to Plaintiffs' communications and interactions with Defendants regarding the underlying facts alleged in the Complaint.

5. Public documents, including newspaper articles and research.

6. Documents related to the policies and practices of Defendants and other entities regarding REO properties.

7. Documents produced by the parties during discovery in the case, including documents produced by Defendants comprising policies, data and corporate records.

8. Documents received from third parties pursuant to subpoenas from any party in the case.

## Damages – Rule 26(a)(1)(A)(iii)

Plaintiffs seek damages for the actions they have had to take and are continuing to take in response to Defendants' discriminatory conduct, as well as the resources they have expended and continue to expend as a result of that conduct. Defendants' discriminatory maintenance and marketing of REO properties also compelled Plaintiffs and their staff members to engage in the following actions to counteract the discrimination: identifying Deutsche Bank REO properties, planning and organizing a comprehensive investigation, training staff to investigate those properties, investigating properties and analyzing the results of that investigation, creating, maintaining and utilizing a system of document and data collection, interviewing witnesses regarding Defendants' discriminatory conduct, developing and distributing educational materials as part of education and outreach campaigns, and conducting fair housing trainings. In order to address Defendants' conduct, Plaintiffs diverted scarce resources from their ongoing and varied programs, educational efforts and efforts to stabilize communities at risk due to housing and lending discrimination in the nature of Defendants' discriminatory conduct, and from Plaintiffs' efforts and programs designed to counteract housing segregation and inequality. Plaintiffs were forced to incur expenses to conduct the investigation and counteract Defendants' discriminatory maintenance and marketing of REO properties, including costs associated with visiting Deutsche Bank REO properties and interviewing witnesses, data collection and assessment, and implementing a counteractive education and outreach campaign. Investigating and counteracting Defendants' discriminatory conduct also forced Plaintiffs to suffer damages from lost opportunities, the achievement of which would have substantially furthered Plaintiffs' organizational goals, including education, counseling, investigation, and capacity-building

- 10 -

activities and services; pursuing new fair housing advocacy projects; applying for new grants and funding sources; and conducting professional staff development. Plaintiffs' diversion of resources damages include efforts and activities to pursue the claims in this case in the face of Defendants' persistent efforts to defeat Plaintiffs' claims and in the absence of efforts by Defendants to take appropriate and mutually agreed actions to address the harms and resolve Plaintiffs' claims.

Plaintiffs also seek damages to compensate them for frustration of their missions. Defendants have frustrated Plaintiffs' missions by interfering with their activities, programs, and services, thus impairing Plaintiffs' abilities to provide the services they were formed to provide; harming their clients and client communities in ways that frustrate Plaintiffs' missions; and impairing their broader goals. Defendants' discriminatory maintenance and marketing practices undermine and frustrate Plaintiffs' goals and missions intended to be achieved by their community investment and neighborhood stabilization programs, activities, and services. Defendants' conduct impaired Plaintiffs' mission that their clients and client communities be free of housing discrimination and gain equal access to housing, and the goal of eliminating racial segregation in housing. Plaintiffs are also entitled to damages for frustration of mission, specifically because Defendants' conduct perpetuates segregation: Defendants' conduct impaired Plaintiffs' goals that all people without regard to race, national origin or other factors addressed by national, state and local anti-discrimination laws have free access to housing and have the ability to live in racially-integrated communities. Defendants' conduct in failing to properly maintain properties in communities of color as described in Plaintiffs' claims, combined with non-local Internet-based sales and auctions of said properties, frustrated Plaintiffs' mission concerning fair access to properties and counteracting housing segregation by dissipating the rate of owner-occupied homes and hindering Plaintiffs' clients' ability to own and live in integrated and healthy communities consistent with Plaintiffs' missions. Defendants' discriminatory

conduct frustrated Plaintiffs' mission of promoting fair lending, thus interfering with Plaintiffs' ability to obtain redress and achieve their missions. Defendants' conduct undermined the efforts Plaintiffs made to advance their missions by establishing industry best practices for REO maintenance and marketing and training stakeholders on those practices; conducting advocacy and outreach to city and state governments; conducting anti-displacement education, conducting financial literacy counseling, foreclosure prevention education and counseling, and conducting education and outreach to community members regarding foreclosure, homeownership, and neighborhood stabilization.

Plaintiffs' frustration of mission damages include future costs Plaintiffs will be forced to expend to rectify the continuing effects of Defendants' discriminatory actions. Plaintiffs' future costs will also include costs that they will expend to counteract Defendants' discriminatory actions, costs incurred to monitor Defendants' conduct, and costs to engage in future educational efforts in a variety of spheres.

Plaintiffs seek broad injunctive relief, to be specified.

Plaintiffs seek punitive damages as against all Defendants.

Plaintiffs seek compensation for their attorney's fees and all costs associated with this litigation, including expert witness costs and fees, to be determined by the Court upon petition or otherwise by agreement.

In addition to the above, Plaintiffs seek and do not waive damages for specific harm to the particular communities and neighborhoods at issue in this case, caused by Defendants' conduct.

