# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:18-cv-00839 |
| v. | ) |
| | ) Honorable Manish S. Shah |
| DEUTSCHE BANK NATIONAL TRUST, AS | ) |
| TRUSTEE; DEUTSCHE BANK TRUST | ) Magistrate Judge Sidney I. Schenkier |
| COMPANY AMERICAS, AS TRUSTEE; OCWEN | ) |
| LOAN SERVICING, LLC; and ALTISOURCE | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' [PROPOSED] REPLY IN SUPPORT OF THEIR
MOTION FOR CLARIFICATION OF THE COURT'S
MARCH 31, 2025 MEMORANDUM OPINION AND ORDER REGARDING THE
STATISTICAL SCOPE ISSUE**

## I. INTRODUCTION

When Defendants raised at the May 13, 2025, hearing that the Court had not ruled on the narrow issue of the reach of Plaintiffs' statistical conclusions (the "Statistical Scope Issue"), the Court advised the parties to adhere strictly in briefing this motion to "what's already been briefed" and requested that they not make any new arguments. May 13, 2025 Hr'g Tr. at 16:19-22. That is because the issue had already been fully briefed by the parties. Defendants adhered to this guidance by submitting verbatim excerpts of the briefing by all parties on the Statistical Scope Issue, and nothing more. *See* Dkt. 451.

In contrast, Plaintiffs openly defy the Court's admonition. While dismissing Defendants prior arguments on the Statistical Scope Issue as, on the one hand, "frivolous," Dkt. 455 at 1, Plaintiffs nonetheless submit eight pages of new arguments they could have, but did not, raise when the Statistical Scope Issue was briefed more than eighteen months ago.

But none of Plaintiffs' new arguments create a factual dispute on the simple, straightforward question posed: Can statistical conclusions drawn from a non-random sample be used to make inferences about a broader universe of properties that were not actually examined by Plaintiffs. The answer is "no," as reflected in the prior briefing submitted by Defendants. This is a fundamental precept of statistics. Plaintiffs offer yet more generally approving statements from their experts of their investigation, but none actually contradict this point. Nowhere in their opposition do Plaintiffs dispute that they failed to select their inspected properties randomly, which limits what they can do with their statistical findings.

Plaintiffs' attempt to wield comments from Judge Leinenweber from a hearing regarding a discovery dispute that occurred *before* the limitations of Plaintiffs' statistical approach were revealed in discovery are likewise unavailing. Judge Leinenweber's statement that the "whole idea of statistics is so that you can avoid this massive amount of data" is uncontroversial,

provided that Plaintiffs could actually produce statistics valid for this purpose. Discovery subsequently revealed they did not. Indeed, when Plaintiffs raised this same argument at the May 13 hearing, Defendants pointed out the irrelevance of that discovery ruling that predated the actual expert testimony in this case. May 13, 2025 Hr'g Tr. at 16:5-12.

### A. Plaintiffs Cannot Create a Disputed Factual Issue by Pointing to Testimony That is Consistent With Defendants' Contentions

Defendants' statistical expert, Dr. David Skanderson, opined that "Plaintiffs' inspection results cannot be extrapolated beyond the specific properties inspected to draw conclusions about Trustee-owned properties more broadly" because Plaintiffs had not selected their properties randomly. *See* Dkt. 320 ¶ 21 (citing Dkt. 320-25 ¶ 13). This limitation has been recognized by numerous courts, including the Seventh Circuit. *See U.S. v. Johnson,* 185 F.3d 765, 769 (7th Cir. 1999) (Because samples "were not selected randomly from a larger pool of subjects . . . . [t]hat makes it especially inappropriate to extrapolate from the three known values to the fourth unknown one"); *U.S. v. Ahanmisi*, 324 Fed. Appx. 258, 259-60 (4th Cir. 2009) (because it was "undisputed that the government used a non-random sample . . . we cannot conclude that the [statistical conclusion] was representative of the entire universe" from which the sample was drawn.); *U.S. v. Archer*, 671 F.3d 149, 163-64 (2d Cir. 2011) (statistics generated from non-random sample could "tell us very little that is helpful" regarding broader population).

Plaintiffs do not dispute that their sampling was nonrandom. Instead, they set up a straw man, arguing that their experts testified there was not "something problematic" regarding their "purposeful" (*i.e.,* non-random) sampling. But Defendants never asserted that Plaintiffs' experts had broadly rebuked Plaintiffs' own study. Instead, Defendants simply demonstrated that, on the narrow Statistical Scope Issue, the testimony "was *consistent* with Skanderson's conclusion"

regarding the *extent* to which Plaintiffs could apply their statistical conclusions. Dkt. 451-4 (quoting Dkt. 408 at 12).

Plaintiffs fail to gin up a factual dispute by now presenting additional or longer excerpts of testimony. For example, Plaintiffs argue that their expert, Dr. Guetterman, "did not testify that Plaintiffs' results could not be extrapolated to other REO properties; rather, he testified that the results could not be extrapolated to other metropolitan *areas*." Dkt. 455 at 5 (emphasis in original). But Guetterman's recognition of one limitation on Plaintiffs' use of their statistics does not contradict Skanderson's finding of *another* such limitation.

