IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., <br><br> Defendants. | Case No. 18 CV 839 <br><br> Judge Manish S. Shah <br><br> Jury Trial Demanded |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF MARCH 31, 2025 RULING REGARDING THE AVAILABILITY OF INJUNCTIVE RELIEF**

Plaintiffs, by their counsel, respectfully move the Court to reconsider that portion of the Court's March 31, 2025, Memorandum Opinion and Order ("March 31 Opinion") holding that injunctive relief is unavailable as a remedy in this case. In support of their motion, Plaintiffs state as follows:

1. In its March 31 Opinion, the Court held that Plaintiffs' claims for injunctive relief were dismissed for lack of standing on the basis that, in response to Defendants' recent dispositive motion filings, Plaintiffs had not presented evidence indicating that Defendants' alleged discriminatory conduct regarding REO properties "suggest[ed] a risk of future violations." (Dkt. 442, p. 22)  The Court acknowledged that Defendants had not sought dismissal of Plaintiffs' claims for injunctive relief but proceeded to suggest that Plaintiffs had not "raise[d] any facts in support of that claim." (*Id.*)   In its April 16, 2025 Order, the Court expressly stayed the deadline for filing motions for reconsideration.  (Dkt. 445)

2. As discussed below, dismissal of Plaintiffs' claims for injunctive relief was premature and erroneous, and Plaintiffs' claims for injunctive relief should be reinstated.

1

### A. Applicable Legal Principles

3. The Fair Housing Act ("FHA") specifically authorizes injunctive relief as a remedy for violations of the Act. 42 U.S.C. § 3613(c)(1) ("[T]he Court may . . . grant as relief, as the court deems appropriate, any permanent or temporary injunction . . . (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate.")) The two forms of injunctive relief most frequently granted under the FHA "seek either to prohibit the offending party from engaging in future acts of housing discrimination or to impose upon that party affirmative duties to atone for past discrimination and prevent recurrence of such acts." *MHANY Management, Inc. v. Incorporated Village of Garden City*, 985 F. Supp.2d 390, 429 (E.D. N.Y. 2013)(citation omitted).

4. Injunctive relief is an appropriate remedy where there is a reasonable likelihood of future violations of a statute. *Sierra Club v. Franklin County Power of Illinois*, 546 F.3d 918, 935 (7th Cir. 2008). Moreover, a defendant's unwillingness to acknowledge or appreciate the wrongfulness of unlawful conduct it has committed is a relevant factor weighing in favor of injunctive relief. *See e.g., Inland Mediation Board v. City of Pomona*, 158 F. Supp.2d 1120, 1161-2 (C.D. Cal. 2001).

5. When a plaintiff prevails in a Fair Housing Act case asserting disparate impact claims, the Supreme Court has specifically observed and directed that "remedial orders . . . should concentrate on the elimination of the offending practice that "arbitrar [ily] ... operate[s] invidiously to discriminate on the basis of rac[e]." *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 544 (2015). Once a district court finds racial discrimination implicating a defendant's policies or practices, it is under

a duty to render a decree which will both eliminate past discrimination and bar discrimination in the future. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975).

6. It is unnecessary and inappropriate for a court to consider whether it will exercise its discretion to issue injunctive relief prior to a trial taking place and an adjudication finding that a defendant has, in fact, committed violations of the Fair Housing Act. *Inland Mediation Board*, 158 F. Supp.2d at 1162; *see* Section C.

**B.      Background**

7. Plaintiffs' Second Amended Complaint specifically seeks injunctive relief. (Dkt. 70, Prayer for Relief (b)). Plaintiffs have also specifically alleged that the unlawful conduct committed by Defendants is "continuing and ongoing." (Dkt. 70, ¶ 298)

8. Each of the Plaintiffs continues to operate as a Fair Housing Organization conducting activities to promote fair housing within its respective service areas consistent with its organizational mission.

9. The evidence in the record indicates that Defendants have not altered the challenged policies, practices, systems and conduct alleged by Plaintiffs to be discriminatory, and Defendants have made no assertion that they have. *See e.g.*, Exhibit A, Altisource Rule 30(b)(6) Deposition, No. 10 at 70 (Altisource's approach to code violations has not changed from 2011 through time of deposition); Exhibit B, Altisource Rule 30(b)(6) Deposition, No. 10 at 47-48 (Altisource's goal of REO disposition process remains same); Exhibit C, Ocwen Rule 30(b)(6) Deposition, No. 9 at 36-37 (Ocwen's policy with regard to selling REO properties "as is" continuing through date of deposition).

10. In the four dispositive motions filed by the Defendants in this case, Defendants never argued that, if found liable, Defendants should not be subject to injunctive remedies. In

their most recent summary judgment motions and motion to dismiss based on standing that were addressed in the Court's March 31 Opinion, Defendants did not present evidence or argument that, if found liable, injunctive relief would be inappropriate.

