# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., <br><br> Defendants. | Case No. 18 CV 839 <br><br> Judge Harry D. Leinenweber <br> Magistrate Judge Sidney I. Schenkier <br><br> Jury Trial Demanded |

## PLAINTIFFS' RESPONSE TO TRUSTEES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby respond to the Trustees' First Request for Production of Documents.

## GENERAL STATEMENT AND OBJECTIONS

The information provided in these Responses is done so in accordance with the requirements of the Federal Rules of Civil Procedure, which call for the disclosure of non-privileged documents within the recipient's custody or control that may contain information relevant to claims or defenses or lead to the discovery of relevant and admissible evidence. By providing the requested documents, Plaintiffs do not waive any objections to their admission into evidence, nor do they submit to the instructions and definitions set forth at the beginning of the Requests for Production, except as to those instructions and definitions that specifically conform to the requirements of the Federal Rules and the applicable case law.

1

Plaintiffs' objections and responses to the Requests for Production are based upon information now available to them. Plaintiffs reserve the right to amend, modify or supplement these objections and responses based upon additional responsive information.

Plaintiffs object to producing documents prior to the entry of a protective order in this case. Upon entry of a protective order, Plaintiffs will produce responsive, non-privileged documents on a rolling basis.

Plaintiffs object to Instruction No. 21 to the extent that it expands obligations imposed under the Federal Rules of Civil Procedure or other governing law concerning lost or destroyed documents, and Plaintiffs will identify such documents in accordance with the obligations imposed by the Federal Rules and applicable case law.

Plaintiffs object generally to providing documents, communications or other information that relate only to the investigation of the practices of other entities with regard to the maintenance of REO properties and do not relate to the investigation at issue in this case.

Subject to and without waiver of the foregoing qualifications and objections which are incorporated into each of Plaintiffs' responses, Plaintiffs respond to the Trustees' First Request for Production of Documents as follows:

### RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1.** All Documents comprising personnel or organizational charts for each of Plaintiffs.

**RESPONSE TO REQUEST NO. 1:** Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome inasmuch as it seeks the identity of numerous persons who had no involvement with the issues relating to this Litigation. Subject to this objection, Plaintiffs'

Plaintiffs further object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for responsive and relevant documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 8.** All Documents relating to the claims and allegations in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 8**: Plaintiffs object that this this Request is unduly vague and premature. Plaintiffs anticipate that additional responsive documents will be obtained by Plaintiffs during discovery. Plaintiffs further object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the request as not seeking privileged documents. Subject to these objections, Plaintiffs' search for documents that in Plaintiffs' judgment are responsive is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 9.** All Documents referenced in, relied upon in preparing, or identified in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 9:** Plaintiffs object to this Request to the extent that it appears to call for attorney-client and/or work product documents, and will interpret the Request as not seeking privileged documents. Subject to this objection, Plaintiffs search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

**Request No. 10.** All Documents concerning Plaintiffs' selection of the metropolitan areas in which Plaintiffs conducted Inspections of Properties, including but not limited to (a) Documents concerning the criteria and basis for selection and (b) Documents concerning the criteria and basis for excluding other metropolitan area.

**Request No. 49.** All Documents referenced in, relied upon in preparing, or identified in Plaintiffs' responses to Defendants' Interrogatories.

**RESPONSE TO REQUEST NO. 49:** Plaintiffs object to this Request to the extent that some of the documents sought are subject to attorney-client privilege or work product, and Plaintiffs interpret this Request to exclude such communications. Subject to this objection, Plaintiffs' search for responsive documents is ongoing, and Plaintiffs will produce such documents on a rolling basis.

Respectfully Submitted,
/s/ Jennifer K. Soule

| | | |
|---|---|---|
| Jennifer K. Soule | Yiyang Wu | Morgan Williams |
| James G. Bradtke | Tara Ramchandani | *National Fair Housing Alliance* |
| Kelly K. Lambert | *Relman Colfax PLLC* | 1331 Pennsylvania Ave, NW, Suite 650 |
| *Soule, Bradtke & Lambert* | 1225 19th Street, N.W. | Washington, DC 20004 |
| 402 Campbell Street, Suite 100 | Suite 600 | *Attorney for Plaintiff NFHA* |
| Geneva, IL 60134 | Washington, DC 20036 | |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* | |
| | | Stephen M. Dane |
| | | *Dane Law LLC* |
| | | 312 Louisiana Avenue |
| | | Perrysburg, OH 43551 |
| Dated: July 15, 2020 | | *Attorney for Plaintiffs* |

**CERTIFICATE OF SERVICE**

    I, Jennifer K. Soule, one of Plaintiffs' attorneys, certify that on July 15, 2020, I caused a copy of **Plaintiffs' Response To Trustees' First Request For Production Of Documents** to be served via electronic mail upon:

Kenneth M. Kliebard
kenneth.kliebard@morganlewis.com
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
david.monteiro@morganlewis.com
Victor Cruz
victor.cruz@morganlewis.com
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Lisa M. Krigsten
lisa.krigsten@dentons.com
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Nathan L. Garroway
Nathan.garroway@dentons.com
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Kevin M. Papay
kevin.papay@morganlewis.com
Kurt Rademacher
kurt.rademacher@morganlewis.com
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
shannon.shin@dentons.com
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Debra Bogo-Ernst
dernst@mayerbrown.com
Matthew C. Sostrin
msostrin@mayerbrown.com
Jacey D. Norris
jnorris@mayerbrown.com
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

                              */s / Jennifer K. Soule*
                              *One of Plaintiffs' Attorneys*

Jennifer K. Soule
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134