# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE, et al., | Case No. 18 CV 839 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| | Magistrate Judge Sidney I. Schenkier |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS ALTISOURCE'S & OCWEN'S JOINT FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby respond to the First Request for Production of Documents served by Defendants Altisource Solutions, Inc. and Ocwen Loan Servicing, LLC n/k/a PHH Mortgage Corporation.

## GENERAL STATEMENT AND OBJECTIONS

The information provided in these Responses is done so in accordance with the requirements of the Federal Rules of Civil Procedure, which call for the disclosure of non-privileged documents within the recipient's custody or control that may contain information relevant to claims or defenses or lead to the discovery of relevant and admissible evidence. By providing the Requested documents, Plaintiffs do not waive any objections to their admission into evidence, nor do they submit to the instructions and definitions set forth at the beginning of the Requests for Production, except as to those instructions and definitions that specifically conform to the requirements of the Federal Rules and the applicable case law.

Plaintiffs' objections and responses to the Requests for Production are based upon information now available to them. Plaintiffs reserve the right to amend, modify or supplement these objections and responses based upon additional responsive information.

Plaintiffs object to producing documents prior to the entry of a protective order in this case. Upon entry of a protective order, Plaintiffs will produce responsive, non-privileged documents on a rolling basis.

Plaintiffs object to Instruction No. 3 to the extent that it expands that it expands obligations imposed under the Federal Rules of Civil Procedure or other governing law concerning lost or destroyed documents, and Plaintiffs will identify such documents in accordance with the obligations imposed by the Federal Rules and applicable case law.

Plaintiffs object to Instruction No. 6 to the extent that it expands the scope of Federal Rule of Civil Procedure 26(a)(5). Plaintiffs will produce a privilege log in an agreed format sufficient to enable Defendants to asses Plaintiff's claim of privilege.

Plaintiffs object generally to providing documents, communications or other information that relate only to the investigation of the practices of other entities with regard to the maintenance of REO properties and do not relate to the investigation at issue in this case.

Subject to and without waiver of the foregoing qualifications and objections which are incorporated into each of Plaintiffs' responses, Plaintiffs respond to Defendants' First Request for Production of Documents as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

1. All Documents related to the manner in which You initiated Your investigation, including but not limited to memoranda, grant applications, communications with potential or actual funding sources, and/or research about REO properties or the Defendants.

privileged documents. To the extent that there are non-privileged documents responsive to this Request that have not been produced in response to other Requests, Plaintiffs will produce these documents on a rolling basis.

56. All Documents not covered by the foregoing Requests that You will use to support your claims or defenses in this Action.

**RESPONSE:** Plaintiffs object to this Request as premature inasmuch as they have not yet decided and are not yet required to decide which documents they will use to support their claims. As such decisions are made, and if there are documents not otherwise produced, Plaintiffs will supplement their response to include such documents.

58. All Documents not covered by the foregoing Requests that negate Your claims in this action.

**RESPONSE:** Plaintiffs object to this Request as premature and because it is vague with regard to the notion of a document "negating" one of Plaintiffs' claims. To the extent that Plaintiffs make a judgment that some document "negates" one of their claims, and such document has not been otherwise produced, Plaintiffs will supplement their response to include such documents.

59. All Documents produced to the Trustee Defendants in response to any of their Requests for Production in this Action that are not already produced in response to these Requests.

**RESPONSE:** Any documents produced or made available to the Trustee Defendants in response to their Requests for Production in this Action will be similarly produced or made available to Defendants Ocwen and Altisource.

60. All Documents produced to Altisource in response to any of its Requests for

Production in this Action that are not already produced in response to these Requests.

**RESPONSE:** Any documents produced or made available to Altisource in response to its Requests for Production in this Action will be similarly produced or made available to Defendant Ocwen.

61. All Documents produced to Ocwen in response to any of its Requests for Production in this Action that are not already produced in response to these Requests.

**RESPONSE:** Any documents produced or made available to Ocwen in response to its Requests for Production in this Action will be similarly produced or made available to Defendant Altisource.

Respectfully Submitted,
*/s/ Jennifer K. Soule*

| | | |
|---|---|---|
| Jennifer K. Soule | Yiyang Wu | Morgan Williams |
| James G. Bradtke | Tara Ramchandani | *National Fair Housing Alliance* |
| Kelly K. Lambert | *Relman Colfax PLLC* | 1331 Pennsylvania Ave, NW, Suite 650 |
| *Soule, Bradtke & Lambert* | 1225 19th Street, N.W. | Washington, DC 20004 |
| 402 Campbell Street, Suite 100 | Suite 600 | *Attorney for Plaintiff NFHA* |
| Geneva, IL 60134 | Washington, DC 20036 | |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* | |
| | | Stephen M. Dane |
| | | *Dane Law LLC* |
| | | 312 Louisiana Avenue |
| Dated: July 15, 2020 | | Perrysburg, OH 43551 |
| | | *Attorney for Plaintiffs* |

# CERTIFICATE OF SERVICE

    I, Jennifer K. Soule one of Plaintiffs' attorneys, certify that on July 15, 2020, I caused a copy of **Plaintiffs' Response To Defendant Altisource's and Ocwen's Joint First Set of Requests For Production Of Documents** to be served via electronic mail upon:

Kenneth M. Kliebard
*kenneth.kliebard@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

David Monteiro
*david.monteiro@morganlewis.com*
Victor Cruz
*victor.cruz@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
1717 Main Street, Suite 3200
Dallas, TX 75201

Lisa M. Krigsten
*lisa.krigsten@dentons.com*
*Dentons US LLP*
4520 Main Street, Suite 1100
Kansas City, MO 64111

Nathan L. Garroway
*Nathan.garroway@dentons.com*
*Dentons US LLP*
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308

Kevin M. Papay
*kevin.papay@morganlewis.com*
Kurt Rademacher
*kurt.rademacher@morganlewis.com*
*Morgan, Lewis & Bockius LLP*
One Market, Spear Street Tower
San Francisco, CA 94105

Shannon Shin
*shannon.shin@dentons.com*
*Dentons US LLP*
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606

Debra Bogo-Ernst
*dernst@mayerbrown.com*
Matthew C. Sostrin
*msostrin@mayerbrown.com*
Jacey D. Norris
*jnorris@mayerbrown.com*
*Mayer Brown LLP*
71 S. Wacker Drive
Chicago, IL 60606

       */s /Jennifer K. Soule*
        *One of Plaintiffs' Attorneys*

Jennifer K. Soule
*Soule, Bradtke & Lambert*
402 Campbell Street, Suite 100
Geneva, IL 60134