UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL FAIR HOUSING ALLIANCE, et al.,

      Plaintiffs,

  v.

DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al.,

      Defendants.

No. 18 CV 839

Judge Manish S. Shah

## ORDER

The parties shall follow the schedule set forth in the Statement below. Status hearing remains set for 11/13/25 at 11:00 a.m. An initial pretrial conference hearing is also set for 12/16/25 at 1:30 p.m. The court will finalize the schedule for January pretrial conference dates with the parties at the December conference. The parties must exchange one more round of settlement proposals (whether through formal letters or informal conversations) before the November 13, 2025 status conference, at which the court will discuss the next steps for negotiations with the parties. The parties should be prepared to go off the record on November 13 to discuss settlement.

## STATEMENT

The parties must circulate or exchange the items specified in the chart submitted to the court by the agreed-upon dates.

Initial motions in limine may be filed by 12/19/25, with responses due 12/30/25. No replies are allowed.

Additional motions in limine are due by 1/14/26, with responses due 1/21/26. No replies are allowed.

I will not order the parties to have scheduled meet-and-confers as they prepare for trial. The lawyers will have to figure out for themselves how best to communicate efficiently. There are too many lawyers and clients to have court-ordered sessions be productive, and I want to avoid the prospect that disagreements at a court-ordered session will be used as a weapon by an adversary to suggest bad faith or contempt.

I will consider plaintiffs' request for a written jury questionnaire, but having given it more thought, I'm inclined to stick with my usual practice for jury selection: with each prospective juror verbally answering questions preprinted on a letter (usually no more than 12 questions that fit on one page), and a few additional questions that I ask orally. Because this case will require a special panel that will assemble on Tuesday, we will have already lost one day that we had planned for jury trial. Using a few hours while jurors handwrite answers to questions, and then another hour or two for court staff to collate, copy, and distribute the responses and the lawyers read, attempt to decipher, and discuss the answers, is not a good use of trial time. I have successfully picked juries in weeks-long complex trials without spending time on written questionnaires. With verbal questioning, lawyers have a better opportunity to assess prospective jurors' demeanors, and the prospective jurors are more likely to get comfortable with the courtroom. The parties should exchange proposed questions as planned and I will consider them, either for a written questionnaire or for a list of preprinted questions to be answered orally.

Another jury selection topic for the parties to consider is the number of jurors and peremptory challenges. I usually seat 8 jurors for a civil trial, with 3 peremptory challenges for each side. Because this trial is scheduled to last a few weeks during a Chicago winter, I'm inclined to seat a few more jurors to be safe.

ENTER:

                                             *[signature]*
                                             Manish S. Shah
                                             United States District Judge

Date: November 6, 2025