```
                                                                    1
```

|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
|   | NORTHERN DISTRICT OF ILLINOIS | |
| 2 | EASTERN DIVISION | |
| 3 | NATIONAL FAIR HOUSING ALLIANCE, ) | Case No. 18 C 839 |
|   | et al., ) | |
| 4 | ) | |
|   | Plaintiffs, ) | |
| 5 | ) | |
|   | v. ) | |
| 6 | ) | |
|   | DEUTSCHE BANK NATIONAL TRUST, ) | |
| 7 | as Trustee, et al., ) | Chicago, Illinois |
|   | ) | November 13, 2025 |
| 8 | Defendants. ) | 11:03 a.m. |
| 9 | TRANSCRIPT OF PROCEEDINGS - STATUS HEARING | |
|   | BEFORE THE HONORABLE MANISH S. SHAH | |
| 10 | | |
| 11 | APPEARANCES: | |
| 12 | | |
|   | For the Plaintiffs: | SOULE, BRADTKE & LAMBERT |
| 13 | | BY:  MS. JENNIFER K. SOULE |
|   | | 402 Campbell Street, #100 |
| 14 | | Geneva, Illinois  60134 |
| 15 | | NATIONAL FAIR HOUSING ALLIANCE |
|   | | BY:  MS. JANELL M. BYRD |
| 16 | | 1331 Pennsylvania Avenue, NW, #650 |
|   | | Washington, D.C.  20004 |
| 17 | | |
|   | | RELMAN COLFAX, PLLC |
| 18 | | BY:  MS. LILA R. MILLER |
|   | | 1225 19th Street, N.W., #600 |
| 19 | | Washington, D.C.  20036 |
| 20 | | MR. STEVEN P. SCHNECK |
|   | | 2522 W. Lawrence Ave., #25081 |
| 21 | | Chicago, Illinois  60625 |
| 22 | | |
|   | For Defendant Deutsche | MORGAN LEWIS & BOCKIUS, LLP |
| 23 | Bank National Trust: | BY:  MR. TINOS DIAMANTATOS (phone) |
|   | | MR. KENNETH M. KLIEBARD (phone) |
| 24 | | 110 N. Wacker Drive, #2800 |
|   | | Chicago, Illinois  60606 |
| 25 | | |

```
 1   APPEARANCES (Continued):

 2

 3   For Defendant Deutsche      MORGAN LEWIS & BOCKIUS, LLP
     Bank National Trust         BY:  MR. KURT W. RADEMACHER (phone)
 4   Cont'd:                     1701 Market Street
                                 Philadelphia, Pennsylvania  19103
 5

 6   For Defendant Ocwen         WILLKIE FARR & GALLAGHER, L.L.P.
     n/k/a Onity Group, Inc.:    BY:  MS. DEBRA L. BOGO-ERNST
 7                                    MR. MATTHEW J. THOMAS
                                 300 N. LaSalle Drive
 8                               Chicago, Illinois  60654

 9
     For Defendant Altisource    DENTONS U.S., LLP
10   Solutions:                  BY:  MR. NATHAN L. GARROWAY
                                 303 Peachtree Street, N.E., #5300
11                               Atlanta, Georgia  30308-3265

12

13

14

15

16

17

18

19

20
     Court Reporter:             COLLEEN M. CONWAY, CSR, RMR, CRR
21                               Official Court Reporter
                                 219 S. Dearborn Street, Room 1918
22                               Chicago, Illinois  60604
                                 (312) 435-5594
23                               colleen_conway@ilnd.uscourts.gov

24                                 * * * * *

25             PROCEEDINGS REPORTED BY STENOTYPE
         TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1      (Proceedings heard in open court:)
2           THE CLERK:  18 CV 839, National Fair Housing Alliance
3  versus Deutsche Bank.
4           THE COURT:  Good morning, everyone.  We have all of
5  your appearances noted for the record, including counsel who's
6  appearing by phone.
