IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., | |
| Plaintiffs, | Case No. 18 CV 839 |
| v. | Judge Manish S. Shah |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS' MOTION TO RENEW THEIR CONSOLIDATED MOTION TO PRECLUDE TESTIMONY FROM FOUR DEFENSE EXPERTS**

Plaintiffs respectfully renew their Consolidated Motion to Preclude Certain Testimony from Defendants' Purported Expert Witnesses David Skanderson, Marcel Bryar, Mark Linné, and Sharon Stedman. *See* Dkt. 311; *see also* Dkt. 312 (Mem. in Supp. of Mot.) (hereinafter ("Mem."); Dkt. 383 (Reply in Further Supp. of Mot.). The Court previously denied Plaintiffs' Motion "without prejudice and subject to renewal." March 31, 2025 Order (hereinafter "Order"), Dkt. 442, at 124. The Court did not rule on Plaintiff's Motion because "the admissibility of defendants' expert witnesses [was] not essential to resolving the pending motions for summary judgment." *Id.* at 33. The Court did consider and rule on Defendants' motions to exclude and, as explained below, applying that analysis to Defendants' experts provides additional support for Plaintiffs' Motion.

Therefore, for the reasons stated in Plaintiffs' motion and briefing (*see generally* Dkt. 311; Dkt. 312; Dkt. 383) and those stated below, Plaintiffs respectfully request that the Court preclude certain testimony from Dr. Skanderson, Mr. Bryar, Ms. Stedman, and Mr. Linné.

1

# ARGUMENT

In considering Defendants' motions to exclude Plaintiffs' experts, the Court emphasized themes governing the admissibility of expert testimony that are applicable to Dr. Skanderson, Mr. Bryar, Mr. Linné, and Ms. Stedman. *See generally* Order, Dkt. 442 at 33–88. The Court explained that expert testimony is inadmissible if:

- the expert uses unreliable methodology or uses methodology that is not used by others in the field, *see id.* at 78–79, 86.
- the expert lacks lack of sufficient background, training, or experience to support the proffered expert opinion, *see id.* at 71, 78–79, or
- the testimony offered is not helpful to the jury, including if the expert is being used as a mechanism for recounting factual testimony, *see id.* at 66, 79.

When applied to the four challenged Defense experts, these principles articulated by the Court further support Plaintiffs' motion to exclude. Each expert is briefly discussed below.

### A. Dr. David Skanderson

Plaintiffs seek to exclude Dr. Skanderson's improper and unreliable matched pair analysis. Many of the grounds for exclusion set forth in Plaintiffs original brief are mirrored by the Court's analysis in its March 31, 2025 Order. As explained in Plaintiffs' briefing, Dr. Skanderson (1) selected an intentionally biased, rather than a representative, sample, *see* Mem. at 9–16; (2) failed to select matched pairs that had similar characteristics, *see id.*; (3) failed to show that his sample selection methodology was widely used by economists or statisticians, *see id.*; and (4) failed to conduct any analysis of his sample, and instead merely restated record evidence, *see id.* at 16–21.

The Court's Order held that statistical testimony should be excluded if an expert fails to (1) demonstrate "an appropriate sample size" or one that is "adequately representative of the universe of properties," Order at 86, or (2) "cite to any research conducted by herself or others employing a similar methodology," *id.* at 86. The Court also held that testimony should be

excluded if it serves only to present evidence that the jury would be able to understand "without the assistance of an expert." *Id.* at 79.

For these reasons and those stated in Plaintiffs' original briefing, the Court should Dr. Skanderson's matched pair analysis.

### B. Marcel Bryar

Plaintiffs' seek to limit the testimony of Marcel Bryar to match the limits of his background, training, and experience. *See* Mem. at 21–32; Reply at 7–12. The Court's Order further supports the argument that Mr. Bryar should only be permitted to opine on issues that directly relate to his experience within the mortgage industry.

Mr. Bryar "concedes he that he has no background or training," Order at 71, in sociology or statistics (other than working on teams with individuals who performed statistical analyses), yet he critiques the methodology, structure, and results of the analyses performed by Dr. Ayres and Dr. Korver-Glenn. *See* Mem. at 23–26. Mr. Bryar also lacks experience or training in mixed methods research methodology or designing and conducting fair housing investigations, but he still offers opinions critiquing Dr. Guetterman or Ms. Kisch, *see* Mem. at 31–32. Finally, Mr. Bryar – who for nine months oversaw a large group of vendors that included property preservation and maintenance vendors – does not have sufficient "knowledge gained through training or experience," Order at 78, concerning industry standards regarding the preservation and maintenance of REO properties, *see* Mem. at 26–31.

For these reasons and those stated in Plaintiffs' original briefing, the Court should limit Mr. Bryar's testimony to topics within his specific experience within the mortgage industry.

