**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, OPEN COMMUNITIES; SOUTH SUBURBAN HOUSING CENTER; HOUSING OPPORTUNITIES MADE EQUAL OF VIRGINIA; FAIR HOUSING OPPORTUNITIES OF NORTHWEST OHIO, INC.; FAIR HOUSING CONTINUUM; GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER; DENVER METRO FAIR HOUSING CENTER; METROPOLITAN MILWAUKEE FAIR HOUSING COUNCIL; FAIR HOUSING CENTER OF WEST MICHIGAN; THE MIAMI VALLEY FAIR HOUSING CENTER; FAIR HOUSING CENTER FOR RIGHTS & RESEARCH; FAIR HOUSING CENTER OF THE GREATER PALM BEACHES; FAIR HOUSING CENTER OF CENTRAL INDIANA; CENTRAL OHIO FAIR HOUSING ASSOCIATION; HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC.; CONNECTICUT FAIR HOUSING CENTER; NORTH TEXAS FAIR HOUSING CENTER; and FAIR HOUSING ADVOCATES OF NORTHERN CALIFORNIA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:18-cv-00839<br><br>Honorable Manish S. Shah |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE; OCWEN LOAN SERVICING, LLC.; and ALTISOURCE SOLUTIONS, INC., | ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO RENEW THEIR CONSOLIDATED MOTION TO
PRECLUDE TESTIMONY FROM FOUR DEFENSE EXPERTS**

**INTRODUCTION**

Plaintiffs' Motion to Renew their Consolidated Motion to Preclude Certain Testimony from Defendants' Purported Expert Witnesses David Skanderson, Marcel Bryar, Mark Linné, and Sharon Stedman (the "Motion") merely repackages the baseless arguments raised in Plaintiffs' prior filing. *See* Dkt. Nos. 311, 312, 383. Plaintiffs rely on the Court's prior ruling on Defendants' motions to exclude, Dkt. No. 442, suggesting that the Court's analysis provides "additional support" for their Motion. *See* Dkt. No. 501, at 1. But the Court's analysis simply applied the Daubert framework that Defendants had already set forth in their original Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Defendants' Expert Opinions ("Original Response"). *See* Dkt. No. 366, a true and correct copy of which is attached hereto as Exhibit A. Because Plaintiffs offer no new facts or legal analysis, Defendants' prior responses and objections apply with equal force.

Therefore, and for the same reasons stated in Defendants' Original Response, Plaintiffs' Motion should be denied in its entirety.

**ARGUMENT**

## A. Dr. David Skanderson

Plaintiffs argue that Dr. Skanderson's matched pair analysis should be excluded because (1) his sample is biased and not representative; (2) he failed to select matched pairs that had similar characteristics, (3) he failed to show that his sample selection methodology was widely used by economists or statisticians; and (4) he failed to conduct an analysis of his sample. *See* Dkt. No. 501, at 2.

As explained in detail in Defendants' Original Response, Dr. Skanderson, who has a Ph.D. and M.A. in Economics and over thirty years of experience within the worlds of academia, banking regulation, and consulting on behalf of financial institutions, is aptly qualified to testify on the

serious flaws in Plaintiffs' regression analysis. *See* Ex. A, Dkt. No. 366, at 22. Plaintiffs'

challenges are without merit for the reasons set forth in Defendants' Original Response. *Id.* at 23–

27. Plaintiffs' renewed effort to exclude Dr. Skanderson's testimony therefore should be rejected.

### B. Marcel Bryar

Plaintiffs further argue that Mr. Bryar may opine only on issues that directly relate to his

experience within the mortgage industry. *See* Dkt. No. 501, at 3. Specifically, Plaintiffs contend

that Mr. Bryar "has no background or training" contending that he lacks the background or training

in sociology, statistics, mixed-methods research, and fair housing investigations necessary to

critique or rebut Plaintiffs' experts. *Id.* Plaintiffs also argue that Mr. Bryar does not have sufficient

training or experience concerning industry standards regarding the preservation and maintenance

of REO properties. *Id.*

As further explained in Defendants' Original Response, Mr. Bryar has decades of concrete,

real world mortgage industry experience and is qualified to opine on the many mortgage industry

issues in this litigation. *See* Ex. A, Dkt. No. 366, at 8. Specifically, and as further outlined in

Defendants' Original Response, Mr. Bryar's critiques of Plaintiffs' experts regarding Defendants'

servicing of the REO properties at issue fall squarely within his areas of expertise. *Id.* at 9–17.

Therefore, Plaintiffs' attempt to exclude Mr. Bryar should be denied.

