IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FAIR HOUSING ALLIANCE; HOPE FAIR HOUSING CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE, et al., <br><br> Defendants. | Case No. 18 CV 839 <br><br> Judge Manish S. Shah <br><br> Jury Trial Demanded |

### PLAINTIFFS' JANUARY 23, 2026 PRIORITIES FOR PRE-TRIAL CONFERENCE

The evidentiary record in this case tends to be voluminous, with extensive listed potential exhibits, and the parties designating F.R.C.P. 30(b)(6) deposition testimony on various subjects. Many exhibits and deposition designations are subject to categorical and other issue-based objections and may lend themselves to being efficiently addressed by the Court in advance of trial.

To assist the Court's review, Plaintiffs outline what, in their view, are priority issues for the Final Pre-Trial Conference, especially relating to the first week of proceedings. Plaintiffs believe that clarity on the topics identified herein will greatly assist the Parties' trial preparation and streamline the trial itself. Plaintiffs respectfully request the opportunity to address, and hopefully resolve, the below matters at the January 28th Final Pre-Trial Conference.[1]

---

[1] For the Court's awareness, the Parties are exchanging stickered copies of their exhibits on Friday, January 23 and copies of Federal Rule of Evidence 1006 summary exhibits on Monday, January 26. Thus, the Parties can make available copies of any disputed exhibits for the Court's review. Plaintiffs have also prepared highlighted versions of the deposition transcripts, with each side's designations and cross-designations marked in different colors, which can be made available to the Court.

I. **Motions In Limine That May Effect Trial Structure**

1. Plaintiffs believe that the Court addressing Plaintiffs' Motion in Limine No. 25 (Motion to Admit Previously Admitted Facts), ECF 513 at 33-38, and Defendants' response thereto, ECF 522 at 38-44, will significantly affect and relate to the structure and efficiency of the trial.

2. Various witnesses, including third-party witnesses, who will testify in Plaintiffs' case in chief have made their travel and hotel arrangements based on anticipated trial order among other factors in their personal lives relating to availability. There are many logistical concerns. While Plaintiffs feel very strongly that all of their listed witnesses should be allowed to testify, Plaintiffs will appreciate knowing as soon as possible the outcome of Defendants' January 14, 2026 Motion in Limine No. 15 (Motion to Exclude Testimony of Third-Party Witnesses), ECF 514 at 11-27, and Plaintiffs' response thereto, ECF 521 at ECF 521 at 11-18 and Exhibit 4.

   a. Pending the Court's resolution of the above-mentioned motion, Plaintiffs intend to call third-party witnesses in the first days of trial. Plaintiffs have identified for the Court certain potential exhibits related to those witnesses in Exhibit A (Excerpt of Plaintiffs' Exhibit List, ECF 514-4, focusing on third-party witness potential trial exhibits).

II. **Plaintiff-Related Exhibits**

Many of the Plaintiffs' proposed organizational exhibits fall into the same broad categories. Plaintiffs believe that, for the most part, the evidentiary disputes as to these exhibits can be resolved on a categorical basis. A representative sample of the exhibits within the below

categories is attached hereto as Exhibit B (Excerpt of Plaintiffs' Exhibit List, ECF 514-4, focusing on disputed organizational exhibits).[2]

1. <u>Time and Expense Records</u>: Most Plaintiffs have identified as exhibits their time and expense records related to their diversion of resource damages, i.e., records that reflect their time and costs related to investigating and counteracting Defendants' conduct. The Court has permitted Plaintiffs to prove their diversion using the summary exhibits referred to as "diversion logs," *see* ECF 520 at 2. While Plaintiffs do not intend to walk through underlying documents or minutia at trial, they may use a set or subset of these documents with certain witnesses to illustrate how they calculated their diversion and/or to rebut potential attacks from Defendants. And the court retains discretion to order them to be produced in court under FRE 1006(a).

Defendants have blanketly objected to all of these records as prejudicial, hearsay, and/or inauthentic under Federal Rules of Evidence 403, 802, and 901. Each of Defendants' objections are unavailing. Plaintiffs' damages are central evidence for trial, and offering records thereof is not unduly prejudicial. Indeed, it would be unduly prejudicial to exclude this information and prevent Plaintiffs from making their damages case to the jury. Time and expense records—to the extent they even qualify as "statements" under Rule 801(a)—are quintessential business records and thus would fall within Rule 803(6)'s hearsay exception. Defendants have not identified any authenticity concerns, and even if they had, the organizational witnesses will be able to authenticate any of these records that need to be shown while on the stand.

