Ex. A - Plaintiffs' Priority Third-Party Witness Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1016 | | Adams NFHA Neighbor Survey and photo | WIT_0000020 | WIT_0000022 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 402, 403, 602, 901, and 901-902 | This document (including a photo) presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. This document also has relevance to Plaintiffs' standing. For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1017 | | Plate NFHA Neighbor Survey and photos | WIT_0000027 | WIT_0000034 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 402, 403, 602, 901, and 901-902 | This document (including photos) presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. This document also has relevance to Plaintiffs' standing. For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1035 | 662 | Email sent by Dr. Giaimo on April 30, 2011 to Ronaldo Reyes | WIT_00000233 | WIT_00000233 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 403, 802, and 901-902 | This document is a communication to the Deutsche Bank National Trust Company manager who oversaw the handling of REO properties and communications with servicers and presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) records of a regularly conducted activity, including minutes from Defendants' shareholder meetings, such evidence is admissible under F.R.E. 803(6); (3) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (4) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1036 | 662 | Sherman Park Revitalization Initiative, January 21, 2011 | WIT_00000234 | WIT_00000255 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 602, 901 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1037 | 662 | Letter from F. Jim Della Sala to Bob Connolly, dated May 19, 2011 | WIT_00000257 | WIT_00000258 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document is a letter from Defendants to Common Ground and thus does not constitute hearsay under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1040 | 662 | Letter from Milwaukee Mayor Tom Barrett and Milwaukee Alderman Michael Murphy, dated May 23, 2011 | WIT_00000271 | WIT_00000271 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1057 | 664 | Letter from Bob Connolly to German Consulate, 3/15/10 | WIT_00001333 | WIT_00001333 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document presents relevant information communicated by Common Ground regarding REOs and is related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

Ex. A - Plaintiffs' Priority Third-Party Witness Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1058 | 664 | Common Ground's Faces of Foreclosure Report, 1/1/10 | WIT_00001334 | WIT_00001360 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1059 | 664 | Letter from Bob Connolly to German Consulate, 4/30/10 | WIT_00001361 | WIT_00001361 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document presents relevant information regarding REOS communicated by Common Ground and is related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1060 | 664 | Letter from Bob Connolly to Josef Ackermann, CEO, Deutsche Bank, 5/18/10 | WIT_00001362 | WIT_00001362 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document presents relevant information regarding REOs communicated by Common Ground to Deutsche Bank and is related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1061 | 664 | Faces of Foreclosure Timeline | WIT_00001369 | WIT_00001369 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1062 | 664 | Sherman Park Revitalization Initiative, 1/21/11 | WIT_00001370 | WIT_00001391 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1063 | 664 | Letter from F. Jim Della Sala (Deutsche Bank) to Bob Connolly, dated May 19, 2011 | WIT_00001392 | WIT_00001393 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | N/A | |
| 1064 | 664 | Letter from Bob Connolly to Josef Ackermann, CEO, Deutsche Bank, 6/5/11 | WIT_00001394 | WIT_00001394 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | N/A | |
| 1065 | 664 | Fax cover sheet and Letter from Gary Hattem, Deutsche Bank President, to Bob Connolly, 6/22/11 | WIT_00001395 | WIT_00001396 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This document is a letter from Defendants to Common Ground and is admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent this document includes statements by Defendants, it does not constitute hearsay under FRE 801(d). To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1066 | 664 | Common Ground Foreclosure/ Milwaukee Rising Issue Campaign | WIT_00001397 | WIT_00001400 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1070 | 665 | November 13, 2009 Letter from David Co to Mark Fraley | WIT_00001542 | WIT_00001542 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403, 901 | This is a letter from Defendants to Common Ground and is thus admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1074 | 665 | December 4, 2009 Letter from Mark Fraley to David Co | WIT_00001553 | WIT_00001554 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document is a communication between Common Ground and the Deutsche Bank Defendants and presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1083 | n/a | Email from Bob Connolly to Jill Showell, 1/18/18 | WIT_00001949 | WIT_00001949 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1084 | n/a | Email from Bob Connolly to Ron Faris, Ocwen's CEO, 5/28/15 | WIT_00002017 | WIT_00002017 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

Ex. A - Plaintiffs' Priority Third-Party Witness Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1085 | n/a | Emails to/from Common Ground and Ocwen, 6/7/16, with photo | WIT_00002054 | WIT_00002056 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1086 | n/a | Emails to/from Jill Showell and Bob Connolly, with cc: Allie Gardner | WIT_00002103 | WIT_00002104 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1087 | n/a | Email from Jill Showell to Bob Connolly, 8/31/15 | WIT_00002105 | WIT_00002106 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1088 | n/a | Emails between Common Ground and Ocwen, 11/14, plus Ocwen's Milwaukee Portfolio | WIT_00002267 | WIT_00002269 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1089 | n/a | Emails re Ocwen's charged off properties, March/April 2015 | WIT_00002401 | WIT_00002403 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d).  This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties.  This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c).  To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15).  For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1090 | n/a | Emails internal to Common Ground re Ocwen's Charged Off properties, March 2015 | WIT_00002460 | WIT_00002461 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d).  This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties.  This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c).  To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15).  For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

