Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 14 | 52 | HUD-1 Closing statement for Palm Acres property | ASI000000873 | ASI000000873 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 902 | This exhibit produced by Altisource (that acted as Ocwen's agent at REO closings and also as the title company at REO closings) is relevant to prove vicarious liability of Deutsche Bank; Exhibit is example of Altisource and Ocwen acting as agents and signatories for Deutsche Bank. The exhibit satisfies FRE 402 and 902. |
| 22 | | Sample e.g. VMS Communication Log items, ASI000009519, Field P, Lines 41, 10809, 11521, 12135, 74124, 73098, 73171, 73492, 74415, 74952, 75315, 75558, 78972 | ASI000009519 @ listed lines | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | N/A | Please note that line 78197 is included in Plaintiffs' Trial Ex. 22, but was not included in the description along with the other lines mentioned. |
| 23 | | Excerpt from ASI000009519, Sample communication line declining work in lieu of HHA, line 32452 | ASI000009519, line 32452 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 403 | This exhibit produced by Defendants includes Altisource's internal employee and agent inputs and exchanges in the standardized Vendor Management System Communication Log, confirmed by corporate testimony in detail at 30(b)(6) depositions, including the authenticity of the VMS Communications Log and substantively that maintenance work may be declined by Altisource employees including Asset Managers Preservation Coordinators and others in favor of passing property on with a hold harmless agreement; Admissibility of information from the Log underscored by the fact Altisource did not produce Asset Management or offshore witnesses for deposition in lieu of their own records sufficing. Exhibit satisfied FRE 106, 901, 403 and 803. |
| 24 | 125 | VMS - CV Data | ASI000009520 | ASI000009520 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This exhibit is Defendants' data relating to properties inspected by Plaintiffs concerning code violations and related issues. Altisource did not produce its integrated electronic systems, including its Vendor Management System (VMS), but produced separate data sheet outputs in Excel format for segments of information in discovery concerning REOs investigated by Plaintiffs on various topics concerning REO property preservation and maintenance work. See also, objection to "Property Info" data set, below, Plaintiffs' Trial Exhibit 24. The Code Violation data segment covers facts about investigated properties directly reflecting, related to and associated with REO property conditions, inspection, preservation and maintenance/repairs (failure to prevent and remediate preservation and maintenance deficiencies was a practice and matter of operational culture/permission). This data is relevant to Defendants' policies and practices and Plaintiffs' claims whether or not it may "discuss" marketing data in some manner because, contrary to the undisputed parties' contracts, industry standards and community standards, all of which require remediation of all code violations, Defendants' policies explicitly encouraged, ripened, caused and tolerated poor property conditions in some cases that resulted code violations that were then unremediated based on various rationales relating to undue discretion and perceived values. Defendants' dismissiveness of conditions that could lead to or resulted in actual code violations relate in part to their operational practice approved by Asset Managers of transferring title to REOs with open violations (contrary to acceptable standards) by use of a "Hold Harmless Agreement." This results in continued remediation delay, no operational penalty for failure to remediate or prevent deterioration, community harm, and missional harm.

Defendants point to no specific instance of information they seek to exclude. Any blanket objection based on "discussing marketing" is inappropriate, self-serving, and an over-categorization of what "discusses marketing" might mean within the specific facts and circumstances of the case. |
| 25 | 126 | VMS - Property Info | ASI000009521 | ASI000009521 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This data set produced by Defendants, like Ex. 23, is part of Altisource's Vendor Management System (VMS) or other integrated Altisource electronic systems and is relevant and should be admitted because it contains various data points on properties investigated by Plaintiffs as basic information, relied on in various expert reports from both sides, might be used with examples of property-specific information, or otherwise systematically constitutes Defendants' data and information on the investigated properties. It is unclear what would be deemed "discussing" marketing data and Defendants point to no specific instance, category, or type of information they seek to exclude. It is overreaching to exclude this information. |
| 31 | 46 | REALTrans - Updated_RTNG_FHA.xlsx | ASI000023616 | ASI000023616 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This data set drawn from systems shared between Ocwen and Altisource contains various data points on properties investigated by Plaintiffs that may be relevant to property-specific examples at trial, are utilized in various expert reports from both sides and otherwise systematically retains information on the investigated properties. It is unclear what would be deemed "discussing" marketing data in a manner that would be inadmissible. It is overreaching to exclude this information, and Defendants point to no data they seek to exclude. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. |
| 32 | 222 | Hubzu - Image_URL.xlsx | ASI000023617 | ASI000023617 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This exhibit is relevant, highly probative, and not prejudicial and admissible under FRE 402 and 403. No specific items are identified. This data set contains defendants' photographs and descriptions of properties investigated by Plaintiffs, among other data and information concerning and displaying REO property maintenance conditions. It is overreaching to exclude this information, if needed and appropriate at trial generally or concerning a specific property example. Information in this data set is also admissible to the extent experts on one or both sides relied on Defendants' own data or photographs. Marketing signage is also included on Plaintiffs' checklist and relevant to REO property maintenance conditions under industry standards; marketing signage is placed by Altisource property preservation vendors within 21 days of REO status and supposed to be properly maintained by preservation and maintenance vendors. Data and photos from this data set should be available for the parties' use subject to the 2-day rule, on a case by case basis. A global objection is improper. |
| 33 | 223 | Hubzu - NFHA-Data-12-May-20.xlsx | ASI000023618 | ASI000023618 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This Altisource-produced data set (information contained therein) is relevant and admissible under FRE 402. Defendants do not indicate the basis for a FRE 403 objection. Defendants do not identify any information they believe "discusses marketing data and not maintenance" or how. This exhibit, an Altisource data set produced concerning investigated properties, contains a wide spectrum of basic identifying and other property condition data and information utilized by experts on both sides concerning property values and other facts relevant to property maintenance and Defendants' policy schemes integrated with and impacting property maintenance, including valuation data and time in REO status. This data was relied upon by experts on both sides. It is overreaching to exclude this information, if needed at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; all REOs must be marketable within 21 days and are in the marketing stage by definition at all times. A global objection is improper. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 34 | 224 | RealRes - Offer and closing details.xlsx | ASI000023619 | ASI000023619 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; It is unclear what "discusses marketing data and not maintenance" means. This data set produced by Defendants and from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. |