Documents supporting Plaintiffs' damages claims have been produced during discovery in the case and include diversion summaries, updates to diversion summaries, time records and numerous other documents related to the categories of damages claimed.

Plaintiffs' damages claims have also been described in detail in Plaintiffs' Answers and Amended Answers to Defendants' Interrogatories to Plaintiffs.

Plaintiffs' damages claims have further been described in detail during the various depositions of Plaintiffs' officers and employees conducted by the Defendants.

Plaintiffs update their estimate of diversion of resources damages attributable to the Defendants in this litigation to the amount of $3,151,979. Plaintiffs reserve the right to update their diversion of resources damages through trial.

Plaintiffs' damages resulting from the conduct of the Defendants in this litigation have further been described in the the Expert Report submitted by Stacy Seicshnaydre on September 14, 2022, as supplemented on November 18, 2022,[1] and incorporated herein by reference.

Among other things, the framework set forth in the Seicschnaydre September 14, 2022 Expert Report identifies categories relating to the calculation of impairment in mission to include: (i) Impairment of broader mission of overcoming neighborhood stereotypes to achieve housing choice and integration; (ii) Impairment of programs designed to train and marshal the housing industry to market and invest in neighborhoods equally; (iii) Impairment of services designed to increase access to homeownership and promote equalization/stabilization of neighborhoods; (iv) Diminishment of past complaint-based and consumer outreach services. The Seicshnaydre Expert Reports also address the category of damages relating to lost opportunities and special initiatives. It is estimated that, at a minimum and based upon very conservative assumptions, the range of damages attributable to these Defendants and to impairment of mission yields a minimum range of $28,000,000 to $30,000,000. Plaintiffs expect that a jury award of substantially greater damages for impairment of mission and lost opportunities could readily be justified based upon the facts in the record and the conduct of all of the defendants.

The estimate of damages for impairment of mission and lost opportunities in this litigation against these Defendants is exclusive of damages for (a) diversion of resources to be updated and presented at trial, (b) punitive damages, (c) Plaintiffs' attorney's fees expended

---

[1] The November 18, 2022 supplement followed (a) Defendants' October 17, 2022 correspondence pursuant to F.R.C.P. 37 addressing Plaintiffs' claimed damages and the October 13, 2022 Seicsnaydre report, and (b) a November 3, 2022 Rule 37 conference with Defendants discussing same.

through the final termination of the litigation, (d) expenses and other categories of damages and compensation recoverable under the Fair Housing Act.

Evidence adduced through discovery supports punitive damages awards against all named Defendants, to be sought at trial.

Plaintiffs specifically reserve the ability to seek at trial the maximum amount of damages available in all of the above described categories.

### Insurance – Rule 26(a)(1)(A)(iv)

This section does not apply to Plaintiffs.

Respectfully Submitted,

*/s/ Jennifer K. Soule*

Jennifer K. Soule
James G. Bradtke
Kelly K. Lambert
Steven P. Schneck
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134
*Attorneys for Plaintiffs*

Yiyang Wu
Jennifer Klar
Reed Colfax
Soohyun Choi
Lila Miller
Gemma Donofrio
Ted Olds
Rebecca Livengood
*Relman Colfax PLLC*
1225 19th Street, N.W., Suite 600
Washington, DC 20036
*Attorneys for Plaintiffs*

Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW
Suite 650
Washington, DC 20004
*Attorney for Plaintiff NFHA*

Stephen M. Dane
*Dane Law LLC*
312 Louisiana Avenue
Perrysburg, OH 43551
*Attorney for Plaintiffs*

Dated: November 18, 2022

- 14 -

## CERTIFICATE OF SERVICE

I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on November 18, 2022, I caused a copy of **Plaintiffs' Amended Rule 26(a)(1) Disclosures** to be served via electronic mail upon:

Kenneth M. Kliebard
Michael Fakhoury
*Morgan, Lewis & Bockius LLP*
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
*kenneth.kliebard@morganlewis.com*
*michael.fakhoury@morganlewis.com*

Kurt Rademacher
*Morgan, Lewis & Bockius LLP*
1701 Market St.
Philadelphia, PA 19103-2921
*kurt.rademacher@morganlewis.com*

Kevin M. Papay
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105
*kevin.papay@morganlewis.com*

Victor Cruz
David Monteiro
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75202
*victor.cruz@morganlewis.com*
*david.monteiro@morganlewis.com*

Nathan L. Garroway
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
*Nathan.garroway@dentons.com*

Shannon Shin
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
*shannon.shin@dentons.com*

Lisa M. Krigsten
Cody Wood
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111
*lisa.krigsten@dentons.com*
*cody.n.wood@dentons.com*

Debra Bogo-Ernst
Matthew C. Sostrin
Jacey D. Norris
William J. McElhaney III
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606
*dernst@mayerbrown.com*
*msostrin@mayerbrown.com*
*jnorris@mayerbrown.com*
*wmcelhaney@mayerbrown.com*

*/s/ Jennifer K. Soule*
*One of Plaintiffs' Attorneys*

*Soule Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134

- 15 -