Next, Plaintiffs baldly assert that Dr. Guetterman "completely refuted" Defendants' arguments, *id*., but the lengthy quotation Plaintiffs provide does no such thing. Instead, in the quoted excerpt, Guetterman testified that Plaintiffs did not select their sample randomly, and that "I don't think their goal was to get that quantitative study." *Id.* at 4-6. But a proper quantitative study is exactly what Plaintiffs needed if they wished to extrapolate their statistical conclusions outside of their sample. *See Johnson,* 185 F.3d at 769. The testimony Plaintiffs cite supports Defendants' argument.

Finally, Plaintiffs trot out another of their experts' opinions that they found "indicia of quality" in Plaintiffs' sample. Dkt. 455 at 6. But whether it was a "quality" sample does not create a dispute that the sample's means of selection was *non-random*. This expert opinion is irrelevant to the Statistical Scope Issue.

### B. Judge Leinenweber's Ruling Regarding the Scope of Discovery Did Not Constitute a Finding That Plaintiffs Had Properly Sampled to Allow Extrapolation

Unable to engineer a factual dispute, Plaintiffs next pretend that they already obtained a favorable ruling on the Statistical Scope Issue during a 2021 hearing on a motion to compel discovery. *See* Dkt. 455 at 6-7.

First, Plaintiffs argue that Defendants' summary judgment argument "runs afoul" of their "prior representations" in that discovery dispute. But that "prior representation" consists of Defendants Ocwen's and Altisource's response to Plaintiffs' motion to compel that "Plaintiffs do not need more data to litigate this case." Dkt. 201 at 1. For starters, Plaintiffs do not explain how this statement contradicts the Statistical Scope Issue argument Defendants made on their motion for summary judgment. Defendants aren't arguing now that Plaintiffs need more data; they are arguing that, with the full light of discovery, there are limitations on what Plaintiffs can do with the statistical conclusions they have drawn from the data that they have. Beyond that, this response was not made on behalf of Defendants Deutsche Bank National Trust Company or Deutsche Bank Trust Company Americas, and therefore has no relevance to a motion made by all Defendants.

Finally, Plaintiffs pretend that Judge Leinenweber already resolved the Statistical Scope Issue in their favor with a comment during a much earlier discovery hearing. At that hearing, Judge Leinenweber noted that "[t]he whole idea of statistics is so that you can avoid this massive amount of data" and "[a]nd the whole purpose behind the statistics approach is to avoid that." Dkt. 455 at 7. But Judge Leinenweber's uncontroversial and abstract statement regarding the purpose of statistics did not constitute a finding that Plaintiffs had actually conducted their statistics in a way that would allow Plaintiffs to use them in the way Plaintiffs now demand. Nor could it, since Judge Leinenweber made this statement *before* expert discovery had even begun.

As Defendants sought in their motion for summary judgment, the Court should rule that, to the extent Plaintiffs are seeking damages (whether for "diversion of resources" or "frustration of mission"), their claims should be dismissed to the extent they claim those damages arose from improper maintenance of properties *outside* of Plaintiffs' sample.

4

## II.     CONCLUSION

Defendants respectfully request that the Court issue a ruling that "Plaintiffs' inspection results cannot be extrapolated beyond the specific properties inspected to draw conclusions about properties titled to a DB Trustee more broadly." Dkt. 316 at 16.

Dated:  June 12, 2025                              Respectfully submitted,

                                                  */s/ Kenneth M. Kliebard*
                                                  Kenneth M. Kliebard
                                                  Michael W. Fakhoury
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  110 North Wacker Drive, Suite 2800
                                                  Chicago, Illinois 60606-1511
                                                  Telephone: (312) 324-1000
                                                  kenneth.kliebard@morganlewis.com
                                                  michael.fakhoury@morganlewis.com

                                                  Kurt W. Rademacher (*pro hac vice*)
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  2222 Market Street
                                                  Philadelphia, Pennsylvania 19103-3007
                                                  Telephone: (215) 963-5000
                                                  kurt.rademacher@morganlewis.com

                                                  *Counsel for Defendants Deutsche Bank*
                                                  *National Trust Company, as Trustee, and*
                                                  *Deutsche Bank Trust Company Americas, as*
                                                  *Trustee*

                                                  */s/ Debra Bogo-Ernst*
                                                  Debra Bogo-Ernst
                                                  Brandon E. Villa
                                                  **WILLKIE FARR & GALLAGHER LLP**
                                                  300 N. LaSalle Drive
                                                  Chicago, Illinois 60654-3406
                                                  Telephone: (312) 728-9000
                                                  dernst@willkie.com
                                                  bvilla@willkie.com

                                                  *Counsel for Defendant Ocwen Loan*
                                                  *Servicing, LLC, n/k/a Onity Group Inc.*

*/s/ Nathan Garroway*
Nathan Garroway
**DENTONS US LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
nathan.garroway@dentons.com

*Counsel for Defendant Altisource Solutions, Inc.*