### C. The Court's Ruling Regarding Injunctive Relief Was Premature and Erroneous

11. Courts have rejected as premature arguments made prior to trial regarding the potential availability of injunctive relief if and when the liability of a defendant is adjudicated. Absent some statutory or legal prohibition precluding a grant of injunctive relief, which is not present here, pretrial motions seeking to exclude injunctive relief are inappropriate. *See United States of America v. Abbott*, 2024 WL 4827489 at *2 (W.D. Tex. Aug. 30, 2024)(motion seeking to exclude requested injunctive relief before full presentation of evidence at trial premature given Court's broad discretion in shaping equitable remedies); *Wilson v. Broward County*, 2007 WL 29000388 at *2 (S.D. Fla. Sept. 28, 2007)(defendants' motion for summary judgment on claim requesting permanent injunctive relief premature until full factual record developed at trial); *Inland Mediation*, 158 F. Supp.2d at 1161-2 (under FHA, unnecessary for court to consider whether it would exercise its discretion to issue injunctive relief prior to trial and an adjudication that defendant had, in fact, violated FHA). *See also United States v. New Mexico State University*, 2018 WL 737451 at *2-3 (D.N.M. Feb. 6, 2018)(on defendant's motion for summary judgment with regard to availability of injunctive relief, court considers all factual issues in plaintiff's favor and denies motion). Inasmuch as injunctive relief is determined on a case-by-case basis, requests for injunctive relief are inherently informed by development of the factual record at trial. *Id.*

12. There is substantial evidence in the record and that will be presented at trial concerning the Defendants' alleged unlawful conduct, policies and procedures that harmed and will continue to harm Plaintiffs' missions.

13. As noted in the March 31 Opinion, "Defendants [did] not move to dismiss plaintiffs' claim for injunctive relief …." (Dkt. 442 p. 22) In addition, Defendants did not pursue discovery related to the scope or grounds for injunctive relief in the case. In the absence of any attempt by Defendants to raise this issue in the recent dispositive motions, and considering the general principles noted above, Plaintiffs avoided adding to the voluminous record on standing and summary judgment by responding to potential arguments that had not been offered by Defendants.

14. Had the issue of the availability of injunctive relief been raised in Defendants' dipositive motion filings or had the Court requested briefing on this issue, Plaintiffs would have addressed issues related to the risk of future violations and appropriateness of injunctive relief through declarations and other references to the record. As in most cases, issues regarding whether conditions warranting injunctive relief exist can be readily addressed at trial. As it is, the record contains evidence of the alleged discriminatory conditions continuing. *See e.g.*, Exhibit D, Rule 30(b)(6) Deposition of Metropolitan Milwaukee Fair Housing Council, March 4, 2022 at 137, 141-142 ("all of the stuff that Deutsche Bank engaged in . . . continues to go on . . . is a frustration of our mission").

15. Deferring consideration of the availability of injunctive relief is also consistent with the Court's March 31 Opinion deferring consideration of certain issues such as those related to Plaintiffs' motions to exclude evidence from several of Defendants' purported expert witnesses. (Dkt. 442, p. 33)

16. Precluding injunctive relief in the context of a summary judgment motion when a substantial probability exists that Plaintiffs will prevail on their claims at trial contradicts the well-established principles requiring that a Court issue a decree that eliminates unlawful and discriminatory policies if Plaintiffs prevail. *See e.g., Texas Department of Housing*, 576 U.S. at 544.

   D.  **The Authority Cited by the Court Supports Plaintiffs' Position**

17. The authority cited by the Court in support of its determination regarding the availability of injunctive relief, *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013), is completely inapposite, and provides support for granting injunctive remedies in this case if liability is demonstrated at trial. In *Scherr*, the plaintiff sought injunctive relief claiming that the spring-hinged door closer used at the Marriott Overland Park hotel and at 56 other Marriott hotels violated the ADA. The Seventh Circuit affirmed the District Court's holding that the plaintiff had standing to pursue her claim for injunctive relief regarding the Overland Park Marriott because, based on specific allegations she had made with regard to visiting that hotel for a family wedding and the likelihood that she would return to the hotel for future family events, a reasonable risk existed that she would suffer from a future violation at that hotel. *Id.* However, the Court rejected plaintiff's claim for injunctive relief relating to the other 56 Marriotts as to which no similar allegations were made. *Id.* at 1075.

18. In the present case, *Scherr* could possibly support an argument that the Plaintiffs should not be permitted to obtain injunctive relief extending to geographic areas outside the service areas in which they operate and conducted their investigation, but Plaintiffs do not seek such relief. However, nothing in *Scherr* provides a basis for denying injunctive relief to Plaintiffs after trial if the evidence shows that the continuing unlawful conduct by Defendants

within the areas serviced by Plaintiffs is likely to impair Plaintiffs in the performance of their missions.

WHEREFORE, Plaintiffs respectfully request that the Court reconsider and modify its March 31, 2025, Memorandum Opinion and Order by reinstating Plaintiffs' claims for injunctive relief.

Respectfully submitted,

/s/ *Jennifer K. Soule*

| | |
|---|---|
| Jennifer K. Soule | Lila Miller |
| James G. Bradtke | Yiyang Wu |
| Kelly K. Lambert | Jennifer Klar |
| Steven P. Schneck | *Relman Colfax PLLC* |
| *Soule, Bradtke & Lambert* | 1225 19th Street, N.W., Ste. 600 |
| PO Box 231 | Washington, DC 20036 |
| Geneva, IL 60134 | |
| | |
| Janell Byrd-Chichester | Stephen M. Dane |
| Morgan Williams | *Dane Law LLC* |
| *National Fair Housing Alliance* | P.O. Box 1011 |
| 1331 Pennsylvania Ave, NW, Ste. 650 | Perrysburg OH 43552 |
| Washington, DC 20004 | |

Dated: August 28, 2025