7           Thank you for assembling again and for having
8  conferred and agreed upon some dates for scheduling certain
9  events.  I appreciate that.
10          One question I had, that maybe nobody present knows
11 the answer to, is if anyone has an idea of what kind of
12 briefing schedule you might get in the Fourth Circuit for the
13 pending appeal out there.
14          Does anyone know what the timeline for that might be?
15          MS. BYRD:  Your Honor, I don't know the exact
16 timeline.  We have filed our notice, but I don't know the
17 timeline.  I think it'll take a -- I mean, we'd get some -- you
18 know, by the time we go through briefing and all this, I expect
19 that this case will have been tried is my expectation.
20          THE COURT:  I think that's probably right.  I just
21 don't know if certain circuits have default briefing schedules
22 and go on a certain track.
23          It's not a pressing issue.  Even the fastest of rocket
24 dockets in the Court of Appeals would likely push the case out.
25 And it's really not a concern of mine for our schedule, but it

1  was more a matter of curiosity, I suppose.
2        I had flagged for the parties in the statement that I
3  put on the docket a jury selection question about the number of
4  jurors, and maybe you've given that some thought. So I'll turn
5  it over to plaintiff on that.
6        MS. BYRD: Thank you, Your Honor. And thank you for
7  your thoughts in the order. They were very helpful for us.
8        The plaintiffs would like to -- we have a number of
9  issues with respect to jury selection that we think would be
10  helpful given the nature of this case. It's a race and
11  national origin discrimination case which tends to be a
12  sensitive issue in today's environment. In particular, we have
13  some thoughts about ways to improve the selection and the
14  efficiency of the selection.
15        And so we'd like to put something on file for the
16  Court that kind of lays out our thoughts and considerations in
17  that regard. We could probably get that on file by the end of
18  next week, early the following week.
19        We could get something on file for the Court that lays
20  out our thoughts. But we really would like to do that.
21        THE COURT: That's fine. But in terms of number of
22  jurors, have you given a thought about that?
23        MS. BYRD: We have given it some thought, but I don't
24  have an answer for Your Honor today.
25        THE COURT: Okay.

| | |
|---|---|
| 1 | MS. BYRD: Sorry. |
| 2 | THE COURT: Do the defendants have a view on the |
| 3 | number of jurors? |
| 4 | MS. BOGO-ERNST: So I think we'd like to obviously |
| 5 | hear what plaintiffs have to say. I didn't realize that they |
| 6 | were going to put a paper on file. So if -- unless, Matt, you |
| 7 | have something you want to add? |
| 8 | MR. THOMAS: No. |
| 9 | MS. BOGO-ERNST: Or Tinos, who's on the line as well, |
| 10 | is welcome to add something. But I don't think that we've come |
| 11 | to a resolution on that point, Your Honor. |
| 12 | MR. DIAMANTATOS: And, Your Honor, this is Tinos |
| 13 | Diamantatos for the Deutsche Bank Trustees. |
| 14 | Does Your Honor have a sense of, I think, the number |
| 15 | of peremptory challenges that you would provide plaintiffs and |
| 16 | each defendant's group? Because that obviously will factor in |
| 17 | to kind of our calculation of potentially how many proposed |
| 18 | jurors we would ask Your Honor to bring in. |
| 19 | THE COURT: If I am seating eight jurors, then both |
| 20 | sides will have three peremptories. And the defendants will |
| 21 | have to share amongst themselves. Similarly, all the |
| 22 | plaintiffs will have to share amongst themselves. |
| 23 | If I increase the number of jurors, I will likely |
| 24 | increase the number of peremptories. Some probably |
| 25 | not-mathematically-precise proportional amount but close. |

1               If I seat twelve jurors, then probably five
2    peremptories per side, which means we would need twenty-two
3    prospective jurors after "for cause" challenges have been
4    resolved.