3

### C. Sharon Stedman

Plaintiffs seek to preclude Ms. Stedman from offering opinion testimony responding to and critiquing the statistical analyses performed by Dr. Ayres. *See* Mem. at 35–37. Ms. Stedman repeatedly admitted that she has no expertise in statistics and, in fact, testified that she was not asked to opine on Dr. Ayres's report. *Id.* at 35. As such, consistent application of the principles articulated in the Court's opinion mandates that Ms. Stedman be precluded from offering testimony critiquing Dr. Ayres. *See* Order at 71 (excluding testimony on topics for which expert "concedes that he has no background or training"); *id.* at 79 (excluding testimony on statistical analysis where expert does not show "knowledge gained through training or experience . . . relevant to statistical analysis").

Plaintiffs also seek to preclude Ms. Stedman from relying on her experience in fair lending compliance to testify about the nature and structure of fair housing investigations and testing routinely completed by Plaintiffs. Ms. Stedman has no experience with fair housing organization investigations and testing, which are fundamentally different from internal institutional fair lending compliance self-testing, with which Ms. Stedman does have experience. Therefore, Ms. Stedman should be precluded from offering opinions or testimony related to fair housing organization investigations or testing. To be clear, however, Plaintiffs do not seek to exclude Ms. Stedman's opinion that Ocwen's 2011 Fair Lending Memorandum that states it applies to all Ocwen services encompasses Ocwen's responsibilities under the Fair Housing Act along with other fair lending laws and regulations.

For these reasons and those stated in Plaintiffs' original briefing, the Court should preclude Ms. Stedman from testifying about statistics or about the expert report of Dr. Ayres and from offering opinions or testimony about fair housing organization testing and investigations.

### D. Mark Linné

Similar to Mr. Bryar, Plaintiffs seek to limit Mr. Linné's testimony to match his specific background and experience: conducting real estate appraisals. *See* Mem. at 37–46. Also like Mr. Bryar, Mr. Linné has no experience or training in economics, statistics, or sociology. *Id.*; *see also* Order at 71, 78. In addition, Mr. Linné fails to explain how his appraisal experience qualifies him to opine on and critique the methodologies of Drs. Ayres and Korver-Glenn, who *do* have training and experience in economics, sociology, and conducting statistical analyses. *See* Mem. at 37–46; *see also* Order at 66.

For these reasons and those stated in Plaintiffs' original briefing, the Court should limit Mr. Linné's testimony to topics directly related to his specific real estate appraisal experience.

## CONCLUSION

For the reasons stated above and those set forth in Plaintiffs' original briefing, Plaintiffs respectfully request that the Court grant the following relief:

- Exclude Dr. Skanderson's "matched pair" analysis because (1) his sampling methodology is irretrievably flawed, (2) his comparison methodology does not comport with accepted means of testing statistical models, and (3) his ultimate "analysis" is limited to recounting facts in the record and will not be helpful to the jury.

- Limit the scope of Marcel Bryar's testimony to topics that directly relate to his mortgage industry experience, and exclude opinions and testimony that fall outside of his training and specialized experience, including: (1) opinions and testimony critiquing statistical analyses conducted by Dr. Ian Ayres, (b) opinions and testimony critiquing the analyses of Dr. Korver-Glenn, (c) opinions and testimony regarding "industry standards" and common practices concerning preservation and maintenance of REO properties, and (d) opinions and testimony regarding research methodology and fair housing investigations.

- Exclude Sharon Stedman's opinion and testimony related to Dr. Ayres's analyses and about statistics in general, based on her own admission that she is unqualified to offer these opinions. Further, Ms. Stedman should be precluded from offering opinions or testimony about fair housing organization testing and investigations because it is fully distinct from the typical fair lending testing with which she has experience.

5

- Limit Mark Linné's testimony to topics directly related to his experience as an appraiser and specifically preclude Mr. Linné from critiquing the statistical analyses conducted by Dr. Ayres (consistent with the findings of Dr. Elizabeth Korver-Glenn) and from critiquing the analysis of Dr. Korver-Glenn that REO properties can negatively affect neighborhoods.

Respectfully submitted,

/s/ Jennifer K. Soule

Jennifer K. Soule
James G. Bradtke
Steven P. Schneck
*Soule & Bradtke, PLLC*
155 N. Michigan Avenue, Ste. 504
Chicago, IL 60601

Lila Miller
Yiyang Wu
Jennifer Klar
Edward Olds
*Relman Colfax PLLC*
1225 19th Street, N.W., Ste. 600
Washington, DC 20036

Janell M. Byrd
Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW, Ste. 650
Washington, DC 20004

Stephen M. Dane
*Dane Law LLC*
P.O. Box 1011
Perrysburg OH 43552

Dated: December 19, 2025