### C. Sharon Stedman

Plaintiffs also seek to preclude Sharon Stedman from critiquing the statistical analyses

performed by Dr. Ayres or testifying regarding the structure of fair housing investigations and

testing, arguing that she lacks expertise in statistics or fair housing organization investigations. *See*

Dkt. No. 501, at 4.

As explained in detail in Defendants' Original Response, Ms. Stedman is a fair lending and fair housing compliance officer with more than twenty years of experience and is more than qualified to serve as Defendants' Fair Housing Act expert in this litigation. *See* Ex. A, Dkt. No. 366, at 17. Ms. Stedman also has extensive professional experience working with statisticians to develop and carry out fair housing disparate treatment and disparate impact testing and is qualified to critique the assumptions and inputs underlying Dr. Ayres' modeling. *Id.* at 20. Plaintiffs' remaining arguments are addressed in Defendants' Original Response. *See id.*, at 18–22. Therefore, Plaintiffs' motion to exclude Ms. Stedman's testimony should be denied.

### D.  Mark Linné

Finally, Plaintiffs argue that Mr. Linné's testimony must be excluded because he has no experience or training in economics, statistics, or sociology, and because he "fails to explain how his appraisal experience qualifies him to opine on and critique the methodologies of Drs. Ayres and Korver-Glenn." *See* Dkt. No. 501, at 5.

As explained further in Defendants' Original Response, Mr. Linné has decades of experience in property valuation and statistics, more than qualifying him to critique Dr. Ayres' flawed inputs and assumptions related to the housing industry and Dr. Korver-Glenn's conclusions regarding the impact of REO sales on the value of non-REO properties.[1] *See* Ex. A, Dkt. No. 366, at 5–8. Accordingly, Plaintiffs' motion to exclude Mr. Linné's opinions should be denied.

---

[1] Defendants have moved *in limine* to exclude evidence concerning the marketing of the REO properties at issue, including references to property valuations. *See* Dkt. No. 504 at 4–9. Should the Court deny that motion, Defendants address Plaintiffs' arguments regarding the exclusion of Mr. Linné's expert opinions concerning property valuations. Regardless of the Court's ruling, Mr. Linné's opinions remain relevant to the extent they concern maintenance issues. *See* Ex. A, Dkt. No. 366, at 6–7.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.


Dated: December 30, 2025

Respectfully submitted,

By: /s/ *Kenneth M. Kliebard*
Kenneth M. Kliebard
Tinos Diamantatos
Megan R. Braden
Michael W. Fakhoury
**MORGAN LEWIS & BOCKIUS LLP**
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 324-1000
kenneth.kliebard@morganlewis.com
tinos.diamantatos@morganlewis.com
megan.braden@morganlewis.com
michael.fakhoury@morganlewis.com

Kurt W. Rademacher (*pro hac vice*)
Bradie R. Williams (*pro hac vice*)
**MORGAN LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000
kurt.rademacher@morganlewis.com
bradie.williams@morganlewis.com

Mark Traut (*pro hac vice*)
**MORGAN LEWIS & BOCKIUS LLP**
101 Park Ave.
New York, NY 10178
(212) 309-6927

*Counsel for Defendants Deutsche Bank National Trust Company, as Trustee, and Deutsche Bank Trust Company Americas, as Trustee*

By: */s/ Debra Bogo-Ernst*
Debra Bogo-Ernst
Matthew J. Thomas
Sara Kim
Brandon E. Villa
Eve Hastings

5

Benjamin Halom
Tara Sohns
**WILLKIE FARR & GALLAGHER LLP**
300 N. LaSalle Dr.
Chicago, IL 60654
(312) 728-9000
dernst@willkie.com
mthomas@willkie.com
skim@willkie.com
bvilla@willkie.com
ehastings@willkie.com
bhalom@willkie.com
tsohns@willkie.com

*Counsel for Defendant Ocwen Loan Servicing,
LLC, n/k/a Onity Group Inc.*

By: */s/ Nathan Garroway*
Nathan Garroway
Lisa M. Krigsten (*pro hac vice*)
Mark G. Trigg
Sarah Hannah Phillips
Alizé Mitchell
Kayla Lee
**DENTONS US LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
nathan.garroway@dentons.com
lisa.krigsten@dentons.com
mark.trigg@dentons.com
sarahhannah.phillips@dentons.com
alize.mitchell@dentons.com
kayla.lee@dentons.com

*Counsel for Defendant Altisource
Solutions, Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that Defendants' Memorandum In Opposition to Plaintiffs' Motion to Renew Their Consolidated Motion to Preclude Testimony From Four Defense Experts was filed electronically with the Clerk of Court using the CM/ECF system on December 30, 2025, which will automatically send e-mail notifications of such filing to all attorneys of record.

By: */s/ Nathan Garroway*
Nathan Garroway