---

[2] With respect to Exhibits generally, the Court's Standing Order for proposed Pretrial Orders requires "a concise explanation of the objection" to any exhibit's admission. This excerpt of Plaintiffs' Exhibit List shows that Defendants typically only listed the Federal Rules of Evidence number(s) that they believe apply. Even if the Court determines that Defendants' approach was adequate to preserve their objections, as set forth herein, these objections are without merit.

2. <u>Investigation Materials</u>: Plaintiffs have identified as exhibits the key documents related to their REO investigation, such as the glossary of deficiencies, blank <u>evaluation</u> forms, training slide decks, database upload instructions, and photo instructions. Plaintiffs anticipate introducing the bulk of these materials through an early witness from the National Fair Housing Alliance ("NFHA"), the organization that spearheaded the yearslong REO investigation. These materials will provide the jury with necessary information about Plaintiffs' inspection protocol and the resulting data at issue in this case.

Defendants have objected to all of these records under Rules 106, 402, 403, 407, 802, and 901-02. None of these Rules countenances exclusion. To begin, it would strain credulity to say that these exhibits are not relevant, and Defendants do not explain how they could violate Rule 403. To the contrary, it would be confusing, misleading, and prejudicial to exclude such documents—in a case about Plaintiffs' REO investigation, it is impossible to avoid investigatory documents and materials. These documents are not hearsay because they are not being offered for the truth of the matter asserted; instead, they are offered to show context for NFHA's investigation and to show their "effect on the listener," i.e., why and how the local Plaintiffs conducted the investigation as they did. But even if the investigation materials were being offered for the truth of the matters asserted within, these materials also constitute business records under Rule 803(6) and thus are not inadmissible hearsay because NFHA actively conducted REO investigations for nearly a decade. Defendants have not identified any authenticity concerns, but NFHA's witness can authenticate the materials on the stand. Defendants do not explain their Rule 106 or 407 objections, neither of which would seem to apply to this context.

### III. Database Testimony

Plaintiffs will be presenting live witness testimony and evidence concerning the REO Database beginning during the first week of trial, including considering the Court's ruling on the admissibility of the REO database. *See* ECF 520. Relatedly, because he will not be appearing as a live witness at trial, all Parties have designated and cross-designated the deposition testimony of David Lauri, an employee of Plaintiff Miami Valley Fair Housing Center who managed the REO Database. *See* ECF 514-6 at 95-96 and ECF 514-7 at 24-25. Plaintiffs intend to present their designations for Mr. Lauri early in the trial. Accordingly, it would be useful to have the designations for this witness resolved in advance of trial.

### IV. Agency -Related Exhibits

Plaintiffs have identified as exhibits a series of documents that relate to the issue of whether an agency relationship existed between the Trustee Defendants and the Servicer Defendants. *See e.g.* Exhibit C (Excerpt of Plaintiffs' Exhibit List, ECF 514-4, focusing on disputed agency exhibits). These exhibits include documents that were cited in this Court's March 30, 2025 Opinion such as a series of memos sent by the Trustee Defendants to the Servicers regarding REO properties, email correspondence between the Trustee Defendants and the Servicer Defendants related to REO maintenance and the purchase of REO properties, and legal documents such as powers of attorney executed by the Trustee Defendants in favor of the Servicer Defendants. Plaintiffs have also identified other operational (policy) and legal documents (e.g., deeds), as well as communications by Deutsche Bank to third parties, all of which produced by Defendants, that bear on these issues (as well as the relationship between Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company

5

Americas). Plaintiffs are also preparing Rule 1006 exhibits that summarize and/or distill the voluminous provisions of the Governing Agreements.