Ex. A - Plaintiffs' Priority Third-Party Witness Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1091 | n/a | Emails to/from Bob Connolly and Jill Showell, 2/19 | WIT_00002518 | WIT_00002519 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1092 | n/a | Email from Bob Connolly to Jill Showell re Common Ground's proposal for Ocwen's charged off properties, 3/30/15 | WIT_00002531 | WIT_00002532 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1093 | n/a | September 2, 2014 Emails | WIT_00002556 | WIT_00002556 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1094 | n/a | Milwaukee Rising documentation re Deutsche Bank grant to revitalize Sherman Park | WIT_00002557 | WIT_00002561 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1095 | n/a | Letter from Gary Hattem, Deutsche Bank President, to Steve Sagner, 9/28/11 | WIT_00002562 | WIT_00002567 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document is a letter from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1096 | n/a | Email from Bob Connolly to Jill Showell, 9/9/19 | WIT_00002635 | WIT_00002635 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1097 | n/a | Email from Bob Connolly re setting up a meeting with Ocwen CEO Ron Faris, 10/29/14 | WIT_00002764 | WIT_00002764 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1098 | n/a | Letter from Alexandra Gardner, Common Ground, to Ron Faris, Ocwen CEO, 10/16/14 | WIT_00002766 | WIT_00002766 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1099 | n/a | Email from Bob Connolly to Tom Lacy, 5/12/15 | WIT_00002859 | WIT_00002859 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1100 | n/a | Email internal to Common Ground re Ocwen's Charged Off properties, 3/16/15 | WIT_00002874 | WIT_00002874 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1101 | n/a | Email re check received from Ocwen for delinquent taxes, 5/9/17 | WIT_00002885 | WIT_00002885 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes a check written by Defendant Ocwen admissible under FRE 801(d) and presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1102 | n/a | Email re check received from Ocwen for delinquent taxes, 6/3/16 | WIT_00002886 | WIT_00002886 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document related to a check written by Defendant Ocwen admissible under FRE 801(d) and presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1103 | n/a | Email from Bob Connolly to Milwaukee Deputy City Attorney, re discussions with Ocwen, 6/12/15 | WIT_00002906 | WIT_00002906 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). In addition, the evidence objected to constitutes or includes public records, e.g., records from the Milwaukee Department of Neighborhood Services. Such evidence is admissible under F.R.E. 803(8), regardless of the declarant's availability. The evidence objected to also constitutes or includes records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15), regardless of the declarant's availability. For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1104 | n/a | City of Milwaukee Foreclosure Sale Data | WIT_0000320 | | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). In addition, the evidence objected to constitutes or includes public records, e.g., records from the Milwaukee Department of Neighborhood Services. Such evidence is admissible under F.R.E. 803(8), regardless of the declarant's availability. The evidence objected to also constitutes or includes records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15), regardless of the declarant's availability. For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1105 | n/a | Emails between Bob Connolly and Jill Showell, January 2018. | WIT_00003460 | WIT_00003461 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1106 | n/a | Common Ground internal emails re delinquent taxes, 10/5/16 | WIT_00005338 | WIT_00005340 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |

Ex. A - Plaintiffs' Priority Third-Party Witness Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1107 | n/a | Emails to/from Bob Connolly, Allie Gardner and Jill Showell, August 2015 | WIT_00005416 | WIT_00005420 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 802, 403 | This document includes emails from Defendants admissible under FRE 801(d). This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |
| 1108 | n/a | Emails between Common Ground and Milwaukee Department of Neighborhood Services, dated between September 28 and October 2, 2015 | WIT_00005771 | WIT_00005773 | Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This document presents relevant information related to Defendants' discriminatory conduct and the roles, relationship, duties and obligations of the Defendants with regard to the ownership, maintenance and marketing of REO properties. This document has relevance with respect to many issues, including Defendants' knowledge and intent, and the existence of an agency relationship between the Deutsche Bank Defendants and the Servicer Defendants. To the extent that the evidence objected to is not being offered to prove the truth of the matter asserted, e.g., evidence that provides context, such evidence does not constitute hearsay under F.R.E. 801(c). To the extent that the evidence objected to constitutes or includes any or all of the following, it is admissible: (1) a recorded recollection, e.g., notes from meetings or emails reflecting statements and conduct at meetings, such evidence is admissible or may be read into evidence under F.R.E. 803(5); (2) public records, e.g., records from the Milwaukee Department of Neighborhood Services, such evidence is admissible under F.R.E. 803(8); (3) records of documents that affect an interest in property or, relatedly, statements in documents that affect an interest in property, e.g., records reflecting Defendants' ownership, transfer, sale, and foreclosures of property, such evidence is admissible under F.R.E. 803(14) and (15). For the reasons stated in Plaintiffs' preface, Defendants' unexplained references to the Federal Rules of Evidence are insufficient and baseless. |