| 35 | 215 | RealRes - Prop details (2).xlsx | ASI000023620 | ASI000023620 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants 'Consolidated First Round Motion in limine No. 1. | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; It is unclear what "discusses marketing data and not maintenance" means. This data set produced by Defendants and from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and REO asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. |
| 36 | 216 | RealRes - Prop details.xlsx | ASI000023621 | ASI000023621 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; It is unclear what "discusses marketing data and not maintenance" means. This data set produced by Defendants and from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. |
| 37 | 219 | Legal Final Report.xlsx | ASI000023623 | ASI000023623 | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 402, 902. | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; Defendants produced this data set on its own and do not specify any item of incompleteness. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Differing data sets might be topical or have elements that, together, form a complete picture. Defendants provided information in discovery defining and explaining the data fields, on which Plaintiffs are entitled to rely. It is unclear what "discusses marketing data and not maintenance" means. This data set produced by Defendants and from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. |
| 39 | 210 | Table extracted from ASI000024271, short time-frame "Service Level Agreements" | ASI000024271 | ASI000025357 | Defendants' policies/practices | F.R.E. 106, 402, 902 | Exhibit is produced by Defendants in connection with its vendor management system, and verified through depositions including 30(b)(6), and lists property maintenance turnaround times (Service Level Agreements, or SLAs) Altisource vendors automatically see in the remote VMS system for their property preservation and maintenance work on REOs, per the parties' contracts. This information is an Altisource business record under 803, and non-hearsay under FRE 801(d)(2). This list of turnaround times is relevant because they are short, but Plaintiffs' investigation revealed poor property maintenance conditions more than 30 days after REO date. Corporate and other defense testimony confirmed that this segment of the VMS work order lines accessible to its property maintenance vendors through the VMS system (not made available to Plaintiffs directly although requested, or electronically, but only provided within an extremely voluminous pdf) reflected the turnaround times (SLAs) property vendors would see in VMS when particular corresponding property maintenance work orders were issued or sought. This is one format of the SLAs in easily digestible list form for the jury. |
| 40 | 210 | Standard/Non, Pre-Approved/not list of work items | ASI000024271 | ASI000025357 | Defendants' policies/practices | F.R.E. 106, 402, 902 | This exhibit is admissible under FRE 402, 803, 801(d)(2) and is directly relevant to Plaintiffs' claims. Exhibit 40 is produced by Defendants and relates to property preservation and maintenance work items; verified/discussed in depositions including by the producing party under F.R.C.P. 30(b)(6) and permissible in any event under the parties' agreement their documents are authentic. |
| 51 | | Group Exhibit, Valuation Processes | ASI000032949; ASI000033251-ASI000033253; ASI000032349; ASI000032350; | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 403 | This group exhibit are business records of Defendants, relevant under FRE 402, and admissible under FRE 803. Exhibit is group of documents produced by Defendants consisting of valuation procedures in the format used by Altisource staff (mostly off-shore) concerning REOs in the U.S.; relates to valuations policies that trigger and govern property preservation and maintenance work levels in various discretionary ways. These procedures are highly relevant to Defendants perceived value property maintenance/repair system that disparately impacted the condition of REOs in communities of color. Any prejudice from Defendants' value based schemes or otherwise is outweighed by this exhibit's probative value. This exhibit is relevant to show Defendants' REO preservation and maintenance policies and practices that resulted in disparate property deficiencies, specifically undue discretion/delegation and perceived value based discrimination in REO property preservation and maintenance. |
| 52 | 364 | DVS_Procedure_Non WSTRAT REO Review V1.3 2020 | ASI000033254; ASI000032334; ASI000032335; ASI000033915-ASI000033916 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 403 | This group exhibit are business records of Defendants, relevant under FRE 402, and admissible under FRE 803. Exhibit is group of documents produced by Defendants consisting of valuation procedures in the format used by Altisource staff (mostly off-shore) concerning REOs in the U.S.; relates to valuations policies that trigger and govern property preservation and maintenance work levels in various discretionary ways. These procedures are highly relevant to Defendants perceived value property maintenance/repair system that disparately impacted the condition of REOs in communities of color. Any prejudice from Defendants' value based schemes or otherwise is outweighed by this exhibit's probative value. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 53 | 450 | REO Valuations Methodology Change Memorandum, 2/20/2010 | ASI000033841 | ASI000033843 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This exhibit is relevant within FRE 402 to show Defendants' REO preservation and maintenance policies and practices triggered and coordinated with property valuation policies and procedures, that resulted in disparate property deficiencies, specifically undue discretion/delegation and perceived value based discrimination in REO property preservation and maintenance. This document is admissible under FRE 803 and not unduly prejudicial. |
| 54 | n/a | Hubzu Auction Information form | ASI000034318 | ASI000034318 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | Exhibit is admissible under F.R.E. 402 and 803 and not unduly prejudicial. Exhibit produced by Defendants relates in various ways to property preservation and maintenance including but not limited to determination of property level signage, items on Plaintiffs' checklist, and terms and conditions of services relating to housing. Defendants do not specify how or why "to the extent discusses marketing data and not maintenance" applies to blanketly exclude this exhibit. |
| 55 | 412 | Multiple Listing Services Procedure V5.4 2020 | ASI000034540 | ASI000034636 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is relevant, highly probative, and not unduly prejudicial. Defendants make no statement of how this document is prejudicial. Exhibit is produced by Defendants and is a procedure (with change tracker to time frame of case) addressing preforeclosure vacancy inspections, ordering valuations, verifying addresses, the central Initial Property Review (IPR) regarding REO property condition requiring Defendants to create preservation and property improvement plans (none of which were produced in discovery), and valuation of "attribute" relating to discretionary preservation and maintenance work levels |
| 56 | 361 | Ocwen Residential Sales Consultant Procedure V58 2019 | ASI000035192 | ASI000035406 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is admissible, relevant and not unduly prejudicial. Exhibit is asset management procedure produced by Defendants (Version 58 was initially produced by Defendants and thus utilized with Defendants' 30(b)(6) witnesses to review REO asset management at length, and includes a "change tracker" into earlier time frames).