5               So I am raising all of this because this goes in to my
6    process on my end and the Clerk's Office end in terms of
7    ordering a special panel, how many summonses are we sending
8    out.  So I do need to get this resolved fairly quickly.
9               I will probably build in, for my planning purposes,
10   more jurors than less, and we'll finalize the numbers as we
11   move along.
12              So for your planning purposes, just know that -- I
13   suppose I'll decide this right now.  For planning purposes, I
14   will be looking at seating twelve with five peremptories per
15   side.
16              I may very well want to reduce that number -- I'll
17   hear all of your thoughts about all of that -- but, just again,
18   for planning purposes, we'll build that in to the machinery
19   that we're assembling for this.
20              MS. BOGO-ERNST:  Your Honor, for the defendants, I
21   think that makes sense.  I'm a little worried about the length
22   of the trial; if we only have eight, if something happens.
23              So I think we were leaning towards twelve, but we're
24   definitely happy to see what plaintiffs have to say in their
25   filing.

| | |
|---|---|
| 1 | THE COURT: That's fine. Thank you. |
| 2 | So if plaintiffs want to file a position statement on |
| 3 | jury selection and jury selection methodology by the 21st of |
| 4 | November, that's fine. |
| 5 | Can I ask the defendants to respond to anything that |
| 6 | the plaintiffs have filed by Tuesday, November 25th? That's |
| 7 | the week of Thanksgiving. |
| 8 | MS. BOGO-ERNST: You can certainly ask, Your Honor. |
| 9 | We will do what you say. We'd love a couple extra days. But |
| 10 | if that's what you'd like, we can do that. |
| 11 | THE COURT: I'll give you until Tuesday, December 2nd |
| 12 | to respond. |
| 13 | MS. BOGO-ERNST: Thank you, Your Honor. We appreciate |
| 14 | that. |
| 15 | THE COURT: No reply from plaintiffs. |
| 16 | You've got now an initial motions *in limine* date of |
| 17 | December 19th. Can you give me a preview of what the parties |
| 18 | are thinking are going to be their first round of motions *in* |
| 19 | *limine* practice? Or are you still talking to each other and |
| 20 | you don't know yet? |
| 21 | MS. SOULE: We haven't talked to each other yet about |
| 22 | it. We do have a couple of motions that we've -- that we kind |
| 23 | of talked about last week. |
| 24 | We have our motion on the front photo review Dr. Ayers |
| 25 | did. We would like to file that sometime sooner, probably on |

1   the 19th.  Maybe we file that next week or so.  That might help
2   the Court to get that on file.
3            We also wanted to pick up on comments you made last
4   week about the pending *Daubert* motions.  And we have taken a
5   look, and we do think that we'd like to get a supplemental
6   filing, just kind of an overview of how your rulings on the
7   *Daubert*s you have ruled on might carry forth to those pending.
8            So we would also like to get that on file, which we
9   could do by the end of next week.
10           THE COURT:  Well, I am not changing the briefing
11  schedules that are out there that you've already agreed to.
12           If you want to file something early, you can file
13  something early.
14           MS. SOULE:  Okay.
15           THE COURT:  I am not advancing the response date --
16           MS. SOULE:  Okay.
17           THE COURT:  -- beyond what we've already set.  And so
18  I'll leave it at that.
19           It's helpful for me to know what's coming so I can
20  start budgeting the time on my end, but I am not changing the
21  dates that were, more or less, agreed to by the parties.
22           Other than *Daubert* and the front photo review, any
23  other first-round motions *in limine* that --
24           MS. SOULE:  Well, we do --
25           THE COURT:  -- you are thinking about?

1  MS. SOULE: We do have some motions concerning some of
2 the statements. You know, there was a statement made by one of
3 defense experts in terms of research misconduct. So there is
4 some sort of, what we see as out-of-bounds statements that are
5 inflammatory. We have a motion to that degree.