Defendants have objected to these documents under Rules 106, 402, 403, 801-802, and 901-902. None of these Rules provide a basis for exclusion. The argument that these exhibits are not relevant is frivolous, and Defendants do not explain how the documents could violate Rule 403. To the contrary, it would be confusing, misleading, and prejudicial to exclude such documents which, as reflected in the Court's March 30, 2025 Opinion, are fundamental documents bearing on the existence of an agency relationship. These documents are not hearsay because they are not being offered for the truth of the matter asserted; instead, they are offered to show the framework and scope of the relationship between the Defendants, and bear upon Ocwen's intent. Moreover, most of these documents are authored by the Defendants themselves, and so are not hearsay at all. FRE 801(d)(2). In any event, these materials were all produced by Defendants in discovery and also constitute business records under Rule 803(6) and thus are not inadmissible hearsay.

**V.      Exhibits and Testimony Related to Ocwen and Altisource**

For purposes of obtaining guidance from the Court in advance of jury selection and opening statements, and to enable efficient final selection for reading and publishing to the jury (beginning during week one), and to fill any gaps in jury courtroom time, Plaintiffs have prioritized certain of their deposition designations of Ocwen's and Altisource's F.R.C.P. 30(b)(6) corporate witnesses, concerning Defendants' property maintenance policies and practices, among other key issues. Likewise, Plaintiffs have excerpted a list of prioritized potential exhibits relating to the Servicer Defendants in harmonizing categories.

In the context of the Pre-Trial Conference, Plaintiffs believe the court may be able to address Defendants' objections to Plaintiffs' Ocwen-Altisource designations and exhibits in a manner and scope that Plaintiffs believe will have a cascading and guiding effect on the entire set, for final trial planning and efficiency of the Court's and jury's time. Plaintiffs believe technical and stylistic or other similar refinements or negotiations concerning the final form of deposition designations to be read, or portions or format of exhibits to be published, should be worked out between counsel for the parties once admissibility is determined, reserving Court intervention at that level for rare cases, if any. Plaintiffs will provide exhibits for the Court's review, as requested before or at the Pre-Trial Conference, or at any time.

Plaintiffs' Ocwen-Altisource deposition designations and excerpted Ocwen-Altisource exhibit list include descriptions of each item, as well as Defendants' objections. Defendants' categorical objections to exhibits and deposition designations consist of listing evidentiary rules with either no explanation or a one-word phrase in parenthesis. Plaintiffs understand the Court's ruling limiting marketing and sales information, and seek to use only designations and exhibits for trial use that are highly relevant to key remaining issues of focus in the case and context. However, through their various objections, Defendants seek to over-exclude highly relevant evidence in whole or part based upon appearance of the word "sales" in some cases, or on similar bases or overly broad concepts, which would have the effect of excluding various relevant information and critical REO maintenance procedures and documents concerning Defendants' REO asset management and Defendants' value based REO property maintenance system. Not all titles tell the full story of a document's contents.

1. <u>Servicer Defendant F.R.C.P. 30(b)(6) Deposition Designations.</u> Without waiving the ability to present other selections as appropriate, Plaintiffs present a narrowed set of their

affirmative deposition designations for the Court's Pre-Trial consideration, after (a) setting aside many sales/marketing-related designations in accord with the Court's January 20, 2026 Ruling and guidance, (b) reserving designations that may not be best suited for efficient jury presentation, (c) setting aside designations that may be repetitive and of less clarity, and (d) determining a core set of designations *from which Plaintiffs will make targeted strategic selections in Plaintiffs' best judgment* to read to the jury (along with embedded exhibits that will be published) singularly or in combination, depending on necessary proof, *trial time, efficiency concerns*, and the testimony of adverse defense witnesses who will be called at trial in Plaintiffs' case in chief.

From the volume of their objections to Plaintiffs' deposition designations that generally address the basic issues in the trial, one gets the impression that Defendants seek to assume the role of gatekeepers of Plaintiffs' case, to force Plaintiffs to relitigate once again the basic issues already litigated multiple times, to restrict Plaintiffs' strategy choices without basis, and to choose for themselves what remaining droplets should weakly trickle through.