*This Exhibit may be linked to and cited in designated deposition testimony Plaintiffs seek to introduce, identified on Plaintiffs' designation sheet by the Trial Exhibit number, Discovery Exhibit number, and version/Bates number.

This exhibit is relevant to show Defendants' REO preservation and maintenance policies and practices that resulted in disparate property deficiencies, specifically undue discretion/delegation, lack of oversight, and perceived value based discrimination in REO property preservation and maintenance.

"RSC" is another name for the Altisource Asset Managers (who may work remote for Altisource/Ocwen) involving a variety of property preservation and maintenance discretionary decisions also tied into their value selections. "Assets" are REOs in this context.

This manual is also relevant to prove the agency relationships between and amongst the Defendants. Asset Managers act as agents on behalf of both Altisource and directly for Ocwen at the same time. Exhibit governs off-shore REO asset managers (relative to agency, oversight and lack thereof). Asset managers employed by Altisource are integrated into and utilize Ocwen's electronic systems and are responsible for REO asset improvement plans, have broad discretion delegated to them by Ocwen to purportedly increase returns for Deutsch Bank investors in approving maintenance/repairs or code violation remediation on REOs. RSCs, can reject proposed REO work orders and estimates from U.S local vendors, etc. Exhibit also relates to Altisource Asset Managers communications at times seen in Defendants' work order logs, cases and other documents generally and as to specific properties.

The Exhibit (RSC manual) lists and describes specific asset management monetary discretion levels for property maintenance and repairs (e.g. $10,000 per property in some circumstances, which likely was sufficient to cure the deficiencies observed by Plaintiffs) tied to discretionary value reduction decisions affecting REO property preservation and maintenance processes and |
| 57 | 361 | Excerpt - Residential Sales Consultant Procedure, V58, cover sheet and identified page | ASI000035312 | ASI000035312 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E.106. 402, 403 | Exhibit is produced by Defendant and is an excerpt from an Asset Management Procedure, specifically the preceding Exhibit #56, a high level policy document governing Altisource Asset Management (specifically for Ocwen). This excerpt is admissible under FRE 801(d)(3), internally admitting the generally understood principle in the mortgage and housing industry that: "Neighboring properties significantly impact the value of a home. If surrounding properties appear to be abandoned, vacant or not maintained, other properties in the area will suffer." This policy statement is consistent with Defendants' various 30(b)(6) witness testimony. No basis for FRE 403 objection is stated or available. A completeness objection is inappropriate because the entire procedure will be in evidence and because the admission stands alone. |
| 59 | 410 | Important Information Regarding Properties Being Sold By REALHOME Services and Solutions | ASI000035553 | ASI000035553 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403. Further, Defendants object to use of such data to the extent it discusses marketing data and not maintenance in accordance with Defendants' Consolidated First Round Motion in limine No. 1. | This document is relevant and admissible under FRE 402 and 801. One-page Exhibit is produced by Defendant and reaffirms at Pars. 5 and 11 in a practical and understandable manner for the jury the agency relationship between Deutsche Bank, Ocwen and Altisource concerning use of Ocwen's contracted vendor (Altisource) to act specifically as the "seller" of all Ocwen-serviced REOs via Altisource's asset managers and RHSS arm;

The Exhibit states that buyers "will be dealing with the Seller and the Seller's asset management team directly." Ocwen-Altisource acts as and for the Seller, Deutsche Bank: "seller's asset management team" refers to Ocwen utilizing Altisource's asset managers (RSCs), employed by Altisource and located remote directly and front-facing on U.S. REO transactions as if they are the seller itself, Deutsch Bank. Asset Managers (RSCs) also make property preservation and maintenance decisions on the REO properties investigated by Plaintiffs, similarly acting as agents for Deutsche Bank, Ocwen, Altisource through the chain of agency, PSAs and Powers Of Attorney. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 61 | 361 | REO Residential Sales Consultant Procedure V20 2015 | ASI000044259 | ASI000044394 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | Exhibit produced by Defendants is Altisource-Ocwen REO property asset management procedure produced by Defendants. Version 20, 8-2015 relates to the time frame when (a) Ocwen first began REO oversight of Altisource and (b) when Ocwen modified its contracts with Altisource and increased its discretion in authority and dollars to provide REO property preservation and maintenance work of all sorts.<br><br>This exhibit covers, beginning at p. 72, "PROCESS FOR WORK ORDER MAINTENANCE AND REPAIR AUTHORIZATION," "VMS (VENDOR MANAGEMENT SYSTEM)" (by which Altisource conducts inspections, reviews, preservation plans and interactions with Altisource remote REO Preservation Coordinators and vendors.<br><br>This exhibit specifically affirms that "Each RSC will focus on achieving the maximum return for the Owner/Seller." This statement is relevant to lack of business justification. The Owner/Seller is Deutsche Bank.<br><br>See additional bases of admissibility above, Pls Trial Ex. 56, Version 58, incorporated herein.<br><br>See also examples of undue discretion allocated to asset managers regarding REO property preservation and maintenance and repairs, related/corresponding asset manager value selections and/or accelerated internal value reductions, elicited from various versions of RSC manuals in Pls' 56.1 Statement of Additional Facts. |
| 62 | 361 | Ocwen Residential Sales Consultant Procedure V29 2016 | ASI000044685 | ASI000044823 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | Exhibit produced by Defendants is an REO asset management procedure produced by Defendants. Version 29 is dated February 2016 and was approved by deposition witness Ryan Solohub, thus, was used at Solohub's deposition, designated by Plaintiffs. This version will be used with corresponding designations, if admitted. This version of the Asset Management Procedure states: **"RSC shall also work closely with Property Preservation and Inspection (PPI)"** This version of the Asset Management procedure also lists at pp. 6-7 levels of monetary discretionary authority for REO property repairs. This version of the Asset Management procedure also describes for remote staff what the types of U.S. housing are (e.g. single family home - residential property, etc.).<br><br>See additional bases of admissibility above, Pls Trial Ex. 56, Version 58, incorporated herein.<br><br>See also examples of undue discretion allocated to asset managers regarding REO property preservation and maintenance and repairs, related/corresponding asset manager value selections and/or accelerated internal value reductions, elicited from various versions of RSC manuals in Pls' 56.1 Statement of Additional Facts. |