6  We probably will make a motion to exclude reference to
7 indemnification provisions, that Ocwen has indemnified Deutsche
8 Bank in the PSAs. We don't think that should come in.
9  And probably likewise -- although, I'm not sure we can
10 avoid it entirely, because the contracts between Ocwen and
11 Altisource are much smaller, more manageable, but same thing as
12 to that.
13  We may have some other -- we're looking into some
14 other things that we might want to file that were subject to
15 the motion, but we're still -- we're in a sort of near term
16 process of making our list. But those are a couple things that
17 come to mind that are more typical motions *in limine*.
18  THE COURT: That's fine. Thank you.
19  Do the defendants have any that they're thinking about
20 in terms of the December 19th date for motions *in limine*?
21  MS. BOGO-ERNST: Yes, Your Honor. We have quite a
22 list started. But, you know, we appreciate the meet-and-confer
23 process because some of them may be unnecessary.
24  I do think the parties have a very different view of
25 how you establish and present frustration-of-mission damages to

1  a jury. So that, I think, is a fundamental obstacle to a lot
2  of things in this case.
3  　　　　　We, you know, appreciated the Court's July 9th, 2025
4  order in which you said: "Each plaintiff can (and must, for
5  purposes of establishing the fact of injury) testify to
6  out-of-pocket expenses, including staff compensation, spent to
7  combat defendants' REO conduct."
8  　　　　　We expect each plaintiff to get on the stand and
9  articulate exactly what money came out of their pockets with
10 respect to frustration of mission.
11 　　　　　And we've litigated this case, as you said last week,
12 for seven years. And for years, we have been asking for
13 itemized damages in this category. The closest we got was
14 their expert on damages, and she has now been stricken. So we
15 are stumbling in the dark in terms of where they're going on
16 this.
17 　　　　　When we've had discussions with plaintiffs' counsel,
18 it is: We're gonna throw it out to the jury like emotional
19 distress damages. We don't think that's appropriate. So that
20 is going to be one of the highlights of the motions *in limine*
21 that we present to you. It is a big issue.
22 　　　　　Then there is the -- so you have frustration of
23 mission. And, as we understand the Supreme Court case law, in
24 order to get diversion-of-resource damages, like their logs of
25 all the time they've spent on this, you have to first establish

1 frustration of mission. We thought that was clear in Your
2 Honor's summary judgment opinion. I don't believe that is
3 universally shared. Plaintiffs' counsel can correct me on
4 that. So we're probably going to want a ruling on that if we
5 can't work that out.
6 There are some other, you know, things that you
7 normally have, Your Honor, about the net worth of defendants
8 and whether some of the old conduct way pre-statute of
9 limitations should be, you know, put into the record, about
10 consent orders that have nothing to do with this case with
11 respect to, you know, at least my client, Defendant Ocwen Loan
12 Servicing.
13 So those are some of the types of issues that come up.
14 But, by far and away, I think the most important one is this
15 frustration of mission because it is a massive stumbling block,
16 and has been for years, in this case.
17 THE COURT: The point being, from my end, is to get a
18 sense of what you think you want to file in this December round
19 of motions *in limine* versus the January round of motions *in*
20 *limine*. So understanding that you have no idea when I might
21 give you a ruling on those issues. But I think the point that
22 we all are trying to achieve is that issues that should be
23 ruled on earlier rather than later are the ones that you're
24 focusing on in December.
25 So something like indemnification or old conduct, that

1    might be something that is in a later motion *in limine*, that is
2    a little bit more routine that comes up in these kinds of
3    cases. And once you've focused on what evidence you're
4    actually presenting, that might be in that round, as opposed to
5    the front photo review or, big picture, how are these damages
6    actually being presented.
7            Although, as articulated, I can see it's hard to
8    articulate it as a motion *in limine* on the point you're trying
9    to make about frustration-of-mission damages. Usually a motion
10   *in limine* is: Exclude this evidence, not so much a: Here's a
11   motion *in limine* asking the Court to tell us how
12   frustration-of-mission damages will be proven. But maybe
13   that's the only way to tee the issue up. And if that is, that
14   is the kind of thing that probably should be done in this
15   earlier round than a later round.