Plaintiffs have categorized their Ocwen-Altisource corporate deposition designations[3] into the following issues shown in column G of each grouped Section of Exhibit D:

1. Basic Procedures (incl. Background)
2. Relates to Expert Data (incl. Admission National Model)
3. Admission Regarding Servicing Standard/Lack of Business Justification
4. Admission Regarding Industry Standards
5. Ocwen Admission of Delegation/Discretion to Altisource (incl. Lack of Oversight)
6. Altisource Admission of Discretion
7. Altisource Lack of Oversight of Property Maintenance

---

[3] Plaintiffs' designations of the deposition of Altisource senior Manager Ryan Solohub, who is unavailable for trial, are included with the Ocwen-Altisource prioritized set. Plaintiffs and Defendants simultaneously designated depositions of various other Altisource-Ocwen fact witnesses who will not appear live at trial. Plaintiffs do not include selections of those depositions for the present exercise, and reserve resolution of disputes concerning those, if any, for trial.

8

8. Value Based REO Property Maintenance System
9. Fair Housing Act Compliance Conduct and Admissions
10. REO Discretionary Asset Management Relevant to Property Maintenance (incl. Remote)
11. Failure to Follow Defendants' Own Procedures
12. Undue Delegation and discretion

In Exhibit D, attached, Plaintiffs have grouped various of their Ocwen-Altisource designations into 7 sections primarily corresponding to Plaintiffs' deposition designation issues list, above, but with some unavoidable cross-over and including a section that lists deposition designations relevant to multiple areas of admissions and issues. Plaintiffs' Trial Exhibit numbers addressed in designated testimony are indicated in Exhibit D. These exhibits should therefore be considered priorities.

Plaintiffs also provide a section with a list of prioritized designations to which Defendants have objected on the basis of F.R.E. 106 (completeness). Plaintiffs are reviewing Defendants' cross designations and will resolve or refine this list before the Pre-Trial Conference.

2. <u>Plaintiffs' Servicer Defendant Exhibits.</u> Plaintiffs also attach Exhibit E, which is an excerpt from their list of exhibits relating to Ocwen and Altisource. Plaintiffs do not waive introduction or publication of exhibits not excerpted, some of which are embedded in Plaintiffs' 30(b)(6) deposition designations, but believe the Court addressing the excerpted group[4] will aid in final trial planning and efficiency. Plaintiffs have excerpted Ocwen-Altisource-related exhibits that exemplify types of various other disputed exhibits to which Defendants

---

[4] As noted, Plaintiffs exhibits linked in Exhibit E to Plaintiffs' Servicer Defendant deposition excerpts are seen as priorities. Resolving deposition designation issues may in turn resolve exhibit-alone disputes. Likewise, it is possible an exhibit only on Plaintiffs' exhibit list, whether or not also associated with a deposition designation, may be appropriate and admissible in whole or part, even if the Court finds the deposition designation relating to it inadmissible.

categorically object. Plaintiffs have attempted to exclude from the excerpt exhibits ruled admissible or inadmissible in the Court's January 20, 2016 Ruling and do not include property-specific exhibits concerning investigated REOs. At times more than one version of a policy of Defendants is included on Plaintiffs' exhibit list but only one or two are excerpted.

The excerpted relevant Ocwen-Altisource exhibits and Defendants' categorical objections harmonize with the issues categories in the deposition designations sheet and will be addressed by Plaintiffs at the Pre-Trial Conference.

Plaintiffs' current prioritized excerpt includes at the end exhibits relied upon by their experts relating to Ocwen and Altisource to which Defendants object that are not otherwise in the main segments of Plaintiffs' exhibit list relating to Ocwen and Altisource. Plaintiffs may publish or introduce these exhibits at trial (in addition to exhibits drawn from Defendants' data or productions, wherever they appear on Plaintiffs' list). Plaintiffs' overall exhibit list includes a section of exhibits, figures and demonstrative exhibits for each of their experts, grouped accordingly, for the convenience of the parties and the court, generally.

Respectfully submitted,

/s/ Jennifer K. Soule

Jennifer K. Soule
James G. Bradtke
Steven P. Schneck
*Soule & Bradtke, PLLC*
155 N. Michigan Avenue, Ste. 504
Chicago, IL 60601

Lila Miller
Edward Olds
Yiyang Wu
Jennifer Klar
*Relman Colfax PLLC*
1225 19th Street, N.W., Ste. 600
Washington, DC 20036

Janell M. Byrd
Morgan Williams
*National Fair Housing Alliance*
1331 Pennsylvania Ave, NW, Ste. 650
Washington, DC 20004

Stephen M. Dane
*Dane Law LLC*
P.O. Box 1011
Perrysburg OH 43552

10

Dated: January 23, 2026