| 66 | 1079 | Hold Harmless Agreement "HHA" and cover email | ASI000047033 | ASI000047036 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This exemplar exhibit, relevant and admissible under FRE 402, 801, 803, 901-902, is produced by Defendants consisting of a standardized Altisource Hold Harmless Agreement and email chain concerns 2318 West Walnut Street, Milwaukee, WI, 53205, investigated by Plaintiffs, indicating that, despite history in Milwaukee, as well as contrary to industry standards, community standards, Ocwen-Altisource contracts, and directions to Ocwen from Deutsche Bank generally, code violations and other issues were not remediated and were passed off to a buyer under a Hold Harmless Agreement. Corporate testimony was that all code violations should be remediated. This exhibit is relevant to show Defendants' REO preservation and maintenance practices that resulted in disparate property deficiencies.<br><br>*The Hold Harmless Agreement was shown at various F.R.C.P. 30(b)(6) depositions and this exhibit may be linked to one or more of Plaintiffs' proposed deposition designations, which will be shown on Plaintiffs' designation sheet by Trial Exhibit number, Discovery Exhibit number and Bates number.<br><br>There is no basis stated for a FRE 106 objection for this exemplar exhibit concerning Defendants' practices.<br><br>This exhibit is relevant to show Defendants' REO preservation and maintenance policies and practices that resulted in disparate property deficiencies, specifically failure to follow industry standards in a disparate manner, undue discretion/delegation, and perceived value based discrimination in REO property preservation and maintenance. |
| 67 | | Group Exhibit: DB - Ocwen Emails re REO Properties | ASI000049987, ASI000049992, ASI000049994, ASI000049989, DB_NFHA00186807, ASI000049993, ASI000049990 | Compilation of Emails: Plaintiffs' will provide exhibit or endbates to the email chains | Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This exhibit is produced by Defendants and is relevant to proving the agency relationship between and amongst Defendants concerning REO properties (including in this case a property investigated by Plaintiffs). This exhibit consists of examples of communications between Deutsche Bank and the Servicer Defendants including Altisource about directions concerning preservation and maintenance of REO properties (investigated in this case) and is admissible to show control, agency/vicarious liability of Deutsche Bank. The content of the documents was admitted by the Deutsche Bank Defendants in their LR 56.1 Statement and cited by the Court in its Summary Judgement Opinion. There is no stated basis for Defendants' objections, and this document is admissible under FRE 402, 801, 803. |
| 68 | 719 | Email with attachments FW: Reminder: 71904666281 -6515, Walters Pl, DISTRICT HEIGHTS, MD, 20747 | ASI000050310 | ASI000050319 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This exhibit produced by Defendants concerns poor REO property preservation and maintenance at a property investigated by Plaintiffs, 6515 Walters Place, District of Columbia. Here, a vacant REO was left widely opened and unsecured after a fire for many months. This exhibit will be offered in the context of failure to perform required REO maintenance/repair, neighborhood discrimination and harm, and missional harm. This exhibit is admissible under FRE 402, 801, 803 and since produced by Defendants is deemed authentic. Defendants' incompleteness objection is unspecified and unwarranted.<br><br>Plaintiffs will present live testimony at trial of neighbors to this property.<br><br>This exhibit is relevant to show Defendants' REO preservation and maintenance policies and practices that resulted in disparate property deficiencies, Defendants' intent, and Plaintiffs' damages. |
| 76 | 1069 | Emails and attached draft Q & A article responses, Feb. 2017 | ASI000561289 | ASI000561289 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This exhibit is relevant under F.R.E. 402 and was produced by Altisource. This document includes a draft Q and A *MBA Newsling* submission concerning servicing REO properties, authored by a high level Altisource Director and redlined by another high level Altisource official, Senior Vice President, Real Estate Services. Both of these individuals were employed by Altisource for many years during the relevant time period in this case. Altisource's officials' statements in this Q&A emphasize property preservation and maintenance, increasing property value, increasing the buyer |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 78 | 1067 | Smith Email to Altisource 11/4/2014 | ASI000561354 | ASI000561355 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 106, 402, 802, and 901-902 | This exhibit is relevant under FRE 402 and highly relevant. This exhibit is related to Plaintiffs' prior exhibit, 77, to which Defendants do not object, making this objection nonsensical and disingenuous, especially since produced by Defendants in the format being introduced. Exhibits 77 and 78 were covered extensively at deposition of the author. Both documents, produced by Defendants, are relevant to Defendants' knowledge of racial discrimination in REO conduct, intent, and general failures regarding Fair Housing Act compliance. This exhibit consists of NFHA's CEO advising Altisource in 2014 that its signs were being observed on poorly maintained REOs in communities of color. No response was produced, nor were any changes made concerning Ocwen-serviced REOs, as evidenced by Plaintiffs' investigation. Communications between the parties concerning notice and intent are highly relevant, particularly in light of Defendants' refusal to correct course, change procedures or policies, and continued failures to adhere to Fair Housing Act compliance. |
| 80 | n/a | REO Asset Management and Sales, August 2013 PowerPoint | ASI000561368 | ASI000561377 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is an overview of Altisource's services dated 2013, relevant to describe and contextualize services and roles impacting property preservation and maintenance. There is no basis stated or that exists for objections to relevance or prejudice. Concerning whether the document could place too much emphasis on marketing and sales, Plaintiffs modify this exhibit to consist of only pages 2-3 and 5. |
| 1572 | 237 | Ocwen REO Sales and Management Business Requirements Document (BRD), V16 10/9/18 | ASI000034637 | ASI000034675 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | The title of this document is misleading as to its relevance in various ways to REO property maintenance and Defendants' various systems, including discretion. This exhibit was covered at F.R.C.P. 30(b)(6) depositions and may be cited in connection with designated deposition testimony, listed by page and line and associated exhibit. This exhibit is relevant to property preservation and maintenance and delegated authority levels from Ocwen to Altisource, Ocwen's approval of Altisource policies and procedures, remediation of code violations, and property repairs. This exhibit is admissible because it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because it constitutes Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Defendants' provide no basic for FRE citations or objections. |