16           MS. BOGO-ERNST: And it may come to light, Your Honor,
17   on December 5th when the initial parts of the pretrial order
18   are submitted to the -- exchanged between the parties. 'Cause,
19   as we talked about last week, No. 9 says they have to itemize
20   their damages. That's what we're talking about, so --
21           THE COURT: Okay. Other than settlement, I didn't
22   have anything else on my agenda this morning other than to get
23   a preview for what is coming in December and to talk a little
24   bit about jury selection.
25           So why don't I open it up to the floor for, on the

1  record, anything you want to raise with me this morning.

2  MR. GARROWAY: Your Honor, Nathan Garroway.

3  I wanted to ask about the December 16th conference
4  that you set in last week's order. We have some conflicts on
5  our side on that date and wanted to see if either the 11th,
6  12th, or 15th, which is that Thursday, Friday, or Monday, could
7  be an alternative date to that 12/16 date.

8  THE COURT: Are the plaintiffs available on Monday,
9  the 15th of December?

10  MS. SOULE: I probably am available. I know that I
11  had a conflict -- or one of my team members had a conflict with
12  that day. And also, that's the day where defendants are
13  scheduled to provide us the responses on the pretrial order.

14  So I think if you go earlier, you're going to disrupt
15  the entire exchange schedule. That's a concern that I have
16  about going -- because we were planning to receive -- at least
17  according to the most recent chart that we have, to receive the
18  responsive parts from defendants on the 15th, including the
19  response to the uncontested facts.

20  So I think it sort of disrupts the whole thing. We
21  just -- we actually worked out all the dates between last week
22  and this week.

23  THE COURT: What about later in the week of the 15th?

24  MS. SOULE: I understand there's conflicts. I just
25  set meetings with our expert witnesses to prepare for --

1  throughout that entire week; trying to get a whole set of
2  meetings done with them before Christmas week.
3              So I could probably move those.  I can't move -- the
4  18th might be okay, actually.  The other dates are a little bit
5  problematic.
6              MR. GARROWAY:  So I think December 18th does not work
7  for our side.
8     (Defense counsel confer.)
9              MS. BOGO-ERNST:  Just leave it on the schedule, then,
10 Your Honor.  We'll just go forward as planned, and we'll try to
11 address the other conflict.  Okay?
12             MS. SOULE:  I appreciate it.  You know, dealing with
13 Dr. Ayers and -- it's a whole teaching torts and, you know,
14 Yale and all that, so --
15             THE COURT:  We'll keep it on the 16th.
16             Part of that -- that date I put out there.  And maybe
17 things will be happening and there won't be any reason for us
18 to be talking on the 16th.
19             But, as we can tell, it's necessary to put things on
20 the books now.  And if I have to cancel it, that's fine.  But
21 let's keep it on the books --
22             MS. BOGO-ERNST:  Okay.
23             THE COURT:  -- for now.
24             MS. BOGO-ERNST:  Thank you, Your Honor.
25             THE COURT:  Anything the plaintiffs want to talk about

1  while we're on the record?

2          MS. SOULE:  I think we've covered our list of items
3  besides the settlement.

4          THE COURT:  Okay.  There's no one else in the
5  courtroom, and I don't think there's anyone else on the phone
6  line.

7          THE CLERK:  That's right, Judge.

8          THE COURT:  So we'll go off the record.

9    (Discussion held off the record.)

10   (Proceedings concluded at 11:22 a.m.)

11                    *     *     *     *     *

13          I certify that the foregoing is a correct
14  transcript of the record of proceedings in the above-entitled
15  matter.

17    /s/ Colleen M. Conway, CSR, RMR, CRR          11/14/2025
18         Official Court Reporter                     Date
           United States District Court
19         Northern District of Illinois
              Eastern Division