| 1574 | 1 | 2009 Contracts/Agreements, Services Letter | ASI000011233-11254, ASI000011280-11301, OCWEN_0013097-13118, ASI000011492-11542, OCWEN_0013432-13482 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 403 | This exhibit consists of core Ocwen-Altisource contracts in pertinent and managable use for trial. This document is relevant to property preservation and maintenance and delegated authority levels from Ocwen to Altisource, Ocwen's approval of Altisource policies and procedures, remediation of code violations, and property repairs. This exhibit is admissible because it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because it constitutes Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Defendants' provide no basic for FRE citations or objections. |
| 1580 | 238 | Ocwen REO Sales and Management Business Requirements Document, V13 2017 | ASI000044031 | ASI000044053 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit was covered at F.R.C.P. 30(b)(6) depositions and may be cited in connection with designated deposition testimony, listed by page and line and associated exhibit. This exhibit is relevant to property preservation and maintenance and delegated authority levels from Ocwen to Altisource, Ocwen's approval of Altisource policies and procedures, remediation of code violations, and property repairs. This exhibit is admissible because it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because it constitutes Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Defendants' provide no basic for FRE citations or objections. |
| 1589 | 79 | Brokers Price Opinion | ASI000000160 | ASI000000160 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. This exhibit is a representative example of Defendants' processes concerning properties investigated by Plaintiffs. |
| 1591 | 81 | Uniform Residential Appraisal Report | ASI000000368-369 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. This exhibit is a representative example of Defendants' processes concerning properties investigated by Plaintiffs. |
| 1731 | | 12-18-2018 J. Smith email to Gifford, and related email chain concerning Altisource property inspection form comment field | ASI000053593, ASI0000053601-53602 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E 402, 403, 802 | This exhibit produced by Defendants is admissible under FRE 801 and 803, and is relevant to Defendants' REO inspection and property preservation procedures; this exhibit is also relevant to Defendants' noncompliance with the Fair Housing Act, and lack of oversight of vendors regarding same. |
| 2089 | 407 | MLS Listing Quality Standards | ASI000034329 | ASI000034330 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures concerning REO property preservation and maintenance, including industry standards that admittedly should be complied with concerning REO properties within 21 or 30 days of REO status; this exhibit is also relevant to Defendants' knowledge and intent, according to the F.R.C.P. 30(b)(6) testimony of Defendants concerning portrayal of REOs in poor condition, and in various ways detailed by Defendants' fact witnesses. *This exhibit may also be identified as correlating to Plaintiffs' designations of Defendants' corporate designees, and if so will be listed by page and line along with Plaintiffs' designations. |
| 2090 | 409 | REO Online Listing Guide | ASI000034347 | ASI000034351 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures concerning REO property preservation and maintenance, including industry standards that admittedly should be complied with concerning REO properties within 21 or 30 days of REO status; this exhibit is also relevant to Defendants' knowledge and intent, according to the F.R.C.P. 30(b)(6) testimony of Defendants concerning portrayal of REOs in poor condition, and in various ways detailed by Defendants' fact witnesses. *This exhibit may also be identified as correlating to Plaintiffs' designations of Defendants' corporate designees, and if so will be listed by page and line along with Plaintiffs' designations. |
| 3531 | 45 | Listing Agreement | ASI000003350 | ASI000003358 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | Defendans do not specify the reasons for citations to FRE 402 or 403. This exhibit is relevant to the agency relationship between and amongst the three Defendants, and, thus, vicarious liability and control of Deutsche Bank. This exhibit produced by Defendants also restates operable REO property preservation and maintenance obligations of Altisource as the vendor and "listing agent" for Ocwen, in similar fashion as the Ocwen-Altisource contracts/SOWs. REO properties are listed by Altisource within 21 to 30 days of REO status and this Exhibit is a manifestation and reaffirmation of Altisource's obligations concerning REO preservation and maintenance. This Exhibit was covered extensively in F.R.C.P. depositions of Defendants and may be referenced in connection with that testimony. This document is also relevant to the lack of business justification of Ocwen and Altisource. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 3548 | | Residential Sales Consultant Procedure 2014 | ASI000046373 | ASI000046512 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402,403. Further, Defendants object to use of this Procedure to the extent it discusses marketing and/or valuation of Properties in accordance with Defendants' Consolidated First Round Motion in Limine No1. | This exhibit is admissible, relevant and not unduly prejudicial. Exhibit is asset management procedure produced by Defendants This version was produced by Defendants and utilized in connection with Defendants' 30(b)(6) witnesses to review REO asset management at length, and includes a "change tracker." Various versions of this manual are included in Plaintiffs' exhibit list in order to capture various relevant time periods in this case and various added examples of undue discretion and lack of oversight concerning Defendants' policies and procedures including perceived value based REO property maintenance and marketing in various respects. See additional bases of admissibility above, Pls Trial Ex. 56, Version 58, incorporated herein. |
| 875 | 29 | Ocwen POA, deeds, etc | OCWEN_0000202 | OCWEN_0000204 | Defendants' policies and practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403, 602, 901 | This exhibit produced by Defendants includes typical representative documents that also relate to an investigated property and is relevant to prove the agency relationship between Deutsche Bank Defendants and Defendant Ocwen. The document is a Deed relating to the sale of an REO property investigated in this case, the Grantee, Deutsche Bank National Trust, lists Ocwen's West Palm Beach headquarters as its own address. The document speaks for itself and requires no additional testimony and is authenticated by Ocwen's custodianship and production of same. |
| 892 | | Valuation-related statements of work compilation | OCWEN_0013438; OCWEN_0013321; OCWEN_0013332; OCWEN_0013377 | Compilation Exhibit: Plaintiffs will provide end bates for each segment or provide exhibit | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 403, 901, 902 | This exhibit is relevant to Defendants' policies and procedures concerning REO property maintenance including their perceived value system, undue discretion and lack of oversight, and the relationship between property conditions/deficiences and value. This exhibit consists of Ocwen-Altisource contracts relating to Altisource valuations of Deutsche Bank REO properties from the Pre Foreclosure/default phase through the REO Life Cycle. This compiles versions of these voluminous contracts in this subject matter area over a course of years and included iterations with material changes, for usability at trial and before the jury. This is relevant to defendants' REO preservation and maintenance policies and practices in that perceived valuations, conducted in various ways beginning with US valuations pursued by Altisource's valuations arm without necessary oversight or controls, then sent to remote Altisource staff who utilize other exhibits listed and/or Defendant post 2015 policies to repeatedly "reconcile" and reduce values in a discretionary manner disparately impacting properties in lower value bands where REOs in communities of color are known to be concentrated, then subjected to accelerated decreases in greater increments impacting communities of color, all of which relate to a host of negatively impacting effects on the attention to, maintenance work, repairs, and other services provided to REOs in communities of color based on the perceived value system. Defendants to not state the basis for their rule citations which are inadequate objections, and do not include a relevance objection. These are Defendants' business records, produced by them and therefore agreed as authentic. |
| 917 | 238 | Ocwen REO Sales and Management Business Requirement Document V1 2015 | OCWEN_0014099 | OCWEN_0014108 | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | The title to this exhibit is a misnomer as to its relevance to REO maintenance and repairs, and to Ocwen's relationship with and oversight of Altisource. This exhibit is relevant to show undue delegation/discretion and lack of oversight. Ocwen-Altisource Business Requirements Documents (BRDs) are according to Ocwen and Altisource F.R.C.P. 30(b)(6) testimony extensions of their contracts providing more detail. In accord with Ocwen's lack of oversight of Altisource, the first version of this, Exhibit 917, is dated August 31, 2015, Approved by Ocwen's corporate designee and a witness whose deposition testimony has been designated for trial by Altisource. Additional versions of this document include specific provisions relating to REO property preservation and maintenance. |
| 918 | 829 | Ocwen Data Sets | OCWEN_0015564, OCWEN_0015564_0001, OCWEN_0015564_0002 | None | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 402, 403, 602 | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; This data set produced by Defendants and potentially from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields in these data sets, on which Plaintiffs were and are entitled to rely. Defendants provide no basis for their FRE citations objecting to their own data, about which they provided stipulations and information during discovery. |
| 919 | 833 | Ocwen Data Sets | OCWEN_0015571, OCWEN_0015571_0001 | None | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 402, 403, 602 | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; This data set produced by Defendants and potentially from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields in these data sets, on which Plaintiffs were and are entitled to rely. Defendants provide no basis for their FRE citations objecting to their own data, about which they provided stipulations and information during discovery. |
| 920 | 885 | Ocwen Data Sets | OCWEN_0015573, OCWEN_0015573_0001, OCWEN_0015573_0002 | None | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 402, 403, 602 | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; This data set produced by Defendants and potentially from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields in these data sets, on which Plaintiffs were and are entitled to rely. Defendants provide no basis for their FRE citations objecting to their own data, about which they provided stipulations and information during discovery. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 921 | 670 | Ocwen Data Sets | OCWEN_0015584, OCWEN_0015584_0001, OCWEN_0015584_0002 | None | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 402, 403, 602 | This exhibit consists of information admissible under FRE 402 and not prohibited by 403 as a general matter; This data set produced by Defendants and potentially from Ocwen-Altisource shared data and ordering systems contains basic identifying and other highly relevant property condition data and asset management information utilized by the parties and experts on both sides relevant to property maintenance and to Defendants' policy schemes impacting property maintenance, including valuation data and time in REO status. It is overreaching to exclude this information, relied on by the parties and the experts on both sides, especially if needed or referenced at trial by an expert or Plaintiffs generally or concerning a specific property example of policy application; A global objection is improper. Data points from various of Defendants' data sets are necessary in combination to conduct analyses on various issues. Defendants provided information in discovery defining and explaining the data fields in these data sets, on which Plaintiffs were and are entitled to rely. Defendants provide no basis for their FRE citations objecting to their own data, about which they provided stipulations and information during discovery. |
| 942 | n/a | On Course Learning group exhibit | OCWEN_0049810-0049812; OCWEN_0049884-0049886; OCWEN_0049887-49910; OCL0002149-OCL0002273 | Compilation Exhibit; Plaintiffs will provide exhibit or beginning and end Bates for segments | Defendants' policies and procedures; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 403, 402 | This group exhibit of Ocwen-Altisource training documents is relevant to show inadequate Fair Housing Act or non-discrimination training concerning mortgage servicing of REOs, REO property maintenance, oversight of vendors, neighborhood racial makeup, disparate impacts of REO conduct, and other issues in this case demonstrating Ocwen's intent in view of its external and internal obligations, all of which has been the subject of various corporate and individual fact depositions. |
| 1571 | 237 | Ocwen REO Sales and Management Business Requirements Document (BRD), V16 Pending Approval | OCWEN_0013858 | OCWEN_0013896 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This document is relevant to property maintenance, repairs, code violations and Ocwen-Altisource oversight and discretion. This exhibit was covered at F.R.C.P. 30(b)(6) depositions and may be cited in connection with designated deposition testimony, listed by page and line and associated exhibit. This exhibit is relevant to property preservation and maintenance and delegated authority levels from Ocwen to Altisource, Ocwen's approval of Altisource policies and procedures, remediation of code violations, and property repairs. This exhibit is admissible because it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because it constitutes Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Defendants provide no basic for FRE citations or objections. |
| 1574 | 1 | 2009 Contracts/Agreements, Services Letter | ASI000011233-11254, ASI000011280-11301, OCWEN_0013097-13118, ASI000011492-11542, OCWEN_0013432-13482 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 403 | This exhibit consists of core Ocwen-Altisource contracts in pertinent and managable use for trial. This document is relevant to property preservation and maintenance and delegated authority levels from Ocwen to Altisource, Ocwen's approval of Altisource policies and procedures, remediation of code violations, and property repairs. This exhibit is admissible because it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because it constitutes Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Defendants provide no basic for FRE citations or objections. |
| 1590 | 80 | Property Evaluation Form, Comparative Market Analysis | OCWEN_0012399 | OCWEN_0012417 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. This exhibit is a representative example of Defendants' processes concerning properties investigated by Plaintiffs. |
| 1592 | 86 | Broker Price Opinion | OCWEN_0004145 | OCWEN_0004155 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. This exhibit is a representative example of Defendants' processes concerning properties investigated by Plaintiffs. |
| 1593 | 90 | Altisource Realestate Valuation Services | OCWEN_0004171 | OCWEN_0004172 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. |
| 1594 | 91 | Altisource Valuation Services Reconciled Opinion | OCWEN_0012418 | OCWEN_0012419 | Defendants' policies/practices; Defendants' liability, including their failure to maintain REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit produced by Defendants is relevant to Defendants' policies and procedures including but not limited to undue discretion and delegation, lack of oversight, and perceived value REO property maintenance/repairs. This exhibit is a representative example of Defendants' processes concerning properties investigated by Plaintiffs. |

**Certain Plaintiffs' Expert Exhibits Relating to Ocwen and Altisource**

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1453 | 77 77 | Comparative Market Analysis (CMA); Pltf Ex. 77 | ASI000000039 | ASI000000057 | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1445 | 223 | Altisource Data Set, Hubzu NFHA property data; Pltf Ex. 223 | ASI000023618 | ASI000023618 | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1446 | 224 | Altisource Data Set, Offer and closing details; Pltf Ex. 224 | ASI000023619 | ASI000023619 | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1365 | 473 | PPI Real Estate Owned Training – Vendor 2015 Training Slides; Pltf Ex. 473 | ASI000030606 | ASI000030606 | Defendants' policies and procedures; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | As to portions relating to marketing/sales: F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1352 | 388 | Altisource PPI REO Overview Training | ASI000030816 | ASI000030816 | Defendants' policies and procedures; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | As to portions relating to marketing/sales: F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 51 | | Group Exhibit, Valuation Processes | ASI000032949; ASI000033251-ASI000033253; ASI000032349; ASI000032350; | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 901, 403 | This group exhibit are business records of Defendants, relevant under FRE 402, and admissible under FRE 803. Exhibit is group of documents produced by Defendants consisting of valuation procedures in the format used by Altisource staff (mostly off-shore) concerning REOs in the U.S.; relates to valuations policies that trigger and govern property preservation and maintenance work levels in various discretionary ways. These procedures are highly relevant to Defendants perceived value property maintenance/repair system that disparately impacted the condition of REOs in communities of color. Any prejudice from Defendants' value based schemes or otherwise is outweighed by this exhibit's probative value. This exhibit is relevant to show Defendants' REO preservation and maintenance policies and practices that resulted in disparate property deficiencies, specifically undue discretion/delegation and perceived value based discrimination in REO property preservation and maintenance. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1332 | 315 | PPI Statement of Work (SOW) Schedule A Ocwen-Altisource 2009, 2015, 2017 changes over time; Pltf Ex. 315 | N/A Compilation | | Defendants' policies and procedures; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1334 | 321 | Schedule B (SLAs) Over Time; Pltf Ex. 321 | OCWEN_0013432 | OCWEN_0013482 | Defendants' policies and procedures; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1527 | 305 | 2014 Ocwen 10-K | PLTFF_0000019 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1528 | | 2015 Ocwen 10-K | PLTFF_0000229 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1529 | | 2019 Ocwen 10-K | PLTFF_0001061 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1530 | 358 | 2014 Altisource 10-K | PLTFF_0001276 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1531 | 359 | 2017 Altisource 10-K | PLTFF_0001373 | PLTFF_0001496 | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403 | This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiffs' expert-related exhibit is data, policies, procedures or admissions of Defendants and produced by Defendants, such an exhibit is independently admissible into evidence on their own because in all instances it is (a) relevant and admissible to support Plaintiffs' claims and or investigation, (b) relevant and admissible because they constitute Defendants' policies and procedures concerning their REO conduct, including failure to abide by basic industry standards in a host of ways, (c) relevant to Defendants' policies of undue discretion and delegation, lack of oversight, and discriminatory perceived value REO property inspection preservation and maintenance, (c) relevant to Defendants' knowledge and intent, and (d) is related to the analysis of the discriminatory disparate results of Defendants' policies procedures and conduct. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial. |
| 1508 | | Excel of Non-individual Buyer Type Summary | PLTFF_0001916 | | Plaintiffs' Investigation and damages, including frustration of mission/counteraction, diversion of resources and damages benchmarks; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 403, 901, 902 | *This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiff's expert-related exhibit consists of Plaintiffs' productions in discovery and Plaintiffs' investigatory methodology, guides, instructions, evaluations, REO Database, photographs, national coalition communications, lists, and publications and/or reports, in all instances the exhibit is (a) relevant and admissible to support proof of Plaintiffs' claims, (b) Plaintiffs' investigatory methodology, (c) relevant to training of participants in Plaintiffs' national investigatory coalition, (c) the results and analysis of Plaintiffs' investigation, (d) relevent to or consisting of photographs and data admissible as part and parcel of Plaintiffs' investigation and REO Database, (e) relevant to Plaintiffs' missions, programs, services and activities, (f) relevant to Plaintiffs' injury in fact and standing, and (g) relevant to Plaintiff's pecuniary and non-pecuniary damages. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial.* |
| 1509 | | Excel of Valuations | PLTFF_0001917 | | Plaintiffs' Investigation and damages, including frustration of mission/counteraction, diversion of resources and damages benchmarks; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 403, 901, 902 | *This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiff's expert-related exhibit consists of Plaintiffs' productions in discovery and Plaintiffs' investigatory methodology, guides, instructions, evaluations, REO Database, photographs, national coalition communications, lists, and publications and/or reports, in all instances the exhibit is (a) relevant and admissible to support proof of Plaintiffs' claims, (b) Plaintiffs' investigatory methodology, (c) relevant to training of participants in Plaintiffs' national investigatory coalition, (c) the results and analysis of Plaintiffs' investigation, (d) relevent to or consisting of photographs and data admissible as part and parcel of Plaintiffs' investigation and REO Database, (e) relevant to Plaintiffs' missions, programs, services and activities, (f) relevant to Plaintiffs' injury in fact and standing, and (g) relevant to Plaintiff's pecuniary and non-pecuniary damages. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial.* |
| 1512 | | Buyer Type Excel, November 2021 | PLTFF_0001918 | | Plaintiffs' Investigation and damages, including frustration of mission/counteraction, diversion of resources and damages benchmarks; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 402, 403, 802, 901, 902 | *This exhibit is identified pursuant to FRE 702, 703 and F.R.C.P. 26 and is amongst materials relied upon and/or collected and compiled by Plaintiffs' expert witness qualified to testify at trial including about admissible evidence and inadmissible evidence (if experts in the field would reasonably rely on same). This exhibit may be used at trial, whether or not specifically admitted, and whether or not independently admissible and introduced by Plaintiffs, to refresh recollection and/or to demonstrate opinions and the bases therefore to the jury. To the extent Plaintiff's expert-related exhibit consists of Plaintiffs' productions in discovery and Plaintiffs' investigatory methodology, guides, instructions, evaluations, REO Database, photographs, national coalition communications, lists, and publications and/or reports, in all instances the exhibit is (a) relevant and admissible to support proof of Plaintiffs' claims, (b) Plaintiffs' investigatory methodology, (c) relevant to training of participants in Plaintiffs' national investigatory coalition, (c) the results and analysis of Plaintiffs' investigation, (d) relevent to or consisting of photographs and data admissible as part and parcel of Plaintiffs' investigation and REO Database, (e) relevant to Plaintiffs' missions, programs, services and activities, (f) relevant to Plaintiffs' injury in fact and standing, and (g) relevant to Plaintiff's pecuniary and non-pecuniary damages. Plaintiffs reserve the right to separately admit any exhibits listed by their experts produced by Defendants or Plaintiffs in discovery, whether listed within exhibits pertaining to their testifying expert alone, or also listed in other sections of Plaintiffs' exhibit list for trial.* |

Exhibit E - Plaintiffs' Priority Ocwen/Altisource Exhibits

| Exhibit # | Pls' Disc. Ex # | Document Title | BegBates | EndBates | Statement of Exhibit Relevance | Objection | Basis of Admissibility |
|---|---|---|---|---|---|---|---|
| 1524 | | Corrected Excel workbook derived from ASI000561076 and ASI000023621 (1st RS value band distribution) with NFHA demographic overlay, inclusive of Excel-generated illustrative bar graphs (Exhibit A). | PLTFF_0001939 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 403, 901, 902 | This exhibit is an extraction of Defendants' data in summary total format and illustrates and highlights Defendants' policies and procedures concerning property preservation and maintenance, particularly undue discretion, lack of oversight, and disparate REO treatment under Defendants' perceived value property maintenance system of policies and practices. This exhibit properly supports and reflects opinions of Plaintiff's testifying expert and/or information upon which Plaintiffs' testifying expert relied for their opinions and may be used or referenced at trial concerning the bases of Plaintiff's testifying expert's opinions, whether introduced as a demonstrative exhibit to aid the jury's understanding of the evidence and analyses and opinions relied on or presented by Plaintiffs' expert, or introduced separately into the record as evidence on its own for the jury's consideration as appropriate, or to refresh recollection. There is no basis for unspecified citations to FRE 402, 403, 702, 703, 901, 902 |
| 1525 | | Excel workbook derived from a combination of ASI000023618 and 23619 (REO Sales Price value band distribution) with NFHA demographic overlay, inclusive of Excel-presented illustrative bar graphs excluding properties with no sales price info (Exhibit B). | PLTFF_0001940 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 403, 901, 902 | This exhibit is an extraction of Defendants' data in summary total format and illustrates and highlights Defendants' policies and procedures concerning property preservation and maintenance, particularly undue discretion, lack of oversight, and disparate REO treatment under Defendants' perceived value property maintenance system of policies and practices. This exhibit properly supports and reflects opinions of Plaintiff's testifying expert and/or information upon which Plaintiffs' testifying expert relied for their opinions and may be used or referenced at trial concerning the bases of Plaintiff's testifying expert's opinions, whether introduced as a demonstrative exhibit to aid the jury's understanding of the evidence and analyses and opinions relied on or presented by Plaintiffs' expert, or introduced separately into the record as evidence on its own for the jury's consideration as appropriate, or to refresh recollection. There is no basis for unspecified citations to FRE 402, 403, 702, 703, 901, 902 |
| 1526 | | ASI000023618-ASI000023619 for REO sales price with value band by REO sales price distribution illustrative graphs for properties with Servicer Defendant data also on the Ayres list of 893 Deutsche Bank REOs (Ayres list of 893 included as a tab) (Exhibit C). | PLTFF_0001941 | | Defendants' policies/practices; Defendants' liability, including their failure to maintain and market REOs, knowledge, intent, vicarious liability and punitive damages | F.R.E. 106, 402, 403, 901, 902 | This exhibit is an extraction of Defendants' data in summary total format and illustrates and highlights Defendants' policies and procedures concerning property preservation and maintenance, particularly undue discretion, lack of oversight, and disparate REO treatment under Defendants' perceived value property maintenance system of policies and practices. This exhibit properly supports and reflects opinions of Plaintiff's testifying expert and/or information upon which Plaintiffs' testifying expert relied for their opinions and may be used or referenced at trial concerning the bases of Plaintiff's testifying expert's opinions, whether introduced as a demonstrative exhibit to aid the jury's understanding of the evidence and analyses and opinions relied on or presented by Plaintiffs' expert, or introduced separately into the record as evidence on its own for the jury's consideration as appropriate, or to refresh recollection. There is no basis for unspecified citations to FRE 402, 403, 702, 703, 901, 902 |